UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § § § § § | Case No. 4:19-cv-00226<br>(Class Action) |

## DECLARATION OF DEER PARK CHIEF OF POLICE GREG GRIGG

1. My name is Greg Grigg. I currently serve as Chief of the Deer Park Police Department. I have served in this role since January 5, 2009.

2. I lead a department of 65 sworn law enforcement officers and 32 civilian support personnel. In addition to my role as Chief of Police, I am the President of the Houston Area Police Chiefs Association (HAPCA). HAPCA is a professional association of representing Chiefs, Sheriff's, Command Staff, and line officers of local city, county, state, federal, college/university, transit police, medical center police, school districts, and special law enforcement agencies from seven (7) counties in the Houston metropolitan area. This organization was formed in 1988.

3. It is my understanding that the Plaintiffs in this lawsuit are seeking an extraordinary and unprecedented order from this Court to release over 4,000 felons from the Harris County Jail.

4. It is also my understanding that they seek to release all inmates age 55 or older regardless of the crimes for which he or she is charged or consideration of prior criminal history. This specific population includes extremely violent individuals whose release would pose a serious threat to their victims, victims' families, and the extended community. A representative sample of the crimes and number of individuals charged per category is as follows:

> - Murder — 16
> - Aggravated assault with a deadly weapon — 96
> - Aggravated assault of a family member — 44

**EXHIBIT 5**

- ➤ Aggravated assault of a peace officer ............... 16
- ➤ Aggravated sexual assault of a child under 14 ....... 24
- ➤ Assault of family member with previous conviction ... 27
- ➤ 3rd time DWI ........................................ 37
- ➤ Failure to comply sex offender ...................... 21
- ➤ Felon in possession of a firearm .................... 16
- ➤ Indecent sexual contact with a child ................ 17

5.  Based on my training, experience, and education, I believe that such a mass release of felons would not only fail to serve the public interests, but furthermore make our streets less safe. This would put additional strain on already limited law enforcement resources and divert them from aiding with the pandemic control efforts. This strain will not only be felt in Houston, but also throughout the entire State of Texas and nation because Plaintiffs' request does not include safeguards for ensuring these suspects and felons remain in Houston after their release.

6.  We are in an unprecedented time for our country, state and Harris County. The men and women that serve on the police department here have risked their lives to protect and serve during these trying times. The police department is working on limited resources, and due to our size, and the size of many of the departments represented by HAPCA, a couple of exposures could greatly reduce our ability to respond to basic calls for service. If Harris County releases high-level offenders from jail, our resources will be stretched even further. We should all be concerned about the wholesale release of individuals charged with violent crimes. There is a high likelihood that some actors that are released will subsequently commit more crimes. We must prevent this from occurring. We will not be able to keep up with demand and the high likelihood of repeat offenses.

7.  It is my understanding that low-level, non-violent offenders have already been released from jail, and that the jail is already close to empty of these offenders, which only leaves the violent and pervasive offenders. Thousands of persons charged with serious felony offenses remain behind bars and that is appropriate. These are the people that Plaintiffs want to release without a proper judicial risk assessment balancing the alleged risk of harm to them due to the coronavirus versus the risk of harm to public safety if they are released or the consideration of other alternatives like testing and isolation of positive inmates within the jail or the opening of another jail facility.

8.  Those who remain are awaiting trial for violent crime or are habitual offenders. These offenders must not be released without an assessment by a judge to ensure that we weigh the risks posed to public safety and security on an individual case-by-case basis. The last thing our community needs are decisions that further exacerbate public anxiety and risk to the people we serve. Releases of persons charged with high-level offenses place the community in grave danger and must be prevented. Violent and habitual offenders (especially burglars) need to remain in quarantine in jail. With many

**EXHIBIT 5**

businesses closed due to the Harris County mandated shutdown, the last thing these businesses need is the release of habitual burglars into a target rich environment.

9. There are some public officials who believe no one should be in jail pre-trial. Using the pandemic to advance that agenda is wrong, and counter-productive to legitimate criminal justice reform efforts and public safety.

10. For example, it is my understanding that David Cruz, a man charged with murder, was recently released on a PR bond solely due to the current COVID-19 concerns in the jail population. This is extremely disturbing. Imagine how the victim's family members and witnesses feel, not to mention the unnecessary anxiety caused to the general public on hearing that murder suspects are being released without proper consideration for its safety. We cannot forget about the plaintiffs that are not in this lawsuit, the victims.

11. As illustrated above, release orders based solely on the amount of bail would place the public at risk. I agree with Plaintiffs that generally people should not be held behind bars simply because of their inability to post a bail. Instead, an assessment of the risk to public safety, risk of reoffending, and risk of flight, should be the determining factors. In Harris County, it is common knowledge that too often magistrates and judges fail to assess these risk factors and arbitrarily assign PR and low bond in cases where the individuals are facing charges for violent crimes, have previous convictions for violent crimes, and/or are habitual offenders.

12. Likewise, releasing felons accused of domestic violence and forcing them under the shelter in place order to stay in their homes with their victim(s) is not only dangerous, but also cruel. This is especially true at this moment in time, when we are experiencing an uptick in domestic violence; sadly, domestic violence is a significant driver of homicides.

13. The danger is not limited to violent offenders. Take for example felony DWI offenses. Putting people accused of habitual drunk driving or intoxication manslaughter on the roads where they are free to drink and drive again places everyone at risk. I find it important to note that our city, county, and state are tragically already national leaders in DWI injury and fatal crashes.

14. We must consider the impact emptying the jail will have on those offenders who will consider this a time of King's X. With the policy of emptying the jail where will the police take a violent offender caught in the act? I do not see how we can let all of the violent offenders go to protect their health, and then put more people back in jail. And, it is a certainty offenders will think they can commit more crimes without being held accountable.

15. In closing, I respectfully urge the Court to require a process which is transparent, includes all of the aforementioned considerations, and also includes these measures: testing for COVID-19 to ensure that we are not spreading the virus unwittingly by releasing infected individuals out of a controlled and isolated environment; assurance of housing for those being released; and appropriate supervision. I would also urge that Harris County review alternatives to a mass release of dangerous persons as requested by the Plaintiffs, such as activating a standalone jail facility for isolation purposes. COVID-19 is not the only infectious disease that afflicts county jails. The type of drastic measures requested by the Plaintiffs should not be granted.

**EXHIBIT 5**

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my ability.

Date: March 31, 2020

Gregory L. Grigg
Chief of Police
HAPCA President
Deer Park Police Department

**EXHIBIT 5**