UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § § § § § | Case No. 4:19-cv-00226<br>(Class Action) |

### DECLARATION OF Andy Kahan

1. My name is Andy Kahan, I currently serve as Director of Victim Services and Advocacy for Crime Stoppers of Houston. I have served in this role since June 2018. Prior to that I was the Victim Advocate for the Mayor of Houston and the Houston Police Department from 1992-2018. During my tenure I have enacted over 20 Legislative Bills to enhance victims' rights and public safety. I have been recognized for my work as a Victim Advocate from the United States Department of Justice-Office for Victims of Crime as the first recipient of The Ronald Reagan Public Policy Award. I have also been the recipient of The Foundation for Improvement for Justice Award, The National Office of Victim Assistance Office-The Marlene Young Distinguished Leadership Award and The National Organization of Parents of Murdered Children Allied Professional Award.

2. My primary job responsibilities at Crime Stoppers are to assist victims of crime navigate through the criminal justice system, advocate on their behalf in regards to parole reviews and bring attention to unsolved cases utilizing Crime Stoppers tip line.

3. It is my understanding that the Plaintiffs in this lawsuit are seeking an order releasing over 4,000 felons from the Harris County Jail.

4. Crime Stoppers focus is on public safety, justice and the rights of crime victims. During the COVID-19 crisis regarding the potential 'compassionate' release of thousands of accused offenders not once has there been any input sought by the powers to be from victim service providers and or advocates regarding the rights of crime victims and how such a massive release would no doubt jeopardize their safety in a myriad of ways.

**EXHIBIT 19**

5. I believe that such releases would have a harmful effect on victims and in particular domestic violence victims who have courageously sought and received protective orders only to discover the offender has been released on a PR bond. You can't imagine the emotional turmoil a majority of our law-abiding citizens are undergoing as a result of this national pandemic only to be compounded with the potential release of thousands of felons.

6. The Texas Code of Criminal Procedure Chapter 56 Article 56.02 titled Crime Victims Rights specifically states (a) (2) the right to have a magistrate take the safety of the victim and or their family into consideration as an element in fixing the amount of bail for the accused in addition to the right to be informed by the District Attorney's Office of relevant court proceedings. A mass release would no doubt potentially violate the above and place an undoable burden on the criminal justice system to try to enforce Crime Victims Rights as per the Texas Code of Criminal Procedure.

7. Releasing offenders who have been charged with cases directly implicated in Domestic Violence will undoubtably and inevitably result in re-victimization for segments of our population. The Montgomery County District Attorney's Office reports an approximately 35% increase in Domestic Violence cases filed in March 2020 compared to March 2019. No doubt the rise may be due to increased stress and more access to victims by offenders.

8. Crime Stoppers has uncovered numerous examples of Felony Violent Offenders being released on PR Bonds within the last week. In some cases, offenders were already on PR Bonds for other cases, yet were inexplicably granted another PR Bond. One case was an offender charged with Murder that was released on a PR Bond strictly due to fear of contacting COVID-19. Adam Campuzano was granted a Felony PR Bond for Felon in Possession of a Weapon (firearm) and Evading Arrest on March 23. Believe it or not he was already on a PR Bond for Harboring a Runaway Child and has 3 prior Felony Convictions of which 2 resulted in being sent to prison. Chaison Turner was granted Deferred Adjudication for Assault with Bodily Injury. While on deferred probation he was granted a PR Bond for Carrying a Handgun in January 2020. He was again given a PR Bond March 20th, for Aggravated Assault of a Peace Officer. Somehow, he still remains on Deferred Adjudication for Assault with Bodily Injury. Other examples can be provided upon request.

9: The definition of non-violent offender needs to be clarified. Burglary of a Habitation, Burglary of a Building, Burglary of a Motor Vehicle, Unauthorized use of a Motor Vehicle, DWI, Theft and a multitude of other offenses wreck more havoc on a community than most violent crimes. Several months ago, an overflow room of business owners packed a Heights neighborhood meeting with police officials complaining about being repeatedly victimized by the same offenders who were often released before the paperwork was even filed. By releasing offenders who are classified as 'Non-Violent' would be simply to invite more victimization of the law-abiding public.

10: Crime Stoppers is of the firm believe a mass release of felons from prison would continue to wreak havoc on our community, especially considering the turmoil all of us are under based upon COVID-19. During the past year, Felony District Court Judges have taken the

**EXHIBIT 19**

Misdemeanor Bond Reform of which we totally support and have used the Federal Court decision to grant PR Bonds to repeat felons who in some cases have continued their criminal career. Some of these decisions have led to the death of our citizens. We are respectfully requesting on behalf of our constituents, i.e. the public that a mass release of felons will simply endanger lives and put us all at risk.

11: We firmly believe elected District Judges should be able to look at each case in their domain to determine suitability for release back to the community. To remove discretion is not in the interest of public safety and certainly not in the best interest of those who have been victimized by offenders now considered for release by this edict.

12: Crime Stoppers of Houston mission is to solve and prevent serious crime in Harris County in partnership with residents, media and law enforcement. We are the nations largest and most successful public safety/crime prevention non-profit nationally. We strongly believe the mass release of felons back into the community, especially under the current circumstances would not be in the best interest of public safety.

13: The community is already on edge about the prospect of looters and becoming a victim of a crime of opportunity (burglars (habitation, building, and vehicle) fraudsters).  Releasing these type of offenders will only increase the anxiety of the community possibly creating tragic "stand your ground" situations.

14: A mass release of felons without an assessment by a judge and input by victim advocates will undoubtedly put victims at future risk and will create future victims.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my ability.

> Andy Kahan
> Director of Victim Services and Victim Advocacy
> Crime Stoppers of Houston
> 713-923-5601

**EXHIBIT 19**