IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, et al, | [] | |
|    Plaintiffs | [] | |
| | [] | No. 4:19-cv-00226 |
| v. | [] | Hon. Lee H. Rosenthal |
| | [] | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al, | [] | |
|    Defendants | [] | |

## STATEMENT OF SHERIFF ED GONZALEZ

For many reasons, this Court has in the past few days expressed reluctance to intervene in the internecine struggles surrounding Harris County jail releases. The Court hoped the parties could agree on a solution, while acknowledging the unhappiness of all parties.

The Sheriff is the keeper of the jail. He too desired a solution to the impending dangers of the COVID-19 crisis. Yet he now finds himself pulled in several directions. A brief review of the last week illustrates the predicament:

- After many days of inaction, Plaintiffs on March 27, 2020 filed an application for a temporary restraining order. They broadly sought individualized bail hearings for *all* felony detainees who remained in jail simply because they could not afford to pay bail, else they should be promptly released. According to Plaintiffs, bail was set without taking into

- account the person's ability to pay, risk of flight or danger to the community.

- The parties spent the ensuing weekend negotiating and nearly reaching agreement to release only non-violent jail detainees.

- Before the agreement could be finalized, the Governor, on March 29, issued his Executive Order banning releases of those arrested for or previously convicted of violent crimes.  Progress stopped as the parties and this Court grappled over the scope of the EO.

- On April 1, County Judge Hidalgo promulgated her order.  Deferential to the Governor's EO, Judge Hidalgo ordered non-violent detainees with no prior history of violent convictions to be released.  The parties scurried to implement the order.

- Just as the first few detainees had been released on April 3, Judge Ritchie suddenly ordered the Sheriff to "ignore and wholly disregard" Judge Hidalgo's order, effective immediately, and threatened to hold the Sheriff in contempt if detainees were released pursuant to the County Judge's order.  At the same time, Judge Ritchie issued a separate order slightly expanding his prior list of non-violent crimes which the felony judges were asked to release.

In a matter of a few days, then, the Sheriff faced three conflicting orders from three different officials. The already slow machinery of jail release ground to a halt. But the health crisis respects no orders. The virus cares not for the turf wars of government.

The Court asked the parties how Judge Ritchie's order impacted the two pending TRO motions. The simple, precise answer is not at all. This Court's jurisdiction and authority derive from the U.S. Constitution, the supreme law of the land. The Court understandably prefers not to exercise that authority, wanting a more fulsome record. But this Court alone can wield the power of the Constitution. All Judge Ritchie's order did was underscore the need to act.

In the *O'Donnell* case, the Sheriff stood up for those who could not afford to pay bail. He recognizes this felony case is more difficult, and he must always protect public safety, even in times of crisis and perhaps especially so. He agrees with the Court that the harder questions of permanent felony bail reform should be left for another day. But he also believes that the same principles that arose in *O'Donnell*—namely, that a person cannot be detained without individualized consideration of their ability to pay, risk of flight, or danger to the community—apply regardless of charge.

Like the Court, the Sheriff hopes the parties, with continued discussion, can reach agreement on a plan for broader releases of jail detainees. Perhaps by the time

of the hearing tomorrow the parties will be able to report on progress. But if progress is not made, the Sheriff urges the Court to order, as an independent exercise of its constitutional powers, the release of any non-violent detainees who have no prior conviction of a serious violent crime or no prior conviction of any violent crime in the past 10 years and who do not pose a risk to public safety. Such an order would fit within the Governor's EO and would also cut the Gordian knot that currently impedes the Sheriff from acting.

It may not be enough, but it would be a good start.

Respectfully submitted.

*/s/ Murray Fogler*
Murray Fogler
FOGLER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

Victoria Jimenez
Legal Director
Harris County Sheriff's Office
1200 Baker St.
Houston, Texas 77002
Tel: 346.286.1588
Victoria.Jimenez@sheriff.hctx.net

ATTORNEYS FOR SHERIFF ED GONZALEZ

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2020, a copy of this document was served on counsel of record via electronic filing in accordance with the USDC Southern District of Texas Procedures for Electronic Filing.

                                    */s/ Murray Fogler*
                                    Murray Fogler