IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

|   |   |
|---|---|
| RUSSELL, et al. </br></br> Plaintiffs, </br></br> v. </br></br> HARRIS COUNTY, TEXAS, et al. </br></br> Defendants. | Case No. 4:19-cv-00226 </br> (Class Action) </br> The Honorable Lee H. Rosenthal </br> U.S. District Judge |

## DECLARATION OF ALEX BUNIN, HARRIS COUNTY CHIEF PUBLIC DEFENDER

1. My name is Alex Bunin. I am the Chief Public Defender for Harris County. I have practiced in the Harris County criminal courts since 2011, and before that from 1986-1993. I have been licensed in Texas since 1986 and I am certified in Criminal Law and Criminal Appellate Law by the Texas Board of Legal Specialization.

### I.  First Opportunity for an Adversarial Bail Hearing is typically 2 to 4 Weeks After Arrest

2. Based upon court records I have reviewed and reports from lawyers in my office, at least since Hurricane Harvey struck Houston in August 2018, it has been practically impossible for a person arrested for a felony offense to obtain an adversarial, individualized bail hearing before a felony district court judge for, typically, two to four weeks after arrest.

3. At the hearing before this Court on Friday, April 3, 2020, the Court heard about a docket referred to locally as the Preliminary Assigned Court Appearance ("PACA") or Preliminary Initial Appearance ("PIA") docket, and which is required by local rules to occur on the first business day following a person's arrest.

4. The terms PACA and PIA are used interchangeably to refer to the next-business-day court setting that is listed in court records.

5. In fact, people arrested for felony offenses do not typically "appear" physically at the PACA/PIA docket. Since Hurricane Harvey and especially in light of current exigencies due to COVID-19, people arrested for felonies who are detained in the jail typically are not transported to the court for the PACA/PIA docket. Even when they are, they are kept in the lockup outside the courtroom.

6. Regardless of whether individuals appear at the PACA/PIA docket, that court setting is not an opportunity for an adversarial bail hearing. Although a judge might informally decide at PACA/PIA to modify bail conditions, any person who wishes to have an adversarial hearing with evidence, witnesses, and findings must file a written motion and then must wait two to four weeks under current conditions for an individualized adversarial hearing to occur.

7. Sometimes a Criminal District Court Judge will increase the bail amount set by a Criminal Law Hearing Officer or revoke a personal bond granted by a Criminal Law Hearing Officer, before counsel is appointed, without the person arrested being present and without any adversarial proceeding. If a judge increases the money bail or revokes a personal bond in a case involving a person who was released prior to PACA/PIA, that person will be taken into custody when they come to court for their first court appearance.

## II. The District Attorney's Office Relied on the Governor's Executive Order to Object to the Release of Named Plaintiff Johnnie Pierson

8. Named Plaintiff Johnnie Pierson has been detained in the jail since March 6, 2020. He would be released if he could pay two secured bonds totaling $50,000.

9. Mr. Pierson was identified by the Harris County Sheriff's Office as a person eligible for release pursuant to County Judge Hidalgo's order, and pursuant to the efforts of the Parties in this case and other system stakeholders, because of his nonviolent current charges.

10. The District Attorney's Office objected to releasing him pursuant to the Governor's Executive Order because of a prior, purportedly "violent" conviction. As a result, he has not been released by the Sheriff.

11. As of Monday morning, April 6, 2020, Mr. Pierson is still in the Harris County jail. Online court records previously showed that Mr. Pierson would have a court setting today (Monday). However, this weekend, the court setting was changed to May 18, 2020. Online court records also show that there has been no adversarial, individualized bail hearing since he was taken into custody on March 6.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability

/s/ Alex Bunin
Alex Bunin

April 6, 2020
DATE