UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DWIGHT RUSSELL, et al.

v.    CIVIL ACTION NO. H-19-226

HARRIS COUNTY, et al.    (4:2019-CV-00226)

CLASS MEMBER JASON CALLICOTTE'S MOTION TO INTERVENE AND PLEADING-IN-INTERVENTION

I. NATURE OF MOTION AND PLEADING-IN-INTERVENTION

THIS IS A MOTION BY WHICH JASON CALLICOTTE INTERVENES UNDER FED. R. CIV. PROC. 24(a)(2) AND/OR 24(b)(2) IN THE PLAINTIFF'S SUIT BROUGHT BY DWIGHT RUSSELL, et al., the plaintiffs, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS similarly situated SO THAT INTERVENOR WILL BE ADEQUATELY REPRESENTED IN THIS MATTER AND SO THAT HIS INTERESTS IN THIS MATTER will NOT BE impaired. THIS IS ALSO A pleading-in-intervention BY WHICH CLASS MEMBER MAKES A claim FOR RELIEF UNDER U.S.C. TITLE 42 SECTION 1983.

II. INTERVENOR IS NOW, AND WAS AT THE TIME OF THE CONDITIONS COMPLAINED OF BY THE PLAINTIFFS, A CRIMINAL DEFENDANT BEING HELD ON FELONY CHARGES AT THE HARRIS COUNTY JAIL IN HOUSTON TEXAS UNDER OPPRESSIVE WEALTH BASED FINANCIAL BAIL REQUIREMENTS; AND, is a member of the class represented.

III. IT IS NECESSARY FOR THE INTERVENOR TO INTERVENE AT THIS TIME BECAUSE IT would be unfair TO DECIDE THIS CASE AND PREJUDICE INTERVENOR WITHOUT ALLOWING HIM TO LITIGATE DUE TO THE FACT THAT A DECISION IN THIS CASE MAY IMPAIR HIS SUBSTANTIAL legal interest IN RECEIVING FAIR, CONSTITUTIONAL BAIL CONDITIONS AND FURTHER IMPAIRMENT OF INTERVENOR'S INTERESTS IF A legal precedent is ESTABLISHED THAT MAY BE HARMFUL TO THE INTERVENOR.

IV. INTERVENOR IS ALSO PRO SE IN THE UNDERLYING CRIMINAL CHARGES WHICH HARRIS COUNTY IS DETAINING HIM ON WHILE AWAITING TRIAL, he is THE ONLY DEFENSE COUNSEL ON RECORD.

ES0085-01-07

V. Intervenor only recently learned of this lawsuit from an article in the Houston Chronicle on or about April 02, 2020. Intervenor has been held on felony charges in Harris County Jail, continuously, since December, 5 2018, and has received no notice of this action, nor has he heard about it in anyway until the newspaper article mentioned it.

VI. Intervenor does not believe he is adequately represented by the current class representatives for the following reasons:

a. It is unknown to intervenor if class representatives are still subject to the same oppressive bail conditions, or if they have been released.

b. Intervenor is not being informed in anyway as to the progress of this case or any of its underlying proceedings.

c. The current class representatives are not currently subjected to conditions of confinement solely because they can not meet financial bail conditions while at the same time suffering from underlying medical conditions which make them especially vulnerable to Covid-19 which places their life in jeopardy. Intervenor has a compromised immune system due to underlying conditions of Hepatitis C, high blood pressure, and seizures, and as such is vulnerable to Covid-19

VII. Pleading-in-intervention (claim for relief) under U.S.C. Title 42 Section 1983. Harris County and the Sheriff of Harris County, Ed Gonzales, have a custom or practice, which has the force of policy, of detaining before trial felony defendants who are to poor to pay a secured financial condition of release in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I Sections 11 and 13 of the Texas Constitution and Article 17.15 of Texas Code of Criminal Procedure which constitute violations of due process and equal oppurtunity. Harris County and the Sheriff of Harris County, Ed Gonzales, policies violate the above statutes by detaining people arrested for felony offenses who are unable to pay a financial bail bond much longer than those who are able to pay. The result is a wealth based detention system of jailing felony

ES0085-01-07

DEFENDANTS ONLY BECAUSE THEY CAN NOT PAY A SECURED FINANCIAL BAIL. DEFENDANTS ARE ACTING UNDER THE COLOR OF STATE LAW. IN LIGHT OF COVID-19 CIRCUMSTANCES ARE MORE DIRE.

VIII. THE INTERVENOR HAS NO plain, adequate or complete remedy at law to redress THE wrongs described herein. INTERVENOR has been and will continue to be irreparably injured by the conduct of THE DEFENDANTS UNLESS THE COURT GRANTS THE DECLARATORY AND injunctive relief which intervenor seeks.

IX. Prayer for RELIEF

WHEREFORE, INTERVENOR RESPECTFULLY prays THAT THIS COURT ENTER A JUDGEMENT granting intervenor:

A. making intervenor a named party to this lawsuit

b. A declaration THAT THE acts OR OMISSIONS DESCRIBED HEREIN VIOLATED INTERVENOR'S RIGHTS UNDER THE CONSTITUTION AND Laws OF THE UNITED STATES AND TEXAS.

C. A preliminary and permanent order enjoining DEFENDANTS Harris County AND SHERIFF OF HARRIS COUNTY, Ed Gonzales, From DETAINING intervenor under oppressive WEALTH BASED FINANCIAL CONDITIONS OF BAIL.

D. A JURY TRIAL on all issues TRIABLE by a jury.

E. ANY ADDITIONAL RELIEF This COURT DEEMS JUST.

Respectfully Submitted,

/s/ Jason Callicotte

INTERVENOR Pro Se

Jason Callicotte

VERIFICATION

I, JASON CALLICOTTE #01401470, have read the foregoing motion TO INTERVENE AND PLEADING-IN-INTERVENTION AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS alleged on information and belief, and as to those, I believe them To BE TRUE. I CERTIFY UNDER penalty of perjury THAT THE FOREGOING IS TRUE and correct. EXECUTED AT HOUSTON TEXAS ON 4/6/2020

/s/ Jason Callicotte
JASON Callicotte #01401470
1200 BAKER ST.
HOUSTON, TX 77002

ES0085-01-07