**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DWIGHT RUSSELL,** *et al.,* | § | |
| *Plaintiffs*, | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-CV-00226** |
| | § | |
| **HARRIS COUNTY, TEXAS,** *et al.,* | § | |
| *Defendants*. | § | |

## ADVISORY

INTERESTED NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY KIM OGG provides the following information requested by the Court in its order of April 14, 2020 (Docket Entry No. 122).

## I.    QUESTIONS

On April 14, the Court issued the following standing order:

On **Tuesdays** and **Fridays** by **5:00 p.m.**, starting April 17, 2020, the parties and interested nonparties must continue to provide the court with information on: (1) the number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release; (2) the number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney; (3) the population of felony pretrial arrestees in the Harris County Jail; (4) the length of delays before individualized formal bail hearings after such hearings are requested; and (5) the number of arrestees and workers in the Jail who have positive COVID-19 test results and the number with pending test results.

*See* Docket Entry No. 122 at 29.

## II.   ANSWERS

**1.   The number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release.**

**2.   The number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney.**

For purposes of this analysis, we assume that anyone who has a bail amount set and has not obtained a surety bond is a detainee "unable to pay a secured bond."

Please see the charts attached as Exhibits A and B.

**4.   The length of delays before individualized formal bail hearings after such hearings are requested.**

Representatives of the Harris County Office of Court Administration, the Harris County District Clerk, and the Harris County District Attorney teleconferenced this week to develop a process for the state district courts to track (a) when requests for individualized formal bail hearings are made; and (b) when the requested individualized formal bail hearings are thereafter conducted by the state district court.  This process is expected to be functional next week.

The District Attorney's Office is developing a parallel in-house process to track this data as well which should be functional next week.  In the interim, informal data gathered from the District Attorney's Office staff detailing the number of formal and informal bail hearings is attached as Exhibit C.

Respectfully submitted,

*Scott A. Durfee*

**SCOTT A. DURFEE**
State Bar No. 06277550
Assistant District Attorney
500 Jefferson, Sixth Floor
Houston, Texas  77002
(713) 755-5816 (telephone)
(713) 368-9275 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April, 2020, a true and correct copy of the foregoing pleading was delivered by electronic notice to counsel for the parties.

<u>*Scott A. Durfee*</u>
Scott A. Durfee