IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:19-CV-00226 |
| § | |
| HARRIS COUNTY, TEXAS, *et al.*, § | |
| *Defendants*. § | |

## ADVISORY

INTERESTED NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY KIM OGG provides the following information requested by the Court in its order of April 14, 2020 (Docket Entry No. 122).

**I.     QUESTIONS**

On April 14, the Court issued the following standing order:

On **Tuesdays** and **Fridays** by **5:00 p.m.**, starting April 17, 2020, the parties and interested nonparties must continue to provide the court with information on: (1) the number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release; (2) the number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney; (3) the population of felony pretrial arrestees in the Harris County Jail; (4) the length of delays before individualized formal bail hearings after such hearings are requested; and (5) the number of arrestees and workers in the Jail who have positive COVID-19 test results and the number with pending test results.

*See* Docket Entry No. 122 at 29.

**II.  ANSWERS**

    **1.  The number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release.**

    **2.  The number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney.**

For purposes of this analysis, we assume that anyone who has a bail amount set and has not obtained a surety bond is a detainee "unable to pay a secured bond."

Please see the charts attached as Exhibits A, B and C.

    **4.  The length of delays before individualized formal bail hearings after such hearings are requested.**

The Harris County Office of Court Administration has directed the court coordinators of each state district court to start coding requests for individualized formal bail hearings with the notation BLHG.  Since this protocol began on April 17, 2020, there have been 58 individual defendants given BLHG settings.

The undersigned has reviewed the list of defendants with BLHG docket settings.  23 defendants appear to have neither filed motions or writs for bail reduction nor apparently requested formal bail hearings.[1]

---

[1]
| | | | |
|---|---|---|---|
| T.C. | SPN: 0967163 | C.L. | SPN: 1545806 |
| A.C. | SPN: 1751713 | J.A. | SPN: 1778279 |
| J.M. | SPN: 1898217 | B.L. | SPN: 2178746 |
| F.O. | SPN: 2203503 | S.B. | SPN: 2313670 |
| M.R. | SPN: 2390501 | J.C. | SPN: 2441610 |
| G.M. | SPN: 2464276 | B.P. | SPN: 2519672 |
| S.F. | SPN: 2706396 | O.O. | SPN: 2725487 |
| A.H. | SPN: 2890476 | R.T. | SPN: 3018708 |
| D.C. | SPN: 3038137 | J.R. | SPN: 3039666 |
| W.B. | SPN: 2726528 | R.B. | SPN: 3000857 |
| C.F. | SPN: 1747082 | B.H. | SPN: 2998107 |
| J.M. | SPN: 2194929 | | |

Sixteen defendants filed bail reduction motions or writs, but it is not clear whether they requested formal bail hearings.[2]

---

[2]   R.B., SPN: 2410112 - On April 27, 2020, R.B. filed a motion for personal recognizance bond. On April 30, 2020, the 182nd District Court denied the motion.

D.S., SPN: 2722945 – On April 21, 2020, D.S. filed a bail reduction motion, which which appears to have been heard informally on April 28, 2020.

E.S., SPN: 2707195 – On April 27, 2020, E.S. filed a bail reduction motion. On April 30, 2020, the 339th District Court lowered E.S.'s bond to $22,500.

S.A., SPN: 3049179 - On April 2, 2020, S.A. filed a motion for reasonable bail, which appears to have been heard informally on April 23, 2020.

T.M., SPN: 2970419 - On April 14, 2020, T.M. filed a bail reduction motion, which appears to have been heard informally on April 20, 2020.

J.T., SPN: 2986434 - On April 20, 2020, J.T. filed a bail reduction motion, which appears to have been heard informally on April 28, 2020.

B.J., SPN: 3035714 - On April 19, 2020, B.J. filed a bail reduction motion. The matter is on the BLHG docket for May 7, 2020.

C.H., SPN: 1197564 - On April 15, 2020, C.H. filed a bail reduction motion. The matter was heard on April 30, 2020, and the 232nd District Court denied relief.

C.K., SPN: 1925082 - On April 15, 2020, C.H. filed a bail reduction motion. The matter was heard on April 30, 2020, and the 232nd District Court granted a personal bond.

P.R., SPN: 2187019 – On April 27, 2020, P.R. filed a bail reduction motion. The matter was on the BLHG docket for April 29, 2020, but continued to May 4, 2020, because the defendant had not been delivered to court.

C.T., SPN: 3036712 – On March 23, 2020, C.T. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

J.T., SPN: 3054271 – On April 22, 2020, J.T. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

A.V., SPN: 2535247 – On April 27, 2020, A.V. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

M.A., SPN: 2015847 – M.A. is charged with felony driving while intoxicated, and also has a pending motion to revoke M.A.'s felony driving while intoxicated community supervision. On March 26, 2020, M.A. filed a writ application for release on personal bond. The matter has a BHLG setting for May 5, 2020.

R.P., SPN: 2220682 – On April 23, 2020, R.P. filed a motion to set bond. The matter was given a BHLG setting for April 24, 2020, and on that date, R.P.'s bail was lowered from $25,000 to $2,500.

T.S., SPN: 2343527 – On April 29, 2020, T.S. filed a motion to reduce bail. The matter has a BHLG setting for May 6, 2020.

Two defendants who appear to be proceeding pro se have filed motions for bail reduction, but do not appear to have requested formal hearings.[3] Two defendants filed pro se motions for bail reduction that do not appear to have been adopted by their trial counsel; these defendants do not appear to have requested formal hearings.[4]

Four defendants were placed on the BLHG docket because they were on either community supervision or pretrial diversion and were now being held for revocation proceedings.[5]

---

[3] J.C., SPN: 1401470 - J.C. is a habitual felon charged with robbery (Cause No. 1598938) and credit card abuse (Cause No. 1606724). J.C. has prior convictions for burglary of a building (5 years TDCJ in 1994 after probation revocation), arson (3 years TDCJ in 2003 after probation revocation), assault on family member (2 years TDCJ in 2016), assault on family member (2 years TDCJ in 2016). On December 5, 2018, a hearing officer set no bail on the robbery case and at $5000 on the credit card abuse case. On November 12, 2019, the 174th District Court set bail at $65,000 in the robbery case. J.C., who is appearing pro se, has filed several motions for personal bond release. The matter was on the BLHG docket for April 28, 2020 but appears to have been continued to May 5, 2020, due to the defendant's quarantine status.

A.W., SPN: 2309695 - A.W. is charged with possession with intent to deliver over 400 grams of methamphetamine. A.W. has prior felony convictions for injury to elderly (2 years TDCJ in 2018), criminal mischief (9 months state jail in 2008), burglary of building (180 days state jail in 2007), burglary of building (180 days state jail in 2007). On January 24, 2020, bail set at $100,000. On March 31, 2020, A.W. filed a pro se motion for release on personal bond. On April 21, 2020, after an informal hearing, the state district court lowered A.W.'s bail to $15,000.

[4] C.O., SPN: 2705632 - C.O. is charged with aggravated robbery. On May 24, 2019, a probable cause hearing officer set C.O.'s bail at $50,000. On November 12, 2019 and February 4, 5, and 26, 2020, C.O. filed pro se bail requests while apparently represented by J.A. Salinas. At an informal hearing on April 28, the 177th District Court set C.O.'s bail at $75,000.

T.D., SPN: 1957042 - T.D. is charged with continuous sexual assault of a child. On July 17, 2019, a probable cause hearing officer set bail at $75,000, overruling the public defender's request for personal bond. T.D. filed a pro se motion for personal bond on January 14, 2020, while represented by Joseph Varela. On April 29, 2020, the 337th District Court, after an informal hearing, declined to lower T.D.'s bail.

[5] M.H., SPN: 2813908 – motion to adjudicate deferred adjudication community supervision
K.S., SPN: 2966503 – motion to revoke bond on pretrial intervention
K.F., SPN: 2300780 – motion to revoke community supervision
T.M., SPN: 2878264 – motion to adjudicate deferred adjudication community supervision

4

Six defendants are solely on the BLHG docket due to bail motions filed by the State.[6]

Four defendants filed bail motions that were heard by a district court in a formal hearing.[7] One defendant had a formal bail hearing without a motion having been filed.[8]

---

[6] W.H., SPN: 1991167 - W.H. is a habitual offender charged with felony theft. He has a prior felony theft conviction for which he was sentenced in 2003 to 25 years TDCJ, and an aggravated robbery in Dallas County for which he was sentenced in 1988 to 25 years TDCJ. On January 29, 2020, a probable cause hearing officer set bail at $5,000, overruling the public defender's request for personal bond. On January 30, 2020, the State filed a motion to deny bail pursuant to Section 11a of the Texas Constitution. On April 27, 2020, the state district court conducted an informal hearing on the defendant's informal motion for personal bond and denied it, citing W.H.'s parole hold.

    P.L., SPN: 2994304 – motion to revoke bond for violation of bond conditions
    S.R., SPN: 2935239 – motion to revoke bond for violation of bond conditions
    S.T., SPN: 2838641 – motion to revoke bond for violation of bond conditions
    J.B., SPN: 2907014 – motion to revoke bond for violations of bond conditions
    J.E., SPN: 1964963 – motion to revoke bond for violations of bond conditions

[7] C.V., SPN: 2105016 - C.V. is charged with aggravated robbery (Cause No. 1659545), two counts of aggravated sexual assault (Cause Nos. 1659142 and 1659141), two counts of aggravated kidnapping (Cause Nos. 1659139 and 1659138), two counts of felon in possession of a weapon (Cause Nos. 1614730 and 1659140), aggravated assault with a deadly weapon (Cause No. 1641929), and possession with intent to deliver a controlled substance (Cause No. 1614731). He has a prior conviction for murder (10 years TDCJ in 2009). C.V.'s counsel filed a motion for reasonable bail on February 5, 2020. On April 22, 2020, after a formal hearing, the 178th District Court set C.V.'s bail at $10,000 in each of the felon in possession cases, $50,000 in the possession with intent to deliver a controlled substance case, and $100,000 in each of the remaining cases.

R.V., SPN: 1239532 - R.V. is a habitual offender charged with capital murder. R.V. has prior convictions for unauthorized use of a motor vehicle (6 years TDCJ in 1991), delivery of cocaine (6 years TDCJ in 1991), unauthorized use of a motor vehicle (6 years TDCJ in 1991), aggravated robbery (12 years TDCJ in 1996), possession of marijuana (4 oz. to 5 lbs.) (12 years TDCJ in 2007), possession with intent to deliver a controlled substance (12 years TDCJ in 2007), felon in possession of a weapon (12 years TDCJ in 2007). On October 19, 2019, a hearing officer set no bail. On April 20, 2020, the State filed a motion to deny bail pursuant to Section 11a of the Texas Constitution and the defendant filed a pretrial writ of habeas corpus. On April 28, 2020, there was a formal evidentiary bail hearing and on April 30, the court set bail at $800,000.

A.L., SPN: 2944300 – A.L. is charged with murder. A.L. was on deferred adjudication for felony terroristic threat and misdemeanor driving while intoxicated at the time he was charged with the murder case. On May 16, 2019, a probable cause hearing officer set bail at $150,000. On July 22, 2019, the 174th District Court lowered his bail to $100,000. A.L. filed a motion for reduction of bail on February 12, 2020, and an amended motion on April 14, 2020. The 174th District Court conducted an evidentiary bail hearing and denied relief.

M.H., SPN: 2473376 – M.H. is charged with burglary of a habitation. M.H. has a prior felony assault on family member case from 2015 for which he was placed on three years deferred adjudication community supervision in 2016. On April 19, 2020, a probable cause hearing officer set M.H.'s bail at $75,000. On April 22, 2020, in an informal hearing, the 176th District Court lowered M.H.'s bail to $70,000. On April 23, 2020, M.H. filed a bail reduction writ application. On April 27, 2020, the 176th District Court conducted a formal evidentiary bail hearing and denied relief.

[8] S.H., SPN: 2997828

Please also Exhibit D for HCDAO in-house data reflecting the number of formal and informal bail hearings being conducted by the state district courts.

Respectfully submitted,

*Scott A. Durfee*

**SCOTT A. DURFEE**
State Bar No. 06277550
Assistant District Attorney
500 Jefferson, Sixth Floor
Houston, Texas 77002
(713) 755-5816 (telephone)
(713) 368-9275 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2020, a true and correct copy of the foregoing pleading was delivered by electronic notice to counsel for the parties.

*Scott A. Durfee*
Scott A. Durfee