IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION TO CERTIFY CLASS (Dkt. 11)**

Plaintiffs submit this supplemental brief in support of their Amended Motion to Certify Class, Dkt. 11, which they hereby incorporate in full. Plaintiffs concurrently file a First Amended Complaint, adding two Named Plaintiffs, Christopher Clack and Maurice Wilson, who are qualified to serve as Class Representatives for the Rule 23(b)(2) transitory class.

**I.     Typicality: The New Named Plaintiffs' Claims Are Typical of the Proposed Class**

Mr. Clack and Mr. Wilson are being kept in jail because they are too poor to pay a secured financial condition of release even though there has been no finding that their detention is necessary. Exhibit 1 (Clack Declaration); Exhibit 2 (Wilson Declaration). Both Plaintiffs struggle to meet the basic necessities of life and would be released from jail if they pay the sums required.

Like the claims of the original Named Plaintiffs, the claims of Mr. Clack and Mr. Wilson are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Mr. Clack and Mr. Wilson are injured in the same way as the other class members: they are being detained following hearings at which de facto detention orders were issued; their detention is due to their inability to pay the amount of money required for their release; and their pretrial detention is being enforced

1

without any findings concerning their ability to pay and without any finding that their pretrial detention is necessary to serve a compelling government interest in either court appearance or public safety. Moreover, they are being detained without the procedural safeguards required for issuing a valid order of pretrial detention, including consideration of alternatives to secured financial conditions of release and findings on the record by clear and convincing evidence explaining why pretrial detention is necessary based on the evidence.

Mr. Clack and Mr. Wilson similarly rely on the same legal theories as the other class members concerning whether Defendants' policies and practices are unconstitutional. The proof concerning whether the Defendants engage in those policies and the legal argument about whether those policies are unlawful are critical for each class member in this case to establish the liability of the Defendants. Thus, if the named Plaintiffs succeed in their claim that the Defendants' policies and practices concerning post-arrest detention as alleged in the First Amended Complaint are unlawful, then that ruling will likewise benefit every other member of the class. That is the essence of Rule 23(a)'s typicality requirement.

## II.     Mr. Clack and Mr. Wilson Satisfy the "Adequacy" Requirement

The new Named Plaintiffs, as class representatives, will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy analysis encompasses two separate inquiries: (1) whether the named Plaintiffs have common interests with the other class members, and (2) whether the representatives will adequately prosecute the action through qualified counsel. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562–63 (8th Cir. 1982).

For the same reasons the original named Plaintiffs are adequate class representatives, *see* Dkt. 2 at 14-18, Mr. Clack and Mr. Wilson are adequate as well. Both Plaintiffs Clack and Wilson

have agreed to act as class representatives. They have each met with the undersigned counsel and discussed the responsibility of prosecuting a class action on behalf of all those similarly situated individuals who are detained prior to trial without the required substantive findings and procedural safeguards. Each named Plaintiff is familiar with the Defendants' procedures challenged here and the constitutional protections they seek to vindicate. They are dedicated to fulfilling the role and duties of a class representative protecting the class members' fundamental constitutional rights.

Mr. Clack and Mr. Wilson are part of the class, share the class' interests, and suffer the same injuries as the class members. There are no known conflicts between the named Plaintiffs' interests and the interests of the class members. The interests of the Named Plaintiffs and class members are aligned: relief from unconstitutional pretrial detention. There are no named Plaintiffs or class members who benefit from the denial of due process or equal protection while imprisoned. Plaintiffs have also hired counsel who are willing to undertake financial responsibility for this action pro bono and seek payment of costs and attorney's fees only as permitted under 42 U.S.C. § 1988 and other fee-shifting provisions.

Lastly, for the reasons stated in Plaintiffs' Motion to Certify Class, Dkt. 11 at 21–24, undersigned counsel are competent, zealous, and qualified to be appointed as Class Counsel. *See* Fed. R. Civ. P. 23(g).

### III. The Remaining Prerequisites for Class Certification Are Unchanged

The numerosity and commonality requirements of Federal Rule of Civil Procedure 23(a) remain unchanged since Plaintiffs first filed their Motion to Certify Class. For those same reasons, Dkt. 11 at 10–18, the class should be certified and Plaintiffs Clack and Wilson should be designated as Class Representatives.

## IV. Conclusion

For the reasons set forth above, and in Plaintiffs' Motion to Certify Class, Dkt. 11, Plaintiffs respectfully request that the Court certify the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Date: May 6, 2020

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

## **CERTIFICATE OF SERVICE**

I certify that on May 6, 2020 a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

*/s/ Elizabeth Rossi*
Elizabeth Rossi
