**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DWIGHT RUSSELL,** *et al.,* | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 4:19-CV-00226** |
| | § | |
| **HARRIS COUNTY, TEXAS,** *et al.,* | § | |
| *Defendants*. | § | |

## ADVISORY

INTERESTED NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY KIM OGG provides the following information requested by the Court in its order of April 14, 2020 (Docket Entry No. 122).

**I.   QUESTIONS**

On May , the Court issued the following standing order:

On **Fridays** by **5:00 p.m.**, **CDT,** the parties and interested nonparties must continue to provide the court with information on: (1) the number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release; (2) the number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney; (3) the population of felony pretrial arrestees in the Harris County Jail; (4) the length of delays before individualized formal bail hearings after such hearings are requested; and (5) the number of arrestees and workers in the Jail who have positive COVID-19 test results and the number with pending test results.

*See* Docket Entry No. 143.

1

## II. ANSWERS

**1. The number of pretrial felony arrestees unable to pay a secured bond who have been released on a personal bond with no remaining disputes preventing that release.**

**2. The number who remain in pretrial custody because they are unable to pay a secured bond and whose release on a personal bond is challenged by the District Attorney.**

For purposes of this analysis, we assume that anyone who has a bail amount set and has not obtained a surety bond is a detainee "unable to pay a secured bond."

The responsive information was not available at the time of filing. This information will be provided to the Court in a supplemental advisory as soon as it is available.

**4. The length of delays before individualized formal bail hearings after such hearings are requested.**

The Harris County Office of Court Administration has directed the court coordinators of each state district court to start coding requests for individualized formal bail hearings with the notation BLHG. Since this protocol began on April 17, 2020, there have been 73 individual defendants given BLHG settings.

The undersigned has reviewed the list of defendants with BLHG docket settings. 26 defendants appear to have neither filed motions or writs for bail reduction nor apparently requested formal bail hearings.[1]

---

[1]

| | | | |
|---|---|---|---|
| T.C. | SPN: 0967163 | C.L. | SPN: 1545806 |
| A.C. | SPN: 1751713 | J.A. | SPN: 1778279 |
| J.M. | SPN: 1898217 | B.L. | SPN: 2178746 |
| F.O. | SPN: 2203503 | S.B. | SPN: 2313670 |
| M.R. | SPN: 2390501 | J.C. | SPN: 2441610 |
| G.M. | SPN: 2464276 | B.P. | SPN: 2519672 |
| S.F. | SPN: 2706396 | O.O. | SPN: 2725487 |
| A.H. | SPN: 2890476 | R.T. | SPN: 3018708 |
| D.C. | SPN: 3038137 | J.R. | SPN: 3039666 |
| W.B. | SPN: 2726528 | R.B. | SPN: 3000857 |
| C.F. | SPN: 1747082 | B.H. | SPN: 2998107 |
| J.M. | SPN: 2194929 | E.D. | SPN: 2100353 |
| J.H., | SPN: 2231712 | D.S. | SPN: 2866802 |

Twenty-two defendants filed bail reduction motions or writs, but it is not clear whether they requested formal bail hearings.[2]

---

[2] R.B., SPN: 2410112 - On April 27, 2020, R.B. filed a motion for personal recognizance bond. On April 30, 2020, the 182nd District Court denied the motion.

D.S., SPN: 2722945 – On April 21, 2020, D.S. filed a bail reduction motion, which appears to have been heard informally on April 28, 2020.

E.S., SPN: 2707195 – On April 27, 2020, E.S. filed a bail reduction motion. On April 30, 2020, the 339th District Court lowered E.S.'s bond to $22,500.

S.A., SPN: 3049179 – On April 2, 2020, S.A. filed a motion for reasonable bail, which appears to have been heard informally on April 23, 2020.

T.M., SPN: 2970419 – On April 14, 2020, T.M. filed a bail reduction motion, which appears to have been heard informally on April 20, 2020.

J.T., SPN: 2986434 – On April 20, 2020, J.T. filed a bail reduction motion, which appears to have been heard informally on April 28, 2020.

B.J., SPN: 3035714 – On April 19, 2020, B.J. filed a bail reduction motion. The matter is on the BLHG docket for May 7, 2020.

C.H., SPN: 1197564 – On April 15, 2020, C.H. filed a bail reduction motion. The matter was heard on April 30, 2020, and the 232nd District Court denied relief.

C.K., SPN: 1925082 – On April 15, 2020, C.H. filed a bail reduction motion. The matter was heard on April 30, 2020, and the 232nd District Court granted a personal bond.

P.R., SPN: 2187019 – On April 27, 2020, P.R. filed a bail reduction motion. The matter was on the BLHG docket for April 29, 2020, but continued to May 4, 2020, because the defendant had not been delivered to court. On May 4, 2020, the 230th District Court granted P.R. a personal bond in his aggravated assault, felon in possession of weapon, and assault on family member cases because the State had not timely indicted P.R. under Article 17.051 of the Texas Code of Criminal Procedure. In granting the personal bond, the 230th District Court declined to follow Governor Greg Abbott's Executive Order GA-13, which suspended the Article 17.051 deadline, finding the Governor's executive order unconstitutional.

C.T., SPN: 3036712 – On March 23, 2020, C.T. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

J.T., SPN: 3054271 – On April 22, 2020, J.T. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

A.V., SPN: 2535247 – On April 27, 2020, A.V. filed a motion for reasonable bail, which appears to have been heard informally on April 27, 2020.

M.A., SPN: 2015847 – M.A. is charged with felony driving while intoxicated, and also has a pending motion to revoke M.A.'s felony driving while intoxicated community supervision. On March 26, 2020, M.A. filed a writ application for release on personal bond. The May 5, 2020 BLHG setting was apparently passed due to the absence of M.A.'s lawyer.

R.P., SPN: 2220682 – On April 23, 2020, R.P. filed a motion to set bond. The matter was given a BHLG setting for April 24, 2020, and on that date, R.P.'s bail was lowered from $25,000 to $2,500.

T.S., SPN: 2343527 – On April 29, 2020, T.S. filed a motion to reduce bail. On May 6, 2020, the 230th District Court denied bail after a hearing.

M.R., SPN: 2273761 – M.R. is charged with aggravated assault of a family member, and he has prior felony convictions for burglary of a habitation and robbery. On April 22, 2020, M.R. filed what appears to be a pro se application for habeas corpus bail relief. On May 4, 2020, the 179th District Court declined to lower M.R.'s bail, citing the violent nature of the offense and the use of a deadly weapon in the presence of a child.

Two defendants who appear to be proceeding pro se have filed motions for bail reduction, but do not appear to have requested formal hearings.[3] Two defendants filed pro se motions for bail reduction that do not appear to have been adopted by their trial counsel; these defendants do not appear to have requested formal hearings.[4]

---

G.R., SPN: 2619736 – G.R. was charged on April 27, 2020, with the felony offense of aggravated assault with a deadly weapon, which G.R. allegedly committed while he was on bond for failure to stop and render aid with serious bodily injury, intoxication assault, and possession of a controlled substance. G.R. also has two prior convictions for aggravated robbery. On April 30, 2020, G.R. filed a motion for release on personal bond or for release on reasonable bond. On May 4, 2020, the State moved for denial of bail pursuant to Section 11a of the Texas Constitution. On May 7, 2020, a probable cause hearing officer set G.R.'s bail at $100,000 in the aggravated assault. All of the pending cases have a BHLG setting for May 11, 2020.

R.L., SPN: 1719550 – R.L. was charged on August 22, 2017, with the felony offense of possession with intent to deliver 156 grams of methamphetamine. While on bond for that offense, on January 30, 2018, R.L. allegedly committed the felony offenses of possession with intent to deliver methamphetamine, evading arrest, and felon in possession of a weapon. On June 12, 2008, the 182nd District Court set bond at $50,000 in each pending case. On May 6, 2020, R.L. filed a pretrial application for writ of habeas corpus seeking reasonable bond in each pending case. All of the pending cases have a BHLG setting for May 12, 2020.

J.A., SPN: 3021492 – J.A. was charged on October 1, 2019, with the felony offense of possession with intent to deliver over 400 grams of heroin. On April 29, 2020, J.A. filed an application for lower bond/writ of habeas corpus. This matter has a BHLG setting for May 13, 2020.

F.B., SPN: 2955562 – F.B. is charged with five aggravated robberies. On May 5, 2020, F.B. filed a motion to lower bail on each case. The 174th District Court issued a written order on May 5, 2020, lowering F.B.'s bail in each case from $75,000 to $50,000.

R.M., SPN: 2183561 – R.M. is charged with the felony offense of assault of a family member. On May 5, 2020, R.M. filed an application for writ of habeas corpus seeking bail reduction. On May 7, 2020, the 184th District Court conducted a bail hearing and denied relief.

[3] J.C., SPN: 1401470 – J.C. is a habitual felon charged with robbery (Cause No. 1598938) and credit card abuse (Cause No. 1606724). J.C. has prior convictions for burglary of a building (5 years TDCJ in 1994 after probation revocation), arson (3 years TDCJ in 2003 after probation revocation), assault on family member (2 years TDCJ in 2016), assault on family member (2 years TDCJ in 2016). On December 5, 2018, a hearing officer set no bail on the robbery case and at $5000 on the credit card abuse case. On November 12, 2019, the 174th District Court set bail at $65,000 in the robbery case. J.C., who is appearing pro se, has filed several motions for personal bond release. The matter was on the BLHG docket for April 28, 2020 but was continued to May 5, 2020, due to the defendant's quarantine status. On May 5, 2020, the 174th District Court conducted a bail hearing and reduced the robbery bail to $20,000.

A.W., SPN: 2309695 – A.W. is charged with possession with intent to deliver over 400 grams of methamphetamine. A.W. has prior felony convictions for injury to elderly (2 years TDCJ in 2018), criminal mischief (9 months state jail in 2008), burglary of building (180 days state jail in 2007), burglary of building (180 days state jail in 2007). On January 24, 2020, bail set at $100,000. On March 31, 2020, A.W. filed a pro se motion for release on personal bond. On April 21, 2020, after an informal hearing, the state district court lowered A.W.'s bail to $15,000.

[4] C.O., SPN: 2705632 – C.O. is charged with aggravated robbery. On May 24, 2019, a probable cause hearing officer set C.O.'s bail at $50,000. On November 12, 2019 and February 4, 5, and 26, 2020, C.O. filed pro se bail requests while apparently represented by J.A. Salinas. At an informal hearing on April 28, the 177th District Court set C.O.'s bail at $75,000.

Four defendants were placed on the BLHG docket because they were on either community supervision or pretrial diversion and were now being held for revocation proceedings.[5]

Nine defendants are solely on the BLHG docket due to bail motions filed by the State.[6]

Five defendants filed bail motions that were heard by a district court in a formal hearing.[7]

---

T.D., SPN: 1957042 – T.D. is charged with continuous sexual assault of a child. On July 17, 2019, a probable cause hearing officer set bail at $75,000, overruling the public defender's request for personal bond. T.D. filed a pro se motion for personal bond on January 14, 2020, while represented by Joseph Varela. On April 29, 2020, the 337th District Court, after an informal hearing, declined to lower T.D.'s bail.

[5]   M.H., SPN: 2813908 – motion to adjudicate deferred adjudication community supervision
K.S., SPN: 2966503 – motion to revoke bond on pretrial intervention
K.F., SPN: 2300780 – motion to revoke community supervision
T.M., SPN: 2878264 – motion to adjudicate deferred adjudication community supervision

[6]   W.H., SPN: 1991167 - W.H. is a habitual offender charged with felony theft. He has a prior felony theft conviction for which he was sentenced in 2003 to 25 years TDCJ, and an aggravated robbery in Dallas County for which he was sentenced in 1988 to 25 years TDCJ. On January 29, 2020, a probable cause hearing officer set bail at $5,000, overruling the public defender's request for personal bond. On January 30, 2020, the State filed a motion to deny bail pursuant to Section 11a of the Texas Constitution. On April 27, 2020, the state district court conducted an informal hearing on the defendant's informal motion for personal bond and denied it, citing W.H.'s parole hold.

P.L., SPN: 2994304 – motion to revoke bond for violation of bond conditions
S.R., SPN: 2935239 – motion to revoke bond for violation of bond conditions
S.T., SPN: 2838641 – motion to revoke bond for violation of bond conditions
J.B., SPN: 2907014 – motion to revoke bond for violations of bond conditions
J.E., SPN: 1964963 – motion to revoke bond for violations of bond conditions
R.S., SPN: 3043753 – motion to revoke bond for violations of bond conditions
A.B., SPN: 2076776 – motion to revoke bond for violations of bond conditions
C.M., SPN: 1030692 – motion to deny bail pursuant to Section 11a of the Texas Constitution

[7]   C.V., SPN: 2105016 - C.V. is charged with aggravated robbery (Cause No. 1659545), two counts of aggravated sexual assault (Cause Nos. 1659142 and 1659141), two counts of aggravated kidnapping (Cause Nos. 1659139 and 1659138), two counts of felon in possession of a weapon (Cause Nos. 1614730 and 1659140), aggravated assault with a deadly weapon (Cause No. 1641929), and possession with intent to deliver a controlled substance (Cause No. 1614731). He has a prior conviction for murder (10 years TDCJ in 2009). C.V.'s counsel filed a motion for reasonable bail on February 5, 2020. On April 22, 2020, after a formal hearing, the 178th District Court set C.V.'s bail at $10,000 in each of the felon in possession cases, $50,000 in the possession with intent to deliver a controlled substance case, and $100,000 in each of the remaining cases.

R.V., SPN: 1239532 - R.V. is a habitual offender charged with capital murder. R.V. has prior convictions for unauthorized use of a motor vehicle (6 years TDCJ in 1991), delivery of cocaine (6 years TDCJ in 1991), unauthorized use of a motor vehicle (6 years TDCJ in 1991), aggravated robbery (12 years TDCJ in 1996), possession of marijuana (4 oz. to 5 lbs.) (12 years TDCJ in 2007), possession with intent to deliver a controlled substance (12 years TDCJ in 2007), felon in possession of a weapon (12 years TDCJ in 2007). On October 19, 2019, a hearing officer set no bail. On April 20, 2020, the State filed a motion to deny bail pursuant to Section 11a of the Texas Constitution and the defendant filed a

Three defendants had a formal bail hearing without a motion having been filed.[8]

Respectfully submitted,

*Scott A. Durfee*

**SCOTT A. DURFEE**
State Bar No. 06277550
Assistant District Attorney
500 Jefferson, Sixth Floor
Houston, Texas 77002
(713) 755-5816 (telephone)
(713) 368-9275 (facsimile)

---

pretrial writ of habeas corpus. On April 28, 2020, there was a formal evidentiary bail hearing and on April 30, the court set bail at $800,000.

    A.L., SPN: 2944300 – A.L. is charged with murder. A.L. was on deferred adjudication for felony terroristic threat and misdemeanor driving while intoxicated at the time he was charged with the murder case. On May 16, 2019, a probable cause hearing officer set bail at $150,000. On July 22, 2019, the 174th District Court lowered his bail to $100,000. A.L. filed a motion for reduction of bail on February 12, 2020, and an amended motion on April 14, 2020. The 174th District Court conducted an evidentiary bail hearing and denied relief.

    M.H., SPN: 2473376 – M.H. is charged with burglary of a habitation. M.H. has a prior felony assault on family member case from 2015 for which he was placed on three years deferred adjudication community supervision in 2016. On April 19, 2020, a probable cause hearing officer set M.H.'s bail at $75,000. On April 22, 2020, in an informal hearing, the 176th District Court lowered M.H.'s bail to $70,000. On April 23, 2020, M.H. filed a bail reduction writ application. On April 27, 2020, the 176th District Court conducted a formal evidentiary bail hearing and denied relief.

    C.J., SPN: 3041320 – C.J. is charged with two aggravated robberies and three robberies by threat. On May 4, 2020, C.J. filed a motion to release defendant and set reasonable bail. On May 5, 2020, the 174th District Court conducted a bond hearing by Zoom and lowered C.J.'s bail to $20,000 for each of the aggravated robberies and $10,000 for each of the robberies.

[8]     S.H., SPN: 2997828
       F.B., SPN: 2955562
       C.T., SPN: 2839334 – While on bond for the felony offenses of assault of a family member, threatening to disclose intimate visual material, and while on probation for the felony offense of assault of a family member, C.T. allegedly committed and was charged with the misdemeanor offense of violation of a protective order on April 23, 2020. On May 6, 2020, the 262nd District Court conducted a formal evidentiary bond hearing regarding the pending cases.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2020, a true and correct copy of the foregoing pleading was delivered by electronic notice to counsel for the parties.

*Scott A. Durfee*
Scott A. Durfee