# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, et al., *Plaintiffs*, v. HARRIS COUNTY, TEXAS, et al., *Defendants.* | Civil Action No. 4:19-cv-226 |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE BY THE HONORABLE CHUCK SILVERMAN IN HIS OFFICIAL CAPACITY AS A JUDGE OF THE 183RD DISTRICT COURT, HARRIS COUNTY, TEXAS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 2

ARGUMENT ......................................................................................................................... 3

I. The Court Should Permit Judge Silverman to Intervene Under Civil Rule 24(a)(2). ............. 3

    A. Judge Silverman's motion to intervene is timely. ...................................................... 4

    B. Judge Silverman has interests that relate to the subject of this action. ........................ 4

    C. Disposition of this action will impair Judge Silverman's ability to protect his interests. ................................................................................................................. 6

    D. The existing parties inadequately represent Judge Silverman's interests. ..................... 7

II. Alternatively, the Court Should Permit Judge Silverman to Intervene Under Civil Rule 24(b)(1)(B). ................................................................................................................. 9

CONCLUSION ..................................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................................ 11

## INTRODUCTION

The felony pretrial detention system in Harris County needs to be reformed. As the plaintiffs have rightly pointed out, pretrial detention has real—sometimes devastating—consequences. *See, e.g.*, First Amended Complaint (Dkt. No. 140) ("Am. Compl.") ¶¶ 9-10. Pretrial detainees can lose their jobs; their physical and mental health may suffer; they may lose access to housing; they are separated from friends and family; and they are exposed to crowded conditions—all while presumed innocent. Too often, the distinguishing factor between those who face these devastating hardships and those who do not is as simple as whether the arrestee has the means to pay the secured money bail amount. In this way, cash bail perpetuates inequalities in the justice system that are disproportionately felt by minorities and those experiencing poverty.

Plaintiffs seek declaratory and injunctive relief overhauling the felony pretrial detention process in Harris County. *See, e.g.*, Am. Compl. ¶ 15. As an elected Harris County District Judge, Judge Chuck Silverman ("Judge Silverman") oversees and implements policies and procedures governing release and detention of individuals arrested for felony crimes in Harris County. As such, the subject matter of this litigation and the relief sought will directly impact his interest in the adjudication of cases before him. *See, e.g.,* Am. Compl. ¶ 15. Judge Silverman therefore seeks to intervene in his official capacity to advocate for necessary reform and to represent his interests in the development and implementation of policies and procedures that will ensure the Equal Protection and Due Process rights of the accused, while protecting public safety. No current party can adequately represent Judge Silverman's interests.

As the Fifth Circuit has said, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653,

657 (5th Cir. 2015) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). The interests of felony arrestees are represented by the named plaintiffs and their counsel. Harris County, Texas is representing its interests, as is the Sherriff, Ed Gonzalez. The Court has permitted intervention by the State of Texas, Governor of Texas, and Attorney General of Texas (collectively, "State Intervenors"), who now represent their interests in the litigation. *See* Order Granting Unopposed Motion to Intervene (Dkt. No. 46). In like manner, Judge Silverman respectfully asks the Court to grant his motion to intervene, so his official interests are represented.

## ARGUMENT

**I.   The Court Should Permit Judge Silverman to Intervene Under Civil Rule 24(a)(2).**

The Fifth Circuit has established a four-pronged test for intervention of right under Federal Rule of Civil Procedure 24(a)(2). *St. Bernard Parish v. Lafarge N. Am., Inc.,* 914 F.3d 969, 974 (5th Cir. 2019). If the four prongs are satisfied, the Court must permit intervention. Fed. R. Civ. P. 24(a). Specifically:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*St. Bernard Parish*, 914 F.3d at 974 (quoting *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016)). The rule governing intervention of right is to be "liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). Judge Silverman satisfies this four-pronged test and, therefore, the Court should permit him to intervene in this case.

### A. Judge Silverman's motion to intervene is timely.

A motion to intervene must be "timely." Fed. R. Civ. P. 24(a). The Fifth Circuit has held that the "timeliness inquiry 'is contextual; absolute measures of timeliness should be ignored'" and timeliness is "not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n,* 834 F.3d 562, 565 (5th Cir. 2016) (quoting *Sierra Club*, 18 F.3d at 1205, and *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)).

The plaintiffs filed this case on January 21, 2019, and repeated stays have been sought by the parties and granted by the Court. Plaintiffs filed their first amended complaint on May 6, 2020, and no party has yet filed an answer or motion in response to the amended complaint. Discovery has not begun in earnest, and the deadline to add new parties is August 14, 2020. *See* Scheduling Order (Dkt. No. 162). Judge Silverman is seeking to intervene "before discovery [has] progressed" and does "not seek to delay or reconsider phases of the litigation that ha[ve] already concluded." *Wal-Mart,* 834 F.3d at 565. Accordingly, there is no delay and hence no prejudice to the existing parties.

### B. Judge Silverman has interests that relate to the subject of this action.

Judge Silverman has an interest "relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). While Rule 24(a)(2) does not specify the nature of the interest necessary for intervention of right, the Fifth Circuit requires the would-be intervenor show his interest "is 'direct, substantial, [and] legally protectable.'" *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). This means the interest is "more than a mere economic interest" and is "one which the substantive law recognizes as belonging to or being owned by the

[would-be intervenor]." *Id*. If "an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24(a) advisory committee's note to 1996 amendment. The Fifth Circuit has "warned against defining 'property or interest' too narrowly." *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001) (citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992)).

In his official capacity as a judicial officer serving in the 183rd District Court, Judge Silverman has significant interests relating to the transaction at the heart of this action—the felony pretrial detention procedures followed in Harris County.

First and foremost, Judge Silverman has a legally protectable interest as a government official in setting the policies and procedures regarding felony pretrial detention. The criminal district judges have full discretion consistent with state and federal law to determine policies relating to post-arrest release and detention. Under the Texas Code of Criminal Procedure, the amount of bail in any case is "regulated by the court, *judge*, magistrate or officer taking the bail." Tex. Crim. Code § 17.15 (emphasis added). That judge is to be "governed in the exercise of this discretion [in regulating bail] by the Constitution [of the United States] and by [ ] rules," which include a consideration of "[t]he ability to make bail . . ." and the fact that "[t]he power to require bail is not to be . . . used as . . . an instrument of oppression." *Id.*

Under this framework, Judge Silverman, along with the other Harris County District Court Judges, is one of the key stakeholders in promulgating bail procedures and processes to determine which arrestees are eligible for release on non-financial conditions, the findings required to justify pretrial detention, and the procedural safeguards required in bail hearings. Judge Silverman is one of the felony judges who promulgates Harris County's predetermined money bail, which sets the financial conditions of pretrial release for nearly all felony arrestees in Harris County. In sum,

Judge Silverman, without question, not only has a legally protectable interest in this case, but is a "real party in interest." *See Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 256–57 (D.N.M. 2008) (holding that a county clerk had a legally protected interest in the subject matter of the case because, if the plaintiff's injunction was granted, it would have a "direct effect" on what the clerk could or could not do in her role performing certain duties the law required); *cf. League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 188–89 (5th Cir. 1989) (holding that judges played "**no part in creating or revising** [an] election scheme and, therefore, fail to [be] 'real part[ies] in interest'") (emphasis added).

Furthermore, Judge Silverman is generally charged with ensuring constitutionally sound due process with regard to the cases brought before him. Similarly, he has an interest in ensuring that felony defendants are not coerced to plead guilty due to their inability to afford bail.

These interests are "the type that the law deems worthy of protection." *Texas*, 805 F.3d at 659.

### C. Disposition of this action will impair Judge Silverman's ability to protect his interests.

There is no question that "disposing of the action" will "impair or impede" Judge Silverman's interests if he is not permitted to intervene. Fed. R. Civ. P. 24(a)(2). There is no requirement that Judge Silverman show that the ultimate resolution of this case will have a binding effect on him—though this is undoubtedly true. A showing that the ultimate resolution of this case "may" have a "practical" impact on Judge Silverman's interest is sufficient. *See Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828–29 (5th Cir. 1967).

The plaintiffs seek an injunction that will impose major structural changes to the felony bail system in Harris County, much like the structural changes imposed on the misdemeanor

system through the companion case *ODonnell v. Harris County*, No. 16-cv-01414 (S.D. Tex. 2016). *See ODonnell* Consent Decree (Dkt. No. 708). In the instant case, plaintiffs seek a declaratory judgment that their constitutional rights are violated by the current system, and a permanent injunction against Harris County, through its government officials, enjoining the operation and enforcement of such a system. *See* Am. Compl., Request for Relief, at 46–47. Extrapolating from *ODonnell*, plaintiffs will likely seek an injunction requiring judges and hearing officers to assess arrestees' ability to pay money bail amounts as part of the detention determination; limiting judges' ability to constrain hearing officers' authority to release arrestees on personal bonds; and requiring more robust due process safeguards for bail hearings.

The resolution of this case will, therefore, affect Judge Silverman's role and duties as a judicial officer. His ability, or inability, to impose bail conditions, and the findings required before imposing such conditions, will likely be governed by the terms of the eventual resolution of this case. Therefore, Judge Silverman meets the minimal burden required to show that the case "may" have a "practical" impact on his interests.

### D. The existing parties inadequately represent Judge Silverman's interests.

Finally, Judge Silverman must show the existing parties do not "adequately represent [his] interest." Fed. R. Civ. P. 24(a)(2). While Judge Silverman shoulders the "burden of demonstrating inadequate representation . . . this burden is minimal." *Entergy Gulf States La., L.L.C. v. EPA,* 817 F.3d 198, 203 (5th Cir. 2016) (citation omitted). The Fifth Circuit has held that a showing of inadequate representation "is satisfied if the [would-be intervenor] shows that representation of his interest 'may be' inadequate." *Id.* (quoting *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Commr's of Orleans Levee Dist. & State of La.*, 493 F.3d 570, 578 (5th Cir. 2007)). *See also Brumfield,* 749 F.3d at 346 (stating "[w]e cannot say for sure that the [existing party's] more

extensive interests will *in fact* result in inadequate representation, *but surely they might, which is all that the rule requires."*) (second emphasis added).

It would be impossible for any of the existing parties to "stand in the shoes" of Judge Silverman in his official capacity and adequately represent his interests. Although Judge Silverman, the plaintiffs, Harris County, and Sherriff Ed Gonzalez all oppose aspects of the current felony bail system, none of these existing parties can adequately represent Judge Silverman's interests. The plaintiffs, pretrial felony detainees, cannot adequately represent the interests of someone who is charged with administering the pretrial detention system. Furthermore, Harris County's budgetary interests may influence the positions it takes in this case, thereby prejudicing Judge Silverman's interests. In addition, Sherriff Ed Gonzalez, who is concerned with the administration and operation of the Harris County Jail and other detention facilities, cannot adequately represent the interests of a judicial officer charged with determining pretrial detention of felony arrestees.

Judge Silverman's position is directly at odds with the State Intervenors' apparent objectives. The State Intervenors would seemingly have the Court reject the plaintiffs' efforts to reform the felony bail system in Harris County. *See generally* Memorandum in Support of Opposed Motion to Intervene by the State of Texas, Greg Abbott, Governor of Texas, and Ken Paxton, Attorney General of Texas (Dkt. No. 38-1), at Part I.B. Judge Silverman sits squarely on the other side of the fence and believes felony bail reform is badly needed.

Therefore, Judge Silverman meets the minimal burden required to show that representation of his interests "may" be inadequate.

## II.   Alternatively, the Court Should Permit Judge Silverman to Intervene Under Civil Rule 24(b)(1)(B).

If the Court does not grant Judge Silverman's intervention as of right—which it should—it should allow permissive intervention because Judge Silverman's interests and this action have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

To qualify for permissive intervention under Rule 24, Judge Silverman must demonstrate that: (i) the motion to intervene is timely; (ii) his claim or defense has a question of law or fact in common with the existing action; and (iii) his intervention will not unduly delay or prejudice adjudication of the original parties' rights. *Id.* Judge Silverman satisfies each of these factors. Therefore, should the Court not grant Judge Silverman's intervention as of right, the Court should permit his intervention.

As discussed above, Judge Silverman's motion to intervene is timely. *See supra* Part I.A. Similarly, because Judge Silverman is filing his motion to intervene before any responsive pleadings have been filed, granting Judge Silverman's motion to intervene will not cause any delay or prejudice to the existing parties' rights. Finally, Judge Silverman's interests share common questions of law and fact with the case. The instant case is premised on liberty interests Judge Silverman is obligated to protect, and policies and procedures regarding felony pretrial detention Judge Silverman is obligated to create and implement. *See supra* Part I.B. Only a Harris County District Court Judge can provide the necessary judicial perspective.

Therefore, even if the Court does not determine that Judge Silverman is entitled to intervene as of right, it should grant his request for permissive intervention.

## CONCLUSION

The Court should grant Judge Silverman's motion to intervene of right or, alternatively, to intervene permissively, and grant him all the same rights and responsibilities as a party to the lawsuit.

Respectfully submitted.

/s/ G. Allan Van Fleet
G. Allan Van Fleet, P.C.
Attorney-in-Charge
Texas Bar No. 20494700
Southern District No. 527
6218 Elm Heights Lane, Suite 201
Houston, Texas 77081
(713) 826-1954 | FAX: None
allanvanfleet@gmail.com

**OF COUNSEL:**
Don Bradford Hardin Jr. (Pro Hac Vice application forthcoming)
Virginia State Bar No. 76812
Anastasia Liounakos (Pro Hac Vice application forthcoming)
DC Bar no. 1035450
Matthew Diggs (Pro Hac Vice application forthcoming)
Washington State Bar No. 36331
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 800,
Washington, DC  20006-3401
(202) 973-4238
BradfordHardin@dwt.com
AnastasiaLiounakos@dwt.com
MatthewDiggs@dwt.com

## CERTIFICATE OF AGREEMENT

I hereby certify that I conferred with counsel for Plaintiffs and Defendants via email on June 23, 2020, regarding the substance of the foregoing document. Responses have been received and neither plaintiffs nor defendants oppose Judge Silverman's motion to intervene.

/s/ G. Allan Van Fleet
G. Allan Van Fleet

## CERTIFICATE OF SERVICE

I, G. Allan Van Fleet, hereby certify that on this the 24th day of June, 2020, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ G. Allan Van Fleet
G. Allan Van Fleet