IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, et al, | [] | |
|     Plaintiffs | [] | |
| | [] | No. 4:19-cv-00226 |
| v. | [] | Hon. Lee H. Rosenthal |
| | [] | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al, | [] | |
|     Defendants | [] | |

**ANSWER OF SHERIFF ED GONZALEZ
AND REQUEST FOR DECLARATORY RELIEF**

INTRODUCTION

Even before his election as Sheriff in 2016, Sheriff Ed Gonzalez was on record as supporting a fairer and constitutionally acceptable bail system for Harris County. After he took office, he worked together with the stakeholders in the misdemeanor bail case to craft a historic settlement. Now, he is prepared to do the same in this felony bail case.

The Sheriff continues to believe it is wrong to detain an arrestee in jail merely because the arrestee is too poor to post a bond. There must be a different system that determines whether and on what terms public safety requires pre-trial detention, separate from an ability to pay. Given the large number of players in the felony justice system, the entrenchment of established procedures that may have outlasted

1

their utility, and the emotions evoked whenever more serious crimes are committed, the Sheriff has no delusions that rethinking the system will be easy.

The Sheriff has no authority to make the rules that govern the bail system. His circumscribed role requires only that he carry out the rules as keeper of the jail. Too often lately has the Sheriff found himself pulled in different directions by conflicting orders or intransigence from competing officials. This has been especially true lately, with exquisitely dire consequences, as the coronavirus crisis has exacerbated the logjam at the jail.

For that reason, the Sheriff comes before this Court seeking relief of his own. He wants direction. He needs direction to do the job he was elected to do.

## ANSWER

1. The Sheriff admits the following paragraphs of the First Amended Class Action Complaint: 1-10, 12-17, 24-28, 80-174, 198-203.

2. The Sheriff is without sufficient knowledge to admit or deny the following paragraphs of the First Amended Class Action Complaint: 11, 18-22, 30-79, 175-197.

3. The Sheriff denies the following paragraphs: 29.

4. The following paragraphs require no response: 23, 198.

REQUEST FOR DECLARATORY RELIEF

5.  With the addition of the felony judges as parties to this case, the Sheriff believes all necessary parties are before the Court. The felony judges in Harris County are the true policymakers regarding bail practices, both in terms of setting rules and procedures and in applying those rules and procedures in individual cases.

6.  It does not appear that the felony judges in Harris County are willing or able on their own to craft new rules and procedures that would accomplish the required goals. Those goals are simple to state but prove difficult to implement. Any new rules must (a), protect public safety and encourage court appearances, (b) satisfy the plaintiffs' request for a system that complies with constitutional requirements, and (c) reduce overall jail population. It appears only the power of this Court can force the parties to accomplish these goals.

7.  An actual controversy exists among the various parties before this Court regarding the constitutionality of the current bail system and the relief required to make it right. The Sheriff, as a key player in the criminal justice system, dutybound to carry out orders of the felony judges regarding pre-trial detention of arrestees, is an interested party with standing to seek relief from this Court.

8.  Therefore, pursuant to 28 U.S.C. §2201, the Sheriff asks the Court to declare his rights and obligations going forward in connection with the pre-trial detention of felony arrestees.

The Sheriff seeks such other relief to which he may be justly entitled.

Respectfully submitted.

*/s/ Murray Fogler*
Murray Fogler
FOGLER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel: 713.481.1010
Fax: 713.574.3224

Victoria Jimenez
Legal Director
Harris County Sheriff's Office
1200 Baker St.
Houston, Texas 77002
Tel: 346.286.1588
Victoria.Jimenez@sheriff.hctx.net

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I certify that on June 29, 2020, a copy of this document was served on counsel of record via electronic filing in accordance with the USDC Southern District of Texas Procedures for Electronic Filing.

*/s/ Murray Fogler*
Murray Fogler
