UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Intervenor-Defendants*. | § | |

**STATE INTERVENORS' OBJECTION TO JUNE 30 MINUTE ORDER**

Since April 14, 2020, when the Court rejected Plaintiffs' motion for a preliminary injunction,[1] the Court has issued mandatory orders and weekly monitoring sessions—culminating in the June 30th minute order requiring the Defendants to release inmates and to provide specific bail procedures.

As the Court has acknowledged, this "complex [and] rapidly evolving situation" involves "delicate considerations of federalism and separation of powers."[2] We must respectfully object to the Court's June 30th minute order on the following grounds.

The Court has expressly acknowledged GA-13 and issued an order that states it is consistent with GA-13. To the extent the order is inconsistent with GA-13, and in the event this Court, Plaintiffs, the Sheriff, or County take any action in a manner

---

[1] *Russell* v. *Harris Cty., Tex.*, 2020 WL 1866835 (S.D. Tex. Apr. 14, 2020).

[2] *Id*. at *13.

inconsistent with GA-13, the State Intervenors object. Additionally, the State Intervenors present the following additional objections for the record.

First, per the Texas Constitution, the Attorney General only participates in a specific subset of criminal offenses that appear inapplicable here or when a local prosecutor requests such assistance.[3] The State Intervenors have no authority to lodge objections to the release of specific inmates included in the list in question.[4]

Second, the minute order is an improper preliminary injunction. It is well-established that an order requiring parties to undertake or avoid specific actions is an injunction regardless of its title.[5] Such an order oversteps the role of a federal court, basic tenets of federalism, and the Defendants' due process rights. Without determining that the requirements for an injunction are satisfied, this Court does not have the power to subject the parties to the requirements of the minute order.

Third, the minute order violates *ODonnell II's* express holding by *ordering* the District Court Judges to release inmates.[6] While the District Judges are free to give a personal bond to anyone they see fit on the list within the bounds of State law,

---

[3] *Saldano* v. *State*, 70 S.W.3d 873, 880 (Tex. Crim. App. 2002); TEX. CONST. art. V, § 21.

[4] State Intervenors previously notified Plaintiffs via email that only the District Attorney can lodge disputes to specific inmates. The District Attorney has already satisfied this duty.

[5] *See, e.g.*, *Hewlett-Packard Co.* v. *Quanta Storage, Inc.*, 961 F.3d 731, n.7 (5th Cir. 2020); *Roberts* v. *St. Regis Paper Co.*, 653 F.2d 166, 169–70 (5th Cir. 1981); *Martinez* v. *Mathews*, 544 F.2d 1233, 1236 (5th Cir.1976); *Sayers* v. *Forsyth Bldg. Corp.*, 417 F.2d 65, 67 (5th Cir.1969); *McCoy* v. *La. State Bd. of Educ.*, 345 F.2d 720, 721 (5th Cir.1965) (per curiam); *United States* v. *Lynd*, 301 F.2d 818, 822 (5th Cir.), *cert. denied*, 371 U.S. 893 (1962); *see also Police Ass'n of New Orleans* v. *City of N.O.*, 100 F.3d 1159, 1166 (5th Cir. 1996) (Wisdom, J.).

[6] *ODonnell* v. *Goodhart*, 900 F.3d 220, 228 (5th Cir. 2018).

*ODonnell* prohibits this Court from effectively making that determination for the Judges with respect to certain detainees.

Fourth, the minute order impermissibly expands the holdings of *ODonnell I* and *ODonnell II*. The Fifth Circuit "held that 'the *automatic* imposition of pretrial detention on indigent . . . arrestees" violated due process and equal protection.[7] In other words, arrestees were not getting notice and a meaningful opportunity to be heard during the bail process. But publicly available documents and videos demonstrate that the hearings provided before the hearing officers are an adversarial and individualized assessment within the required 48-hour period and that cash bail is not being automatically assigned. Plaintiffs do not meaningfully allege otherwise, instead basing their claims around not receiving procedures beyond what the Fifth Circuit has mandated. The Court is ordering the District Court Judges to hold a *second* adversarial individualized[8] hearing and to make further "finding[s] as to why the bail conditions cannot be sufficiently fashioned to ward against new criminal conduct or failure to appear." That order goes beyond the relief approved by the Fifth Circuit.[9]

---

[7] *Russell*, 2020 WL 1866835 (quoting *Goodhart*, 900 F.3d at 224 and *ODonnell* v. *Harris Cty, Tex.*, 892 F.3d 147 at 160 (5th Cir 2018).

[8] This being the "formal" hearing mentioned in the Minute Entry. However, based on the video evidence, it is unclear why the counseled, adversarial, and individualized hearing that all arrestees received before the hearing officers is considered "informal."

[9] *ODonnell*, 892 F.3d at 165 (requiring only that a decision-maker only explain its reason for why it "declines to lower bail *from the prescheduled amount*").

Finally, to the extent the minute order requires the release of inmates due to the conditions of their confinement (the existence of COVID-19), it violates the Prison Litigation Reform Act, which authorizes such release only when ordered by a three-judge panel.[10]

For these reasons, the State Intervenors must respectfully object to the Court's June 30, 2020 minute order.

---

[10] 18 U.S.C. § 3626(a)(3)(B).

Respectfully submitted.

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | DARREN L. MCCARTY<br>Deputy Attorney General for Civil Litigation |
| JEFFREY C. MATEER<br>First Assistant Attorney General | THOMAS A. ALBRIGHT<br>Chief for General Litigation Division |
| RYAN L. BANGERT<br>Deputy First Assistant Attorney General | */s/ Adam Arthur Biggs*<br>ADAM ARTHUR BIGGS<br>Special Litigation Counsel<br>Attorney-in-Charge<br>Texas Bar No. 24077727<br>Southern District No. 2964087<br>Adam.Biggs@oag.texas.gov |
| ERIC A. HUDSON<br>Special Counsel<br>Special Litigation Unit<br>Texas Bar No. 24059977<br>Southern District ID: 1000759<br>Eric.Hudson@oag.texas.gov<br>P.O. Box 12548, Capitol Station Austin, Texas 78711-2548<br>(512) 936-1414 \| FAX: (512) 936-0545 | MATTHEW BOHUSLAV<br>Texas Bar No. 1303218<br>Southern District ID: 1303218<br>Matthew.Bohuslav@oag.texas.gov<br>TODD A. DICKERSON<br>Texas Bar No. 24118368<br>*Admitted Pro Hac Vice*<br>Todd.Dickerson@oag.texas.gov<br>CAROLINE ALYSSA MERIDETH<br>Texas Bar No. 24091501<br>*Admitted Pro Hac Vice*<br>Caroline.Merideth@oag.texas.gov<br>DOMINIQUE G. STAFFORD<br>State Bar No. 24079382<br>Southern District ID: 3195055<br>Dominique.Stafford@oag.texas.gov<br>Assistant Attorneys General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2120 \| FAX: (512) 320-0667 |

**COUNSEL FOR STATE INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Houston Division, on July 2, 2020 to all parties of record.

*/s/ Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel