IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, et al._<br><br>Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, et al.<br><br>Defendants. | Case No. 4:19-cv-00226<br>(Class Action)<br>The Honorable Lee H. Rosenthal<br>U.S. District Judge |

**PARTIALLY-OPPOSED MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

## I. Introduction

As this Court is well-aware, the rapid spread of COVID-19 has threatened the health and lives of the people confined in the Harris County Jail, the people who work in the jail, their families, and indirectly the entire Houston community. In response to this new exigency and to the inability of the parties to resolve the case during the lengthy stay, Plaintiffs moved for emergency relief on March 27 and again on April 7. The Court acknowledged the dire situation but denied relief on April 14, without making findings on the merits of Plaintiffs' claims. Docs. 32, 53, 122.

In the ensuing three months, the Court has worked regularly with the parties and interested non-parties to facilitate voluntary actions to address the problem of detaining thousands of people in jail solely because they are unable to pay a secured financial condition of release. The Court has urged, but not required, that jail detainees receive individualized bail hearings so they do not remain trapped in the jail, a known epicenter of the nationwide COVID-19 crisis, without a determination that such detention is necessary to serve a compelling government interest. Though the virus has surged in Houston and in the jail, meaningful progress toward addressing the problem through voluntary efforts has been slow at some times and non-existent at others. Despite the

1

Court's good intentions, one thing has not changed since Plaintiffs filed their initial request for emergency relief on March 27: thousands of people detained pretrial, and thus cloaked in a presumption of innocence, are languishing in the Harris County Jail because they do not have money; if they had enough money to pay the bail amounts that have been set for them, they would (like wealthy detainees) be free to walk out of the jail without any complaint by the State of Texas, the District Attorney, the district court judges, or any other party or stakeholder.

In the hope that it would allow Plaintiffs to develop a factual record more quickly so that this Court can address the merits of their claims, Plaintiffs with the Court's consent added the Harris County District Court Judges ("felony judges") as Defendants on June 26, 2020. Doc. 195-1.[1] On June 29, 2020, the Sheriff filed a cross-claim against the felony judges, seeking a declaration of his rights and obligations under the U.S. Constitution in light of the felony judges' policies and practices regarding money bail. Doc. 197.

Having agreed to waive service, the felony judges are not required to answer or respond to Plaintiffs' Second Amended Complaint until August 28, many weeks from now. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). In the meantime, Plaintiffs will continue to suffer pretrial detention through policies and practices that many of the Defendants in the case—the County, the Sheriff, and at least two of the felony judges—have acknowledged raise serious constitutional concerns.[2] And they remain jailed under these likely-unconstitutional policies and practices at a time when

---

[1] Prior to Plaintiffs' amendment, two felony judges—Judge Chuck Silverman and Judge Brian E. Warren—moved to intervene. Docs. 181, 192.

[2] As Harris County's recently-filed Answer explains, "detaining somebody based upon their wealth is barbaric, unjust and defies the basic liberties guaranteed to us as a society." Doc. 209 at 2.

COVID-19 cases are surging at the jail, and hospitals in the Houston region are overwhelmed.[3] Not having money to pay bail should not be a pretrial death sentence.

As indicated at the hearing on July 6, Plaintiffs seek the Court's permission to take some very limited discovery from the defendant felony judges, for good cause, before the judges' answer date, in order to develop the accurate factual record that this Court has acknowledged is critical. This includes establishing a record of the judges' policymaking and practices with respect to post-arrest detention. Plaintiffs attach to this motion their very limited and narrowly tailored proposed interrogatories (Ex. A) and their very limited and narrowly tailored proposed requests for production (Ex. B). Most important, Plaintiffs seek leave to take a total of 7 depositions of judges: both of the Intervenor Judges—Judges Silverman and Warren—and five of the remaining 21 felony judges.

The County, the Sheriff, and the two Intervenor Judges themselves do not oppose this motion. The Attorney General, in his multiple and likely-conflicting capacities in this case on behalf of the State, the Governor, and 21 of the felony judges, opposes even limited discovery.

## II. Legal Standard

Generally, "[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Refining and Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). Within

---

[3] Samantha Ketterer, "With 'rocky weeks' ahead, Houston hospitals brace for more COVID-19 patients," HOUSTON CHRON. (July 4, 2020), https://www.houstonchronicle.com/news/houston-texas/houston/article/hospitals-coronavirus-surge-tmc-cases-icu-capacity-15386006.php; Rebecca Hennes, "Harris County raises COVID-19 threat to most critical level, residents encouraged to stay home," HOUSTON CHRON. (June 26, 2020), https://www.chron.com/houston/article/Harris-County-moves-to-level-1-COVID-19-threat-15368756.php.

this broad discretion, a court has the ability to control the timing of discovery under Rule 26(d)(1), which empowers the court to permit discovery of a party on an expedited basis. *E.g. Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 530 (E.D.N.C. 2005). Rules 30(a), 33(b), and 34(b) also authorize the court to adjust the timing requirements imposed under Rule 26(d) and to expedite the time for responding to discovery requests. *Id.*

Though the federal rules do not set a standard for granting leave to modify the timing to take discovery, district courts within the Fifth Circuit generally agree that leave may be granted for "good cause." *St. Louis Grp., Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011) (collecting cases); *see also* 8A WRIGHT & MILLER, FED. PRAC. & PROC. § 2046.1 (3d ed. 2020) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order . . . ."). "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." *St. Louis Grp.*, 275 F.R.D. at 239 (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (emphasis in original)). It is therefore "akin to a broader and more flexible totality of the circumstances analysis." *Id.*; *see also Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.P.A. v. Helio Import/Export*, 601 F. Supp. 1, 2 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.").

Courts will frequently consider the following factors in making a good cause determination: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request

4

was made." *St. Louis Grp.*, 275 F.R.D. at 239 n.4 (quoting *Sunflower Elec. Power Corp. v. Sebelius*, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009)); *Benavides v. Gartland*, 2020 WL 2561777, at *2 (S.D. Ga. May 20, 2020) (same); *Am. LegalNet Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (same).

### III. Argument

The need for limited, expedited discovery is clear: unconstitutional pretrial detention is a serious irreparable harm by itself, *ODonnell v. Harris Cty., Tex.*, 251 F. Supp. 3d 1052, 1157-58 (S.D. Tex. 2017), and here the additional risks from the COVID-19 pandemic makes pre-trial detention a matter of life and death for the thousands of people detained pre-trial in the Harris County Jail solely because of their inability to pay secured financial conditions of release. This includes two of Plaintiffs' class representatives—Christopher Clack and Maurice Wilson—who have been detained for approximately six months and five months, respectively. The process of figuring out what policies, practices, and procedures are applied to Plaintiffs and class members in the felony bail system is frustrated by a series of inconsistent, contradictory, and *informal* weekly reports by various stakeholders, which sometimes raise more questions than they answer. Plaintiffs should be allowed to take targeted discovery of the felony judges in order to build a formal, accurate record that will allow for prompt disposition of their claims (and the Sheriff's claims) by this Court.

Toward that end, Plaintiffs' expedited discovery requests are very narrowly tailored. Plaintiffs only seek leave for:

- One set of interrogatories, consisting of only four questions (with no subparts) focused on whether and when each of the felony judges is conducting formal, on-the-record, adversarial, evidentiary bail hearings (Ex. A);
- One set of requests for production, limited to only four requests for records, communications, and statements concerning the felony judges' bail-setting practices (Ex. B);

- Depositions of the Intervenor Judges—Judge Silverman and Judge Warren;
- Five depositions of Plaintiffs' choosing from among the 21 other felony judges.

The limited scope of these requests will minimize the burden on the felony judges, who are uniquely positioned to provide certain critical factual information about Plaintiffs' claims. The Sheriff has done an admirable job attempting to provide some of this information, but the reality is that it is the felony judges who possess certain critical information about their own policies and practices. The targeted nature of the proposed discovery ensures that Plaintiffs can lay an initial foundation towards a resolution of their claims through pretrial motions. The information sought is directly relevant to Plaintiffs' claims, on which Plaintiffs have a substantial likelihood of success. *See ODonnell v. Harris Cty., Tex.*, 251 F. Supp. 3d 1052 (S.D. Tex. 2017), *aff'd in part, rev'd in part* 892 F.3d 147 (5th Cir. 2018).

Compared to grants of expedited discovery by other courts, the scope of Plaintiffs' requests here is extremely reasonable. *See, e.g.*, *Intel Corp. v. Rais*, 2019 WL 164958, at *7-*8 (W.D. Tex. Jan. 10, 2019) (denying TRO and granting a set of 4 requests for production, 3 interrogatories, and a deposition); *Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450*, 2013 WL 2147515, at *3-*5 (S.D. Tex. May 10, 2013) (authorizing a "small number of depositions" to be taken on an expedited basis to advance declaratory judgment claim); *PSS World Med. Inc. v. Fairchild*, 2011 WL 13217506, at *2 (E.D. Tex. Feb. 3, 2011) (authorizing 6 interrogatories, 23 requests for production, and 2 depositions, including of a Rule 30(b)(6) representative, to be taken in a two-week period); *see also Benavides*, 2020 WL 2561777, at *4-*5 (authorizing interrogatories, requests for production and deposition tailored in scope and time to outbreak of COVID-19 in ICE facility); *Doe v. Johnson*, 2015 WL 5086291, at *1 (D. Ariz. Aug. 14, 2015) (granting document production and access to four Customs and Border Protection facilities for physical inspection and documentation in order to allow plaintiffs to prepare a motion for

preliminary injunction); *Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, 2012 WL 1478734, at *4-*5 (E.D.N.C. Apr. 27, 2012) (denying TRO and granting expedited discovery to include 5 depositions, 20 document requests, and 10 interrogatories); *El Pollo Regio IP, LLC v. Three Sisters Longview, LLC*, 2017 WL 11500528, at *1 (N.D. Tex. Oct. 25, 2017) (denying TRO and ordering parties to confer on an expedited discovery schedule, or else file a motion for expedited discovery).

As this Court recognized during its July 6 conference, Plaintiffs already are able to proceed with discovery as to the other defendants—the Sheriff and Harris County. And although the Attorney General mentioned an unspecified "immunity" defense during a recent status conference, no form of individual immunity applies to claims for prospective relief against government officials. *See Odonnell v. Harris Cty., Tex.*, 227 F. Supp. 3d 706, 758 (S.D. Tex. 2016), *aff'd in part, rev'd in part on other grounds* 892 F.3d 147, 155-56 (5th Cir. 2018). The Answer date has little relevance, since Plaintiffs could have pursued identical discovery and depositions against the judges as non-parties to the case.

In contrast to the minimal burden on the judges of responding to such discovery, the ongoing harm to the Plaintiff class as they continue to be housed in conditions placing them at high risk for exposure to COVID-19 presents a unique and urgent justification for permitting Plaintiffs to take this very limited discovery at this stage.

As noted, the Sheriff, through his cross-claim, has sought a declaratory judgment against the felony judges, further underscoring the need for clarity about the bail-setting practices in the district courts as the Sheriff continues to deal with overwhelming medical demands and works to contain a surging infectious disease in the jail. Doc. 197 at 3. The Sheriff is placed in the urgent but difficult situation of enforcing felony bail practices whose constitutionality he questions at a time when those same orders are endangering his staff and the human beings for whom he is

charged by law to care for in his custody, several of whom have already died from COVID-19. Counsel for the Sheriff will be able to participate at the depositions to build the record this Court will need to address his cross-claim for declaratory relief. This Court has broad discretion to permit this limited expedited discovery and it should do so here.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs leave to take the limited discovery outlined above.

Date: July 10, 2020

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

**CERTIFICATE OF CONFERENCE**

During the Court's July 6, 2020 conference, counsel for the non-intervenor felony judges stated their opposition to Plaintiffs' request to take limited discovery. On July 9 & 10, 2020, counsel for Plaintiffs conferred with counsel for the Sheriff, Harris County, the Intervenor Judges, and the State-Intervenors, regarding their respective positions on this motion. The State-Intervenors are opposed. The remaining parties are unopposed.

*/s/ Neal Manne*
Neal Manne

## **CERTIFICATE OF SERVICE**

      I certify that on July 10, 2020 a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

                                              */s/ Neal Manne*
                                              Neal Manne