IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, et al.<br><br>   On behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, et al.<br><br>        Defendants. | Case No. 4:19-cv-00226<br>(Class Action) |

**PLAINTIFFS' INTERROGATORIES
TO DEFENDANTS HARRIS COUNTY DISTRICT COURT JUDGES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendants Harris County District Court Judges ("Felony Judges") answer the following interrogatories in writing under oath within thirty (30) days of the date of service.

**INSTRUCTIONS**

1. The provisions of Fed. R. Civ. P. 26 and 33 and Local Rule 33 are incorporated by reference herein.

2. If any Interrogatory cannot be complied within in full, it should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

3. These Interrogatories shall be interpreted to be inclusive rather than exclusive.

4. You must respond separately to each Interrogatory. These Interrogatories should be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

5. In the event that a Defendant Felony Judge contends that any of these Interrogatories are objectionable, in whole or in part, the Defendant Felony Judge shall state with particularity each such objection and the basis therefore, and shall respond to the remainder of the Interrogatory to the extent that the Defendant Felony Judge is not objecting to it.

6. In the event that You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that You assert make such Interrogatory vague and/or ambiguous.

7. If objection is made to disclosing any information responsive to these Interrogatories on the basis of any claim of privilege, provide a statement setting for the information required by Fed. R. Civ. P. 26(b)(5)(A) and the Local Rules.

8. The use of the singular form of any word includes the plural and vice versa.

9. In accordance with Fed. R. Civ. P. 26, these Interrogatories are continuing in nature and require the Defendant Felony Judges to serve supplemental or amended responses in a timely manner in the event that the Defendant Felony Judges obtain or discover additional information after responding to the Interrogatories.

10. In answering these interrogatories, You shall furnish all Information, however obtained, including hearsay, which is available to You, and Information known by or in possession of You, Your agents, and Your attorneys, or appearing in Your records. If You cannot answer an Interrogatory in full after exercising due diligence to secure the Information needed to do so, You shall state an answer to the extent possible, specifying Your ability to answer the

remainder, and stating whatever Information or knowledge You have concerning the unanswered portion.

11. Unless otherwise specified in these Interrogatories, all Interrogatories should be construed to cover the period January 1, 2019 through the present.

## DEFINITIONS

12. "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

13. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

14. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

15. "Bail" means any condition of pretrial release (including a personal bond)

16. "Bail hearing" means any proceeding at which conditions of release are determined.

17. "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

18. "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online

discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

19. "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

20. "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

21. "Include" or "including" denotes a portion of a larger whole and is used without limitation.

22. "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

23. "You," "your," and "yours" means the Defendant Harris Country Criminal Law Judge, and any or all of his or her officers, employees, representatives, or agents.

## INTERROGATORIES

**Interrogatory No. 1**:

For each Felony Judge, provide the case number and the date of each formal, on-the-record, adversarial, evidentiary bail hearings that s/he presided over from January 1, 2020 to the present.

**Interrogatory No. 2:**

For each Felony Judge, please identify whether s/he makes a factual finding on the record as to a defendant's ability to pay the required amount before requiring secured money bail as a condition of release.

**Interrogatory No. 3:**

For each Felony Judge, where s/he makes a bail decision that will result in continued detention (either due to inability to pay or because it is a transparent order of pretrial detention), does s/he make substantive findings on the record about whether pretrial detention is necessary because no other less restrictive alternative is available to serve a compelling government interest?

**Interrogatory No. 4:**

For each Felony Judge, what evidentiary standard does s/he apply to make the finding that pretrial detention is necessary for a defendant where pretrial detention will result from the defendant's inability to pay the amount of the required secured money bail?

Respectfully submitted,

*s/ Neal S. Manne*
Neal S. Manne
State Bar No.: 12937980
Lexie G. White
State Bar No.: 24048876
Joseph S. Grinstein
State Bar No.: 24002188
**SUSMAN GODFREY L.L.P.**

1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
nmanne@susmangodfrey.com
lwhite@susmangodfrey.com
jgrinstein@susmangodfrey.com

Michael Gervais (*Pro Hac Vice*)
**SUSMAN GODFREY L.L.P.**
CA Bar No. 330731
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90046
Phone: (310) 789-3100
mgervais@susmangodfrey.com

Alec Karakatsanis (*Pro Hac Vice*)
D.C. Bar No. 999294
Elizabeth Rossi (*Pro Hac Vice*)
D.C. Bar No. 1500502
**CIVIL RIGHTS CORPS**
910 17th Street NW, Suite 200
Washington, DC 20006
Phone: (202) 599-0953
Fax: (202) 609-8030
alec@civilrightscorps.org
elizabeth@civilrightscorps.org

Mimi Marziani (*Pro Hac Vice*)
State Bar No. 24091906
Liyah Brown (*Pro Hac Vice*)
D.C. Bar. No. 500149
Peter Steffensen
State Bar No. 24106464
**TEXAS CIVIL RIGHTS PROJECT**
2202 Alabama Street
Houston, TX 77004
liya@texascivilrightsproject
mimi@texascivirightsproject.org
peter@texascivilrightsproject.org

*Attorneys for Plaintiffs and the Putative Class*