UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 4:19-cv-00226 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| *Defendants.* | § | |

## STATE INTERVENORS' RESPONSE TO PLAINTIFFS' PARTIALLY-OPPOSED MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY

Plaintiffs' request for pre-answer discovery from the District Court Judges due to COVID-19 should be rejected for three reasons.

First, Plaintiffs' counsel proposed and agreed to the current discovery schedule a little over a month ago with full knowledge of COVID-19.[1] Plaintiffs now want to reverse their position because they have found some seemingly friendly Defendants they'd like to engage with discovery. Instead of giving the District Court Judges time to respond to the Second Amended Complaint and raise their defenses, Plaintiffs want to rush them into discovery.

But the federal rules do not provide for expedited discovery, and courts routinely require movants to demonstrate "good cause" to pursue discovery that must be shown to be "narrowly tailored in scope to seek only *necessary information*."[2] That

---

[1] *See* ECF No. 53 (requesting a temporary restraining order on April 1, 2020 purportedly because of COVID-19).

[2] *See Crutchfield* v. *City of New Orleans,* No. 17-08562, 2017 WL 4812408, at *2 (E.D. La. Oct. 25, 2017) (emphasis added).

burden is particularly high when—as here—there are pending dispositive motions.[3] The Plaintiffs failed to meet their burden here.

The *Crutchfield* case is instructive. Explaining that expedited discovery is "not the norm," a New Orleans federal district court recently denied a request for expedited discovery after noting that the movant failed to explain why good cause existed for expedited discovery considering the non-movant had a pending motion to dismiss the court needed to resolve.[4] The same is true here, but it is compounded by the fact that Plaintiffs have already proposed and agreed to a *lengthy* discovery schedule and sat on this case for more than a year before taking any action to press their case.

Plaintiffs do not have any reason why good cause exists to speed up discovery currently set to end *next year* while the Court is still evaluating the pending motion to dismiss and before the District Court Judges even get a chance to respond to the Second Amended Complaint.

What's more, the Plaintiffs ignore that *they* waited months to add the District Court Judges as defendants, despite this Court previously inquiring about why the Judges were not sued. If Plaintiffs had done their jobs to add the Judges in March, April, May, or early June there would be no need for this pre-answer discovery fight. There is nothing reasonable about Plaintiffs' dilatory actions. And Plaintiffs' poor

---

[3] *Id*. (denying request for expedited discovery because the movant failed to identify good cause for the request considering the pending motion to dismiss); *see also Centex Homes* v. *Arias & Assocs., Inc.*, No. SA-12-CA-53-OG, 2012 WL 12886439, at *11 (W.D. Tex. May 8, 2012) (same).
[4] *Crutchfield,* 2017 WL 4812408, at *2.

planning does not create an emergency on the parts of the rest of the parties or this Court.

Nor did the Plaintiffs narrowly tailor their request to *necessary information.*[5] Despite invoking limiting language, the Plaintiffs seek seven depositions, interrogatories, and documents (some of which predate the lawsuit by two years). The only apparent narrowing in the request arises from Plaintiffs' decision to limit the discovery to apparently friendly Defendants, and even if the Court considered that narrowly tailored, Plaintiffs failed to explain why the information they seek is *necessary* at this very moment.

Because Plaintiffs failed to meet their burden of demonstrating "good cause" to pursue narrowly tailored discovery aimed at necessary information, this Court should reject Plaintiffs' request and, instead, allow the District Court Judges time to respond to the Complaint.

Second, Plaintiffs assert Fourteenth Amendment claims against Harris County's bail system on the grounds that use of cash bail implicates an alleged fundamental right warranting a strict-scrutiny-level analysis.[6] None of these claims have anything to do with COVID-19. This is highlighted by the fact that their claims have not substantively changed since this lawsuit was first filed on January 21, 2019.[7] Plaintiffs have tacked-on a putative challenge to GA-13 since then, but that

---

[5] *Id.* at *2.

[6] Plaintiffs' discovery requests relate to their substantive due process claim (findings based on clear and convincing evidence before cash bail can be used). Yet, as explained in the Motion to Dismiss, such a claim is barred by Fifth Circuit precedent. If this claim is foreclosed, why then would this discovery be necessary at all?

[7] *Compare* ECF No. 1, *with* ECF No. 195-1.

challenge is not an independent claim. Rather, Plaintiffs ask this Court to enjoin GA-13 only to the extent the order requires something less than strict scrutiny for cash bail determinations.[8] Plaintiffs cannot use COVID-19 to justify their post hoc decision for expedited discovery as their claims do not meaningfully revolve around any COVID-19-related issues.

Finally, Plaintiffs already requested a temporary restraining order due to COVID-19. That request was denied just over two weeks after it was made.[9] Plaintiffs' counsel then waited months, doing effectively nothing to move this case forward discovery-wise. In the interim, they pushed the completion of discovery out until early 2021. This again shows that Plaintiffs' instant discovery request is simply tactical—an attempt to obtain some quick discovery from favorable Judges all to jam the State Intervenors and the resisting District Court Judges with a motion for preliminary injunction based on the collusively-obtained deposition testimony. Plaintiffs' counsel's tactical choices are not "good cause" warranting expedited discovery.[10]

Thus, the Court should deny Plaintiffs' newfound need for expedited discovery. At the least, if Plaintiffs' motion is granted, the State Intervenors surmise from the

---

[8] *See, e.g.*, ECF No. 195-1, pg. 50 (seeking an injunction prohibiting the enforcement of GA-13, but only to the extent it "results in the pretrial detention of individuals against whom there has been no substantive finding that pretrial detention is necessary following a hearing with sufficient procedural safeguards to ensure the accuracy of that finding").

[9] *See* ECF No. 122.

[10] Plaintiffs' requested pre-answer discovery is also prohibited because the District Court Judges, the subjects of the discovery, have sovereign immunity. This confers immunity from suit, which includes "avoiding the costs and general consequences" of subjecting the State District Court Judges to the "risks of discovery and trial." *Puerto Rico Aqueduct & Sewer Auth.* v. *Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993). This Court will be depriving the District Court Judges of the benefit of their immunity if this case is allowed to proceed beyond motions practice as Plaintiffs now seek. *Id*.

posture of this case and the friendly defendants targeted by Plaintiffs' requests that they will also need to be granted the right to take expedited discovery so that they can adequately respond to any motion for preliminary injunctive relief contemplated by Plaintiffs. Allowing only one party to take discovery from the District Court Judges to the detriment of all others would violate due process and the fundamental notions of fairness inherent in our judicial system.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ERIC A. HUDSON
Special Counsel
Special Litigation Unit
Texas Bar No. 24059977
Southern District ID: 1000759
Eric.Hudson@oag.texas.gov
P.O. Box 12548, Capitol Station Austin,
Texas 78711-2548
(512) 936-1414 | FAX: (512) 936-0545

DARREN L. MCCARTY
Deputy Attorney General for Civil
Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel
Attorney-in-Charge
Texas Bar No. 24077727
Southern District No. 2964087
Adam.Biggs@oag.texas.gov

MATTHEW BOHUSLAV
Texas Bar No. 1303218
Southern District ID: 1303218
Matthew.Bohuslav@oag.texas.gov
TODD A. DICKERSON
Texas Bar No. 24118368
*Admitted Pro Hac Vice*
Todd.Dickerson@oag.texas.gov
CAROLINE ALYSSA MERIDETH
Texas Bar No. 24091501
*Admitted Pro Hac Vice*
Caroline.Merideth@oag.texas.gov
DOMINIQUE G. STAFFORD
State Bar No. 24079382
Southern District ID: 3195055
Dominique.Stafford@oag.texas.gov
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

COUNSEL FOR THE STATE INTERVENORS

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Houston Division, on July 17, 2020 to all parties of record.

*/s/Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel