IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL. §<br>   On behalf of themselves and all §<br>   Others similarly situated, §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>HARRIS COUNTY, TEXAS, ET AL., §<br>§<br>*Defendants*. § | CIVIL ACTION NO. 4:19-CV-00226 |

### Response to Plaintiff's Motion for Leave to Conduct Discovery [Dkt. No. 211]

    Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Danilo Lacayo, Jason Luong, Amy Martin, Jess McClure, III, Chris Morton, Herb Ritchie, Brock Thomas, Hillary Unger, George Powell, Randy Roll and Lori Gray ("District Judges"), by and through the Office of the Texas Attorney General, hereby file their response to Plaintiffs' motion to take "limited" discovery.[1] Dkt. No. 211.

### Introduction

    Although originally filed back in January 2019, Plaintiffs' suit against the District Judges is only weeks old. Despite having made no request to do so for the past 18 months, Plaintiffs now demand expedited discovery from the District Judges claiming an urgency created by a pandemic

---

[1] The District Judges understood this Court's order for a response to Plaintiffs' motion to seek only their basis for their opposition to being required to submit to pre-answer discovery, rather than seeking request or interrogatory-specific objections. The District Judges reserve the right to submit objections to the requests and interrogatories, if any, that this Court orders District Judges to respond to.

that started back in March 2020. Dkt. No. 211. There is no legitimate basis to grant expedited discovery in this case prior to the District Judges being allowed the opportunity to present valid and dispositive defenses. To do so would only serve to deplete necessary resources in Harris County's criminal justice system as well as deprive the District Judges of the very protections the Eleventh Amendment is meant to afford them. Where this request for expedited discovery is born solely out of a strategic attempt to badger the District Judges into choosing between forfeiting their judicial discretion over their courtrooms or being placed in a detrimental position while defending against this suit, good cause does not exist to grant Plaintiffs' motion. The parties should be ordered to engage in discovery during the appropriate time dictated by the Federal Rules.

### ARGUMENT

"Expedited discovery is not the norm." *St. Louis Group, Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Indeed, according to the Federal Rules, the general rule for the commencement of discovery is "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).

Courts only allow expedited discovery so long as it is narrowed in scope, and the moving party establishes good cause. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex. 2004). The burden of establishing good cause is generally only met where the moving party shows irreparable harm that can be addressed by limited, expedited discovery or that a failure to grant expedited discovery would substantially impact the case from progressing on the court's docket. *St. Louis Group, Inc.*, 275 F.R.D. at 240-41.

Plaintiffs' Motion entirely fails to demonstrate good cause exists to divert from the Federal Rules' preference that discovery occur after the parties have conferred pursuant to Rule 26(f). Plaintiffs' discovery requests are aimed at a substantial due process clause claim that is unsustainable in this case. Plaintiffs identify no legitimate harm they will suffer without expedited discovery and, in contrast, the District Judges will be effectively denied the protections afforded by the Eleventh Amendment if they are required to engage in discovery prior to a ruling on their immunity from suit. Where the District Judges' defenses have not been ruled upon, in addition to other pending dispositive motions and a motion for class certification by Plaintiffs, expedited discovery serves no purpose other than to serve Plaintiffs' personal strategic needs and unnecessarily expend critical resources. For these reasons, as they are further discussed below, this Court should deny Plaintiffs' Motion.

### I. Plaintiffs' Proposed Discovery is Aimed at Obtaining Information to Support a Meritless Substantive Due Process Claim.

After allowing this case to lie dormant for over a year, Plaintiffs now demand premature discovery to support their allegations in their Second Amendment Complaint ("SAC"). *See* Dkt. No. 211. The SAC, however, does not suggest, in any way, that Plaintiffs or the class they propose have received anything less than the bail process required by *ODonnell v. Harris County*, 892 F.3d 147, 163 (5th Cir. 2018) ("*ODonnell I*"). *See* Dkt. No. 195-1. Instead, Plaintiffs' SAC asserts that ordering any amount of cash bail that an arrestee cannot afford, even after *ODonnell*'s required individualized assessment, amounts to a substantive due process violation that triggers strict scrutiny review. *See id.*

Plaintiffs' discovery requests seek information concerning only their substantive due process claim. In their interrogatories, Plaintiffs' first interrogatory demands evidence of "formal, on-the-record, adversarial, evidentiary bail hearings." Dkt. No. 211-1 at 5 (ROG No. 1).

This is not required by *ODonnell*. *See ODonnell I*, 892 F.3d at 163; *see also ODonnell v. Goodhart*, 900 F.3d 220, 223 (5th Cir. 2018) ("*ODonnell II*").

Plaintiffs' second interrogatory demands evidence of the District Judges making "factual finding[s] on the record as to a defendant's ability to pay the required amount before requiring secured money bail as a condition of release." Dkt. No. 211-1 at 5 (ROG No. 2).

This is not required by *ODonnell*. *See ODonnell I*, 892 F.3d at 165.

Plaintiffs' third interrogatory demands evidence of the District Judges making "substantive findings on the record about whether pretrial detention is necessary because no other less restrictive alternative is available to serve a compelling government interest." Dkt. No. 211-1 at 5 (ROG No. 3).

This is not required by *ODonnell*. *See ODonnell I*, 892 F.3d at 164-65.

Plaintiffs' fourth interrogatory demands evidence of the "evidentiary standard [the District Judges] apply to make the finding that pretrial detention is necessary for a defendant." Dkt. No. 211-1 at 5 (ROG No. 4).

This, too, is not required by *ODonnell*. *See ODonnell I*, 892 F.3d at 164-65.

Plaintiffs' requests for production mirror their asks in their interrogatories by broadly seeking years-old documents related to bail determinations and the ability to pay bail. Dkt. No. 215-1. Although Plaintiffs do not offer what topics they need deposition testimony of from the District

Judges, it is logical to assume they will track with a substantive due process claim, as Plaintiffs have not asserted the District Judges are failing to follow *ODonnell* procedures. Dkt. No. 211-3.

Thus, the evidence Plaintiffs are seeking are for a claim that this Court has already recognized is meritless. *See Russell v. Harris Cty., Texas*, --- F. Supp. 3d. ---, 2020 WL 1866835, at *10 (S.D. Tex. Apr. 14, 2020) (quoting *ODonnell I*, 892 F.3d at 163; *ODonnell II*, 900 F.3d at 225). (explaining *ODonnell* "clarified that there is no 'fundamental substantive due process right to be free from any form of wealth-based detention.'"). Plaintiffs' burden to show good cause for expedited discovery cannot be met by attempting to gain discovery "necessary" to a claim that the Fifth Circuit has explicitly foreclosed.

## II. The District Judges are Entitled to the Protections Provided by the Eleventh Amendment.

The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, **discovery should not be allowed**." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted). This is because "[t]he very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*quoting In re Ayers*, 123 U.S. 443, 505 (1887)); *see also Carty v. Rodriguez*, 211 Fed. App'x 292, 293 (5th Cir. 2006) (quoting *Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993) (stating immunity "is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."). Thus, when immunities are raised by a defendant, no discovery is permissible unless and until the court *first* determines discovery is necessary to resolve the question of immunity. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Patel v. Texas Tech Univ.*, 727 Fed.

App'x 94 (5th Cir. 2018) (mem. op.) (vacating and remanding denial of a stay pending an immunity ruling where the district court failed to follow the Fifth Circuit's Rule 7(a) reply procedure).

Here, the District Judges are entitled to Eleventh Amendment immunity from suit. Although this suit against them is so premature they have not yet had the opportunity to raise the defense in a responsive pleading, it is asserted now, will be briefed at the appropriate time, and should prohibit discovery at this time. Plaintiffs have failed to state facts in their SAC that the *Ex Parte Young* exception applies to their suit, so they cannot overcome Eleventh Amendment immunity. In order to qualify under *Ex parte Young*, a plaintiff must seek prospective relief against an individual governmental official in their official capacity to end a continuing violation of federal law. 209 U.S. 123 (1908). Plaintiffs are no longer incarcerated in Harris County Jail. Therefore, it is impossible they are suffering any ongoing violation of federal law as a result of the bail procedures the district judges are following. Even if Plaintiffs were subjected to an ongoing injury, there is no violation of federal law alleged. As explained above, Plaintiffs' SAC does not claim violations of *ODonnell* but, instead, alleges only that their substantive due process rights have been violated. As this is not a "colorable constitutional claim" as *Ex Parte Young* requires, the District Judges are entitled to Eleventh Amendment immunity. *See, e.g., Hall v. Tex. Comm'n on Law Enf't.*, 685 F. App'x 337, 341 (5th Cir. 2017) (per curiam).

The District Judges should be permitted to raise and brief their entitlement to Eleventh Amendment immunity, and receive a ruling on their defense, prior to engaging in discovery. To rule otherwise would be to deprive the District Judges of the very protections an assertion of Eleventh Amendment immunity is meant to provide.

### III. THE EXISTENCE OF COVID-19 DOES NOT PROVIDE A BASIS FOR EXPEDITED DISCOVERY.

Plaintiffs' sole basis for why immediate, pre-answer discovery is necessary appears to turn on the presence of Covid-19.[2] But Plaintiffs' suit, filed 14 months before the pandemic began, does not concern the spread of Covid-19.[3] And Plaintiffs are at no risk of harm of being exposed to Covid-19 within Harris County jail as they are not incarcerated. And Plaintiffs' reliance on the presence of Covid-19 to claim they need quicker resolution of the claims they have brought is not a basis for granting expedited discovery. *St. Louis Group, Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011) ("While [discovery] "sooner than later" may help in a "speedy" resolution, that reason alone does not constitute good cause.").

While Plaintiffs also rely on their proposed class members to assert a potential harm, this, too, should not suffice to expedite discovery. Plaintiffs claim that their proposed class members are being "housed in conditions placing them at high risk for exposure to COVID-19." Dkt. No. 211 at 7. Premature discovery is not justified, not only because there is no evidence of this claim, but also because there is no class certified in this case. It is entirely improper for this Court to consider potential harm to non-parties in considering Plaintiffs' request for expedited discovery. *Turner Indus. Group, LLC v. Int'l Union of Operating Engineers, Local 450*, CIV.A. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013) (requiring showing of irreparable harm to *the party* seeking expedited discovery). No discovery should issue on the basis of speculative harm to Harris County detainees who are not parties to this suit.

---

[2] Other than referring to the existence of Covid-19, Plaintiffs offer no other reasons why their proposed discovery is necessary immediately, as opposed to after the District Judges have had an opportunity to raise valid defenses.
[3] Plaintiffs make a putative challenge to the Governor's Executive order, GA-13. *See* ECF No. 195-1, pg. 50. However, it does not appear to be a separate cause of action, but rather, GA-13 only challenged to the extent it requires cash bail determinations be made with a standard lesser than strict scrutiny.

Moreover, Covid-19 has now been a reality in this country for nearly 6 months. At no time between the start of the pandemic and the July 6th hearing (at which Plaintiffs asked this Court to order pre-answer discovery against the District Judges) have Plaintiffs ever served discovery requests or deposition notices on any party. In fact, prior to bringing the District Judges into this suit, and a full three months into the Covid-19 pandemic, Plaintiffs sought, and received, a scheduling order that pushed the discovery deadline out to March 2021. Dkt. No. 155. And, according to Plaintiffs, they "could have pursued identical discovery and depositions against the judges as non-parties to the case" at any time in the past 6 months. Dkt. No. 211 at 7. Since Plaintiffs assertedly could have, and consciously chose not to, pursue discovery for the past 19 months, this Court should decline to find good cause based on Plaintiffs' prevaricatory claim that there is now a sudden urgency to do so.

Although Plaintiffs have not acted in an expedient fashion during the past 6 months of the Covid-19 pandemic, there have been multiple attempts by inmates to obtain release from prison or jail all over the country on the basis Covid-19's existence. Most courts across the state have not found Covid-19 a legitimate basis, on its own, to release inmates or detainees prematurely. *See generally United States v. Gonzalez*, 3:17-CR-568-L, 2020 WL 2615932, at *3 (N.D. Tex. May 22, 2020) (providing numerous cases in which pretrial release was not warranted simply by virtue of Covid-19); *Russell v. Harris County, Tex.*, CV H-19-226, 2020 WL 1866835, at *9 (S.D. Tex. Apr. 14, 2020) (same). If release from prison or jail itself is not warranted based on the existence of Covid-19, surely premature discovery, conducted by Plaintiffs that are not incarcerated, to gain advantage in a civil matter, would not be warranted.

Any claim that the need for expedited discovery exists due to a 6-month-old pandemic is baseless and contrary to what Plaintiffs' prior actions demonstrate. Plaintiffs' sudden need for discovery is much more the result of a tactical decision to use this Court's jurisdiction to pressure the District Judges into capitulating to a consent decree than of legitimate need. And a consent decree would not only deprive the District Judges of a legitimate course of litigation, but also destroy the judicial discretion Texas voters have imparted on them. Plaintiffs should not be permitted to use a very real pandemic that has had detrimental effects on the nation for the self-serving purpose of acquiring an unearned advantage in this suit.

IV. **EXPEDITED DISCOVERY NOT ONLY HARMS THE DISTRICT JUDGES' PROTECTIONS FROM SUIT BY VIRTUE OF THEIR IMMUNITY BUT ALSO DIVERTS RESOURCES AND FOCUS AWAY FROM THE VERY SYSTEM PLAINTIFFS CHALLENGE.**

In contrast to the lack of harm Plaintiffs will experience if discovery commences at the appropriate time, the District Judges, and the courtrooms they preside in, will suffer significant harm should discovery be allowed to proceed prematurely. First, as explained above, the District Judges have raised a viable immunity defense. Thus, the District Judges are entitled to refrain from pretrial matters, such as discovery, until a determination of that immunity is made. In addition to the District Judges' interest in immunity from suit, a case against the District Judges in their official capacities also implicates the public's interests. *Clinton v. Jones*, 520 U.S. 681, 693 (1997). The state actors' immunity "serves the public interest in enabling such officials to perform their designated functions effectively without fear that a particular decision may give rise to personal liability." *Id*. Thus, a determination of the District Judges' sovereign immunity defense, prior to allowing this case to continue, serves "societal interest in providing such public officials with the

maximum ability to deal fearlessly and impartially with the public at large." *Id.* (*quoting Ferri v. Ackerman*, 444 U.S. 193, 202 (1979)).

Second, both this Court and the parties have expressed the desire to prevent the spread of Covid-19 however possible, including by reviewing bail determinations and holding bail hearings expeditiously. Requiring the District Judges to divert their focus and resources to meeting with counsel to respond to discovery, preparing for depositions, sitting for depositions, searching for responsive documents and responding to interrogatories directly impedes this process. Plaintiffs should be denied the ability to use the threat of Covid-19 in multiple, contradictory ways to achieve personal litigation goals, particularly in a suit that involves only the constitutionality of bail determinations. Either Covid-19 is so threatening that it suffices as a basis for expedited litigation, and specifically discovery, or it is so threatening that the parties must focus their attentions on effectuating prompt bail determinations for the Harris County jail population. To require the District Judges to begin submitting to extensive discovery, especially where this suit may not proceed beyond dispositive motions, does not serve any goal of this Court or the parties to operate an effective and safe criminal court system in the midst of this pandemic.

V.     **DISCOVERY SHOULD BE CONDUCTED AFTER PENDING DISPOSITIVE MOTIONS AND PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS RULED UPON.**

The District Judges have not answered Plaintiffs' SAC yet, but intend to file defenses to Plaintiffs' claims no later than their August 28, 2020 deadline. The State Intervenors have filed a motion to dismiss. Dkt. No. 214. Rulings on the State Intervenor's dispositive motion as well as a dispositive motion by the District Judges could resolve this litigation or narrow it, depending on

how this Court rules. The same is true of Plaintiffs' motion for class certification: this Court's ruling on the class certification will dictate the scope of this case going forward. Dkt. Nos. 11, 141

Refraining from ordering discovery until after those rulings is reasonable to allow the Court to decide what this case will look like going forward, and for the parties to consider whether either an interlocutory or permissive appeal is appropriate or necessary. It will also prevent the parties from wasting time and resources litigating over issues that may become irrelevant or moot, depending on this Court's ruling and any subsequent appeals.

This basis for denial of Plaintiffs' Motion is not novel. *See, e.g.*, *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. Appx. 866, 870 (5th Cir. 2010) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)) (not allowing discovery to move forward while a dispositive motion was pending was not abuse of discretion where it would have been "'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits."); *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.) (refraining from ordering the parties to conduct discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense."); *see also Walker v. Alta Colleges, Inc.*, 2010 WL 2710769, *8-9 (W.D. Tex. 2010) (stating that discovery sought by moving party was irrelevant prior to determination of class certification motion because such "discovery does not go to the question of whether a class can be certified.").

Because the pending and forthcoming motions in this case will dictate whether or how this case will proceed, this Court should deny Plaintiffs' motion for expedited discovery.

## CONCLUSION

Good cause does not exist to order pre-answer discovery based on Plaintiffs' desire to support a meritless claim and coerce the District Judges into forfeiting their defenses in this case and their judicial discretion in their courtrooms. The District Judges respectfully request that this Court afford them the protections afforded by the Eleventh Amendment and deny Plaintiffs' Motion.

**Dated:** July 17, 2020.

                                  Respectfully submitted.

                                  **KEN PAXTON**
                                  Attorney General of Texas

                                  **JEFFREY C. MATEER**
                                  First Assistant Attorney General

                                  **RYAN L. BANGERT**
                                  Deputy First Assistant Attorney General

                                  **DARREN L. MCCARTY**
                                  Deputy Attorney General for Civil Litigation

                                  **SHANNA E. MOLINARE**
                                  Chief, Law Enforcement Defense Division

                                  */s/ Courtney Corbello*
                                  **COURTNEY CORBELLO**
                                  Assistant Attorney General
                                  Texas State Bar No. 24097533
                                  Southern Distr. No. 3089117
                                  *Courtney.Corbello@oag.texas.gov*

                                  **OFFICE OF THE ATTORNEY GENERAL**
                                  Law Enforcement Defense Division
                                  P.O. Box 12548, Capitol Station
                                  Austin, Texas 78711
                                  (512) 463-2080 / (512) 370-9410 (Fax)
                                  **ATTORNEYS FOR THE DISTRICT JUDGES**

**NOTICE OF ELECTRONIC FILING**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on July 17, 2020.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on July 17, 2020.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General