IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00226 |
| | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
| | ) U.S. District Judge |
| Defendants. | ) |
| | ) |

## [PROPOSED] AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of physical or mental health information, financial information, and drug and alcohol abuse records, IT IS HEREBY ORDERED:

1. This Order shall apply to all documents, tangible things, or other items, or portions thereof, and the information contained therein, which any person or entity designates as "Confidential Material" in the manner described below. "Confidential Material" as used herein means any type of information which is designated as confidential by the supplying party. The supplying party is permitted to designate as "Confidential Material" only items which it believes in good faith contains (a) physical health information, (b) mental health information, (c) financial information, (d) drug or alcohol abuse records, (e) social security numbers, (f) month and day of birth, (g) email addresses, (h) home addresses (except zipcode; also, a designation of "Homeless" is not confidential), (i) personal / cellular telephone numbers, (j) driver's license numbers, or (k) information made confidential by law. The Parties may confer and agree that other personal

1

    information must be deemed Confidential and redacted prior to filing. If the Parties reach agreement, no modification of this Order will be required.

    a. If a party wishes to designate other types of information "Confidential," it must attempt to reach agreement with the receiving parties. If no agreement can be reached, the producing party may designate the information "Confidential," and must move the Court within seven (7) days of production to designate the information "Confidential." Until the Court rules, the information will be treated as Confidential under this Protective Order. If the producing party does not move the Court to designate the information "Confidential" within seven days then the information will be deemed not Confidential and not subject to this Order.

2. The following information may not be designated "Confidential," absent specific approval by the Court, which must be sought with sufficient time to ensure timely production:

    a. Information that is in the public domain at the time it is requested or disclosed;

    b. Information that becomes part of the public domain through no fault of another party; or

    c. Information that is subject to production pursuant to Texas law, *e.g.*, the Public Information Act;

3. Any Party that designates documents or information "Confidential" must state with specificity, at the time of production, the portion of the document that is Confidential and whether it is Confidential because it includes (a) physical health information, (b) mental health information, (c) financial information, (d) drug or alcohol abuse records, (e) social security numbers, (f) month and day of birth, (g)

email addresses, (h) home addresses (except zipcode; also, a designation of "Homeless" is not confidential), (i) personal / cellular telephone numbers, (j) driver's license numbers and/or (k) information made confidential by law.

4. Documents or portions thereof may be designated "Confidential Material" by the producing person or entity by:

   a. Marking "CONFIDENTIAL" on the face of the documents and on each successive page containing confidential information and stating with specificity the portion of the document that is "Confidential" and the basis for the designation;

   b. Indicating to undersigned counsel of record, in writing and with as much specificity as is practicable, that a certain document or category of documents, or any portion thereof, shall be deemed Confidential Material, and stating with specificity the portion of the document that is "Confidential" and the basis for the designation; or

   c. Employing any other reasonable method agreed to by the parties, so long as that method includes stating with specificity the portion of the document that is "Confidential" and the basis for the designation.

5. For deposition testimony or exhibits to be entitled to protection under this Agreed Protective Order, a party may designate the testimony and exhibits disclosed at a deposition as "CONFIDENTIAL" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition, or within seven (7) days of receipt of the deposition transcript. During the transcription and following seven (7) day period after a deposition session, the transcript and exhibits must be treated as CONFIDENTIAL, unless the disclosing party consents to less confidential treatment of the information.

6. The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties in hearings or other settings that might reveal confidential information.

7. Where a party produces Confidential Material stored or recorded in electronic or magnetic media (including information, databases, or programs stored on computers, discs, networks, tapes, or cloud-based storage) ("Electronically Stored Data" or "ESI"), the producing party must label the material as Confidential Material. The producing party may do so in a cover letter that refers generally to Confidential Material, or by marking "CONFIDENTIAL" directly on the media that contains the Confidential Material. If a party that receives ESI designated as Confidential Material then reduces that material to hard-copy form for purposes of disclosure to anyone other than counsel of record and their respective employees and support personnel, that party must mark any hard-copy material according to the terms set forth in Paragraph 2.

8. Data:
   a. The only data that may be designated Confidential in this case, absent authorization from the Court or the consent of all parties, is data that is listed in Section 1(a)–(k). The Parties may confer and agree that other personal information should be deemed Confidential and redacted prior to filing. If the Parties reach such an agreement, the Parties should notify the Court and the information must be treated as Confidential pursuant to this Order. When producing information it believes in good faith should be designated "Confidential," the disclosing party may designate only the portion

4

      of the data—whether produced as a spreadsheet, PDF file, or in any other form—that includes such information as "Confidential." If the Confidential information is removed from the document, the document will no longer be considered Confidential under this Order.

  b. Notwithstanding any Confidential designation, all parties may use data containing Confidential information if the document is anonymized. A document will be considered sufficiently anonymized for public disclosure if Names, SPNs, and case numbers, are replaced with alpha-numeric indicators. Social security numbers, phone numbers, month and day of birth, and home address (except zipcode) must still be redacted. However, physical health information, mental health information, financial information, drug or alcohol abuse records, may be included in a document that does not contain the personal identifying information listed in this section, specifically: name, SPN, case number, social security number, phone number, month and date of birth, and home address (except zip code or "Homeless" notation). If a document is anonymized as such, it will no longer be considered "Confidential" and will not be subject to this Protective Order.

9. Confidential Material shall only be used for purposes of this lawsuit and for no other purpose whatsoever except as otherwise permitted by this Order or required by law, and may be disclosed only to the following persons:

  a. counsel for the parties and their respective employees and support personnel;

  b. parties to the lawsuit and their respective employees and support personnel;

  c. the Court and Court personnel;

    d. experts and consultants of the parties, and the employees of such experts and consultants, retained or consulted by counsel of record for any party for the sole purpose of assisting counsel in the lawsuit;

    e. employees of contracted or supportive copying, imaging, translation and computer services for the sole purpose of copying, imaging, translating or organizing documents;

    f. any person indicated on the face of a document or accompanying cover letter, email or other communication to be the author, addressee or a copy recipient of the document;

    g. witnesses or deponents; and

    h. other persons only by written consent of the parties or upon order of the Court and on such conditions as may be agreed or ordered.

10. Prior to disclosing "Confidential Information" to a receiving party's expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A.

11. Counsel is responsible for the adherence by experts, consultants, employees, and third-party vendors to the terms and conditions of this Agreed Protective Order.

12. The persons governed by this Order shall not disclose or otherwise use the Confidential Material or the information contained in the Confidential Material, except in connection with this lawsuit and pursuant to the terms set forth herein. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

13. All persons governed by this Order, by reviewing Confidential Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

14. Any nonparty from whom discovery is sought must be informed of, and may obtain the protection of, this Order. The party seeking discovery must give a copy of this Order to non-parties from whom discovery is sought. The nonparty may invoke the terms of this Order by so advising the parties to the lawsuit in writing or by asserting such protections on the record during any deposition or similar proceeding. Any such nonparty shall have standing to appear in the lawsuit in order to file motions and oppose motions, as necessary, to protect such nonparty's rights in its information.

15. A party may designate as Confidential Material any information contained in documents that are in the possession of a nonparty, from whom discovery is sought, if that party believes, in good faith, that the documents contain the party's confidential information. Disputes over the designation of third party material as confidential shall be made in accordance with the process as outlined in paragraph 17.

16. If any party disputes the designation of any document as Confidential Material, the parties must attempt to resolve by agreement the question whether or on what terms the document is entitled to confidential treatment. If the parties are unable to agree as to whether the document is properly designated as Confidential Material, counsel for the party objecting to the designation of confidential may file an appropriate

      motion with the Court, seeking an order stating that the disputed designation is improper. The burden rests upon the person or entity seeking confidentiality to demonstrate that such designation is proper. Until a final resolution of the dispute is achieved either through consent or court order, all parties shall treat the designated documents as Confidential Material.

17. Nothing in this Order shall prevent any person or entity from using or disclosing its own documents or information.

18. A person's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence.

19. This Order shall survive the termination of the lawsuit, and except as otherwise provided herein:

   a. Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information," and to certify to the producing party that this destruction or return has been done. Notwithstanding the above provisions, counsel of record shall be permitted to keep one copy of all filings, transcripts, exhibits, and attorney-generated documents referring to Confidential Material for archival purposes, provided that such documents are viewed only by the attorneys and their employees, and not by the parties themselves or any other

individual, and treated as Confidential in accordance with this Order for the duration of the possession of such material.

20. Any person in possession of Confidential Material who receives a subpoena (or other process) from any person or entity that is not a party to this Order seeking production or other disclosure of such Confidential Material shall promptly give notice by email to counsel for the person or entity who produced and/or designated the materials as Confidential identifying the materials sought and attaching a copy of the subpoena (or other process).  Such email notice shall be given at least ten (10) business days before any production or other disclosure is required.  Where an objection is timely communicated to the party receiving the subpoena (or other process), no Confidential Material may be produced in response to the subpoena (or other process) until the dispute over production is resolved either by court order or agreement.

21. The production of any privileged or otherwise protected material is not a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials or their subject matter.  Upon receiving notice from the producing party that such material has been produced, the material and any copies or summaries must be returned to the producing party as soon as practicable after receipt of such notice. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the producing party or non-party; provided, however, that if the producing party has made a demand for the return as set forth above, the basis of such challenge shall not include an

argument that the producing party waived privilege or protection by inadvertent production.

22. The production of any documents without the confidentiality legend or the failure to designate deposition testimony as confidential, which should have been so designated, shall not be deemed a waiver of the right to designate such materials as Confidential in accordance with this Order.

23. Confidential information may be filed on the public docket and shared publicly if the Confidential portions of the document—*i.e.*, those portions of the document listed in Section 1(a)–(k)—are redacted, or if the protocol in Section 8(b) is followed. The Parties may agree that other information must be redacted or replaced with alpha-numeric indicators prior to filing on the public record.

24. Nothing in this Order supersedes or changes the obligations imposed by Texas law regarding the production or preservation of public information or the transfer of information for archival purposes. To the extent this Order, including the destruction provisions, conflicts with any provision of Texas law, Texas law controls.

25. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

IT IS SO ORDERED.

ENTERED this _____ day of September, 2020.

_____
Judge Lee H. Rosenthal

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, state that:

1. Information, including documents and things, designated as "CONFIDENTIAL" or "Confidential Material," as defined in the Agreed Protective Order entered in the above-captioned action ("Agreed Protective Order"), is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order.

2. I have been given a copy of and have read the Agreed Protective Order.

3. I am familiar with the terms of the Agreed Protective Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5. I agree not to use any "Confidential Material" disclosed to me pursuant to the Agreed Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Agreed Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

11

6. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Agreed Protective Order and of its binding effect on them and me.

7. I understand that I am to retain all documents or materials designated as or containing "Confidential Material" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Material" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____ day of _____, 20\_\_.

_____
Signature