UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
|     *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
|     *Intervenor-Defendants*. | § | |

**STATE INTERVENORS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Throughout this litigation, Plaintiffs have been purposefully vague about the contours of their legal theories and about what exactly the bail system in Harris County is doing wrong. However, in their response to the Motions to Dismiss, they finally came clean. They do not contest that Harris County follows *ODonnell* or that the named Plaintiffs received all the process owed to them under that system.[1] By Plaintiffs' own admission, their procedural claims (procedural due process and equal protection) fail because they cannot sue over process they already received.

But if they already received the process owed, why keep pushing this litigation forward? Because Plaintiffs believe that *ODonnell* was wrong. In their view, pretrial arrestees were owed *more* relief based on a right to pretrial liberty, and they now want this Court to afford them that relief. However, Plaintiffs' counsel already made these arguments before the Fifth Circuit, and that court decided that the procedures provided in *ODonnell's* model injunction were constitutionally adequate to address such an interest.[2] This is not just State Intervenors' view, it is also how federal courts in both Dallas and Galveston have understood *ODonnell*'s holding as it relates to Plaintiffs' liberty interest arguments.[3] The bottom line is that *ODonnell* set the constitutional floor for all the claims Plaintiffs raise in this lawsuit, even those involving a pretrial liberty interest, and Harris County is already meeting this

---

[1] 892 F.3d 147 (5th Cir. 2018).
[2] *See ODonnell* v. *Harris County*, Brief for Appellees, Case No. 17-20333, Doc. No. 00514100281 (Aug. 2, 2017) (hereinafter "*ODonnell* Appellate Brief") at pp. 18-41 (discussing at length that Harris County's practices violate Plaintiffs' substantive constitutional rights, *United States v. Salerno*, and pretrial liberty.
[3] *Booth* v. *Galveston Cty.*, No. 3:18-CV-00104, 2019 WL 3714455 at *8 (S.D. Tex. Aug. 7, 2019), *report and recommendation adopted*, 2019 WL 4305457, at *2 (S.D. Tex. Sep. 11, 2019); *Daves* v. *Dall. Cty.*, 341 F. Supp. 3d 688, 695 (N.D. Tex. 2018).

standard. This Court is not free to now rework or revise *ODonnell* to add the extra substantive "*ODonnell*-plus" relief Plaintiffs now want.

Even if this was not the case, Plaintiffs' substantive due process arguments are based on a stilted reading of *United State* v. *Salerno* and miss the mark for a host of reasons.[4]

As a result, Plaintiffs lack viable claims, and this Court should grant the Motions to Dismiss.

## ARGUMENT

In their Response, Plaintiffs argue that their claims derive from two separate lines of precedent: (1) the equal protection and procedural due process prohibitions against jailing a person *solely* because of his inability to pay; and (2) a "substantive due process" theory premised on a pretrial liberty interest under *Salerno*.[5] Plaintiffs then spend the remainder of their Response making grand pronouncements about what they believe the Constitution requires; imprecisely throwing around the phrase "substantive right"; and trying to sow confusion about *ODonnell*. While it is tempting to chase down every tangent, such an exercise would not be helpful to anyone. To avoid briefing largely irrelevant topics, State Intervenors focus their Reply instead on the two high-level reasons why this lawsuit fails.[6]

---

[4] 481 U.S. 739 (1987).
[5] Plaintiffs' Omnibus Response to the 20 District Judges' and the State Intervenors Motions to Dismiss (hereinafter "Response") at p. 12, ECF No. 259.
[6] State Intervenors understand that the District Court Judges are providing a robust and likely lengthy Reply brief that will greatly overlap with the State Intervenors' positions. To avoid duplicative briefing, State Intervenors adopt the responsive arguments made by the District Court Judges in their Reply herein.

First, the procedural claim under *ODonnell*, *Bearden*, and *Rainwater* fails outright because the named Plaintiffs have already received all the process they were entitled to under such theories. Each Plaintiff received a constitutionally required individualized bail hearing before an impartial decisionmaker within 48 hours, who considered the various factors required by Texas law and alternative conditions, and who rendered a decision on the record. Plaintiffs' Response does not contest this or that Harris County is complying with *ODonnell*. Nor could it because there is now no doubt that Plaintiffs received the due process owed under precedent, were not detained solely because of indigency, and did not suffer an absolute deprivation of their rights, it is axiomatic that their procedural claim fails. Plaintiffs simply cannot maintain a federal lawsuit for procedural relief that they have already received.

Second, as to the substantive claim, the Fifth Circuit has already considered Plaintiffs' pretrial liberty arguments and held that the procedures set out in *ODonnell* would apply with equal force to such an interest. In their appellate brief in *ODonnell*, Plaintiffs repeatedly raised their "substantive right to pretrial liberty" and held up *Salerno* as the guide for a constitutionally-sufficient bail hearing.[7]

The Fifth Circuit declined to issue substantive-due-process-style relief, noting that such relief is premised on a "fundamental substantive due process right," which "is [not] in view."[8] And while the Fifth Circuit's opinion in *ODonnell* dealt mostly with a state-created interest to be bailable upon sufficient sureties, a careful reading of

---

[7] *ODonnell* Appellate Brief at pp. 18-41.
[8] *ODonnell* v. *Harris County*, 892 F.3d 147, 163 (5th Cir. 2018); *Russell v. Harris County*, __ F. Supp. 3d. ___, 2020 WL 1866835 at *12 (S.D. Tex. Apr. 14, 2020).

3

the opinion reveals that the court also considered a more general interest in pretrial liberty when crafting its model injunction.[9] "With this right [to pretrial liberty] in full view, the Fifth Circuit . . . found that the procedures required in the model injunction struck the proper constitutional balance."[10] Hence, regardless of how Plaintiffs try to frame it in this case—pretrial liberty, bodily integrity, or freedom from wealth-based detention—the Fifth Circuit has already accounted for this interest and decided the *ODonnell* procedures, which Plaintiffs already received, are sufficient.

This is not a novel position. When confronted with Plaintiffs' arguments, federal courts in both Dallas and Galveston reached the same conclusion that, indeed, the process laid out in *ODonnell* is all an arrestee gets in the context of bail.[11]

Faced with this roadblock, Plaintiffs try to argue that this case is somehow different from *ODonnell*. This effort is meritless. Not only did counsel clearly raise the same pretrial liberty arguments in *ODonnell* as they do here, in their Second Amended Complaint, they openly admit the cases are the same. Specifically, they state that "*ODonnell* **raises the same legal claims** and challenges materially identical bail policies and practices . . ." as are at issue in this case.[12]

---

[9] *See ODonnell*, 892 F.3d at 159 (setting out procedural safeguards, ***after*** noting "that the liberty interest of the arrestees here are particularly important: the right to pretrial liberty of those accused (that is, presumed innocent) of misdemeanor crimes upon the courts receipt of reasonable assurance of their return").
[10] *Daves*, 341 F. Supp. 3d at 695.
[11] *See Booth*, 2019 WL 3714455 at *8 (noting that *ODonnell*'s holding and procedures contemplated a pretrial liberty interest); *Daves*, 341 F. Supp. 3d at 695 (same). The courts in both *Booth* and *Daves* were led to believe that plaintiffs' counsel in *ODonnell* did not directly argue their pretrial liberty theory at the Fifth Circuit. Clearly, neither court had the chance to read the briefs from that appeal in which counsel repeatedly makes that very argument.
[12] Plaintiffs' Second Amended Complaint at ¶ 14.

4

Plaintiffs cannot run away from *ODonnell*. Because Harris County has already satisfied this binding precedent, there is not a meritorious claim, either procedural or substantive, that is at issue here. Under the rule of orderliness, this Court cannot now decide to overrule or expand *ODonnell* as Plaintiffs want—that is something only an *en banc* Fifth Circuit can do.[13]

Even if this was not so, Plaintiffs' *Salerno* arguments are still off-base. According to Plaintiffs, *Salerno* ushered in a sea of change in the law governing bail processes—one that for some unexplained reason lay dormant for three decades. Supposedly, in *rejecting* a constitutional challenge to the Federal Bail Reform Act, *Salerno* set a high, substantive bar for the imposition of money bail; focused myopically on a defendants' ability to pay; implicitly mandated strict scrutiny for instances of pre-trial wealth-based disparate impact; and invalidated, *sub silentio*, countless state bail laws in the process. Plaintiffs' view of S*alerno* does not hold up under scrutiny.

For instance, Plaintiffs suggest that the *Salerno* Court held that the procedural protections of the Federal Bail Reform Act must be satisfied before money bail is affixed. This is false. *Salerno* dealt only with "the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to **pose a threat to the safety of individuals or to the community which no condition of**

---

[13] *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 467 (5th Cir. 2019) ("Under our rule of orderliness, we may not overrule a prior panel decision absent an intervening change in the law, such as a statutory amendment or a decision from either the Supreme Court or our en banc court."); *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012) ("In this circuit, we abide by the rule of orderliness. Under this rule, a panel of three judges may not unilaterally overrule or disregard the precedent that has been established by our previous decisions.").

*release can dispel.*"[14] This had nothing to do with "wealth-based" detention or how bail must be set for an indigent arrestee. Furthermore, the Supreme Court did not hold that the procedural safeguards provided by the Bail Reform Act are constitutionally required; rather, it held they were constitutionally sufficient.[15] The Court effortlessly rejected the constitutional challenge to those procedural safeguards, indicating that the procedures go far beyond what the Constitution mandates.[16] "Nowhere in the *Salerno* opinion did the Court say that those procedures were constitutionally required" as Plaintiffs now claim.[17]

Next, Plaintiffs' arguments about strict scrutiny are wrong. *Salerno* did not explicitly or implicitly hold that strict scrutiny applied. Instead, "the Salerno Court's analysis was much closer to a relatively lenient procedural due process analysis than it was any form of heightened scrutiny. Rather than asking if preventative detention of dangerous defendants served a compelling or important State interest and then demanding relatively narrow tailoring, the ***Court employed a general due process balancing test*** between the State's interest and the detainee's."[18] This seems much closer to the balancing test utilized in *ODonnell*, than strict scrutiny.

Furthermore, while *Salerno* discussed the importance of pretrial liberty, "that alone does not establish that the right to pretrial liberty can be stretched by substantive due process to require the finding Plaintiffs seek."[19] As District Judge

---

[14] *Salerno*, 481 U.S. at 755.
[15] *Id.* at 752.
[16] *See id.* at 751-52.
[17] *Edwards* v. *Cofield*, 301 F. Supp. 3d 1136, 1146 (M.D. Ala. 2018) (dispatching the same argument as the ones here related to *Salerno* made by largely the same group of counsel).
[18] *Walker* v. *City of Calhoun, Ga.*, 901 F.3d 1245, 1253, 1262 (11th Cir. 2018) (emphasis added).
[19] *Daves*, 341 F. Supp. 3d at 696.

6

Godbey explained in *Daves*, there is a distinction "between requiring that arrestees be granted *some* condition of release absent a showing that they are a flight risk, and requiring that arrestees be granted a condition of release they can afford absent a showing that no other condition of release is feasible."[20] He correctly found that *ODonnell* covered the former, but that the latter lacks any basis in Fifth Circuit precedent.[21] The same result should occur here.

## Conclusion

At the end of the day, Plaintiffs are trying to overly complicate things. *ODonnell* set out the rules of the road for the claims at issue, even those involving pretrial liberty. Because Plaintiffs now concede that Harris County has a bail system that satisfies this standard, the Court should grant the Motions to Dismiss and allow Plaintiffs the opportunity to ask the Fifth Circuit to revisit *ODonnell*. However, likely before this ever occurs, the Fifth Circuit will resolve, again, the identical substantive due process arguments in *Daves*. That case, which was fully briefed and argued in 2019, involves the exact same substantive due process arguments presented by the same plaintiffs' counsel. While no party can divine how the Fifth Circuit will ultimately rule, this decision will bind this Court in resolving the only real question here: Does substantive due process require more than what *ODonnell* already provided? But until this clarity comes, Plaintiffs are bound by *ODonnell*, and this Court should grant the Motions to Dismiss.

---

[20] *Id*.
[21] *Id*.

7

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ERIC A. HUDSON
Special Counsel
Special Litigation Unit
State Bar No. 24059977
Southern District ID 1000759
Eric.Hudson@oag.texas.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1414 | FAX: (512) 936-0545

DARREN L. MCCARTY
Deputy Attorney General for
Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel
Attorney-in-Charge
State Bar 24077727 | So. Dist. 2964087
Adam.Biggs@oag.texas.gov

MATTHEW BOHUSLAV
State Bar 1303218 | So. Dist. 1303218
Matthew.Bohuslav@oag.texas.gov

TODD A. DICKERSON
State Bar 24118368 | So. Dist. 3544329
Todd.Dickerson@oag.texas.gov

KIMBERLY GDULA
State Bar 24052209 | So. Dist. 1092074
Kimberly.Gdula@oag.texas.gov

CAROLINE ALYSSA MERIDETH
State Bar 24091501 | So. Dist. 3555429
Caroline.Merideth@oag.texas.gov

DOMINIQUE G. STAFFORD
State Bar 24079382| So. Dist. 3195055
Dominique.Stafford@oag.texas.gov

Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

COUNSEL FOR THE STATE INTERVENORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Houston Division, on September 25, 2020 to all parties of record.

*/s/ Adam Arthur Biggs*
ADAM ARTHUR BIGGS
Special Litigation Counsel