IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>    **On behalf of themselves and all**<br>    **Others similarly situated,**<br><br>    *Plaintiffs*,<br><br>v.<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>    *Defendants*. | C.A. No. 4:19-CV-00226 |

**DEFENDANTS' REPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SURREPLY (Dkt. No. 295)**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LEE H. ROSENTHAL—**

    Plaintiffs seek leave from this Court to file a surreply to the District Judges' Reply in Support of their Motion to Dismiss ("Reply"). Dkt. No. 295. A surreply is not appropriate in this case because (1) the District Judges' Reply [Dkt. No. 292] does not raise new arguments by asking for dismissal because Plaintiffs lack Article III standing, *Ex Parte Young* does not apply and Plaintiffs' claims are only cognizable through writ of habeas corpus; and (2) Plaintiffs fail to attach their proposed surreply to their motion for leave as this Court requires. The District Judges therefore oppose Plaintiffs' Motion and ask this Court to deny the relief sought.

**Argument**

**I.    Plaintiffs Fail to Identify Any New Argument Raised in the District Judges' Reply
that Should Permit Them the Extraordinary Relief of Leave to File a Surreply.**

    Neither the Federal Rules nor this Court's local rules provide parties the right to file surreplies to dispositive motions. In fact, "[s]urreplies, and any other filing that serves the purpose

or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 691 n. 4 (S.D. Tex. 2006) (quoting *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001)). Courts have "found that surreplies usually are not that helpful in resolving pending matters and only permit[...] pleadings beyond Local Rule 7.1 *in exceptional or extraordinary circumstances*." *Id.* (emphasis added).

To the extent this Court grants leave to file a surreply, it is usually "limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012) (same), aff'd, 517 Fed.Appx. 276 (5th Cir. 2013) (quoting *Marbury Law Grp., PLLC v. Carl*, 729 F.Supp.2d 78, 83 (D.D.C. 2010), aff'd, 517 Fed.Appx. 276 (5th Cir. 2013). Thus, "[i]t is not an abuse of discretion for a court to deny a party leave to file a surreply when that party seeks only to respond to arguments—even new ones—relating to an issue the party already addressed in its response." *Austin v. Kroger Tex. L.P.*, 3:11-CV-1169-B, 2016 WL 1322248, at *2 (N.D. Tex. Apr. 5, 2016); *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam); *Williams v. Aviall Services Inc.*, 76 Fed. Appx. 534, 535 (5th Cir. 2003).

Plaintiffs' motion for leave complains that the District Judges' Reply brief contains "wrong and misleading factual assertions, mischaracterizations of Plaintiffs' allegations, and analysis of cases they did not cite in their opening briefs, and which Plaintiffs therefore have not had an opportunity to respond to." Dkt. No. 295 at 1. None of their allegations suggest that the District Judges made a new argument, let alone identify what that new argument was. *See id.* To the extent the District Judges addressed the case law contained in Plaintiffs' Response as a part of their

rebuttal, such does not warrant a finding of a "new argument" that necessitates a disfavored surreply. *See, e.g., Warrior Energy Services Corp. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 (5th Cir. 2014) (affirming denial of surreply, despite finding the defendants' reply analyzed a new case, because the plaintiff had previously addressed the case in its response).

Recently, the Western District was confronted with similar circumstances in which plaintiffs moved for leave to file a surreply to a defendants' dispositive motion. *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019). The plaintiffs' motion for leave argued "there [were] several new arguments made of which is necessary for [p]laintiffs to succinctly address with supporting case law." *Id*. But, as the court noted, "[n]either the motion nor the proposed surreply identif[ied] *with any specificity* the new arguments purportedly made in the reply brief." *Id*. (emphasis added). Instead, it was clear to the Court that the plaintiffs had "simply made conclusory statements about new arguments without identifying any new issue, theory, or argument first raised in the reply brief." *Id*. at 571. Thus, the Court denied the plaintiffs' motion for leave stating that "[t]hey ha[d] not shown exceptional or extraordinary circumstances that warrant[ed] a surreply." *Id*.

The reasoning set forth in *Silo Rest. Inc.* is reasonable and readily applicable to Plaintiffs' conclusory claim that sureply is necessary. As in *Silo*, Plaintiffs have chosen to only generally allege that the District Judges have mischaracterized their claims and analyzed the case law used in Plaintiffs' Response brief. *See* Dkt. No. 295. Given this, Plaintiffs fail to identify any specific basis why a surreply should be granted. There can be no exceptional or extraordinary circumstance that warrants a surreply when Plaintiffs' motion for leave is devoid of any allegation that new arguments have been raised by the District Judges.

There is only one fact that dstinguishes *Silo* from present case, but this difference also supports denying Plaintiffs' motion. Although the *Silo* plaintiff filed a proposed, albeit insufficient, surreply with their motion for leave, Plaintiffs in this case have declined to do so. Their brief motion, containing only one sentence that purports to meet their burden of demonstrating they are entitled to the "extraordinary" remedy of a surreply, cannot, on its own, suffice for this Court. After all, this Court has previously required a party's motion for leave to file a surreply to include a "proposed surreply," which is then reviewed to ensure it identified "new arguments or evidence" rather than "merely restat[ing] arguments in the movant's response." *ENGlobal U.S. Inc. v. Native Am. Services Corp.*, CV H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (allowing surreply where the plaintiff's proposed surreply identified three, specific new arguments raised in the defendant's reply brief). The District Judges only ask this Court to do what it has previously and hold Plaintiffs to its standard of filing a proposed surreply that identifies the new arguments that were raised by the District Judges. *See id.* Because Plaintiffs have not met either requirement, their motion for leave should be denied.

## Conclusion

The District Judges respectfully request that this Court deny Plaintiffs' motion for leave to file a surreply to the District Judges' Reply in Support of their Motion to Dismiss.

**Dated:** September 29, 2020.

                                              Respectfully submitted.

                                              **KEN PAXTON**
                                              Attorney General of Texas

                                              **JEFFREY C. MATEER**
                                              First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
Southern Distr. No. 3089117
*Courtney.Corbello@oag.texas.gov*
Attorney-in-Charge

*/s/ Landon Wade*
**LANDON WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern Distr. No. 3503435
*Landon.Wade@oag.texas.gov*

*/s/ Jonathan M. Pena*
**JONATHAN PENA**
Assistant Attorney General
Texas State Bar No. 24110207
Southern Distr. No. 3350256
*Jonathan.Pena@oag.texas.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**ATTORNEYS FOR THE DISTRICT JUDGES**

**NOTICE OF ELECTRONIC FILING**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance

with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on September 29, 2020.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on September 29, 2020.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General