IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>    On behalf of themselves and all<br>    Others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, ET AL.,<br>    *Defendants*. | C.A. No. 4:19-CV-00226 |

### DISTRICT JUDGES' MOTION TO STAY

**TO THE HONORABLE UNITED STATES DISTRICT COURT CHIEF JUDGE LEE H. ROSENTHAL**

In July 2020, the Court ordered expedited discovery on the basis that the discovery was necessary to resolve jurisdictional issues in this case. The District Judges[1] have complied with discovery requests by producing 1,934 documents and a forthcoming supplementation of the responses to Plaintiffs' first set of interrogatories. The District Judges and the State as intervenor have both moved to dismiss, and their motions are fully briefed. The District Judges now ask the Court to stay all further proceedings pending resolution of the motions to dismiss; or, in the alternative, to stay discovery pending resolution of the same.

Whether the Court has jurisdiction over the claims should be resolved initially. In turn, that will dictate whether interlocutory or permissive appeal of the jurisdictional questions is warranted.

---

[1] To include Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Jason Luong, Amy Martin, Jess McClure, III, Chris Morton, Herb Ritchie, Brock Thomas, Hillary Unger, George Powell, and Randy Roll.

If appeal is not taken, it will determine what kind of scheduling order is needed and what further discovery is necessary to prepare this case for trial.

Because the District Judges' motion to dismiss is now fully briefed, the Court should stay further proceedings until the Court rules on those pending motions. Based on the arguments below, the District Judges can and have established that staying further proceedings, including discovery, against all parties, or, in the alternative, against the District Judges, is the most judicious option at this time. Accordingly, this Court should enter the following order—

- All further proceedings and hearings in this case are stayed until this Court has ruled on the State Intervenor's and the District Judges' pending motions to dismiss;

- No further discovery shall be conducted or exchanged pending this Court's rulings on the pending motion to dismiss;

- All discovery served after October 22, 2020 shall be stayed and no further discovery shall be served until a ruling is issued on the pending motions to dismiss and entry of a merits scheduling order.

**Background**

In January 2019, Plaintiffs Dwight Russell, Johnnie Pierson, Joseph Ortuno, Christopher Clack and Maurice Wilson brought suit against Harris County and Sheriff Gonzalez complaining of the bail determinations that were made by hearing officers when they were detained in Harris County Jail. Dkt. No. 1. Specifically, Plaintiffs alleged that the requirement that they pay a cash bail amount set by the hearing officer in each of their respective cases constitutes a "wealth-based detention system" that is violative of their substantive due process, procedural due process and

equal protection rights. *Id.* Although Plaintiffs have sought to represent a class, no class has been certified in his case.

The State intervened in this case to defend the bail procedures at issue, which are matters of state law. Dkt. No. 38. Following this intervention, Plaintiffs amended their complaint on June 26, 2020 to (1) add the District Judges as defendants; and (2) include an argument that their constitutional rights were being violated even more by the presence of Covid-19 in Harris County Jail and Governor Abbott's Executive Order GA-13, which prohibits those charged with violent crimes from being released on unsecured bail. *See* Dkt. No. 195-1.

Nineteen (19) months into their suit, Plaintiffs sought and received expedited discovery against the District Judges. The Court found good cause to grant Plaintiffs' motion stating that "[t]here will be significant threshold challenges to pleadings to substantive right to relief, raised early, often, by many who are parties to this case or intervenors. The need for information in admissible form that the Court can rely on to reach an accurate result, a fair result is paramount." July 24, 2020 Hearing (30:16-21). Shortly thereafter, both the State Intervenors and the District Judges filed motions to dismiss in this case, which have been fully briefed and argued. Dkt. Nos. 214, 228, 259, 292, 293, 305.

To date, Plaintiffs have sought, and received, the following discovery—

- Propounded 4 Interrogatory Requests to each of the 23 total District Judges;
- Propounded 4 Requests for Production to each of the 23 total District Judges;
- 183 total pages of responsive documents produced to Plaintiffs by Intervening District Judges;

- 1,934 total pages of responsive documents produced to Plaintiffs by remaining District Judges;

- Propounded 28 Requests for Production to Harris County;

- Propounded 15 Requests for Production to the Harris County Sheriff;

- Propounded 4 Interrogatories to Harris County.

Plaintiffs have not noticed any depositions on any of the parties. They have also not filed any pre-motion conference letters or discovery motions against any party other than the non-intervening District Judges.

The District Judges now move to stay any proceedings, outstanding discovery[2] and future discovery in this case. The threshold jurisdictional issues that predicated the Court's previous order granting discovery are now fully before the Court, and there has been no indication from any party that additional discovery is necessary to resolve these issues. The District Judges seek a stay applicable to all parties, or, in the alternative, to the District Judges and any proceedings or discovery against them.

## Argument and Authorities

I. **This Court has authority to grant a stay pending rulings on the pending dispositive motion.**

A district court has "broad discretion" in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *accord Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[2] With the exception of the District Judges' supplemental responses to Plaintiffs' first set of interrogatories, which the District Judges will provide to Plaintiffs no later than November 13, 2020.

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 25 (1936). The court must, in an "exercise of judgment," "weigh competing interests and maintain an even balance." *Id*.

The party requesting a stay "bears the burden of establishing its need." *Clinton*, 520 U.S. at 780 (citation omitted). "[I]n cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the publica welfare or convenience will thereby be promoted," *Landis*, 299 U.S. at 256, and "[t]he scope of the stay and the reasons for its issuance determine whether a stay is immoderate," *Belize Soc. Dev. Ltd. V. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012), *cert. denied*, 568 U.S. 882 (2012).

## II. Rulings on pending motions will define the scope of this litigation.

The parties have briefed the State Intervenors and Defendants' motion to dismiss. *See* Dkt. Nos. 214, 228, 259, 292, 293, 305. Rulings on those dispositive motions could fully resolve the claims against the District Judges or, at the very least, narrow them. Staying the proceedings pending those rulings is reasonable to allow the Court to decide what this case will look like going forward, and for the parties to consider whether either an interlocutory or permissive appeal is appropriate or necessary.

Staying further proceedings and discovery pending those rulings will prevent the parties from wasting time and resources litigating issues that may become irrelevant or moot, depending on this Court's ruling and subsequent appeals. This is not a novel ask in a case like this. *See, e.g., Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. Appx. 866, 870 (5th Cir. 2010) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)) (stating stay of discovery pending a dispositive motion was not abuse of discretion where it would have been "'wasteful to allow

discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits."); *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), cert. denied, 111 S.Ct. 244 (1990) (A stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense."); *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (holding discovery should be stayed where a review of the Rule 12(b)(6) motion showed that defendants had substantial arguments in favor of dismissal); *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) (holding that in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment prior to ruling on class certification); *Ladd v. Equicredit Corp. of Am.*, No. CIV-A-00–2688, 2001 WL 175236 (E.D. La. Feb. 21, 2001) (same).

Because the pending motions in this case will dictate whether or how this case will proceed, this Court should grant this stay and request for protection.

### III. Supreme Court precedent favors a stay of discovery pending a ruling on the District Judges' assertion of their entitlement to sovereign immunity from Plaintiffs' claims.

Stays of discovery apply to claims of immunity, such as sovereign immunity. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*quoting In re Ayers*, 123 U.S. 443, 505 (1887) ("The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.")); *see also Carty v. Rodriguez*, 211 Fed. App'x 292, 293 (5th Cir. 2006) (quoting *Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process

itself."). In fact, the Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, **discovery should not be allowed**." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity).

Thus, when immunities are raised in a motion to dismiss, no discovery is permissible unless and until the court *first* determines discovery is necessary to resolve the motion. *Wicks*, 41 F.3d at 994–95; *see also Patel v. Texas Tech Univ.*, 727 Fed. App'x 94 (5th Cir. 2018) (mem. op.) (vacating and remanding denial of a stay pending an immunity ruling where the district court failed to follow the Fifth Circuit's Rule 7(a) reply procedure).

Although initially the Court determined that discovery was necessary because the issues raised in initial dispositive motions would "turn on what the specific facts discovery may reveal are," that is clearly not the case anymore. July 24, 2020 Hearing Transcript (31:2). Briefing on the dispositive motions is complete; the Court has heard oral argument; the motions have been taken under advisement. Plaintiffs have not identified any specific facts that are necessary to resolve the issues raised in the motions to dismiss.

To be sure, none exist. As is apparent now given the full briefing and oral argument on the dispositive motions, the Court need only decide purely legal issues. To resolve the pending

motions, the Court has been asked to determine[3] whether Plaintiffs' substantive due process, procedural due process and/or equal protection right to pretrial liberty is violated where:

1. A lesser evidentiary standard than clear and convincing evidence is used to determine bail;

2. Hearing officers determine bail using the District Judges' rescinded bail schedule;

3. A criminal defendant's bail amount, set by a hearing officer, is not automatically reviewed by a state district court judge;

4. A state court district judge does not promulgate and enforce a policy telling a county judge how to reach a bail determination in an Article 15.17 hearing;

5. The primary method or a criminal defendant to obtain an on-the-record, adversarial, evidentiary hearing is by utilizing the state law mechanism of a writ of habeas corpus to challenge his bail amount.

Plaintiffs have not, in the almost 6 months since discovery was granted, demonstrated that additional discovery is necessary to resolve any one of these contentions. Clearly, since this Court must assume these claims to be true in resolving the pending motions, the only consideration is necessarily whether they amount to constitutional violations or not.

This can be answered in the affirmative or negative without any discovery.

Thus, the District Judges ask this Court to stay the case, determine whether the above claims are actually constitutional violations under the Fourteenth Amendment and proceed thereafter as necessary. Such a ruling would ensure the District Judges the protections of a sovereign immunity defense as well as preserve judicial resources, state resources and county[4] resources.

---

[3] This is in addition to the arguments raised regarding lack of Article III standing and that Plaintiffs claim is only properly brought by writ of habeas corpus. It has not appeared at any stage of this litigation that any party believes discovery was needed to resolve these issues. Should Plaintiffs assert differently in response to this motion, the District Judges can provide additional briefing in their reply brief explaining why that claim lacks merit.

[4] The county defendants and other intervenor judges do not seek a stay or even a dismissal of this suit. But a stay of all proceedings and discovery, for all parties, should be granted. Plaintiffs do not bring different claims against these defendants, therefore, the Court's ruling on these issues will necessarily impact the entire suit. If Plaintiffs have not

### IV. A stay will ensure the District Judges are no longer subject to discovery being used for the purposes of harassment.

Plaintiffs sent their first pre-motion conference letter to this Court (Exhibit A) on September 23, 2020, asking that the Court compel the District Judges to answer "yes" or "no" to their propounded interrogatories. Plaintiffs did not ask the same of the intervenor Judges, whose responses contained no such direct answers.

Plaintiffs sent their second pre-motion conference letter to this Court (Exhibit B) on October 19, 2020, stating that they are displeased with the District Judges' proposed deadline of reviewing ESI of 60,000[5] total documents by December 31, 2020. Plaintiffs want all ESI reviewed by mid-November but have provided no reason why this 6-week difference is necessary. Plaintiffs' counsel has insisted the reason they should get the deadline is because, ultimately, "Judge Rosenthal will grant our request." Exhibit C.

As they continue to accumulate, Plaintiffs' discovery complaints and letters to the Court create even more basis to hold that they have moved well beyond seeking information relevant to this Court's analysis of immunity. Instead, discovery is becoming merely a mechanism for harassment of the District Judges. As the Court is aware, the District Judges are choosing to defend themselves in this case and are the only parties with this desire. Any disagreement with this position does not justify unrelenting and unreasonable demands on the District Judges and its counsel far beyond what the other parties are subjected to.

---

stated a claim for a constitutional violation on any of the above bases, it would follow that suit cannot proceed against any defendant under Section 1983. At the very least, a stay should be issued for the District Judges on the basis of sovereign immunity and the other grounds raised in this motion.

[5] This number, of course, refers to only the number of divisible documents, not number of pages within each document. There is no limit on how many pages a single, reviewable ESI document could be.

Plaintiffs' claims of concerns that people are languishing in jail without the proper constitutional procedures is not the reason they have made continuous discovery-related demands of the District Judges and have threatened to make more. Ex. B. Plaintiffs asked this Court, in May 2020, for a discovery deadline 10 months out. Dkt. No. 155. Why 60,000 documents must be reviewed by mid-November, rather than one month later in December, is incomprehensible given Plaintiffs' previous *request* for a lengthy discovery period.

Instead, this unreasonable demand serves only two potential purposes. If the Court orders all documents reviewed by mid-November, the likelihood that documents cannot be as carefully reviewed, and therefore may be mistakenly produced, increases. Plaintiffs would then be in possession of potentially privileged and irrelevant documents to either aid them in this case or other complaints they bring against the District Judges. Plaintiffs' alleged compromise—that the District Judges produce unreviewed documents and allow Plaintiffs to review them for responsiveness themselves—is not reasonable. *See* Ex. B. Plaintiffs are not entitled to nonresponsive documents and the District Judges are entitled to withhold privileged documents, including those subject to attorney-client, work product, and deliberative process privilege. Violation of privilege rules and the federal rules aside, Plaintiffs' asserted "compromise" would permit Plaintiffs even more unfettered access to documents irrelevant to this suit but potentially usable in another manner.

While further proceedings and discovery were reasonable prior to dispositive motions being fully briefed or argued, the current landscape of this litigation should raise concerns for this Court beyond ensuring that Plaintiffs can continue to relentlessly push discovery issues on the District Judges. The District Judges, like any other state defendant, are entitled to raise and resolve the

issue of immunity before being subjected to discovery or any other proceeding in litigation. The other parties may disagree with the District Judges' decision to defend themselves from claims that they are violating their constituents' constitutional rights, but this does not justify depriving them of the most basic protections of sovereign immunity. Thus, they ask this Court to grant them those protections and stay this case.

## Conclusion

The parties have fully briefed the threshold issues this Court must address before this case proceeds. Further discovery or other proceedings would only serve to waste the time and resources of the parties. Resolution of the pending motions to dismiss will define what portion of this case, if any, move forward and what type and volume of discovery is necessary to prepare this case for trial.

Because no further discovery is necessary before this Court rules on the pending motions to dismiss, the Court should enter the following orders—

- All further proceedings and hearings in this case are stayed until this Court has ruled on the State Intervenors' and the District Judges' pending motions to dismiss;

- No further discovery shall be conducted or exchanged pending this Court's rulings on the pending motion to dismiss;

- All discovery served after October 22, 2020 shall be stayed and no further discovery shall be served until a ruling is issued on the pending motions to dismiss and entry of a merits scheduling order.

**Dated:** October 22, 2020.

                                                    Respectfully submitted.

                                                    **KEN PAXTON**
                                                   Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID 3089117
Courtney.corbello@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 457-4654

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**Counsel for the District Judges**

NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on October 22, 2020.

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

  I, **COURTNEY CORBELLO,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on October 22, 2020.

            */s/ Courtney Corbello*
            **COURTNEY CORBELLO**
            Assistant Attorney General

**CERTIFICATE OF CONFERENCE**

  I, **COURTNEY CORBELLO,** Assistant Attorney General of Texas, do hereby certify that I have met and conferred in good faith with all counsel of record via email on October 21-22, 2020, concerning the relief sought in this motion. Plaintiffs and other defendants are opposed to the relief sought in this motion.

            */s/ Courtney Corbello*
            **COURTNEY CORBELLO**
            Assistant Attorney General