UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Intervenor-Defendants*. | § | |

## STATE INTERVENORS' UNOPPOSED MOTION TO WITHDRAW

The State of Texas, Governor of Texas, and Attorney General of Texas ("State Intervenors") respectfully move to withdraw as intervenors from this case.

## I.     BACKGROUND

On March 29, 2020, the State Intervenors moved to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. ECF No. 38. At the time the State Intervenors sought to intervene, Plaintiffs sought emergency, substantive relief based on the COVID-19 pandemic that would have resulted in the immediate release of thousands of felony arrestees. Because the County Defendants did not contest any of Plaintiffs' arguments, the State Intervenors asked to join this lawsuit to defend the bail procedures that formed the basis for Plaintiffs' confinement. *See* ECF Nos. 38, 38.1.

This Court agreed and allowed the State Intervenors to intervene as a matter of right at a critical time in this case because, among other factors, the interests of

the State Intervenors were not adequately represented by the County Defendants. *See*, *generally*, ECF No. 46.

Much has changed since the State Intervenors first appeared in this case.  On the same day the State Intervenors moved for intervention, the Governor issued Executive Order GA-13 on March 29, 2020, which prohibited the release on personal bond of any individual currently arrested or previously convicted of an offense felony involving physical violence or a threat of physical violence. *See* ECF No. 39. The Court denied Plaintiffs' temporary restraining order motions. ECF No. 122.

Plaintiffs then filed a Second Amended Complaint on June 26, 2020 and added 23 Harris County District Judges (the "Felony Judges") who preside over felony criminal cases as defendants to this lawsuit. As parties to this suit, the Felony Judges are currently defending against Plaintiffs' claims that the county's bail practices and procedures and GA-13 violate their constitutional rights. Given the presence of the Felony Judges in this case and because the interests of the State of Texas are adequately represented at this time, the State Intervenors seek to withdraw their intervention.

## II.    ARGUMENT & AUTHORITIES

An intervenor's right to withdraw its intervention is inherent in Rule 24, which provides prospective intervenors multiple paths to seek intervention "[o]n timely motion," including circumstances under which a court "must" or "may" permit intervention. Fed. R. Civ. P. 24(a), (b). But regardless of whether the intervention is of right or permissive, a movant's decision to seek an intervention is a discretionary

choice, initiated by the movant and for which the court simply decides whether or not to "permit" the movant's request. *Id.*; *see also*, *e.g.*, *Kourtis v. Cameron*, 419 F.3d 989, 998 (9th Cir. 2005) ("Intervention has been conceived as a device that permits a nonparty to become a party *when it wishes….*"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). However, nothing in Rule 24 requires that a party's decision to pursue intervention be an irreversible decision that can never be revisited. That is particularly true where developments in the case eliminate the reason for the intervention. When an intervenor has reevaluated its decision to pursue intervention in a particular case, courts have consistently granted the intervenor's request to withdraw. *See*, *e.g.*, Order, *Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.*, No. 1:13-cv-01582, Dkt. No. 60 (S.D.N.Y. Apr. 1, 2013); Order, *Brown v. Detzner*, No. 3:12-cv-00852, Dkt. No. 58 (M.D. Fla. Apr. 29, 2013); Minute Order, *South Carolina v. United States*, No. 1:12-cv-00203 (D.D.C. May 24, 2012). As long as it "does not seriously interfere with the actual hearings," withdrawal "should be freely granted." *Dowell v. Bd. of Educ. of Okla. City Pub. Sch.*, 430 F.2d 865, 868 (10th Cir. 1970) (per curiam).

Here, the State Intervenors no longer seek to participate as intervenors in this proceeding at this time. The State Intervenors joined this proceeding in order to assert their interests regarding the extraordinary relief sought by Plaintiffs in their temporary restraining order motions. While intervention was necessary because the County Defendants could not adequately represent the interests of the State Intervenors, the defensive position in this case is now being represented by the Felony

3

Judges. The Felony Judges are adequately representing the interests of the State

Intervenors and, to the extent they remain parties to this lawsuit after their appeal

concludes, they are poised to defend the constitutionality of the GA-13.[1]  As a result,

the current status of the litigation supports the State Intervenors' motion to

withdraw.

Beyond the Court's authority to grant the State Intervenors' request, allowing

withdrawal at this time would not be disruptive to the proceedings in this case, and

would serve judicial economy. It will reduce the number of parties to this proceeding

and, accordingly, limit the amount and scope of filings in this case.

Granting this motion would not prejudice any party. The Felony Judges

continue to seek dismissal of Plaintiffs' claims in their entirety, and Plaintiffs have

not alleged any claims against the State Intervenors. Additionally, Plaintiffs will not

suffer any prejudice if the Court were to grant the State Intervenors' request to

withdraw from this case. Accordingly, because the State Intervenors' withdrawal

would not interfere with the proceedings at all, let alone "seriously interfere" with

them, the Court should grant the State Intervenors' request to withdraw from this

case. *See Dowell*, 430 F.2d at 868.

---

[1] If the Felony Judges are successful in their pending appeal and are dismissed from this lawsuit, the State of Texas reserves the right to seek intervention at a later time solely as to the constitutionality of state laws, including GA-13. *See* FED. R. CIV. P. 5(a)(1)(B).

## CONCLUSION

The State of Texas, Governor of Texas, and Attorney General of Texas respectfully request that the Court grant their Unopposed Motion to Withdraw and thereby allow them to withdraw from this proceeding.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General
for Civil Litigation

ERIC A. HUDSON
Special Counsel
Special Litigation Unit
State Bar No. 24059977
Southern District ID: 1000759
Eric.Hudson@oag.texas.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1414 | FAX: (512) 936-0545

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Attorney-in-Charge
State Bar 24052209 | So. Dist. 1092074
Kimberly.Gdula@oag.texas.gov

MATTHEW BOHUSLAV
Assistant Attorney General
Texas Bar No. 1303218
Southern District ID: 1303218
Matthew.Bohuslav@oag.texas.gov

TODD A. DICKERSON
State Bar 24118368 | So. Dist. 3544329
Todd.Dickerson@oag.texas.gov

CAROLINE ALYSSA MERIDETH
State Bar 24091501 | So. Dist. 3555429
Caroline.Merideth@oag.texas.gov

DOMINIQUE G. STAFFORD
State Bar 24079382| So. Dist. 3195055
Dominique.Stafford@oag.texas.gov

Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

**COUNSEL FOR THE STATE INTERVENORS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted counsel for Plaintiffs and counsel for Defendants via email on December 3, 2020, regarding the substance of this Motion. Plaintiffs' counsel and Defendants' counsel indicated that they are unopposed to the relief requested in this Motion.

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Houston Division, on December 4, 2020, to all parties of record.

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Assistant Attorney General