In The United States District Court
For The Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
FILED

⊔ 09 2020

David J. Bradley, Clerk of Court

§

Dwight Russell, et al.,
(Devin Paul Cole - Similiarly
Situated Harris County Jail)
Inmate,

§

§

Plaintiffs,    §    Civil Action Number

VS.    §    H-19-226

§

§

Harris County, Texas, et al.,    (Honorable Lee H. Rosenthal)
Chief United States District
Defendants.    Judge
Presiding

§

§

§

Plaintiff's Third Emergency Motion to

Compel Compassionate Release of Homeless

p.1

ES0085-01-07

Plaintiff On A No Cash Bail Bond Due to Age 55, Immunocompromised, Alarming Increase In COVID Cases, No Evidence of Physical Harm to Anyone and Newly Discovered Evidence Under Brady v. Maryland that Complainant Evan Kartal Arisan is a Two Time Convicted Child Molestor, Pedafile, Sexual Predator - Sex Offender

To The Honorable Lee H. Rosenthal, Chief United States District Judge, Presiding:

Comes Now, Devin Paul Cole, Plaintiff in pro se and files this Plaintiff's Third Emergency Motion to Compel Compassionate Release of Homeless Plaintiff On a No Cash Bail Bond or Personal Recognizance Bond, etc., Due to Age 55, Immunocompromised, Alarming Increase In COVID Cases, No Evidence of Physical Harm to Anyone and Newly Discovered Evidence Under Brady v. Maryland that Com-

ES0085-01-07

plainant Evan Kartal Arisan is a Two Time Convicted Child Molestor, Pedofile, Sexual Predator - Sex Offender and is Lying - Perjuring himself.

In support thereof Plaintiff would respectfully show unto this Honorable Court as follows:

## I.

## Update of Factors to Chief Judge Rosenthal With Written Objections Made Vigorously and Brief in Support

On October 1st, 2020 Plaintiff began representing himself after a Faretta Compliant Hearing. Since that time he has been to Court a number of times - approximately 10 times - 5 on Zoom Skype Internet/Laptop - 5 in Court. Numerous dates plaintiff was not allowed into Court because just since October 1st, 2020 at which time I was transfered from the 5th Floor of the 1200 Baker Jail to the 3rd Floor of the Jail. This occurred because after going out into the jail hallway on the 5th Floor to line up for Court, my faretta Hearing, noticing I had 10-1-20

p.3

forgotten my inhaler and neglected to take my blood-pressure medicine I went back into the 5-H-1 Tank to get these things and discovered 3 young inmates stealing all of my coffee, food, toothpaste items from my property bag, an argument ensued and they threatened "to beat the fuck out of me" upon my return from Court so when I got back I spoke to the Sergeant on duty explained, identified the 3 inmates (in which I am supposed to be kept seperate from now) and wrote a statement against them. Then I was transferred for my safety.

From 2-27-2020 (February) to 10-1-2020 (October) I was housed in 5-H-1 during that time I became infected with Coronavirus (COVID 19) two times. One time in April the second time end of June into July. Second time I had a pretty good fever 101°-102° for about 7 day's maybe 9 days, fever probably made it to 103° a few day's. It took over a month to get through all of this.

On 10-1-2020 when I came back from Court (A Faretta v. California) Hearing at which time my Faretta Motion / Request to represent myself was Granted. To be " partially protected from an immediate threat of being assaulted by 3 young, healthy gang member inmates " after arguing with the Shift Supervisor to transfer me to another area of the jail I was

moved to the 3rd Floor (3D-1B) a 24 man tank. Most all of the people placed in 3D-1B have been "beaten up, assaulted, extorted, robbed, victimized and abused in other area's of the jail. Although, per se this is not "Protective Custody." Because within the Harris County Jail, per Classification Officer's, there is no protective custody housing in the Harris County Jail comprising all 3 jail's 701, 1200 and the JPC.

Since October 1st 2020 the 3D-1B Tank has been placed on (COVID-19) Coronavirus Quarentine 3 Times due to some one or two or three inmates being transfered/moved because of running a fever and coming down with (Covid-19) Coronavirus. Each time for 10 to 15 day's.

<u>II.</u>

Today, December 2nd, 2020, 3,000 (Three Thousand new case's of (COVID-19) Coronavirus were confirmed in Harris County the most ever recorded. The disease is now at it's worst since it began.

One thing is Clear Judge's in Harris County (Houston) Texas "Have No Compassion." There has not been one Compassionate Release Order for one

indigent pre-trial detainee. My hair is nearly to the shoulder blade's of my upper back because "no haircut's" since COVID. How can you say I have not been punished severely without a Trial By Jury of my Peer's when I've been continuously confined day in and day out by the Sheriff whom has Knowledge of my confinement (No inmate's filed more legal papers with the Court's than I have)? How is not Loss of Socity for the whole year of 2020 - "Not Punishment"?

How am I "presumed innocent?" My next Court Date is January 19th, 2021. This is Official Oppression.

## III.

Plaintiff file's these Motion's Now:

1.) Motion to Compel a Temporary Restraining Order (TRO) seeking the identical relief sought and Denied on April 14th, 2020 by Plaintiff's Attorney's in Russell v. Harris County, 2020 U.S. Dist Lexis 64989 as stated below.

"The Plaintiff's ask this court to authorize the Harris County Sheriff to release many felony arrestees,

p. 5 (6)

who have not had a trial or been convicted and cannot post the upfront payment based on bail-schedule amounts, if they do not promptly get formal, individualized evidentiary hearings to determine whether they could be safely released on a personal bond. The plaintiffs also ask this court to overturn as unconstitutional part of Governor Greg Abbott's Executive Order GA-13, which limits state district judges discretion to issue personal bonds during the COVID-19 crisis."

The jail population has not been reduced. The jail population is less than one percent (1%) different today than it was on February 1st, 2020.

Plaintiff has reviewed the Body Worn Camera (BWC) video footage, as has Chief Ass. D.A. Maegen Williams and A.D.A. Patricia Fernandez, along with Judge Abigail Anastasio, the video "clearly" and convincingly shows that Plaintiff's standing perfectly still "stationary" on a sidewalk and is not in the street, near the complainant (but "a city block away from the complainant) and I am "not" chasing the complainant with a knife. This case should be dismissed, with prejudice.

At a Michael Morton Act / Brady v. Maryland Zoom / Laptop viewing of the Dash Camera and Body Worn Camera video of at least (3) officer's who responded to the scene. All video's show that I (Plaintiff / Defendant in state court 1666250) am standing still on the sidewalk. I am not

in motion. In Scott v. Harris the U.S. Supreme
Court held;

"When opposing parties tell two different
stories, one of which is blatantly contradicted by the
record, so that no reasonable jury could believe it,
a court should not adopt that version of the facts
for purposes of ruling on a motion for summary
judgement. Citing Scott v. Harris, 550 U.S. 372 (2007).
"That was the case here with regard
to the factual issue whether respondent was driving
in such fashion as to endanger human life. Respon-
dents version of events is so utterly discredited by
the record that no reasonably jury could have be-
lieved him. The Court of Appeals should not have
relied on such visible fiction; it should have viewed
the facts in the light depicted by the videotape." Citing
Scott v. Harris, 550 U.S. 372, 127 S. Ct. 1769,
167 L. Ed. 2d 686 (2007 U.S. Lexis 4748).

"Visible Fiction" is exactly what the "chase
with a Knife" claim amounts to. One other
word defines it as well a "lie." Lying is
something that happens a lot. One Officer, Officer
Day says "when we got the call... we were just
a few blocks away... I imagine" he was chasing

ES0085-01-07

him. I "imagine." The officer's are lying. The video-tape reveals that I am innocent as I've said all along. And why would the Harris County District Attorney's Office give "heightened credibility" to a Sex Offender / Pedafile / Child Molestor. His statements carry's no credible legal weight. This entire case is a Mockery of Justice, a Miscarriage of Justice and a Malicious Prosecution of someone who is Innocent.

The videotape also show's the Complainant laughing while talking to police about the incident. Not shaken up like someone "chased with a Knife."

These videotapes can be viewed easily as they are "on line" from my understanding. Attorney Thomas Lewis reviewed them and state's in a letter dated July 27th, 2020, "The video does not actually show you chasing the manager of Katz with a Knife." The Supreme Court say's in Scott v. Harris, i.d., the fact's should be viewed in the light depicted by the videotape. See Plaintiff's Exhibit-B-attached.

There are no injuries. Complainant does not have a scratch on him — not a hair from his head harmed. He is 31 years old. Six foot and one inche's tall and weigh's 160 lbs. In excellent physical condition. Why would I chase someone I can't catch. I, due to health problem's cannot run. The point I am getting at is there is no

p. 9

evidence in the record of this case that prove's
are shows I am a threat to public safety. Not
one shread of evidence showing I harmed any
person physically in any way. The Chief Prosec-
utor Maeger Williams argued complainant's statements
as if she was there and he was an outstanding
Law Abiding Citizen to Deny (or) get the Judge to
Deny my pre-trial habeas corpus request for a
Personal Recognizance Bond, 4 different times knowing
all along since March 1st, 2020 that the Complain-
ant, Evan Kartal Arisan is a Convicted Child
Molestor / Pedafile / Convicted Felon who has
served time in TDC - State of Texas Prison. See
Plaintiff's Exhibit - A- Attached - State's Notice Under
Brady v. Maryland - Certified Document # 9292-
4962 - by Assistant District Attorney Patricia Fernandez.
See also Plaintiff's Exhibit - C- State Katz-Subpoena (3/15/2020) - attached.
    So you see Judge Rosenthal it appear's I've been
telling the truth all along. I did not assault any-
one with or without a knife. HPD officer's when
arresting me should have ran a background check on
Evan Kartal Arisan instead of me. Houston Police
Know that, when they put homeless people in jail for
misdemeanors they will be released probably within 30
day's but when they "fabricate a violent charge of a
felony" they will stay in jail a long, long time.

ES0085-01-07

## IV.

## Legal Argument and Authorities

A society can be gauged by how it treats the very least of those within it. Here, especially in Houston (Harris County) Texas, the treatment is arbitrary, caprice, biased, based on the amount of money you have and how well connected you are to government officials, lawyers and the D A's Office. Wealth based Representation by Court Appointed Attorney's versus retained lawyers is an issue that should be visited by the Courts. How many persons convicted and received a sentence of 50 years to Life to Death Penalty had Court Appointed Attorney's? 9½ out of 10 my estimate.

Homeless person's living on the streets of Houston have a 10 times greater liklihood of ▪ having a bad experience with police, and being confined in jail than other non-homeless citizens. Poverty, populates the prisons one Justice penned.

Plaintiff cite's the 5th Circuit U.S. Court of Appeals decision in O'Donnell I and O'Donnell II in support of his motion.

In O'Donnell I, in its original conclusion that the imposition of automatic bail violated due process, the panel "boiled down" the violation to this situation: [O'Donnell v. Harris County, (O'Donnell I) is cited 892 F. 3d 147 (2018 - Lexis 14878)]:

(in this case substitute one
word for misdemeanor)

"[Take] two (misdemeanor) felony arrestee's who are identical in every way — same charge, same criminal backgrounds, same circumstances, etc. except that one is wealthy and one is indigent... One arrestee is able to post bond, and the other is not. As a result, the wealthy is less likely to plead guilty, more likely to receive a shorter sentence or be acquitted, and less likely to bear the social costs of incarceration. The poor arrestee by contrast, must bear the brunt of all of these, simply because he has less money than his wealthy counterpart. The district court held that this state of affairs violates the equal protection clause and we agree. Citing O'Donnell I Q 892 F. 3d @ 163.

"The last piece is critical. Detention of indigent arrestees and release of wealthier ones is not constitutionally infirm purely because of the length of detention. Instead, the court considered the consequences of such detention: the liklihood of pleading guilty, the ultimate sentence given, and the social cost of a potentially lengthy pretrial incarceration caused by an unconstitutional bail system." Citing O'Donnell v. Goodhart, 900 F.3d 220 (5th Cir. 2018).

Plaintiff would move to compel this Court to open up the case at hand in the dissent of the Honorable

p. 10-B

James E. Graves, Jr., Circuit Judge of the Fifth Circuit United States Court of Appeals where he held:

"Harris County's unconstitutional bail practices will continue to deny equal protection and due process to indigent misdemeanor (and now felony) arrestees unless the amended preliminary injunction is fully and immediately implemented." "Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of its criminal law." Citing Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The Fifth Circuit and this Court are bound to follow the previous decisions and holdings in Pugh v. Rainwater, 572 F.2d 1053 (1978 App. U.S. Lexis 11245) and Anderson v. Nosser, 438 F.2d 183 (1971 U.S. App. Lexis 11905). We acknowledged that the cited Supreme Court cases applied to indigents who were already found guilty... Regardless of its timing, "imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible." Rainwater @ 1056 concluding the "punitive and heavily burdensome nature of pretrial confinement" and the fact that it deprives someone who has only been "accused but not convicted of crime" of their basic liberty "a punitive measure — out of harmony with the presumption of innocence." We are bound by this analysis." Anderson, O'Donnell I @ Ft Note 6.

p. 10-C

✱ On a great deal of medication including 180 mg. Phenobarbital Daily for Seizure Disorder / Epilepsy.

"I am immunocompromised because I am 55 years old and have the following physical impairments:

1.) Tuberculosis Exposure - 1993
   INH Medicine - 6 month's
   X-Rays of Lung's Annually;

2.) High Blood Pressure, Tachacardia
   Myocardiac Inflamation (Chest Pain)
   Out-of-Breath easily; History Heat
   Stroke's / Heat Exhaustion;
   Impaired Oxygen Uptake;

3.) Epilepsy / Seizure Disorder;
4.) Clinical / Major Depression;
5.) Suffered COVID-19 (Coronavirus);
   twice in Harris Co Jail / April / July;
6.) Broken Finger; Fractured Left
   Elbow in Jail - did not come in with them;
7.) Hepatitis C - Cirosis / Cancer
   begining due to no treatment w/disease
   41 years - Severe liver damage;
8.) Thyroid Disfunction;
9.) Tired easily; Immune System
   Compromised Severely;

p. 10-D

ES0085-01-07

Judge Rosenthal please give a copy of this document to Judge Eskridge so I don't have to write out another one. I have a broken finger, and I don't have anymore copies of complainant (Kartal's) Arisan's child molestor felony criminal record.

A Court Order should be sent to Katz Deli terminating Evan Kartal Arisan's employment there because he is a Registered Sex Offender (who may have failed to Register Properly), and innocent young children go to the restaraunt/deli- Katz Deli on Westheimer with their parent's to eat lunch, dinner, etc. Arisan should not be allowed to work anywhere where children are. (Period. Paragraph.) If you searched his cell phone now I wonder what you might find. Additionally, the date of my arrest he had a cell phone in his hand why wouldn't he have filmed me if I had charged at him or was waiving a Knife? The reason. Because I did not chase him with a Knife. He should be charged with Aggravated Perjury.

Where Patricia Fernandez and Maegen Williams Harris County Prosecutor's Know now and have Known since March 1st, 2020 Evan Kartal Arisan whom work's at Katz Deli at 616 Westheimer Road Houston, Texas 77006 - (713) 521-3838 that Evan Kartal Arisan is a Convicted Felony Child Sex Of

ES0085-01-07

ender and has the following criminal history:

1) * Cause No. 1409666   CDI: 003
   → Poss Child Pornography/Court: 230th
   District Court of Harris County, Texas
   Disposition Date: 6/13/2014
   Convicted – Guilty Plea – No Jury
   Sentence – 2 Years TDC;

2) * Cause No. 1409665   CDI: 003
   → Possession of Child Pornography/Court:
   230th District Court of Harris County, TX
   Disposition Date: Convicted – Guilty Plea –
   No Jury / Sentence: 2 Years TDC.

* Katz Deli – (713) 521-3838 / 616 Westheimer Rd.
Houston, Texas 77006 – Manager Evan Kartal Arisan
Katz Deli serve's children. Parent's bring theirChild-
ren there to eat. There is no difference relevant
to Katz Deli and a McDonald's with a Play-Ground.
Child Molestor's do not belong there and should
not be allowed to work there. I am request-
ing his Employment Permanently Terminated and
to Verify He is properly Registering as a Sexual
Predator – Child Sex Offender. He should also be
prosecuted for Perjury and Filing a False Police

p.12

Report, not to mention Failing to Register Properly as a Child Sex Offender.

   Judge Rosenthal and Judge Eskridge I am asking both of you to have a Federal Prosecutor of your courts (Assistant United States Attorney) prosecute Evan Kartal Arisan and have his employment at Katz Deli located at 616 Westheimer Road Permanently Terminated for the safety of children in the community. Additionally, his computer usage should be investigated to see if he is actively engaged in more pedatile - child molesting - child pornography behavior.

   Wherefore, Premises Considered, Plaintiff prays that the Court Grant him the relief to which he may be entitled in these proceedings and for such further relief to which he may be entitled under the Due Process "Fundamental fairness" and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Principles of Actual and Factual Innocence, the Michael Morton Act, Brady v. Maryland, United States v. Bagley, Odonnell II, Pugh v. Rainwater 572 F. 2d 1053 (1978) and Anderson v. Nosser, 438 F. 2d 183, as law, justice, equality and the Constitution may so require.

p. 13

ES0085-01-07

So moved and prayed, Plaintiff pray's for all relief sought herein and further as the Court deems appropriate. Noting the County now admit's to 6 inmate deaths in the jail because of (COVID-19) Coronavirus.

"Executed and Sworn to on this 4th day of December, 2020."

Respectfully submitted,

Devin Paul Cole
Devin Paul Cole
Plaintiff / Pro se

(Unsworn Declaration by Inmate)

"I, Devin Paul Cole, SPN # 02145549, an inmate confined in the Harris County Jail in Harris County (Houston) Texas declare under penalty of perjury that the above and forgoing Plaintiff's Motion for Compassionate Release (COVID/Pandemic) and the factual allegations contained in same are in all things true and correct."

"Executed and Sworn to on this 4th day of December, 2020."

Respectfully submitted,

Devin Paul Cole
Devin Paul Cole
Plaintiff

p. 14

ES0085-01-07

– A –

Appendix of Exhibit's / Attached
Russell vs. Harris County (Rosenthal)
and Devin Cole vs. Harris County (Eskridge)

Exhibit-A-States Notice Evan Kartal
Arisan is a Sex/Child Offender
(Criminal Background) Molestor / Pedatile by
ADA-Patricia Fernandez

Exhibit-B- Letter from X-Attorney
Thomas J. Lewis dated
July 27th, 2020 stating
"...video does not show me chasing
the Katz manager with a Knife."

Exhibit-C- Subpoena Application to Katz
Deli - 616 Westheimer Road
Houston, Tx. 77006 (713) 521-3838

Exhibit-D- Copy of Defendant's Motion to
Dismiss Prosecution - Complain-
ant Sex Offender / Child Molestor

(-A-)
Appendix of Exhibit's

ES0085-01-07

A

Filed 20 November 03 P4:55
Marilyn Burgess - District Clerk
Harris County
EA001_604265
By: M MARTINEZ

## CASE NO. 1666250

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 184TH |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DEVIN PAUL COLE | § | HARRIS COUNTY, TEXAS |

### STATE'S NOTICE UNDER *BRADY v. MARYLAND*

COMES NOW, the undersigned Assistant District Attorney and files this State's Notice under *Brady v. Maryland* and would show the Court the following:

1. The above cause number is pending in this Court and is set for trial on *November 18, 2020*

2. In addition to defense counsel's access to the State's open file, the undersigned Assistant District Attorney hereby gives this notice to Defendant and his counsel.

State's Witness EVAN KARTAL ARISAN, has the following criminal history:

Cause: 140966601010 CDI: 003
POSS CHILD PORNOGRAPHY Crt: 230 Disp Date: 6/13/2014
Disposition: CONVICTED - GUILTY PLEA-NO JURY
Sentence: 2 YEARS TDC

Cause: 140966501010 CDI: 003
POSS CHILD PORNOGRAPHY Crt: 230 Disp Date: 6/13/2014
Disposition: CONVICTED - GUILTY PLEA-NO JURY
Sentence: 2 YEARS TDC

Respectfully submitted,

/s/ Patricia Fernandez
Patricia Fernandez
Assistant District Attorney
Harris County, Texas
713.274.0481

Certified Document Number: 92924962 - Page 1 of 2





I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 11, 2020

Certified Document Number:        92924962 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

T H O M A S  J.  L E W I S
ATTORNEY AT LAW
1602 WASHINGTON AVE.
HOUSTON, TEXAS 77007
TEL: (713) 868-0081
FAX: (713) 861-2951

_— B —_

July 27, 2020

Devin Cole
 SPN #02145549
1200 Baker St. 5-H-1
Houston, TX 77002

        Re:   **State of Texas v. Devin Cole**
             No. 1666250; 184th  District Court.
             Harris County, Texas.

Dear Mr. Cole:

    The 184th District Court ordered a psychiatric evaluation in your case because there was reason to believe that mental illness may be a defensive issue.  The evaluation has not been completed as of today's date.  Mental health evaluations have been substantially delayed due to unavailability of trained personnel during the COVID epidemic.  Accordingly the court has reset your case to August 26.

    The surveillance video from Katz's Deli proved to be inconclusive. However, I have viewed the bodycam video of the principal arresting officer, Victor Regla.  The video does not actually show you chasing the manager of Katz's with a knife. However, the manager tells the police on the video that he saw you slashing tires in the Katz' parking lot and chased after you. He says he picked up your backback and you turned around and chased him with a knife.

    On the video you appear to be screaming incoherently. It seems that you were either intoxicated or suffering some sort of mental episode. That is why it is very important to have the psychiatric evaluation which may assist in your defense.

*Concurring/Corroborating statement
by a Licensed Member Of the Bar
of Texas whom has reviewed the
video evidence and factually agrees
with Defendant Devin Paul Cole.*

Very truly yours,

Thomas J. Lewis

file
VIA REGULAR MAIL

*Devin P. Cole*
10/23/20

— B —

2020 March 30 A10:46
**Marilyn Burgess - District Clerk**
**Harris County**
**SUP_801922**
**By: M̄ MARTINEZ**

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS  IN THE DISTRICT COURT.
Dana Nazarova- March 13, 2020

CAUSE NO. <b>166625001010 003</b>

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 184 DISTRICT COURT |
| VS.. | OF HARRIS COUNTY, TEXAS |
| **DEVIN PAUL COLE** | OFFENSE  **AGG ASSAULT W/DEADLY WEAPON** |

Please issue a subpoena in the above-styled cause for the following named witness(es) whose location and vocation in this State, as far as known, I state below:

Katz Deli Management  , Vocation: Unknown, Service Type: Peace Officer
616 Westheimer Rd Houston, TX 77006   713-521-3838, County:  Harris
Special Instructions for Witness: Please provide our office with a copy of surveillance footage for an incident that occurred on February 27, 2020 involving a Manager Evan Arisan. The defendant was seen looking into the window of the restaurant at people eating. The manager went outside to tell the defendant to leave and saw the defendant in the parking lot area slash the tire of a parked vehicle. The defendant began to walk off leaving his backpack. The manager grabbed the backpack to give to police before the defendant came running up behind the manager and chased him with the knife.

Please produce said records on a CD, DVD or other electronic format in 14 business days from date subpoena received to:

Harris County District Attorney's Office
Matilde Falcon
500 Jefferson, Ste. 600
Houston, Texas 77002

IN: OFFENSE REPORT NUMBER: **027248820**

if found in your county, to appear before the Honorable **ABIGAIL ANASTASIO, IN THE 184 DISTRICT COURT**, Harris County, Texas, on **INSTANTER** at **8:45 A.M.**, to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **DEVIN PAUL COLE** is the Defendant, and to remain there from day to day, term to term until discharged by the Court.  The testimony of said witness(es) is believed to be material to the State.

Dana Nazarova
Assistant District Attorney 24104105
Harris County, Texas
713-274-5800
NAZAROVA_DANA@dao.hctx.net

Unofficial Copy Office of Marilyn Burgess District Clerk

Cause No. 1666250

| | | |
|---|---|---|
| The State of Texas | § | In The 184th District |
| | § | |
| vs. | § | Court of |
| | § | |
| Devin Paul Cole | § | Harris County, Texas |
| | § | |
| | § | |

Defendant's Motion to Dismiss Prosecution and Indictment Due to Serious Credibility Issues with Complainant, to wit: Evan Kartal Arisan is a Convicted Pedafile/Sex Offender / Convicted of Felon-Found Guilty of (2) Two Count's of Possession of Child Pornography — A Child Molestor

-p.1-
-D-

To The Honorable Abigail Anastasio, Presiding Judge:

Now Comes, Devin Paul Cole, Defendant in pro se pursuant to Faretta v. California, 422 U.S. 806, 835 (1975), and Evolving Standards of Decency in a Civilized Society, and moves this Court to Dismiss this Prosecution and the indictment it's based upon the Complainant is a Registered - Pedafile - Sex Offender - Child Molestor and Convicted Felon. Defendant files this Motion to Dismiss Prosecution and Indictment Due to Serious Credibility Issues with Complainant, to wit: Evan Kartal Arisan, is a Convicted Pedafile / Sex Offender / Convicted of Felony Possession of Child Pornography in (2) Cases in Harris County.

Due to this Newly Discovered Evidence, that was just brought to Defendant's Attention on November 12th, 2020 by Ms. Patricia Fernandez, Assistant District Attorney pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), Defendant herein respectfully moves this Court and the Harris County District Attorney's Office for immediate dismissal of this Prosecution and Indictment with Prejudice.

Defendant is "Not a Sex Offender!" Defendant

p. 2

ES0085-01-07

has never in his life of 55 years been charged with or convicted of a Sex Offense. And he never will!

Complainant Evan Kartal Arisan – Manager of Katz Deli on Westheimer has been convicted two time's for Possession of Child Pornography in the 230th District Court of Harris County, Texas on 6/13/2014 in Cause No's 1409666 and 140-9665 and was sentenced to (2) two (2) year TDC term's of imprisonment. See Defendant's Exhibit A-Attached.

Two time Pedafile / Child Molestor's are not credible. This exculpatory and impeaching evidence warrants Dismissal. These are heinous Crimes.

Wherefore, Premises Considered, Defendant Pray's that the Court Grant this Motion and Dismiss this Prosecution and Indictment with Prejudice.

"Executed and Sworn to on this 20th day of November, 2020."

11-20-2020

D.P.C.

Respectfully submitted,

Devin Paul Cole

Devin Paul Cole
Defendant / Pro Se

p.3

ES0085-01-07

(Unsworn Declaration by Inmate)

"I, Devin Paul Cole, SPN# 02145549, an inmate confined in the Harris County Jail in Harris County Texas declare under penalty of perjury that the above and forgoing Defendant's Motion to Dismiss Prosecution and Indictment Due to Serious Credibility Issues with Complainant, to wit: Evan Kartal Arisan is a Convicted Pedofile/Sex Offender / Convicted of Felony Possession of Child Pornography — A Child Molestor and the factual allegations Contained in same are in all things true and correct."

"Executed and Sworn to on this 20th day of November, 2020."

Devin Paul Cole
Devin Paul Cole
Defendant in Pro Se

(Certificate of Service)

"Service was mailed to ADA-Fernandez/Kim Ogg's Office on November 22nd, 2020." Devin P. Cole

ES0085-01-07

December 4th, 2020

\* Mr. David J. Bradley, Clerk
United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

Devin Paul Cole                    \* ( Title 42 USC § 1983 )
SPN# 02145549                        ( Civil Rights Complaint )
Harris County Jail (3D-1B)
1200 Baker Street
Houston, Texas 77002

\* Re: Russell v. Harris County - Civil Act# H-19-226
The Honorable Lee H. Rosenthal, Presiding Judge; and
the prompt filing of:

\* Plaintiff's Third Emergency Motion to Compel Com-
passionate Release of Homeless Plaintiff On A No
Cash Bail Bond Due to Age 55, Immunocompro-
mised, Alarming Increase In COVID-19 Cases, No
Evidence of Physical Harm to Anyone and Newly Dis-
covered Evidence Under Brady v. Maryland that Com-
plainant Evan Kartal Arisan is a Two Time Convicted

p. 1

ES0085-01-07

(Child Molestor, Pedafile, Sexual Predator — Sex Offender.)

Dear Mr. Bradley, Clerk,

Please find enclosed the above and forgoing Plaintiff's Motion for Compassionate Release Due to COVID-19 Pandemic Worsening Dramatically, etc. to be promptly filed with your office and the Court on my behalf in accordance with Federal Law.

Please present this Motion to Judge Rosenthal as soon as possible and if possible provide a copy for Judge Eskridge to review as well.

Thank you for your kind assistance regarding this important legal matter.

Respectfully & sincerely,

Devin Paul Cole

Devin Paul Cole
Plaintiff
Harris County Jail

p. 2

ES0085-01-07

Devin Paul Cole
SPN# 02145549
Harris County Jail (3D-1B)
1200 Baker Street
Houston, Texas 77002

APPROVED
NOV 25 2020
LEGAL INDIGENT MAIL
Inmate Services Division
Criminal Justice Command

*Mailed on 12/4/2020
(LEGAL)*

* Atn: Chief U.S District Judge Lee H
Mr. David J. Bradley, Clerk
United States District Court
For The Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

United States Courts
Southern District of Texas
FILED

DEC 09 2020

David J. Bradley, Clerk of Court



ZIP 77002
02 4W
0000368...

US POSTA...