IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, ET AL.,<br><br>        Plaintiffs,<br><br>vs.<br><br>HARRIS COUNTY, TEXAS, ET AL.,<br><br>        Defendants | Civil Action No. 4:19-cv-226 |

**RESPONSE OF JUDGES BRIAN E. WARREN, LORI C. GRAY, DANILO LACAYO AND CHUCK SILVERMAN TO 19 FELONY JUDGES' MOTION TO STAY OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

Judges Brian E. Warren, Lori C. Gray, Chuck Silverman, and Danilo Lacayo, in their official capacities as judges of the 209th, 262nd, 183rd, and 182d District Courts, Harris County, Texas (collectively, "Intervening Judges"), file this Response to inform the Court of their position with regard to the nineteen felony judges' ("Felony Judges") motion to stay or, in the alternative, motion for protective order ("motion to stay") (Dkt. No. 351).[1]

The Intervening Judges are opposed to the motion to stay. However, because the Intervening Judges are named defendants in this matter who occupy the same elected judicial positions as the nineteen felony judges seeking to stay this matter or, in the alternative, seeking a

---

[1] As described in Plaintiffs' Response, Judges Warren and Silverman intervened in this action. *See* Unopposed Motion to Intervene by Chuck Silverman (Dkt No. 181) and Unopposed Motion to Intervene by Brian Warren (Dkt No. 192). Judges Gray and Lacayo substituted counsel from the Office of the Attorney General to undersigned counsel. *See* Notice of Attorney Substitution by Lori C. Gray (Dkt No. 250) and Notice of Attorney Substitution by Danilo Lacayo (Dkt No. 291). All four judges are referred to as "Intervening Judges" for clarity in this Response.

protective order, in the event that the Court grants any of the relief sought by the Felony Judges, the interests of fairness and efficiency dictate that this relief should apply equally to the Intervening Judges.

As the Court is aware, the Intervening Judges did not join the Felony Judges' motion to dismiss based on sovereign immunity or any other grounds.  Nor have the Intervening Judges joined the Felony Judges' appeal of the denial of that motion.  The Intervening Judges have answered the complaint.  *See* Answers to Amended Complaint (Dkt No. 255 and 301).  The Intervening Judges seek to move this litigation forward expeditiously and are prepared to engage with the Plaintiffs with regard to the pending discovery requests.

However, should the Court provide any of the relief requested by the Felony Judges, that relief should apply equally to the Intervening Judges. If the Court were to grant relief to the nineteen Felony Judges, but except the four Intervening Judges, this would result in a discovery posture where identically situated public officials were set on two separate discovery paths within the same litigation. Such a result would not promote efficiency or fairness.  Therefore, the Intervening Judges respectfully ask the Court to extend any relief granted to the Felony Judges to the Intervening Judges as well.

Respectfully submitted.

*/s/ G. Allan Van Fleet*
G. Allan Van Fleet, P.C.
Attorney-in-Charge
Texas Bar No. 20494700
Southern District No. 527
6218 Elm Heights Lane, Suite 201
Houston, Texas 77081
(713) 826-1954 | FAX: None
allanvanfleet@gmail.com

**OF COUNSEL:**
Don Bradford Hardin Jr. (Admitted Pro Hac Vice)
Virginia State Bar No. 76812
Anastasia Liounakos (Admitted Pro Hac Vice)
DC Bar no. 1035450
Matthew Diggs (Admitted Pro Hac Vice)
Washington State Bar No. 36331
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC  20005
(202) 973-4238
BradfordHardin@dwt.com
AnastasiaLiounakos@dwt.com
MatthewDiggs@dwt.com

## CERTIFICATE OF SERVICE

I, G. Allan Van Fleet, hereby certify that on this the 23rd day December of 2020, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ G. Allan Van Fleet*
G. Allan Van Fleet