IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>   On behalf of themselves and all<br>   Others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, ET AL.,<br>   *Defendants*. | C.A. No. 4:19-CV-00226 |

**FELONY JUDGES' REPLY IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

To The Honorable United States District Court Chief Judge Lee H. Rosenthal:

The Felony Judges[1] hereby file this reply in support of their request to stay this case or, in the alternative, grant a protective order relieving them from responding to Plaintiffs' discovery requests until the Fifth Circuit rules on their appeal. Since filing their original Motion, Plaintiffs have served deposition notices on Judges Martin, Morton, R. Johnson, Aguilar, D. Jones, and Frankling. Exhibit A (Deposition Notices). Plaintiffs' counsel states service was made based on their confident "assumption" that this Court would deny this Motion and require the Felony Judges to participate in discovery and litigation despite their defenses of sovereign immunity and standing pending on appeal. Exhibit B (Dec. 22, 2020 email from Rossi to AAG Corbello). The Felony Judges ask this Court to defy Plaintiffs' assumption, allow them the very protections that

---

[1] To include Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Jason Luong, Amy Martin, Jess McClure, III, Chris Morton, Herb Ritchie, Brock Thomas, Hillary Unger, George Powell, and Randy Roll.

the threshold issues they have appealed are meant to provide and stay this case pending a ruling from the Fifth Circuit.

## REPLY

### I. The Felony Judges are Entitled to a Stay for Reasons Separate and Apart from *Daves v. Dallas County, Tex*.

On December 28, 2020, the Fifth Circuit issued an opinion concerning the same claims, and same Plaintiffs' counsel, as in this case. *Daves v. Dallas County, Tex*., 18-11368, 2020 WL 7693744 (5th Cir. Dec. 28, 2020). Just moments before this filing, this Court has issued an order requiring the parties to submit briefing specifically as to how the *Daves* decision is relevant to this case. Dkt. No. 358. However, the order does not provide an extension of the deadline for the Felony Judges to provide a reply in support of their Motion to Stay that specifically addresses the other argument Plaintiffs and co-defendants have made in opposition of the stay. S.D. Tex. Local Rule 7.4(E). Thus, out of an abundance of caution, the Felony Judges timely submit the arguments below. The Felony Judges will submit further briefing on January 8, 2021 per the Court's order specifically as to the impact of the *Daves* decision on both the request for stay and to this litigation in general.

### II. Plaintiffs Fail to Establish the One Jurisprudence-Supported Basis for Declining to Stay the Case Where a Sovereign Immunity Defense is on Appeal.

Despite the lengthy opposition, the parties appear to agree on the question of where jurisdiction with this Court lies while appeal is pending: "[T]his Court retains jurisdiction over any issue that is not affected by the appeal." Dkt. No. 354 at 9; Dkt. No. 351 at 3. This is indeed the rule when sovereign immunity is at issue; a stay is not discretionary in that case. The Felony Judges' filing of the notice of appeal on the basis of sovereign immunity immediately divested this

Court of jurisdiction over all[2] claims brought by Plaintiffs against the Felony Judges. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985) (holding that immunity from suit "is effectively lost if a case is erroneously permitted to go to trial").

Plaintiffs attempt a run-around the jurisprudence they recognize in two ways. First, they claim a stay is useless because this Court still has jurisdiction over the Sheriffs' cross-claim for declaratory relief against Felony Judges and, thus, the case will proceed on that claim anyway. But the Sheriff has asked this Court only to "declare his rights and obligations going forward in connection with the pre-trial detention of felony arrestees." Dkt. No. 197 at 3. Thus, the Sheriff seeks relief[3] that does not concern the Felony Judges, but only his own rights. Moreover, it is the exact same relief Plaintiffs are asking for against the Sheriff as well. *See* Dkt. No. 195.1 at 50. And because it is the same relief sought, and the Fifth Circuit has already determined the Felony Judges are sovereignly immune from this relief, there is no reason for discovery to proceed on this basis. *See* Daves, 2020 WL 7693744 at *25. *Daves* aside, since this Court has already denied the Felony Judges of sovereign immunity from this relief when sought by Plaintiffs, the Fifth Circuit will necessarily create any other law of the case for what the Sheriff is seeking even if this is a cross claim against the Felony Judges.

---

[2] Plaintiffs appear to summarize the Felony Judges appeal as concerning a "narrow" question as to whether they are sovereignly immune from an "affirmative injunction" but not any other requested relief. Dkt. No. 354 at pp. 9-10. This is clearly not what the Felony Judges' sovereign immunity defense is based on. The Felony Judges have consistently asserted they have sovereign immunity from Plaintiffs' claims, in their entirety, and that the suit against them should be dismissed completely. *See, e.g.*, Dkt. No. 228 at 30.

[3] The Felony Judges make no concession that the Sheriff is permitted to seek this relief either against the Felony Judges or any other party. S*ee Thomas v. Harris County Sheriff's Dep't*, CV H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. Mar. 14, 2019) ("As a subdivision of Harris County, the Sheriff's Department lacks capacity and is not subject to suit."); *Brown v. Harris County, TX*, CIV.A. H-07-0644, 2010 WL 774138, at *14 (S.D. Tex. Mar. 2, 2010), aff'd sub nom. *Brown v. Harris County, Tex.*, 409 Fed. Appx. 728 (5th Cir. 2010) ("Brown cannot bring claims against the Harris County District Attorney's Office, a non-jural entity, by suing [the District Attorney] in her official capacity.").

Second, Plaintiffs ask the Court to deviate from the case law by holding that the Felony Judges assertion of sovereign immunity does not impact their request for declaratory relief. Dkt. No. 354 at pp.9-10. This is, of course, not how this Court ruled when it denied sovereign immunity to the Felony Judges; this Court made no distinction between sovereign immunity from injunctive versus declaratory relief. See Dkt. No. 326 at 31 (stating the Felony Judges have asserted "sovereign immunity bars the plaintiffs' requested relief."); *see also id*. at 38 (holding that "at least some of Plaintiffs' requested relief could be permissible under *Ex parte Young*" and then detailing potentially permissible injunctive *and* declaratory relief sought by Plaintiffs that the Felony Judges are not sovereignly immune from).

That Plaintiffs have sought declaratory relief, under the very same constitutional amendments as their injunctive relief request, is immaterial to the stay analysis. In *Green v. Mansour*, 474 U.S. 64, 67 (1985), the Supreme Court extended sovereign immunity protection from a prospective injunctive relief request to the plaintiffs' ancillary demand for declaratory relief. As the Court reasoned, where there is no prospective relief to which an injunction can resolve, "[d]eclaratory relief is…barred …because such relief could relate solely to past violations of federal law." *Id*. at 73.

There should be no dispute that the *Young* exception allows private parties to bring "'suits for injunctive or *declaratory* relief against individual state officials acting in violation of federal law.'" *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Raj v. La. State Univ*., 714 F.3d 322, 328 (5th Cir. 2013)) (emphasis added); *see also* Dkt. No. 326 at 38 ("Prospective declaratory relief is permitted under *Ex parte Young*."). Thus, by moving to dismiss Plaintiffs' suit against them on the basis that *Ex parte Young* did not apply to Plaintiffs' Fourteenth Amendment

claims, Felony Judges have unequivocally appealed all claims, and all prospective relief Plaintiffs seek[4], to the Fifth Circuit.

Since Plaintiffs do not dispute that a notice of appeal divests this Court of jurisdiction over all issues on appeal, and the Felony Judges are appealing this Court's use of the *Young* exception to abrogate their sovereign immunity from all claims against them in this case, there is no question this Court lacks jurisdiction over the Felony Judges at this time.

There is, in fact, only one exception that the Fifth Circuit has recognized to the rule that a notice of appeal divests a district court of jurisdiction over all issues on appeal: district courts may maintain jurisdiction if they certify that the appeal is frivolous. *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)). This one exception, however, "is a permissive one: the district court may keep jurisdiction, but is not required to do so ... [and] '[s]uch a power must be used with restraint.'" *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017). Frivolousness, which is a plaintiff's burden to prove, requires a court to conclude that "nothing can be said on the other side." *Id*. An appeal is frivolous only when "[t]here can be no doubt, absolutely no doubt, that [an argument] was totally devoid of merit," *Dunbar*, 611 F.2d at 987, or when it "involves legal points that are not arguable on their merits." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (5th Cir. 1985).

Although Plaintiffs assert Felony Judges' appeal does not have merit, or should be decided at a later time, they stop short of ever claiming that it is frivolous or asking this Court to issue an order to declare the same. And although Felony Judges appealed this Court's order forty-five (45)

---

[4] This is unless Plaintiffs are now arguing that their claim for declaratory relief is only retrospective in nature. If this is now how they ask the Court to interpret their suit, the Felony Judges will proceed with an additional motion to dismiss on the grounds that retrospective relief is unavailable to Plaintiffs based on sovereign immunity, standing and judicial immunity.

days ago, Plaintiffs have yet to file any motion in the Fifth Circuit seeking to dismiss the appeal as frivolous. To be sure, the Fifth Circuit has recently ruled on the very same defenses the Felony Judges invoke herein in a case involving the same claims, and same Plaintiffs' counsel, in Dallas County criminal courts. *Daves v. Dallas County, Tex.*, 18-11368, 2020 WL 7693744, at *1 (5th Cir. Dec. 28, 2020). Clearly, the arguments raised by the Felony Judges are not frivolous and should not be ruled on at a later time after the protections of sovereign immunity are no longer usable. *See id*. at *25 ("Suit against the Criminal District Court Judges is barred by sovereign immunity because they are officials of the State of Texas and the *Ex parte Young* exception does not apply, and also because the Plaintiffs lack standing as to them.").

A request for ancillary declaratory relief, derived from the same constitutional causes of action as Plaintiffs' request for injunctive relief, does not permit this Court to retain jurisdiction over any part of Plaintiffs' suit against the Felony Judges. And there is no valid reason to find the Felony Judges' appeal frivolous. As such, a stay is appropriate at this time.

### III. The Court Need Not Consider Factors Only Relevant in Granting a Discretionary Stay; Even if Such Factors are Considered, They Do Not Weigh in Favor of Denial.

The Felony Judges are not asking this Court for a discretionary stay. As the case law states very clearly, this Court was divested of jurisdiction over all issues on appeal once the notice of appeal was filed. *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case.' Therefore, district courts lack 'power to 'alter the status of [a] case as it rests before the Court of Appeals.'").

Thus, there is no basis for this court to consider matters such as harm to the parties or likelihood of success on the merits. The Felony Judges are asking the Court to issue an order indicating that a stay is in place solely because both Plaintiffs and other defendants clearly believe one is not warranted despite the nature of the appeal. Should this Court accept Plaintiffs' invitation to consider the harm to both them, and other defendants, however, these are not bases for denying to stay the case. The "harms" the parties allege are simply not viable having either no basis in truth or having been solved within the same opposition Plaintiffs raised them in.

> a. **A Motion to Stay or Motion for Protective Order is Not Properly Denied Based on a Hypothetical Class.**

Plaintiffs lament that any order that protects Felony Judges' sovereign immunity from suit until the issue is decided upon would "cause extreme prejudice to putative class members" because they "are suffering ongoing, irreparable harm every day they are confined in the Harris County Jail without an adversarial bail hearing to determine whether such detention is necessary." Dkt. No. 354 at 2. This claim, assuming arguendo it is considered, ignores a very important fact about the current stage of this litigation.

Plaintiffs' class does not exist.

Instead, the only claims that currently exist in this case pertain to exactly five plaintiffs – Dwight Russell, Johnnie Pierson, Joseph Ortuno, Christopher Clack and Maurice Wilson– none of whom have alleged they suffered any harm as a result of the Felony Judges' actions. *See generally* Dkt. No. 195-1. Instead, Plaintiffs all allege their bail was determined in an unconstitutional manner by a magistrate judge. *Id.* at ¶46 (Russell); ¶52 (Pierson); ¶58 (Ortuno); ¶63 (Clack); ¶73 (Wilson).

Without a class, the harm Plaintiffs claim to suffer is speculative at best. None of the Plaintiffs are even currently incarcerated in Harris County Jail. Harris County Sheriff's Office,

*Online Public District & County Criminal Records Inquiry*, https://www.harriscountyso.org/jailinfo/HCSO_FindSomeoneInJail.aspx. So, a stay in the case would not affect them in any way because they are not, in fact, "confined in the Harris County Jail without an adversarial bail hearing to determine whether such detention is necessary."[5] Dkt. No. 354 at 2.

Rule 23(c)(1) of the Federal Rules of Civil Procedure mandates that federal courts should decide whether class certification is appropriate "as soon as practicable after the commencement of an action brought as a class action." And this Court has specifically recognized that, where a class has yet to be certified, "unlimited discovery would be unfair and unwarranted." *Mayo v. Hartford Life Ins. Co.*, 214 F.R.D. 465, 470 (S.D. Tex. 2002).

To date, Plaintiffs have sought, and received, the following discovery—

- Propounded 4 Interrogatory Requests to each of the 23 total Felony Judges;
- Propounded 4 Requests for Production to each of the 23 total Felony Judges;
- Propounded 23 more Requests for Production to each Intervening Felony Judge
- 183 total pages of responsive documents produced to Plaintiffs by Intervening Felony Judges;
- 3,821 total pages of responsive documents produced to Plaintiffs by remaining Felony Judges;
- +207,000 total pages of responsive documents produced to Plaintiffs by Harris County;
- Propounded 28 Requests for Production to Harris County;

---

[5] Even if one or more of the Plaintiffs find themselves arrested and thereafter incarcerated in Harris County Jail sometime in the near future, it would be unreasonable to place any responsibility for Plaintiffs re-offending on the fact that a stay in this case is in effect.

- Propounded 15 Requests for Production to the Harris County Sheriff;
- Propounded 4 Interrogatories to Harris County
- Propounded 3 deposition notices to Harris County Defendants[6]
- Agreement to sit for depositions by Intervening Felony Judges[7]

At the time of this reply, Plaintiffs have also chosen to conduct even more discovery in the form of depositions of a number of the Felony Judges. *See* Ex. A. Despite the claims of "extreme" harm to the "putative class" should Felony Judges' Motion be granted, Plaintiffs' 20-page opposition never once identifies what discovery they are currently lacking in order to support their motion for class certification. Thus, the automatic stay that has occurred in this case will not cause any harm to Plaintiffs who should be required to prove the requirements for class certification before proceeding any further in this suit.

   b. **Felony Judges Should Not be Denied the Protections of Sovereign Immunity and Standing Defenses Simply Because Plaintiffs Want *More* Unspecified Merits Discovery.**

Plaintiffs ask this Court assert jurisdiction, simultaneously with the Fifth Circuit, over the Felony Judges so that they can conduct "merits discovery." But, other than this generalized assertion, Plaintiffs do not identify what specific discovery is so necessary that this Court should deviate from the standard rule that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Moreover, the majority of Plaintiffs' second set of requests for

---

[6] Although these depositions have not yet occurred, the lack of any adversity between the Plaintiffs and other defendants make it likely there will be no resistance to the depositions going forward.
[7] *See*, *supra*, note 6.

production are in no way connected to the merits of their claim that pretrial detainees are entitled to formal, adversarial, evidentiary bail hearings under the Fourteenth Amendment. Dkt. No. 195.1.

And even if they were, Plaintiffs will have time to conduct this merits discovery if the resolution of the issues on appeal so requires it. Plaintiffs argue that a looming March 12th deadline for discovery in this case makes a stay "extremely prejudicial." But that deadline, aside from being movable, was issued prior to the Felony Judges being added as defendants in this case. Dkt. No. 155. Contrary to what their opposition states, Plaintiffs' counsel has previously acknowledged this fact stating: "We did agree on a scheduling order in the ordinary course before any of these judges were even parties to the case. So, **it′s not meaningfully their schedule**." July 24 2020 Hearing Transcript (15:11-13).

The Felony Judges and Plaintiffs have not yet even conducted a Rule 26(f) conference, given the Fifth Circuit's current jurisdiction over the relevant claims, which is required in order to provide this Court with a proposed deadline for discovery. "Rule 26(d)…proscribes 'discovery from any source before the parties have conferred as required by Rule 26(f).'" *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). Nor has Court issued an order that suggests a Rule 26(f) conference need not occur before merits, or class, discovery can begin.

To be sure, a Rule 26(f) conference, as well as discovery, would be premature at this stage of the litigation where appeal on dispositive, initial issues is pending and the Felony Judges have not answered the complaint. July 6, 2020 Hearing Transcript 27:24-28:1 (Court noting that nothing about Felony Judges' pre-answer position in the litigation "precludes [Plaintiffs] from conducting and proceeding with the discovery against those parties who have **appeared**, who have **answered** and who have, indeed, **already filed motions**."). But the fact remains that Plaintiffs'

concern of a March 12, 2021 discovery deadline is misplaced and unnecessary. As this Court provided the other parties with a year-long discovery period following Plaintiffs' 15-month self-imposed stay in the case, it is untenable to suggest allowing the Felony Judges a full discovery period *if* sovereign immunity is resolved would unduly prejudice any party.

That a stay would harm Plaintiffs' ability to conduct merits discovery is belied by the other argument they make to the Court: they intend to obtain discovery from the Felony Judges as third parties by serving discovery on the county defendants and intervening judges.[8] Based on Plaintiffs' own assertions, it would be incongruous to hold that a stay would harm Plaintiffs when Plaintiffs contend they already plan to avoid the harm.

### c. This Court Should Not Deny a Stay Because the Sheriff, or Plaintiffs on his Behalf, Want to Release Pre-trial Detainees.

The Sheriff states that he opposes the Felony Judges motion because the current jail population of Harris County is roughly 9,000 people. The Sheriff provides no explanation why the jail population would be affected by the Felony Judges utilizing their right to appeal. It seems unlikely this a true assertion given that there is no evidence or claim that the jail population was affected by the first 18 months the Felony Judges were not even a part of this case.

Nor should it have been.

While this Court has been concerned with the jail population, it has also recognized, "there is no good, clearly safe, constitutionally, and jurisdictionally right solution to many of the short-term problems and disagreements the pandemic has made so acute." *Russell v. Harris County, Tex.*,

---

[8] Granted, while intervening judges have willing subjected themselves to being defendants in this suit and claim they "are prepared to engage with the Plaintiffs with regard to the pending discovery requests," they also ask this Court to apply any stay made in favor of the Felony Judges to them in the interests of "fairness." Dkt. No. 356 at 2.

454 F. Supp. 3d 624, 626 (S.D. Tex. 2020). If this is so, there is surely no reason expediting this case to deprive the Felony Judges of the protection of sovereign immunity is now the solution.

Moreover, *Plaintiffs* take it upon themselves to make additional arguments on behalf of the Sheriff as to why a stay would harm *other defendants* in this case. Specifically, Plaintiffs assert the Sheriff wants to, but cannot, release persons who have not paid bail that was set "without the required substantive findings and safeguards." Dkt. No. 354 at 14. There are a number of issues with this argument. First, it is made by Plaintiffs on behalf of defendants in a suit in which settlement, to include attorneys' fees, is consistently demanded and sought on both sides. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982) (Stating that a court's first duty under Rule 23(e) is to determine "whether the settlement was a product of fraud or collusion.").

Second, Plaintiffs acknowledge that "the Sheriff believes he is bound *by state law* to enforce under pain of contempt the Felony Judges' orders he believes are unconstitutional." Dkt. No. 354 at 14. Indeed, state law does require that prisoners be "placed in jail by the sheriff" and that "[i]t is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case." Tex. Code Crim. Pro. art 2.18. But Plaintiffs have not brought a claim in this suit regarding the constitutionality of a state law. *See* Dkt. No. 195.1. And, notably, the Sheriff does not complain about this state law he is required to follow in his own filing. *See* Dkt. No. 355. Even if this is a claim that any party makes, or the Court entertains, it is not at issue here. Whether Plaintiffs or the Sheriff are displeased that the Sheriff is statutorily tasked with keeping offenders in jail unless they post bail should have no bearing on the propriety of a stay in this case.

### d. Intervening Felony Judges Personal Willingness to be Subject to Discovery and a Consent Decree is Not a Proper Basis to Deny a Stay.

Intervening Felony Judges have filed a response to Felony Judges' motion stating they oppose a stay in this case because they would like to proceed. Dkt. No. 356. But the Intervening Felony Judges have no cross-claims against the Felony Judges and have not sought to defend themselves, in any way, from the claims Plaintiffs have made. Thus, a stay in this case would in no way affect the Intervening Judges should they want to sit for depositions by the Plaintiffs or submit numerous rounds of discovery responses. While Intervening Felony Judges may prefer the Felony Judges waive their sovereign immunity defense and subject themselves to Plaintiffs' discovery requests, this desire is not a harm nor does it confer jurisdiction on this Court where there is none. And the fact that the Intervening Felony Judges would also like a stay in their discovery obligations, if Felony Judges are given the same, suggests this preference is only based on an unusual, and likely politically-driven, unwillingness or inability to assert their own sovereign immunity defenses. As the Intervening Felony Judges present no legally-sound argument for why a stay, either automatic or discretionary, would be improper in this case, any opposition they truly have should be found meritless.

## CONCLUSION

Plaintiffs and defendants oppositions provide no jurisprudential basis for why a stay or protective order is improper. The Felony Judges respectfully request that all proceedings in the trial court be stayed until the Fifth Circuit resolves the Felony Judges appeal based on immunity grounds. Alternatively, the Felony Judges request a protective order relieving them from responding to Plaintiffs' most recent set of discovery requests and all future discovery requests until the Fifth Circuit rules on the Felony Judges' appeal.

**Dated:** December 28, 2020.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID 3089117
Courtney.corbello@oag.texas.gov

/s/ *Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern Distr. No. 3503435
*Landon.Wade@oag.texas.gov*

/s/ *Jonathan M. Pena*
**JONATHAN PENA**
Assistant Attorney General
Texas State Bar No. 24110207
Southern Distr. No. 3350256
*Jonathan.Pena@oag.texas.gov*

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 457-4654

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**Counsel for the Felony Judges**

NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on December 29, 2020.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on December 29, 2020.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General