IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:19-CV-00226 |
| § | |
| HARRIS COUNTY, TEXAS, *et al.*, § | |
| *Defendants*. § | |

## ADVISORY

INTERESTED NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY KIM OGG provides the following information for the Court's consideration.

### I.  COURT DIRECTIVE

At a hearing on January 15, 2021, counsel for the Harris County Sheriff represented to the Court that there were 364 detainees with nonviolent charges and 1,151 detainees with bonds below $10,000 who were being held solely on those charges. The Sheriff agreed to forward the names of these individuals to the parties and interested non-parties and District Attorney Ogg agreed to review these defendants' cases for possible agreed lower bail recommendations to the trial court judges. *See* Docket Entry No. 369.

Later that day, counsel for the Harris County Sheriff distributed a list of 1543 inmates and indicated that the list included defendants with holds, contending, "Our hope is that we can get the [Harris County] case cleared *so that the defendant can be released to take care of the hold.*"

This does not make sense. The inclusion of defendants with holds on this list places the cart before the horse. Upon information and belief, a defendant cannot be released from the Harris County Jail until the pending hold has been legally resolved, notwithstanding the

1

defendant's eligibility for release on a pending Harris County case. Otherwise, the hold is meaningless.[1]

The District Attorney therefore respectfully limits her analysis of the Sheriff's list to the cases that she agreed to review at the January 15 hearing: *i.e.,* individuals who were being held *solely* on the basis of a non-violent charge and whose bail has been set at $10,000 or less.

## II.  ANALYSIS

Of the 1543 defendants on the list sent to the District Attorney by the Harris County Sheriff, 1148 defendants have an external hold or their pending case is violent. The District Attorney objects to lowering the bail for any of these individuals' cases.

Each of the remaining 395 defendants on the Sheriff's list were represented on the list by a single case. The data shows, however, that these 395 defendants collectively have *823* pending cases, many of which have a bond greater than $10,000.    Many of these multiple

---

[1] If counsel is suggesting that the Sheriff will not actually *release* the defendant with a pending hold when the defendant makes a bond on the pending Harris County case, but will instead turn the defendant over to the authority with a legal hold on the defendant with the belief that the defendant will thereafter return to Harris County as needed for the pending Harris County court proceeding, this approach also appears to be a non-starter.

Most holds are incapable of practical resolution before the pending Harris County case is resolved. For example, turnover of a defendant on a federal immigration hold may result in the defendant's deportation and disappearance; turnover on out-of-state extradition holds may provoke complicated and unnecessary interstate extradition battles; and turnover of defendants for parole violations cannot be resolved until the underlying criminal case giving rise to the "blue warrant" has been resolved.

In short, any hold that can be resolved prior to resolution of the pending Harris County case should be resolved by the defendant's counsel while the defendant is in custody in the Harris County Jail, which would *then* make that defendant release-eligible on a Harris County bond. But any hold that *cannot* be resolved prior to resolution of the pending Harris County case does not become more resolvable if the defendant is on bond for the Harris County case. The cart *must* follow the horse.

arrestees were on bond when arrested for new offenses.[2] As such, the assistant district attorneys reviewing the cases identified on the Sheriff's list did not consider the single case in a vacuum, but instead considered appropriate bail in the context of *all* of the pending charges against each defendant.

Of these 395 defendants:

- **9** of the cases on the Sheriff's list are already disposed and no longer subject to bond review.

- **44** of the cases on the Sheriff's list are *not* the basis for the defendant's custody (*e.g.,* the defendant is bonded out on that case or the defendant has an unexecuted open warrant on the case).

- The State is agreeing to reduction of bond in **12** cases.

- The State would either agree to or not oppose a personal bond in **48** additional cases.

- The State has no change in position or other agreement in **282** cases.

---

[2] For example, defendant M.D. (SPN 02697240) appears on the Sheriff's list with a $5000 bail amount in Cause No. 1652561, accused of having possessed a controlled substance on November 6, 2019. What is *not* notated on the Sheriff's list, however, are M.D.'s other pending charges:

- Cause No. 1654226 – November 19, 2019 possession of 200 to 400 grams of a controlled substance with intent to deliver. Bail set at $100,000.

- Cause No. 1652562 – November 6, 2019 possession of controlled substance. Bail set at $5,000.

- Cause No. 1652563 – November 6, 2019 unauthorized use of motor vehicle. Bail set at $5,000.

- Cause No. 1651746 – July 14, 2019 possession of controlled substance. Bail set at $5,000.

- Cause No. 1643229 – August 16, 2019 theft of motor vehicle. Bail set at $5,000.

The following examples illustrate the difficulty of agreeing to lower bail in many of the cases on the Sheriff's list:

- Defendant R.B. (SPN 02898435) appears on the Sheriff's list as being held in Cause No. 2331767 for misdemeanor assault of a family member in lieu of $200 bail, with a total of three misdemeanors and no felonies. The list does not reflect, however, that on November 10, 2020, while on felony deferred adjudication community supervision for burglary of a habitation (a plea deal that included dismissal of a companion robbery charge in exchange for the probated sentence), the district court judge issued a warrant for R.B.'s violation of probation and a motion to adjudicate. On November 24, 2020, R.B. entered, and the Court acknowledged, written waivers of any further bail hearings in each of the three pending misdemeanor cases.

- Defendant G.E-C. (SPN 02921947) appears on the Sheriff's list under Cause No. 1568127 for felony theft. The list does not reflect that G.E-C. is also charged in Cause No. 1655002 for felony forgery and that he is subject to an immigration hold. Additionally, G.E-C. was set for a bond review hearing on December 21, 2020, wherein the state district court continued the personal bond in Cause No. 1655002 but declined to reduce the $1,500 bond in the pending theft case. Granting a second personal bond, or even posting a surety bond on the theft case, would likely cause G.E-C. to be released to immigration authorities where he would evade prosecution if deported.

- Defendant B.A. (SPN 01297690) appears on the Sheriff's list under Cause No. 2319284 for misdemeanor terroristic threat. However, the list does not reflect that this was a violent offense, and more importantly that the county criminal court has reviewed this case in several instances in regard to the bond:
    - July 24, 2020 – personal bond granted.
    - August 25, 2020 – court issued capias revoking bond.

4

- o September 9, 2020 – court reinstated personal bond.

- o November 28, 2020 – court received bond condition violation report (based on B.A. failing to report and failing to comply with electronic monitoring) and ordered his appearance in court.

- o January 4, 2021 – court received bond condition violation report (based on B.A. failing to report and failing to comply with electronic monitoring after admonishment from court in December) and court issued a capias revoking and raising B.A.'s bond.

## III. CONCLUSION

For each of the defendants on the agreed reduction of bond or personal bond list, we will notify the defendant's counsel and the judiciary and they will expedite the setting of the recommended bail. For the defendants on the "no change in position" list, we will notify the defendant's counsel and the judiciary that we oppose any lowering of bail in that case and the defense attorney will thereafter, in consultation with his or her client, decide whether to seek a formal and/or informal bail hearing.

Respectfully submitted,

*Scott A. Durfee*

**SCOTT A. DURFEE**
State Bar No. 06277550
Assistant District Attorney
500 Jefferson, Sixth Floor
Houston, Texas 77002
(713) 755-5816 (telephone)
(713) 368-9275 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2021, a true and correct copy of the foregoing pleading was delivered by electronic notice to counsel for the parties.

*Scott A. Durfee*
Scott A. Durfee