IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>    On behalf of themselves and all<br>    Others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, ET AL.,<br>    *Defendants*. | C.A. No. 4:19-CV-00226 |

**FELONY JUDGES' OPPOSITION TO PROPOSED AMENDED SCHEDULING ORDER [Dkt. No. 388]**

**TO THE HONORABLE UNITED STATES DISTRICT COURT CHIEF JUDGE LEE H. ROSENTHAL:**

Plaintiffs have sought an extention of this Court's scheduling order, issued prior to the Felony Judges[1] being brought in as defendants to this suit. On January 28, 2021, in seeking a response from the parties as to whether the motion was opposed, Plaintiffs' counsel provided only the proposed order for review. However, the motion filed with the proposed order on January 29, 2021 states that the extension is sought specifically to engage in further discovery with the Felony Judges and set their depositions. *See* Dkt. No. 388. While the Felony Judges do not oppose, generally, an extension of the scheduling order deadlines, they do oppose the extension to the extent it is used for the purpose of burdening them with third party discovery.

---

[1] To include Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Jason Luong, Amy Martin, Chris Morton, Brock Thomas, Hillary Unger, Ana Martinez and Colleen Gaido.

Plaintiffs have agreed to dismiss the Felony Judges from this suit with prejudice. Dkt. No. 370. And the Court has agreed to vacate its order denying the Felony Judges sovereign immunity and finding that Plaintiffs have standing to sue them. Dkt. No. 386. Once the Felony Judges are dismissed, the Felony Judges will be third parties and Plaintiffs will be obligated to puruse obtaining discovery from them pursuant to Federal Rule of Civil Procedure 45. Under this Rule, Plaintiffs are required to meet a higher burden of showing discovery is necessary when engaging in third party discovery as opposed to discovery with opposing parties because "non-parties have greater protections from discovery." *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018). A subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and "[d]iscovery outside of this scope is not permitted." *Garcia v. Professional Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 WL 187577, at \*2 (W.D. Tex. Jan. 17, 2017).

Given the Fifth Circuit's recent opinion in *Daves v. Dallas County*, there is no discovery Plaintiffs will be able to identify that is relevant and necessary to this case as well as unobtainable from the remaining defendants in this case. The Fifth Circuit has stated clearly that the injury Plaintiffs seek relief from – unconstitutional bail determinations - is caused, and redressable, by magistrate judges.  Thus, there is no disernible need for discovery or depositions concerning the Felony Judges knowledge of what occurs in their own courtrooms. Plaintiffs should not be permitted to circumvent the federal rules for third party discovery to gain all the benefits of opposing party discovery while also being permitted to move forward on their desired consent decree by dismissing the Felony Judges from suit.

Thus, Plaintiffs' request for an extension in the scheduling order deadlines, to the extent it is made to burden the Felony Judges with further discovery, is opposed.

**Dated:** January 29, 2021.

    Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID 3089117
Courtney.corbello@oag.texas.gov

/s/ *Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern Distr. No. 3503435
Landon.Wade@oag.texas.gov

/s/ *Jonathan M. Pena*
**JONATHAN PENA**
Assistant Attorney General
Texas State Bar No. 24110207

Southern Distr. No. 3350256
*Jonathan.Pena@oag.texas.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**Counsel for the Felony Judges**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on January 29, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on January 29, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General