EXHIBIT 7

**HCDistrictclerk.com**   The State of Texas vs. ████████████ (SPN: 02488836)   1/26/2021

Cause: 166100501010   CDI: 3   Court: 263

## APPEALS
No Appeals found.

## PAYMENT PLAN
No Payment Plan found.

## RELATED CASES
No related cases found.

## WITNESS
No Witness found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 1/17/2020 |
| **Case (Cause) Status** | Complete |
| **Offense** | BURGLARY OF A BUILDING |
| **Last Instrument Filed** | Felony Indictment |
| **Case Disposition** | DISP-102820 |
| **Case Completion Date** | 10/28/2020 |
| **Defendant Status** | DISPOSED |
| **Bond Amount** | $15,000.00 |
| **Next/Last Setting Date** | 10/28/2020 |

### DEFENDANT DETAILS

| | | | |
|---|---|---|---|
| **Race/Sex** | B / M | **Height/Weight** | 5'07 / 165 LBS |
| **Eyes** | BRO | **Hair** | BLK |
| **Skin** | DRK | **Build** | SKN |
| **DOB** | ████1970 | **In Custody** | N |
| **US Citizen** | YES | **Place Of Birth** | AL |
| **Address** | | HOMELESS HOUSTON TX | |
| **Markings** | | TAT L ARM | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 263rd |
| **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7137556946 |
| **JudgeName** | Amy Martin |
| **Court Type** | Criminal |

## BONDS

| Date | Type | Description | SNU |
|---|---|---|---|
| 01/17/2020 | BOND SET | Refer to 15.17 Hearing SNU: 999 01/17/20 | |

## ACTIVITIES

| Date | Type | Description | SNU/CFI |
|---|---|---|---|
| 12/14/2020 | ORDER | ATTORNEY FEE VOUCHER SNU: 994 12/14/20 | |
| 12/14/2020 | ORDER | ATTY FEE AMT $1847.50 SNU: 994 12/14/20 | |
| 10/28/2020 | SENTENCED IN | COURT 263 STARTING 10/28/20 SNU: 999 10/28/20 | |
| 10/28/2020 | MOTIONS | NTC INT DESTROY EVID SNU: 996 10/28/20 | |

1

| Date | Type | Description |
|---|---|---|
| 10/28/2020 | MOTIONS | FILED CFI 263 10/28/20 |
| 10/28/2020 | MOTIONS | NTC INT DESTROY EVID SNU: 995 10/28/20 |
| 10/28/2020 | MOTIONS | FILED CFI 263 10/28/20 |
| 10/28/2020 | ORDER | DISCOVERY LOG GRANTED SNU: 995 10/28/20 |
| 10/28/2020 | OFFENSE | BURGLARY OF A BUILDING LEVEL FS 10/28/20 |
| 10/28/2020 | DELIVERY ORDER | RETURNED EXECUTED 11/17/20 SNU: 999 11/18/20 |
| 10/28/2020 | JUDGMENT | CONVICTION SNU: 999 10/28/20 |
| 10/28/2020 | JUDGMENT | GUILTY PLEA-NO JURY 10/28/20 |
| 10/28/2020 | JUDG OFFENSE | BURGLARY OF A BUILDING LEVEL FS 10/28/20 |
| 10/28/2020 | PENALTY | 10/28/20 |
| 10/28/2020 | PENALTY | STATE JAIL TERM 15 MONTHS 10/28/20 |
| 09/15/2020 | MOTIONS | PROSE:REALS PRENS BN SNU: 997 09/15/20 |
| 09/15/2020 | MOTIONS | FILED CFI 263 09/15/20 |
| 04/09/2020 | GRAND JURY ACTION | FID 04/09/20 G228 SNU: 999 04/09/20 |
| 04/09/2020 | GRAND JURY ACTION | ROTATION CRT 263 OFF FREQ BND $15000 04/09/20 |
| 04/09/2020 | GRAND JURY ACTION | OFFENSE BURGLARY OF A BUILDING LEVEL FS 04/09/20 |
| 04/09/2020 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 7640020 04/09/20 |
| 04/09/2020 | PRECEPT/SERVE IND DATE RETURNED 04/15/20 | HOW EXECUTED E 04/15/20 |
|  | DATE SERVED | 04/13/20 04/15/20 |
| 04/08/2020 | MOTIONS | REDUCE STJ TO MISD SNU: 998 04/08/20 |
| 04/08/2020 | MOTIONS | FILED CFI 263 04/08/20 |
| 01/30/2020 | ORDER | REC'D MENTAL-INTEL INTERVIE SNU: 996 01/30/20 |
| 01/30/2020 | OFFENSE | BURGLARY OF A BUILDING LEVEL FS 01/30/20 |
| 01/21/2020 | ATTORNEY | HAMM, LANCE CRAIG SNU: 999 01/21/20 |
| 01/21/2020 | ATTORNEY | AAT COURT 263 CFI 263 01/21/20 |
| 01/21/2020 | JUDGE | MARTIN, AMY DIANNE PRESIDING 01/21/20 |
| 01/18/2020 | CMIF | TIME 0157 AMOUNT $15000 SNU: 999 01/18/20 |
| 01/18/2020 | NOT ACKNOWLEDGED BY SHERIFF | 01/18/20 |
| 01/18/2020 | C87 ACTIVITY | IND ASMT H STATUS CFI 263 SNU: 998 01/18/20 |
| 01/18/2020 | C87 ACTIVITY | PCWAR DONE STATUS CFI 263 SNU: 999 01/18/20 |
| 01/18/2020 | ORDER | GRANT MENTAL-INTEL INTERVIE SNU: 997 01/18/20 |
| 01/18/2020 | OFFENSE | BURGLARY OF A BUILDING LEVEL FS 01/18/20 |
| 01/18/2020 | ORDER | GRNT SET BAIL $15000 H/O CD SNU: 998 01/18/20 |
| 01/18/2020 | OFFENSE | BURGLARY OF A BUILDING LEVEL FS 01/18/20 |
| 01/18/2020 | ORDER | FINANCIAL AFFIDAVIT FILED SNU: 999 01/18/20 |
| 01/18/2020 | OFFENSE | BURGLARY OF A BUILDING LEVEL FS 01/18/20 |
| 01/17/2020 | COMPLAINT FILED | 1820 263 BURGLARY OF A BUILDING LEVEL FS 01/17/20 |
| 01/17/2020 | BOND SET | Refer to 15.17 Hearing SNU: 999 01/17/20 |
| 01/17/2020 | REVIEWED BY | FRANKLIN, RENETTE O. 01/17/20 |

| 01/17/2020 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 7640020 04/09/20 |
| 01/17/2020 | COMPLAINANT | SCOTT, R R 04/09/20 |
| 01/17/2020 | MOTIONS | STATE HIGH BOND SNU: 999 01/17/20 |
| 01/17/2020 | MOTIONS | FILED CFI 263 01/17/20 |

## BOOKINGS

| Arrest Date | Arrest Location | Booking Date |
| --- | --- | --- |
| 1/17/2020 3:54:00 AM | 9450 | 1/17/2020 6:26:00 AM |

## HOLDS

| Agency Placing Hold | Agency Name | Warrant Number | Bond Amount | Offense | Hold Placed | Hold Lifted |
| --- | --- | --- | --- | --- | --- | --- |
| TX227015G | BOPP | 08580126 | $0.00 | PAROLE VIOLATION | 4/4/2019 | 4/18/2019 |
| TX227015G | BOPP | 08580126 | $0.00 | PAROLE VIOLATION | 6/27/2018 | 8/29/2018 |
| TX227015G | BOPP | 08580126 | $0.00 | PAROLE VIOLATION | 5/4/2018 | 5/9/2018 |
| TX227015G | BOPP | 08580126 | $0.00 | PAROLE VIOLATION | 12/1/2016 | 3/3/2017 |
| TX227015G | BOPP | 08580126 | $0.00 | PAROLE VIOLATION | 5/18/2011 | 6/24/2011 |

## CRIMINAL HISTORY

| Case(Cause)Nbr / Defendant Status | Defendant | Filed / Booked | Ct | Defendant Status | Disposition | Bond Amt | Type of Action / Offense | Next Setting |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 166100501010-3Complete(C) | | 1/17/2020 \| 1/17/2020 | 263 | Disposed(D) | Disposed(DISP)10/28/2020 | $15,000.00 | BURGLARY OF A BUILDING (F) | 10/28/2020 |
| 221224901010-2Complete(C) | | 6/27/2018 \| 6/27/2018 | 12 | Disposed(D) | Disposed(DISP)7/17/2018 | $1,000.00 | FAIL TO ID TO P.O. FALSE INF/FUG (M) | 7/17/2018 |
| 153258901010-3Dismissed(D) | | 11/30/2016 \| 12/1/2016 | 174 | Disposed(D) | Dismissed(DISM)1/12/2017 | $15,000.00 | POSS CS PG 1 <1G (F) | 1/12/2017 |
| 134358901010-3Complete(C) | | 4/11/2012 \| 4/12/2012 | 176 | Disposed(D) | Disposed(DISP)4/13/2012 | $20,000.00 | BURGLARY OF HABITATION (F) | 4/13/2012 |
| 127195801010-3Dismissed(D) | | 7/26/2010 \| 7/27/2010 | 230 | Disposed(D) | Dismissed(DISM)7/28/2010 | $20,000.00 | BURGLARY OF HABITATION (F) | 7/28/2010 |
| 125891301010-3Complete(C) | | 4/13/2010 \| 4/14/2010 | 230 | Disposed(D) | Disposed(DISP)7/28/2010 | $20,000.00 | BURGLARY OF HABITATION (F) | 7/28/2010 |

## ACTIVE PARTIES

| Name | Connection | Post Jdgm | SPN # |
| --- | --- | --- | --- |
| MARTIN, AMY DIANNE | JUDGE - CRIMINAL | | 02126837 |
| HAMM, LANCE C | APPOINTED DEFENSE ATTORNEY | | 01854783 |
| SELF, CHRISTOPHER RANDALL | PUBLIC DEFENDER AT PC DOCKET | | 02820505 |
| | DEFENDANT - CRIMINAL | | 02488836 |

## INACTIVE PARTIES

No inactive parties found.

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|------|------|------|--------|---------|-----------|-------------|----------|-------------------------------|
| 1/21/2020 09:00 AM | 263 | Assigned Court | Preliminary Assigned Court Appearance | Reset Upon Defense Request | Data Not Entered | 2/25/2020 12:00:00 AM | | Present |
| 2/25/2020 08:30 AM | 263 | Master Docket | Arraignment | Reset Upon Defense Request | Data Not Entered | 3/23/2020 12:00:00 AM | | Present |
| 7/01/2020 08:30 AM | 263 | Master Docket | Arraignment | Reset Upon Defense Request | Data Not Entered | 8/13/2020 12:00:00 AM | | Present |
| 8/13/2020 08:30 AM | 263 | Master Docket | Non-Trial Setting | Reset Upon Defense Request | Data Not Entered | 9/17/2020 12:00:00 AM | | Present |
| 9/17/2020 08:30 AM | 263 | Master Docket | Disposition | Reset Upon Defense Request | Data Not Entered | 9/29/2020 12:00:00 AM | | Present |
| 9/29/2020 08:30 AM | 263 | Master Docket | Disposition | Reset Upon Defense Request | Data Not Entered | 10/21/2020 12:00:00 AM | | Present |
| 10/21/2020 08:30 AM | 263 | Master Docket | Disposition | Reset Upon Defense Request | Data Not Entered | 10/27/2020 12:00:00 AM | | Present |
| 10/27/2020 08:30 AM | 263 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 10/28/2020 12:00:00 AM | | Present |
| 10/28/2020 09:00 AM | FJ | Video Plea Docket | Plea | Plea Guilty And Sentenced | Present | 1/1/0001 12:00:00 AM | | Absent |
| 1/17/2020 11:00 PM | PCD | Motions Docket | Probable Cause Hearing | PC FOUND AND WARNINGS GIVEN | Data Unavailable | 1/1/0001 12:00:00 AM | | To Be Set |

## ALIASES

| Defendant Alias | True Name | Race | Sex | DOB | SPN# |
|-----------------|-----------|------|-----|-----|------|
| ███████████ | | B | M | ██1970 | 02488836 |
| ███████████ | | B | M | ██970 | 02488836 |
| ███████████ | Yes | B | M | ██1970 | 02488836 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 93504740 | ATTORNEY FEE VOUCHER FILED - 301563 | | 12/14/2020 | 1 |
| -> 93504742 | EXHIBITS | | 12/14/2020 | 1 |
| 93509243 | ATTORNEY - FEE EXPENSE CLAIM (DISTRICT) | | 12/14/2020 | 2 |

| 92836112 | Notice of Intent to Destroy Evidence | 10/28/2020 | 1 |
|---|---|---|---|
| 92836120 | DISPOSED-PLEA ADMONISHMENT | 10/28/2020 | 11 |
| | DISPOSED - PLEA AGREEMENT | 10/28/2020 | |
| | DISPOSITION - TRIAL COURT CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL | 10/28/2020 | |
| | ACKNOWLEDGMENT OF COMPLIANCE WITH ATICLE 39.14 | 10/28/2020 | |
| | TRIAL - RIGHT TO APPEAL | 10/28/2020 | |
| | TRIAL - DISCOVERY | 10/28/2020 | |
| 92839700 | JUDGMENT | 10/28/2020 | 4 |
| | JUDGMENT OF CONVICTION BY COURT-WAIVER OF JURY TRIAL | 10/28/2020 | |
| 92300942 | MOTION FOR RELEASE ON PERSONAL BOND | 09/15/2020 | 3 |
| 90202594 | CHARGING INSTRUMENT - FELONY INDICTMENT | 04/09/2020 | 1 |
| 90252010 | MOTION TO REDUCE STATE JAIL FELONY TO MISDEMEANOR CONVICTION TO THE HONORABLE JUDGE OF SAID COURT: | 04/08/2020 | 2 |
| 90252014 | CORRESPONDENCE FROM DEFENDANT | 04/08/2020 | 3 |
| 89631584 | CASE RESET FORM | 02/25/2020 | 1 |
| 89099511 | APPOINTING COUNSEL | 01/21/2020 | 1 |
| 88986909 | CCP16.22 ORDER | 01/18/2020 | 1 |
| 88987062 | COMMITMENT ISSUED - FELONY | 01/18/2020 | 2 |
| | ADDITIONAL ORDERS | 01/18/2020 | |
| | FINANCIAL AFFIDAVIT FILED | 01/18/2020 | |
| | PROBABLE CAUSE & STATUTORY WARNINGS | 01/18/2020 | |
| | IND ASMT HELD | 01/18/2020 | |
| 88987331 | CHARGING INSTRUMENT - COMPLAINT | 01/17/2020 | 1 |
| 88987399 | STATES MOTION FOR HIGH BOND | 01/17/2020 | 3 |

THE STATE OF TEXAS
VS.

SPN: 02488836 **02488836**
DOB: **B M** ▬▬▬
DATE PREPARED: **1/17/2020**

D.A. LOG NUMBER: **2608801**
CJIS TRACKING NO.: **9267696378A001**
BY: **SL**  DA NO: **1922022**
AGENCY: **HPD**
O/R NO: **007640020**
ARREST DATE: **01/17/2020**

NCIC CODE: **2200 96**                RELATED CASES:

FELONY CHARGE:  **BURGLARY WITH INTENT TO COMMIT THEFT**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:        **1661005**
FIRST SETTING DATE:                                    **263**

COURT ORDERED BAIL: **REFERRED TO**
**(15.17)**
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, ▬▬▬▬▬▬▬▬▬▬, hereafter styled the Defendant, heretofore on or about **January 17, 2020**, did then and there unlawfully, with intent to commit theft, enter a building not then open to the public, owned by ▬▬▬▬▬▬▬, a person having a greater right to possession of the building than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

Before the commission of the offense alleged above, (hereafter styled the primary offense, on July 28, 2010, in Cause Number 1258913, in the 230th District Court of Harris County, Texas, the Defendant was convicted of the felony offense of Burglary of a Habitation.

Before the commission of the primary offense, and after the conviction in Cause Number 1258913 was final, the Defendant committed the felony offense of Burglary of a Habitation and was finally convicted of that offense on April 13, 2013, in Cause Number 1343589, in the 174th District Court of Harris County, Texas.

**F I L E D**
Marilyn Burgess
District Clerk

JAN 17 2020

Time: _____1820_____
Harris County, Texas
By _____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on _January 17, 2020_

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. 24073297

**COMPLAINT**

6

CAUSE NO. 166100501010          SPN: 02488836          DATE/TIME OF ARREST: 1/17/2020 03:54 AM

| THE STATE OF TEXAS | § | IN THE 263rd DISTRICT COURT |
| v. | § | |
| ▮▮▮▮▮▮▮▮▮ | § | HARRIS COUNTY, TEXAS |
| DOB: ▮▮▮▮, 1970 | | |

Pgs-2

OTPCIH
OTMSW
OTFAF
OTCMIF
ADDO
998
999
999
999
998

## STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of **STATE JAIL FELONY**, namely, **BURGLARY OF A BUILDING**.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?** ☐ **NO** ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender Self, Christopher
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☒ **NO** ☐ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

CONSULAR NOTIFICATION: If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a: ☒ United States citizen ☐ foreign national of (country).
☐ The accused requests notification of consular officials.
☐ MANDATORY NOTIFICATION: The clerk shall immediately alert the above country's consulate of this arrest.
If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. Art. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒  SEE NEXT PAGE FOR BAIL ORDER

January 18, 2020 1:57 AM
**Date and Time**

*Cheryl Diggs* (signature)
**Magistrate (Judge or Hearing Officer)**

**Interpreter (if applicable)**

Magistrate Cheryl Diggs (SPN **01677210**)          (Rev. July 24, 2018)          Page 1 of 2

CAUSE NO. <u>166100501010</u>

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of ▮▮▮▮ ▮▮▮▮ ▮▮▮▮, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A.  DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No DA Bail Request
  ☐ Higher _____
  ☒ Lower $30,000.00
  ☐ No Bail

**B.  PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☐ Opposed
  ☒ No Position
- Bail Request ☐ No PD Bail Request
  ☐ Higher _____
  ☒ Lower $1,500.00
  ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn:   ☒ Yes
                    ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:**   ☐ No Bail   ☒ $15,000.00 _____
                      ☐ Conditions

**Personal bond is:**  ☒ Not Approved   <u>CCP 17.03. HC CCH: 2F, 1M convictions (2018-2010), including 2</u>
<u>Burg Habs (2012 & 2010). No open holds.</u>
☐ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>January 18, 2020 1:57 AM</u>
**Date and Time**
Magistrate **Cheryl Diggs (SPN 01677210)**

_Cheryl Hars Diggs_ (signature)
**Magistrate (Judge or Hearing Officer)**
(Rev. July 24, 2018)

_____
**Interpreter (if applicable)**
Page 2 of 2

CAUSE NO. _____                    CHARGE _____

**THE STATE OF TEXAS**                    §          _____ **DISTRICT COURT**

V. ████████████████            §          **OF**

████████████████                §          **HARRIS COUNTY, TEXAS**

**Defendant**

## ORDER APPOINTING COUNSEL

On this, the ___ day of ___ Jan ___, 20___ the Court finds (CHECK ONE)

☑ the defendant/witness is indigent.

☐ the interests of justice require representation.

Therefore, the Court ORDERS that ☐ the **ATTORNEY LISTED BELOW** ☐ the **HARRIS COUNTY PUBLIC**

**DEFENDER'S OFFICE** is appointed to represent the defendant/witness named above in this cause.

_____                    _____
Attorney/Assistant Public Defender Assigned by HCPD          E-Mail Address

_____                    _____
Address                                    Phone Number

_____                    _____
City          State          Zip          Fax Number

01654788                    24023527
SPN Number                                 Bar Number

The Court further ORDERS the cause set for:

On the 25 day of Feb, 20___ at 8:30 a.m. before this Court

at 1201 Franklin, Houston, Harris County, Texas.

Signed this ___ day of 1-21-20, 20___.

_____
**Judge Presiding**

☐ The State has offered or    ☑ The State and Defense agree as follows:

Defense Attorney (Initials) ___          Prosecutor (Initials) ___

Defendant/Witness Signature  X  _____

**FOR COURT STAFF ONLY**

Reset by: ☐ Court ☑ Defense    ☐ Operation of Law    ☐ Prosecution
Reason for Reset:

☐ D.A. to Contact Complainant/Witness    ☐ Defense to Contact Witness    ☐ Not Indicted

☐ D.A. to Evaluate Case    ☐ Disposition of Misd./OOC Case    ☐ Other _____

☐ D.A. to Reindict    ☐ File Unavailable    ☐ Refer to _____

☐ D.A. to file MRP/MAJ    ☐ MHMRA Evaluation    ☐ Restitution Info
                          ___ 21 Day ___ Full

☐ Defendant  On Call    ☐ No Tape/Lab _____    ☐ To Hire Attorney

☐ Defendant to Consider Offer    ☐ No Offense Report

4/2017

9

CAUSE NO. _166100S_____          CHARGE _Burg Bu-lg___

THE STATE OF TEXAS            §        _263_ DISTRICT COURT

VS.                          §            OF

█████████████               §        HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

___NT_____ on __3-23-2020__ at _8:30_ a.m.
Type of Setting

_____          _____████████████_____
Attorney for the State            Defendant

☐ The State has offered:          _L Hrn_____
                                  (Print) Attorney for Defendant

                                  _____
☐ The State and Defense agree as follows:  (Signature) Attorney for Defendant

**FILED**                         _1200 Rothwell_____
Marilyn Burgess                   Address
District Clerk
                                  _Hrnn      Tx_____
FEB 2 5 2020                      City        State      Zip

Time: _____                     _24029597___  _01854783_
            Harris County, Texas   Attorney Bar #   Attorney SPN #
By: _____
            Deputy                 _71_____  _____
Interpreter Requested: Yes or No   Phone Number     Fax Number
Language: _____

For: _____Defendant _____Witness   _____
Estimated Length of Assignment: ____  Email Address

**FOR COURT STAFF USE ONLY**
Reset by ☐ Court  ☑ Defense   ☐ Operation of Law   ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case      ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call    ☐ Not indicted
☐ D.A. to evaluate case         ☐ Defendant to consider offer  ☐ Other _____
☐ D.A. to Reindict              ☐ Disposition of misd./OOC case ☐ Refer to
☐ D.A. to file MAJ/MRP          ☐ File Unavailable             ☐ Restitution Info
☐ Defense to contact witness    ☐ MHMRA Evaluation             ☐ To hire Attorney
                                   ___21 Day ___Full

**APPROVED BY THE COURT:**

_____          _2-25-20_____
Judge/Coordinator               Date Signed

5/2/12

10
DISTRICT CLERK

The State of Texas                    Cause No. 1661005    4/18    In the 263rd
v.s                                                                         Judicial District
                                                                            Court of Harris County
                                                                            Texas

p.2

motion to reduce state jail felony to misdemeanor conviction to the
Honorable Judge of said court:

Mr. ▊▊▊▊▊▊ defendant, moves this court to set aside the "Judgment"
in this clause, enter a judgement of guilt, and assess punishment for
a Class A misdemeanor, pursuant to Section 12.44 of the Penal Code, and
in support of this motion shows:

    The defendant Mr. ▊▊▊▊▊▊ asks the court to review this
request under Section (a) and (b) of 12.44 Penal Code, that the evidence
on the issue of guilt has shown that the gravity and circumstances
surrounding the offense favor a reduced sentence in this cause, in
that (state mitigating circumstances), the offense did not involve an
act of violence. Mr. ▊▊▊▊▊▊ defendant, asks the court to
review the history, character, and rehabilitative needs in favor a
reduced sentence in that (state mitigating circumstances) this is the
first offense with which the defendant has been charged. The
defendant, Mr. ▊▊▊▊▊▊ has also indicated his willingness to
cooperate with probationary supervision in an effort to avoid
incarceration and thereby continue supporting his dependents.

    Wherefore, the defendant prays the court grant this motion and
set aside the "Judgment" previously rendered in this cause,
enter a new judgment, and punish the defendant for a Class A
misdemeanor.

    I, ▊▊▊▊▊▊, being presently incarcerated in Harris
County jail, Harris County Tx declare under penalty of perjury
that the foregoing is true and correct.

Executed 3/23/2020                                   ▊▊▊▊▊▊▊▊

                        order:

**FILED**
Marilyn Burgess
District Clerk

APR 8 2020

Time: _____
Harris County, Texas
By _____
       Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

11                          Judge Presiding

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**

Name:

SPN:

Street: 1200 Bakers Street

HOUSTON, TEXAS 77002

**aramark**

**INDIGENT**

To the District clerk of 263rd
1201 Franklin St.
Houston, Texas 77002

US POSTAGE PITNEY BOWES

ZIP 77002
02 4W
0000368784 MAR 24 2020

$ 000.50⁰

Unofficial Copy Office of Marilyn Burgess District Clerk

p3

164105   Date 1/23/20

**FILED**
Marilyn Burgess
District Clerk

APR 8 2020

Time: _____
Harris County, Texas
By _____ Deputy

To Honorable Judge of this _____ Court 263. I am an Inmate Here in the Harris County Jail. And I ▮▮▮▮▮▮ write teller in a dire straight in fear of my life. For I am in harms way. I am Healthy. And at This moment Inmate or going on Because they are Being new guys/Inmate in the cellblock with maskes on. Due to This. I fear for my safety. Why This Court is mindful of the covid-19 illness. The virus. And of cases had or may have for I do not want to be apart of any case or cases of This covid-19 virus. Again. I am fear for my life. at every moment. The current Condition I'm now in pose a threat

13

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Unofficial Copy Office of Marilyn Burgess District Clerk

To my life. my anxiety is off
The charts at this qurentime;
Could this Honorable Court 263.
Find Any Vengency, program,
probation, For I have been
on probation? Itwoo To Release
me one Again, I place myself
at the mercy of the Honorable
Judges of This Said Court 263.

Complete This Said

Day 23 / 20.

Respectfully Submitted;

Unofficial Copy Office of Marilyn Burgess District Clerk

14



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 77002
02 4W
0000368784 MAR 24 2020

$ 000.50⁰

To The District Clerk
No. 263
Don Franklin
Houston, Texas, 77002

HARRIS COUNTY SHERIFF'S OFFICE JAIL

Name:
SPN:                    Cell:
Street:
HOUSTON, TEXAS 77002

aramark

INDIGENT

CAUSE NO. 1661005

THE STATE OF TEXAS    X    IN THE 263RD JUDICIAL

VS.     X    DISTRICT COURT OF P3

    X    HARRIS COUNTY, TEXAS

<u>MOTION FOR RELEASE ON PERSONAL BOND</u>

FILED
Marilyn Burgess
District Clerk
Time: _____
SEP 15 2020
Harris County, Texas
By: _____ Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, █████████, THE DEFENDANT IN THIS

ABOVE STYLED AND NUMBERED CAUSE AND IN SUPPORT OF HIS

MOTION FOR RELEASE ON PERSONAL BOND WOULD SHOW THE

COURT AS FOLLOWS:

I.

DEFENDANT WAS ARREST ON JANUARY 19, 2020 ON THE

CHARGE OF BURGLERY OF A BUILDING, AND AT ALL TIMES SINCE

HIS ARREST HAS BEEN IN THE CUSTODY OF THE HARRIS COUNTY SHERRIFF.

II.

DEFENDANT IS INDIGANT AND BECAUSE OF HIS PAUPERIS

STATUS IS UNABLE TO MAKE A SURETY BOND OF ANY AMOUNT.

III.

DEFENDANT IS EXERCISING HIS RIGHT UNDER PENAL CODE

SECTION 30.02 TO SECURE A PERSONAL BOND THAT OTHERS

WHO HAVE THE MONETARY MEANS CAN MAKE A SURETY BOND TO

BE RELEASED FROM CUSTODY. ARE NOW AFFORDED. DEFENDANT SEEKS

A PERSONAL BOND TO BE AT THE SIDE OF HIS ELDERY MOTHER

WHO IS IN HER 90S.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

WHEREFORE PREMISES CONSIDERED, DEFENDANT PRAYS THAT THIS COURT GRANTS THIS MOTION FOR RELEASE ON PERSONAL BOND IN ALL THINGS SOUGHT. AFFECTIVELY RELEASING DEFENDANT ON PERSONAL BOND.

PRAYFULLY SUBMITTED,

By ███████████████

████████████

CF I, ████████████ 02488836, BEING PRESENTLY INCARCIRATED AT 1200 BAKER STREET JAIL IN HARRIS COUNTY, TEXAS, DECLARES UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED ON SEPTEMBER 9, 2020    /S/ ████████

## ORDER

ON THIS THE _____ DAY OF _____, 2020 CAME TO BE HEARD BY ME THE DEFENDANT'S MOTION FOR RELEASE ON PERSONAL BOND AND IT APPEARS TO THIS COURT THAT IT SHOULD BE:

GRANTED _____.

DENIED, _____, AND IT IS

SO ORDERED.

/S/ _____

JUDGE PRESIDING

17



US POSTAGE ⟩⟩ PITNEY BOWES

ZIP 77002 $ 000.50⁰
02 4W
0000368784 SEP 10 2020

Unofficial Copy Office of Marilyn Burgess District Clerk

HARRIS COUNTY SHERIFF'S OFFICE JAIL

Name: _____ Cell: _____
SPN: _____ _____
Street _____ _____
HOUSTON, TEXAS 77002



INDIGENT

Your HONORABLE JUDGE OF SAID COURT
201 CAROLINE ST., COURTROOM 263 ᴰ
HOUSTON, TEXAS 77002

77002;801 0022



CAUSE No. **166100501010**

INCIDENT No. /TRN: 9267696378A001

Pgs-4

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 263RD DISTRICT | DIJWJT |
| | § | | (999- |
| V. | § | COURT | DIJDG |
| | § | | (999) |
| �▬▬▬▬▬▬▬▬▬▬ | § | HARRIS COUNTY, TEXAS | |
| | § | | |
| STATE ID No.:TX08580126 | § | | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | **JOSHUA HILL** | Date Sentence Imposed: | **10/28/2020** |
| Attorney for State: | **DYAMNISHA KING-HAWKINS** | Attorney for Defendant: | **HAMM, LANCE CRAIG** |

Offense for which Defendant Convicted:
**BURGLARY OF A BUILDING**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | |

| Date of Offense: | Plea to Offense: |
|---|---|
| **1/17/2020** | **GUILTY** |

| Degree of Offense: | Findings on Deadly Weapon: |
|---|---|
| **STATE JAIL FELONY** | **N/A** |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.
**15 MONTHS STJ**
**Reduced from: N/A**

| 1st Enhancement Paragraph: | **ABANDONED** | Finding on 1st Enhancement Paragraph: | **ABANDONED** |
|---|---|---|---|
| 2nd Enhancement Paragraph: | **ABANDONED** | Finding on 2nd Enhancement Paragraph: | **ABANDONED** |

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Punishment and Place of Confinement: | **15 MONTHS TDCJ, CID - STATE JAIL** |
|---|---|

| DATE SENTENCE COMMENCES: (Date does not apply to confinement served as a condition of community supervision.) | **10/28/2020** | THIS SENTENCE SHALL RUN: | **CONCURRENT** |
|---|---|---|---|

| Fines: | Restitution: | Restitution Payable to: **N/A** |
|---|---|---|
| $ **N/A** | $ **N/A** | (See special finding or order of restitution which is incorporated herein by this reference.) |

| Court Costs: | Reimbursement Fees: |
|---|---|
| $ **290.00** | $ **15.00** |

☐ **Defendant is required to register as sex offender** in accordance with Chapter 62, Tex. Code Crim. Proc.
**(For sex offender registration purposes only)** The age of the victim at the time of the offense was N/A .

| Total Jail Time Credit: 286 | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
|---|---|
| **DAYS** | **DAYS** NOTES: **TOWARD INCARCERATION, FINE, AND COSTS** |

Was the victim impact statement returned to the attorney representing the State? **N/A**

*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **YES**

This cause was called and the parties appeared. The State appeared by her District Attorney as named above.

<u>**Counsel / Waiver of Counsel** (select one)</u>

19

☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
☐ Defendant was tried in absentia.

      Both parties announced ready for trial.  Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea.  The Court received the plea and entered it of record.  After hearing the evidence submitted, if any, the Court **Adjudges** Defendant **Guilty** of the offense indicated above.  The Court **Finds** that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

      Having been convicted of the offense designated above, the Court **Orders** Defendant punished in accordance with the Court's findings as to the proper punishment as indicated above, and after having conducted an inquiry into Defendant's ability to pay, as directed by Article 42.15, Code Crim. Proc., the Court **Orders** Defendant to pay the fine, court costs, reimbursement fees, and restitution as indicated above and further detailed below.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.**  The Court **Orders** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **Orders** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court **Orders** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.**  The Court **Orders** Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences.  Defendant shall be confined in the county jail for the period indicated above.  Upon release from confinement, the Court **Orders** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—State Jail Felony Conviction.**  Pursuant to §12.44(a), Tex. Penal Code, the Court **Finds** that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court **Orders** Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court **Orders** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.**  The punishment assessed against Defendant is for a **fine only**.  The Court **Orders** Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court **Orders** Defendant confined    days in    as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $     (not to exceed $10,000)
☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $ As assessed as a Cond. CS ($5.00/per month of community supervision)
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) **$100**
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) **$100**
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) **$100**
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) **$50**
☐ State Traffic Fine (§ 542.4031, Transp. Code) **$50**
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $ As assessed in Cond of CS (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $     (To Be Determined by the Court)
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $ As assessed as a Cond. CS. (not to exceed $50)
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $     (not to exceed $6,000)

**Execution of Sentence**

The Court **Orders** Defendant's sentence **Executed**.  The Court **Finds** that Defendant is entitled to the jail time credit indicated above.  The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**<u>Furthermore, the following special findings or orders apply:</u>**

SEE THE ATTACHED FIREARM ADMONISHMENT

**Date Judgment Entered: October 28, 2020**

X _____

JOSHUA HILL

JUDGE PRESIDING

Clerk: A MUNOZ

Notice of Appeal Filed: _

Mandate Received: _____   Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____DAYS

Thumbprint

Case Number: 1661005  Court:  263RD  Defendant: ████████████████████

Unofficial Copy Office    Marilyn Burgess District Clerk

21

## WRITTEN ADMONITION ON INELIGIBILITY TO POSSESS FIREARM OR AMMUNITION

In accordance with Texas Administrative Code §176.1, the Court hereby admonishes you of the following:

1. You are, by entry of order or judgment, ineligible under Texas law to possess a firearm or ammunition.

2. Beginning now, if you possess a firearm or ammunition it could lead to charges against you. If you have questions about how long you will be ineligible to possess a firearm or ammunition, you should consult an attorney.

3. Under Texas Penal Code §46.01(3):

a. "**Firearm**" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use

b. "**Firearm**" does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by Penal Code Chapter 46 and that is (1) an antique or curio firearm manufactured before 1899 or (2) a replica of an antique or curio firearm manufactured before 1899 but only if the replica does not use rim fire or center fire ammunition.

The statutes listed below are a starting point for ineligibility to possess a firearm or ammunition. For more information about the laws that make you ineligible to possess a firearm or ammunition, or for more information on how long your ineligibility to possess a firearm or ammunition lasts, the Court recommends you contact an attorney.

• Code of Criminal Procedure Article 17.292 – Magistrate's Order for Emergency Protection

• Code of Criminal Procedure Article 42.0131 – Notice for Persons Convicted of Misdemeanors Involving Family Violence

• Penal Code §46.02 – Unlawful Carrying Weapons

• Penal Code §46.04 – Unlawful Possession of Firearm

• Penal Code §25.07 – Violation of Certain Court Orders or Conditions of Bond in a Family Violence, Child Abuse or Neglect, Sexual Assault or Abuse, Indecent Assault, Stalking, or Trafficking Case

• Family Code §85.026 – Warning on Protective Order

DATE: <u>10/28/2020</u>


DEFENDANT: ██████████


CASE NUMBER: 166100501010
DEFENDANT NAME: ████████████



Filed 20 December 14 A11:53
Marilyn Burgess - District Clerk
Harris County
VIPS791845_301563
By: R ROSAS

00301563

(County Auditor's Form 40-114)
Harris County, TX (REV. 03/01/2019)

## ATTORNEY FEES EXPENSE CLAIM
### DISTRICT COURTS-COURT APPEARANCE
UNDER ARTICLE 26.05, CODE OF CRIMINAL PROCEDURE AS AMENDED

Pgs-2

| Court No. 263 | Defendant Name | Case Number(s) - Charge(s) 166100501010 - BURGLARY OF A BUILDING | ATFEC (994) |
|---|---|---|---|

| **INDIVIDUAL CASE APPOINTMENT** | | No. of Court Days/Hours | Rate | Total (presumptive max) | Amount |
|---|---|---|---|---|---|
| **NON-TRIAL** | First Degree | | $255/day | $1275 | |
| | Second Degree | | $205/day | $820 | |
| | Third Degree, SJF, MRP/MAJ | 8 | $155/day | $465 | $1,240.00 |
| **TRIAL** | First Degree | | $550/day | | |
| | Second Degree | | $450/day | | |
| | Third Degree, SJF, MRP/MAJ | | $350/day | | |
| **OUT OF COURT HOURS** | First Degree | | $120/hour | $2400 | |
| | Second Degree | | $95/hour | $1140 | |
| | Third Degree, SJF, MRP/MAJ | 8.1 | $75/hour | $750 | $607.50 |
| **SPECIALTY COURT HOURS** | | | $75 - $120/hour | | |
| **INVESTIGATION HOURS** | | | $40/hour | $600/case | |
| **INVESTIGATION OTHER EXPENSES** | | | | | |
| **EXPERT** | | | | $650/case | |
| **BILINGUAL SUPPLEMENT** | | | $50/day | $250 | |
| **PRE-TRIAL HEARING WITH TESTIMONY & PSI HEARING** | | | $350/day | | |
| **OTHER** | | | | | |
| | | | | **TOTAL** | **$1,847.50** |

Court Appearance(s) : (166100501010): 02/25/2020, 07/01/2020, 08/13/2020, 09/17/2020, 09/29/2020, 10/21/2020, 10/27/2020, 10/28/2020

### PERSONAL INFORMATION

| Attorney Name HAMM, LANCE CRAIG | Telephone Number ▮▮▮▮▮ | Bar Card Number 24029597 |
|---|---|---|

Mailing Address
1200 ROTHWELL STREET  HOUSTON TX 77002

### CERTIFICATION

I swear or affirm that the Harris County Auditor may rely upon the information contained in this ATTORNEY FEES EXPENSE CLAIM to make payment according to the fee schedule adopted by the Board of District Judges Trying Criminal Cases pursuant to Tex. Code Crim. P. art. 26.05. I further swear or affirm that I have not received nor will I receive anything of value for representing the accused, except as otherwise disclosed to the Court in writing.

   /s/ HAMM, LANCE CRAIG  Bar# 24029597
        Attorney at Law (Signature)

The above fees, including any fees which exceed the presumptive maximum fees set forth herein were reviewed by this court and determined to be both reasonable and necessary and are hereby approved for payment.

Signed:

Approved  12/14/2020

Judge Presiding

| Court Number | Defendant's Name | County Auditor's Form 40-1LV |
|---|---|---|
| 263 | ████████████ | Harris County, TX  (4/06/2016) |

## In Court Activities

| Date | Event | Case | Setting Reason |
|---|---|---|---|
| 02/25/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | ARRAIGNMENT |
| 07/01/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | ARRAIGNMENT |
| 08/13/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | NON-TRIAL SETTING |
| 09/17/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | DISPOSITION |
| 09/29/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | DISPOSITION |
| 10/21/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | DISPOSITION |
| 10/27/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | DISPOSITION |
| 10/28/2020 | NON-TRIAL Third Degree, SJF, MRP/MAJ | 166100501010 | PLEA |

## Out of Court Activities

| Date | Activity | Case | Duration | Description |
|---|---|---|---|---|
| 01/21/2020 | Other | 166100501010 | 08:06 (HH:mm) | open file/initial review/discovery review-bwc/client correspondence/jail visits thru 10/20 |

**Total Out of Court Activities Hours:** 8.1

| Message Type | Message |
|---|---|
| Good Cause | took awhile to get rip done and bwc also, client initially had issue with plea work. |
| Over The Max Request | case has exceed max based upon settings due to discovery and plea work delays |