United States District Court
Southern District of Texas
**ENTERED**
February 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

The Harris County Felony District Court Judges have asked the court to vacate its November 10, 2020, Memorandum and Opinion denying their motion to dismiss. (Docket Entry No. 326). The court grants the request, for the reasons set out below.

Vacatur is an "extraordinary remedy," and the determination of whether to vacate is "an equitable one." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 26, 29 (1994). When the parties seek to vacate an opinion issued before judgment has been entered, the court considers several factors, including: "[a] the parties' desire to avoid any potential preclusive effect; [b] the public interest in the orderly operation of the federal judicial system; [c] the court's resources that will be expended if the case continues; . . . [d] the parties' interest in conserving their resources," *Modern Grp. Ltd. v. Pinnacle Companies, Inc.*, No. 1:12-CV-00043, 2013 WL 12139156, at *1 (E.D. Tex. Aug. 2, 2013), *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008); and "[e] whether the parties have caused mootness by voluntary action," *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1068 (E.D. Tex. 2011).

Courts have vacated prior opinions based on a settlement that moots the case. *See e.g., Philip Servs. Corp. v. City of Seattle*, No. CIV.A. H-06-2518, 2007 WL 3396436 (S.D. Tex. Nov. 14, 2007); *Cisco Sys.*, 590 F. Supp. 2d 828; *Ohio Willow Wood*, 769 F. Supp. 2d 1065; *Modern Grp.*, 2013 WL 12139156. The posture of this case is different. The plaintiffs have moved for voluntarily dismissal of their claims against the Felony Judges. (Docket Entry No. 370). The Felony Judges have agreed to dismiss their interlocutory appeal of the court's Memorandum and Opinion denying their motion to dismiss and have conditioned that dismissal on this court's vacatur of its ruling. (Docket Entries Nos. 327, 369, 387). The agreements are designed to move the case forward. The case is not moot and will not be mooted by vacatur. Harris County and Sheriff Gonzalez remain in the case, along with the State of Texas.[1]

The court concludes that the parties' interest in moving the case forward without delay weighs in favor of vacatur. The population and COVID-19 crises in the Harris County Jail add urgency to the need to move the case forward to the merits. Considering these exceptional circumstances, the court vacates its November 10, 2020, Memorandum and Opinion, as to the Felony Judges' motion to dismiss.

Although the public interest generally disfavors vacatur when appeal is available, *U.S. Bancorp*, 513 U.S. at 27, the substantial public interest here favors it. This case centers on constitutional claims brought by pretrial detainees allegedly denied their liberty because they cannot meet financial conditions of release, who would be released if they could pay. The public interest in resolving the claims is pressing.

The court vacates its prior ruling on the Felony Judges' motion to dismiss, (Docket Entry No. 228). The court's November 10, 2020, Memorandum and Opinion, (Docket Entry No. 326),

---

[1] The State of Texas is an intervenor as of right. (*See* Docket Entry No. 375 (granting intervention)).

3

also ruled on the State Intervenors' motion to dismiss, (Docket Entry No. 221). Those rulings remain in place.

The court's November 10, 2020, Memorandum and Opinion, (Docket Entry No. 326), is vacated as to the Felony Judges' motion to dismiss, (Docket Entry No. 228).

SIGNED on February 8, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge