IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, ET AL., <br>     Plaintiffs, <br><br> vs. <br><br> HARRIS COUNTY, TEXAS, ET AL., <br>     Defendants | Civil Action No. 4:19-cv-226 <br> The Honorable Lee H. Rosenthal <br> U.S. District Judge |

## UNOPPOSED MOTION OF JUDGES BRIAN E. WARREN AND CHUCK SILVERMAN TO WITHDRAW AS INTERVENORS

Judges Chuck Silverman and Brian E. Warren, in their official capacities as judges of the 183rd and 209th District Courts, Harris County, Texas ("Intervenor Judges"), respectfully move to withdraw as intervenors from this case.

### I.   BACKGROUND

On June 24, 2020, Judge Silverman moved to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. *See* Memorandum in Support of Unopposed Motion to Intervene by the Honorable Chuck Silverman (Dkt. No. 181). Judge Warren moved to intervene on June 26, 2020. *See* Memorandum in Support of Unopposed Motion to Intervene by the Honorable Brian E. Warren (Dkt. No. 192). This Court allowed the Intervenor Judges to intervene. *See* Orders

Granting Unopposed Motion to Intervene by Judge Chuck Silverman and Brian E. Warren (Dkt. No. 191 and 196, respectively).

This Court has indicated it will grant Plaintiffs' motion to dismiss all twenty-three Harris County District Court felony judges ("Felony Judges") as defendants when the Felony Judges represented by the Texas Attorney General's Office notify this Court of the withdrawal of their appeal currently pending in the Fifth Circuit. *See* Memorandum (Dkt. No. 386). Given the dismissal of the Felony Judges (including the Intervenor Judges) as defendants, Intervenor Judges believe they can more effectively influence bond reform through the administrative procedures of the Court, rather than as parties to this litigation. The Intervenor Judges commitment to bond reform has not changed. Rather, they recognize the need to pursue alternative means of effectuating and implementing necessary change. Therefore, the Intervenor Judges seek to withdraw as intervenors.

## II.     ARGUMENT & AUTHORITIES

Federal Rule of Civil Procedure ("Rule") 24 does not restrict an intervenor from withdrawing their intervention. Rule 24 simply states that "[o]n timely motion," there are circumstances under which a court "must" or "may" permit intervention. Fed. R. Civ. P. 24(a), (b). Therefore, a movant's decision to seek intervention is a choice that is uninitiated by the court. *See Kourtis v. Cameron*, 419 F.3d 989, 998 (9th Cir. 2005) ("Intervention has been conceived as a device that permits a nonparty to become a party *when it wishes....*"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The movant's decision to intervene is simply put before the court to either permit or deny. When an intervenor has reevaluated its decision to pursue intervention, courts have consistently granted the intervenor's request to withdraw. *See*, *e.g.,* Order, *Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.,* No.

1:13-cv-01582, Dkt. No. 60 (S.D.N.Y. Apr. 1, 2013); Order, *Brown v. Detzner*, No. 3:12-cv-00852, Dkt. No. 58 (M.D. Fla. Apr. 29, 2013); Minute Order, *South Carolina v. United States*, No. 1:12-cv-00203 (D.D.C. May 24, 2012). As long as it "does not seriously interfere with the actual hearings," withdrawal "should be freely granted." *Dowell v. Bd. of Educ. of Okla. City Pub. Sch.,* 430 F.2d 865, 868 (10th Cir. 1970) (per curiam).

The Intervenor Judges no longer seek to participate as intervenors in this proceeding. The Intervenor Judges joined this case to effect bond reform. With all twenty-three judges being dismissed as defendants, the Intervenor Judges believe that remaining as a named party to the lawsuit will hinder, rather than promote, their ability to work among their colleagues to effect practical bond reform in the near-term. Due to the current posture of the case, this goal is best achieved outside the courtroom. The Intervenor Judges' request to withdraw would not be disruptive to the proceedings in this case given the dismissal of all of the Felony Judges as defendants. Likewise, granting the Intervenor Judges' request to withdraw as intervenors would not prejudice any party at this point in the litigation. Accordingly, given that the Intervenor Judges' withdrawal would not interfere with these proceedings, the court should grant the Intervenor Judges' request to withdraw from this case.

## CONCLUSION

The Intervenor Judges respectfully request that the Court grant their Unopposed Motion to Withdraw and thereby allow them to withdraw from this proceeding.

Respectfully submitted.

*/s/ G. Allan Van Fleet*
G. Allan Van Fleet, P.C.
Attorney-in-Charge
Texas Bar No. 20494700
Southern District No. 527
6218 Elm Heights Lane, Suite 201
Houston, Texas 77081
(713) 826-1954 | FAX: None
allanvanfleet@gmail.com

**OF COUNSEL:**
Don Bradford Hardin Jr. (Admitted Pro Hac Vice)
Virginia State Bar No. 76812
Anastasia Liounakos (Admitted Pro Hac Vice)
DC Bar No. 1035450
Matthew Diggs (Admitted Pro Hac Vice)
Washington State Bar No. 36331
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
(202) 973-4238
BradfordHardin@dwt.com
AnastasiaLiounakos@dwt.com
MatthewDiggs@dwt.com

## CERTIFICATE OF CONFERENCE

I, G. Allan Van Fleet, hereby certify that I contacted counsel for Plaintiffs and counsel for Defendants via email on February 9, 2021, regarding the substance of this motion. Plaintiffs' counsel and Defendants' counsel indicated that they are unopposed to the relief requested in this motion.

## CERTIFICATE OF SERVICE

I, G. Allan Van Fleet, hereby certify that on this the 11th day of February of 2021, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ G. Allan Van Fleet*

G. Allan Van Fleet