IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

### AGREED MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs respectfully request a minor modification to the scheduling order to state that discovery requests served on or before April 23 are timely. All parties agree to the relief.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Whether good cause exists depends on: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.C.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (modifications in original). Good cause exists for the following reasons.

On January 28, 2021, Plaintiffs filed a motion to modify the scheduling order, which was unopposed by the Sheriff, County, and Intervenors, who are the remaining parties to this litigation. Dkt. 388. The scheduling order that Plaintiffs proposed, and which the Court entered on February

1

9, establishes April 23, 2021 as the close of fact discovery and states, "Written discovery requests are not timely if they are served so close to this deadline under the Federal Rules of Civil Procedure the response would not be due until after the deadline." Dkt. 403 at 1. On January 29, the day after the parties submitted the agreed scheduling order, Plaintiffs noticed depositions for February 17 through March 8, which would have provided enough time for Plaintiffs to serve written discovery requests after the last deposition, such that the requests would have been deemed timely under the scheduling order.

Several counsel for deponents asked that the depositions be postponed by several weeks to accommodate various individuals' schedules. After conferring with all parties, today, Plaintiffs served amended notices for depositions to occur between March 10 and March 30. Because Plaintiffs anticipate serving written discovery requests based on the depositions, but accommodating all counsels' schedules does not leave a full 30 days between the last scheduled deposition and the completion of discovery on April 23, Plaintiffs respectfully request that the scheduling order be modified to state that any written discovery served on or before April 23 will be deemed timely, even though the response date for such requests will be after the completion of fact discovery. Thus, Plaintiffs propose that provision 3 of the amended scheduling order be further amended to state:

3.**COMPLETION OF FACT DISCOVERY**: April 23, 2021

> Written discovery requests are not timely if they are served ~~so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.~~after April 23, 2021.

This minor modification will not affect any other dates in the scheduling order.

For the foregoing reasons, Plaintiffs have good cause to seek this modification.

Date: February 11, 2021                          Respectfully Submitted,

*/s/ Alec Karakatsanis*                          */s/ Neal S. Manne*

*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

3

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2021 a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

*/s/ Elizabeth Rossi*
Elizabeth Rossi