**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.**<br>　　　**On behalf of themselves and all**<br>　　　**Others similarly situated,**<br><br>　　　*Plaintiffs*,<br><br>**v.**<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>　　　*Defendants*. | **C.A. No. 4:19-CV-00226** |

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit A

Plaintiffs' Feb. 10th Rule 45 Subpoenas

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Judge Frank Aguilar

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## **APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## **INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

### GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### Harris County Criminal District Court Trial Division

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

APPENDIX C




# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas

---

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

_D. Brown_
Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_Paula Goodhart_
Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

### Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

#### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

#### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Judge Abigail Anastasio

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | 02/18/2021 4:30 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

*CLERK OF COURT*
                                                    OR
                                                                /s/ Elizabeth Rossi
_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>HARRIS COUNTY, TEXAS, et al. )<br><br>Defendants. ) | Case No. 4:19-cv-00226<br>(Class Action)<br>The Honorable Lee H. Rosenthal<br>U.S. District Judge |

**APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

**INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

   a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B

Case 4:19-cv-00226 Document 413-16 Filed on 03/02/21 in TXSD Page 38 of 438



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C




# JOINT ADMINISTRATIVE ORDER
## No. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 7602128I - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017


Certified Document Number:        76021281 Total Pages: 1


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183rd District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Judge DaSean Jones
_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Elizabeth Rossi |
| _Signature of Clerk or Deputy Clerk_ | _____ _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|   |   |
|---|---|
| RUSSELL, et al. | ) |
|   | ) |
| Plaintiffs, | ) |
|   | ) |
| v. | ) Case No. 4:19-cv-00226 |
|   | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|   | ) U.S. District Judge |
| Defendants. | ) |
|   | ) |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

   a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## **REQUESTS FOR PRODUCTION**

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### *Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C





# JOINT ADMINISTRATIVE ORDER
## No. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



1201 FRANKLIN * 7TH FLOOR * HOUSTON, TEXAS 77002



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March 23, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183rd District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Judge Ramona Franklin

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                               _____
                                                        *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a.  the date or approximate date of the document;

   b.  the type of document (*e.g.*, letter, memorandum);

   c.  a description of the subject matter of the document;

   d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e.  each and every person who received the document or any copy thereof;

   f.  the present custodian(s) of each document;

   g.  a list of attachments or enclosures to the document; and

   h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

   b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

   c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

   d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

   e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



## Harris County Criminal District Court Trial Division
### GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C





# JOINT ADMINISTRATIVE ORDER
# No. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** July 21, 2017

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



Certified Document Number: 7602128I - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017


Certified Document Number:      76021281 Total Pages:  1


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183rd District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Judge Greg Glass

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

CLERK OF COURT

                                                    OR

_____          /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                *Server's signature*

                                                     _____
                                                                *Printed name and title*

                                                     _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

2

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

   b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

   c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

   d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

   e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

8

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

Case 4:19-cv-00226 Document 413-1 Filed on 03/02/21 in TXSD Page 108 of 438

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the **2nd** day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

APPENDIX C



# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:      76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                                        Judge Nikita Harmon

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

*CLERK OF COURT*

OR

_____                    /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                  , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                     _____
                                                                    *Printed name and title*

                                                     _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



*Harris County Criminal District Court Trial Division*

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

Case 4:19-cv-00226 Document 413-1 Filed on 03/02/21 in TXSD Page 131 of 438

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

_Herb Ritchie_

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### Harris County Criminal District Court Trial Division

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

Exhibit G - Page 1 of 2

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

_Herb Ritchie_
Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C




# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



**DISTRICT COURTS TRYING CRIMINAL CASES**
*Harris County, Texas*

### Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

Recommended Standard Bail Practices 03/2017
Page 1 of 2

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Judge Hazel Jones

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a. the date or approximate date of the document;

   b. the type of document (*e.g.*, letter, memorandum);

   c. a description of the subject matter of the document;

   d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e. each and every person who received the document or any copy thereof;

   f. the present custodian(s) of each document;

   g. a list of attachments or enclosures to the document; and

   h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests*. These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the **2nd** day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C





# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** _July 21, 2017_

_D. Brown_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_Paula Goodhart_

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

### Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183th District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Judge Josh Hill

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | /s/ Elizabeth Rossi<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs Dwight Russell, et al.                                          , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:19-cv-00226 |
|  | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|  | ) U.S. District Judge |
| Defendants. | ) |
|  | ) |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a. the date or approximate date of the document;

   b. the type of document (*e.g.*, letter, memorandum);

   c. a description of the subject matter of the document;

   d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e. each and every person who received the document or any copy thereof;

   f. the present custodian(s) of each document;

   g. a list of attachments or enclosures to the document; and

   h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



## Harris County Criminal District Court Trial Division
## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

_Herb Ritchie_
Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C




# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

_D. Brown_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_Paula Goodhart_

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Michael McSpadden
209th District Court

Nikita V. Harmon
176th District Court

Marc Carter
228th District Court

Robert Johnson
177th District Court

Brad Hart
230th District Court

Keith Johnson
178th District Court

232nd District Court

Recommended Standard Bail Practices 03/2017
Page 1 of 2

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabahiss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Judge Kelli Johnson
_____
_(Name of person to whom this subpoena is directed)_

✓ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 02/18/2021 4:30 pm |

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

            _CLERK OF COURT_
                                                OR

_____          /s/ Elizabeth Rossi
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al.                                   , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                          *Server's signature*

                                                  _____
                                                          *Printed name and title*

                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:19-cv-00226 |
|  | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|  | ) U.S. District Judge |
| Defendants. | ) |
|  | ) |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a. the date or approximate date of the document;

   b. the type of document (*e.g.*, letter, memorandum);

   c. a description of the subject matter of the document;

   d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e. each and every person who received the document or any copy thereof;

   f. the present custodian(s) of each document;

   g. a list of attachments or enclosures to the document; and

   h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

   b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

   c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

   d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

   e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

8

# APPENDIX B



**Harris County Criminal District Court Trial Division**

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### Harris County Criminal District Court Trial Division

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

**Exhibit G - Page 1 of 2**

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the **2nd** day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** ___July 21, 2017___

_____
Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_____
Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23** , 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabahiss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| Dwight Russell, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       Judge Jason Luong

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br> 1000 Louisiana, Ste 5100<br> Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

CLERK OF COURT

                                                                OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    /s/ Elizabeth Rossi
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                   _____
                                                      *Printed name and title*

                                   _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
|  | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
|  | ) | U.S. District Judge |
| Defendants. | ) | |
|  | ) | |

**APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

**INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a.  the date or approximate date of the document;

   b.  the type of document (*e.g*., letter, memorandum);

   c.  a description of the subject matter of the document;

   d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e.  each and every person who received the document or any copy thereof;

   f.  the present custodian(s) of each document;

   g.  a list of attachments or enclosures to the document; and

   h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



## Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

Case 4:19-cv-00226 Document 413-1 Filed on 03/02/21 in TXSD Page 223 of 438

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the _2nd_ day of April, 2020

_Herb Ritchie_
Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183th District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                  Judge Amy Martin

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 02/18/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

*CLERK OF COURT*

OR

_____                    /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____, who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

**Exhibit G - Page 1 of 2**

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the **2nd** day of April, 2020

_Herb Ritchie_
Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

_____
Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_____
Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



Certified Document Number: 7602l281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:      76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabahiss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Judge Jesse McClure, III

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                              , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:19-cv-00226 |
|  | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|  | ) U.S. District Judge |
| Defendants. | ) |
|  | ) |

## **APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## **INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## **REQUESTS FOR PRODUCTION**

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



## Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C





# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: July 21, 2017

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:      76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabahiss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| Dwight Russell, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Chris Morton

_____
*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | 02/18/2021 4:30 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                        *Server's signature*

                                          _____
                                                        *Printed name and title*

                                          _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

**APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

**INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a. the date or approximate date of the document;

   b. the type of document (*e.g.*, letter, memorandum);

   c. a description of the subject matter of the document;

   d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e. each and every person who received the document or any copy thereof;

   f. the present custodian(s) of each document;

   g. a list of attachments or enclosures to the document; and

   h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## **DEFINITIONS**

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

   a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

5

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

    In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses.  No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

    Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

    **Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
       Harris County, Texas
By_____
       Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
# No. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



**DISTRICT COURTS TRYING CRIMINAL CASES**
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

Recommended Standard Bail Practices 03/2017
Page 2 of 2

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         Judge George Powell

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/10/2021

*CLERK OF COURT*

OR

_____         /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                     , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                      *Server's signature*

                                                 _____
                                                      *Printed name and title*

                                                 _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|                                      |     |                              |
| ------------------------------------ | --- | ---------------------------- |
|                                      | )   |                              |
| RUSSELL, et al.                      | )   |                              |
|                                      | )   |                              |
| Plaintiffs,                          | )   |                              |
|                                      | )   |                              |
| v.                                   | )   | Case No. 4:19-cv-00226       |
|                                      | )   | (Class Action)               |
| HARRIS COUNTY, TEXAS, et al.         | )   | The Honorable Lee H. Rosenthal |
|                                      | )   | U.S. District Judge          |
| Defendants.                          | )   |                              |
|                                      | )   |                              |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### *Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

F I L E D
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
### District Judges Trying Criminal Cases
### Judges of the County Criminal Courts at Law
### Harris County, Texas



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: __July 21, 2017__

_D. Brown_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

_Paula Goodhart_

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 25, 2017

Certified Document Number:        76021281 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

### Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Michael McSpadden
209th District Court

Nikita V. Harmon
176th District Court

Marc Carter
228th District Court

Robert Johnson
177th District Court

Brad Hart
230th District Court

Kelli Johnson
178th District Court

232nd District Court

HC 120494

### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183rd District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

Recommended Standard Bail Practices 03/2017
Page 2 of 2

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Dwight Russell, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Judge Herb Ritchie

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| | |
|---|---|
| Place: Susman Godfrey L.L.P.<br>        1000 Louisiana, Ste 5100<br>        Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

CLERK OF COURT

                                                              OR

_____                    /s/ Elizabeth Rossi
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

**APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

**INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### Harris County Criminal District Court Trial Division

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

_Herb Ritchie_ (signature)

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

APPENDIX C





# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** July 21, 2017

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law


Certified Document Number: 7602128 I - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
#### Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

|  |  |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       Judge Robert Johnson

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2021

|  |  |  |
|---|---|---|
| _CLERK OF COURT_ | | |
| | OR | /s/ Elizabeth Rossi |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

   b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

   c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

   d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

   e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

5

## REQUESTS FOR PRODUCTION

5.  All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6.  All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7.  All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8.  All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9.  All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

# APPENDIX B



### Harris County Criminal District Court Trial Division

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

_Herb Ritchie_

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

Exhibit G - Page 1 of 2

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

_Herb Ritchie (signature)_

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C





# JOINT ADMINISTRATIVE ORDER
# NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** July 21, 2017

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

### Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

#### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

#### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

Recommended Standard Bail Practices 03/2017
Page 1 of 2

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Catherine Evans
180th District Court

Jeannine Barr
182nd District Court

Vanessa Velasquez
183rd District Court

Jan Krocker
184th District Court

Susan Brown
185th District Court

Denise Collins
208th District Court

Katherine Cabaniss
248th District Court

Denise Bradley
262nd District Court

Jim Wallace
263rd District Court

Herb Ritchie
337th District Court

Ramona Franklin
338th District Court

Maria Jackson
339th District Court

George Powell
351st District Court

HC 120495

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Randy Roll

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>    1000 Louisiana, Ste 5100<br>    Houston, TX 77002-5096 | Date and Time:<br><br>    02/18/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

         *CLERK OF COURT*
                                              OR
                                                          /s/ Elizabeth Rossi
    _____        _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00226 |
| | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
| | ) U.S. District Judge |
| Defendants. | ) |
| | ) |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

   b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

   c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

   d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

   e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

5

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

8

# APPENDIX B



**Harris County Criminal District Court Trial Division**

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20ᵗʰ day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas

By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C



# JOINT ADMINISTRATIVE ORDER
## NO. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**



## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 7602281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabahiss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

HC 120495

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Judge Brock Thomas

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2021

| *CLERK OF COURT* | |
|---|---|
| | OR |
|   | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiffs Dwight Russell, et al.                     , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## APPENDIX A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a. the date or approximate date of the document;

    b. the type of document (*e.g.*, letter, memorandum);

    c. a description of the subject matter of the document;

    d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e. each and every person who received the document or any copy thereof;

    f. the present custodian(s) of each document;

    g. a list of attachments or enclosures to the document; and

    h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present. Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

8

# APPENDIX B



*Harris County Criminal District Court Trial Division*

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

Case 4:19-cv-00226 Document 413-6 Filed on 03/09/27/20 in TXSD Page 407 of 438

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



*Harris County Criminal District Court Trial Division*

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 0 2 2020

Time:_____
Harris County, Texas
By_____
Deputy

Exhibit G - Page 1 of 2

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rd Degree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

APPENDIX C





# JOINT ADMINISTRATIVE ORDER
# No. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## ORDER APPOINTING PUBLIC DEFENDER FOR ART. 15.17 BAIL HEARINGS

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to TEX. CODE CRIM. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

DATED: _July 21, 2017_

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 76021281 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:        76021281 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



*DISTRICT COURTS TRYING CRIMINAL CASES*
*Harris County, Texas*

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

_____
Hazel Jones
174th District Court

_____
Nikita V. Harmon
176th District Court

_____
Robert Johnson
177th District Court

_____
Kelli Johnson
178th District Court

_____
Michael McSpadden
209th District Court

_____
Marc Carter
228th District Court

_____
Brad Hart
230th District Court

_____
232nd District Court

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                             Judge Hilary Unger

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #5 through #27, attached as appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>02/18/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/10/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

**APPENDIX A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that you produce the following documents.

**INSTRUCTIONS**

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Judges, as "Judge" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

    a.  the date or approximate date of the document;

    b.  the type of document (*e.g.*, letter, memorandum);

    c.  a description of the subject matter of the document;

    d.  each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

    e.  each and every person who received the document or any copy thereof;

    f.  the present custodian(s) of each document;

    g.  a list of attachments or enclosures to the document; and

    h.  the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 45.

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible

to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations, presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or

3

thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," and "your" refer to the individual named on the subpoena as well as their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on their behalf.

8. The terms "Felony Judges," and "Judges" refer to Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, Ana Martinez, Colleen Gaido, Te'iva Bell, Natalia Cornelio, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

9. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by the Judges, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

10. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

    a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

11. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case.

12. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

13. The term "bail hearing" means any proceeding at which conditions of release are determined.

14. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

15. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

16. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication,

4

transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17. The term "personal bond" refers to an order releasing a person on unsecured bail.

18. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

19. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

20. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

24. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

25. The term "referred to" or "refer to" means to look at or in something for information.

26. The term "inquiry" refers to an act of asking for or seeking information.

27. The term "preference" refers to a greater liking for one alternative over another or others.

28. The term "written decisions" refers to any decision, ruling, or opinion issued in a felony case by a Felony Judge that is written down on paper or electronically.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories to or from any of the Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, App'x B; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause, App'x C.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." App'x D.

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware were produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in your courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to you by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts to you from any lawyer who has practiced in your courtroom.

22. All documents reflecting every case in which you authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at meeting any Judge's interest in an arrestee coming to court and/or not being rearrested.

24. All documents reflecting any inquiry any Felony Judge has made to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by a Felony Judge or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: February 10, 2021

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

APPENDIX B



*Harris County Criminal District Court Trial Division*

## GENERAL ORDER BOND FOR CERTAIN OFFENSES

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent state jail felony offenses. No person shall be released under this General Order Bond who already has an open, pending felony case, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under this General Order Bond, to be supervised by Pretrial Services:

Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or pending felony charge:

- Bribery, 36.02
- Credit or Debit Card Abuse, 32.31(d)
- Criminal Mischief, 28.03
- Electronic Access Interference, 33.022
- Delivery of Marihuana, 481.120(b)(3)
- False Statement to Obtain Property or Credit, 32.32
- Forgery, 32.23(e)
- Fraudulent Transfer of a Motor Vehicle, 32.34
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(2)
- Graffiti, 28.08
- Health Care Fraud, 35A.02(b)(4)-(6)
- Insurance Fraud, 35.02(c)(4)-(6)
- Manufacture or Delivery of Substance in Penalty Group 1, 481.112(b)
- Possession of Substance in Penalty Group 1, 481.115(b)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03
- Possession of Marihuana, 481.121(b)(3)
- Theft, 31.03(e)(4)
- Theft of Service, 31.04(e)(4)

Case 4:19-cv-00226 Document 413-6 Filed on 03/09/21 in TXSD Page 30 of 34

- Theft of Telecommunications Service, 33A.04(b)(3)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3)

Signed the 20th day of March, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases



### Harris County Criminal District Court Trial Division

---

## FIRST AMENDED GENERAL ORDER BOND FOR CERTAIN OFFENSES

---

In an effort to stem the tide of accused citizens being admitted to the Harris County Jail and to expedite the release of those arrested, the Harris County District Court Judges Trying Criminal Cases have approved a First Amended Order granting a General Order Bond to facilitate the immediate release of people arrested and charged with certain non-violent felony offenses. No person shall be released under a General Order Bond who already has an open, pending felony case, a prior conviction involving a crime of physical violence or the threat of physical violence, or who has an open warrant or hold, or who is on supervised release, such as felony probation or felony deferred adjudication.

Effective immediately, upon identification by the Harris County District Attorney's Office and before the matter is placed on the Hearing Officers' docket, Harris County Pretrial Services is **ORDERED** to process the immediate release of the following persons under a General Order Bond, to be supervised by Pretrial Services:

**Any person booked into the Harris Joint Processing Center, arrested for the offenses listed below, who is not already on felony probation or felony deferred adjudication, or does not have another warrant, hold, or does not have a prior conviction involving a crime of physical violence or the threat of physical violence, or does not have a pending felony charge:**

- Abuse of Official Capacity 39.02(c)(4-5) (SJF and 3rd Degree)
- Aggravated Perjury 37.03 (3rd Degree)
- Bigamy 25.01(e) (3rd through 1st Degree)
- Breach of Computer Security 33.02(b-2)(4),(5) (SJF and 3rd Degree)
- Bribery 36.02 (2nd Degree)
- Burglary of a Vehicle 30.04(d)(2) and (3) (SJF and 3rd Degree)
- Commercial Bribery 32.43 (SJF)
- Credit Card Transaction Record Laundering 32.35(e)(4-5) (SJF and 3rd Degree)
- Credit or Debit Card Abuse 32.31(d), if victim not elderly (SJF)
- Criminal Mischief, 28.03(b)(4) (SJF)
- Delivery or Offer of Delivery of Dangerous Drug 483.042 (SJF)
- Drug-Free Zones 481.134 (SJF through 2nd Degree)
- Electronic Access Interference, 33.022 (3rd Degree)
- Electronic Data Tampering 33.023(d-1)(4),(5) and (d-2)(1-2) (SJF and 3rd Degree)
- Evading 38.04(b)(1) or (b)(1)(a) (SJF – second offender only)
- False Statement to Obtain Property or Credit, 32.32(c)(4) (SJF)

**FILED**
Marilyn Burgess
District Clerk

APR 02 2020

Time:_____
Harris County, Texas
By_____
Deputy

- Forgery 32.21(d) and (e-1)(4) (SJF)
- Fraud 481.129 (SJF through 2nd Degree)
- Fraudulent Filing of Financial Statement 37.101(b) (SJF and 3rd Degree only)
- Fraudulent Transfer of a Motor Vehicle, 32.34(f)(1) (SJF)
- Fraudulent Use or Possession of Identifying Information, 32.51(c)(1)(2) (SJF and 3rdDegree)
- Graffiti, 28.08(b)(4) and (d) (SJF)
- Health Care Fraud, 35A.02(b)(4)-(6) (SJF through 2nd Degree)
- Hindering Secured Creditors 32.33(d)(4-5) and (e)(4-5) (SJF and 3rd Degree)
- Illegal Divulgence of Public Communication 16.05(d) (SJF)
- Illegal Recruitment of an Athlete 32.441(e)(4-7) (SJF through 1st Degree)
- Insurance Fraud, 35.02(c)(4)-(6) and (d) (SJF through 2nd Degree)
- Interference with Railroad Property 28.07(e)(3) (SJF)
- Manufacture of Dangerous Drug 483.043 (SJF)
- Manufacture, Possession, or Delivery of Unlawful Telecommunications Device, 33A.03 (3rd Degree)
- Money Laundering 34.02(e)(1-3) (SJF through 2nd Degree)
- Official Oppression 39.03(d) (3rd Degree)
- Online Impersonation 33.07 (3rd Degree)
- Organized Retail Theft 31.16(c)(4-5) (SJF and 3rd Degree)
- Possession, Transport Certain Chemicals with Intent to Manufacture CS 481.124 (SJF -- 2nd Degree)
- Possession, Use, Manufacture, Delivery, Sale of Substances 481, 482, 483, 484, 485 (SJF - 2nd degree)
- Prostitution 43.02(c)(2) and (c-1)(1) (SJF)
- Securing Execution of Document by Deception 32.46(b)(4-6) (SJF through 2nd Degree)
- Tampering with a Governmental Record 37.10 (3rd and 2nd Degree)
- Theft, 31.03(e)(4-5) (SJF and 3rd Degree)
- Theft of Service, 31.04(e)(4-5) (SJF and 3rd Degree)
- Theft of Telecommunications Service, 33A.04(b)(3-4) (SJF and 3rd Degree)
- Trademark Counterfeiting 32.23(e)(4-5) (SJF and 3rd Degree)
- Unauthorized Absence from Community Corrections Facility 38.113 (SJF)
- Unauthorized Disclosure of Information 481.127 (SJF)
- Unauthorized Use of Telecommunications Service, 33A.02(b)(3-4) (SJF and 3rd Degree)
- Unauthorized Use of a Vehicle 31.07 (SJF)
- Unlawful Access to Stored Communication 16.04(d) (SJF)
- Unlawful Decryption 33.024(b-1)(4),(5) and (b-2)(1-2) (SJF and 3rd Degree)
- Unlawful Interception, Use, Disclosure of Wire, Oral, Electronic Communication 16.02 (d)(f)(g) (SJF)
- Unlawful Use of a Criminal Instrument or Mechanical Security Device 16.01 (SJF)

This ORDER supersedes the Order granting General Order Bond for Certain Offenses that was signed and entered March 20, 2020.

Signed the 2nd day of April, 2020

Herb Ritchie
Administrative Judge
Harris County District Courts Trying Criminal Cases

# APPENDIX C




# Joint Administrative Order
# No. 2017-01
**District Judges Trying Criminal Cases**
**Judges of the County Criminal Courts at Law**
**Harris County, Texas**

## Order Appointing Public Defender for Art. 15.17 Bail Hearings

The District Judges Trying Criminal Cases in Harris County and the Harris County Criminal Courts at Law hereby appoint the Harris County Public Defender to represent all consenting defendants for the limited purpose of advocating bail issues at any hearing before a Harris County Criminal Law Hearing Officer pursuant to Tex. Code Crim. P. Art. 15.17. Representation under this appointment does not extend beyond the conclusion of the Article 15.17 hearing. The Public Defender may delegate these duties to an Assistant Public Defender.

This Order becomes effective on Monday, July 31, 2017.

**DATED:** July 21, 2017

Judge Susan Brown
185th District Court
Administrative Judge
Harris County Criminal District Courts

Judge Paula Goodhart
County Criminal Court at Law No. 1
Presiding Judge
Harris County Criminal Courts at Law

Certified Document Number: 7602128I - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 25, 2017

Certified Document Number:      76021281 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# APPENDIX D



### DISTRICT COURTS TRYING CRIMINAL CASES
Harris County, Texas

## Recommended Standard Bail Practices

This replaces any previous document(s) regarding the Felony District Courts

### PERSONAL (PRETRIAL) BONDS
- Follow Texas Code of Criminal Procedure Chapter 17
- Pursuant to §17.21, refer all assaultive cases to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order
- PR Bond is favored in all cases in which the defendant is determined to be low risk

### BAIL
Refer to Bail Guidelines

Any questions should be referred to the presiding judge assigned to the case pursuant to the Harris County Direct Filing Order

Signed March **23**, 2017

Hazel Jones
174th District Court

Nikita V. Harmon
176th District Court

Robert Johnson
177th District Court

Kelli Johnson
178th District Court

Michael McSpadden
209th District Court

Marc Carter
228th District Court

Brad Hart
230th District Court

232nd District Court

Recommended Standard Bail Practices 03/2017
Page 1 of 2

HC 120494

## DISTRICT COURTS TRYING CRIMINAL CASES
### Harris County, Texas

Randy Roll
179th District Court

Katherine Cabaniss
248th District Court

Catherine Evans
180th District Court

Denise Bradley
262nd District Court

Jeannine Barr
182nd District Court

Jim Wallace
263rd District Court

Vanessa Velasquez
183rd District Court

Herb Ritchie
337th District Court

Jan Krocker
184th District Court

Ramona Franklin
338th District Court

Susan Brown
185th District Court

Maria Jackson
339th District Court

Denise Collins
208th District Court

George Powell
351st District Court

Recommended Standard Bail Practices 03/2017
Page 2 of 2
HC 120495