**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**DWIGHT RUSSELL, ET AL.**
      **On behalf of themselves and all**
      **Others similarly situated,**

      *Plaintiffs*,

**v.**
                                  **C.A. No. 4:19-CV-00226**

**HARRIS COUNTY, TEXAS, ET AL.,**
      *Defendants*.

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit C

Plaintiffs' Feb. 22nd Rule 45 Subpoenas

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

Civil Action No.  4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Judge Frank Aguilar

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Dwight Russell, et al. , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.      Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.      Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.       "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.


DATE: February 22, 2021                          Respectfully Submitted,

*/s/ Alec Karakatsanis*                           */s/ Neal S. Manne*
*/s/ Elizabeth Rossi*                             Neal S. Manne
Alec George Karakatsanis (*Pro Hac Vice*)         Texas Bar No. 12937980
alec@civilrightscorps.org                         nmanne@susmangodfrey.com
Elizabeth Rossi (*Pro Hac Vice*)                  Lexie G. White
elizabeth@civilrightscorps.org                    Texas Bar No. 24048876
Civil Rights Corps                                lwhite@susmangodfrey.com
1601 Connecticut Ave NW, Suite 800                Joseph S. Grinstein
Washington, DC 20009                              Texas Bar No. 24002188
Telephone: (202) 681-2721                         jgrinstein@susmangodfrey.com
                                                  SUSMAN GODFREY L.L.P.
*/s/ Liyah Brown*                                 1000 Louisiana Street, Suite 5100
Mimi Marziani (*Pro Hac Vice*)                    Houston, Texas 77002
Texas State Bar No. 24091906                      Telephone: (713) 651-9366
mimi@texascivilrightsproject.org                  Facsimile: (713) 654-6666
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149                               */s/ Michael Gervais*
liyah@texascivilrightsproject.org                 Michael Gervais (*Pro Hac Vice*)
Peter Steffensen                                  mgervais@susmangodfrey.com
Texas State Bar No. 24106464                      SUSMAN GODFREY L.L.P.
Southern District No. 3327006                     1900 Avenue of the Stars, #1400
peter@texascivilrightsproject.org                 Los Angeles, CA 90067
Texas Civil Rights Project                        Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Judge Abigail Anastasio

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br> 1000 Louisiana, Ste 5100<br> Houston, TX 77002-5096 | Date and Time:<br><br> 03/01/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/22/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.     If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.     With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.     These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.     If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.      Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.      Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**<u>DEFINITIONS</u>**

1. "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4. "Bail" means any condition of pretrial release (including a personal bond)

5. "Bail hearing" means any proceeding at which conditions of release are determined.

6. "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7. "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Judge DaSean Jones

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>      1000 Louisiana, Ste 5100<br>      Houston, TX 77002-5096 | Date and Time:<br><br>      03/01/2021 4:30 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/22/2021

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi<br>_____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

2

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8. "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9. "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10. "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11. "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12. "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Ramona Franklin

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br> 1000 Louisiana, Ste 5100<br> Houston, TX 77002-5096 | Date and Time:<br><br> 03/01/2021 4:30 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /s/ Elizabeth Rossi |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al._____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3. If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4. With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5. These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6. If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Judge Greg Glass

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021
       _____

CLERK OF COURT

                                                    OR

_____        /s/ Elizabeth Rossi
_____    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                        , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021            Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Judge Nikita Harmon

_____

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/22/2021

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al.                                         , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**<u>DEFINITIONS</u>**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

4

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Hazel Jones

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br> 1000 Louisiana, Ste 5100<br> Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | /s/ Elizabeth Rossi<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_

Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.      "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.


DATE: February 22, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666


*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              Judge Josh Hill

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/22/2021

_CLERK OF COURT_
                                                        OR

_____          _/s/ Elizabeth Rossi_____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

**REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Judge Kelli Johnson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/22/2021

*CLERK OF COURT*

                              OR        /s/ Elizabeth Rossi

*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL
DISTRICT COURT JUDGES FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

**INSTRUCTIONS**

1.     Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.     Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.     If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.     With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.     These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.     If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.    "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.    "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.    "Bail" means any condition of pretrial release (including a personal bond)

5.    "Bail hearing" means any proceeding at which conditions of release are determined.

6.    "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.    "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

Respectfully Submitted,

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Jason Luong

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/22/2021

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Elizabeth Rossi |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| ) | |
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.     Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.     If you have no documents responsive to a request, please state this in your response to the specific request.

9.     If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.    Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.    Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Amy Martin

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2021

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /s/ Elizabeth Rossi |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____ Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.      Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.      Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| Dwight Russell, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Jesse McClure, III

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____, who issues or requests this subpoena, are:
Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

2

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.      Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.      Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## <u>REQUESTS FOR PRODUCTION</u>

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

|  |  |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Judge Chris Morton

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/22/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiffs Dwight Russell, et al. _____, who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. ___4:19-cv-00226___

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| ) | |
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.     Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.     Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.　　"Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.　　"Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.　　"Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.　　"Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.　　"You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf

of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant

Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing

Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial

Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made

outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Judge George Powell

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.     Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.     Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.    If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.    With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.    These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.    If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Judge Herb Ritchie

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

_CLERK OF COURT_

OR

_____            /s/ Elizabeth Rossi
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document

and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded,

or destroyed the document; (f) the identity of any persons having knowledge of the contents

thereof; and (g) a detailed summary of the nature and contents of the document, including the

author(s) of the document(s), the name of the person(s) to whom the document(s) was (were)

delivered or addressed, including indicated or blind copy recipients, the date of the document(s),

and a description of the subject matter thereof, including any attachment or appendices, and the

number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the

plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your

response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you

must fully set forth your objections in writing. If objection is made to part of any request for any

document and thing, the part should be specified. If you object to any request or part of any

request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production

shall be deemed continuing so as to require further and supplemental production if you obtain or

discover additional documents between the time of initial production and the time of hearing OR

trial.

11.     Each Request for Production shall be construed independently and no Request for

Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

4

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.     "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

6

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Judge Robert Johnson

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>        1000 Louisiana, Ste 5100<br>        Houston, TX 77002-5096 | Date and Time:<br><br>         03/01/2021 4:30 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/22/2021

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* |         /s/ Elizabeth Rossi<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                             _____
                                                            *Printed name and title*

                                             _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HARRIS COUNTY, TEXAS, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 4:19-cv-00226
(Class Action)
The Honorable Lee H. Rosenthal
U.S. District Judge

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3. If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4. With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5. These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6. If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.     Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.     If you have no documents responsive to a request, please state this in your response to the specific request.

9.     If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.     "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.    "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.    "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.     "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.


DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Judge Randy Roll

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 | |
| Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/22/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth Rossi |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                      , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**<u>DEFINITIONS</u>**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.       "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>Request No. 1:</u>**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**<u>Request No. 2:</u>**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

Respectfully Submitted,

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:19-cv-00226

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Judge Brock Thomas

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P.<br>1000 Louisiana, Ste 5100<br>Houston, TX 77002-5096 | Date and Time:<br><br>03/01/2021 4:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/22/2021

*CLERK OF COURT*

OR

_____          /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al.                                    , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                                   *Server's signature*

                                                              _____
                                                                   *Printed name and title*


                                                              _____
                                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| ) | |
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

3

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-00226 |
| Harris County, Texas, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Judge Hilary Unger

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents responsive to Requests for Production #1 through #4, attached as Appendix A to this subpoena

| Place: Susman Godfrey L.L.P. | Date and Time: |
|---|---|
| 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | 03/01/2021 4:30 pm |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2021

*CLERK OF COURT*

OR

_____          /s/ Elizabeth Rossi
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Dwight Russell, et al. _____ , who issues or requests this subpoena, are:

Elizabeth Rossi; Civil Rights Corps, 1601 Connecticut Ave. NW, Ste 800, Washington, DC 20009; elizabeth@civilrightscorps.org; (202) 894-6142

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:19-cv-00226

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                           *Server's signature*

                                                    _____
                                                           *Printed name and title*

                                                    _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-00226 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents by August 24, 2020, per Judge Rosenthal's instruction.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2020 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use,

1

inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the

document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

**DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means any condition of pretrial release (including a personal bond)

5.      "Bail hearing" means any proceeding at which conditions of release are determined.

6.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

4

8.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.      "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.      "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.      "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.      "You," "your," and "yours" means the Defendant Harris County Criminal District Court Judge, and any or all of his or her officers, employees, representatives, or agents.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail.

**Request No. 2:**

5

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail.

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2019 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: February 22, 2021

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118