**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.** | |
|     **On behalf of themselves and all** | |
|     **Others similarly situated,** | |
| | |
|     *Plaintiffs*, | |
| | |
| **v.** | **C.A. No. 4:19-CV-00226** |
| | |
| **HARRIS COUNTY, TEXAS, ET AL.,** | |
|     *Defendants*. | |

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit E

Plaintiffs' Discovery Requests Served on Felony Judges

Pre-Dismissal from Suit

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, et al. | ) | |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS COUNTY, TEXAS, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' INTERROGATORIES
## TO DEFENDANTS HARRIS COUNTY DISTRICT COURT JUDGES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendants Harris County District Court Judges ("Felony Judges") answer the following interrogatories in writing under oath within thirty (30) days of the date of service.

## INSTRUCTIONS

1.      The provisions of Fed. R. Civ. P. 26 and 33 and Local Rule 33 are incorporated by reference herein.

2.      If any Interrogatory cannot be complied within in full, it should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

3.      These Interrogatories shall be interpreted to be inclusive rather than exclusive.

4.      You must respond separately to each Interrogatory. These Interrogatories should be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

5.      In the event that a Defendant Felony Judge contends that any of these Interrogatories are objectionable, in whole or in part, the Defendant Felony Judge shall state with particularity each such objection and the basis therefore, and shall respond to the remainder of the Interrogatory to the extent that the Defendant Felony Judge is not objecting to it.

6.      In the event that You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that You assert make such Interrogatory vague and/or ambiguous.

7.      If objection is made to disclosing any information responsive to these Interrogatories on the basis of any claim of privilege, provide a statement setting for the information required by Fed. R. Civ. P. 26(b)(5)(A) and the Local Rules.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      In accordance with Fed. R. Civ. P. 26, these Interrogatories are continuing in nature and require the Defendant Felony Judges to serve supplemental or amended responses in a timely manner in the event that the Defendant Felony Judges obtain or discover additional information after responding to the Interrogatories.

10.     In answering these interrogatories, You shall furnish all Information, however obtained, including hearsay, which is available to You, and Information known by or in possession of You, Your agents, and Your attorneys, or appearing in Your records. If You cannot answer an Interrogatory in full after exercising due diligence to secure the Information needed to do so, You shall state an answer to the extent possible, specifying Your ability to answer the

Case 4:19-cv-00226   Document 413-1   Filed on 03/02/20 in TXSD   Page 3 of 21

remainder, and stating whatever Information or knowledge You have concerning the unanswered portion.

11.     Unless otherwise specified in these Interrogatories, all Interrogatories should be construed to cover the period January 1, 2019 through the present.

## DEFINITIONS

12.     "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

13.     "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

14.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

15.     "Bail" means any condition of pretrial release (including a personal bond)

16.     "Bail hearing" means any proceeding at which conditions of release are determined.

17.      "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

18.     "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online

discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

19.    "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

20.    "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

21.    "Include" or "including" denotes a portion of a larger whole and is used without limitation.

22.    "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

23.    "You," "your," and "yours" means the Defendant Harris Country Criminal Law Judge, and any or all of his or her officers, employees, representatives, or agents.

## INTERROGATORIES

**Interrogatory No. 1**:

For each Felony Judge, provide the case number and the date of each formal, on-the-record, adversarial, evidentiary bail hearings that s/he presided over from January 1, 2020 to the present.

**Interrogatory No. 2**:

For each Felony Judge, please identify whether s/he makes a factual finding on the record as to a defendant's ability to pay the required amount before requiring secured money bail as a condition of release.

**Interrogatory No. 3**:

For each Felony Judge, where s/he makes a bail decision that will result in continued detention (either due to inability to pay or because it is a transparent order of pretrial detention), does s/he make substantive findings on the record about whether pretrial detention is necessary because no other less restrictive alternative is available to serve a compelling government interest?

**Interrogatory No. 4**:

For each Felony Judge, what evidentiary standard does s/he apply to make the finding that pretrial detention is necessary for a defendant where pretrial detention will result from the defendant's inability to pay the amount of the required secured money bail?

Respectfully submitted,

*s/ Neal S. Manne*
Neal S. Manne
State Bar No.: 12937980
Lexie G. White
State Bar No.: 24048876
Joseph S. Grinstein
State Bar No.: 24002188
**SUSMAN GODFREY L.L.P.**

1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
nmanne@susmangodfrey.com
lwhite@susmangodfrey.com
jgrinstein@susmangodfrey.com

Michael Gervais (*Pro Hac Vice*)
**SUSMAN GODFREY L.L.P.**
CA Bar No. 330731
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90046
Phone: (310) 789-3100
mgervais@susmangodfrey.com

Alec Karakatsanis (*Pro Hac Vice*)
D.C. Bar No. 999294
Elizabeth Rossi (*Pro Hac Vice*)
D.C. Bar No. 1500502
**CIVIL RIGHTS CORPS**
910 17th Street NW, Suite 200
Washington, DC 20006
Phone: (202) 599-0953
Fax: (202) 609-8030
alec@civilrightscorps.org
elizabeth@civilrightscorps.org

Mimi Marziani (*Pro Hac Vice*)
State Bar No. 24091906
Liyah Brown (*Pro Hac Vice*)
D.C. Bar. No. 500149
Peter Steffensen
State Bar No. 24106464
**TEXAS CIVIL RIGHTS PROJECT**
2202 Alabama Street
Houston, TX 77004
liya@texascivirightsproject
mimi@texascivirightsproject.org
peter@texascivilrightsproject.org

***Attorneys for Plaintiffs and the Putative Class***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v. ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANTS HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, requests that Defendant Harris County Criminal District Court Judges ("Felony Judges"), produce the following documents.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2018 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

3.     If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.     With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.     These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.     If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded,

or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and thing set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.　　"And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.　　Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.　　"Bail" means any condition of pretrial release (including a personal bond)

5.　　"Bail hearing" means any proceeding at which conditions of release are determined.

6.　　"Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7.　　"Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

8.　　"Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The

term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

9.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

10.    "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.    "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

12.     "You," "your," and "yours" means the Defendant Harris Country Criminal Law Judge, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All communications to or from any of the Defendant Felony Judges relating to any proposed or enacted general order regulating bail between January 1, 2019 and the present.

**Request No. 2:**

All communications to or from any of the Defendant Felony Judges, or anyone acting on behalf of the Defendant Felony Judges, and any of the Hearing Officers relating to bail between January 1, 2019 and the present.

5

**Request No. 3:**

Any bail schedules or other instructions, guidelines, or advisories from any of the Defendant Felony Judges, or anyone acting on behalf of any of the Defendant Judges, to any of the Hearing Officers and/or to Harris County Pretrial Services or any employee of Harris County Pretrial Services relating to bail that have been in effect between January 1, 2017 and the present.

**Request No. 4:**

All documents reflecting, constituting, or referring in any way to a comment or statement, made outside of a judicial hearing, relating to bail in Harris County.

DATE: July [], 2020           Respectfully Submitted,

<table>
<tr>
<td valign="top">

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

</td>
<td valign="top">

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666


*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

</td>
</tr>
</table>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:19-cv-00226 |
|  | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|  | ) U.S. District Judge |
| Defendants. | ) |
|  | ) |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO 19 DEFENDANT HARRIS COUNTY CRIMINAL DISTRICT COURT JUDGES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that Defendant Harris County District Court Judges ("Felony Judges") produce the following documents.

## INSTRUCTIONS

1. Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

4. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Defendant, as "Defendant" is defined in the Definitions section.

5. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such

1

document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

6. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

   a. the date or approximate date of the document;

   b. the type of document (*e.g.*, letter, memorandum);

   c. a description of the subject matter of the document;

   d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

   e. each and every person who received the document or any copy thereof;

   f. the present custodian(s) of each document;

   g. a list of attachments or enclosures to the document; and

   h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8. *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

9. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

10. *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

11. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope of the request.

13. The terms "any" and "all" shall each be construed as encompassing any and all. The terms "each" and "every" shall be construed as encompassing each and every.

14. "Including" means "including, but not limited to."

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

17. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

## DEFINITIONS

1. As used in these document requests, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

2. The term "communication" shall mean the transmittal of information by any means.

3. The terms "concerning," "relating to," or "regarding" shall mean referring to, involving, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, bearing upon, mentioning, referring to, or referencing in any way.

4. The term "defenses" means any and all affirmative defenses set forth in your Answer to the operative Complaint in this action.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes all electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "electronically stored information" ("ESI") shall refer to any information, data, document, file, or metadata stored to or saved on any computer, electronic database, electronic device, email server or system, internal or external hard drive, Internet-based/cloud storage system, digital or recorded media of any kind (including CDs, DVDs, diskettes, magnetic tapes, magneto-optical media, flash/jump drives), mobile telephone or device, or server, is to be produced electronically. ESI includes, but is not limited to, user-created data such as word processing documents, spreadsheets, graphics, animations,

3

presentations, email and attachments, audio, video and audiovisual recordings, and voicemail that are related to a claim or defense of a party, or which identifies a person or thing that is, in turn, discoverable. All ESI is to be produced in compliance with the terms described in the ESI Protocol.

7. The terms "you," "your," "Felony Judges," and "Defendant" refer to Defendants Hazel B. Jones, Nikita V. Harmon, Robert Johnson, Kelli Johnson, Randy Roll, DaSean Jones, Danilo Lacayo, Chuck Silverman, Abigail Anastasio, Jason Luong, Greg Glass, Brian E. Warren, Frank Aguilar, Chris Morton, Josh Hill, Hilary Unger, Lori Chambers Gray, Amy Martin, Herb Ritchie, Ramona Franklin, Jesse McClure, III, George Powell, Brock Thomas, and their trustees, officials, agents, servants, employees, representatives, attorneys, predecessors or successors in interest, and any persons acting for or on behalf of the Felony Judges.

8. The term "employee" means all employees, officials, agents, managers, professionals, staff, office and clerical employees, temporary employees, trainees, and any other person compensated by Defendant, directly or indirectly, regardless of whether he or she is considered or classified as an independent contractor.

9. The terms "person" and "persons" mean the plural as well as the singular and include any natural person, alive or deceased; any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation; any state, its agencies or political subdivisions, any court, the federal government, any other government entity; or any form of legal entity.

   a. The term "person" is defined as any natural person, alive or deceased, or any business, legal, or governmental entity, or association.

10. "Plaintiffs" refers to Dwight Russell, Joseph Ortuno, Johnnie Pierson, Christopher Clack, Maurice Wilson, and such other individuals subsequently added as plaintiffs to this case and who are parties to the case at the time of your responses.

11. The term "bail" means any condition of pretrial release (including a personal bond and non-financial conditions such as electronic monitoring, curfews, interlock devices, etc.).

12. The term "bail hearing" means any proceeding at which conditions of release are determined.

13. The term "bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

14. The term "hearing officers" means the Harris County Criminal Law Hearing Officers.

15. The term "indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

4

a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

16. The term "personal bond" refers to an order releasing a person on unsecured bail.

17. The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, or guideline, or to any other practice of general applicability that may not have been reduced to writing or otherwise formalized.

18. The term "post-arrest process" refers to the period of time from the moment of arrest until a case resolves.

19. The term "relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

20. The term "secured bail amount" or "secured financial condition" or "secured money bail" refers to a requirement to make a cash payment prior to being released as a condition of being released.

21. The term "the Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

22. The term "the County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

23. The term "unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

## REQUESTS FOR PRODUCTION

5. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories from any of the Defendant Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

6. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail

schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, Dkt. 214-7, Dkt. 32-6; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause.

7. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." (Bates stamp HC 120494)

8. All templates, forms, or scripts used or referred to by any of the Felony Judges in making bail decisions.

9. All documents reflecting any Felony Judge's inquiry into any felony arrestee's ability to pay and/or reflecting a felony arrestee's financial information and ability to pay, including any forms completed by Pretrial Services that any Felony Judge referred to when considering bail, and any forms appointing counsel on the basis of indigence. If all documents of which the Felony Judges are aware are being produced by the County in response to RFP 13 served on the County, please so state.

10. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

11. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

12. Documents reflecting the number of on-the-record bail hearings conducted in person in a Felony Judges' courtroom for people detained in the jail at the time of the hearing and arrested for one or more felony offenses from January 1, 2015 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing and a court reporter transcribed it.

13. All correspondence submitted to any Felony Judge by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

14. All written decisions relating to bail.

15. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

16. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

17. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

18. All documents concerning case backlogs or delays in Harris County's criminal district courts.

19. All documents relating to providing, assigning, or appointing lawyers to represent defendants who were released after arrest, who appear in court for a scheduled appearance without an attorney present, and in whose case the judge wants to address bail on that date.

20. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

21. All documents reflecting any campaign donations or gifts from any lawyer who has practiced in the judge's courtroom to the judge.

22. All documents reflecting every case in which the judge authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

23. All documents showing that, in Harris County or any other jurisdiction, secured money bail is more effective than other conditions of release at reasonably assuring court appearance or community safety, or preventing flight.

24. All documents reflecting any study any Felony Judge has done to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

25. All documents relating to a pending or concluded proceeding against any of the Felony Judges before the Texas Commission on Judicial Ethics.

26. All documents reflecting, constituting, or referring in any way to a comment or statement by a Felony Judge, made outside of a judicial hearing, relating to bail in Harris County between January 1, 2015 and the present.

27. Any and all litigation hold notices, document preservation notices and/or other communications, memorandums, or documents provided by the Felony Judges or their agents or representatives to any current or former personnel, employees, agents, officers, officials, or representatives regarding the need to suspend document destruction for the purposes of preserving evidence, including electronic documents and data, relating to the above-captioned lawsuit.

Date: December 3, 2020

Respectfully Submitted,

/s/ Alec Karakatsanis
/s/ Elizabeth Rossi
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

/s/ Neal S. Manne
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100

/s/ Liyah Brown
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

/s/ Michael Gervais
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100