**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.**<br>      **On behalf of themselves and all**<br>      **Others similarly situated,**<br><br>      *Plaintiffs*,<br><br>**v.**<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>      *Defendants*. | **C.A. No. 4:19-CV-00226** |

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit H

Plaintiffs' Discovery Requests to County Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

|  |  |
|---|---|
| RUSSELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00226 |
| | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
| | ) U.S. District Judge |
| Defendants. | ) |
| | ) |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT
## HARRIS COUNTY SHERIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, requests that Defendant Harris County Sheriff, produce the following documents, in accordance with the definitions and instructions set forth below, within 30 days of service hereof.

## INSTRUCTIONS

1.     Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2.     Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect,

1

examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the document (if discarded

or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and things set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## DEFINITIONS

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Article 15.17 hearing" refers to the legal proceeding that occurs in the Joint Processing Center and is presided over by a Criminal Law Hearing Officer. It sometimes referred to as "magistration."

5.      "Bail" means any condition of pretrial release (including a personal bond).

6.      "Bail hearing" means any proceeding at which conditions of release are determined.

7.      "Bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

8.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

9.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

10.     "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

11.     "Felony arrestee" refers to any person arrested in Harris County and charged with a felony offense under the laws of the state of Texas.

12.     "Felony bail schedule" or "bail schedule" refers to the bail schedule that is currently in effect and was filed on the docket in this litigation at Docket Entry No. 1-4, unless otherwise noted.

13.     "Financial condition" or "financial condition of release" refers to a requirement to make a cash payment prior to being released as a condition of being released. These terms are synonymous with "secured bail amount" and "secured financial condition."

14.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

15.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

16.     "Indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17.     "Initial bail hearing" refers to the hearing to determine conditions of release that takes place inside the jail, is presided over by a Criminal Law Hearing Officer, and is referred to locally as "magistration" or the "Article 15.17 hearing."

18.    "Nonfinancial condition of release" refers to a condition of release that does not require an upfront payment and does not require the person to make a payment if they do not appear for a court proceeding and the judge forfeits the bond.

19.    "Personal bond" refers to an order releasing a person on unsecured bail.

20.    "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21.    "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22.    "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23.    "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers

24.    "The Felony Judges" or "the District Court Judges" or "the Criminal District Court Judges" refer to the 23 judicial defendants in this litigation.

25.    "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

26.    "You," "your," and "yours" means the Defendant Harris Country Sheriff, and any or all of his or her officers, employees, representatives, or agents.

## **REQUESTS FOR PRODUCTION**

9.  All documents showing that, in Harris County, secured money bail is more effective than other conditions of release at reasonably assuring court appearance or community safety, or preventing flight.

10. All documents reflecting felony arrestees' financial information and ability to pay, including forms completed during the booking process, such as forms inventorying arrestees' property.

11. All procedures, policies, written instructions, or training materials that relate to arrest, booking, bonding, release, cite and release. Responsive documents include but are not limited to any procedures, policies, or training materials relating to the General Order Bond (Dkt. 32-6) and Amended General Order Bond (Dkt. 214-7) and the Sheriff's instruction to refuse to accept people charged with certain misdemeanors.

12. Documents reflecting the number of bail hearings conducted via Zoom or other online platform for people in the jail at the time of the hearing and charged with one or more felony offenses from March 1, 2020 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally, virtually attended the bail hearing. If all responsive documents have been produced in response to the discovery requests served by the State Intervenors in this case, please so state.

13. Documents reflecting the number of bail hearings conducted in person for people detained in the jail at the time of the hearing and charged with one or more felony offenses from March 1, 2020 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing. If all responsive documents have been produced in response to the discovery requests served by the State Intervenors in this case, please so state.

14. Documents reflecting all orders or instructions from any Felony Judge (or someone acting on behalf of a Felony Judge, e.g. a court coordinator or staff attorney) regarding court appearances from March 1, 2020 through the present, including but not limited to orders prohibiting anyone who tested positive from ever coming to court, and Orders rescinding those Orders.

15. Any COVID-19-related jail policies, procedures, or written instructions that affect the place, timing, or manner or bail hearings either in the jail, in a courtroom, or virtually that apply to people charged with felonies.

DATE: September 25, 2020                         Respectfully Submitted,

*/s/ Alec Karakatsanis*                          */s/ Neal S. Manne*
*/s/ Elizabeth Rossi*                            Neal S. Manne
Alec George Karakatsanis (*Pro Hac Vice*)       Texas Bar No. 12937980
alec@civilrightscorps.org                       nmanne@susmangodfrey.com
Elizabeth Rossi (*Pro Hac Vice*)                Lexie G. White
elizabeth@civilrightscorps.org                  Texas Bar No. 24048876
Civil Rights Corps                              lwhite@susmangodfrey.com
1601 Connecticut Ave NW, Suite 800              Joseph S. Grinstein
Washington, DC 20009                            Texas Bar No. 24002188
Telephone: (202) 681-2721                       jgrinstein@susmangodfrey.com
                                                SUSMAN GODFREY L.L.P.
                                                1000 Louisiana Street, Suite 5100
*/s/ Liyah Brown*                                Houston, Texas 77002
Mimi Marziani (*Pro Hac Vice*)

8

Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:19-cv-00226 |
|  | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
|  | ) U.S. District Judge |
| Defendants. | ) |
|  | ) |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT HARRIS COUNTY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, requests that Defendant Harris County Sheriff, produce the following documents, in accordance with the definitions and instructions set forth below, within 30 days of service hereof.

## INSTRUCTIONS

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2015 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

1

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 2 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege or otherwise, state the following: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f)

the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and things set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently and no Request for Production shall limit the scope of any other Request for Production.

## DEFINITIONS

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.       "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.       Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.       "Article 15.17 hearing" refers to the legal proceeding that occurs in the Joint Processing Center and is presided over by a Criminal Law Hearing Officer. It sometimes referred to as "magistration."

5.       "Bail" means any condition of pretrial release (including a personal bond).

6.       "Bail hearing" means any proceeding at which conditions of release are determined.

7.       "Bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

8.        "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

9.       "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes,

facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

10.     "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

11.     "Felony arrestee" refers to any person arrested in Harris County and charged with a felony offense under the laws of the state of Texas.

12.     "Felony bail schedule" or "bail schedule" refers to the bail schedule that is currently in effect and was filed on the docket in this litigation at Docket Entry No. 1-4, unless otherwise noted.

13.     "Financial condition" or "financial condition of release" refers to a requirement to make a cash payment prior to being released as a condition of being released. These terms are synonymous with "secured bail amount" and "secured financial condition."

14.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

15.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

16.     "Indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a. Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b. Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c. Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d. Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e. Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17.     "Initial bail hearing" refers to the hearing to determine conditions of release that takes place inside the jail, is presided over by a Criminal Law Hearing Officer, and is referred to locally as "magistration" or the "Article 15.17 hearing."

18.     "Nonfinancial condition of release" refers to a condition of release that does not require an upfront payment and does not require the person to make a payment if they do not appear for a court proceeding and the judge forfeits the bond.

19.     "Personal bond" refers to an order releasing a person on unsecured bail.

20.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21.    "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment prior to being released as a condition of being released.

22.    "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23.    "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers

24.    "The Felony Judges" or "the District Court Judges" or "the Criminal District Court Judges" refer to the 23 judicial defendants in this litigation.

25.    "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

26.    "You," "your," and "yours" means the Defendant Harris Country, and any or all of his or her officers, employees, representatives, or agents, including the Harris County Criminal Law Hearing Officers and Pretrial Services.

## <u>REQUESTS FOR PRODUCTION</u>

9.   All documents reflecting any instructions, guidelines, policies, advisories, requests, or suggestions that were issued at any time between 1987[1] and the present by any Felony Judge, or anyone acting on behalf of any Felony Judge (e.g. a Court Coordinator or Staff Attorney), to any Hearing Officer, employee of Pretrial Services, employee of the District Attorney's Officer, or other government official regarding the post-arrest process, including all such documents that relate to the bail schedule, raising or lowering secured bail amounts, releasing people on personal bonds, or setting financial or nonfinancial conditions of release.

Plaintiffs note that Hearing Officers Eric Hagstette, Joe Licata, and Jill Wallace provided sworn written testimony to the Texas Commission on Judicial Conduct stating that they had submitted "*representative* copies of charts outlining the specific instructions issued to the Hearing Officers." *Russell v. Harris County*, Dkt. 32-7 at 31–32, 41–42, 50–51 (emphasis added). This Request for Production includes but is not limited to the "representative" documents submitted to the Ethics Commission. It seeks *all* "rules, preferences, and policies of the assigned trial court judge[s]." Dkt. 32-7 at 31–32, 41–42, 50–51.

---

[1] November 25, 1987 is the date the *Roberson* order was entered.

10. During the Texas State Commission on Judicial Conduct proceedings against them, Hearing Officers Hagstette, Licata, and Wallace provided sworn written testimony that "[u]ntil March 27, 2017, several of the District Court Judges did not permit Hearing Officers to grant personal bonds, instructing that personal bond applications be referred to the assigned trial court for consideration." Dkt. 32-7 at 31–32, 41–42, 50–51. Produce all documents reflecting those "instruct[ions]."

11. During the Texas State Commission on Judicial Conduct proceedings against them, Hearing Officers Hagstette, Licata, and Wallace provided sworn written testimony that "[m]ost of the District Court Judges had specific rules to follow in consideration of bond." Dkt. 32-7 at 31–32, 41–42, 50–51. Produce all documents reflecting such "rules."

12. During the Texas State Commission on Judicial Conduct proceedings, Hearing Officers Hagstette, Licata, and Wallace provided sworn written testimony that "[t]hese individual rules were removed effective March 27, 2017." Dkt. 32-7 at 31–32, 41–42, 50–51. Produce all documents reflecting the "remov[al]" of these "rules."

13. Please produce all documents reflecting an inquiry into felony arrestees' ability to pay and/or reflecting felony arrestees' financial information and ability to pay, including any forms completed by Pretrial Services such as the risk assessment interview reports that were used prior to the Public Safety Assessment.

14. Please produce videos of all magistration hearings that took place in the Harris County Jail for felony arrestees in 2016, 2017, 2018, 2019, and 2020. Plaintiffs will accept one week of hearings from each month of each year, but reserve their right to request additional dockets. Please also produce one day of hearings from each month of 2015.

15. Please produce all documents showing that, in Harris County, secured money bail is more effective than other conditions of release at reasonably assuring court appearance or community safety, or preventing flight.

16. Please produce all documents showing that, in any jurisdiction, secured money bail is more effective than other conditions of release at reasonably assuring court appearance or community safety, or preventing flight.

17. Please produce all documents reflecting any study Harris County has done to assess the comparative rates, in Harris County, of new criminal activity, bond-condition violations, nonappearance or failure-to-appear of felony arrestees released on different types of bonds.

18. Please produce all policies or training materials that relate to Harris County felony bail policy since January 1, 2015 through the present, including but not limited to policies and training materials relating to the development and implementation of the Public Safety Assessment, any bail policy that has been in effect between January 2015 and the present (including any and all bail schedules and the two General Orders issued in April 2020, Dkt. 214-7, Dkt. 32-6), and the decision to employ public defenders at bail hearings.

19. Please produce any documents reflecting the Harris County Pretrial Services' budget in each year from 2015 through the present.

20. Please produce any documents reflecting the budget for Harris County Pretrial Services in 2021 or any year thereafter.

21. Please produce any documents reflecting the Harris County Community Supervision & Corrections Department's budget for supervising pretrial felony arrestees in each year from 2015 through the present.

22. Please produce any documents reflecting the budget for Harris County Community Supervision & Corrections Department in 2021 or any year thereafter.

23. Please produce any documents reflecting Harris County's budget for courtrooms and any other facilities used by Felony Judges.

24. Please produce any documents reflecting the costs to Harris County of each supervision level for felony arrestees.

25. Please produce any documents reflecting the costs to Harris County of supervision of felony arrestees by any of the agencies or entities that provide supervision to felony arrestees in Harris County.

26. Please produce all documents relating to the post-arrest process applied to each named Plaintiff, including a copy of all the information transmitted by the arresting officer using the District Attorney's Intake Management System (DIMS), any documents or information that provided a basis for the Hearing Officers' determination of probable cause and/or conditions of release, any documents or information that provided a basis for an Assistant District Attorney's determination of probable cause at the time a complaint was filed, any communication in Defendants' possession from or to a bonding company that relates to any of the Named Plaintiffs, and any other documents and forms in each Plaintiffs' court case files.

27. Please produce any evidence that the named Plaintiffs possessed the ability to pay the secured bail amounts required for their release when they appeared before a Hearing Officer for a probable cause hearing.

28. Please produce transcripts of every hearing conducted as a result of each bail motion or bail writ petition listed in response to Interrogatory 1 served on Harris County, including transcripts of every bail hearing listed in Judge Gray's, Judge Warren's, and Judge Silverman's responses to Interrogatory 1 served on them and transcripts of any bail hearing listed in response to the other 20 Judges' forthcoming amended responses to Interrogatory 1 served on the Felony Judges.

DATE: September 25, 2020

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00226 |
| ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT HARRIS COUNTY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Harris County answer the following interrogatories, within 30 days of service hereof.

## INSTRUCTIONS

1.  The provisions of Fed. R. Civ. P. 26 and 33 and Local Rule 33 are incorporated by reference herein.

2.  If any Interrogatory cannot be complied with in full, it should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

3.  These Interrogatories shall be interpreted to be inclusive rather than exclusive.

4.  You must respond separately to each Interrogatory. These Interrogatories should be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

5.  In the event that a Defendant contends that any of these Interrogatories are objectionable, in whole or in part, the Defendant will state with particularity each such objection and the basis therefore, and will respond to the remainder of the Interrogatory to the extent that the Defendant is not objecting to it.

1

6.   In the event that You object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that You assert make such Interrogatory vague and/or ambiguous.

7.   If objection is made to disclosing any information responsive to these Interrogatories on the basis of any claim of privilege, provide a statement setting forth the information required by Fed. R. Civ. P. 26(b)(5)(A) and the Local Rules.

8.   The use of the singular form of any word includes the plural and vice versa.

9.   In accordance with Fed. R. Civ. P. 26, these Interrogatories are continuing in nature and require the Defendant Harris County to serve supplemental or amended responses in a timely manner in the event that the Defendant Harris County obtain or discover additional information after responding to the Interrogatories.

10. In answering these interrogatories, You shall furnish all Information, however obtained, including hearsay, which is available to You, and Information known by or in possession of You, Your agents, and Your attorneys, or appearing in Your records. If You cannot answer an Interrogatory in full after exercising due diligence to secure the Information needed to do so, You shall state an answer to the extent possible, specifying Your ability to answer the remainder, and stating whatever Information or knowledge You have concerning the unanswered portion.

11. Unless otherwise specified in these Interrogatories, all Interrogatories should be construed to cover the period January 1, 2015 through the present.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Article 15.17 hearing" refers to the legal proceeding that occurs in the Joint Processing Center and is presided over by a Criminal Law Hearing Officer. It sometimes referred to as "magistration."

5.      "Bail" means any condition of pretrial release (including a personal bond).

6.      "Bail hearing" means any proceeding at which conditions of release are determined.

7.      "Bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

8.       "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

9.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message

logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

10.     "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

11.     "Felony arrestee" refers to any person arrested in Harris County and charged with a felony offense under the laws of the state of Texas.

12.     "Felony bail schedule" or "bail schedule" refers to the bail schedule that is currently in effect and was filed on the docket in this litigation at Docket Entry No. 1-4, unless otherwise noted.

13.     "Financial condition" or "financial condition of release" refers to a requirement to make a cash payment prior to being released as a condition of being released. These terms are synonymous with "secured bail amount" and "secured financial condition."

14.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

15.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

16.     "Indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

   a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;
   b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;
   c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;
   d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or
   e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

17.     "Initial bail hearing" refers to the hearing to determine conditions of release that takes place inside the jail, is presided over by a Criminal Law Hearing Officer, and is referred to locally as "magistration" or the "Article 15.17 hearing."

18.     "Nonfinancial condition of release" refers to a condition of release that does not require an upfront payment and does not require the person to make a payment if they do not appear for a court proceeding and the judge forfeits the bond.

19.     "Personal bond" refers to an order releasing a person on unsecured bail.

20.     "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

21.     "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment prior to being released as a condition of being released.

5

22.     "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

23.     "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers

24.     "The Felony Judges" or "the District Court Judges" or "the Criminal District Court Judges" refer to the 23 judicial defendants in this litigation.

25.     "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

26.     "You," "your," and "yours" means the Defendant Harris Country, and any or all of his or her officers, employees, representatives, or agents, including the Harris County Criminal Law Hearing Officers and Pretrial Services.

## **INTERROGATORIES**

1.  Please identify all people charged with felony offenses between 2015 and the present, the date they or their lawyer filed a bail motion and/or a writ petition pertaining to bail, and the date any hearing on the motion was held. If no hearing was held, please indicate as such. If a hearing was held but no record exists, state that as well.

2.  During the Article 15.17 hearings in the jail, Hearing Officers routinely state that they will "refer" or "defer" to the Felony Judge the decision to release a person on a personal bond. For example, *see* the hearings described in Dkt. 259-1, rows 1–5, 12–14, 16–18. For each Hearing Officer, explain how the Hearing Officer decides whether to "refer" or "defer" the decision on a personal bond, and state specifically whether each Hearing Officers considers any instructions, rules, policies, or preferences of the Felony Judges when deciding whether to "refer" or "defer" a decision on a personal bond.

3.  At any point from January 1, 2017 through the present, has any Felony Judge (or collection of Felony Judges, or someone acting on behalf of a Felony Judge, e.g. a court coordinator or staff attorney) instructed, requested, advised, or required any Hearing Officer, either directly or through another government official such as pretrial services, to refer or defer the decision on a personal bond, whether in an individual case or categories of cases (e.g. for all people charged with certain crimes or with a certain criminal history), to the presiding Felony Judge? If the answer is yes, name each judge and official involved and describe the timing, circumstances, and content of the instruction, request, advice, or requirement.

6

4. Please provide the names and dates of employment of any person employed as a Harris County Criminal Law Hearing Officer from 2010 through the present. Please also provide the dates of employment as a Criminal Law Hearing Officer of Defendant Judge Frank Aguilar.

DATE: September 25, 2020

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Respectfully Submitted,

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| DWIGHT RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:19-cv-00226 |
| ) | (Class Action) |
| v. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' REQUESTS TO DEFENDANT HARRIS COUNTY SHERIFF FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that Defendant Harris County Sheriff Ed Gonzalez ("Sheriff") produce the following documents.

## INSTRUCTIONS

1. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

3. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Defendant, as "Defendant" is defined in the Definitions section.

4. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing

shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

5.   *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

6.   *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

a.   the date or approximate date of the document;

b.   the type of document (*e.g*., letter, memorandum);

c.   a description of the subject matter of the document;

d.   each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e.   each and every person who received the document or any copy thereof;

f.   the present custodian(s) of each document;

g.   a list of attachments or enclosures to the document; and

h.   the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

7.   *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

8.   *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

9.   *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all." The terms "each" and "every" shall be construed as encompassing each and every.

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

4.      The use of the singular form of any word includes the plural and vice versa.

5.      The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

6.      The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

7.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

8.      "Article 15.17 hearing" refers to the legal proceeding that occurs in the Joint Processing Center and is presided over by a Criminal Law Hearing Officer. It sometimes referred to as "magistration."

9.      "Bail" means any condition of pretrial release (including a personal bond).

10.      "Bail hearing" means any proceeding at which conditions of release are determined.

11.      "Bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

12.      "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

13.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

14.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications;

facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

15.     "Felony arrestee" refers to any person arrested in Harris County and charged with a felony offense under the laws of the state of Texas.

16.     "Felony bail schedule" or "bail schedule" refers to the bail schedule that is currently in effect and was filed on the docket in this litigation at Docket Entry No. 1-4, unless otherwise noted.

17.     "Financial condition" or "financial condition of release" refers to a requirement to make a cash payment prior to being released as a condition of being released. These terms are synonymous with "secured bail amount" and "secured financial condition."

18.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

19.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

20.     "Including" means "including, but not limited to."

21.     "Indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a.  Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b.  Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c.  Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d.  Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e.  Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

22. "Initial bail hearing" refers to the hearing to determine conditions of release that takes place inside the jail, is presided over by a Criminal Law Hearing Officer, and is referred to locally as "magistration" or the "Article 15.17 hearing."

23. "Nonfinancial condition of release" refers to a condition of release that does not require an upfront payment and does not require the person to make a payment if they do not appear for a court proceeding and the judge forfeits the bond.

24. "Personal bond" refers to an order releasing a person on unsecured bail.

25. "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

26. "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment prior to being released as a condition of being released.

27. "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

28. "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers

29. "The Felony Judges" or "the District Court Judges" or "the Criminal District Court Judges" refer to the 23 judicial defendants in this litigation.

30.    "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

31.    "You," "your," and "yours" means the Defendant Harris Country, and any or all of his or her officers, employees, representatives, or agents, including the Harris County Criminal Law Hearing Officers and Pretrial Services.

## REQUESTS FOR PRODUCTION

19. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories from any of the Defendant Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

20. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, Dkt. 214-7, Dkt. 32-6; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause.

21. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." (Bates stamp HC 120494)

22. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

23. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

24. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

25. All documents concerning case backlogs or delays in Harris County's criminal district courts.


Date: February 24, 2021                              Respectfully Submitted,

*/s/ Alec Karakatsanis*                               */s/ Neal S. Manne*
*/s/ Elizabeth Rossi*                                  Neal S. Manne

Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| RUSSELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:19-cv-00226 |
| | ) | (Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT HARRIS COUNTY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, plaintiffs request that Defendant Harris County produce the following documents.

## INSTRUCTIONS

1. *Manner of Responding*. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. *Manner of Producing*. The documents responsive to these requests shall be produced in compliance with the terms described in the ESI Protocol.

3. *Scope of the Requests*. All requests are for documents applicable to, relating to, or concerning the Defendant, as "Defendant" is defined in the Definitions section.

4. *Possession, Custody, Control*. Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing

shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected—attorneys of such individuals, agencies, offices, firms, corporations, or partnerships, unless otherwise specified. Responsive documents applicable to that time period shall be produced whether they originated or were adopted prior to or during that time period.

5. *In Case of Ambiguity*. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

6. *Objections*. If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, in writing each document so withheld by providing the following information:

a.   the date or approximate date of the document;

b.   the type of document (*e.g.*, letter, memorandum);

c.   a description of the subject matter of the document;

d.   each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e.   each and every person who received the document or any copy thereof;

f.   the present custodian(s) of each document;

g.   a list of attachments or enclosures to the document; and

h.   the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

7.   *Portions of Privileged Documents*. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

8.   *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

9.   *Lost or Destroyed Documents*. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all." The terms "each" and "every" shall be construed as encompassing each and every.

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it.

4.      The use of the singular form of any word includes the plural and vice versa.

5.      The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the discovery request matters that might otherwise be construed to be outside the scope of the request

6.      The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

7.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

8.      "Article 15.17 hearing" refers to the legal proceeding that occurs in the Joint Processing Center and is presided over by a Criminal Law Hearing Officer. It sometimes referred to as "magistration."

9.      "Bail" means any condition of pretrial release (including a personal bond).

10.      "Bail hearing" means any proceeding at which conditions of release are determined.

11.      "Bail review hearing" refers to a hearing that takes place in the courtroom of a Criminal District Court Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

12.      "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

13.      "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages. The word "communication" includes internal communications.

14.      "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications;

facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages.

15.     "Felony arrestee" refers to any person arrested in Harris County and charged with a felony offense under the laws of the state of Texas.

16.     "Felony bail schedule" or "bail schedule" refers to the bail schedule that is currently in effect and was filed on the docket in this litigation at Docket Entry No. 1-4, unless otherwise noted.

17.     "Financial condition" or "financial condition of release" refers to a requirement to make a cash payment prior to being released as a condition of being released. These terms are synonymous with "secured bail amount" and "secured financial condition."

18.     "Hearing Officers" means the Harris County Criminal Law Hearing Officers.

19.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

20.     "Including" means "including, but not limited to."

21.     "Indigent" refers to any felony arrestee who cannot afford to pay the cost of secured bail or a fee or cost associated with a condition of pretrial release in a case to be prosecuted in the Harris County Criminal District Courts without suffering hardship meeting the basic necessities of life, such as food, shelter, clothing, communication, transportation, and medical care, including, but not limited to, anyone who meets one or more of the following criteria:

    a.   Is found to be indigent under the indigent defense plan of the Harris County Criminal District Courts;

    b.   Is, or has dependents who are, eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship;

    c.   Has a net household income that does not exceed 200% of the Poverty Guidelines as revised annually by the United States Department of Health and Human Services and published in the Federal Register;

    d.   Is homeless as that term is defined by federal public health and welfare law found at 42 U.S.C. § 11302; or

    e.   Is currently serving a sentence in a correctional institution, is currently residing in a public mental health facility or court-ordered treatment facility, or is subject to a proceeding in which admission or commitment to such a mental health facility is sought.

22. "Initial bail hearing" refers to the hearing to determine conditions of release that takes place inside the jail, is presided over by a Criminal Law Hearing Officer, and is referred to locally as "magistration" or the "Article 15.17 hearing."

23. "Nonfinancial condition of release" refers to a condition of release that does not require an upfront payment and does not require the person to make a payment if they do not appear for a court proceeding and the judge forfeits the bond.

24. "Personal bond" refers to an order releasing a person on unsecured bail.

25. "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

26. "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment prior to being released as a condition of being released.

27. "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

28. "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers

29. "The Felony Judges" or "the District Court Judges" or "the Criminal District Court Judges" refer to the 23 judicial defendants in this litigation.

30.     "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

31.     "You," "your," and "yours" means the Defendant Harris Country, and any or all of his or her officers, employees, representatives, or agents, including the Harris County Criminal Law Hearing Officers and Pretrial Services.

## REQUESTS FOR PRODUCTION

32. All documents or communications relating to bail, including any bail schedules or other instructions, guidelines, directives, or advisories from any of the Defendant Felony Judges relating to bail, and documents or communications relating to the development, adoption, rescission, proposed adoption, or proposed rescission of any such bail schedule, instruction, guideline, directive, or advisory.

33. All documents relating to felony bail policies or practices in Harris County from January 1, 2015 through the present.  Such policies include but are not limited to any and all bail schedules; the Public Safety Assessment and its incorporation into the bail schedule; the two General Orders issued in April 2020, Dkt. 214-7, Dkt. 32-6; and the July 21, 2017 order authorizing public defenders to represent people at Article 15.17 bail hearings for purposes of bail but not for purposes of determining probable cause.

34. All documents relating to or referencing the March 23, 2017 "Recommended Standard Bail Practices." (Bates stamp HC 120494)

35. All documents, policies, or training materials that have been in effect at any time since January 1, 2015 that relate to the definition of "indigence" or "ability to pay" that Hearing Officers or Felony Judges apply for purposes of determining bail, appointment of counsel, or ability to pay fines, fees, or costs associated with a conviction.

36. All training, onboarding, or transition materials provided to any newly-elected Harris County criminal district court judge or a Harris County Criminal Law Hearing Officer relating to bail, the post-arrest process, the magistration process, preliminary court appearances, or the judges' preferences regarding bail decisions and conditions of release.

37. All correspondence submitted to any Felony Judge by or on behalf of a person detained pre-trial in the Harris County Jail, except correspondence filed by counsel.

38. All communications relating to Governor Abbott's Executive Order GA-13, bail, and/or the post-arrest process.

39. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to court appearance, in-person or virtually, from March 1, 2020 to the present.

40. All documents reflecting standing orders, policies, procedures, directives, guidelines or instructions relating to releasing medically vulnerable people from March 1, 2020 to the present.

41. All documents concerning case backlogs or delays in Harris County's criminal district courts.

42. All documents reflecting the judges' policies and practices relating to court-appointed counsel, including private counsel and the Public Defender's Office.

43. All documents reflecting every case in which the judge authorized an appointed lawyer or public defender to hire an investigator, social worker, and/or expert.

Date: February 24, 2021                                    Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis (*Pro Hac Vice*)
alec@civilrightscorps.org
Elizabeth Rossi (*Pro Hac Vice*)
elizabeth@civilrightscorps.org
Jeffrey Stein (*Pro Hac Vice*)
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Liyah Brown*
Mimi Marziani (*Pro Hac Vice*)
Texas State Bar No. 24091906
mimi@texascivilrightsproject.org
Liyah Brown (*Pro Hac Vice*)
D.C. Bar No. 500149
liyah@texascivilrightsproject.org
Peter Steffensen
Texas State Bar No. 24106464
Southern District No. 3327006
peter@texascivilrightsproject.org
Texas Civil Rights Project
2202 Alabama Street
Houston, TX 77004
Telephone: 512-474-5073 ext. 118

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais (*Pro Hac Vice*)
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100