**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.**<br>　　　**On behalf of themselves and all**<br>　　　**Others similarly situated,**<br><br>　　　*Plaintiffs*,<br><br>**v.**<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>　　　*Defendants*. | **C.A. No. 4:19-CV-00226** |

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit I

## County Defendants' Discovery Responses

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |
|---|---|
| RUSSELL, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:19-cv-00226 |
| | ) (Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
| | ) U.S. District Judge |
| Defendants. | ) |

**To**:     Plaintiffs Dwight Russell et. al, by through their attorneys of record, Alex Karakatsanis Elizabeth Rossi, Jeffrey Stein, Joseph Grinstein, Liyah Brown, Mimi Marziani, Peter Steffensen, Neal Manne.

Defendant Harris County serves these Objections and Responses to Plaintiffs' Interrogatories to Defendant Harris County on this day, November 3, 2020

Respectfully Submitted,

Of Counsel:
Vince Ryan
Harris County Attorney

*/s/ Rachel Fraser*
**Rachel Fraser**
SBOT: 24079725
Federal (Southern District) No. 2553428
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5383(telephone)
(713) 755-8823 (facsimile)
rachel.fraser@cao.hctx.net
**Attorney for Harris County**

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served by email on November 3, 2020 to all counsel of record.

1

## <u>HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

1. Please identify all people charged with felony offenses between 2015 and the present, the date they or their lawyer filed a bail motion and/or a writ petition pertaining to bail, and the date any hearing on the motion was held. If no hearing was held, please indicate as such. If a hearing was held but no record exists, state that as well.

   **<u>Objection:</u>** The Harris County District Clerk did not track this information prior to 2020 and cannot accurately recreate this data to the degree of certainty, and with the accuracy, that Plaintiff's request.

   **<u>Response:</u>** Subject to and without waiving objections, see HC 119,774 (excel file containing motions filed with the word "Bail" in the title) and HC 119,775 (excel file containing writ cases), for the requested date ranges.

2. During the Article 15.17 hearings in the jail, Hearing Officers routinely state that they will "refer" or "defer" to the Felony Judge the decision to release a person on a personal bond. For example, *see* the hearings described in Dkt. 259-1, rows 1–5, 12–14, 16–18. For each Hearing Officer, explain how the Hearing Officer decides whether to "refer" or "defer" the decision on a personal bond, and state specifically whether each Hearing Officers considers any instructions, rules, policies, or preferences of the Felony Judges when deciding whether to "refer" or "defer" a decision on a personal bond.

   **<u>Objection:</u>** This request is vague and ambiguous in the use of the words "refer" and "defer," and the assignment of a particular meaning to them. Harris County further objects in that this questions is premised upon the assumption that the hearing officers do *not* rule on a case by case basis, which they do in compliance with State and Federal law.

   **<u>Responses:</u>** Subject to and without waiving all applicable objections:

   **<u>Courtney St. Julian Response:</u>** I usually use the term "refer" the decision to the District Court Judge if I do not grant a personal bond. This decision is based on Texas Code of Criminal Procedure Article 17.03 which enumerates charges for which a Hearing Officer may not grant a personal bond. In all other cases, I examine the specific allegations, review the PSA and financial affidavit, and consider the arguments of the State and Defense. If I determine the Defendant poses a risk to community safety or is a risk not to appear in court, I refer the pre-trial release bond decision to the District Court Judge. I make the bond decisions on a case-by-case basis.

   **<u>Cheryl Diggs Response:</u>** I make the bond decisions on a case-by-case basis. If I state on the record that I am referring or deferring a personal bond decision, I denied the personal bond because one of the following situations applies to the accused person appearing in front of me:

   a. They have an ICE hold and releasing them on a personal bond would subject them to being sent to ICE custody;

2

    b.   They are charged with a capital offense;

    c.   They are charged with another offense under section 17.03 of the Texas Code of Criminal Procedure and I am not authorized to grant a personal bond (this was the case in Document 259-1 example 8 – B.Y. – B.Y. was charged with Burglary of a Building and I do not have the authority to approve a personal bond for 17.03 offenses) (Document 259-1 example 11 - this was the case with M.C.-A. M.C-A. was charged with Aggravated Robbery Deadly Weapon which is an offense under 17.03- I do not have the authority to grant a personal bond in 17.03 offenses);

    d.   They are "under supervision" already for an offense that is not a nonviolent felony or misdemeanor. I consider "under supervision" as being already out on bond, on parole, on probation or deferred adjudication (Document 259-1 example 14  - this was the case with G.R. G.R. was charged with DWI with Two or More Previous Convictions -  G.R. was on parole/under supervision. G.R. had prior DWI convictions from 2004, 2008, 2009, and 2014).

    e.   They have a pending hold for another jurisdiction that is set at no bond; or,

    f.   They have a pending motion to adjudicate or motion to revoke probation that is set at no bond.

**Jennifer Gaut Response:** I don't generally tell Defendants I am referring / deferring the issue of a pre-trial release bond to the District Judge. I can't say that I have never used these terms, I just do not have a specific memory of it. I may have used the language when GA-13 was initially issued (I would say I was not approving a pre-trial release bond because I was prohibited from approving a pre-trial release bond under GA 13). I either approve a pre-trial release bond or I do not. However, I do tell Defendants who do not receive a pre-trial release bond that if they are unable to post bond, they are entitled to a bail review hearing with the Judge in their Court because their Judge may approve them for a pre-trial release bond or lower their bail amount to something they can afford.

I also tell Defendants on cases that fall under 17.03 of the Texas Code of Criminal Procedure (e.g. Agg Robb DW, Murder, Burglary, etc.) that only District Court Judges can approve pre-trial release bonds on those types of cases. I make the bond decisions on a case-by-case basis.

**Diana Olvera Response:** I rarely use the words "refer" or "defer."  If I did use or have used these words it would be in the context of not being able to grant a personal bond, usually a case under which the law does not permit me to grant a personal bond. (Code of Criminal Procedure, Article 17.03).

As a Hearing Officer I do not consider any instructions, rules, policies, or preferences of the Felony Judges when deciding whether to "refer" or "defer" a decision on a personal bond. I make the bond decisions on a case-by-case basis.

**Andrew Martin Response:** In each case on my dockets, I independently make the decision on the issue of bail.  I set a bail amount or in rare occasions I set the bail amount at zero, 0.  I do not consider any instructions, rules, policies or preferences of the Felony Judges

when deciding the issue of bail or any other issues under Article 15.17. I make the bond decisions on a case-by-case basis.

**Colin Amann Response:** I do not routinely "refer" or "defer" to the felony court the question of whether a personal bond should be granted. I do advise each felony defendant if the law (Code of Criminal Procedure, Article 17.03) prohibits me from considering whether a personal bond can be granted. And if any defendant questions the amount of the bond that I set, I do tell him that the felony court judge can always adjust the bond that I have set, and can also consider whether a personal bond should be granted. As far as I know, there are no "instructions, rules, policies, or preferences of the Felony Judges when deciding whether to 'refer' or 'defer' a decision on a personal bond." I make the bond decisions on a case-by-case basis.

**Eva Flores Response:** I will always "defer" a decision on a personal bond to a district court judge when I am prohibited from granting a personal bond by the Texas Code of Criminal Procedure Article 17.03. I will sometimes "defer" a decision on a personal bond to a trial court judge when a defendant is on multiple bonds or any form of probation and has been charged with a new offense, as the trial court judge has been supervising the defendant longer than I have, and will be likely to have more information available to them to determine what, if any, additional bond conditions may be appropriate for a defendant, or whether a personal bond is at all appropriate for a defendant. I have not been given any instructions, rules, policies, or preferences from or by any felony judge, and so therefore I do not consider such when making bond decisions. I do rely on and consider past experience, knowledge, and training when making bond decisions. I make the bond decisions on a case-by-case basis.

**Lionel Castro Response:** I do not 'refer' or 'defer' decisions to release an individual on personal bond. I will either grant or deny a personal bond at the hearing. If I set a surety bond and the defendant is unable to make that bond, the defendant may then ask the District Court Judge for a personal bond, but I do not 'defer' the grant or refusal of a personal bond at the 15.17 hearing. I make the bond decisions on a case-by-case basis.

**James Callan's Response:** First, I do not routinely "refer" or "defer" the decision to release a person on personal bond to the felony judges (the judges of the district courts). I do not recall any instances where I have "deferred" or "referred" the decision of whether an individual receives or doesn't receive a personal bond to the district court judge. I either grant a personal bond or I don't. On a rare occasion, I have "referred" or "deferred" the entire bail decision, i.e., the setting of the bail amount (whether it be a cash bond, surety bond or personal bond) to the district court judge. To the best of my knowledge and recollection, this has occurred in those cases where the district court judge has the authority to deny bail altogether, i.e., capital murder cases, cases where the Defendant is categorized as a habitual offender, etc. Generally, this occurred in situations where I believed that I did not have sufficient information in the case to make an informed decision regarding bail, and I felt a more expanded hearing with witnesses, evidence, etc., was necessary to make an intelligent bail decision. I am not aware of any instructions, rules, policies, or preferences of the felony judges (district court judges) regarding decisions to "refer" or

"defer" a decision on a personal bond.  I have discretion and am bound by the law. Besides the constitutions, statutes and case law, the only other rules that would be applicable are the Local Rules of the Courts in Harris County, Texas.  Prior to my employment here, I was aware that there were some bail bond guidelines in place, but that they were just that, guidelines, and were not hard and fast rules. My understanding is that we have discretion as required by law. I make the bond decisions on a case-by-case basis.

**Lisa Porter Response:** During the Article 15.17 hearings in the jail, my decision to refer to the felony judge the decision of whether or not to release the person on a personal bond is based on the following information: Articles 15 and 17 of the Texas Code of Criminal Procedure, Article 1 sections 11, 11a, 11b and 11c of the Texas Constitution, the information contained in the pre-trial services report, information provided by the assistant public defender, information provided by the prosecutor, and the felony bail schedule (which I may reference as guideline, but not as a dispositive decision) and which can be found on the website for the district courts.  I have never received any instructions, rules, policies or preferences from any of the felony judges.  I make the bond decisions on a case-by-case basis.

3. At any point from January 1, 2017 through the present, has any Felony Judge (or collection of Felony Judges, or someone acting on behalf of a Felony Judge, e.g. a court coordinator or staff attorney) instructed, requested, advised, or required any Hearing Officer, either directly or through another government official such as pretrial services, to refer or defer the decision on a personal bond, whether in an individual case or categories of cases (e.g. for all people charged with certain crimes or with a certain criminal history), to the presiding Felony Judge? If the answer is yes, name each judge and official involved and describe the timing, circumstances, and content of the instruction, request, advice, or requirement.

**Courtney St. Julian Response:** I personally have never been instructed in such a manner, nor am I aware if any other Hearing Officer has received this type of instruction.

**Cheryl Diggs Response:**  No.

**Jennifer Gaut Response:** Beginning in June or July 2020, I and other hearing officers began to notice that Judge Ramona Franklin was issuing Court Directives setting bail at $0 on To Be warrants after the To Be warrant was signed by a hearing officer (all To Be warrants get forwarded to the assigned Court after they are signed by a hearing officer). The Defendant is not in custody when Judge Franklin is setting bail at $0 on the To Be warrant(s). Once the Defendant is in custody on the To Be warrant, he/she is interviewed by pre-trial services and appears on a probable cause docket but their bail already shows to be set at $0. The Court Directive is viewable in DEEDS. Because Judge Franklin has issued a Court Directive setting bail at $0, I do not believe I have the authority to override the Court's directive and set bail for the defendant or approve a personal bond.  I tell the Defendants (most of whom appear to be entitled bail) s/he will have to wait for Judge Franklin to set bail and make the personal bond determination.

5

**Colin Amann Response:** On June 12, 2019, Judge Ramona Franklin called me on my cell phone and left a message asking me to return her call. When I called her back, she told me that she was concerned about a particular bond that I had set in a family violence case. I do not remember the particular defendant's name. Nor do I remember if I had granted the defendant a personal bond. I do recall that Judge Franklin was concerned about the bond: it was either not as high as she would have liked, or she objected to a personal bond being granted. I think that it was the latter; but as I said, I simply cannot be certain. She asked if I could refer all bond determinations on family violence cases to her. My impression was that the bonds that I set in those matters should either be very high, or that I should set them at "no bond." I told Judge Franklin that while I appreciated her concerns, I was obligated to set a bond (with very limited exceptions) in all cases, including those involving family violence.

Later in 2019, or perhaps in early 2020, I don't remember the exact month or date, Judge Randy Roll called me at the office and informed me that a particular capital murder case was heading to his court. He expressed concern that a number of bonds coming from the magistrates were not nearly as high as they should be, and that he did not want us to set a bond in that particular capital murder case. I told him that we did not set bonds in capital murder cases: bonds in capital murder cases are always set at "no bond."

**Diana Olvera Response:** No

**Andrew Martin Response:** No.

**Lionel Castro Response:** No.

**Eva Flores Response:** No.

**Lisa Porter Response:** No.

**James Callan Response:** No, not that I recall to the best of my knowledge.

4. Please provide the names and dates of employment of any person employed as a Harris County Criminal Law Hearing Officer from 2010 through the present. Please also provide the dates of employment as a Criminal Law Hearing Officer of Defendant Judge Frank Aguilar.

| **Hearing Officer Name** | **Hire Date** | **End Date** |
|---|---|---|
| St Julian, Courtney C | 11/1/2016 | |
| Diggs, Cheryl Harris | 9/3/2019 | |
| Gaut, Jennifer Rebecca | 8/5/2019 | |
| Olvera, Diana | 8/19/2019 | |
| Callan, James Michael | 11/12/2018 | |

| | | |
|---|---|---|
| Martin, Andrew D | 2/1/2020 | |
| Flores, Eva Garcia | 1/7/2019 | |
| Porter, Lisa Gail | 7/27/2017 | |
| Amann, Colin Bryan | 8/1/2017 | |
| Castro, Lionel Jesse | 9/16/2017 | |
| Villagomez, Blanca | 6/3/2000 | 6/30/2019 |
| Nicholas, Ronald | 1/22/2007 | 1/31/2020 |
| Licata, Joseph | 3/11/2011 | 8/29/2019 |
| Wallace, Jill | 10/25/2008 | 8/16/2019 |
| Spence, Connie | 12/1/2016 | 6/21/2019 |
| Hagstette, Eric | 10/26/2005 | 10/31/2018 |
| Lewis, Travis | 4/30/2010 | 12/31/2010 |

DATE: November 3, 2020                    Respectfully Submitted,

    Of Counsel:
    Vince Ryan
    Harris County Attorney          */s/ Rachel Fraser*_____
                               **Rachel Fraser**
                                 SBOT: 24079725
                               Federal (Southern District) No. 2553428
                               1019 Congress Plaza, 15th Floor
                               Houston, TX 77002
                               (713) 274-5383(telephone)
                               (713) 755-8823 (facsimile)
                               rachel.fraser@cao.hctx.net
                               **Attorney for Harris County**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00226 |
| ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**To**:    Plaintiffs Dwight Russell et. al, by through their attorneys of record, Alex Karakatsanis Elizabeth Rossi, Jeffrey Stein, Joseph Grinstein, Liyah Brown, Mimi Marziani, Peter Steffensen, Neal Manne.

Defendant Harris County serves these Objections and Responses to Plaintiffs' Request

for Production to Defendant Harris County on this day, January, 5, 2021.

Respectfully submitted,

OF COUNSEL:
CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

/s/ *Rachel Fraser*
Rachel Fraser
SBOT: 24079725
Federal (Southern District) No. 2553428
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5383(telephone)
rachel.fraser@cao.hctx.net
**Attorney for Defendant Harris County,**
**Counsel to be Noticed**

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served by email on January 5, 2021, to all counsel of record.

1

<u>**HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**</u>

29. Please produce all documents reflecting a Felony Judge's approval of an appointed defense attorney's request for payment of a fee or expense and the vouchers filed by defense attorneys that list the hours worked and the type of work done, including all documents that have been docketed as "ATTORNEY – FEE EXPENSE CLAIM (DISTRICT)".

<u>**Objection:**</u>  Objection in that this request is overbroad and unduly burdensome in that it requests massive amounts of data, including fee or expense reports and vouchers filed by all defense attorneys in Harris County, dating back six years.

<u>**Response:**</u>  Subject to and without waiving the foregoing objection, see HC 207,578 - 284,340.

HC 207,578 – 284,340 are Confidential pursuant to Dkt# 276 in that they contain dates of birth, address and telephone numbers, social security numbers.

30.  Please produce a spreadsheet providing the following data for cases filed from January 1, 2015 through the present:
   a.  Name
   b.  SPN
   c.  Case number
   d.  Date and time of arrest
   e.  Name of first defense attorney
   f.  Date first defense attorney appointed
   g.   SPN of first assigned defense attorney
   h.  Name of second defense attorney
   i.  Date second defense attorney appointed
   j.  SPN of second defense attorney
   k.   Name of third defense attorney
   l.  Date third defense attorney appointed
   m. SPN of third defense attorney

<u>**Response:**</u>  See HC 207,577 previously distributed to all parties in the case on December 11, 2020.

DATE: January 5, 2021

Respectfully submitted,

OF COUNSEL:
CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

/s/ *Rachel Fraser*
Rachel Fraser
SBOT: 24079725
Federal (Southern District) No. 2553428
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5383(telephone)
rachel.fraser@cao.hctx.net
**Attorney for Defendant Harris County,
Counsel to be Noticed**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00226 |
| ) | (Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**To**:  Plaintiffs Dwight Russell Et. Al, by through their attorneys of record, Alex Karakatsanis Elizabeth Rossi, Jeffrey Stein, Joseph Grinstein, Liyah Brown, Mimi Marziani, Peter Steffensen, Neal Manne.

Defendant Harris County serves these First Supplemental Objections and Responses to

Plaintiffs' First Set of Interrogatories on this day, November 10, 2020.

Respectfully Submitted,

Of Counsel:
Vince Ryan
Harris County Attorney

*/s/ Rachel Fraser*
**Rachel Fraser**
SBOT: 24079725
Federal (Southern District) No. 2553428
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5383(telephone)
(713) 755-8823 (facsimile)
rachel.fraser@cao.hctx.net
**Attorney for Harris County**

## <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served by email on November 10, 2020 to all counsel of record.

1

**HARRIS COUNTY'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

1. Please identify all people charged with felony offenses between 2015 and the present, the date they or their lawyer filed a bail motion and/or a writ petition pertaining to bail, and the date any hearing on the motion was held. If no hearing was held, please indicate as such. If a hearing was held but no record exists, state that as well.

   **Objection:** The Harris County District Clerk did not track this information prior to 2020 and cannot accurately recreate this data to the degree of certainty, and with the accuracy, that Plaintiff's request.

   **Response:** Subject to and without waiving objections, see HC 119,774 (excel file containing motions filed with the word "Bail" in the title) and HC 119,775 (excel file containing writ cases), for the requested date ranges.

2. During the Article 15.17 hearings in the jail, Hearing Officers routinely state that they will "refer" or "defer" to the Felony Judge the decision to release a person on a personal bond. For example, *see* the hearings described in Dkt. 259-1, rows 1–5, 12–14, 16–18. For each Hearing Officer, explain how the Hearing Officer decides whether to "refer" or "defer" the decision on a personal bond, and state specifically whether each Hearing Officers considers any instructions, rules, policies, or preferences of the Felony Judges when deciding whether to "refer" or "defer" a decision on a personal bond.

   **Objection:** This request is vague and ambiguous in the use of the words "refer" and "defer," and the assignment of a particular meaning to them. Harris County further objects in that this questions is premised upon the assumption that the hearing officers do *not* rule on a case by case basis, which they do in compliance with State and Federal law.

   **Responses:** Subject to and without waiving all applicable objections:

   **Courtney St. Julian Response:** I usually use the term "refer" the decision to the District Court Judge if I do not grant a personal bond. This decision is based on Texas Code of Criminal Procedure Article 17.03 which enumerates charges for which a Hearing Officer may not grant a personal bond. In all other cases, I examine the specific allegations, review the PSA and financial affidavit, and consider the arguments of the State and Defense. If I determine the Defendant poses a risk to community safety or is a risk not to appear in court, I refer the pre-trial release bond decision to the District Court Judge. I make the bond decisions on a case-by-case basis.

   **Cheryl Diggs Response:** I make the bond decisions on a case-by-case basis. If I state on the record that I am referring or deferring a personal bond decision, I denied the personal bond because one of the following situations applies to the accused person appearing in front of me:

   a. They have an ICE hold and releasing them on a personal bond would subject them to being sent to ICE custody;

2

b.  They are charged with a capital offense;

c.  They are charged with another offense under section 17.03 of the Texas Code of Criminal Procedure and I am not authorized to grant a personal bond (this was the case in Document 259-1 example 8 – B.Y. – B.Y. was charged with Burglary of a Building and I do not have the authority to approve a personal bond for 17.03 offenses) (Document 259-1 example 11 - this was the case with M.C.-A. M.C.-A. was charged with Aggravated Robbery Deadly Weapon which is an offense under 17.03- I do not have the authority to grant a personal bond in 17.03 offenses);

d.  They are "under supervision" already for an offense that is not a nonviolent felony or misdemeanor. I consider "under supervision" as being already out on bond, on parole, on probation or deferred adjudication (Document 259-1 example 14  - this was the case with G.R. G.R. was charged with DWI with Two or More Previous Convictions -  G.R. was on parole/under supervision. G.R. had prior DWI convictions from 2004, 2008, 2009, and 2014).

e.  They have a pending hold for another jurisdiction that is set at no bond; or,

f.  They have a pending motion to adjudicate or motion to revoke probation that is set at no bond.

**Jennifer Gaut Response:** I don't generally tell Defendants I am referring / deferring the issue of a pre-trial release bond to the District Judge. I can't say that I have never used these terms, I just do not have a specific memory of it. I may have used the language when GA-13 was initially issued (I would say I was not approving a pre-trial release bond because I was prohibited from approving a pre-trial release bond under GA 13). I either approve a pre-trial release bond or I do not. However, I do tell Defendants who do not receive a pre-trial release bond that if they are unable to post bond, they are entitled to a bail review hearing with the Judge in their Court because their Judge may approve them for a pre-trial release bond or lower their bail amount to something they can afford.

I also tell Defendants on cases that fall under 17.03 of the Texas Code of Criminal Procedure (e.g. Agg Robb DW, Murder, Burglary, etc.) that only District Court Judges can approve pre-trial release bonds on those types of cases. I make the bond decisions on a case-by-case basis.

**Diana Olvera Response:** I rarely use the words "refer" or "defer."  If I did use or have used these words it would be in the context of not being able to grant a personal bond, usually a case under which the law does not permit me to grant a personal bond. (Code of Criminal Procedure, Article 17.03).

As a Hearing Officer I do not consider any instructions, rules, policies, or preferences of the Felony Judges when deciding whether to "refer" or "defer" a decision on a personal bond. I make the bond decisions on a case-by-case basis.

**Andrew Martin Response:** In each case on my dockets, I independently make the decision on the issue of bail.  I set a bail amount or in rare occasions I set the bail amount at zero, 0.  I do not consider any instructions, rules, policies or preferences of the Felony Judges

when deciding the issue of bail or any other issues under Article 15.17. I make the bond decisions on a case-by-case basis.

**Colin Amann Response:** I do not routinely "refer" or "defer" to the felony court the question of whether a personal bond should be granted. I do advise each felony defendant if the law (Code of Criminal Procedure, Article 17.03) prohibits me from considering whether a personal bond can be granted. And if any defendant questions the amount of the bond that I set, I do tell him that the felony court judge can always adjust the bond that I have set, and can also consider whether a personal bond should be granted. As far as I know, there are no "instructions, rules, policies, or preferences of the Felony Judges when deciding whether to 'refer' or 'defer' a decision on a personal bond." I make the bond decisions on a case-by-case basis.

**Eva Flores Response:** I will always "defer" a decision on a personal bond to a district court judge when I am prohibited from granting a personal bond by the Texas Code of Criminal Procedure Article 17.03.  I will sometimes "defer" a decision on a personal bond to a trial court judge when a defendant is on multiple bonds or any form of probation and has been charged with a new offense, as the trial court judge has been supervising the defendant longer than I have, and will be likely to have more information available to them to determine what, if any, additional bond conditions may be appropriate for a defendant, or whether a personal bond is at all appropriate for a defendant.  I have not been given any instructions, rules, policies, or preferences from or by any felony judge, and so therefore I do not consider such when making bond decisions.  I do rely on and consider past experience, knowledge, and training when making bond decisions. I make the bond decisions on a case-by-case basis.

**Lionel Castro Response:** I do not 'refer' or 'defer' decisions to release an individual on personal bond.  I will either grant or deny a personal bond at the hearing.  If I set a surety bond and the defendant is unable to make that bond, the defendant may then ask the District Court Judge for a personal bond, but I do not 'defer' the grant or refusal of a personal bond at the 15.17 hearing. I make the bond decisions on a case-by-case basis.

**James Callan's Response:** First, I do not routinely "refer" or "defer" the decision to release a person on personal bond to the felony judges (the judges of the district courts). I do not recall any instances where I have "deferred" or "referred" the decision of whether an individual receives or doesn't receive a personal bond to the district court judge.  I either grant a personal bond or I don't.  On a rare occasion, I have "referred" or "deferred" the entire bail decision, i.e., the setting of the bail amount (whether it be a cash bond, surety bond or personal bond) to the district court judge. To the best of my knowledge and recollection, this has occurred in those cases where the district court judge has the authority to deny bail altogether, i.e., capital murder cases, cases where the Defendant is categorized as a habitual offender, etc. Generally, this occurred in situations where I believed that I did not have sufficient information in the case to make an informed decision regarding bail, and I felt a more expanded hearing with witnesses, evidence, etc., was necessary to make an intelligent bail decision.  I am not aware of any instructions, rules, policies, or preferences of the felony judges (district court judges) regarding decisions to "refer" or

"defer" a decision on a personal bond.  I have discretion and am bound by the law. Besides the constitutions, statutes and case law, the only other rules that would be applicable are the Local Rules of the Courts in Harris County, Texas.  Prior to my employment here, I was aware that there were some bail bond guidelines in place, but that they were just that, guidelines, and were not hard and fast rules. My understanding is that we have discretion as required by law. I make the bond decisions on a case-by-case basis.

**Lisa Porter Response:** During the Article 15.17 hearings in the jail, my decision to refer to the felony judge the decision of whether or not to release the person on a personal bond is based on the following information: Articles 15 and 17 of the Texas Code of Criminal Procedure, Article 1 sections 11, 11a, 11b and 11c of the Texas Constitution, the information contained in the pre-trial services report, information provided by the assistant public defender, information provided by the prosecutor, and the felony bail schedule (which I may reference as guideline, but not as a dispositive decision) and which can be found on the website for the district courts.  I have never received any instructions, rules, policies or preferences from any of the felony judges.  I make the bond decisions on a case-by-case basis.

3.  At any point from January 1, 2017 through the present, has any Felony Judge (or collection of Felony Judges, or someone acting on behalf of a Felony Judge, e.g. a court coordinator or staff attorney) instructed, requested, advised, or required any Hearing Officer, either directly or through another government official such as pretrial services, to refer or defer the decision on a personal bond, whether in an individual case or categories of cases (e.g. for all people charged with certain crimes or with a certain criminal history), to the presiding Felony Judge? If the answer is yes, name each judge and official involved and describe the timing, circumstances, and content of the instruction, request, advice, or requirement.

**Courtney St. Julian Response:** I personally have never been instructed in such a manner, nor am I aware if any other Hearing Officer has received this type of instruction.

**Cheryl Diggs Response:**  No.

**Jennifer Gaut Response:** Beginning in June or July 2020, I and other hearing officers began to notice that Judge Ramona Franklin was issuing Court Directives setting bail at $0 on To Be warrants after the To Be warrant was signed by a hearing officer (all To Be warrants get forwarded to the assigned Court after they are signed by a hearing officer). The Defendant is not in custody when Judge Franklin is setting bail at $0 on the To Be warrant(s). Once the Defendant is in custody on the To Be warrant, he/she is interviewed by pre-trial services and appears on a probable cause docket but their bail already shows to be set at $0. The Court Directive is viewable in DEEDS. Because Judge Franklin has issued a Court Directive setting bail at $0, I do not believe I have the authority to override the Court's directive and set bail for the defendant or approve a personal bond.  I tell the Defendants (most of whom appear to be entitled bail) s/he will have to wait for Judge Franklin to set bail and make the personal bond determination.

**Colin Amann Response:** On June 12, 2019, Judge Ramona Franklin called me on my cell phone and left a message asking me to return her call. When I called her back, she told me that she was concerned about a particular bond that I had set in a family violence case. I do not remember the particular defendant's name. Nor do I remember if I had granted the defendant a personal bond. I do recall that Judge Franklin was concerned about the bond: it was either not as high as she would have liked, or she objected to a personal bond being granted. I think that it was the latter; but as I said, I simply cannot be certain. She asked if I could refer all bond determinations on family violence cases to her. My impression was that the bonds that I set in those matters should either be very high, or that I should set them at "no bond." I told Judge Franklin that while I appreciated her concerns, I was obligated to set a bond (with very limited exceptions) in all cases, including those involving family violence.

Later in 2019, or perhaps in early 2020, I don't remember the exact month or date, Judge Randy Roll called me at the office and informed me that a particular capital murder case was heading to his court. He expressed concern that a number of bonds coming from the magistrates were not nearly as high as they should be, and that he did not want us to set a bond in that particular capital murder case. I told him that we did not set bonds in capital murder cases: bonds in capital murder cases are always set at "no bond."

**Diana Olvera Response:** No

**Andrew Martin Response:** No.

**Lionel Castro Response:** No.

**Eva Flores Response:** No.

**Lisa Porter Response:** No.

**James Callan Response:** No, not that I recall to the best of my knowledge.

4. Please provide the names and dates of employment of any person employed as a Harris County Criminal Law Hearing Officer from 2010 through the present. Please also provide the dates of employment as a Criminal Law Hearing Officer of Defendant Judge Frank Aguilar.

| **Hearing Officer Name** | **Hire Date** | **End Date** |
|---|---|---|
| St Julian, Courtney C | 11/1/2016 | |
| Diggs, Cheryl Harris | 9/3/2019 | |
| Gaut, Jennifer Rebecca | 8/5/2019 | |
| Olvera, Diana | 8/19/2019 | |
| Callan, James Michael | 11/12/2018 | |

| | | |
|---|---|---|
| Martin, Andrew D | 2/1/2020 | |
| Flores, Eva Garcia | 1/7/2019 | |
| Porter, Lisa Gail | 7/27/2017 | |
| Amann, Colin Bryan | 8/1/2017 | |
| Castro, Lionel Jesse | 9/16/2017 | |
| Villagomez, Blanca | 6/3/2000 | 6/30/2019 |
| Nicholas, Ronald | 1/22/2007 | 1/31/2020 |
| Licata, Joseph | 3/11/2011 | 8/29/2019 |
| Wallace, Jill | 10/25/2008 | 8/16/2019 |
| Spence, Connie | 12/1/2016 | 6/21/2019 |
| Hagstette, Eric | 10/26/2005 | 10/31/2018 |
| Lewis, Travis | 4/30/2010 | 12/31/2010 |
| Aguilar, Frank (as a HO) | 12/24/2005 | 10/27/2010 |

DATE: November 10, 2020     Respectfully Submitted,

Of Counsel:
Vince Ryan
Harris County Attorney     */s/ Rachel Fraser_____*
             **Rachel Fraser**
             SBOT: 24079725
             Federal (Southern District) No. 2553428
             1019 Congress Plaza, 15th Floor
             Houston, TX 77002
             (713) 274-5383(telephone)
             (713) 755-8823 (facsimile)
             rachel.fraser@cao.hctx.net
             **Attorney for Harris County**

<u>**VERIFICATION**</u>

**STATE OF TEXAS**                              §
                                               §
**COUNTY OF HARRIS**                            §

I, Ed Wells, state that I have read Harris County's Objections and Responses to Plaintiff's First Set of Interrogatories, and my answer to interrogatory question 4 is true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.


Dated this  9th   day of November , 2020.


_____
Ed Wells

**United States District Court**
**Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| **Dwight Russell,** *et al.*, | § | |
| **Plaintiffs**, | § | |
| | § | |
| **v.** | § | **Case No. 4:19-cv-00226** |
| | § | |
| **Harris County, Texas**, *et al.,* | § | |
| **Defendants**. | § | |

---

**Defendant Harris County's Responses to State Intervenors'**
**First Request for Interrogatories**

---

**To**:   The State of Texas, the Honorable Greg Abbott, Governor of Texas, and the Honorable Ken Paxton, Attorney General of Texas, by through its attorneys of record, Kimberly Ann Gdula, Texas Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

Defendant Harris County serves these Objections and Responses to State Intervenor's

Request for Interrogatories

Respectfully submitted,

Of Counsel:
Vince Ryan
Harris County Attorney

*/s/ Brandon Draper*
**Brandon Draper**
SBOT: 24096064
Federal (Southern District) No. 3098164
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5358 (telephone)
(713) 755-8823 (facsimile)
Brandon.Draper@cao.hctx.net
**Rachel Fraser**
SBOT: 24079725
Federal (Southern District) No. 2553428
1019 Congress Plaza, 15th Floor
Houston, TX 77002
(713) 274-5383(telephone)
(713) 755-8823 (facsimile)

Page 1

—

rachel.fraser@cao.hctx.net
**Attorneys for Harris County**

<u>**Certificate of Service**</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served by email on September 28, 2020 to all counsel of record.

**Darren L. McCarty**
Deputy Attorney General for Civil Litigation

**Thomas A. Albright**
Chief for General Litigation Division

**Kimberly Ann Gdula**
Special Litigation Counsel
kimberly.gdula@oag.texas.gov
**Adam Arthur Biggs**
Texas Bar No. 24077727
Southern District No. 2964087
Adam.Biggs@oag.texas.gov

**Matthew Bohuslav**
Texas Bar No. 1303218
Southern District ID: 1303218
Matthew.Bohuslav@oag.texas.gov
**Todd A. Dickerson**
Texas Bar No. 24118368
*Admitted Pro Hac Vice*
Todd.Dickerson@oag.texas.gov
**Caroline Alyssa Meridith**
Texas Bar No. 24091501
Southern District ID: 3555429
Caroline.Merideth@oag.texas.gov
**Dominique G. Stafford**
State Bar No. 24079382
Southern District ID: 3195055
Dominique.Stafford@oag.texas.gov
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
**Counsel for State Intervenors**

**Ken Paxton**
Attorney General of Texas

**Jeffrey C. Mateer**
First Assistant Attorney General

**Ryan L. Bangert**
Deputy First Assistant Attorney General
**Eric A. Hudson**
Special Counsel
Special Litigation Unit
Texas Bar No. 24059977
Southern District ID: 1000759
Eric.Hudson@oag.texas.gov
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1414 | FAX: (512) 936-0545

*/s/ Brandon Draper*
**Brandon Draper**
Assistant County Attorney

Page 2

**<u>Harris County's Response to State Intervenors' First Set of Interrogatories</u>**

**<u>Interrogatory No. 1</u>:** Identify the total number of felony arrestees that received an initial bail hearing before a Hearing Officer during the relevant period.

**<u>Response</u>:** See the documents labelled HC 013 – HC 017.

**<u>Interrogatory No. 2</u>:** Of those identified in response to Interrogatory No. 1, identify the total number of felony arrestees that received unsecured bail.

**<u>Response</u>:** See response to Interrogatory 1.

**<u>Interrogatory No. 3</u>:** Of those identified in response to Interrogatory No. 1, identify the total number of felony arrestees that received secured bail.

**<u>Response</u>:** See response to Interrogatory 1.

**<u>Interrogatory No. 4</u>:** Of those identified in response to Interrogatory No. 1, identify the total number of felony arrestees that were already on bail/bond for a previous offense (misdemeanor or felony) at the time of their bail hearing for the new felony offense.

**<u>Response</u>:** JWEB does not store the requested information in the manner requested by Plaintiff. Harris County can provide a separate list of misdemeanor cases. As per Plaintiff's request, Harris County will not be providing this separate list.

**<u>Interrogatory No. 5</u>:** Of those that received secured bail that were identified in response to Interrogatory No. 3, identify the total number of arrestees that were ineligible to receive unsecured bail from a Hearing Officer under Texas law.

**<u>Response</u>:** Objection. This question is vague and overbroad, speculative, and calls for a legal conclusion as to the definition of "ineligible."

**<u>Interrogatory No. 6</u>:** Of those that received secured bail that were identified in response to Interrogatory No. 3, identify the total number of arrestees that were ineligible to receive unsecured bail because they were subject to a hold precluding release. A "hold" includes, but is not limited to, immigration detainers or other deportation orders/requests; warrants; extradition requests or warrants; or any other legal request precluding release.

**<u>Response</u>:** See Response to Interrogatory 5.

**<u>Interrogatory No. 7</u>:** Of those identified in response to Interrogatory No. 1, identify all instances in which a Hearing Officer affixed bail (secured or unsecured) below what was recommended by the felony bail schedule/Public Safety Assessment.

**<u>Response</u>:** See the documents labelled HC 000099 – HC 119,734.

**Interrogatory No. 8:** Of those identified in response to Interrogatory No. 1, identify the total number of arrestees that were represented by the Public Defender's Office at an initial bail hearing. For any arrestee that did not receive counsel, please provide an explanation for why representation did not occur.

**Response:** The only reason an arrestee would not receive counsel is (1) the person has refused our representation, (2) the person will be represented at the hearing by private counsel, or (3) the person is released without a hearing.  Additionally, some magistrates had objected to the Public Defender's Office's appearance where the arrestee was not present.  However, the *O'Donnell* monitors explained that this was inappropriate, that the Public Defender's Office should represent arrestees even when they are not present, and this is no longer an issue.

There are also significant categories of felony arrestees that the Public Defender's Office does not represent because they are not taken before the magistrate for a 15.17 hearing: 1) bond forfeitures, 2) bond revocations, 3) motions to adjudicate, and 3) motions to revoke probation. On these cases, Public Defender's Office's represents misdemeanor arrestees, but does not represent felony arrestees.

The Public Defender's Office also does not represent people arrested on out-of-county warrants, parole warrants, or anything extra-jurisdictional.

Some arrestees are also released without a hearing.  This includes 1) people who are given an automatic personal bond called an Early Presentment (EP) for felonies or 2) a General Order Bond (GOB) for misdemeanors, and 3) felonies whose bond is set automatically according to the bail schedule and subsequently pay the bail before they make it to the 15.17 hearing.

For people who do have a 15.17 hearing and the Public Defender's Office's does not represent them, the hearing is recorded on the magistrate's form by leaving a blank in the space for the name of the defense attorney

While an exact number is unknown, the number could likely be determined by taking total persons coming through JPC, subtract Class C cases, subtract the persons released without a hearing, and subtract the total number of persons the Public Defender's Office represents.

**Interrogatory No. 9:** Of those identified in response to Interrogatory No. 1, identify all instances in which a Hearing Officer adopted the bail recommendation made by the assistant public defender.

**Response:** See Response to Interrogatory 7.

**Interrogatory No. 10:** Identify any arrestees charged with a new felony offense that appealed the denial of unsecured bail at an initial hearing to the presiding District Court Judge.

**Response:** Prior to 07/01/2020, JWEB did not track this data.  For such data from that date forward, see the response to Interrogatory 1.

**Interrogatory No. 11:** Identify any arrestees charged with a new felony offense that did not receive unsecured bail at an initial bail hearing but later received unsecured bail from a District Court Judge.

**Response:** See the response to Interrogatory 1.

**Interrogatory No. 12:** Identify any arrestee charged with a new felony offense that you believe has had secured bail imposed without consideration of the factors set out in the Texas law. For each person identified, please provide a corresponding cause number.

**Response:** Objection. This questions calls for a legal conclusion.

Without waiving the above objection, every defendant that appears before a probable cause court, whether for a felony or misdemeanor, is to be granted an individualized bail hearing where the hearing officer considers the defendant's financial affidavit, the pretrial interview, criminal history (including pending cases), the facts of the present case, and argument of counsel for the State and defendant. Such action is taken in compliance with *O'Donnell v. Harris County*, 892 F. 3d 147, 163 (5th Cir. 2018).

**Interrogatory No. 13:** Identify any Hearing Officers that you believe has imposed secured bail without first conducting an individualized assessment of an arrestee, including consideration of an arrestees' finances.

**Response:** See Response to Interrogatory 12.

**Interrogatory No. 14:** Identify any Hearing Officer that Harris County contends has violated the United States Constitution, Texas Constitutions, or Texas law in setting felony bail during the relevant period. For each identified provide the exact act that you contend is violative and a cause number for each case in which a violation has occurred in.

**Response:** See Response to Interrogatory 12

**Interrogatory No. 15:** Identify all steps taken by Harris County to ensure that Hearing Officers do not violate the United States Constitution, Texas Constitutions, or Texas law in setting felony bail.

**Response:** See Response to Interrogatory 12

**Interrogatory No. 16:** Identify with specificity any part of Harris County's current felony bail system that you contend violates the United States Constitution, Texas Constitutions, or Texas law.

**Response:** See Response to Interrogatory 12

**Interrogatory No. 17:** Identify all procedural reforms/changes Harris County has made to the bail system for felony arrestees since January 1, 2016. For each step identified, include the

approximate date the reform/change went into effect and identify any written policies/memoranda putting them into place.

**Response:** See Response to Interrogatory 12

**United States District Court**

**Southern District of Texas**

**Houston Division**

| | | |
|---|---|---|
| Dwight Russell, *et al.*, | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | Case No. 4:19-cv-00226 |
| | § | |
| Harris County, Texas*, et al.*, | § | |
| **Defendants.** | § | |

<u>**Verification**</u>

| | |
|---|---|
| The State of Texas | § |
| | § |
| County of Harris | § |

     **Before me**, the undersigned Notary Public, on this day personally **Alex Bunin** who being by me duly sworn on his oath deposed and said that,

     "I have read **Alex Bunin's** Answers to State Intervenors' First Request for Interrogatories and the statements contained within Interrogatory No. 8 therein are true and correct and/or based on information made available to me from other persons."

Alex Bunin

     **Subscribed and sworn to before me on** this 25 day of September, 2020, to certify which I affix my hand and seal of office.

EDNA VELEZ
129704532
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEBRUARY 15, 2022

Notary Public in and for the
State of Texas

**United States District Court**

**Southern District of Texas**

**Houston Division**

| | | |
|---|---|---|
| Dwight Russell, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 4:19-cv-00226 |
| | § | |
| Harris County, Texas, *et al.*, | § | |
| *Defendants*. | § | |

## Verification

| | |
|---|---|
| The State of Texas | § |
| | § |
| County of Harris | § |

  **Before me**, the undersigned Notary Public, on this day personally **Tracy Hopper** who being by me duly sworn on her oath deposed and said that,

  "I have read **Tracy Hopper's** Answers to State Intervenors' First Request for Interrogatories and the statements contained within Interrogatory Nos. 1-4, 7, & 9-11 therein are true and correct and/or based on information made available to me from other persons."

<br>

_____
Name

<br>

  **Subscribed and sworn to before me on** this 28<u>th</u> day of __September__ , 2020, to certify which I affix my hand and seal of office.

<br>

_____
Notary Public in and for the
State of Texas

JUDY MARTINEZ
My Notary ID # 132136393
Expires August 20, 2023

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 4:19-cv-00226 |
| | § | |
| HARRIS COUNTY, TEXAS*, et al.,* | § | |
| *Defendants.* | § | |

---

## Harris County's Objections and Responses to State Intervenors' First Set of Requests for Production

---

TO:   The State of Texas, the Honorable Greg Abbott, Governor of Texas, and the Honorable Ken Paxton, Attorney General of Texas, by through its attorney of record, Adam Biggs, Attorney General Of Texas, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

Defendant Harris County ("Defendant"), now serves its Objections and Responses to State Intervenors' First Set of Requests for Production in the above entitled and numbered cause.

Respectfully submitted,

_/s/ Rachel Fraser_____

RACHEL FRASER
Assistant County Attorney
SBN 24079725
Federal(Southern District) No. 2553428
1019 Congress, 15th Floor
Houston, Texas  77002
Telephone:  (713) 274-5383
Facsimile:  (713) 755-8924
Rachel.fraser@cao.hctx.net
**Brandon Draper**
SBOT: 24096064
Federal(Southern District) No. 3098164
1019 Congress Plaza, 15th Floor
Houston, TX 77002

VINCE RYAN
HARRIS COUNTY ATTORNEY

(713) 274-5358 (telephone)
(713) 755-8823 (facsimile)
Brandon.Draper@cao.hctx.net


### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, a true and correct copy of **HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO STATE INTERVENORS' FIRST SET OF REQUESTS FOR PRODUCTION** was served electronically to counsel of record.


**/S/  Rachel Fraser**
RACHEL FRASER
Assistant County Attorney

## GENERAL OBJECTIONS

1.     Defendant objects to the definitions and instructions relating to State Intervenors' discovery requests to the extent that they seek to impose obligations which are not required by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling and other orders issued in this case.

2.     Defendant objects to State Intervenors' discovery requests (and the definitions and instructions relating to such requests) to the extent that they seek to impose an obligation upon it to produce information and/or documents authored and/or issued more than two years prior to the date of the incident allegedly giving rise to this lawsuit.

3.     Defendant objects to State Intervenors' discovery requests (and the definitions and instructions relating to such requests) to the extent that they seek to impose an obligation upon it to produce information and/or documents authored and/or issued after the date of the incident allegedly giving rise to this lawsuit.

4.     Defendant objects to State Intervenors' discovery requests (and the definitions and instructions relating to such requests) to the extent that they seek to impose an obligation upon it to produce information and/or documents regarding theories of recovery that are not expressly alleged against it in State Intervenors' Second Amended.

### HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO STATE INTERVENORS' FIRST SET OF REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All videos and recordings of probable cause and initial bail hearings for felony arrestees in Harris County since January 1, 2020.

**Response:** HC Bates Videos HC082 – HC097, HC098 probable cause and initial bail hearings, limited in number pursuant to our conversation on August 27, 2020.

**REQUEST FOR PRODUCTION NO. 2:**

All documents or statements generated by the Pretrial Services department during interviews completed in preparation for felony arrestee bail hearings since January 1, 2019.

**Response:** See HC Bates HC023 – HC048, HC078 (excel), HC079 (excel), limited in number pursuant to our conversation on or about August 27, 2020.

HC023 – HC048 are Confidential pursuant to Dkt#276 in that they contain identifying information, dates of birth, driver's license numbers, social security

numbers, physical and mental health information, substance abuse information, home address, telephone numbers.  HC078 – HC079 are Confidential pursuant to Dkt#276 in that they contain identifying information, namely dates of birth.

**REQUEST FOR PRODUCTION NO. 3:**

All affidavits of financial condition completed in preparation for felony arrestee initial bail hearings since January 1, 2019.

**Response:** See HC Bates HC023 – HC048, HC078 (excel), HC079 (excel), limited in number pursuant to our conversation on or about August 27, 2020.

HC023 – HC048 are Confidential pursuant to Dkt#276 in that they contain identifying information, dates of birth, driver's license numbers, social security numbers, physical and mental health information, substance abuse information, home address, telephone numbers.  HC078 – HC079 are Confidential pursuant to Dkt#276 in that they contain identifying information, namely dates of birth.

**REQUEST FOR PRODUCTION NO. 4:**

All public safety risk assessment scores and related documentation completed in preparation for felony arrestee initial bail hearings since January 1, 2019.

**Response:** See HC Bates HC023 – HC048, HC078 (excel), HC079 (excel), limited in number pursuant to our conversation on or about August 27, 2020.

HC023 – HC048 are Confidential pursuant to Dkt#276 in that they contain identifying information, dates of birth, driver's license numbers, social security numbers, physical and mental health information, substance abuse information, home address, telephone numbers.  HC078 – HC079 are Confidential pursuant to Dkt#276 in that they contain identifying information, namely dates of birth.

**REQUEST FOR PRODUCTION NO. 5:**

All probable cause and bail order forms completed by Hearing Officers for felony arrestees since January 1, 2019.

**Response:** See HC  Bates 000099 – HC 119,734.

**REQUEST FOR PRODUCTION NO. 6:**

All contracts and agreements between Harris County and the Harris County Public Defender's Office which relates to the representation of felony arrestees at initial bail hearings since January 1, 2019.

**Objection:** Harris County objects to this request in that this is a vague and ambiguous; the Public Defender's Office is a department within Harris County.

**Response:** Subject to and without waiving Harris County's objections, see Bates HC049 – HC050.

**REQUEST FOR PRODUCTION NO. 7:**

All policies or procedures related to initial bail hearings for felony arrestees since January 1, 2019.

**Response:** See HC Bates HC080-HC081.

**REQUEST FOR PRODUCTION NO. 8:**

All scripts used during initial bail hearings for felony arrestees since January 1, 2019.

**Response:** See HC Bates HC051 – HC077.

**REQUEST FOR PRODUCTION NO. 9:**

All training materials related to initial bail hearings for felony arrestees since January 1, 2019.

**Response:** Harris County does not possess training materials related to felony bail hearings. When Hearing Officers are hired, they are encouraged to become familiar with Article 17 of the Code of Criminal Procedure.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between Plaintiffs' counsel and any member of the Harris County Commissioner's Court, County Judge Lina Hidalgo, Sheriff Ed Gonzalez, or any member of these elected officials' staff related to this lawsuit since January 1, 2018.

**Objection:** Harris County objects to this request as vague, ambiguous and overly broad in that State Intervenors' ask for information "related to this lawsuit." Harris County further objects in that it is unduly burdensome, immaterial, not reasonably calculated to lead to the production of admissible evidence and is a "fishing expedition."

**REQUEST FOR PRODUCTION NO. 11:**

All communications between Plaintiffs' counsel and any member of the Harris County Commissioner's Court, County Judge Lina Hidalgo, Sheriff Ed Gonzalez, or any member of these elected officials' staff related to the felony bail process since January 1, 2018.

**Objection:** Harris County objects to this request as vague, ambiguous and overly broad in that State Intervenors' ask for information "related to this lawsuit." Harris County further objects in

that it is unduly burdensome, immaterial, not reasonably calculated to lead to the production of admissible evidence and is a "fishing expedition."

**REQUEST FOR PRODUCTION NO. 12:**

All communications between Plaintiffs' counsel and any member of the Harris County Commissioner's Court, County Judge Lina Hidalgo, Sheriff Ed Gonzalez, or any member of these elected officials' staff related to obtaining counsel for the District Court Judges that is not the Office of the Attorney General since January 1, 2019.

**Objection:** Harris County objects to this request as vague, ambiguous and overly broad in that State Intervenors' ask for information "related to the obtaining counsel." Harris County further objects in that it is unduly burdensome, immaterial, not reasonably calculated to lead to the production of admissible evidence and is a "fishing expedition."

**REQUEST FOR PRODUCTION NO. 13:**

All documents that you contend show that Harris County is not currently complying with the requirements of the Fifth Circuit's opinion in *ODonnell* v. *Harris County*.

**Objection:** Harris County objects to this request as vague, ambiguous and overly broad in that State Intervenors' ask for documents that Harris County is not complying "with the requirements of the Fifth Circuit's opinion in *ODonnell v Harris County*." This calls for legal conclusions and interpretations, and calls for speculation.

**Response:** Subject to and without waiving Objections, none.

**REQUEST FOR PRODUCTION NO. 14:**

A copy of all documents that you have produced or will produce to Plaintiffs or any other party in this lawsuit.

**Response:** See HC Bates HC01 – HC022, served electronically on all parties on September 16, 2020.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 4:19-cv-00226 |
| | § | |
| HARRIS COUNTY, TEXAS*, et al.,* | § | |
|     *Defendants*. | § | |

**DEFENDANT HARRIS COUNTY SHERIFF ED GONZALEZ'S
RESPONSES TO STATE INTERVENORS' REQUESTS FOR PRODUCTION**

To: State Intervenors through their attorney of record Adam Arthur Biggs, P.O. Box 12548, Capitol Station Austin, Texas 78711-2548.

Defendant, Harris County Sheriff Ed Gonzalez, serves these Objections and Responses to State Intervenors' Requests for Production.

Respectfully submitted.

  */s/ Victoria Jimenez*
Victoria Jimenez
Legal Director
FBN: 2522937
SBN No. 24060021
Harris County Sheriff's Office
1200 Baker St. Houston, Texas 77002
Tel: 346.286.1588
Victoria.Jimenez@sheriff.hctx.net

1

Murray Fogler
FOLGER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to all counsels of record via email.

/s/ Victoria Jimenez
VICTORIA JIMENEZ

2

<u>**General & Continuing Objections**</u>

1.  Defendant objects to Intervenor's definitions and instructions insofar as they seek to impose obligations that are not required by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

2.  Defendant objects to these Requests for Production to the extent they are cumulative or duplicative.

3.  Defendant objects to these Requests for Production insofar as they seek or would result in disclosure of information and/or documents that constitute protected health information or are otherwise protected from disclosure under Chapter 552 of the Texas Government Code (*e.g.*, social security numbers, dates of birth, driver's license numbers, home, work and cell numbers, e-mail addresses, home addresses, and photographs of officers) or the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

4.  Defendant objects to the production of any confidential documents until the parties agree to an appropriate protective order.

5.  Defendant incorporates previous and future general and continuing objections and reserves the right to supplement if additional documents become available.

6.  Defendant objects to certain portions of Intervenor's definitions and instructions, including the overly broad definition of "communication," the overly broad requirement for identifying persons and documents, the overly broad definition of "relating," and the overly broad definition of the phrase "incidents made the subject of this lawsuit."

<u>**DEFENDANTS' OBJECTIONS AND RESPONSES TO INTERVENORS' REQUESTS FOR PRODUCTION**</u>

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents related to the felony bail review docket since January 1, 2020.

**RESPONSE: Please see attached Bail Review Dockets Bates stamped HCSO 00002-0000106.**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all remote bail review hearing spreadsheets since January 1, 2020.

**RESPONSE: Please see attached spreadsheets Bates stamped HCSO 0000107-0000110.**

**REQUEST FOR PRODUCTION NO. 3:**

All communications between Plaintiffs' counsel and Sheriff Ed Gonzalez or any member of his staff related to this lawsuit since January 1, 2018.

**RESPONSE:  Sheriff Gonzalez objects to Request No. 3 in that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 4:**

All communications between Plaintiffs' counsel and Sheriff Ed Gonzalez or any member of his staff related to the felony bail process since January 1, 2018.

**RESPONSE:  Sheriff Gonzalez objects to Request No. 4 in that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 5:**

All documents that you contend show that Harris County or the Sheriff's Office is not currently complying with the requirements of the Fifth Circuit's opinion in *O'Donnell*
v. *Harris County*.

**RESPONSE:  No such documents exist regarding the Sheriff's Office. The Sheriff has no knowledge of any documents that show Harris County is not incompliance with O'Donnell.**

**REQUEST FOR PRODUCTION NO. 6:**

A copy of all documents that you have produced or will produce to Plaintiffs or any other party in this lawsuit.

**RESPONSE:   Please see attached document Bates stamped HCSO 00001. The Sheriff reserves the right to supplement this request as discovery continues.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DWIGHT RUSSELL, *et al.*,          §
   *Plaintiffs*,          §
          §
          §   Case No. 4:19-cv-00226
v.          §
          §
HARRIS COUNTY, TEXAS*, et al.,*          §
   *Defendants*.          §

**DEFENDANT HARRIS COUNTY SHERIFF ED GONZALEZ'
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

To: Plaintiffs' through their attorneys of record Alec Karakatsanis and Elizabeth Rossi, 1601 Connecticut Ave NW, Suite 800, Washington, DC 20009; Neal S. Manne, 1000 Louisiana Street, Suite 5100, Houston, Texas 77002; Liyah Brown, 2202 Alabama Street, Houston, TX 77004; Michael Gervais, 1900 Avenue of the Stars, #1400, Los Angeles, CA 90067.

   Defendant, Harris County Sheriff Ed Gonzalez, serves these Objections and Responses to

Plaintiffs' Request for Production.

       Respectfully submitted.


       */s/ Victoria Jimenez*
       Victoria Jimenez
       Legal Director
       FBN: 2522937
       SBN No. 24060021
       Harris County Sheriff's Office
       1200 Baker St. Houston, Texas 77002
       Tel: 346.286.1588
       Victoria.Jimenez@sheriff.hctx.net

Murray Fogler
FOLGER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to all counsels of record via email.

*/s/ Victoria Jimenez*
VICTORIA JIMENEZ

**General & Continuing Objections**

1.     Defendants object to Plaintiffs' definitions and instructions insofar as they seek to impose obligations that are not required by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

2.     Defendants object to these Requests for Production to the extent they are cumulative or duplicative.

3.     Defendants object to these Requests for Production insofar as they seek or would result in disclosure of information and/or documents that constitute protected health information or are otherwise protected from disclosure under Chapter 552 of the Texas Government Code (*e.g.*, social security numbers, dates of birth, driver's license numbers, home, work and cell numbers, e-mail addresses, home addresses, and photographs of officers) or the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

4.     Defendants object to the production of any confidential documents until the parties agree to an appropriate protective order.

5.     Defendants incorporate previous and future general and continuing objections and reserves the right to supplement if additional documents become available.

6.     Defendants object to certain portions of Plaintiffs' definitions and instructions, including the overly broad definition of "communication," the overly broad requirement for identifying persons and documents, the overly broad definition of "relating," and the overly broad definition of the phrase "incidents made the subject of this lawsuit."

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 9:**

All documents showing that, in Harris County, secured money bail is more effective than other conditions of release at reasonably assuring court appearance or community safety, or preventing flight.

**RESPONSE: After a diligent search, no such documents were found.**

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting felony arrestees' financial information and ability to pay, including forms completed during the booking process, such as forms inventorying arrestees' property.

**RESPONSE:  Sheriff Gonzalez objects to Request No. 10 in that it is overbroad and unduly burdensome without specific SPN numbers indicating where to retrieve such forms inventorying arrestees' property. The Sheriff will produce such documents when a list of relevant SPNs are presented.**

**REQUEST FOR PRODUCTION NO. 11:**

All procedures, policies, written instructions, or training materials that relate to arrest, booking, bonding, release, cite and release. Responsive documents include but are not limited to any procedures, policies, or training materials relating to the General Order Bond (Dkt. 32-6) and Amended General Order Bond (Dkt. 214-7) and the Sheriff's instruction to refuse to accept people charged with certain misdemeanors.

**RESPONSE:  See attached documents Bates stamped HCSO 0000111-0000261.**

**REQUEST FOR PRODUCTION NO. 12:**

Documents reflecting the number of bail hearings conducted via Zoom or other online platform for people in the jail at the time of the hearing and charged with one or more felony offenses from March 1, 2020 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally, virtually attended the bail hearing. If all responsive documents have been produced in response to the discovery requests served by the State Intervenors in this case, please so state.

**RESPONSE:  See attached documents Bates stamped HCSO 0000262-0000263.**

**REQUEST FOR PRODUCTION NO. 13:**

Documents reflecting the number of bail hearings conducted in person for people detained in the jail at the time of the hearing and charged with one or more felony offenses from March 1, 2020 through the present. Plaintiffs are requesting documents reflecting such bail hearings at which the felony arrestee personally attended the bail hearing. If all responsive documents have been produced in response to the discovery requests served by the State Intervenors in this case, please so state.

**RESPONSE:  See attached documents Bates stamped HCSO 0000264-0000299.**

**REQUEST FOR PRODUCTION NO. 14:**

Documents reflecting all orders or instructions from any Felony Judge (or someone acting on behalf of a Felony Judge, e.g. a court coordinator or staff attorney) regarding court appearances from March 1, 2020 through the present, including but not limited to orders prohibiting anyone who tested positive from ever coming to court, and Orders rescinding those Orders.

**RESPONSE:  See attached documents Bates stamped HCSO 0000300-0000329.**

**REQUEST FOR PRODUCTION NO. 15:**

Any COVID-19-related jail policies, procedures, or written instructions that affect the place, timing, or manner or bail hearings either in the jail, in a courtroom, or virtually that apply to people charged with felonies.

**RESPONSE:  See attached documents Bates stamped HCSO 0000330-0000332.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DWIGHT RUSSELL, *et al.*,                §
     *Plaintiffs*,                            §
                                             §
v.                                       §     Case No. 4:19-cv-00226
                                             §
HARRIS COUNTY, TEXAS, *et al.,*          §
     *Defendants*.                            §

**DEFENDANT HARRIS COUNTY SHERIFF ED GONZALEZ'
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

To: Plaintiffs' through their attorneys of record Alec Karakatsanis and Elizabeth Rossi, 1601 Connecticut Ave NW, Suite 800, Washington, DC 20009; Neal S. Manne, 1000 Louisiana Street, Suite 5100, Houston, Texas 77002; Liyah Brown, 2202 Alabama Street, Houston, TX 77004; Michael Gervais, 1900 Avenue of the Stars, #1400, Los Angeles, CA 90067.

     Defendant, Harris County Sheriff Ed Gonzalez, serves these Objections and Responses to Plaintiffs' Request for Production.

                      Respectfully submitted.

                      */s/ Victoria Jimenez*
                      Victoria Jimenez
                      Legal Director
                      FBN: 2522937
                      SBN No. 24060021
                      Harris County Sheriff's Office
                      1200 Baker St. Houston, Texas 77002
                      Tel: 346.286.1588
                      Victoria.Jimenez@sheriff.hctx.net

Murray Fogler
FOLGER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to all counsels of record via email.

*/s/ Victoria Jimenez*
VICTORIA JIMENEZ

## General & Continuing Objections

1.      Defendant objects to Plaintiffs' definitions and instructions insofar as they seek to impose obligations that are not required by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

2.      Defendant objects to these Requests for Production to the extent they are cumulative or duplicative.

3.      Defendant objects to these Requests for Production insofar as they seek or would result in disclosure of information and/or documents that constitute protected health information or are otherwise protected from disclosure under Chapter 552 of the Texas Government Code (*e.g.*, social security numbers, dates of birth, driver's license numbers, home, work and cell numbers, e-mail addresses, home addresses, and photographs of officers) or the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, or by the District Court's scheduling order issued in this case.

4.      Defendant objects to the production of any confidential documents until the parties agree to an appropriate protective order.

5.      Defendant incorporates previous and future general and continuing objections and reserves the right to supplement if additional documents become available.

6.      Defendant objects to certain portions of Plaintiffs' definitions and instructions, including the overly broad definition of "communication," the overly broad requirement for identifying persons and documents, the overly broad definition of "relating," and the overly broad definition of the phrase "incidents made the subject of this lawsuit."

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting in-person visits, virtual visits, and/or phone calls between an attorney, or an attorney's agent, and a person detained in Harris County custody and charged with a felony offense, including the name of the attorney or attorney's agent, the name and SPN of the inmate visited, and the date, start time, and end time for each visit or call.

**RESPONSE: See attached spreadsheets labeled HCSO 0363-0365.**

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting requests, whether made by an attorney, an attorney's agent, a judge, or another official, to transport people detained in Harris County custody and charged with a felony offense to "holdover cells" in the courthouse for purposes of meeting with an attorney, including the name of the attorney, the name and SPN of the inmate requested for transport, the date of the request, the date of transport, the time of transport to the courthouse from the jail, the start time and end time of the visit, and the time of transport from the courthouse to the jail.

**RESPONSE:  After a diligent search, no such documents were found.**

**REQUEST FOR PRODUCTION NO. 18:**

All documents not otherwise responsive to RFP 16 and 17 that reflect the number and duration of visits by an attorney, or an attorney's agent, with an individual in Harris County custody charged with one or more felony offenses, including visits that are in-person, virtual, or by phone.

**RESPONSE:  See attached spreadsheets labeled HCSO 0363-0365.**