**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.**<br>**On behalf of themselves and all Others similarly situated,**<br><br>***Plaintiffs*,** | |
| **v.** | **C.A. No. 4:19-CV-00226** |
| **HARRIS COUNTY, TEXAS, ET AL.,**<br>***Defendants*.** | |

**NON-PARTY FELONY JUDGES' MOTION TO QUASH**

# Exhibit K

## Affidavit of Courtney Corbello

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**DWIGHT RUSSELL, ET AL.**
**On behalf of themselves and all Others similarly situated,**

***Plaintiffs*,**

**v.** **C.A. No. 4:19-CV-00226**

**HARRIS COUNTY, TEXAS, ET AL.,**
***Defendants*.**

My name is Courtney Corbello and I am over the age of 18 and fully competent to make this declaration and state the following:

1. I am currently employed as an Assistant Attorney General for the State of Texas Attorney General's Office.
2. I am lead counsel on the above-named case.
3. On July 24, 2020, the Court granted Plaintiffs' request for expedited discovery against the Felony Judges to include four requests for production limited to the time period of January 1, 2020 to present, other than RFP 3, which required searching from January 1, 2019 to the present.
4. Upon the Court's order, I set up 19 different meetings with my clients in order to discuss each judges' obligations and responses to each discovery request.
5. After doing so, I then utilized the Attorney General's electronic services specialist, Adrian Skinner, to assist me in retrieving the electronic mail data from each Felony Judge for my review.
6. Using a list of search terms, which was provided, and never objected, to Plaintiffs' counsel, was used to populate a group of documents that were potentially responsive to Plaintiffs' first set of requests for production. That number totaled almost 60,000 documents or approximately 210,000 pages.

7. Given the need for client meetings and time to obtain the electronic database from County IT professionals and narrow the group of documents to review using the search terms generated, a review of the potentially responsive ESI began in mid-August 2020.
8. I was able to enlist two other attorneys within my office to assist me in this case. Thus, three attorneys, total, were responsible for reviewing the potentially responsive documents and marking, redacting or asserting a privilege for each page.
9. Those two attorneys are still assisting me in this case. I do not have the option to enlist more help given personnel, budget and other internal blockades to such a demand. Even if I did, as lead counsel, I am still required to review each document marked and ensure that it is done properly and any privileges my clients are entitled to are asserted.
10. In order to review 60,000 documents, it took both myself and my co-counsel approximately 5 months. The review of these documents, however, was performed during work hours, evening hours and weekend hours. This review that my co-counsel and I conducted was done while also handling dockets of +40 cases.
11. In addition, prior to any of the bi-weekly sets of production we would send to Plaintiffs' counsel, I conducted a final review of every page marked responsive and/or privileged. As needed, I also consulted with my clients to ensure any questionable documents were reviewed by them as well.
12. This time period does not include the generation and finalization of a privilege log given the timing of Plaintiffs' opting to dismiss the Felony Judges from suit. My good-faith estimation as to how long a privilege log would have taken is 1 additional month.
13. Given that both myself and my co-counsel continue to be the only personnel assigned to this case, and the lack of change to any of our dockets other than increasing, it is likely any required review of responsive documents, if Plaintiffs' subpoenas are not quashed, will involve the same, or less, amount of documents-per-hour review as before. At this time, counsel is not available to dedicate a significant amount of non-business hours to such review.
14. Thus, based on the rate of review from the first set of discovery responses, counsel anticipates being able to, at most, review approximately 500 pages each per 8-hour workday. This number should be reasonable based on the timeline of the past document

review, industry standards, and accounting for other cases and personal obligations that will also require attention within any given weekday.

15. Given that there are 315,578 pages that currently require review – this does not include ESI from other sources that may be provided to me once I meet with each client – this works out to approximately 70 weeks, or 1.5 years, required to complete document review. (900 pages x 5 days a week = 4500; 315,578/4,500 = 70). Although myself and my co-counsel can agree make reasonable efforts to increase the daily page review whenever our dockets and personal schedules allow, I anticipate needing at least 10 to 12 months to complete review of this many pages, confer with my clients, and create a privilege log.
16. These numbers will likely vary once additional data from the Felony Judges' email accounts from the time period of August 2020 to the present are downloaded and processed by the OAG's ESI personnel. I will provide a supplemental affidavit with numbers that account for both this and all search and custodian list limitations Plaintiffs have provided once that information is available to me.
17. Any estimate provided herein does not include the time necessary to provide a privilege log nor engage in any likely motions to compel or other discovery disputes brought by Plaintiffs.
18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Further affiant sayeth not.

Executed on: March 2, 2021.

Courtney Corbello

Courtney Corbello