IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DWIGHT RUSSELL, ET AL.
    On behalf of themselves and all
    Others similarly situated,

    *Plaintiffs*,

v.                                      C.A. No. 4:19-CV-00226

HARRIS COUNTY, TEXAS, ET AL.,
    *Defendants*.

My name is Courtney Corbello and I am over the age of 18 and fully competent to make this declaration and state the following:

1. I am currently employed as an Assistant Attorney General for the State of Texas Attorney General's Office.
2. I am lead counsel on the above-named case.
3. As I explained in my previous affidavit, in order to respond to Plaintiffs' expedited discovery requests, myself and my team were required to review 60,000 documents. This review took both myself and my co-counsel approximately 5 months. The review of these documents, however, was performed during work hours, evening hours and weekend hours. This review that my co-counsel and I conducted was done while also handling dockets of +40 cases.
4. In addition, prior to any of the bi-weekly sets of production we would send to Plaintiffs' counsel, I conducted a final review of every page marked responsive and/or privileged. As needed, I also consulted with my clients to ensure any questionable documents were reviewed by them as well.
5. This time period does not include the generation and finalization of a privilege log given the timing of Plaintiffs' opting to dismiss the Felony Judges from suit. My good-faith estimation as to how long a privilege log would have taken is 1 additional month.

6. Given that both myself and my co-counsel continue to be the only personnel assigned to this case, and the lack of change to any of our dockets other than increasing, it is likely any required review of responsive documents, if Plaintiffs' subpoenas are not quashed, will involve the same, or less, amount of documents-per-hour review as before. At this time, counsel is not available to dedicate a significant amount of non-business hours to such review.

7. Thus, counsel anticipates being able to, at most, review approximately 400 pages each per 8-hour workday. This number should be reasonable based on the timeline of the past document review, industry standards, and accounting for other cases and personal obligations that will also require attention within any given weekday.

8. Given that the most recent estimate from Adrian Skinner that there are 38,563 that currently require review – this does not include ESI from other sources that may be provided to me once I meet with each client – this works out to approximately 19 weeks required to complete document review. (500 pages x 5 days a week = 2000; 38,563/2,500 = 19). Although myself and my co-counsel can agree to make reasonable efforts to increase the daily page review whenever our dockets and personal schedules allow, I anticipate needing at least 4 months to complete review of this many pages, confer with my clients, review any ESI from additional sources and create a privilege log.

9. Any estimate provided herein does not include the time necessary to engage in any motions to compel or other discovery disputes that will likely be brought by Plaintiffs.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Further affiant sayeth not.

Executed on: March 16, 2021.

*Courtney Corbello*
———————————————
Courtney Corbello