IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>　　On behalf of themselves and all<br>　　Others similarly situated,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, ET AL.,<br>　　*Defendants*. | C.A. No. 4:19-CV-00226 |

My name is Adrian Skinner and I am over the age of 18 and fully competent to make this declaration and state the following:

1. I am currently employed as an electronic discovery specialist with the State of Texas Attorney General.
2. One of the cases that I assist on for discovery purposes is the above-named case.
3. On March 16, 2021, I ran a search of 18 out of the 22 Felony Judges' electronic mail data generated between January 1, 2015 and August 2020. Due to the extremely large amount of data being downloaded as well as some performance issue with our data processing system, there are 6 Felony Judges whose electronic mail data has yet to complete.
4. The following is a list of search terms provided to me by Plaintiffs' counsel that I used on the targeted database[1]:
    a. Bail
    b. Bond
    c. GOB
    d. "Direct Filing Order"
    e. Verify AND reference*
    f. "verification of reference?"
    g. Interlock
    h. detention
    i. detain*
    j. "pretrial release"

---

[1] Fort the Court's reference: (1) words in "parentheses" = search for complete phrase; (2) Using an asterisk (*) at the end of the word = search for multiple characters after the word (Example: "bail*" would look for bail, bails, bailing, bailed, etc); (3) use of "w/" = the first word is search for within a specific number of words from the word(s) that appears after "w/"; (4) use of a question mark (?) at the end of word means both the word and a single character of that word is searched for (Example: "public defender?" would look for public defender and public defenders).

k. "Public Safety Assessment"
l. PSA
m. "Arnold Ventures"
n. "Risk assessment"
o. "risk-assessment"
p. "Order Appointing Public Defender for Art. 15.17 bail hearings"
q. "GA-13"
r. "Executive order"
s. Backlog
t. Delay
u. "Open cases"
v. "Racial bias"
w. "Ability to pay"
x. "Ability to make bail"
y. "Financial assessment"
z. Indigen*
aa. Homeless
bb. "15.17"
cc. BHRG
dd. "Test* positive"
ee. "Recommended Standard Bail Practices"
ff. "PR bond is favored"
gg. "Validation study"
hh. Directive
ii. "Jail docket"
jj. "General Order Bond"
kk. GOB
ll. "Old DA Policy"
mm. "DA Bond Policy"
nn. "Texas Commission on Judicial ethics"
oo. "litigation hold"

5. In addition to isolataing by the keywords above, I have also excluded communications that did not fall withing the defined communication pattern that Plaintiffs' proposed as follows:
   a. Any other Felony Judge,
   b. Any Court Coordinator for a Felony Judge,
   c. Any Staff Attorney for a Felony Judge,
   d. Judge Susan Brown, or
   e. Insha Rahman
6. I then excluded documents that had (1) already been produced; or (2) already been reviewed by counsel and marked as "non-responsive."
7. The search using the above protocols yielded a total of 8,709 documents that will require review by counsel to determine their responsiveness and any privilege assertions.
8. The average per-page count based on productions already made in this matter is 3.5 pages per document.

9. This means it can be reasonably estimated that, for 8,709 documents, counsel will need to review approximately 30,482 pages for responsiveness and any privilege assertions.
10. Although I do not yet have searches done on the remaining 6 judges, I can make a reasonable estimate of the additional documents and pages that will need review.
11. The data we have completed processing from the new collection represents 43.5 GB. The remaining discovery for the 6 judges is 33.5 GB.
12. From the 8,709 reviewable documents above, 2,998 are from the 43.5 GB we have recently processed. Using the law of averages, I can estimate that an additional 2,309 reviewable documents would be added from the remaining 33.5 GB that is still processing (2,998 / 43.5 = 68.92 * 33.5 = 2,309).
13. Based on this I would estimate that, once all discovery has been processed, there will be a total of 11,018 documents and 38,563 pages to review.
14. The numbers above do not include ESI that may be uploaded after counsel meets with each individual Felony Judge to obtain responsive documents from any resources other than their electronic mail database.
15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Further affiant sayeth not.

Executed on: March 16, 2021.

_____
Adrian Skinner