IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>    **On behalf of themselves and all<br>    Others similarly situated,**<br><br>    *Plaintiffs*,<br><br>v.<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>    *Defendants*. | C.A. No. 4:19-CV-00226 |

**NON-PARTY FELONY JUDGES' UNOPPOSED MOTION FOR AN ORDER
AUTHORIZING DISCLOSURE AND USE OF DOCUMENTS, INFORMATION AND
DATA MADE CONFIDENTIAL BY STATUTE**

TO THE HONORABLE UNITED STATES DISTRICT COURT LEE H. ROSENTHAL—

    The Felony Judges,[1] at this Court's behest and with consent from the Parties, move for an order authorizing disclosure and use of certain documents responsive to Plaintiffs' Rule 45 subpoenas, given that those documents contain confidential criminal records of individuals that are protected from dissemination by state and federal law. In order to resolve any question about whether the Felony Judges are following applicable law, they request an order (1) stating that such information is confidential criminal history information and (2) directing release of such information without "confidential" designations under the current protective order (Dkt. No. 276).

---

[1] To include Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Jason Luong, Amy Martin, Chris Morton, Brock Thomas, Hillary Unger, Herb Ritchie, Jesse McClure III, George Powell, Randy Roll, Te'iva Bell, Ana Martinez and Colleen Gaido.

1

1. As part of their response to Plaintiffs' discovery requests, prior to being dismissed from this case, the Felony Judges produced electronically stored information (ESI) that contains information about individual detainees and their criminal cases and/or criminal backgrounds in Harris County.

2. Following their dismissal, the Felony Judges received Rule 45 subpoenas from Plaintiffs, which, to the extent they are responded to, will likely require further ESI, or other documents, to be disclosed that contains information about individual detainees and their criminal cases and/or criminal backgrounds in Harris County.

3. The following state and federal statutes, among others, dictate the confidentiality of criminal history information and restrict its public disclosure:

   a. Texas Government Code §§ 411.076, 411.083-0851, 411.089-1410, and 511.142.

   b. Texas Family Code Chapter 58.

   c. 5 U.S.C.A. § 552(b)(7).

4. Under the cited provisions of the Texas Government Code, criminal history information is generally considered confidential and is not subject to release except to certain persons or agencies under certain conditions. *See* Tex. Gov't Code §§ 411.083, 511.142. Section 411.084 provides that criminal history information may be disclosed or used if, and only to the extent that, disclosure is authorized by statute or an order of a court of competent jurisdiction. Tex. Gov't Code § 411.084. Sections 411.089 through 411.1410 contain further provisions on who may obtain criminal history information and to what uses they may put the information. Tex. Gov't Code §§ 411.089-1410. Section 411.076 prohibits a court from disclosing "to the public any information contained in the court records that is

the subject of an order of nondisclosure of criminal history record information." Tex. Gov't Code § 411.076. The Texas Family Code Chapter 58 prohibits disclosure of law enforcement records concerning a child. The United States Code limits public access to criminal records where doing so risks disclosing the identity of a confidential informant. 5 U.S.C.A. § 552(b)(7).

5. The cited provisions also carry criminal penalties and civil sanctions for the unauthorized release of criminal history information. *See* Texas Government Code §§ 411.085-0851.

6. The laws protecting dissemination of criminal history information support many important public police goals, among which are shielding the identity of confidential informants and protecting defendants from public disclosure of charges that may be sealed. Unauthorized disclosure of criminal history information may subject individuals whose case are later dismissed to unfair impediments in seeking employment, housing, credit, licensure, etc. *See*, *e.g.*, *Ex parte Wolf*, 296 S.W.3d 160, 166-67 (Tex. Ct. App. 2009) (habeas petitioner, asserting his counsel was ineffective in failing to obtain pretrial diversion when he pled guilty to misdemeanor theft charges as college student, suffered collateral consequences, supporting habeas corpus jurisdiction, where he was unable to obtain employment in banking and securities industry because state agencies had made his criminal history record information available to other agencies).

7. Here, there is no way to determine whether the cases discussed in ESI and documents produced by the Felony Judges will become part of the permanent public record; while some may result in final convictions, others may be subject to dismissal, deferred prosecution, expungement, and/or orders of nondisclosure. There is also no way to

    determine whether the defendants in such cases are currently, or will become, confidential informants.

8. Plaintiffs contend the ESI and documents produced by the Felony Judges are or may become relevant to the Court's determination in this matter. But, considering the above-cited confidentiality provisions and the protective order in this case (Dkt. No. 276), the Felony Judges are unable to disclose or use the documents without either confidentiality designations or an order from the Court.

9. To prevent unlawful disclosure and the collateral consequences that may result therefrom, the Felony Judges have produced ESI with confidentiality designations, and will continue to do so absent grant of this Motion, pursuant to the protective order, Section 1 of which defines "Confidential Material" to include "(k) information made confidential by law." Per Section 9 of the protective order, the addition of confidentiality designations acts to safeguard the ESI and documents produced by the Felony Judges, and the information contained therein, from disclosure outside the context of this lawsuit.

10. At a recent discovery hearing on March 3, 2021, the Court indicated that it agreed with Plaintiffs' counsel that the confidentiality designations applied to the ESI thus-far produced should be removed. The Felony Judges agreed to do so only upon entry of order from the Court.[2]

---

[2] The protective order in this case requires the party disputing a confidentiality designation made pursuant to Section 1 to bring a motion to the Court. Dkt. No. 276 at 7-8. The Felony Judges have brought the present motion at the request of this Court, however, they would ask that any future disputes be resolved pursuant to the protective order's requirements.

11. Hence, the Felony Judges respectfully request that the Court issue an order authorizing the production of ESI and all other discoverable documents, which contain information protected by the statutes cited above, without confidentiality designations.

12. Nothing in this Motion should be construed as a concession from the Felony Judges that the ESI marked, thus far, as confidential pursuant to section 1, subsection k of the protective order was marked incorrectly or that such information should not be considered confidential. Nor is it a concession that any future ESI and/or documents produced by the Felony Judges that contain such information should not be marked confidential.

13. The Felony Judges assert that using an individual's criminal history and information in public filings for litigious benefits deprives them of any privacy or respect, particularly where those individuals may have since made concerted efforts to either personally or legally distance themselves from such previous missteps. The Felony Judges make this motion only because Plaintiffs have expressed an unwillingness to agree that such information is confidential, and this Court has indicated it intends to require the Felony Judges to remove the confidentiality designations.

14. The Felony Judges and the Parties have conferred, and there is no opposition to the requested relief sought herein.

## Conclusion

The Felony Judges, with consent from the Parties, request that this Court enter an order permitting disclosure and use of ESI and documents produced by the Felony Judges without "confidential" designations notwithstanding that they may contain information protected from dissemination under state and federal law.

**Dated:** March 16, 2021.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID 3089117
Courtney.corbello@oag.texas.gov

*/s/ Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern Distr. No. 3503435
*Landon.Wade@oag.texas.gov*

*/s/ Jonathan M. Pena*
**JONATHAN PENA**
Assistant Attorney General
Texas State Bar No. 24110207
Southern Distr. No. 3350256
*Jonathan.Pena@oag.texas.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**Counsel for the Felony Judges**

### CERTIFICATE OF CONFERENCE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have met and conferred in good faith with Plaintiffs' counsel via email on March 10, 2021, concerning the relief sought in this motion. Plaintiffs are unopposed to the relief sought in this motion.

*/s/ Courtney Corbello*
**CORTNEY CORBELLO**
Assistant Attorney General

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on March 16, 2021.

*/s/ Courtney Corbello*
**CORTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on March 16, 2021.

*/s/ Courtney Corbello*
**CORTNEY CORBELLO**
Assistant Attorney General