IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DWIGHT RUSSELL, ET AL.**<br>     On behalf of themselves and all<br>     Others similarly situated,<br>     *Plaintiffs*,<br><br>v.<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>     *Defendants*. | C.A. No. 4:19-CV-00226 |

# Exhibit I

AAG Corbello's Pre-Motion Conference Letter



March 19, 2021

Lisa Eddins
Case Manager to Judge Lee H. Rosenthal
United States District Courts
515 Rusk St., Houston, Texas 77002
Lisa_Eddins@txs.uscourts.gov

Re:   *Dwight Russell, et al., v. Harris County, Texas, et al.*, Civil Action No. 4:19-CV-00226, U.S.D.C. for the Southern District of Texas, Houston Division.

Dear Chief Judge Rosenthal,

The Felony Judges write this pre-motion conference letter seeking this Court's assistance in a sensitive matter. On March 17, 2021, Plaintiffs served Rule 45 subpoenas on the Felony Judges. Two of the Felony Judges, Judge Robert Johnson and Judge Te'va Bell have not waived personal service and, according to this Court's order, should have been personally served "in the *least intrusive way* consistent with *binding law*."

Despite this, on that same day, Judge Robert Johnson was personally served by a process server at his home.

The fact that Plaintiffs have searched for and shared with their colleagues and a process server company the home address of a state district criminal judge is of understandable concern to Judge Johnson. Only a few years ago, the legislature was moved to increase the security and confidentiality of judges' personal information due to the attempted murder of Travis County Judge Julie Kocurek by passing the Judge Julie Kocurek Judicial and Courthouse Security Bill of 2017. And a judge's home address has been deemed confidential pursuant to Texas Gov't Code § 552.117(a)(15).

The concerns that led to this legislation are present here. Judge Robert Johnson continues to be unwillingly involved in the present lawsuit. Members of the media as well as members of local activist groups are consistently provided information on the judges to utilize. Rightfully so, Judge Johnson is concerned that, now that his home address is known to Plaintiffs' counsel, their staff, any law firms assisting on this case and an unknown process service company, his safety and his family's safety is at risk.

In an effort to assuage some of Judge Johnson's concerns and address this matter without using this Court's time, I attempted to confer with Plaintiffs' counsel on March 18, 2021. I explained the basis for Judge Johnson's concerns, stated that service was undoubtedly intrusive especially given that Judge Johnson *is at the Harris County Courthouse daily* and then asked Plaintiffs' counsel to provide me information on the following so that I may share it with my client:

> First, please identify the process server you used and what steps, if any, you took to guarantee that Judge Johnson's address would not be further disclosed beyond the process server. Second, please provide the names of all persons, aside from the process server, who you know to have knowledge of Judge Johnson's home address, including any members of the media or other political or legal interest groups such as those you have interacted with during this litigation. Third, I presume there are now documents in your office's file related to hiring a process server and, receiving confirmation of effectuated service from that process server, that will contain Judge Johnson's address. Please provide an explanation as to what steps will be taken to ensure that any such documents will not be viewable to any and all attorneys or staff who have or gain access to your case file.

Rather than provide me even the vaguest assurance that Judge Johnson's personal address was handled with caution, Plaintiffs' counsel responded that, because "[I] refused to accept service on Judge Johnson's behalf. [I] also refused to negotiate a time and place where he would prefer to be served," Judge Johnson deserved to be served at his home.

I cannot agree to perform any action in relation to this suit that my clients do not authorize. Moreover, any refusal on my clients' part to continue to willingly subject themselves to a suit that they are no longer parties to should not result in use of this litigation to intimidate or beleaguer them. The complete refusal to confer in any way that would lessen Judge Johnson's fears for his safety should be a ready example of the concern the Felony Judges have repeatedly shared with this Court: Plaintiffs are using unrestrained discretion to unduly burden and harass the Felony Judges.

I am asking that this Court, if its schedule permits, conduct a short conference to address the problems caused by Plaintiffs' sharing of Judge Johnson's home address. Because Plaintiffs will not confer with the Felony Judges' counsel, we require the Court's assistance in obtaining complete and indisputable assurances that knowledge of Judge Johnson's home address has been forever confined to a small, identifiable group of people with strict controls on confidentiality.

Thank you for your attention to this matter.

Sincerely,

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General
*Courtney.Corbello@oag.texas.gov*
Attorney-in-Charge