IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, ET AL.<br>    **On behalf of themselves and all**<br>    **Others similarly situated,**<br><br>    *Plaintiffs*,<br><br>v.<br><br>**HARRIS COUNTY, TEXAS, ET AL.,**<br>    *Defendants*. | C.A. No. 4:19-CV-00226 |

## FELONY JUDGES' MOTION TO STAY [ORDER NO. 504]

**TO THE HONORABLE UNITED STATES DISTRICT COURT CHIEF JUDGE LEE H. ROSENTHAL:**

The Felony Judges[1] hereby move to stay this Court's order denying their motion to quash pending their appeal of the Court's order to the Fifth Circuit.

### STATEMENT OF THE CASE

Plaintiffs voluntarily moved to dismiss the Felony Judges as parties to this case on January 20, 2021. Dkt. No. 370. The Court ultimately granted Plaintiffs' motion and dismissed the Felony Judges with prejudice on February 8, 2021. Dkt. No. 400. Two days after the Felony Judges had been dismissed from this suit, Plaintiffs served Rule 45 subpoenas on all 19 Felony Judges. Dkt. No. 413-1. Plaintiffs also served a subpoena to depose Judge Herb Ritchie. Dkt. No. 413-2. Plaintiffs served another set of Rule 45 subpoenas on the Felony Judges on February 22, 2021. Dkt. No. 413-

---

[1] To include Judges Frank Aguilar, Abigail Anastasio, Ramona Franklin, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel Jones, Jason Luong, Amy Martin, Jesse McClure, III, Chris Morton, Herb Ritchie, Brock Thomas, Hillary Unger, George Powell, Colleen Gaido, Ana Martinez, and Randy Roll.

3. And on February 24, 2021, Plaintiffs emailed subpoenas to undersigned counsel to depose Judges Kelli Johnson, DaSean Jones, and Ramona Franklin. Dkt. No. 413-4.

The Felony Judges moved to quash each of these subpoenas on March 2, 2021. Dkt. No. 413. Among other reasons, the Felony Judges moved to quash these subpoenas because the subpoenas constitute a "suit" from which the Felony Judges enjoy sovereign immunity. Dkt. No 413 at 3-6. The Felony Judges have also argued that sovereign immunity bars discovery against them despite their non-party status. Dkt No. 469 at 3-4. And to the extent Plaintiffs intend to ask individual-capacity questions of the Felony Judges in depositions, the Felony Judges have argued they are entitled to judicial immunity from Plaintiffs' Rule 45 deposition subpoenas. *Id.* at 25-26.

The Court denied the Felony Judges' motion to quash on May 15, 2021. Dkt. No. 504. The Felony Judges have appealed the Court's decision to the Fifth Circuit, which has jurisdiction over the appeal under the collateral order doctrine. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 367–69 (5th Cir. 2018) (assuming jurisdiction over an interlocutory appeal of the district court's order denying third party's motion to quash).

## MOTION TO STAY

A trial court has broad discretion and inherent power to stay discovery until preliminary questions of law that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The Felony Judges have raised such an issue—whether they are immune from third-party discovery in this case. *See Siegert v. Gilley*, 500 U.S. 226, 231–33 (1991) (describing immunity as a threshold question to be resolved as early in the proceedings as possible). This Court should stay its order denying the Felony Judges' motion to quash and ordering them to conduct non-party discovery until the Felony Judges' appeal has been resolved.

I. **Fifth Circuit precedent favors a stay of discovery pending the resolution of immunity issues.**

The Fifth Circuit has made clear that discovery should not be permitted until immunity issues are resolved. *See Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990). And it has expressly approved stays of discovery pending resolution of immunity issues. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and soveriegn immunity). It has also explained that allowing discovery to proceed before the resolution of a sovereign immunity issue violates the object and purpose of sovereign immunity—which is to shield the states from the burden of suits to which they have not consented. *See Tex. v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009).

Here, the Felony Judges have asserted that they are entitled to immunity from discovery proceedings in this case. Dkt. No. 413 at 3-6. They have argued that their status as non-parties does not disqualify them from asserting an immunity defense, and that Rule 45 subpoenas constitute "suits" from which sovereigns enjoy immunity. *See Baron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989); *Alltel Communications, LLC v. DeJordy*, 675 F.3d 1100, 1105–06 (8th Cir. 2012); *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1159-60 (10th Cir. 2014); *cf. McGehee v. Neb. Dept. of Corr. Servs.*, 968 F.3 899, 901 (8th Cir. 2020) (Stras, J., concurring) ("I have doubts whether, under basic sovereign-immunity principles, a state may be haled into federal court solely for the purpose of answering a third-party subpoena."), *reh'g granted and opinion vacated* (Oct. 5, 2020), *on reh'g,* 987 F.3d 785 (8th Cir. 2021). Although this Court has determined that this out-of-circuit authority is "inconclusive," the question whether the Rule 45 subpoenas at issue in this case constitute "suits" from which the Felony Judges—as state officials—are entitled to immunity

is an important, threshold issue that should be resolved by the Fifth Circuit before the Felony Judges are required to engage in burdensome discovery. Requiring the Felony Judges to submit to discovery before this critical issue is resolved by the Fifth Circuit would defeat the very purpose of sovereign immunity and contravene well-settled Fifth Circuit precedent favoring stays of discovery pending the resolution of immunity issues. *See Caremark, Inc.*, 584 F.3d at 658; *Nieto*, 894 F.2d at 177.

## II.     The Felony Judges will be irreparably harmed absent a stay.

Plaintiffs are using the federal judiciary's coercive subpoena power to compel production of the Felony Judges' confidential deliberations, which are protected by sovereign immunity, judicial immunity and the deliberative process privilege. These "important rights . . . would be lost, probably irreparably, if review had to await final judgment." *Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. 1981) (internal quotation marks omitted). Allowing Plaintiffs to wield that power without appellate review runs the serious risk of irreparable harm to the Felony Judges' rights. *Henry*, 566 F.3d at 180 ("the loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury[.]"). Should discovery be allowed to proceed against the Felony Judges pending the resolution of their appeal, the Felony Judges would be prevented from obtaining any relief they might receive on appeal. In other words, if the Fifth Circuit determines the Felony Judges *are* immune from third-party discovery proceedings in this case— yet the Felony Judges are nevertheless required to engage in discovery during the pendency of their appeal—the Felony Judges would not be able to obtain any relief afforded by that decision. They will have already been required to engage in the very process from which they are immune.

Moreover, the Felony Judges will be irreparably harmed by denial of a stay because they will be forced, under threat of contempt, to disclose communications and decision-making protected by deliberative-process privilege, judicial immunity and sovereign immunity. Once these matters are disclosed, a decision from the Fifth Circuit, even one favorable to the Felony Judges, will not undo the forced disclosures. Thus, the Felony Judges will be irreversibly disinclined to engage in frank communication amongst each other, or Harris County employees, that are necessary to their judicial roles. In addition, disclosures regarding, for example, the Felony Judges' decisions in criminal cases, courtroom practices, or policies for felony cases, will necessarily and undeniably impinge on the State's sovereign authority over its own criminal justice system. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations" that should influence this Court's decision to stay its order. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

Plaintiffs, on the other hand, would not be harmed by a stay of the Court's order. They will still be able to proceed against the remaining parties to this case. And as the Felony Judges have previously noted, Plaintiffs do not seek *any* discovery from them that is either: (1) relevant to their remaining claims; or (2) not otherwise obtainable from the County and the Sherriff—the parties they seek to enjoin. As these arguments have been thoroughly briefed in the Felony Judges' motion to quash, reply to Plaintiffs' response to their motion to quash, and reply to Plaintiffs' supplemental briefing regarding discovery they seek to obtain from the Felony Judges, they will not be set forth again in this motion. *See* Dkt Nos. 413, 469, and 502. Since the Felony Judges will be irreparably harmed absent a stay—and Plaintiffs will suffer no harm at all as a result of a stay—

this Court should stay its order denying the Felony Judges' motion to quash pending the resolution of the Felony Judges' appeal.

## CONCLUSION

The Felony Judges respectfully request that this Court stay its order denying the Felony Judges' motion to quash until the Fifth Circuit determines whether the Felony Judges are immune from third-party discovery proceedings in this case.

**Dated:** May 17, 2021.

                                        Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Attorney in Charge
Assistant Attorney General
Texas State Bar No. 24097533
Southern District ID 3089117
Courtney.corbello@oag.texas.gov

/s/ *Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern Distr. No. 3503435
Landon.Wade@oag.texas.gov

/s/ Jonathan M. Pena
**JONATHAN PENA**
Assistant Attorney General
Texas State Bar No. 24110207
Southern Distr. No. 3350256
*Jonathan.Pena@oag.texas.gov*

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)

**Counsel for the Felony Judges**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on May 17, 2021.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Southern District of Texas on May 17, 2021.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF CONFERENCE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that counsel for the Felony Judges met and conferred in good faith with Plaintiffs' counsel of record via email on May 17, 2021, concerning the relief sought in this motion. Plaintiffs are opposed to the relief sought in this motion.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General