IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-19-226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

In May 2021, this court issued a Memorandum and Opinion denying the nonparty Harris County felony judges' motion for a protective order and to quash third-party subpoenas that the plaintiffs had served. (Docket Entry No. 504). Twenty-one felony judges now seek a stay of this discovery pending their appeal from the May 2021 Memorandum and Opinon. (Docket Entry No. 506).[1] The plaintiffs responded, and the felony judges replied. (Docket Entry Nos. 517, 518). Based on the motion, response, reply, the record, and the applicable law, the court grants the felony judges' motion to stay discovery. The reasons are set out below.

**I.     Background**

Dwight Russell and other felony arrestees allege improper wealth-based pretrial detention and failure to provide timely individualized hearings on bail and other conditions of pretrial release. The plaintiffs, seeking to represent a class of felony arrestees, sued Harris County, the Harris County Sheriff, and 23 Harris County felony district court judges under 42 U.S.C. § 1983.

---

[1] The 21 judges are: Frank Aguilar, Abigail Anastasio, Ramona Franklin, Colleen Gaido, Greg Glass, Nikita Harmon, Josh Hill, Kelli Johnson, Robert Johnson, DaSean Jones, Hazel B Jones, Jason Luong, Amy Martin, Ana Martinez, Jesse McClure III, Chris Morton, George Powell, Herb Ritchie, Randy Roll, Brock Thomas, and Hilary Unger.

They allege that they are held in jail before trial or conviction, often for extended periods, because they cannot afford the financial conditions of release that are imposed.

Based on the parties' agreement, the court dismissed the felony judges from the case after they withdrew their interlocutory appeal from the court's denial of their motion to dismiss. (Docket Entry No. 400). The plaintiffs then sought third-party discovery from the felony judges. Felony judges represented by the Texas Attorney General moved to quash the plaintiffs' document and deposition subpoenas and for a protective order, arguing that the subpoenas must be quashed because: (a) the felony judges are entitled to sovereign immunity; (b) judicial immunity and the deliberative-process privilege shield the answers and documents that the plaintiffs seek; and (c) the subpoenas do not comply with Rule 45. (Docket Entry No. 413).

After considering extensive and able briefing, the arguments by counsel, the record, and the applicable law, this court granted the felony judges' motion to quash in part and denied it in part. (Docket Entry No. 504). The court found that binding precedents did not provide a basis to find that the Eleventh Amendment shields the felony judges from the plaintiffs' Rule 45 subpoenas; that "the plaintiffs d[id] not and may not seek information from the felony judges about how they reach bail, detention, or other decisions in individual cases," which would implicate judicial immunity; and that the felony judges' generalized assertions of deliberative-process privilege were insufficient to show that the privilege applied. (*Id.* at 12, 14, 16). Proceeding to the discovery requirements and limits set out in Federal Rules of Civil Procedure 26 and 45, the court modified the subpoenas to remove two requests as insufficiently related to the plaintiffs' plausibly alleged claims. (*Id.* at 25–26)

The felony judges appealed "based on the denial of the non-party Felony Judges' entitlement to sovereign immunity and judicial immunity as well as the order compelling them to

submit to plaintiffs' discovery demands." (Docket Entry No. 508-1). They moved for a stay of discovery while their appeal is pending. (Docket Entry No. 506). The plaintiffs responded, and the felony judges replied. (Docket Entry Nos. 517, 518).

## II. The Legal Issues and Standards

District courts traditionally consider four factors when determining whether to grant a stay of proceedings pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009). However, "the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981) (internal quotation marks omitted); *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 393 (5th Cir. 2013).

The plaintiffs argue that the felony judges have not met their burden to show that a stay pending appeal is warranted based on a likelihood of success on the merits, irreparable harm, or the public interest, and that a stay will gravely harm the putative class of felony pretrial detainees in the Harris County Jail by causing additional delays in this case. (Docket Entry No. 517 at 2, 4–9).

The felony judges argue that the court need not apply the four-factor discretionary test because their sovereign immunity-based appeal makes the stay mandatory under Fifth Circuit precedent, and any immunity will be lost if the court orders them to proceed with discovery while their appeal is pending. (Docket Entry No. 506 at 2; Docket Entry No. 518 at 4–5). In the

alternative, the felony judges argue that they have shown that a stay is warranted based on the four discretionary factors. (Docket Entry No. 518 at 5–11).

**III.     Sovereign Immunity as a Basis for a Stay**

The parties dispute the merits of the felony judges' claim to immunity and whether they have shown an appeal is warranted based on the discretionary factors. The plaintiffs also raise urgent concerns about further delays, during which many individuals not convicted of any crime will be jailed because they cannot afford a bail bond and cannot get an individualized hearing from the judges. (Docket Entry No. 517 at 1). The plaintiffs argue that the loss of pretrial liberty is irreversible. (*Id.*)

The court analyzed the felony judges' sovereign immunity arguments at length in its May 2021 Memorandum and Opinion on the felony judges' motion to quash. Without discounting the serious concerns the plaintiffs raise about delay, or opining further on the merits of the claims now on appeal, the court finds that, because the felony judges have raised a nonfrivolous sovereign immunity issue on appeal, a stay is appropriate.

The felony judges have raised an untested but nonfrivolous sovereign immunity issue. *Cf. BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017) ("[A] district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory."). The Fifth Circuit has stated that "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (internal quotation marks omitted). If the Fifth Circuit disagrees with this court's conclusions in its May 2021 Memorandum and Opinion, the felony judges may be immune from third-party discovery.

The felony judges argue that the immunity issue alone is enough to require a stay of discovery while their appeal is pending. (Docket Entry No. 518 at 4).

The felony judges also urge that a stay is warranted because their claim to immunity will be moot if the court allows the discovery to proceed while their appeal of the denial of their motion to quash is pending. (*Id.* at 7). This court agrees that allowing discovery to proceed while the appeal is pending for months or longer may moot the sovereign immunity issue the felony judges raise on appeal. The Supreme Court has explained that "the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*. 506 U.S. 139, 145 (1993); *see also Texas v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009) (same). The Court has acknowledged that a stay may be appropriate when the alternative would be mootness and "the loss of any right to appeal." *Chafin v. Chafin*, 568 U.S. 165, 178 (2013); *see also Garrison v. Hudson*, 468 U.S. 1301, 1302 (1984) (Burger, C.J., in chambers) ("When . . . the normal course of appellate review might otherwise cause the case to become moot, issuance of a stay is warranted." (citation and internal quotation marks omitted)).

District courts in this and other circuits have granted limited stays of discovery pending the resolution of immunity issues, without considering whether the movant has made a strong showing of success on the merits or the other traditional stay factors. *See Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, No. CIV.A. G-14-249, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015) ("Regardless of the traditional criteria for considering a stay, however, the court is persuaded that a stay is appropriate because it involves an appeal of this court's denial of immunity under the [Foreign Sovereign Immunities Act]"); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 734 (N.D. Tex. 2014) (partial stay of discovery pending the

5

resolution of an interlocutory appeal based on qualified immunity); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 595–96 (N.D. Cal. 2020) ("[I]f the Ninth Circuit determines that this court erred in finding defendants could not assert [immunity], then they would have been immune from all of plaintiffs' claims from the outset. Permitting this case to proceed through discovery, in the meantime, would undermine the fundamental privilege of immunity from suit."); *R. F. J. v. Fla. Dep't of Child. & Fams.*, No. 3:15-CV-1184-J-32, 2017 WL 11004970, at *2 (M.D. Fla. Feb. 24, 2017) (partial stay of discovery pending the resolution of an interlocutory appeal based on qualified immunity). This court follows the same approach.[2]

## IX. Conclusion

The felony judges' motion for a stay of third-party discovery pending the resolution of their appeal, (Docket Entry No. 506), is granted. Discovery in this case may, and should, otherwise proceed.

SIGNED on June 25, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[2] The court also notes the pendency of the en banc decision in *Daves v. Dallas County, Texas*, 988 F.3d 834 (5th Cir. 2021) (per curiam).