UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

|  |  |  |
|---|---|---|
| DWIGHT RUSSELL, et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. H-19-226 |
| HARRIS COUNTY, TEXAS, et al. | ) | |
| Defendants. | ) | |

**AMICUS BRIEF SUPPORTING DISSOLUTION OF CONSENT DECREE AND DISMISSAL OF HARRIS COUNTY**

I.  **Introduction and Background**

Amicus Alexandra Mealer files this Brief urging the Court to dismiss Harris County as a Defendant in this case. The Fifth Circuit's recent *en banc* opinion in *Daves v. Dallas County*, *Tex*[1] makes it clear that Harris County is not responsible for the conduct of the other Defendants in this matter. Therefore, no case or controversy exists between the Plaintiffs and Harris County, and this Court lacks subject matter jurisdiction to provide relief to Plaintiffs against Harris County. Mealer therefore requests that the Court dismiss Harris County from this action.

On January 21, 2019, Plaintiffs sued Harris County Sheriff Ed Gonzalez and Harris County under 42 U.S.C. § 1983 for alleged violations of the Plaintiffs' due process and equal protection rights in the administration of the Texas bail system in Harris County. Doc. No. 1, Class Action Complaint. Attorneys for Plaintiffs had successfully sued the County and received injunctive relief in an earlier case addressing detainees accused of misdemeanors. *Id* at ¶2. The Fifth Circuit

---

[1] 2022 WL 72201(5th Cir. 2022*)*.

1

originally upheld this Court's findings in the misdemeanor case, with modifications. *O'Donnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018).

On November 21, 2019, Harris County and its co-defendants entered a Consent Decree with the *O'Donnell* Plaintiffs, agreeing to both mandatory and prescriptive relief. Case No. 4:16-CV-01414, Doc. No. 708 ("Consent Decree"). The *O'Donnell* litigation, and particularly the Fifth Circuit's 2018 Opinion, appeared to establish the law governing this case and the parties have proceeded under that belief, as Harris County has spent hundreds of thousands, if not millions of dollars, complying with the Consent Decree under the supervision of this Court. *See, e.g*. Consent Decree, ¶¶ 53, 54, 85, 103.

Recently, however, the *O'Donnell* opinion was overruled by the Fifth Circuit sitting *en banc*. *Daves*, 2022 WL 72201. The *En Banc* opinion in *Daves* reveals that Harris County is not a proper party to this cause of action. The Fifth Circuit held unequivocally that Judges of both the District Courts and the Statutory County Courts are State Actors and not County Actors with respect to the Texas pretrial detention/bail system. The *Daves* opinion also provided the analytical framework to show that the Harris County Sheriff performs his pretrial detention duties under the color of State Law and is not a county actor for that issue. The Felony Judges and the Sheriff are the only defendants through whom Plaintiffs purport to acquire standing against the County. Because neither the Judges nor the Sheriff are county actors, Plaintiffs have no Article III case or controversy to bring against the County. Therefore, Harris County must be dismissed from the suit and Amicus respectfully requests the Court to do so.

Further, Amicus respectfully points out that the jurisdictional facts of the present case show that the Plaintiffs in *O'Donnell* did not have Article III standing to sue Harris County. As such, the Consent Decree is void and should be dissolved. Amicus respectfully requests the Court to

consider the parallels between the present case and *O'Donnell* and, based on the briefing here, to *sua sponte* raise the issue of this Court's jurisdiction at the time it entered the *O'Donnell* Consent Decree, and to allow briefing by the Parties and by Amicus so that the Consent Decree may be vacated or dissolved.

## II. The Court should revisit Plaintiffs' Standing to bring Claims Against Harris County

"Deciding if a case should be allowed to proceed in federal court at all is an issue that should not be postponed indefinitely. A federal 'court has a continuing obligation to assure itself of its own jurisdiction, *sua sponte* if necessary.'" Fed. R. Civ. P. 12(h)(3); *Daves*, 2022 WL 72201 at *5; citing *Green Valley Spec. Util. Dist. v. City of Schertz*, 969 F.3d 460, 480 (5th Cir. 2020) (*en banc*). Standing, which is an element of subject matter jurisdiction, must be evaluated on a claim-by-claim basis. *In re Gee*, 941 F.3d 153, 170 (5th Cir. 2019). 'To establish standing, the Plaintiff must show "(1) the he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by requested judicial relief." *Daves*, 2022 WL 72201 at *14.

If a claim raised by plaintiff does not rise to the level of an Article III controversy, such as this, it must be dismissed. *Daves at *5; Gee,* 941 F. 3d at 170. A defendant should be dismissed from a case if no claim made by a plaintiff constitutes an Article III controversy against that defendant. *Id*. Further, the lack of standing voids even a final judgment such that the judgment may be set aside. Fed. R. Civ. P. 12(h)(3), 60(b)(4); *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) (an order "is void only if the court that rendered it lacked jurisdiction of the subject matter …") quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir.1984). This is the circumstance here. Neither the Felony Court Judges nor the

Harris County Sheriff are actors on behalf of Harris County with respect to bail, Plaintiffs have asserted no justiciable controversy with respect to Harris County, and Harris County should be dismissed from the suit.

### III.     The Felony Judges are not county actors with respect to bail

Plaintiffs accuse the Felony Judges of (i) "enforcing a system of pretrial detention that keep them in jail solely because they cannot afford to pay money bail amounts, (ii) by holding the accused in pretrial detention without "making any finding that pretrial detention is necessary to serve the government's interest," and (iii) holding the accused in pretrial detention without procedural safeguards to insure to protect the accused due process rights.  Doc. No. 195-1, Plaintiffs' Second Amended Complaint, at ¶¶ 199-204.  Each of these complaints regarding pretrial detention is a complaint about the Felony Judges' actions, or failure to act, with respect to setting bail.  The Fifth Circuit held unequivocally that the setting of bail, including creation of a bail schedule, is a state, not county, action in Texas.  *Daves* at *11 ("A judge's setting an arrestee's bail [at the initial hearing] is part of the state's adversary proceedings and judicial function.").  Because the Felony Judges are state actors with respect to bail, Plaintiffs' claims against the Felony Judges fail to raise an Article III controversy with respect to Harris County.

### IV.     The Harris County Sheriff is not a county actor with respect to pretrial detention

Sheriffs in Texas are *state* actors with respect to pretrial detention and release.  Plaintiffs apparently agree, stating the Sheriff:

> "is responsible **under state law** for enforcing pretrial bail orders and directives issued by judges or promulgated by local rule. State law also obligates the Sheriff to ensure the lawfulness of any order resulting in a person's detention in the Harris County Jail."

Doc. No. 195-1, paragraph 24.

Whether the Sheriff is the final policy maker with respect pretrial detention is the dispositive issue here. *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785, 117 S. Ct. 1734, 1737, 138 L. Ed. 2d 1 (1997), quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988). This question is not addressed in an "all or nothing" manner but reviewed with respect to each specific issue before the Court. *Id*.

Texas law does not provide the Sheriff with any authority to ignore the judicial officers' bail decisions. To this end, County Sheriff offices are established as part of the Judiciary under the Texas Constitution. Tex. Const. art. V, § 23. Further, Texas Sheriffs are not "final policy makers" with respect to pretrial detention. Bail decisions are made by magistrates, or superior judicial offers, under Texas law. Tex. Code Crim. Proc. arts. 17.15, 17.028. Bail is set by judicial officers, not county sheriffs, and county sheriffs are required to execute all process and precepts directed to them by legal authority. *See*, Id. The Sheriff is charged, under state law, with enforcing those magistrates' judicial decisions with respect to bail. Tex. Code Crim. Proc. art.16.21; *Brown v. Daniels,* 05-20-00579-CV, 2021 WL 1997060, at *16 (Tex. App.—Dallas, May 19, 2021, no pet.), ("bail is set by judicial officers, not county sheriffs"); citing *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 433–34 (Tex. 1980); Tex. Code Crim. Proc. art. 17.028.

Further, the Sheriff cannot be held to be a proper party as the injuries claimed by Plaintiffs may not be able to "be redressed" through judgment against him. *Daves* at *17. The Sheriff has no discretion to modify a magistrate's or judge's bail order, therefore the harm of such bail order cannot be redressed by relief against the Sheriff. *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019); *Brown*, 2021 WL 1997060 at *16. Plaintiffs therefore

cannot show an Article III case or controversy with respect to the Sheriff, providing an additional reason his conduct may not be a basis for Plaintiffs' claims against the County.

### V. Plaintiffs lack standing for relief against Harris County

Plaintiffs have sued Harris County, alleging the County is liable under 42 U.S.C. § 1983 because of conduct by the Felony Judges and the Sheriff. See, e.g Doc. No. 195-1, para. 23 ("The County, through the judges who are its final policymakers for promulgating bail procedures…."), ¶ 24 (the Sheriff "is the final policymaker for all law enforcement decisions in Harris County"). The Felony Judges and the Sheriff are the only actors on whose conduct Plaintiffs base the County's alleged liability. Because these Defendants act for the State with respect to the pretrial detention, "there is no case or controversy with, and no Article III jurisdiction over, [Harris] County." *See*, *Daves* at *6.

### VI. The Parties should be ordered to address Plaintiffs' standing to sue Harris County

Federal Courts must address the threshold question of jurisdiction and should address those issues *sua sponte* if necessary. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).; *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Following *Daves*, serious concerns have arisen regarding the Plaintiffs' Article III standing to bring claims against Harris County. Such issues should be resolved to determine whether Harris County should be dismissed from this suit.

The standing issues raised by *Daves* apply to the related case, *O'Donnell v. Harris County*, Case No. 4:16-cv-1414 (S.D. Tex. 2016), which "raises the same legal claims and challenges materially identical bail policies and practices" as those at issue here. *See* Plaintiffs' Second Amended Petition, Doc. No. 195-1, ¶. 14. The Court has no more jurisdiction in *O'Donnell* than

it does here, and the Consent Decree is therefore void. *Harvest Nat. Res., Inc. v. Ramirez Carreno*, CV H-18-483, 2020 WL 3063940, at *4 (S.D. Tex. June 9, 2020) quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984) ("A judgment is "void" under Rule 60(b)(4) if "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."). Requiring the Parties to address standing here will therefore assist the Court, or at least provide a preview of the issues, as the Court considers whether the vacate to Consent Decree entered against Harris County in this companion case.

### VII. Conclusion

The Fifth Circuit Court of Appeals substantially clarified the law regarding Article III standing in the *Daves* opinion and under *Daves*, Harris County is clearly not a proper party in this case. Mealer, as amicus curiae, respectfully requests that the Court dismiss Harris County as a defendant in this case. In the alternative, Mealer urges the Court to instruct the parties to brief the standing issues raised by *Daves* and to dismiss Plaintiffs' claims against Harris County following such briefing. Finally, Mealer's request that the Court take note that the jurisdictional issues raised by *Daves* apply equally to the *O'Donnell* case as here, and that the law as announced by the Fifth Circuit requires, after proper notice and a hearing, that the Consent Decree entered in that case be vacated or dissolved.

Dated: January 25, 2022

SEILER MITBY, PLLC

/s/Steven J. Mitby
Steven J. Mitby
State Bar No. 24037123
Federal Bar No. 33591
2700 Research Forest Drive, Suite 100

The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791
Email: smitby@seilermitby.com

Counsel for Amicus Curiae Alexandra Mealer

OF COUNSEL FOR AMICUS CURIAE:

Michael K. Barnhart
Texas Bar No. 24040472
Federal Bar No. 606340
Email: mbarnhart@seilermitby.com
Kelly D. Clark
Texas Bar No. 24094781
Federal Bar No. 3456473
Email: kclark@seilermitby.com
Debbie S. Pacholder
Texas Bar No. 00784969
Email: dpacholder@seilermitby.com
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent notice of such filing to all parties.

 */s/Steven J. Mitby*
Steven J. Mitby