UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*,<br>  *Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br>  *Defendants*,<br><br>STATE OF TEXAS, *et al.*,<br>  *Intervenor-Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:19-cv-00226 |

## HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE ROSENTHAL:

Pursuant to the Court's August 4, 2022 order (Dkt. 588), the non-party Harris County District Attorney's Office (the "HCDAO") files this motion to quash subpoena and motion for protective order. The HCDAO respectfully requests the Court grant this motion and order that the HCDAO need not comply with the subpoena issued by Plaintiffs' counsel to the HCDAO on or about April 11, 2022 (the "Subpoena"), a copy of which is attached to this motion as **Exhibit A**.

### SUMMARY OF DISCOVERY DISPUTE

The Subpoena seeks intra-office emails among prosecutors within the HCDAO concerning a then-ongoing criminal matter involving a criminal defendant who is not party to this litigation. The HCDAO moves to quash that subpoena, and

alternatively seeks protection from the subpoena, for the following reasons: (1) the HCDAO is immune from suit under the Eleventh Amendment, and that sovereign immunity extends to non-party subpoenas; (2) even if the HCDAO were not immune, the responsive communications are privileged and not subject to discovery; and (3) in addition to being privileged, the responsive communications appear to be irrelevant and unnecessary to Plaintiffs' claims against the Defendants in the case.

## BACKGROUND

As the Court knows, Plaintiffs filed this lawsuit to challenge the constitutionality of Harris County's bail system for felony arrestees. The HCDAO is not a party to the lawsuit.

Although the HCDAO is not a party, Plaintiffs have requested that the HCDAO provide documents and testimony. As the Court is aware, the HCDAO has responded to those requests and produced some documents, but on a smaller scale and scope than what Plaintiffs requested. The HCDAO has also twice presented an HCDAO representative, Ms. Jennifer Keith, to testify on a list of topics, again on a smaller scale and scope than what Plaintiffs requested.

The Subpoena was issued following the second of Ms. Keith's depositions. At that deposition, Plaintiffs' counsel announced that his questions would generally be directed to Ms. Keith "in [her] representative capacity on behalf of the Harris County District Attorney's Office pursuant to Rule of Civil Procedure 30(b)(6)."

*See* **Exhibit B** (Keith Depo. excerpts), at 6:12-17. Notwithstanding that general rule, counsel departed from the organizational representative deposition topics and asked Ms. Keith questions in her individual capacity about individual criminal matters. *See id.*, at 70:10-73:9. As part of this individual-capacity questioning about individual criminal matters outside the scope of any noticed topic, Ms. Keith provided a general description of communications she had with another HCDAO prosecutor regarding the outcome of a "probable cause" or "15.17" hearing in a particular case. *See id.*, at 73:12-76:13.

Following the deposition, Plaintiffs' counsel issued the Subpoena. The Subpoena sought the underlying communications about the particular 15.17 hearing about which Ms. Keith was asked. Specifically, the Subpoena requested:

> Any and all emails between ADA Jennifer Keith and prosecutors in Judge Randy Roll's courtroom regarding the 15.17 hearing of Ka Darian Smith (Case No. 1652584), referred to in the attached deposition transcript at 71:1 – 76:4 (Appendix A).

*See* **Exhibit A**.

The HCDAO objected to producing the responsive documents, which are internal HCDAO emails that were never shared with anyone outside of the office. *See* **Exhibit C** (HCDAO's Resps. & Objs. to Subpoena). Specifically, the HCDAO made a relevance objection and asserted privilege over the emails. *Id.* In subsequent meet-and-confer discussions, the HCDAO also informed Plaintiffs that the HCDAO would also be relying upon its entitlement to Eleventh Amendment sovereign

3

immunity as an additional basis for not complying with the Subpoena. Finally, the HCDAO produced and, at Plaintiffs' request, supplemented a detailed privilege log identifying each responsive email being withheld. *See* **Exhibit D** (the HCDAO's First Am. Priv. Log).

## ARGUMENT

This Court "lacks jurisdiction to enforce a subpoena against an unwilling sovereign." *State of La. v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992). But for the imposition of sovereign immunity, Federal Rule of Civil Procedure 45 would govern this motion to quash. *See* FED. R. CIV. P. 45(d)(3). As relevant here, the Court must quash, or at least modify, a subpoena that either "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to an undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii)-(iv).

**I.    The Court should quash the Subpoena based on sovereign immunity.**

The Eleventh Amendment "bars suits against nonconsenting States in a wide range of cases." *Franchise Tax Bd. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019). The HCDAO is entitled to sovereign immunity here because the Subpoena is a "suit" and the HCDAO is a nonconsenting "State."

First, the Subpoena is a "suit" within the meaning of the Eleventh Amendment. The term "'suit' includes 'judicial process' . . . and a subpoena duces tecum is a form of judicial process." *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741

4

F.3d 1155, 1159 (10th Cir. 2014).  The Fourth, Eighth, and Tenth Circuits have all held that various forms of sovereign immunity can bar enforcement of a subpoena. *Boron Oil Co. v. Downie*, 873 F.2d 67, 71-72 (4th Cir. 1989); *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1105 (8th Cir. 2012); *Bonnet*, 741 F.3d at 1159.  The Fifth Circuit has not addressed the issue—though it may do so soon in this very case.[1]

Sound logic and precedent supports the conclusion that subpoenas are a form of suit.  *See DeJordy*, 675 F.3d at 1104-05 (suggesting the United States Supreme Court "might well conclude that the Eleventh Amendment applies . . . [to] disruptive third-party subpoenas . . . served on a state agency in private federal court civil litigation"); *McGehee v. Neb. Dep't of Corr. Servs.*, 968 F.3d 899, 901 (8th Cir. 2020) (Stras, J., concurring) ("I have doubts whether, under basic sovereign-immunity principles, a state may be haled into federal court solely for the purpose of answering a third-party subpoena."), *reh'g granted, opinion vacated* (Oct. 5, 2020), *on reh'g*, 987 F.3d 785 (8th Cir. 2021).

Second, the HCDAO is a nonconsenting "State" for sovereign immunity purposes.  In Texas, "district attorneys aren't just empowered *by* the state.  They *are* the state, complete with designation as officers of the judicial branch of

---

[1] As the Court knows, the Felony Judges have raised the issue in their pending appeal.  *See Russell v. Harris Cnty., Tex.*, No. H-19-226, 2021 WL 2637576, at *2 (S.D. Tex. June 25, 2021) (noting that "the felony judges may be immune from third-party discovery").

government." *Arnone v. Cnty. of Dall. Cnty., Tex.*, 29 F.4th 262, 269 (5th Cir. 2022) (internal quotation marks omitted); *Molina v. March*, No. 07-4296, 2008 WL 11388763, at *1 (S.D. Tex. Nov. 20, 2008) (holding that "the Harris County District Attorney's Office is entitled to Eleventh Amendment immunity against all of Plaintiff's claims"); *Cruts v. Travis Cnty. Correctional Complex*, No. A-19-CV-1224-RP, 2020 WL 1171955, at *3 (W.D. Tex. Mar. 11, 2020) (dismissing as frivolous claims against Travis County District Attorney's Office); *cf. High v. Pearl River Cnty. Dist. Attorney*, No. 1:12-cv-201-LG-JMR, 2012 WL 5450065, at *2 (S.D. Miss. Nov. 7, 2012) ("A district attorney's office in Mississippi is considered an arm of the State of Mississippi.").

Accordingly, the HCDAO is entitled to sovereign immunity with respect to the Subpoena, and the Court should grant protection against the request on this ground, among the others set forth below.

## II. The Court should quash the Subpoena because the responsive communications are privileged.

Alternatively, even if this Court did have jurisdiction under which Plaintiffs could seek to enforce the Subpoena against the HCDAO, the Court would be required to quash the Subpoena because it requires disclosure of privileged matters. FED. R. CIV. P. 45(d)(3)(A)(iii). The relevant privilege rules are supplied by federal common law. FED. R. EVID. 501; *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997).

First, the responsive communications are protected by the attorney-client privilege. *See Robinson*, 121 F.3d at 974. "The assertor of the lawyer-client privilege must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Id.* Each of these requirements is satisfied here.

As the privilege log establishes, each responsive communication at issue here was among employees of the HCDAO. *See* **Ex. D**. All but two were exclusively among prosecutors. *Id.* The disclosed subject lines of the emails confirm the subject-matter of the communications to be a specific, then-ongoing criminal prosecution of a named individual. *Id.* And the privilege log's descriptions confirm that each communication was confidential, among counsel, and made "in anticipation of litigation or for trial" and "to facilitate the rendition of professional legal services." *Id.* If this were not enough, the attached declaration of Jennifer Keith further confirms that these responsive communications were intended to be confidential, concerned an ongoing criminal matter, and reflect the prosecutors' efforts to provide legal services and directly participate in ongoing legal proceedings as well as the prosecutors' mental impressions and opinions. *See* **Ex. E**.

Second, the responsive communications are independently and alternatively protected by the work-product doctrine. *See* FED. R. CIV. P. 26(b)(3) (protecting

against disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial" and disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other legal representative concerning the litigation"). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). The United States Supreme Court has explained the necessity of this protection to the functioning of the modern legal practice:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways. . . . Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own.

*Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). The privilege log and Ms. Keith's declaration again confirm that the responsive communications were prepared in anticipation of litigation or for trial and contain the prosecutors' mental impressions and opinions concerning a then-ongoing criminal matter.[2] See **Exs. D, E**.

---

[2] The same result would be warranted under Texas law, which makes an attorney's "mental impressions, opinions, conclusions, or legal theories . . . flatly not discoverable." *In re Bexar Cnty.*

### III. The Court should quash the Subpoena because the responsive communications are irrelevant, and the Subpoena therefore imposes an undue burden on the HCDAO.

This matter should never have reached the level of seeking Court involvement in an effort to gain access to internal HCDAO emails because the communications at issue are irrelevant to Plaintiffs' claims and therefore impose a burden on the HCDAO that is not proportional to the needs of the litigation. FED. R. CIV. P. 45(d)(3)(A)(iv).

Plaintiffs purportedly seek these intra-office communications among prosecutors at the HCDAO to establish the existence of a "policy" one former criminal district judge used in making decisions about whether to issue personal bonds on aggravated assault cases. Such a "policy" has no bearing on any of Plaintiffs' claims for prospective injunctive relief. The judge in question is no longer on the bench, cannot apply any "policies" or make any bond decisions, and could not be enjoined even if criminal district judges acting on behalf of the State of Texas were amenable to suit in this context, which they are not. *See Daves v. Dall. Cnty., Tex.*, 22 F.4th 522, 540-41 (5th Cir. 2022). Alternatively, even if establishing the existence of this "policy" were relevant, Ms. Keith has already provided testimony about her understanding of what that "policy" was and the basis for her

---

*Crim. Dist. Attorney's Office*, 224 S.W.3d 182, 187-88 (Tex. 2007) (internal quotation marks omitted) (granting mandamus against court order enforcing trial subpoenas seeking to compel prosecutors to disclose "DA work product").

understanding. See **Ex. B** (Keith Depo. Excerpts), at 232:1-233:13. There is no need or justification for invading the HCDAO's confidential internal communications in light of this testimony, and doing so subjects the HCDAO to an undue, unnecessary, and non-proportional burden.

## CONCLUSION

For the foregoing reasons, the HCDAO respectfully requests the Court grant this motion to quash, or in the alternative motion for protection, and award the HCDAO all further relief to which it may show itself to be entitled.

Respectfully submitted,

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
S.D. Tex. I.D. No. 13066
BUTLER SNOW LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801
Email: eric.nichols@butlersnow.com

**ATTORNEY FOR HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was served on counsel of record for the parties in compliance with the Federal Rules of Civil Procedure by filing with the Court's CM/ECF system on August 22, 2022.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols