# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HARRIS COUNTY, TEXAS, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 4:19-cv-00226 <br> (Class Action) <br> The Honorable Lee H. Rosenthal <br> U.S. District Judge |

**NOTICE OF SUBPOENA TO HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE**

Pursuant to Federal Rule of Civil Procedure 45, please take notice that attorneys for Plaintiffs Dwight Russell, Johnnie Pierson, Joseph Ortuno, Maurice Wilson, and Christopher Clack, intend to serve the attached subpoena for the production of documents, electronically stored information, or tangible things upon Custodian of Records, Harris County District Attorney's Office.

Respectfully Submitted,

/s/Jeffrey Stein
Jeffrey Stein
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this $11^h$ day of April, 2022, a copy of the foregoing was served on counsel of record for all parties by email.

/s/ Jeffrey Stein  
Jeffrey Stein  
*Counsel for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Dwight Russell, et. al. *Plaintiff* v. Harris County, Texas, et al. *Defendant* | Civil Action No. 4:19-cv-00226 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records of the Harris County District Attorney's Office

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all emails between ADA Jennifer Keith and prosecutors in Judge Randy Roll's courtroom regarding the 15.17 hearing of Ka Darian Smith (Case No. 1652584), referred to in the attached deposition transcript at 71:1-76:4 (Appendix A).

| Place: Susman Godfrey L.L.P. 1000 Louisiana, Ste 5100 Houston, TX 77002-5096 | Date and Time: 04/26/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Dwight Russell, et al. , who issues or requests this subpoena, are:

Jeffrey Stein; Civil Rights Corps,1601 Conneticut Ave NW, Ste 800, Washington DC 20009; jeff@civilrightscorps.org; (202) 932-1276

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00226

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

UNEDITED, UNCERTIFIED ROUGH DRAFT

71

1          (Exhibit 11 marked.)
2     Q.   (By Mr. Stein)  All right.  And I'm going to
3  fast forward to time stamp 26:09.
4          Now, this is a video of that 15.17
5  hearing; is that correct?
6     A.   It appears to be, yes.
7     Q.   And beginning at time stamp 26:09, I'm going to
8  press play.  Let me know if you have trouble hearing.
9          (Video played.)
10    Q.   (By Mr. Stein)  And I'm stopping at time stamp
11 26:20.
12         Were you able to hear the hearing officer
13 say, "I will approve you for a personal bond"?
14    A.   Yes.
15    Q.   Now, following a later unrelated 15.17 hearing
16 that same docket, you came back to address the hearing
17 officer in Mr. Smith's case, correct?
18    A.   Yes.
19    Q.   I'm going to fast forward to 31:08.  And I'm
20 going to play it for you now.
21         (Video played.)
22    Q.   (By Mr. Stein)  And I'm stopping at 31:45.
23         Were you able to hear that clip?
24    A.   Yes.
25    Q.   Who was the prosecutor in Judge Roll's

UNEDITED, UNCERTIFIED ROUGH DRAFT

72

```
 1   courtroom that you contacted?
 2           MR. NICHOLS:  Objection, form.
 3   A.   Allan Otto was the chief in the court.
 4           MR. NICHOLS:  Yeah, I'm just objecting to
 5   form and beyond the scope; but let's just move through
 6   this.
 7   Q.   (By Mr. Stein)  How did you contact the
 8   prosecutor in Judge Randy Roll's courtroom?
 9           MR. NICHOLS:  Objection to form, beyond
10   the scope.
11   A.   I believe it was by email.
12   Q.   (By Mr. Stein)  And what did you tell the
13   prosecutor to relay to Judge Randy Roll?
14           MR. NICHOLS:  Objection to form and beyond
15   the scope.
16   A.   I did not tell the prosecutor to relay any
17   information to Judge Roll.
18   Q.   (By Mr. Stein)  What did you tell the
19   prosecutor in Judge Randy Roll's courtroom?
20           MR. NICHOLS:  Objection, form, and beyond
21   the scope.
22   A.   I advised him of the ruling made during the
23   15.17 hearing as I had prior knowledge from prior cases
24   of Judge Roll's supposed policy regarding aggravated
25   offenses.  So I simply advised him of the outcome of the
                UNEDITED, UNCERTIFIED ROUGH DRAFT
                                                          73
 1   15.17 hearing for that particular defendant.
```

2     Q.    (By Mr. Stein)  Did you advise other

3  prosecutors in other courtrooms that day of outcomes in

4  the 15.17 hearing over email as you did in this case?

5               MR. NICHOLS:  Objection, form, and beyond

6  the scope.

7     A.    I may have.  I don't have any independent

8  recollection of whether I did or this particular day.

9  But it is not an uncommon occurrence for the hearing

10 court prosecutor to notify the trial court prosecutors

11 of bail hearing outcomes for defendants pending -- with

12 cases pending in their courts for a variety of reasons.

13    Q.    (By Mr. Stein)  When the hearing officers issue

14 a bail ruling in a particular case at the 15.17 hearing,

15 do you record that ruling in the case file or otherwise

16 memorialize it as part of the case file?

17              MR. NICHOLS:  Now, I think he's back in

18 the mode of asking an organizational representative

19 question.

20              MR. STEIN:  That's correct.

21    A.    Yes, we make internal -- we record it

22 internally; and it is also memorialized in the

23 documentation that is generated by the hearing officers

24 at the conclusion of each bail hearing.

25    Q.    (By Mr. Stein)  And the calendar prosecutors in

                    UNEDITED, UNCERTIFIED ROUGH DRAFT

                                                              74

1  the district courtroom will receive the case file with

2  the hearing officer's ruling recorded in it, correct?

3     A.    I'm sorry.  What prosecutors are you referring

4  to?

5    Q.   The prosecutor in the home judge's courtroom.

6    A.   They have access to the documentation, the
7  digital documentation, that the hearing court prosecutor
8  makes; but it's not necessarily directly provided to
9  them.  It's contained as part of the entirety of the
10  digital file for that case.

11    Q.   And that prosecutor will receive the digital
12  file; is that correct?

13    A.   They will have access to it as part of the --
14  they can access it when they go in to review all of the
15  accompanying documentation for that case, yes.

16    Q.   In other words, the prosecutors in the home
17  court don't need to be emailed directly about the
18  hearing officer's ruling to know what the hearing
19  officer did; is that correct?

20           MR. NICHOLS:  Objection, form.

21    A.   That's correct.

22    Q.   (By Mr. Stein)  So if that's the case, why did
23  you email in your individual capacity, in the interest
24  of moving things along, why did you email the prosecutor
25  in the home judge's courtroom in Mr. Smith's case?

               UNEDITED, UNCERTIFIED ROUGH DRAFT

                                              75

1           MR. NICHOLS:  Objection, form, and beyond
2  the scope.

3    A.   As I said, I was aware from prior cases in that
4  court of Judge Roll's supposed policy regarding personal

 5   bonds on aggravated offenses.  And additionally, I did
 6   not feel that a personal bond under the facts and
 7   circumstances of that case was appropriate and felt that
 8   the trial court prosecutors should know, based on the
 9   particular facts of this case, that a personal bond was
10   granted.
11       Q.   (By Mr. Stein)  Did the prosecutors in the
12   courtroom of Judge Randy Roll respond to your email?
13            MR. NICHOLS:  Objection to form and beyond
14   the scope.
15       A.   I believe at some point, that the chief
16   prosecutor in the court advised me that they
17   acknowledged my communication.  And whatever was
18   relayed -- whatever information was relayed to me in
19   response by the prosecutors is what I told the hearing
20   officer as is reflected in the video.
21            I don't have a specific recollection of
22   what the exact communication was, but it's pretty much
23   reflected in what I told the court.
24       Q.   (By Mr. Stein)  Would that communication have
25   been over email?
                  UNEDITED, UNCERTIFIED ROUGH DRAFT

                                                           76

 1            MR. NICHOLS:  Objection, form, and beyond
 2   the scope.
 3       A.   Based on the video and the fact that I didn't
 4   pick up a phone, I believe that it probably was.