UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
|     *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
|     *Intervenor-Defendants*. | § | |

## NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE'S REPLY ON MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE ROSENTHAL:

Non-party Harris County District Attorney's Office (the "HCDAO") files this reply to Plaintiffs' response to the HCDAO's motion to quash subpoena and motion for protective order (Dkt. 592).

In connection with their suit challenging the constitutionality of aspects of the manner in which bail is set for felony arrestees in Harris County, Plaintiffs issued a subpoena to non-party HCDAO on or about April 11, 2022 (the "Subpoena"). The HCDAO filed its motion to quash the Subpoena, and alternatively seeking protection from the Subpoena, on August 22, 2022 (Dkt. 589). Plaintiffs filed their response on September 6, 2022 (Dkt. 592). A hearing on the motion is currently set for October 4, 2022. (Dkt. 594).

65706814.v2

## ARGUMENT

### I.    The HCDAO is entitled to sovereign immunity.

Relying on two inapposite United States Supreme Court opinions, Plaintiffs argue that the HCDAO is not entitled to the protections of sovereign immunity because the HCDAO is not a named defendant.  *See* Plfs Resp., at 21 (citing *PennEast Pipeline Co. v. New Jersey*, 141 S. Ct. 2244, 2260 (2021); *Alden v. Maine*, 527 U.S. 706, 735 (1999)).  For the same reasons as the felony judges have raised in their pending appeal, non-party HCDAO enjoys sovereign immunity from the Subpoena.  *See Russell v. Jones*, No. 21-20269 (5th Cir.).  Neither *PennEast* or *Alden* addressed the relevant issue currently before the Court: whether a subpoena is a "suit" within the meaning of the Eleventh Amendment.  The HCDAO's motion set forth the relevant authority on that relevant point, which controls the dispute here and demonstrates the HCDAO is entitled to sovereign immunity.

Plaintiffs' waiver argument fares no better.  Plaintiffs identify no authority for the proposition that the HCDAO waived its entitlement to sovereign immunity by abiding by the Court's previous rulings and responding to earlier subpoenas in this case.  Nor can they, because waiver by a state of its immunity from suit in federal court may not be implied.  *Sossamon v. Texas*, 563 U.S. 277, 284 (2011).  The facts here are "readily distinguishable from the limited situations where [the Supreme] Court has found a State consented to suit, such as when a State voluntarily invoked federal court jurisdiction or otherwise ma[de] a 'clear declaration' that it intends to

2

submit itself to [] jurisdiction*," such as removing a case from state court to federal court.  *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 547 (2002) (internal citations omitted); *see also Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 426, 436 (5th Cir. 2021) (holding that state's voluntary appearance in federal court, including through removal, constituted waiver of Eleventh Amendment immunity).

## II.     The responsive documents are not "of consequence" to the Plaintiffs' claims, and thus do not meet the standard for relevant evidence.

Even without the imposition of sovereign immunity, the Subpoena would be required to be quashed on other grounds.

### A. Privilege

First and foremost, the documents requested are subject to valid claims of attorney-client communications and attorney work product privilege.  As indicated in the motion and as supported by the declaration of one of the participants in the emails at issue, the requested documents concern internal discussions about a pending criminal matter.

The responsive documents are confidential internal HCDAO communications protected by both the attorney-client privilege and the work-product doctrine. As an initial matter, confidential communications made to an HCDAO employee, including its Director of Communications, concerning a then-ongoing criminal prosecution, are privileged.  *E.g.*, *Vicknair v. La. Dep't of Public Safety and Corrections*, 555 Fed. Appx. 325, 333 (5th Cir. 2014) (holding that e-mail between

an employee, a confidential assistant to employer's deputy secretary, and general counsel concerning a pending internal investigation was covered by attorney-client privilege); *U.S. v. Pipkin*, 528 F.2d 559, 562 (5th Cir. 1976) ("In appropriate circumstances the privilege may bar disclosures made by a client to non-lawyers who, like Somerford, had been employed as agents of an attorney … [so long as] the communication have been made and maintained in confidence.").

Contrary to Plaintiffs' assertion, neither privilege has been waived in this case. Inquiry into the general nature of legal services provided by counsel does not necessitate an assertion of privilege because the general nature of services is not protected by privilege. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). Further, public disclosure of facts does not destroy the attorney-client privilege with respect to confidential communications *about* those facts. *U.S. v. Murra*, 879 F.3d 669, 682 (5th Cir. 2018). The transcripts Plaintiffs attach to their response clearly demonstrate that Ms. Keith revealed nothing other than facts in open court and during both of her depositions. As such, there has been no waiver of the privileges applicable to the confidential communications, and Plaintiffs' speculation about what the communications "likely" contain is irrelevant to the Court's privilege analysis.

## B. Relevance and Proportionality

4

In addition, nowhere in the twenty-five pages of Plaintiffs' response do they address how a claimed "policy" of a former state criminal district judge in setting bail on cases involving allegations of aggravated violence have any bearing on any of their claims for prospective injunctive relief.  Plaintiffs' contention that "[t]he requested emails will likely help establish that Judge Roll maintained an unconstitutional policy of revoking bond without procedural protections while shedding light on exactly how this practice functioned," Plfs Resp., at 13, is not the standard for relevant evidence.  Evidence is relevant if it has "any tendency to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable than it would be without the evidence." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 809 (5th Cir. 2017) (emphasis added).

By insisting on production of the documents related to a state district judge who is no longer on the bench, Plaintiffs wholly ignore the "of consequence" requirement for relevance.  Further, as emphasized in HCDAO's motion, any information allegedly included in the responsive documents would not be "of consequence" even if the documents referenced a sitting state district judge.  *See Daves v. Dall. Cnty., Tex.*, 22 F.4th 522, 540-41 (5th Cir. 2022).  *Daves* forecloses the notion that the Plaintiffs can bring claims over a district judge's bail determinations.  *Id.* at 543.  District judges "act[] for the State when addressing bail," and neither the State nor its officers can be sued under Section 1983.  *Id.* at 533, 541.

Accordingly, because there is no way that the responsive documents could ever be "of consequence," there are no grounds on upon which the documents can be relevant.

## C. Undue Burden

Because the responsive documents are irrelevant and unnecessary (not to mention that they invade the internal discussions at the HCDAO about a pending criminal matter), the Subpoena imposes an undue burden on the HCDAO.  FED. R. CIV. P. 45(d)(3)(A)(iv).  As the Court is well aware, to determine whether a subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.*

In the second paragraph of their substantive argument, Plaintiffs attempt to circumvent this analysis by stating that the Subpoena "is not unduly burdensome under Fed. R. Civ. P. 45(d)(3)(iv) because it requests just two discrete email exchanges that HCDAO has already identified, reviewed, and recorded in its

privilege log. [] Producing these emails would entail no burden at all." Plfs Resp., at 11-12. The fact that the HCDAO has located the responsive documents encompasses only a fraction of the Court's analysis regarding whether the Subpoena imposes an undue burden; the Court must also ascertain the relevance of and need for the requested information. Even a trivial burden may be "undue" when the requested information is meaningless to the litigation. As set out above, Plaintiffs have failed to demonstrate the relevance of these emails or any valid need to obtain them.

Plaintiffs have not demonstrated a substantial need for the requested documents. Again, the Subpoena requests irrelevant communications concerning a former district judge's alleged bail policy. Whatever information the Plaintiffs believe the communications contain, the requested documents would not have any tendency to make any fact "of consequence" more or less probable in light of the Fifth Circuit's opinion in *Daves*. As such, the Plaintiffs are incapable of demonstrating a substantial need for the requested documents.

## CONCLUSION

For the foregoing reasons and those set out in the motion, the HCDAO respectfully requests the Court grant its motion to quash, or in the alternative motion for protection, and award the HCDAO all further relief to which it may show itself to be entitled.

7

65706814.v2

Respectfully submitted,

By:   */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
S.D. Tex. I.D. No. 13066
BUTLER SNOW LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel:  (737) 802-1800
Fax:  (737) 802-1801
Email:  eric.nichols@butlersnow.com

**ATTORNEY FOR HARRIS COUNTY
DISTRICT ATTORNEY'S OFFICE**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was served on counsel of record for the parties in compliance with the Federal Rules of Civil Procedure by filing with the Court's CM/ECF system on September 13, 2022.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

8

65706814.v2