UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*,<br>　　*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br>　　*Defendants*,<br><br>STATE OF TEXAS, *et al.*,<br>　　*Intervenor-Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:19-cv-00226 |

## NON-PARTY HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE'S POST-HEARING SUPPLEMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Following the November 2, 2022 hearing before this Court, the Harris County District Attorney's Office (the "HCDAO") files this brief supplement to the motion to quash a subpoena served in this matter on the HCDAO (Dkt. 589). This supplement addresses whether the *Ex parte Young* exception to Eleventh Amendment sovereign immunity could apply to a hypothetical suit filed against the recipient of the discovery at issue: the HCDAO.

The simple answer is no. Even if the principles of *Ex parte Young* could even arguably support issuance of non-party discovery requests to agency officials or employees, for *Ex parte Young* to apply, "a suit must be brought *against individual persons in their official capacities as agents of the state* and the relief sought must

66280772.v2

be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (emphasis added). A hypothetical suit against an *office* would not be a suit against an individual person. *Ex parte Young* thus has no application to such a hypothetical suit.

Assuming hypothetically that someone did sue the HCDAO, that suit would also be barred by Eleventh Amendment sovereign immunity. The Eleventh Amendment of course bars a suit against a state, including a state agency or department. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). At the same time, the Eleventh Amendment does not necessarily bar a suit against a county or municipality within a state. *Id.* at 123 n.34. The reach of the Eleventh Amendment depends upon whether the defendant entity is considered an "arm of the state," such that the state is "a real, substantial party in interest." *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999)

Whether a particular governmental agency counts as an "arm of the state" for Eleventh Amendment purposes is a question of federal law informed by the state law that "define[s] the agency's character." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 534 (5th Cir. 2022). The Fifth Circuit looks to the following six factors to determine "when a suit against a governmental entity, or an official of the entity sued in his official capacity, is considered to be a suit against the state:"

    (1) whether the state statutes and case law view the agency as an arm of the state;

2

    (2) the source of the entity's funding;

    (3) the entity's degree of local autonomy;

    (4) whether the entity is concerned primarily with local as opposed to statewide problems;

    (5) whether the entity has the authority to sue and be sued in its own name; and

    (6) whether the entity has the right to hold and use property.

*Id.* at 532-33.  Although the second factor is the most important, this checklist is less of a "precise test" and more of a holistic approach to "balanc[ing] the equities" in determining whether a person is really suing the state itself.  *Hudson*, 174 F.3d at 682.

Because this analysis necessarily depends upon state law to some extent, it is unsurprising that similar agencies in different states are treated differently.  For example, in Mississippi, a district attorney's office is an arm of the state entitled to Eleventh Amendment protections.  *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).  But in Louisiana, a district attorney's office is not.  *Hudson*, 174 F.3d at 683.

Applying the *Hudson* factors, the HCDAO should be treated as an "arm of the state" entitled to Eleventh Amendment immunity.  *Cf. Zinter v. Salvaggio*, No. SA-18-CV-00680-JKP, 2021 WL 1381231, at *5 (W.D. Tex. Apr. 12, 2021) ("despite

3

being county, rather than state, employees, the Bexar County District Attorneys are entitled to Eleventh Amendment immunity").

State law clearly views a district attorney's office as representatives of the state, at least when those offices exercise their prosecutorial authority. A district attorney's office represents the State in all criminal cases in the district courts of the office's district and appeals from those cases. TEX. CODE CRIM. P. art. 2.01. In Texas, "district attorneys aren't just empowered *by* the state. They *are* the state, complete with designation as 'officers of the judicial branch of government.'" *Arnone v. Cnty. of Dallas Cnty., Tex.*, 29 F.4th 262, 269 (5th Cir. 2022); (quoting *Saldano v. Texas*, 70 S.W.3d 873, 876 (Tex. Crim. App. 2002) (en banc)); *Esteves v. Brock*, 106 F.3d 674, 677 & n.8 (5th Cir. 1997) ("when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state"). The Texas Legislature has mandated that "district attorneys 'represent the *State*' in criminal cases." *Arnone*, 29 F.4th at 269 (quoting TEX. CODE CRIM. PROC. art. 2.01).

The HCDAO is primarily funded by Harris County, but that budget does include state funding earmarked by state law for the state's prosecutors. For example, the Harris County District Attorney's salary may be paid in part by the State of Texas. TEX. GOV'T CODE § 43.180(d), (f); TEX. GOV'T CODE § 41.201(1). District attorneys may also charge or reimburse certain expenses using state funds, just as employees of state agencies do. TEX. GOV'T CODE § 43.004; TEX. GOV'T

4

CODE § 660.003. Any money judgment against the office seeking to recover from the county's coffers would thus impact state dollars from the state treasury as well. Additionally, the United States Supreme Court has held that county funding of state officials does not necessarily transform those officials into county representatives. *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997).

The office enjoys considerable local autonomy, but it does so because district attorneys in Texas *are the State*, and thus cannot have their administration of criminal cases governed by county or municipal governments. Similarly, although Texas district attorneys are necessarily restricted to representing the State of Texas in cases within their respective jurisdictions, that geographic limitation does not make the duty of enforcing state law a local one. The Fifth Circuit has rejected as "flawed" the argument that "an entity's concerns are limited to the location of its office." *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 259 (5th Cir. 2020) (holding Eleventh Amendment protected University of Texas Southwest Medical Center); *see also McMillian*, 520 U.S. at 792 ("district attorneys . . . are often considered . . . state officials, even though they, too, have limited jurisdictions and are elected locally").[1]

---

[1] In a pre-*Hudson* case, the Fifth Circuit did explore the application of the Eleventh Amendment to Dallas County in a § 1983 suit against that county and its district attorney, concluding the Eleventh Amendment did not protect Dallas County. *See Crane v. State of Texas*, 759 F.2d 412, 415-21 (5th Cir. 1985), *modified on rehearing*, 766 F.2d 193, 195 (5th Cir. 1985). But *Crane* has since been surpassed and "undermine[d]" by the development of the law and the distinctions now made between questions of county responsibility under § 1983, with which *Crane* was primarily concerned, and questions of Eleventh

The discovery in question in the motion to quash is on its face directed to the HCDAO—understandably, given the nature of the requests for certain emails sent within the office, on the office's email platform, by the office's prosecutors and staff, about a then-active criminal prosecution. Plaintiffs here could not sue the HCDAO, as it is an "arm of the state" entitled to Eleventh Amendment sovereign immunity. This is not a situation, of the type discussed hypothetically in such cases as *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1162 n.1 (10th Cir. 2014), in which the principles of *Ex parte Young* could conceivably support issuance of non-party subpoenas to agency representatives. *See Russell v. Jones*, 49 F.4th 507, 518 n.13 (5th Cir. 2022); *see also id.* at 515 ("By compelling a state to produce its papers, a *subpoena duces tecum* . . . expends on the public treasury or domain and interferes with the public administration" (cleaned up)).

For the reasons set out in the briefing on the motion to quash and for protection and at the hearing conducted by the Court, the HCDAO respectfully requests that the Court quash the non-party subpoena at issue, and all other relief to which it may show itself to be entitled.

---

Amendment immunity. *See Arnone v. Cnty. of Dallas Cnty., Tex.*, 29 F.4th 262, 270-72 (5th Cir. 2022); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 534 (5th Cir. 2022).

Respectfully submitted,

By:  */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
S.D. Tex. I.D. No. 13066
BUTLER SNOW LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel:  (737) 802-1800
Fax:  (737) 802-1801
Email:  eric.nichols@butlersnow.com

**ATTORNEY FOR HARRIS COUNTY DISTRICT ATTORNEY KIM OGG**

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was served on counsel of record for the parties in compliance with the Federal Rules of Civil Procedure by filing with the Court's CM/ECF system on November 9, 2022.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols