UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS*, et al.*,<br>*Defendants*,<br><br>STATE OF TEXAS*, et al.*,<br>*Intervenor-Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:19-cv-00226 |

**HARRIS COUNTY DISTRICT ATTORNEY KIM OGG'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE ROSENTHAL:

Non-party Harris County District Attorney Kim Ogg ("District Attorney Ogg") files this motion to quash subpoena and motion for protective order. District Attorney Ogg respectfully requests the Court grant this motion and order that District Attorney Ogg need not comply with the subpoena issued (but not served) by Plaintiffs' counsel to District Attorney Ogg on November 11, 2022, requesting production of responsive documents on November 15, 2022 (the "Subpoena"), a copy of which is attached to this motion as **Exhibit A**.

**SUMMARY OF DISCOVERY DISPUTE**

As the Court knows, Plaintiffs previously issued a subpoena to the Harris County District Attorney's Office (the "HCDAO") seeking intra-office emails

among prosecutors within the HCDAO concerning a then-ongoing criminal matter involving a criminal defendant who is not party to this litigation. That subpoena is currently the subject of a pending motion to quash and motion for protection.

The Subpoena at issue in this motion seeks the same documents but names District Attorney Ogg rather than the custodian of records at the HCDAO. District Attorney Ogg moves to quash that subpoena, and alternatively seeks protection from the subpoena, for the following reasons: (1) the Subpoena was not properly served; (2) District Attorney Ogg is immune from suit under the Eleventh Amendment, and that sovereign immunity extends to non-party subpoenas; (3) even if District Attorney Ogg were not immune, the responsive communications are privileged and not subject to discovery; (4) in addition to being privileged, the responsive communications appear to be irrelevant and unnecessary to Plaintiffs' claims against the Defendants in the case; and (5) the Subpoena is unreasonable under Rule 45.

## BACKGROUND

As the Court knows, Plaintiffs filed this lawsuit to challenge the constitutionality of Harris County's bail system for arrestees on felony charges. District Attorney Ogg is not a party to the lawsuit, nor is her office, the HCDAO. Neither District Attorney Ogg nor the HCDAO have ever been named as parties, either in this matter or the O'Donnell matter that contained challenges to the Harris County bail system for arrestees on misdemeanor charges.

Although neither District Attorney Ogg nor the HCDAO are parties, Plaintiffs have requested that both District Attorney Ogg and the HCDAO provide documents and/or testimony. As the Court is aware, the HCDAO has responded to those requests and produced some documents, but on a smaller scale and scope than what Plaintiffs requested. The HCDAO has also twice presented an HCDAO representative, Ms. Jennifer Keith, to testify on a list of topics, again on a smaller scale and scope than what Plaintiffs requested. The production and testimony has concerned documents that would otherwise be available to the public through the Texas Public Information Act and testimony about the general operation of the Harris County criminal justice system and courts.

The prior subpoena was issued to the HCDAO following the second of Ms. Keith's depositions. It sought the underlying email communications about a particular "probable cause" or "15.17" hearing about which Ms. Keith was asked at her deposition. The Subpoena to District Attorney Ogg seeks those same communications.

The HCDAO previously objected to producing the responsive documents, which are internal HCDAO emails that were never shared with anyone outside of the office. Specifically, the HCDAO made a relevance objection and asserted privilege over the emails. In subsequent meet-and-confer discussions, the HCDAO also informed Plaintiffs that the HCDAO would also be relying upon its entitlement

to Eleventh Amendment sovereign immunity as an additional basis for not complying with the Subpoena. Finally, the HCDAO produced and, at Plaintiffs' request, supplemented a detailed privilege log identifying each responsive email being withheld.

The HCDAO's objections were the subject of a subsequent motion to quash and motion for protection, which has been briefed and argued to the Court. Following the hearing on November 2, 2022, the Court requested supplemental briefing. The HCDAO filed its supplemental brief, per the Court's request, on November 9, 2022.

The next day, November 10, 2022, Plaintiffs issued the current Subpoena to District Attorney Ogg.[1] Counsel for Plaintiffs emailed the Subpoena to the undersigned counsel but did not request counsel accept service by email on behalf of District Attorney Ogg. The Subpoena requested the production of the responsive communications five days later (including a weekend), by November 15, 2022.

## ARGUMENT

### I. The Court should quash the Subpoena because it has not been properly served.

District Attorney Ogg objects to the Subpoena on grounds that it has not been properly served. Federal Rule of Civil Procedure 45 requires personal service of

[1]When emailing the Subpoena (without a request to accept service by email), Plaintiffs' counsel indicated they were not withdrawing the subpoena previously served on the HCDAO. Accordingly, the HCDAO subpoena apparently remains subject to a pending motion to quash and for protection.

subpoenas. FED. R. CIV. P. 45(b)(1). The Subpoena has not been personally served on District Attorney Ogg, nor have Plaintiffs requested that undersigned counsel accept service by email on her behalf. Absent agreement of counsel, email service of a subpoena is not sufficient service under Rule 45. *Id.*; *Bergeron v. Great W. Cas. Co.*, No. Civ.A.14-13, 2015 WL 5307685, at *2-3 (E.D. La. Sept. 10, 2015) ("email is not sufficient service under FRCP 45 because personal service of a subpoena is required") (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003)).

## II. The Court should quash the Subpoena because District Attorney Ogg is entitled to Eleventh Amendment sovereign immunity.

The Eleventh Amendment "bars suits against nonconsenting States in a wide range of cases." *Franchise Tax Bd. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019). District Attorney Ogg is entitled to sovereign immunity here. *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022).

Sovereign immunity applies to state officials in their official capacities. *Id.* at 513. District Attorney Ogg is a state official. In Texas, "district attorneys aren't just empowered *by* the state. They *are* the state, complete with designation as officers of the judicial branch of government." *Arnone v. Cnty. of Dall. Cnty., Tex.*, 29 F.4th 262, 269 (5th Cir. 2022) (internal quotation marks omitted); *Molina v. March*, No. 07-4296, 2008 WL 11388763, at *1 (S.D. Tex. Nov. 20, 2008) (holding that "the Harris County District Attorney's Office is entitled to Eleventh Amendment immunity against all of Plaintiff's claims"); *Cruts v. Travis Cnty. Correctional*

*Complex*, No. A-19-CV-1224-RP, 2020 WL 1171955, at *3 (W.D. Tex. Mar. 11, 2020) (dismissing as frivolous claims against Travis County District Attorney's Office). And there is no dispute the Subpoena is issued to her in her official capacity. Accordingly, the Subpoena was issued "effectively against the state." *Russell*, 49 F.4th at 513.

As the Fifth Circuit recently held, "sovereign immunity also applies to state officials as third parties, not just as defendants." *Id.* at 514. Sovereign immunity thus applies and bars third-party subpoenas just as it does traditional "suits" naming state officials as defendants. *Id.*

Serving the same subpoena on the HCDAO *and* on District Attorney Ogg does nothing to change this outcome. This is not a situation, of the type discussed hypothetically in such cases as *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1162 n.1 (10th Cir. 2014), in which the principles of *Ex parte Young* could conceivably support issuance of non-party subpoenas to agency representatives. *See Russell*, 49 F.4th at 518 n.13; *see also id.* at 515 ("By compelling a state to produce its papers, a *subpoena duces tecum* . . . expends on the public treasury or domain and interferes with the public administration" (cleaned up)).

Indeed, in the six years that Harris County's bail practices have been the subject of active litigation in this Court, District Attorney Ogg has never been named a party to any of those suits. No party has sought prospective injunctive relief, of

the type authorized by *Ex parte Young*, from or against District Attorney Ogg. Such relief would be meaningless given the allegations in these bail-challenge cases. District Attorney Ogg does not set bail in either misdemeanor or felony cases. Judges and hearing officers do that. *See* **Ex. B** (J. Keith Depo.), at 54-62. District Attorney Ogg did not promulgate any guidelines for those judges or hearing officers to consider in setting bail. The district judges did that. *Id.* at 54; *see also* Memorandum and Opinion Approving the Proposed Consent Decree and Settlement Agreement (Dkt. 707), *O'Donnell v. Harris County, Texas*, No. H-16-1414 (S.D. Tex. Nov. 21, 2019), at 31-36 (overruling District Attorney Ogg's objections to *O'Donnell* consent decree because Texas law empowers district and county judges with "broad power to manage their dockets" by setting pre-trial hearings including bail hearings).

A hypothetical *Ex parte Young* action against District Attorney Ogg is just that—purely hypothetical—for good reason: any effort to bring such a suit against District Attorney Ogg, based on the allegations and requests for relief set out by the plaintiffs, would result in a Rule 11 violation.

## III. The Court should quash the Subpoena because the responsive communications are privileged.

Alternatively, even if this Court did have jurisdiction under which Plaintiffs could seek to enforce the Subpoena against District Attorney Ogg, the Court would be required to quash the Subpoena because it requires disclosure of privileged

matters. FED. R. CIV. P. 45(d)(3)(A)(iii). The relevant privilege rules are supplied by federal common law. FED. R. EVID. 501; *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997).

First, the responsive communications are protected by the attorney-client privilege. *See Robinson*, 121 F.3d at 974. "The assertor of the lawyer-client privilege must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Id.* Each of these requirements is satisfied here. *E.g.*, *Vicknair v. La. Dep't of Public Safety and Corrections*, 555 Fed. Appx. 325, 333 (5th Cir. 2014) (holding that e-mail between an employee, a confidential assistant to employer's deputy secretary, and general counsel concerning a pending internal investigation was covered by attorney-client privilege); *U.S. v. Pipkin*, 528 F.2d 559, 562 (5th Cir. 1976) ("In appropriate circumstances the privilege may bar disclosures made by a client to non-lawyers who, like Somerford, had been employed as agents of an attorney … [so long as] the communication have been made and maintained in confidence.").

As the privilege log previously served by the HCDAO established, each responsive communication at issue here was among employees of the HCDAO. All but two were exclusively among prosecutors. The disclosed subject lines of the emails confirm the subject-matter of the communications to be a specific, then-

ongoing criminal prosecution of a named individual. And the privilege log's descriptions confirm that each communication was confidential, among counsel, and made "in anticipation of litigation or for trial" and "to facilitate the rendition of professional legal services." If this were not enough, the declaration of Jennifer Keith previously submitted to the Court by the HCDAO further confirms that these responsive communications were intended to be confidential, concerned an ongoing criminal matter, and reflect the prosecutors' efforts to provide legal services and directly participate in ongoing legal proceedings as well as the prosecutors' mental impressions and opinions.

Contrary to Plaintiffs' assertion, neither privilege has been waived in this case. Inquiry into the general nature of legal services provided by counsel does not necessitate an assertion of privilege because the general nature of services is not protected by privilege. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). Further, public disclosure of facts does not destroy the attorney-client privilege with respect to confidential communications *about* those facts. *U.S. v. Murra*, 879 F.3d 669, 682 (5th Cir. 2018). During her depositions, Ms. Keith revealed nothing other than facts. As such, there has been no waiver of the privileges applicable to the confidential communications, and Plaintiffs' speculation about what the communications "likely" contain is irrelevant to the Court's privilege analysis.

Second, the responsive communications are independently and alternatively

protected by the work-product doctrine. *See* FED. R. CIV. P. 26(b)(3) (protecting against disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial" and disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other legal representative concerning the litigation"). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). The United States Supreme Court has explained the necessity of this protection to the functioning of the modern legal practice:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways. . . . Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own.

*Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). The privilege log and Ms. Keith's declaration again confirmed that the responsive communications were prepared in anticipation of litigation or for trial and contain the prosecutors' mental impressions

and opinions concerning a then-ongoing criminal matter.[2]

**IV. The Court should quash the Subpoena because the responsive communications are irrelevant, and the Subpoena therefore imposes an undue burden.**

This matter should never have reached the level of seeking Court involvement in an effort to gain access to internal HCDAO emails because the communications at issue are irrelevant to Plaintiffs' claims and therefore impose a burden on District Attorney Ogg that is not proportional to the needs of the litigation. FED. R. CIV. P. 45(d)(3)(A)(iv).

Plaintiffs purportedly seek these intra-office communications among prosecutors at the HCDAO to establish the existence of a "policy" one former criminal district judge used in making decisions about whether to issue personal bonds on aggravated assault cases. Such a "policy" has no bearing on any of Plaintiffs' claims for prospective injunctive relief. The judge in question is no longer on the bench, cannot apply any "policies" or make any bond decisions, and could not be enjoined even if criminal district judges acting on behalf of the State of Texas were amenable to suit in this context, which they are not. *See Daves v. Dall. Cnty., Tex.*, 22 F.4th 522, 540-41 (5th Cir. 2022). Alternatively, even if establishing the

---

[2]The same result would be warranted under Texas law, which makes an attorney's "mental impressions, opinions, conclusions, or legal theories . . . flatly not discoverable." *In re Bexar Cnty. Crim. Dist. Attorney's Office*, 224 S.W.3d 182, 187-88 (Tex. 2007) (internal quotation marks omitted) (granting mandamus against court order enforcing trial subpoenas seeking to compel prosecutors to disclose "DA work product").

existence of this "policy" were relevant, Ms. Keith has already provided testimony about her understanding of what that "policy" was and the basis for her understanding. There is no need or justification for invading the HCDAO's confidential internal communications in light of this testimony, and doing so subjects District Attorney Ogg to an undue, unnecessary, and non-proportional burden.

Evidence is relevant if it has "any tendency to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable than it would be without the evidence." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 809 (5th Cir. 2017) (emphasis added).

By insisting on production of the documents related to a state district judge who is no longer on the bench, Plaintiffs wholly ignore the "of consequence" requirement for relevance. Further, as emphasized in HCDAO's motion, any information allegedly included in the responsive documents would not be "of consequence" even if the documents referenced a sitting state district judge. *See Daves*, 22 F.4th at 540-41. The Fifth Circuit's decision in *Daves* forecloses the notion that the Plaintiffs can bring claims over a district judge's bail determinations. *Id.* at 543. District judges "act[] for the State when addressing bail," and neither the State nor its officers can be sued under Section 1983. *Id.* at 533, 541. Accordingly, because there is no way that the responsive documents could ever be "of consequence," there are no grounds on upon which the documents can be relevant.

**V. The Court should quash the Subpoena because it is unreasonable under Rule 45.**

The Subpoena was issued and emailed (not served) on November 10, 2022. It calls for the production of responsive documents five days later (no less, with an intervening weekend), on November 15, 2022. "It is settled that any timeframe less tha[n] 14 days is likely unreasonable" under Rule 45(c)(2)(B) and seven days is "clearly unreasonable." *Bergeron*, 2015 WL 5307685, at *3. Five days would never be a reasonable time for compliance under Rule 45.

**CONCLUSION**

For the foregoing reasons, District Attorney Ogg respectfully requests the Court grant this motion to quash, or in the alternative motion for protection, and award District Attorney Ogg all further relief to which she may show herself to be entitled.

Respectfully submitted,

By: */s/ Eric J.R. Nichols*

Eric J.R. Nichols
State Bar No. 14994900
S.D. Tex. I.D. No. 13066
BUTLER SNOW LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801
Email: eric.nichols@butlersnow.com

**ATTORNEY FOR HARRIS COUNTY DISTRICT ATTORNEY KIM OGG**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the issuing Plaintiffs and they are opposed to the relief sought in this motion.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing pleading was served on counsel of record for the parties in compliance with the Federal Rules of Civil Procedure by filing with the Court's CM/ECF system on November 14, 2022.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols