# EXHIBIT 18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| DWIGHT RUSSELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:19-cv-00226 |
| v.   ) | (Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al.,   ) | U.S. District Judge |
| ) | |
| Defendants.   ) | |
| ) | |

## DECLARATION OF T. BRENT MAYR

I, T. BRENT MAYR, hereby declare and state:

1.      I am submitting this declaration in support of Plaintiffs' motion for summary judgment.  The facts set forth in this declaration are based on my personal knowledge, unless otherwise indicated, and, if called as a witness, I could and would testify thereto.  I reside in The Woodlands, Texas.

2.      I graduated from South Texas College of Law in 2002.  I was a briefing attorney to Judge Barbara Hervey on the Texas Court of Criminal Appeals in 2003 and from 2004 to 2010 I was an Assistant District Attorney for the Harris County District Attorney's Office. In the District Attorney's office, I served as head of the Vehicular Crimes Section responsible for all intoxication related cases.

3.      In 2010, I left the District Attorney's Office and started my own criminal defense practice. Currently, I am a criminal defense lawyer and managing shareholder of Mayr Law, P.C., a criminal defense firm based in Houston with offices in The Woodlands and Victoria. I am board certified in criminal law by the Texas Board of Legal Specialization and have been since

2010. I am also currently on the Board of Directors for the Harris County Criminal Lawyers Association and co-chair of the Ethics Committee for the Texas Criminal Defense Lawyers Association. I am also a member of this Court's CJA Panel and have been since 2010.

4.      Beginning in the fall of 2019, I began observing an alarming practice in Judge Ramona Franklin's court that has persisted since then and has spread to other courtrooms.

## I.      The Process from Arrest to First Appearance for People Who Are Released at Magistration

5.      Generally, within 48 hours of being charged, a person who is arrested will appear before a magistrate judge (also called a Criminal Law Hearing Officer) who makes an initial bail determination.

6.      If the person arrested can afford to post the bail amount, or if unsecured (personal) bond is set, he or she is released from the Sheriff's custody.

7.      Typically, the person is ordered to appear before a District Court judge for his or her first court appearance the business day after magistration. But because it can take well over 12 hours to be released from the jail after an order of release is issued, people who are released often end up having to appear in the District Court just a few hours after they get out of jail.

8.      As a result of the short time frame between the defendant's release from custody and the first appearance before the District Court, many defendants appear at this court setting without a lawyer.

## II.     Ramona Franklin Revokes Bonds Without Notice, a Hearing, or Providing Opportunity to Retain Counsel

9.      Judge Ramona Franklin routinely disagrees with the Hearing Officers' bail decisions in cases assigned to her courtroom, believing that the bonds they set are too low or "insufficient."

10.     But instead of waiting to see whether the District Attorney's office requests a bond modification or seeks revocation, Judge Franklin instead revokes bond *sua sponte*.

11.     In such cases, Judge Franklin does not provide the defendant with notice that bail will be considered—and the person's freedom will be at stake—at the first appearance. Thus, people show up, as required, at first appearance with no advance warning that they are likely to be taken back into custody. Many have just scraped together money to pay a non-refundable fee to a commercial bonding company to secure their release—money that they may have chosen not to pay if they knew the bond could be revoked, and the payment wasted, just a day or two later.

12.     Before revoking bond, Judge Franklin does not conduct an adversarial, evidentiary, on-the-record hearing. Instead, the hearings are informal, off-the-record, with no application of the rules of evidence (as it required under the Texas Rules of Evidence for any hearing to revoke a bond), and do not result in any documented findings or statement of reasons, let alone findings that meet a heightened evidentiary standard.

13.     Whenever Judge Franklin revokes and increases a defendant's bond, the defendant is returned to custody and taken to jail if they cannot afford the new higher bond.

14.     I first became aware of Judge Franklin's bond revocation practice in November 2019, when a client of mine, Joseph Gomez, was taken into custody after having his original bonds revoked at his first appearance.

15.     In his case, the hearing officer set bail in his two cases in an amount totaling $40,000. Mr. Gomez was released from custody the following morning, November 15, 2019, after his parents paid a non-refundable fee to a private bonding company to post surety bonds in that amount. As instructed by the bond papers, Mr. Gomez went directly from the jail to his arraignment before Judge Ramona Franklin.

16.     At arraignment, Judge Franklin decided *sua sponte* to address the adequacy of Gomez's bail. There is no record of the November 15th hearing.

17.     As a matter of routine practice, Judge Franklin and the other District Judges do not conduct first appearances on the record, including bond discussions and revocation proceedings.

18.     Without any motion by the district attorney, without notice to Mr. Gomez, without affording Mr. Gomez the opportunity to retain counsel of his own choosing, without a record taken by a court reporter, without considering ability to pay, without any findings or explanation, and without regard for the Rules of Evidence, Judge Franklin arbitrarily found the bond amounts to be insufficient, revoked the bonds, and raised the bail amounts on his two cases from $40,000 to a total of $150,000, an amount Mr. Gomez could not afford.

19.     Judge Franklin stated at a later proceeding that she appointed counsel prior to revoking Mr. Gomez's bonds, but this nominal appointment of counsel provided no meaningful protection for Mr. Gomez's constitutional rights. In Mr. Gomez's case, I still have no idea who, if anyone, Judge Franklin appointed and whether that person provided any argument to try to stop Judge Franklin from increasing Mr. Gomez's bonds. I do know that this "mystery attorney" had no meaningful discussions with Mr. Gomez. Furthermore, Judge Franklin provided no notice and little opportunity for evidentiary or legal argument, so it is unlikely that the nominal appointment of counsel provided any protection to Mr. Gomez prior to having his bonds drastically increased.

20.     Because Mr. Gomez's family had spent a substantial amount of their savings to pay a nonrefundable fee to a bonding company to secure Mr. Gomez's release the day before this "hearing," they could not afford to have new bonds posted in the higher amount.

4

21.     After having complied with all of his bond conditions after his release—specifically the requirement to appear in court—Mr. Gomez was taken back into custody without any notice, evidence, or justification.

22.     I was formally retained by Mr. Gomez later that day. When Mr. Gomez was finally released, he had spent almost 9 months in jail.

23.     He was released only because his family was able to save enough money to pay another non-refundable fee to a commercial bonding company.[1]

24.     During my representation of Mr. Gomez, I realized that his case was not an isolated event. Rather, *sua sponte* bond revocations are routine in Judge Franklin's courtroom.

25.     In October 2020, I submitted an open records request for a list of all cases in which Judge Franklin revoked a defendant's bond.  In January 2021, the District Clerk sent me a list of all such cases from 2020.  According to that document, Judge Franklin revoked bond in 322 cases in 2020 alone. *See* Ex. A (Email from Clerk attaching Spreadsheet). While I cannot confirm how many of these cases involved *sua sponte* revocations with no procedural safeguards, like Mr. Gomez's case, I observed her court proceedings on multiple occasions across several months and observed the same *sua sponte* revocations without due process or following the rules of evidence in dozens of cases. Many times these revocations occurred with the defendants having *any* counsel to stand with them and represent them.

26.     Other members of the defense bar have likewise witnessed their clients' rights violated by Judge Franklin in the same manner and shared their observations with me.

---

[1] Mr. Gomez's case was the subject of a habeas petition and appeals to the Court of Appeals and the Court of Criminal Appeals. The Court of Appeals recently held that it could not address the constitutional issues Mr. Gomez raised in his habeas petition but did not condone Judge Franklin's practices. *Ex parte Gomez*, Nos. 01-20-00004, 01-20-00005, 2022 WL 2720459, at *5–6 (Tex. App. July 14, 2022). Mr. Gomez ultimately spent 347 days in jail because of Judge Franklin's practices.

27.     In fact, in August 2020, Mark Thiessen, on behalf of the Harris County Criminal Lawyers Association, and Grant Scheiner, on behalf of the Texas Criminal Lawyers Defense Association, filed a complaint against Judge Franklin with the State Commission on Judicial Conduct for the same conduct at issue in Mr. Gomez's case. Ex. B (Complaint). The complaint was dismissed on August 22, 2022.

### III.     Other Judges Similarly Fail to Provide Adequate Hearings When Considering Bail

28.     Unfortunately, this practice is not limited to Judge Franklin. Based on my observations in other courtrooms and communications with other defense attorneys, several other Judges revoke and unconstitutionally raise bond in a similar manner as Judge Franklin.

29.     The unlawful bail practices in the District Courts extend beyond bond revocations.

30.     In one case before Judge Nikita Harmon in August 2021, I represented an individual accused of criminally negligent homicide. Shortly after the District Attorney's Office issued an indictment in the case, the prosecutor and I agreed his bond be set at a $35,000 personal bond.

31.     When we asked Judge Harmon to approve the bond that the prosecutor agreed was adequate, she stated that, as a categorical matter, she will not issue unsecured bonds in "aggravated" cases, meaning cases falling under article 42A.054 of the Texas Code of Criminal Procedure, and refused to issue a personal bond to my client, despite his lengthy ties to the community, low risk of reoffending, and the agreement of the prosecutor.

### IV.     There Is No Accountability for These Practices

32.     In practice, these unlawful bail decisions are exceptionally difficult to challenge.

33.     For starters, there is seldom any written record of the revocation or other bail decisions in District Court. The lack of a record shields these proceedings and decisions from scrutiny and makes them very difficult to confront.

34.     Although judges in Harris County are supposed to maintain a record of hearings as a matter of course, in practice, many judges do not do so unless a defendant or their attorney specifically requests an on-the-record hearing. But more often than not, an unrepresented defendant will not know to request a record. And attorneys, for their part, are discouraged from asking to go on the record. For example, Judge Franklin will often force an attorney who requests a record to wait until the end of the day for his or her case to be heard as a way of forcing them into agreeing to off-the-record hearings.

35.     Because defense counsel are busy with many cases and must appear in multiple courtrooms on the same day, almost all attorneys choose to proceed with off-the-record bail discussions rather than endure the delay, which could cause them to lose clients or money, or to be late to another judge's courtroom. This custom of off-the-record proceedings allows rampant constitutional violations such as those detailed above to go unrecorded and unchallenged.

36.     Defendants who do choose to challenge a judge's bail decision typically do so through informal bail hearings before the same district court judge who revoked their bail. These "hearings" are typically held off the record, without reference to the rules of evidence, without the opportunity to call witnesses, and are not subject to any specific standard of proof.

37.     A defendant may file a more formal challenge to bail by having their attorney file a habeas petition. However, it typically takes weeks and sometimes over a month to get an on-the-record hearing on a habeas petition, and that hearing still takes place before the same judge.

38.    Faced with this procedural morass, many detained defendants will simply plead guilty or wait for trial.

39.    The human costs of these arbitrary bail practices are alarming. People who are presumed innocent must wait in jail. These people are taken from their families, community, employment, and lose their independence. Families who have already posted bail then must find even more money if they want to be with their loved one as the criminal case proceeds.

40.    Fighting the various unconstitutional bail practices just described—including judges' refusal to put proceedings on the record, their arbitrary bail revocations, and their categorical denials of personal bonds—has enacted a toll on the defense bar and our clients.

41.    Some members of the private defense bar will even refuse to take cases in certain judges' courts. Those who do are faced with procedural hurdles and violations of law that result in arbitrary and illegal restraints on the liberty and livelihoods of our clients.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of September, 2022 at Houston, Texas.

_____
                    T. Brent Mayr

# Exhibit A



Travis Fife <travis@texascivilrightsproject.org>

---

**FW: Harris County District Clerk Open Record Request**
3 messages

**Brent Mayr** <bmayr@mayr-law.com>
To: Travis Fife <travis@texascivilrightsproject.org>, Ashley Fernandez Dorsaneo <ashley@texascivilrightsproject.org>

**Brent Mayr**
Managing Shareholder
Attorney and Counselor at Law

  

Phone 713-808-9613  Fax 713-808-9991
Web **www.mayr-law.com**  Email bmayr@mayr-law.com
**Houston Office:** 5300 Memorial Drive, Suite 750, Houston, TX 77007
**The Woodlands Office:** 1095 Evergreen Circle, Suite 200, The Woodlands, TX 77380
**Victoria Office:** One O'Connor Plaza, 101 W. Goodwin, Suite 1107, Victoria, TX 77901



I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware
that this communication is not intended or written by the sender to be used, and it cannot be used, by any
recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States
federal tax laws. THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH
IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT
FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, you are hereby notified that any dissemination,
distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by e-mail or telephone, and delete the
original message immediately. For more information, please visit www.mayr-law.com.

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Monday, January 11, 2021 10:50 AM
**To:** Brent Mayr <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good morning Mr. Mayr,

Our analyst sends her apologies regarding the errors in the previous dataset.

Please review the new dataset and let me know if you have any questions or issues.

Thank you,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

201 Caroline, Suite 420

Houston, Texas 77002

Cell:  713-497-9008

---

**From:** Brent Mayr <bmayr@mayr-law.com>
**Sent:** Wednesday, December 30, 2020 10:39 AM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

This data does not appear to be complete.

Just from one week in August 2020, I see the following cases that had a "Court Directive: Remand Defendant to Custody" issued but are not included on this list:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1685292 | Vargas, Armando | W/M | Intox Manslaughter | N | $30,000 (on filing) | No | Y-Surety (Financial Casualty) | 8/10/ |
| 1685299 | Bennett, Kiara | B/F | Assault Peace Officer | Y(Flores) | $10,000.00 | Yes | Yes | 8/10/ |
| 1685356 | Smith, Brian | W/M | Aslt Fam Member Choking | Y(Porter) | $15,000.00 | Yes | Yes | 8/10/ |
| 1685375 | Martinez, Tomas Larry | W/M | DWI3d | N | $25,000 (on filing) | No | Y- Surety (Allegheny Casualty) | 8/10/ |
| 1685502 | Garza, Francisco Sanmiguel | W/M | Aslt Fam Member Choking | Y(McCollum) | $5,000.00 | No | Y- Surety (Allegheny Casualty) | 8/11/ |

There are more than just these that are missing from this list. Can you please have the analysts review this and see if they can provide a more accurate list?

I appreciate your attention to the matter.

BM

---

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Wednesday, December 30, 2020 7:32 AM
**To:** Brent Mayr <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good morning Mr. Mayr,

Your data is attached to this email.

Please let me know if you have any questions.

Thank you,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

**201 Caroline, Suite 420**

**Houston, Texas 77002**

Cell: 713-497-9008

---

**From:** Brent Mayr <bmayr@mayr-law.com>
**Sent:** Tuesday, December 29, 2020 11:13 AM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Payment has been submitted with no problems. Thanks.

BM

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Tuesday, December 29, 2020 9:55 AM
**To:** Brent Mayr <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Great! Please follow the online payment instructions attached to this email.

The transaction number you will need is: 213796874

Please let me know if you run into any issues when paying online.

Thank you,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

201 Caroline, Suite 420

Houston, Texas 77002

Cell:  713-497-9008

---

**From:** Brent Mayr <bmayr@mayr-law.com>
**Sent:** Monday, December 28, 2020 10:08 PM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** Re: Harris County District Clerk Open Record Request

I will accept. Thank you.

Brent Mayr

Managing Shareholder

Attorney and Counselor at Law

Board Certified – Criminal Law

Texas Board of Legal Specialization

Mayr Law, P.C.

Phone 713-808-9613 Fax 713-808-9991

Web www.mayr-law.com

Email bmayr@mayr-law.com

Houston Office:

5300 Memorial Drive, Suite 750, Houston, TX 77007

The Woodlands Office:

1095 Evergreen Cir., Suite 200, The Woodlands, TX 77380

I.R.S. CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, you should be aware that this communication is not intended or written by the sender to be used, a purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONF DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipie dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail immediately. For more information, please visit www.mayr-law.com.

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> on behalf of Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Sent:** Sunday, December 27, 2020 5:35:47 PM

**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>; Brent Mayr <bmayr@mayr-law.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good evening,

I am attaching a cost estimate for your request.

Should you accept, I will proceed with online payment instructions in my next email.

Thank you,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

**201 Caroline, Suite 420**

**Houston, Texas 77002**

Cell:  713-497-9008

---

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Monday, December 7, 2020 1:07 PM
**To:** 'Brent Mayr' <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good afternoon,

I have just sent in a request for an update to our analysts.

I will be in touch once I receive word.

Thank you for your continued patience.

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

**201 Caroline, Suite 420**

**Houston, Texas 77002**

Cell:  713-497-9008

---

**From:** Brent Mayr <bmayr@mayr-law.com>
**Sent:** Monday, December 7, 2020 1:03 PM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

I'm checking back in on the status of this request.

BM

---

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Wednesday, November 18, 2020 1:11 PM
**To:** Brent Mayr <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good afternoon,

I have sent in for an update to this request and hope to hear back shortly.

Once I am updated, I will be in touch.

Thank you for your patience,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

**201 Caroline, Suite 420**

**Houston, Texas 77002**

Cell:  713-497-9008

---

**From:** Brent Mayr <bmayr@mayr-law.com>
**Sent:** Wednesday, November 18, 2020 1:07 PM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>; Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

I am following up on this open records request.

Back on October 27, I requested "a list of all cases pending before the 338th Judicial District Court where there has been a Court Directive: Remand Defendant to Custody where the bond wa...
your office since January 1, 2020 to present date."

Could you please provide me with an update on the status of this request? I appreciate your attention to the matter.

Brent Mayr

---

**From:** Lopez, Michelle (DCO) <michelle.lopez@hcdistrictclerk.com> **On Behalf Of** Records, Open (DCO)
**Sent:** Tuesday, October 27, 2020 1:08 PM
**To:** Brent Mayr <bmayr@mayr-law.com>; Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** RE: Harris County District Clerk Open Record Request

Good afternoon,

Your request has been received.

Thank you,

Michelle Lopez, Executive Assistant to

Chief Deputies, Wes McCoy and Judith Snively, JD

Marilyn Burgess, **Harris County District Clerk**

**201 Caroline, Suite 420**

**Houston, Texas 77002**

Cell:  713-497-9008

---

**From:** bmayr@mayr-law.com <bmayr@mayr-law.com>
**Sent:** Tuesday, October 27, 2020 12:58 PM
**To:** Records, Open (DCO) <openrecords@hcdistrictclerk.com>
**Subject:** Harris County District Clerk Open Record Request

OPEN RECORD REQUEST FROM: Name : Thomas B Mayr Address : 5300 MEMORIAL DR, SUITE 750 City : Houston State / Zip : TX 77007 Phone : 713808961
requesting access to, and inspection of the following cases (causes): Please provide a list of all cases pending before the 338th Judicial District Court where there has been
Custody where the bond was revoked by the Court entered and filed by your office since January 1, 2020 to present date.

 **DATA - Mayr2.xlsx**
33K

---

**Brent Mayr** <bmayr@mayr-law.com>          Tue, Jun 7, 2022 at 11:11 AM
To: Travis Fife <travis@texascivilrightsproject.org>, Ashley Fernandez Dorsaneo <ashley@texascivilrightsproject.org>

| Case Number | Charging Instrument | Court | Case Filing Date | Def Name | Def SPN | Date of Bond Revocation | yh_cay |
|---|---|---|---|---|---|---|---|
| 165834801010 | COM | 338 | 20191226 | LUCIO, ANGEL | 3037828 | 20200106 | BOND REV |
| 165809601010 | FID | 338 | 20191223 | MYRES, CHRISTOPHER LEE | 2169148 | 20200106 | BOND REV |
| 165832801010 | COM | 338 | 20191226 | BURRIS, RODDRICK | 2697352 | 20200106 | BOND REV |
| 165813201010 | FID | 338 | 20191224 | MATHIS, BYRON | 2498964 | 20200106 | BOND REV |
| 165828301010 | COM | 338 | 20191226 | NAVARRO, VALERIANO ZELYAYA | 1920585 | 20200106 | BOND REV |
| 165849501010 | FID | 338 | 20191228 | GRIGSBY, COURTNEY LEE | 2084663 | 20200106 | BOND REV |
| 165854201010 | COM | 338 | 20191228 | GUTIERREZ, KRISTIN A | 1616648 | 20200106 | BOND REV |
| 165879901010 | FID | 338 | 20191231 | FIELDING, CHADRIC | 2781844 | 20200107 | BOND REV |
| 165907001010 | FID | 338 | 20200102 | UMANZOR, MARIA ABIGAIL | 1805066 | 20200107 | BOND REV |
| 165908601010 | FID | 338 | 20200102 | CALHOUN, FANTASIA TIJAE | 3038775 | 20200107 | BOND REV |
| 165869701010 | COM | 338 | 20191230 | CORREA, FLORENTINO | 2578847 | 20200107 | BOND REV |
| 165944401010 | FID | 338 | 20200105 | BLAKE, DOMINIQUE | 2367607 | 20200108 | BOND REV |
| 164344301010 | FID | 338 | 20190822 | ARMSTRONG, COREY | 2961141 | 20200109 | BOND REV |
| 165966901010 | FID | 338 | 20200107 | ARMSTRONG, COREY. | 2961141 | 20200109 | BOND REV |
| 164135601010 | FID | 338 | 20190804 | MALBROUGH, NICOLE MARIE | 2178438 | 20200110 | BOND REV |
| 165154601010 | FID | 338 | 20191029 | MALBROUGH, NICOLE MARIE | 2178438 | 20200110 | BOND REV |
| 161198601010 | FID | 338 | 20181115 | MALBROUGH, NICOLE MARIE | 2178438 | 20200110 | BOND REV |
| 160852301010 | COM | 338 | 20181014 | MALBROUGH, NICOLE MARIE | 2178438 | 20200110 | BOND REV |
| 161198701010 | FID | 338 | 20181115 | MALBROUGH, NICOLE MARIE | 2178438 | 20200110 | BOND REV |
| 163267601010 | FID | 338 | 20190524 | EWING, DEAN ALAN | 2999917 | 20200115 | BOND REV |
| 163267501010 | FID | 338 | 20190524 | EWING, DEAN ALAN | 2999917 | 20200115 | BOND REV |
| 161755601010 | FIN | 338 | 20190109 | GASPARD, SPENCER LEE | 2178240 | 20200117 | BOND REV |
| 160405601010 | FID | 338 | 20180905 | ROBERTSON, COLE ALEXANDER | 2044410 | 20200123 | BOND REV |
| 164833201010 | FID | 338 | 20191002 | MITCHELL, DARREL PRINCE-TICO | 2545576 | 20200127 | BOND REV |
| 164952601010 | FID | 338 | 20191011 | HENSEN, SHAWN LAWRENCE | 1680983 | 20200131 | BOND REV |
| 164952501010 | FID | 338 | 20191011 | HENSEN, SHAWN LAWRENCE | 1680983 | 20200131 | BOND REV |
| 166252001010 | COM | 338 | 20200130 | HARDMAN, RASHARD | 1823749 | 20200131 | BOND REV |
| 166307901010 | FID | 338 | 20200203 | GARCIA, FRANCISCO | 593258 | 20200204 | BOND REV |
| 159937101010 | FID | 338 | 20180727 | SPURGEON, BRANDON MICHAEL | 2307091 | 20200205 | BOND REV |
| 164465101010 | FIN | 338 | 20190901 | PENADO, ALEXANDER | 3016368 | 20200207 | BOND REV |
| 166387101010 | FID | 338 | 20200208 | GRIFFIN, ZACHARY JAVIAN | 2696932 | 20200210 | BOND REV |
| 166391101010 | FID | 338 | 20200209 | JOHNSON, ERIC JR | 2520425 | 20200210 | BOND REV |
| 166388901010 | COM | 338 | 20200209 | DAVIDSON, BOBBY N | 3045099 | 20200210 | BOND REV |
| 165461601010 | FID | 338 | 20191124 | HIGHSMITH, MERCEDES LEE | 2331578 | 20200212 | BOND REV |
| 165692901010 | FID | 338 | 20191214 | ARNOLD, ANDREW JACK | 1898994 | 20200213 | BOND REV |
| 165339801010 | FID | 338 | 20191114 | FOSTER, MICHAEL JAMES | 2552513 | 20200213 | BOND REV |
| 165053401010 | FID | 338 | 20191020 | PEREZ, SHANE STEVEN | 2757642 | 20200214 | BOND REV |
| 163619201010 | COM | 338 | 20190622 | ATKINS, MARCUS ALAN | 2015847 | 20200219 | BOND REV |
| 166501701010 | MAJ | 338 | 20200218 | MASON, ROBERT EARL | 1918256 | 20200219 | BOND REV |
| 166501801010 | FID | 338 | 20200218 | MASON, ROBERT EARL | 1918256 | 20200219 | BOND REV |
| 165222801010 | FID | 338 | 20191103 | STEEL, DONALD | 12441 | 20200221 | BOND REV |
| 166532401010 | FID | 338 | 20200220 | BROOKS, GRAILAND TROY | 2070248 | 20200224 | BOND REV |
| 153240901010 | FIN | 338 | 20161129 | SOLORIO, JUAN JOSE | 2886287 | 20200225 | BOND REV |
| 163726601010 | FID | 338 | 20190701 | VANTVLIE, KARL DOUGLAS | 3005347 | 20200226 | BOND REV |
| 165402201010 | FID | 338 | 20191119 | NASH, QUALON DEVON | 2624993 | 20200226 | BOND REV |
| 166609301010 | FID | 338 | 20200226 | ALATORRE, RIGOBERTO | 1399490 | 20200302 | BOND REV |
| 163327501010 | FID | 338 | 20190529 | COLBERT, RALPH LEE | 2797624 | 20200302 | BOND REV |
| 166632901010 | FID | 338 | 20200228 | CARRILLO, DAVID | 3048499 | 20200302 | BOND REV |
| 166636901010 | FID | 338 | 20200228 | MCNEAL, TIMOTHY DESHAN | 2639285 | 20200302 | BOND REV |
| 164346701010 | FID | 338 | 20190823 | SHIELDS, DENICCO | 3013837 | 20200303 | BOND REV |
| 165239201010 | FID | 338 | 20191105 | WHITE, STEVEN ANTHONY | 2204130 | 20200303 | BOND REV |
| 164305901010 | FID | 338 | 20190819 | SHIELDS, DENICCO | 3013837 | 20200303 | BOND REV |
| 165239101010 | FID | 338 | 20191105 | WHITE, STEVEN ANTHONY | 2204130 | 20200303 | BOND REV |
| 165971701010 | FID | 338 | 20200108 | HENSON, SHAUN LAWRENCE | 1680983 | 20200304 | BOND REV |
| 160983301010 | FID | 338 | 20181026 | LARIOS, RIGOBERTO JR | 1794418 | 20200304 | BOND REV |
| 166709601010 | COM | 338 | 20200305 | KELLY, HORACE J. | 3049430 | 20200306 | BOND REV |
| 161893701010 | MAJ | 338 | 20190121 | RUSSELL, LORI ANN | 1667426 | 20200330 | BOND REV |
| 166385501010 | FID | 338 | 20200208 | TRAN, TEDDY | 3045075 | 20200407 | BOND REV |
| 167266601010 | FID | 338 | 20200423 | WILTZ, JOHNNY RAY | 2641554 | 20200428 | BOND REV |
| 166458801010 | FID | 338 | 20200214 | JAMES, KELVIN GREG | 3046224 | 20200513 | BOND REV |
| 166458901010 | FID | 338 | 20200214 | JAMES, KELVIN GREG | 3046224 | 20200513 | BOND REV |
| 167567001010 | COM | 338 | 20200517 | RODRIGUEZ, EDWARD | 2132570 | 20200519 | BOND REV |
| 164128001010 | FID | 338 | 20190804 | HAMPTON, HAROLD DAVID | 2237094 | 20200519 | BOND REV |
| 167663601010 | FID | 338 | 20200524 | ROSS, USHIKA SHALONDA | 2517894 | 20200526 | BOND REV |
| 167635601010 | FID | 338 | 20200522 | TORRES, RICARDO | 3056837 | 20200526 | BOND REV |
| 167575801010 | FID | 338 | 20200518 | LOPEZ, JOSE | 2260195 | 20200526 | BOND REV |
| 167654601010 | FID | 338 | 20200523 | RIVERA SOTO, DENIS NOE | 3056912 | 20200526 | BOND REV |
| 164346401010 | FID | 338 | 20190823 | MCKNIGHT, DUSTIN LLOYD | 3011786 | 20200601 | BOND REV |
| 164179601010 | FID | 338 | 20190808 | MCKNIGHT, DUSTIN LLOYD | 3011786 | 20200601 | BOND REV |
| 166862301010 | FID | 338 | 20200317 | NUNN, KEESHA | 1757035 | 20200601 | BOND REV |
| 164179701010 | FID | 338 | 20190808 | MCKNIGHT, DUSTIN LLOYD | 3011786 | 20200601 | BOND REV |
| 164937301010 | FID | 338 | 20191010 | MCKNIGHT, DUSTIN L. | 3011786 | 20200601 | BOND REV |
| 167764801010 | FID | 338 | 20200531 | YOUNG, ANDRAE | 2922783 | 20200602 | BOND REV |
| 166902601010 | FID | 338 | 20200321 | MEYZEN, NICHOLAS JON | 2952618 | 20200602 | BOND REV |
| 167493401010 | FID | 338 | 20200512 | PRESAS, NOEL | 3056174 | 20200604 | BOND REV |
| 167802401010 | MAJ | 338 | 20200604 | GUILLORY, JAYLEN | 3003929 | 20200608 | BOND REV |
| 163604301010 | FID | 338 | 20190621 | GUILLORY, JAYLEN | 3003929 | 20200608 | BOND REV |
| 166299701010 | FID | 338 | 20200202 | ALBERTO, WILLIAM ACOSTA | 3043865 | 20200609 | BOND REV |
| 167811501010 | FID | 338 | 20200605 | CAMMACK, DAVID NATHANIEL | 2918562 | 20200609 | BOND REV |
| 167769901010 | COM | 338 | 20200601 | PRICE, OCTAVIA | 1564694 | 20200609 | BOND REV |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 154626401010 | MRP | 338 | 20170401 | ARRIAGA, CESAREO | 1907867 | 20200612 | BOND REV |
| 167900601010 | COM | 338 | 20200613 | CANTU, ERICA | 2256416 | 20200615 | BOND REV |
| 167907301010 | FID | 338 | 20200614 | CASILLAS, FRANCISCO | 2745885 | 20200616 | BOND REV |
| 166013601010 | FID | 338 | 20200110 | HUGHES, RICHARD WAYNE | 1679939 | 20200617 | BOND REV |
| 167919401010 | FID | 338 | 20200615 | LOPEZ, JOSE ARMANDO | 2651420 | 20200617 | BOND REV |
| 166013501010 | FID | 338 | 20200110 | HUGHES, RICHARD WAYNE | 1679939 | 20200617 | BOND REV |
| 165141801010 | FID | 338 | 20191028 | CASTANEDA, JOEL IV | 2075759 | 20200617 | BOND REV |
| 167935701010 | FID | 338 | 20200616 | SMITH, STEVEN RAY | 2523039 | 20200618 | BOND REV |
| 166827701010 | FID | 338 | 20200314 | PAYNE, HARTZELL DELOSE | 2627596 | 20200618 | BOND REV |
| 164988701010 | FID | 338 | 20191014 | STANICK, MICHAEL | 2143321 | 20200618 | BOND REV |
| 164839701010 | FID | 338 | 20191002 | WOODS, ALVIN CHARLES | 1387702 | 20200622 | BOND REV |
| 166896401010 | COM | 338 | 20200320 | GARFIAS, MICHAEL | 2439673 | 20200623 | BOND REV |
| 159279201010 | FID | 338 | 20180530 | PIPER, TAJAMAN LYNN | 2950168 | 20200623 | BOND REV |
| 168050801010 | FID | 338 | 20200628 | GOUDEAU, TALON MATTHEW | 2809837 | 20200629 | BOND REV |
| 166630601010 | FID | 338 | 20200228 | BROWN, PATRICK | 1684005 | 20200629 | BOND REV |
| 165344501010 | FID | 338 | 20191114 | CRUZ, SALATIEL SERRANO | 2793390 | 20200629 | BOND REV |
| 168073001010 | FID | 338 | 20200630 | DAWKINS, DALLAS | 2395511 | 20200701 | BOND REV |
| 167947001010 | FID | 338 | 20200617 | MEJIA, ISAIAS MIGUEL | 2902163 | 20200701 | BOND REV |
| 164618101010 | FIN | 338 | 20190914 | THORNTON, CHRISTOPHER ROBIN | 2758744 | 20200702 | BOND REV |
| 167452101010 | FID | 338 | 20200508 | MORENO, ADRIAN OSVALDO | 1714341 | 20200706 | BOND REV |
| 168110201010 | FID | 338 | 20200703 | BRAVO, ANGEL ANTONIO | 3059989 | 20200706 | BOND REV |
| 157463701010 | FID | 338 | 20171222 | RENDON, BENJAMIN OSCAR JR | 1438804 | 20200707 | BOND REV |
| 168170701010 | FID | 338 | 20200709 | JOSEPH, JOHN CHRISTOPHER | 3060373 | 20200713 | BOND REV |
| 168192301010 | FID | 338 | 20200710 | LANCASTER, ZACHARY | 2947900 | 20200713 | BOND REV |
| 159274401010 | FID | 338 | 20180530 | NEELY, JEFFERY QUINTON | 2109253 | 20200713 | BOND REV |
| 168192401010 | FID | 338 | 20200710 | SOSA, MARIAH | 2645645 | 20200713 | BOND REV |
| 168186601010 | FID | 338 | 20200710 | LANCASTER, ZACHARY JOVON | 2947900 | 20200713 | BOND REV |
| 168204601010 | FID | 338 | 20200712 | WARREN, GENNA MORGAN | 2333199 | 20200713 | BOND REV |
| 168212901010 | FID | 338 | 20200713 | CALLES, ANGEL CRISTOBAL | 3060603 | 20200714 | BOND REV |
| 168183701010 | FID | 338 | 20200710 | NEELY, JEFFERY | 2109253 | 20200715 | BOND REV |
| 164827401010 | FID | 338 | 20191001 | MATHIS, JAMIE DON | 2872814 | 20200715 | BOND REV |
| 168014601010 | FID | 338 | 20200624 | CRUZ, SALATIEL SERRANO | 2793390 | 20200716 | BOND REV |
| 168239801010 | FID | 338 | 20200715 | WILLIAMS, JOSHUA | 2515770 | 20200716 | BOND REV |
| 168274301010 | FID | 338 | 20200718 | MOON, DENNIS RAY | 2748787 | 20200720 | BOND REV |
| 168270901010 | FID | 338 | 20200718 | HACKLEN, ROBIN EVETTE | 2785704 | 20200720 | BOND REV |
| 168272501010 | FID | 338 | 20200718 | MOON, DENNIS RAY | 2748787 | 20200720 | BOND REV |
| 168289601010 | FID | 338 | 20200719 | BALANDRAN JR, SAMUEL | 3061016 | 20200721 | BOND REV |
| 168289701010 | FID | 338 | 20200719 | BALANDRAN JR, SAMUEL | 3061016 | 20200721 | BOND REV |
| 168289801010 | FID | 338 | 20200719 | BALANDRAN JR, SAMUEL | 3061016 | 20200721 | BOND REV |
| 166761601010 | FID | 338 | 20200309 | LOPEZ, EUSEZIO | 2693865 | 20200722 | BOND REV |
| 168313201010 | FID | 338 | 20200721 | LEWIS, WILLIAM CHRISTOPHER | 1772849 | 20200723 | BOND REV |
| 168319701010 | COM | 338 | 20200722 | STOKES, JACOB NATHANIEL | 3061176 | 20200723 | BOND REV |
| 165023001010 | FID | 338 | 20191017 | SHARP, NOLAN MCKINNEY | 2513977 | 20200723 | BOND REV |
| 166803001010 | FID | 338 | 20200312 | GARCIA, ROMEO | 2738065 | 20200727 | BOND REV |
| 165044601010 | FID | 338 | 20191019 | GARCIA, ROMEO | 2738065 | 20200727 | BOND REV |
| 168358701010 | FID | 338 | 20200725 | FLORES-GODINA, JORGE | 2287483 | 20200727 | BOND REV |
| 168356301010 | FID | 338 | 20200725 | JACKSON, PORSHA | 2357197 | 20200727 | BOND REV |
| 166602901010 | FID | 338 | 20200226 | GARCIA, ROMEO | 2738065 | 20200727 | BOND REV |
| 168328101010 | COM | 338 | 20200722 | LAWS JR, CLIFFORD WAYNE | 3061222 | 20200727 | BOND REV |
| 166862301010 | FID | 338 | 20200317 | NUNN, KEESHA | 1757035 | 20200728 | BOND REV |
| 168368901010 | FID | 338 | 20200726 | REICKENBACKER, CHRISTOPHER S | 1061782 | 20200728 | BOND REV |
| 167481501010 | FID | 338 | 20200511 | NUNN, KEESHA MARIE | 1757035 | 20200728 | BOND REV |
| 168380301010 | FID | 338 | 20200727 | ESCOBAR, JORGE MARTINEZ | 3061508 | 20200729 | BOND REV |
| 168381301010 | FID | 338 | 20200727 | WILLIAMS, LIONEL RUNEA | 3015532 | 20200729 | BOND REV |
| 168392201010 | FID | 338 | 20200728 | SIBRIAN, DANIEL | 1008276 | 20200730 | BOND REV |
| 168411001010 | FID | 338 | 20200729 | WIMBLEY, JAMES CARROLL | 526470 | 20200803 | BOND REV |
| 166523901010 | COM | 338 | 20200219 | CHAMBERS, HAYDEN | 2437119 | 20200803 | BOND REV |
| 168420501010 | FID | 338 | 20200730 | MILLER, LARRY SHELTON | 1745923 | 20200803 | BOND REV |
| 168447901010 | COM | 338 | 20200801 | ROMERO, SYLVIA MARIA | 2516772 | 20200803 | BOND REV |
| 168425901010 | COM | 338 | 20200731 | CHAMBERS, HAYDEN | 2437119 | 20200803 | BOND REV |
| 168420601010 | FID | 338 | 20200730 | MILLER, LARRY SHELTON | 1745923 | 20200804 | BOND REV |
| 168454701010 | FID | 338 | 20200802 | REYNA, JOSE FELIX | 2520125 | 20200804 | BOND REV |
| 168439401010 | COM | 338 | 20200801 | WATSON, KERRY | 2736017 | 20200804 | BOND REV |
| 164415401010 | FID | 338 | 20190828 | WILLIAMS, LIONEL RUNEA | 3015532 | 20200805 | BOND REV |
| 168529901010 | FIN | 338 | 20200808 | BENNETT, KIARA | 3053384 | 20200810 | BOND REV |
| 167034601010 | FID | 338 | 20200403 | BENNETT, KIARA | 3053384 | 20200810 | BOND REV |
| 168529201010 | COM | 338 | 20200808 | VARGAS, ARMANDO | 2227501 | 20200810 | BOND REV |
| 166255401010 | FID | 338 | 20200130 | TOUSSANT, RONNIE | 1974065 | 20200810 | BOND REV |
| 168537501010 | FID | 338 | 20200809 | MARTINEZ, TOMAS LARRY | 703484 | 20200810 | BOND REV |
| 168535601010 | FID | 338 | 20200809 | SMITH, BRIAN | 2830114 | 20200810 | BOND REV |
| 167236201010 | FID | 338 | 20200421 | GARZA, ROMUALDO | 1952374 | 20200810 | BOND REV |
| 168550201010 | COM | 338 | 20200810 | GARZA, FRANCISCO SANMIGUEL | 2316455 | 20200811 | BOND REV |
| 162525701010 | MAJ | 338 | 20190320 | JACKSON, PORSHA S | 2357197 | 20200813 | BOND REV |
| 168356301010 | FID | 338 | 20200725 | JACKSON, PORSHA | 2357197 | 20200813 | BOND REV |
| 167949001010 | FID | 338 | 20200617 | NAPOLES ARIAS, FIDEL | 2833969 | 20200817 | BOND REV |
| 168609201010 | FID | 338 | 20200814 | PERALES, MOISES | 1859590 | 20200817 | BOND REV |
| 165888001010 | FID | 338 | 20191231 | EVANS, HEATHER J. | 1724883 | 20200818 | BOND REV |
| 168640601010 | COM | 338 | 20200816 | TYLER, ALIZE SAWYER | 3063106 | 20200818 | BOND REV |
| 168645601010 | FID | 338 | 20200817 | EVANS, HEATHER JEWELL | 1724883 | 20200818 | BOND REV |
| 166902601010 | FID | 338 | 20200321 | MEYZEN, NICHOLAS JON | 2952618 | 20200818 | BOND REV |
| 167742601010 | FID | 338 | 20200529 | EVANS, HEATHER J. | 1724883 | 20200818 | BOND REV |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 168645501010 | FID | 338 | 20200817 | EVANS, HEATHER JEWELL | 1724883 | 20200818 | BOND REV |
| 168649801010 | FID | 338 | 20200817 | RUIZ, JOE ANTHONY | 2959798 | 20200818 | BOND REV |
| 167746001010 | FID | 338 | 20200529 | EVANS, HEATHER J | 1724883 | 20200818 | BOND REV |
| 168626701010 | FID | 338 | 20200815 | NAPOLES, FIDEL | 2833969 | 20200819 | BOND REV |
| 168703601010 | COM | 338 | 20200821 | WILLIAMS, NAOMI | 3063713 | 20200824 | BOND REV |
| 168714001010 | FID | 338 | 20200821 | GUTIERREZ, KEVIN FERNANDO | 2991122 | 20200824 | BOND REV |
| 168673201010 | FID | 338 | 20200821 | STRANGE, JOSHUA | 2963781 | 20200824 | BOND REV |
| 162625601010 | FID | 338 | 20190329 | GUTIERREZ, KEVIN FERNANDO | 2991122 | 20200824 | BOND REV |
| 168673101010 | FID | 338 | 20200819 | STRANGE, JOSHUA | 2963781 | 20200824 | BOND REV |
| 168720401010 | FID | 338 | 20200822 | JENNISCH, JENNIFER | 1343917 | 20200824 | BOND REV |
| 168681001010 | FID | 338 | 20200819 | CASTILLO BENITEZ, DIANA JACKELYN | 3063526 | 20200824 | BOND REV |
| 168750401010 | COM | 338 | 20200825 | HIRSEKORN, FRANKLIN DONALD | 1453341 | 20200826 | BOND REV |
| 168806801010 | FID | 338 | 20200829 | MCCLURE, SAMONE K. | 2483614 | 20200831 | BOND REV |
| 168811701010 | COM | 338 | 20200830 | GRADNEY, TEA MORET | 3064728 | 20200831 | BOND REV |
| 167716301010 | FID | 338 | 20200527 | GARZA, TOMAS JOSE | 2766455 | 20200831 | BOND REV |
| 168764601010 | COM | 338 | 20200826 | CURETTE, CHRISTOPHER MICHAEL | 959125 | 20200831 | BOND REV |
| 164912401010 | FID | 338 | 20191008 | WATTS, DEEVELL DUPREE | 1863587 | 20200831 | BOND REV |
| 168764501010 | COM | 338 | 20200826 | CURETTE, CHRISTOPHER MICHAEL | 959125 | 20200831 | BOND REV |
| 168806901010 | FID | 338 | 20200829 | MCCLURE, SAMONE K. | 2483614 | 20200831 | BOND REV |
| 166196001010 | FID | 338 | 20200125 | TAYLOR, MAURICE DARRELL | 2494155 | 20200902 | BOND REV |
| 168823701010 | FID | 338 | 20200831 | CAMPOS, ZACHARY | 1990971 | 20200902 | BOND REV |
| 165339801010 | FID | 338 | 20191114 | FOSTER, MICHAEL JAMES | 2755119 | 20200903 | BOND REV |
| 164783001010 | FID | 338 | 20190928 | HORTON, JAREAL CHRISTOPHER | 1999156 | 20200908 | BOND REV |
| 168881101010 | FID | 338 | 20200904 | TWITTY, COLBY JARWAYNE | 2199627 | 20200908 | BOND REV |
| 165940401010 | FID | 338 | 20200105 | HORTON, JAREAL CHRISTOPHER | 1999156 | 20200908 | BOND REV |
| 168881201010 | FID | 338 | 20200904 | TWITTY, COLBY JARWAYNE | 2199627 | 20200908 | BOND REV |
| 165404001010 | FID | 338 | 20191119 | HEBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 165411801010 | FID | 338 | 20191120 | HERBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 161970801010 | FID | 338 | 20190129 | HERBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 164278301010 | FID | 338 | 20190817 | HEBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 162901901010 | FID | 338 | 20190423 | HEBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 168904301010 | FID | 338 | 20200906 | SELDERS, DELTON | 3065610 | 20200909 | BOND REV |
| 164278201010 | FID | 338 | 20190817 | HEBERT, BENNY | 1201811 | 20200909 | BOND REV |
| 167028501010 | NOB | 338 | 20200403 | FONTENOT, JOYCE MARIE | 447972 | 20200909 | BOND REV |
| 168911001010 | FID | 338 | 20200907 | KINSER, STEPHEN ALEXANDER | 1308271 | 20200909 | BOND REV |
| 168977201010 | FID | 338 | 20200912 | DOTY, JEFFREY MARK | 2314843 | 20200914 | BOND REV |
| 167616901010 | FID | 338 | 20200521 | MCCOY, KALEEM AHMAD | 2628341 | 20200914 | BOND REV |
| 167617001010 | FID | 338 | 20200521 | MCCOY, KALEEM AHMAD | 2628341 | 20200914 | BOND REV |
| 168977101010 | FID | 338 | 20200912 | DOTY, JEFFREY MARK | 2314843 | 20200914 | BOND REV |
| 168992401010 | COM | 338 | 20200913 | MYERS, RALPH ANDREW | 320097 | 20200915 | BOND REV |
| 168160301010 | FID | 338 | 20200708 | GARCIA, SIBRINA ANN | 1748384 | 20200915 | BOND REV |
| 169008401010 | FID | 338 | 20200914 | CHARLES, CHARMAINE MOHNAY | 2922692 | 20200916 | BOND REV |
| 169017501010 | FID | 338 | 20200915 | DAVIS, ANIHYA SAMMORA | 3066628 | 20200917 | BOND REV |
| 157030601010 | FID | 338 | 20171110 | TAYLOR, MAURICE | 2494155 | 20200917 | BOND REV |
| 168034801010 | FID | 338 | 20200626 | VANCE THRASHER, ANGELICA ANDRADE | 1763664 | 20200921 | BOND REV |
| 168034901010 | FID | 338 | 20200626 | VANCE THRASHER, ANGELICA ANDRADE | 1763664 | 20200921 | BOND REV |
| 164407901010 | FID | 338 | 20190828 | PIERSON, PORTER DPAUL | 1640206 | 20200922 | BOND REV |
| 162779301010 | FID | 338 | 20190411 | PIERSON, PORTER DPAUL | 1640206 | 20200922 | BOND REV |
| 167973401010 | FID | 338 | 20200620 | BOTELLO RODRIGUEZ, LUIS CARLOS | 3059253 | 20200922 | BOND REV |
| 164896701010 | FID | 338 | 20191007 | CARTER, TRYONEST | 2874395 | 20200923 | BOND REV |
| 155467001010 | MRP | 338 | 20170609 | ATKINS, MARCUS ALAN | 2015847 | 20200923 | BOND REV |
| 166981901010 | FID | 338 | 20200329 | ALFARO, EDGAR | 2695901 | 20200923 | BOND REV |
| 169098001010 | COM | 338 | 20200921 | PENDLETON, JARED EMIL | 3067259 | 20200923 | BOND REV |
| 167459201010 | COM | 338 | 20200509 | GARCIA, PETER MUNOZ | 1938296 | 20200928 | BOND REV |
| 169162901010 | COM | 338 | 20200926 | SALAZAR, ALYSSA | 3068009 | 20200928 | BOND REV |
| 164693101010 | FID | 338 | 20190921 | ROBERSON, DUNDRE JERROD | 1260376 | 20200928 | BOND REV |
| 167351701010 | FID | 338 | 20200501 | ROBERSON, DUNDRE JERROD | 1260376 | 20200928 | BOND REV |
| 164699601010 | FID | 338 | 20190921 | ROBERSON, DUNDRE JERROD | 1260376 | 20200928 | BOND REV |
| 164435901010 | FID | 338 | 20190829 | HUNTER, JOHN | 2786329 | 20200928 | BOND REV |
| 160819701010 | FID | 338 | 20181011 | GUTIERREZ, PEDRO JR. | 519104 | 20200929 | BOND REV |
| 169153101010 | FID | 338 | 20200925 | GUIERREZ, PEDRO | 519104 | 20200929 | BOND REV |
| 169028101010 | FID | 338 | 20200916 | HENDERSON, JONATHAN | 2258347 | 20200930 | BOND REV |
| 169028001010 | FID | 338 | 20200916 | HENDERSON, JONATHAN | 2258347 | 20200930 | BOND REV |
| 165053401010 | FID | 338 | 20191020 | PEREZ, SHANE STEVEN | 2757642 | 20201001 | BOND REV |
| 169235201010 | COM | 338 | 20201002 | HERNANDEZ, PETE | 1826793 | 20201005 | BOND REV |
| 169250901010 | FID | 338 | 20201003 | BURRIS, RAYQUAN JEREL | 2861223 | 20201005 | BOND REV |
| 164407501010 | FID | 338 | 20200210 | PEREZ, SHANE S | 2757642 | 20201006 | BOND REV |
| 166195501010 | COM | 338 | 20200125 | GARCIA, ETHAN | 2634697 | 20201007 | BOND REV |
| 165813201010 | FID | 338 | 20191224 | MATHIS, BYRON | 2498964 | 20201008 | BOND REV |
| 169293801010 | COM | 338 | 20201007 | DIXON, ADRIAN | 2075164 | 20201008 | BOND REV |
| 168794501010 | FID | 338 | 20200828 | MARTINEZ, DANIEL ADAM | 3064571 | 20201014 | BOND REV |
| 166863501010 | FID | 338 | 20200318 | MOORE, KELVIN LEE | 3051459 | 20201015 | BOND REV |
| 169415601010 | FID | 338 | 20201016 | JAMES, CHAKITA | 1435073 | 20201019 | BOND REV |
| 161101801010 | FID | 338 | 20181106 | ACUNA, KRISTIAN BILTON | 2823464 | 20201019 | BOND REV |
| 168895701010 | FID | 338 | 20200905 | LYNCH, DERICK | 3022445 | 20201019 | BOND REV |
| 169448301010 | COM | 338 | 20201019 | JOHNSON, VIRGIL MERL | 3062440 | 20201020 | BOND REV |
| 169442201010 | FID | 338 | 20201018 | CAMACHO, BRANDON | 2837461 | 20201020 | BOND REV |
| 166014501010 | FID | 338 | 20200111 | HOLLAND, JIMARQUIS | 2527379 | 20201021 | BOND REV |
| 167177901010 | FID | 338 | 20200416 | HOLLAND, JIMARQUEZ GLENN | 2527379 | 20201021 | BOND REV |
| 167700401010 | COM | 338 | 20200527 | REECE, BRANDON | 1996751 | 20201021 | BOND REV |
| 166568501010 | FID | 338 | 20200223 | ALANIZ, JOSE ROLANDO | 2903162 | 20201026 | BOND REV |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 166568601010 | FID | 338 | 20200223 | ALANIZ, JOSE ROLANDO | 2903162 | 20201026 | BOND REV |
| 169517501010 | FID | 338 | 20201023 | GARY, GERMAINE ELZIE | 1935140 | 20201026 | BOND REV |
| 169475601010 | COM | 338 | 20201020 | HENDERSON, JASON | 1936149 | 20201026 | BOND REV |
| 169340101010 | FID | 338 | 20201010 | CHAVEZ, OSCAR | 3053562 | 20201027 | BOND REV |
| 166792501010 | COM | 338 | 20200312 | TORRES, JUAN | 1062192 | 20201027 | BOND REV |
| 166964101010 | FID | 338 | 20200327 | GOOD, JOSHUA LOGAN | 2188259 | 20201028 | BOND REV |
| 165322101010 | FID | 338 | 20191113 | MARTINEZ-GERMAN, CARLOS AURELIO | 2972212 | 20201028 | BOND REV |
| 168652001010 | FID | 338 | 20200817 | DOBBINS, BRYANT LANE | 2548860 | 20201028 | BOND REV |
| 169347401010 | COM | 338 | 20201011 | WASHINGTON, SABRINA ROCHELLE | 3032282 | 20201028 | BOND REV |
| 168827201010 | FID | 338 | 20200831 | DOBBINS, BRYANT LANE | 2548860 | 20201028 | BOND REV |
| 169555101010 | COM | 338 | 20201026 | WASHINGTON, SABRINA | 3032282 | 20201028 | BOND REV |
| 164924101010 | FID | 338 | 20191009 | BASSETT, EDDIE | 1884492 | 20201029 | BOND REV |
| 164454001010 | FID | 338 | 20190831 | BASSETT, EDDIE DARNELL | 1884492 | 20201029 | BOND REV |
| 169594401010 | COM | 338 | 20201029 | DUCKWORTH, WARREN TAVARES | 1561955 | 20201102 | BOND REV |
| 168911001010 | FID | 338 | 20200907 | KINSER, STEPHEN ALEXANDER | 1308271 | 20201103 | BOND REV |
| 169589201010 | FID | 338 | 20201029 | SPENCER, LANIESIA DASHUN | 2422164 | 20201103 | BOND REV |
| 169634701010 | FID | 338 | 20201101 | PALESTINA, VICENTE JR | 2546145 | 20201103 | BOND REV |
| 169634801010 | FID | 338 | 20201101 | PALESTINA, VICENTE JR | 2546145 | 20201103 | BOND REV |
| 166689101010 | FID | 338 | 20200304 | RODRIGUEZ, JOSE MANUEL | 2991221 | 20201103 | BOND REV |
| 168977101010 | FID | 338 | 20200912 | DOTY, JEFFREY MARK | 2314843 | 20201105 | BOND REV |
| 162454301010 | FID | 338 | 20190314 | GARCIA-NARANJO, HAYDER | 2877100 | 20201105 | BOND REV |
| 168977201010 | FID | 338 | 20200912 | DOTY, JEFFREY MARK | 2314843 | 20201105 | BOND REV |
| 169211301010 | COM | 338 | 20200930 | JENKINS, GARY | 2664760 | 20201109 | BOND REV |
| 169703001010 | COM | 338 | 20201106 | JENKINS, GARRY LIVELLE | 2664760 | 20201109 | BOND REV |
| 169483901010 | FID | 338 | 20201021 | ALANIZ, JOSE ROLANDO | 2903162 | 20201109 | BOND REV |
| 169484101010 | FID | 338 | 20201021 | ALANIZ, JOSE ROLANDO | 2903162 | 20201109 | BOND REV |
| 169520801010 | FID | 338 | 20201024 | PATTON, KESHA | 1661767 | 20201110 | BOND REV |
| 167095601010 | FID | 338 | 20200409 | CHARLES, SCOTTY C | 2485785 | 20201110 | BOND REV |
| 169737301010 | COM | 338 | 20201109 | BRACY, DAMON SR | 3073669 | 20201111 | BOND REV |
| 168315101010 | FID | 338 | 20200721 | WILLIAMS, WYLEA LAJUAN | 3061167 | 20201112 | BOND REV |
| 169676601010 | COM | 338 | 20201111 | RICHARDSON, BRITTANY LEE | 3073898 | 20201116 | BOND REV |
| 169801201010 | FID | 338 | 20201113 | ESSENBERG, LOGAN LEE | 3074113 | 20201116 | BOND REV |
| 169804501010 | FID | 338 | 20201114 | LEWIS, CARELTON EVERARD | 993324 | 20201116 | BOND REV |
| 165459901010 | COM | 338 | 20191124 | GARCIA-RAMIREZ, ESMERIGILDO | 2917985 | 20201116 | BOND REV |
| 169804601010 | FID | 338 | 20201114 | LEWIS, CARELTON EVERARD | 993324 | 20201116 | BOND REV |
| 169810901010 | FID | 338 | 20201114 | GARCIA-RAMIREZ, ESMERIGILDO SAMMY | 2917985 | 20201116 | BOND REV |
| 169771701010 | COM | 338 | 20201111 | BAILEY, ZALEON LESHAWNDEONDRE | 3073915 | 20201116 | BOND REV |
| 168404101010 | FID | 338 | 20200729 | DAVLIN, DAMION RYAN | 2861126 | 20201116 | BOND REV |
| 169798901010 | COM | 338 | 20201113 | ANDERSON, TYRA | 2963512 | 20201116 | BOND REV |
| 168404001010 | FID | 338 | 20200729 | DAVLIN, DAMION RYAN | 2861126 | 20201116 | BOND REV |
| 169819501010 | COM | 338 | 20201115 | CANTERO, FILIBERTO | 1910091 | 20201117 | BOND REV |
| 165805801010 | FID | 338 | 20191223 | GARRETT, JAVARIS DAITRON | 2675087 | 20201118 | BOND REV |
| 168221701010 | FID | 338 | 20200713 | ALVAREZ, GUSTAVO | 1618014 | 20201119 | BOND REV |
| 168221601010 | FID | 338 | 20200713 | ALVAREZ, GUSTAVO | 1618014 | 20201119 | BOND REV |
| 167513601010 | FID | 338 | 20200513 | GOODSON, TYLER SCOT | 2448532 | 20201130 | BOND REV |
| 169930001010 | COM | 338 | 20201123 | LOCKRIDGE, DOUGLAS | 2382163 | 20201130 | BOND REV |
| 169892201010 | COM | 338 | 20201120 | BRANCH, ALAINA NICOLE | 3075028 | 20201130 | BOND REV |
| 169977201010 | COM | 338 | 20201127 | OVERTON, DANIELLE YOSHIDA | 2603570 | 20201130 | BOND REV |
| 169093401010 | FID | 338 | 20200920 | PEREYRA, STEVE FLORES | 2857976 | 20201130 | BOND REV |
| 169900101010 | COM | 338 | 20201121 | METTING, RICKY RAY | 168407 | 20201201 | BOND REV |
| 166058201010 | FID | 338 | 20200115 | KEGLEY, JOHNNY MICHAEL | 1238154 | 20201202 | BOND REV |
| 164335201010 | FID | 338 | 20190822 | DOTSON, MICHEAL DWAYNE | 1717000 | 20201202 | BOND REV |
| 166058101010 | FID | 338 | 20200115 | KEGLEY, JOHNNY MICHAEL | 1238154 | 20201202 | BOND REV |
| 162385101010 | FID | 338 | 20190307 | RAMIREZ, ANTHONY | 2988098 | 20201203 | BOND REV |
| 167513401010 | FID | 338 | 20200513 | GOODSON, TYLER SCOT | 2448532 | 20201203 | BOND REV |
| 167378801010 | FID | 338 | 20200503 | GOODSON, TYLER SCOT | 2448532 | 20201203 | BOND REV |
| 162474301010 | FID | 338 | 20190315 | RAMIREZ, ANTHONY | 2988098 | 20201203 | BOND REV |
| 167891201010 | FID | 338 | 20200612 | MACEY, IAIN | 2963322 | 20201203 | BOND REV |
| 167481001010 | FID | 338 | 20200511 | GOODSON, TYLER SCOT | 2448532 | 20201203 | BOND REV |
| 167115201010 | FID | 338 | 20200410 | HILL, ERICK | 3029643 | 20201207 | BOND REV |
| 168173001010 | FID | 338 | 20200709 | ROZELLE, JUSTIN | 3023788 | 20201207 | BOND REV |
| 167006301010 | FID | 338 | 20200331 | GADERSON, DEWAYNE | 2464376 | 20201207 | BOND REV |
| 167115101010 | FID | 338 | 20200410 | HILL, ERICK | 3029643 | 20201207 | BOND REV |
| 170094501010 | COM | 338 | 20201206 | SUSTAITA, GILBERTO | 2588279 | 20201208 | BOND REV |
| 163458301010 | FIN | 338 | 20190609 | SUSTAITA, GILBERTO | 2588279 | 20201208 | BOND REV |
| 170105701010 | COM | 338 | 20201207 | JACKSON, JOHN | 1870591 | 20201209 | BOND REV |
| 168177201010 | FID | 338 | 20200709 | MALLARD, DARRION | 2465826 | 20201210 | BOND REV |
| 162473501010 | FID | 338 | 20190315 | CONDE, ARNULFO RODRIGUEZ | 1869260 | 20201210 | BOND REV |
| 170138001010 | COM | 338 | 20201209 | WILLIAMS, PHILLIP DEWAYNE | 2509573 | 20201210 | BOND REV |
| 170196901010 | COM | 338 | 20201213 | GARCIA, RAFAEL ESPINOSA | 1539225 | 20201214 | BOND REV |
| 167250101010 | FID | 338 | 20200422 | MARES, EDGAR | 2406199 | 20201215 | BOND REV |
| 169847001010 | COM | 338 | 20201117 | JACKSON, RAVAN SYMORA | 2510332 | 20201215 | BOND REV |
| 165434201010 | FID | 338 | 20191122 | OSULLIVAN, TRAVIS L | 2159421 | 20201216 | BOND REV |
| 153273701010 | MAJ | 338 | 20161201 | O'SULLIVAN, TRAVIS | 2159421 | 20201216 | BOND REV |
| 167497701010 | FID | 338 | 20200512 | OSULLIVAN, TRAVIS LEE | 2159421 | 20201216 | BOND REV |
| 166679901010 | FID | 338 | 20200303 | OSULLIVAN, TRAVIS | 2159421 | 20201216 | BOND REV |
| 164266401010 | FID | 338 | 20190816 | ADAIR, DERRICK | 2421084 | 20201216 | BOND REV |
| 170037601010 | FID | 338 | 20201202 | CASTANEDA, ALBERTO | 2782312 | 20201217 | BOND REV |
| 170156301010 | COM | 338 | 20201210 | WATSON, WILLIAM JAMES | 2576842 | 20201217 | BOND REV |
| 163931201010 | FID | 338 | 20190718 | PEREZ, KENNETH LOUIS | 2815723 | 20201217 | BOND REV |

# Exhibit B

# State Commission on Judicial Conduct

PO Box 12265
Austin, TX 78711-2265
Tel. (512) 463-5533 · Toll Free: (877) 228-5750

**Complaint Form**

- *If you are filing a complaint about more than one judge, please use a separate form for each judge.*
- *You may complete this form online before printing.*
- *Send the completed form and any additional pages or related documents to SCJC.*

For SCJC use only.

\* Indicates required fields.     Please note that faxed complaints will NOT be accepted.

\*Your name: Mark Thiessen on behalf of HCCLA & Grant Scheiner on behalf of TCDLA

\*Mailing Address: HCCLA: P.O. Box 924523, Houston, TX 77292

\*City, State Zip: TCDLA: 6808 Hill Meadow Drive, Austin, TX 78736

\*Date of Birth: M. Thiessen: 6/27/1978   G. Scheiner: 2/15/1967

Your Phones: Day ( ____ ) HCCLA: 713-227-2404   TCDLA: 512-478-2514

Cell/Other ( ____ ) _____

\*Judge: Ramona Franklin

\*Court Number: 338th Judicial District Court

\*City and County: Houston, Harris County, Texas

Evening ( ____ ) _____

Best time to call you: _____  ☐ A.M. ☐ P.M.

---

**If your complaint involves a court case, please provide the following information:**

Cause Number: see attached

Your attorney: _____

Address: _____

City/Zip: _____

Phone Number(s): _____

Status of your case: ☐ Pending ☐ Concluded ☐ On appeal

Opposing Attorney: _____

Address: _____

City/Zip: _____

Phone Number(s): _____

---

PLEASE FILL IN ALL INFORMATION AVAILABLE FOR ANY WITNESSES (attach additional pages as needed)

Name: see attached

Address: _____

Phone Number(s): _____

What did this person witness?

see attached

Name: _____

Address: _____

Phone Number(s): _____

What did this person witness?

**If you are submitting documents, please provide copies, not originals.**

*I understand that as part of the Commission's investigation the judge may be provided a copy of this* complaint. Please note - the Commission will do its best to maintain your confidentiality, **if you so request**. However, it may not be possible for us to pursue our investigation without revealing your identity at some point. If it is necessary to reveal your identity directly to the judge, we will advise you before proceeding.

\*I request that my identity be kept confidential. ☐ Yes ☐ No

\*Signature: _____     \*Date: 8/24/20

How did you hear about the State Commission on Judicial Conduct? (*please select one*) ☐ State Bar of Texas

☐ Another State agency ☐ News media ☐ Attorney ☐ Friend ☐ Other: _____

Revised 07/13/2009

## Details of Complaint

Please type or print the factual details of your complaint in the space provided below.  **Please include the date(s) of the alleged misconduct.**  If more space is needed, attach additional sheets.  Please sign and date each additional sheet.  Your complaint should be as specific as possible, PLEASE DO NOT CITE CASE LAW IN YOUR COMPLAINT.

**\*Date(s) of Alleged Misconduct of Judge:** August 10, 2020 to present

**\*Factual Details of your complaint against Judge:**

see attached

**\*Printed Name:** Mark Thiessen / Grant Scheiner

**\*Signature:**

**\*Date:** 8/24/20

Revised 07/13/2009

Before the Office of the
State Commission on Judicial Conduct

_____

**FORMAL COMPLAINT OF THE
HARRIS COUNTY CRIMINAL LAWYERS ASSOCIATION
and
TEXAS CRIMINAL DEFENSE LAWYERS ASSOCIATION
AGAINST**

**The Honorable Ramona Franklin
Presiding Judge, 338th Judicial District Court
of Harris County, Texas**

_____

## TO THE STATE COMMISSION ON JUDICIAL CONDUCT:

The Harris County Criminal Lawyers Association, by and through its duly elected president, Mark Thiessen, and the Texas Criminal Defense Lawyer's Association, by and through its duly elected president, Grant Scheiner, formally submits this complaint pursuant to Texas Government Code, Section 33.021 *et seq*, against the Honorable Ramona Franklin, Presiding Judge of the 338th Judicial District Court of Harris County, Texas.

The Harris County Criminal Lawyers Association ("HCCLA") is the largest local criminal defense bar in the United States, with more than 700 active members engaged in the defense of citizens accused of criminal acts. HCCLA has, for over 50 years, stood for criminal justice, criminal justice reform, and against government and judicial overreach.

The Texas Criminal Defense Lawyers Association ("TCDLA") is the largest state association for criminal defense attorneys in the nation with over 3,200 members. TCDLA's purpose is to protect and ensure by rule of law and protect those individual rights guaranteed by the Texas and federal Constitutions in criminal cases; to resist the constant efforts which are now being made to curtail such rights; to encourage cooperation between lawyers engaged in the furtherance of such objectives though educational programs and other assistance; and through such cooperation, education, and assistance, to promote justice and the common good.

## UNDERLYING FACTS & BACKGROUND

This complaint pertains to Judge Franklin's actions taken against multiple defendants charged with felony offenses. In Harris County, any time a person is arrested, they are taken before a magistrate who considers a host of information about the defendant and their case and decides what an appropriate bail amount is, including whether that person should be released on a personal bond. After defendants are released from custody on the bonds set by these magistrates, they have to appear before the district court their case is assigned to, often times within a day or even hours of their release.

In the case of Judge Franklin, these defendants complied with this obligation, going to court alone and expecting to be given an opportunity to retain counsel or request the appointment of counsel. Before addressing the matter of counsel, however, Judge Franklin would, without notice, without cause, and in violation of the law and

the defendants' Constitutional rights, revoke their bonds on her own motion with no new information whatsoever and order them remanded back into custody. These were all individuals who were presumed innocent, many who paid hard-earned money to secure their release and provided sufficient security for their appearance in court to answer for their alleged crime, and did, in fact, appear before Judge Franklin, sometimes within hours of their release. Without cause, they suddenly found themselves thrust into a situation where they were deprived of their fundamental rights, unilaterally treated as though they were guilty, and reincarcerated without cause in violation of the law.

One defendant challenged this illegal action and the Court of Appeals for the First District in Houston held that Judge Franklin's conduct indeed violated the law. In the days and weeks after this written decision was handed down and became final, however, Judge Franklin continued to repeatedly revoke defendants' bonds in the same manner and, worse, denied them bail altogether by illegally setting their bail amounts at $0. This unconscionable conduct must stop. By continuing to act in the manner in which she has, Judge Franklin has violated numerous Canons of the Code of Judicial Conduct.

**The Harris County Bail System**

Judge Franklin has been the presiding judge of the 338th District Court since being elected in 2016. The 338th District Court is one of 22 district courts in Harris

County assigned to hear felony criminal cases and other criminal cases that fall within the jurisdiction of a district court.[1]

In Harris County, all defendants arrested for criminal offenses are taken before a magistrate, or, more specifically, a criminal law hearing officer. These hearing officers have limited, concurrent jurisdiction with the criminal district court.[2] More specifically, they are charged with, among other things, "determining probable cause for further detention of any person detained on a criminal complaint, information, or indictment filed in the district courts or county criminal courts at law," and, more pertinent to this complaint, "committing the defendant to jail, discharging the defendant from custody, or admitting the defendant to bail, as the law and facts of the case require."[3] They are given the first opportunity to "determine the amount of bail and grant bail pursuant to Chapter 17, Code of Criminal Procedure, and as otherwise provided by law" to a defendant.[4]

In response to recent litigation in federal court regarding the county's bail system,[5] numerous changes were made to procedures related to bail hearings before these

---

[1] *See* TEX. GOV'T CODE § 24.484 (West 2020).

[2] Their authority is conferred by Sections 54.851 through 54.861 of the Texas Government Code. *See* TEX. GOV'T CODE § 54.851 – .861 (West 2020).

[3] TEX. GOV'T CODE § 54.856 (West 2020).

[4] TEX. GOV'T CODE § 54.858(b) (West 2020).

[5] *See* ODonnell v. Harris County, 892 F.3d 147 (5th Cir. 2018).

hearing officers. For one, shortly after their arrest, defendants are interviewed by staff with the office of Pretrial Services who, based on that information and their own investigation, prepare a Public Safety Assessment (PSA) report to present to the hearing officers to be used in their determination of bail.[6] The reports are designed to determine whether a person is a low or high risk for re-offending, committing a violent crime, or failing to show up for court.[7]

Additionally, a pilot program was created to make public defenders from the Harris County Public Defender's Office available at these hearings to represent and advocate for defendants to be released on bail where appropriate.[8] Prior thereto, only an Assistant District Attorney was present at these hearings to present probable cause and make bail recommendations. Based on the new system, hearing officers are provided more information and, more importantly, balanced information from advocates for both the State and a defendant. These hearings are also recorded and available for later review.[9]

---

[6] *See* "County Says Assessment Tool Will Help with Bail Decisions" by Mihir Zaveri, Houston Chronicle, July 25, 2017 <available at https://www.houstonchronicle.com/news/houston-texas/houston/article/County-says-assessment-tool-will-help-with -bail-11418689.php (last visited August 18, 2020).

[7] *Id.*

[8] "Harris County to Place Public Defenders at Bail Hearings" by Mihir Zaveri, Houston Chronicle, March 14, 2017 <available at https://www.houstonchronicle.com/news/houston-texas/houston/article/Harris-County-to-place-public-defenders-at-bail-11002089.php (last visited August 18, 2020).

[9] *See Ex parte Gomez,* No. 01-20-00004-CR, 2020 WL 4577148, at *1, n.2 (Tex. App.—Houston [1st Dist.] Aug. 7, 2020, pet. filed).

Given their authority, hearing officers will set the amount of bail that a defendant has to pay to secure their release and also determine whether the defendant is entitled to release on a personal bond.[10]

This Commission, two years ago, reviewed the actions of three Harris County criminal law hearing officers and found all three violated the Code of Judicial Conduct by failing to comply with the law and failing to maintain competence in the law by strictly following directives not to issue personal bonds to defendants per the instructions of the judges in whose court the underlying cases were assigned.[11] Accordingly, Harris County criminal law hearing officers have since properly considered and granted personal bonds when appropriate.

### Proceedings Before Judge Franklin

Harris County is unique and different from several other Texas counties in that, immediately upon a person's arrest for an offense, a criminal complaint is filed by the District Attorney's Office and the case is assigned by the District Clerk to one of the criminal district or county courts. If a person is not arrested, a similar process ensues, that is, a criminal complaint (or other criminal charging instrument) is filed with the

---

[10] *See* TEX. CODE CRIM. PROC. art 17.03 (West 2020).

[11] *See* CJC No. 17-0351-AJ, Public Admonition and Order of Additional Education re: Honorable Jill Wallace, Criminal Law Hearing Officer Houston, Harris County, Texas; CJC No. 17-0352-AJ, Public Admonition and Order of Additional Education re: Honorable Joseph Licata, III, Criminal Law Hearing Officer Houston, Harris County, Texas; CJC No. 17-0353-AJ, Public Admonition and Order of Additional Education re: Honorable Eric Hagstette, Criminal Law Hearing Officer Houston, Harris County, Texas.

District Clerk, the case is assigned to one of the criminal district or county courts and, upon a finding by a magistrate that probable cause exists, a capias (or warrant) is issued for the defendant's arrest.

Because of this "direct filing" system, once a defendant charged with a felony offense is arrested and then subsequently released from custody after being granted a personal bond or posting a bail bond, that defendant must make an immediate appearance before the district court that their case is assigned to, usually within 48 hours from the time of their release. This is where Judge Franklin would first become involved in a defendant's case.

While some defendants are able to secure counsel to represent them and be present with them for these "preliminary initial appearances" or "preliminary assigned court appearances," because of the relatively short period of time that passes between the defendant's release and preliminary initial appearances, often times defendants appear before district court judges like Judge Franklin without counsel. For those defendants who are indigent and cannot afford counsel, this is their opportunity to request and receive the appointment of counsel. For those who are not, the typical process is that they inform the court that they wish for time to hire an attorney and the case is reset for a period of time to afford the defendant that opportunity.

Where Judge Franklin's actions cross the line in terms of ethics and lawfulness is when one looks at what else she has done — and continues to do — at these initial appearances. For several years, many of our organization's members have observed

Judge Franklin call defendants up to the bench whether or not they were represented by counsel and, without a record being made of the proceedings, conduct a "bail review." No notice of this extra-statutory procedure was or is ever given to the defendant or published in any publicly available form. While Judge Franklin has maintained in the past that she asks an attorney "to stand in" with an unrepresented defendant during these proceedings, there is never any formal appointment of counsel and often not even a record of who these "stand in" attorneys are.[12] More recently and more often, however, there is no attorney present at all on behalf of the defendant and, again, no record is made of these proceedings.

Judge Franklin would then ask the Assistant District Attorney assigned to her court to read the probable cause statement, almost always the same statement provided to the hearing officers when the defendant was before them. Then, without any motion or urging from the attorney for the State, Judge Franklin would *sua sponte* revoke the defendant's bond, raise the bail amount previously and lawfully set by the hearing officer and made by the defendant, and order the defendant to be remanded into the custody of the sheriff without cause, any finding, or stated reason.

---

[12] Such an attorney would have no knowledge of the defendant's case or situation and would not have had the opportunity to consult with any such defendant.

### The Case of Joseph Gomez

The case of Joseph Gomez exemplifies this illegal behavior by Judge Franklin. Gomez was arrested and charged with the felony offenses of burglary of a habitation and assault of a family member by choking in November 2019. Shortly after his arrest, a hearing officer reviewed his cases and set bail at $25,000 and $15,000 on each case, respectively. Gomez's father immediately paid a bondsman to post surety bonds in those amounts and Gomez was released thereafter.

Only hours later that same morning, as directed on his bond paperwork, Gomez appeared before Judge Franklin. He intended to ask her to reschedule his case and give him an opportunity to retain counsel. However, without any prior notice or the opportunity to have counsel of his own choosing present, Judge Franklin called him up to the bench and asked the Assistant District Attorney assigned to her court to read the probable cause statement. After hearing this otherwise-inadmissible reading of the probable cause, Judge Franklin *sua sponte* revoked the bonds Gomez had just posted to secure his release, ordered Gomez remanded back into the custody of the sheriff, and raised the bail amounts to $75,000 in each case without any finding or stated reason. Despite his family having paid their hard-earned money to secure Gomez's release, despite him not having violated any conditions of his bond, and having complied with the obligation of his bond to appear in court, Gomez found himself back in custody.

Gomez's attorneys (whom he subsequently retained while he was in custody) filed applications for writs of habeas corpus seeking to vacate Judge Franklin's orders

and requesting that the bonds be reinstated. At the hearing on the application, Gomez offered and admitted judicial court records showing where Judge Franklin had likewise revoked and raised bail amounts of defendants without a proper hearing, specific finding, or reason in several other cases pending in her court. Judge Franklin ultimately denied the writ applications and Gomez's attorneys appealed that decision to the First District Court of Appeals in Houston.

Gomez meanwhile sat in the Harris County Jail for a total of 269 days, his family unable to afford the new, total bail amount of $150,000. On August 7, 2020, the court of appeals finally issued its decision in his case.

In a unanimous, memorandum opinion, the court of appeals held that Judge Franklin abused her discretion revoking Gomez's bond and raising the bail amount without good or sufficient cause.[13] The court noted that Article 17.09 of the Texas Code of Criminal Procedure mandated that a defendant is not to be required to give bail twice in the same criminal action and set out a limited exception to this "one-bond rule" for when the "bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause."[14] In finding that Judge Franklin abused her discretion in revoking his bonds, the court noted that Gomez did exactly what he was supposed to do and nothing he was not supposed to do:

---

[13] *Ex parte Gomez*, 2020 WL 4577148, at *5.

[14] *Id.* (citing TEX. CODE CRIM. PROC. art. 17.09 §§ 2 & 3 (West 2020)).

10

There is also no showing of any circumstances that changed in the roughly 30 hours that passed between the time the magistrate set the amount of bail and the time the trial court increased the amount of bail from $40,000, combined, to $150,000, combined. No new evidence became available, and the indictments were not returned until Monday, November 18, 2019. The only new information was that Gomez had given bail and appeared in court. There was no information on which the court could find a change in the balance of the State's interest in assuring Gomez's presence at trial as compared with the interest in preserving the presumption of innocence. We conclude that no "other good or sufficient cause" for revoking Gomez's bond, rearresting him, and ordering that he give bail in a higher amount is presented by the record in this appeal.[15]

The court of appeals then took the extraordinary step of not only reversing Judge Franklin's judgment on Gomez's habeas applications, but also ordering that the mandate issue immediately, and that Gomez's original bonds be reinstated to secure his immediate release from jail.[16]

Because the mandate issued immediately, the court of appeals decision became binding precedent.[17] This, however, did <u>not</u> stop Judge Franklin. Not only did she repeatedly fail to follow the appellate court's precedent, as noted in the judicial records and affidavits attached, she did much worse.

### *Judge Franklin's Actions Post-*Gomez

The following Monday, August 10, after the court of appeals issued its decision and mandate in *Gomez* , Judge Franklin held her regularly scheduled docket with a

---

[15] *Id.* at *6.

[16] *Id.* at *7.

[17] *Id.*; *see Perez v. State*, 495 S.W.3d 374, 392 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

number of defendants making their preliminary initial appearances. In total disregard for the court's holding in *Gomez*, Judge Franklin continued to review cases of multiple defendants who had just been released on bond and appeared in court as they were obligated to do, and, without good or sufficient cause, revoked their bonds and remanded them into the custody of the sheriff. However, instead of raising the bail amount to a higher amount like she had in Gomez's case, Judge Franklin this time took the additional, clearly illegal step of <u>denying bail altogether</u> by setting those defendants' bail amounts at $0. Those defendants are as follows:

- ***Kiara Bennett –*** Bennett was arrested and charged on August 7, 2020 with the felony offense of assault on a peace officer. She appeared before a Harris County criminal law hearing officer on August 9, 2020 who reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Bennett. The hearing officer set her bail amount at $10,000.00 and granted her a release on a personal bond. Bennett was released from jail and appeared before Judge Franklin on Monday, August 10, 2020 without counsel. Without any finding, Judge Franklin revoked the bond, remanded Bennett into the custody of the sheriff, and raised the bail amount in her case to $0 with no reason or explanation on the court's directive for doing so.[18] The case filings reflecting this action are attached hereto as Exhibit A.

- ***Brian Smith –*** Smith was arrested and charged on August 8, 2020 with the felony offense of assault family member by choking. He appeared before a Harris County criminal law hearing officer on August 9, 2020 who reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Smith. The hearing officer set bail amount at $15,000.00 and granted him a release on personal bond. Smith was released from jail and appeared before

---

[18] The State did file a motion to deny bail pursuant to Article I, Section 11a of the Texas Constitution alleging that Bennett was accused of a felony committed while on bail for a prior felony for which she had been indicted. However, no hearing was held where the State provided the necessary evidence to deny bail as required by that Article. No motions to deny bail were made in any other of these cases.

Judge Franklin on Monday, August 10, 2020 without counsel. Without any finding or motion from the State, Judge Franklin revoked the bond, remanded Smith into the custody of the sheriff, and raised the bail amount in his case to $0 with no reason or explanation on the court's directive for doing so. The case filings reflecting this action are attached hereto as Exhibit B. Additionally, Brian Smith provided an affidavit of his account of what took place, attached hereto as Exhibit C, and David Cunningham, an attorney who was present in the courtroom on another matter and witnessed what took place in Smith's case provided an affidavit giving his account of what took place, attached hereto as Exhibit D.

- ***Tomas Larry Martinez –*** Martinez was arrested and charged on August 8, 2020 with the felony offense of driving while intoxicated, third offender. His bail was set on filing the complaint at $25,000.00 and, hence, he did not appear before a hearing officer. Martinez posted a surety bond in that amount and was released from custody on August 9, 2020. Martinez appeared before Judge Franklin on Monday, August 10, 2020 without counsel. Without any finding or motion from the State, Judge Franklin revoked the bond, remanded Martinez into the custody of the sheriff, and raised the bail amount in his case to $0 with no reason or explanation on the court's directive for doing so. The case filings reflecting this action are attached hereto as Exhibit E. Furthermore, Tomas Martinez intends to provide an affidavit which will be submitted at a later date as Exhibit F.

- ***Joseph Rene Gonzales –*** Gonzales was arrested and charged on August 5, 2020 with the felony offense of assault family member with previous conviction. He appeared before a Harris County criminal law hearing officer on August 6, 2020 who reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Gonzales. The hearing officer set bail amount at $25,000.00. Gonzales did not make bail and appeared before Judge Franklin on Monday, August 10, 2020 while still in custody. Without any finding or motion from the State, Judge Franklin raised the bail amount in his case to $0 with no reason or explanation on the court's directive. The case filings reflecting this action are attached hereto as Exhibit G.

Judge Franklin continued this same illegal pattern of revoking bonds and denying

bail the following day:

- ***Francisco Sanmiguel Garza –*** Garza was arrested and charged on August 9, 2020 with the felony offense of assault family member by choking. He appeared before a Harris County criminal law hearing officer on August 10, 2020 who

13

reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Garza. The hearing officer set bail amount at $5,000.00 and denied him release on personal bond. Garza posted a $5,000.00 surety bond and was released from jail. He appeared before Judge Franklin on Tuesday, August 11, 2020 without counsel. Without any finding or motion from the State, Judge Franklin revoked the bond, remanded Garza into the custody of the sheriff, and raised the bail amount in his case to $0 with no reason or explanation on the court's directive for doing so. The case filings reflecting this action are attached hereto as Exhibit H.

And, even more than a week after the *Gomez* decision, Judge Franklin continued to illegally revoke bonds and/or deny bail:

- ***Moises Perales –*** Perales was arrested and charged on August 13, 2020 with the felony offense of assault family member by choking. He appeared before a Harris County criminal law hearing officer on August 14, 2020 who reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Perales. The hearing officer set bail amount at $15,000.00 and granted him release on a personal bond. He appeared before Judge Franklin on Monday, August 17, 2020 without counsel. Without any finding or motion from the State, Judge Franklin revoked the bond, remanded Perales into the custody of the sheriff, and raised the bail amount in his case to $0 with no reason or explanation on the court's directive for doing so. The case filings reflecting this action are attached hereto as Exhibit I.

- ***Joe Anthony Ruiz –*** Ruiz was arrested and charged on August 17, 2020 with the felony offense of assault family member with previous conviction and by choking. He appeared before a Harris County criminal law hearing officer that same day who reviewed the probable cause, PSA report, and heard from the attorney for the State and an appointed attorney for Ruiz. The hearing officer set bail amount at $20,000.00 and denied him a personal bond. Ruiz appeared before Judge Franklin on Tuesday, August 18, 2020. Without any finding or motion from the State, Judge Franklin revoked his bond and raised the bail amount in his case to $0 with no reason or explanation on the court's directive for doing so. The case filings reflecting this action are attached hereto as Exhibit J.

## VIOLATIONS OF THE CODE OF JUDICIAL CONDUCT

HCCLA and TCDLA complains that Judge Franklin has, by and through her actions, violated the following Canons of the Code of Judicial Conduct:

- Canon 2A of the Code of Judicial Conduct which states: "A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

- Canon 3B(2) of the Code of Judicial Conduct which states: "A judge should be faithful to the law and shall maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism."

- Canon 3B(8) of the Code of Judicial Conduct which states: "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding."

## VIOLATION OF CANONS 2A & 3B(2) –
## Failure to Follow Appellate Precedent to not Revoke Bonds Without Cause and Denying Bail Altogether

HCCLA and TCDLA complains that Judge Franklin has violated these Canons, not simply because a court of appeals found that she abused her discretion acting in the manner which she did in Joseph Gomez's case, revoking bonds and raising bail amounts of defendants without good and sufficient cause or findings to support doing so, but because she has <u>continued</u> to act in the same manner despite the court of appeals' ruling and binding precedent in Gomez's case.

15

Under the principle of vertical *stare decisis*, a district court judge has <u>no</u> right to decide cases contrary to an opinion of the appellate court for its jurisdiction on the same question.[19] Instead, judicial officers like Judge Franklin "must follow and be bound by a ruling of law made by a Court of Appeals until such ruling is overruled or set aside" by the Court of Criminal Appeals.[20]

It is important to note that *Gomez* was decided on Friday, August 7, 2020, that the court of appeals issued its mandate to take effect immediately, and, most importantly, as is standard practice, that decision and the court's orders were delivered to Judge Franklin <u>that same day</u>.[21] Even if Judge Franklin were to feign ignorance of the court of appeals' decision (for over a week), on Monday, August 17,  Defendant Tomas Larry Martinez filed an application for writ of habeas corpus directing Judge Franklin to the *Gomez* decision and requesting that she reinstate the original bonds that Martinez posted just as the court of appeals had ordered to be done in *Gomez*.[22] Judge Franklin denied Martinez's request, but set a new, higher bail amount of $40,000.00. Then, the following day, in Defendant Joe Anthony Ruiz's case, Judge Franklin continued her

---

[19] *Perez v. State*, 495 S.W.3d 374, 392 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (holding trial judges do not enjoy the freedom to ignore clear, binding precedent from a court of superior jurisdiction); *Mason v. State*, 416 S.W.3d 720, 728 n. 10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)).

[20] *Id.* (quoting *Hurt v. Oak Downs, Inc.*, 85 S.W.2d 294, 300 (Tex. Civ. App.—Dallas 1935, writ dism'd w.o.j.) (Bond, J., dissenting)).

[21] *See* Exhibit K (attached) Letter of Court of Appeals.

[22] *See* Exhibit L (attached) Application for Writ of Habeas Corpus re: Tomas Martinez.

pattern of illegally denying bail by revoking his bonds and denying bail by setting the amount in his case at $0. For Judge Franklin to feign ignorance would either be disingenuous or a reflection of her lack of competence and obligation to stay abreast of the law as required by Canon 3B(2).

In short, Judge Franklin has ignored the lawful authority of the hearing officers to consider and set appropriate bail amounts in these cases and, now, is ignoring the direct precedent of the court of appeals finding that she abused her discretion by revoking a defendant's bonds without good and sufficient cause and failing to make any valid findings to support the bond revocation.

Separate and apart from Judge Franklin's refusal to follow the precedent of an appellate court for her jurisdiction, she has also demonstrated a complete disrespect for the law by not just illegally revoking defendants' bonds, but by further ordering that the defendants be denied bail by setting the bail amount in each of their cases at $0.[23]

It is axiomatic that "the power to deny bail cannot and 'will not be used as an instrument of oppression.'"[24] With narrow exceptions not applicable here, Article I, section 11 of the Texas Constitution provides that "All prisoners shall be bailable by

---

[23] *See* Exhibits A, B, E, G – J.

[24] *Pharris v. State*, 165 S.W.3d 681, 689 (Tex. Crim. App. 2005) (quoting *Taylor v. State*, 667 S.W.2d 149, 151 (Tex. Crim. App. 1984)).

sufficient sureties, unless for capital offenses, when the proof is evident."[25] As stated in the interpretive commentary for that article,

> Bail functions as a complement to the Anglo-American presumption of innocence by permitting a person charged with a criminal offense to regain his liberty with some assurance of his presence at trial, by requiring him to give security, subject to forfeiture, if he fails to appear and answer before the proper court on the accusation brought against him.[26]

Several times, trial courts have been taken to task by appellate courts for failing to abide by this clear, constitutional mandate and denying bail to a defendants.[27] For instance, in *Ex parte Johnson*, the Court of Criminal Appeals held that the courts below engaged in a "series of unconscionable miscues" that resulted in the defendant in that case being held without bail for several months and ultimately granted him habeas relief.[28]

---

[25] TEX. CONST. art. I § 11 (West 2020) (emphasis added).

[26] TEX. CONST. art. I, § 11, Interpretive Commentary (West 2020). *See also O'Donnell*, 892 F.3d at 158 (quoting *Ex parte Davis*, 574 S.W.2d 166, 169 (Tex. Crim. App. 1978) and *Taylor v. State*, 667 S.W.2d 149, 151 (Tex. Crim. App. 1984) (en banc)) (the courts of our State "have sought to limit the imposition of 'preventive [pretrial] detention' as 'abhorrent to the American system of justice'" and that "'the power to ... require bail,' not simply the denial of bail, can be an 'instrument of [such] oppression.'").

[27] *Ex parte Johnson*, 876 S.W.2d 340, 341 (Tex. Crim. App. 1994); *Smith v. State*, 829 S.W.2d 885, 888 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *Gutierrez v. State*, 927 S.W.2d 783, 784 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *Queen v. State*, 842 S.W.2d 708, 711 (Tex. App.—Houston [1st Dist.] 1992, no pet.); Rodriguez v. State, No. 01-03-00764-CR, 2003 WL 22147563, at *1 (Tex. App.—Houston [1st Dist.] Sept. 16, 2003, no pet.) (mem. op., not designated for publication).

[28] *Johnson*, 876 S.W.2d at 341.

There is no question that this is the law and that judges like Judge Franklin are obligated to follow that law. As one court of appeals has so eloquently stated in a case where it found a trial court erred in denying a defendant bail:

> The trial and appellate courts of Texas have no "inherent powers" that permit them to ignore an express statutory or constitutional mandate. This fundamental tenet of our State's jurisprudence does not evaporate when a particular judge of such a court has a concern that a particular individual, accused of a crime, represents a risk to the public safety. Even if that concern is in some particular instance well-founded . . . it still has no such evaporative effect. The courts of this State are bound to follow the will of the people of this State, as that will is expressed by the people in the constitution and in the laws enacted by their duly elected representatives. On the current state of expression of that will, the trial court's concern about public safety is germane at most to the question of the *amount* of appellant's bail, not to whether he is to be admitted to bail at all.[29]

Here, Judge Franklin demonstrated over and over again her willingness to ignore the law. She ignored the lawful, appropriate decisions made by the hearing officers setting bail and granting personal bonds where appropriate. She ignored the binding precedent of the court of appeals finding that she abused her discretion by revoking a defendant's bonds without good and sufficient cause and without any findings to support her actions. And, worst of all, she is now ignoring an express constitutional mandate that she not deny defendants bail. In conclusion, she must be held accountable for her failure to "comply with the law," be "faithful to the law and . . . maintain professional competence in it" as required by Canons 2A and 3B(2) of the Code of Judicial Conduct.

---

[29] *Queen*, 842 S.W.2d at 711 (emphasis in original).

## VIOLATIONS OF CANONS 2A & 3B(8) –
## Failure to Afford Defendants Due Process

HCCLA and TCDLA further complains that Judge Franklin has violated these Canons in the <u>manner</u> in which she has acted illegally revoking defendants' bonds and denying them bail. In each of the cases referenced herein, Judge Franklin called each defendant up to her bench to stand there alone. By all accounts, they were unrepresented by counsel. Presumably, they were scared and had no idea what to expect. A prosecutor read off a hearsay statement of what is alleged. And then, all of a sudden, a bailiff grabbed them, took custody of them, and led them back to a holdover cell. It is unconscionable.

While Canon 3B(8) requires a judge to give "every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law," HCCLA and TCDLA maintains that, in the manner which Judge Franklin acted, each one of these defendants were functionally denied their right to be heard. More importantly, rather than promote "public confidence in the integrity and impartiality of the judiciary," as required by Canon 2A, her actions have done the exact opposite.

What does it say to the average person that you could be expected to show up in court, stand in front of a judge, and let that judge unilaterally decide your fate resulting in your unbounded incarceration? No attorney. No jury. No admissible evidence. In a span of a few minutes, each of these defendants — individuals who were supposed to be presumed innocent, who provided sufficient securities to insure their appearance,

complied with that obligation, and appeared before Judge Franklin — were being uni-laterally adjudged as if they were guilty and led away into a holding cell to be held for an undetermined amount of time. That sort of action in no way instills "public confi-dence in the integrity and impartiality of the judiciary." It amounts to a denial of one of our most fundamental tenets of law: due process.

The United States Supreme Court has noted that the "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[30] Stated more succinctly, "Failure to give notice violates 'the most rudimentary demands of due pro-cess of law.'"[31] And "[d]ue process is not satisfied where parties are not given prior notice of what is really at stake in a proceeding."[32]

It has been held that "due process requires the trial court to provide the defend-ant with reasonable notice that it intends to deny bail pending appeal and to allow the

---

[30] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

[31] *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S. Ct. 1187, 1190, 14 L. Ed. 2d 62 (1965)).

[32] *Smith v. State*, 993 S.W.2d 408, 416 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (Edelmen, J., dissenting) (citing *Lankford v. Idaho*, 500 U.S. 110, 119–28, 111 S. Ct. 1723, 114 L. Ed. 2d 173 (1991)).

defendant a meaningful opportunity to be heard."[33] Although those are cases of bail

pending appeal, HCCLA and TCDLA submits that the due process protections never-

theless apply — even more so because, whereas in the case of a person on bail pending

appeal where the State has overcome the presumption of innocence and proven guilt

beyond a reasonable doubt, in each of these cases, the defendants are still shrouded by

the presumption of innocence.[34] Each of these defendants appeared in court and had

no notice of what was about to take place. No notice that Judge Franklin intended to

revoke their bonds. No notice that Judge Franklin intended to deny them bail.

Even worse, these were unrepresented defendants and denied their fundamental

right to due process by having the assistance of counsel at a critical stage in the pro-

ceedings.[35] The Sixth Amendment provides that "[i]n all criminal prosecutions, the ac-

cused shall enjoy the right ... to have the Assistance of Counsel for his defence."[36] The

United States Supreme Court has recognized that "an element of this right is the right

of a defendant who does not require appointed counsel to choose who will represent

---

[33] *Robinson v. State*, 700 S.W.2d 710, 713 (Tex. App.—Houston [14th Dist.] 1985, no pet.); *see also Smith*, 993 S.W.2d at 412 ("[W]e still agree with the *Robinson* court that due process protections of notice and a reasonable opportunity to be heard attach to an appeal bond revocation based on an appellant's liberty interest.").

[34] *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.)("A defendant is entitled to the presumption of innocence on all charges, and the trial court, when setting bail, must strike a balance between that presumption and the State's interest in assuring that a defendant will appear for trial.").

[35] *See Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976).

[36] U.S. CONST. amend VI.

him."[37] So well-established is this rule that nearly 100 years ago, the Court stated, "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."[38] Each one of these defendants were expecting to be afforded the opportunity to request counsel to be appointed to represent them or the opportunity to retain their own counsel. Every time, they were denied that opportunity before Judge Franklin acted on their case.

Finally, although the Rules of Evidence do not apply in a number of enumerated circumstances, including in habeas proceedings and proceedings to <u>reduce</u> bond, Rule 101(e)(3)(C) specifically makes an exception to the exception in a "bail proceeding" to revoke and <u>increase</u> bail.[39] As such, it was incumbent upon Judge Franklin to consider and apply the rules. By all accounts, that is not what happened. Every time, the prosecutor would simply read a probable cause statement, that is, inadmissible hearsay.[40] And yet, Judge Franklin would use this inadmissible evidence to revoke the defendant's bond and, not just increase, but deny each defendant bail.

---

[37] *United States v. Gonzalez-Lopez,* 548 U.S. 140, 144, 126 S. Ct. 2557, 2561, 165 L. Ed. 2d 409 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L.Ed.2d 140 (1988)).

[38] *Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932).

[39] *See* TEX. R. EVID. 101(e)(3)(C); *Ex parte Graves*, 853 S.W.2d 701, 703–04 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

[40] *See Dawson v. State*, 477 S.W.2d 277, 279–80 (Tex. Crim. App. 1972); *Hill v. State*, 832 S.W.2d 724, 726 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

Judge Franklin's repeated denials of due process, one of the most "fundamental" of our constitutional rights, only magnifies the gravity of her actions. Her actions violated her obligation to "comply with the law and . . . act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and "accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law" as required by Canons 2A and 3B(8) of the Code of Judicial Conduct.

## SUPPORTING EVIDENCE

Attached to this complaint are the exhibits described herein to lend support the facts set forth including:

- Affidavit of David Cunningham, an attorney who was present in the 338th District Court on the morning of August 10, 2020 and personally witnessed Judge Franklin present by Zoom call Defendant Brian Smith up to appear before her without an attorney and then revoke his bond, set his bail at "no bond," and order that he be taking into custody.

- Affidavit of Defendant Brian Smith describing Judge Franklin's action taken against him on August 10, 2020.

- Copies of filings with the District Clerk reflecting the actions taken by Judge Franklin against the defendants.

## **CONCLUSION**

This Commission must take immediate, appropriate action to stop Judge Franklin's illegal actions and send a clear message to other judges in the county and around the State who continually disregard the law regarding bail for criminal defendants. Judge Franklin has engaged in this behavior now for too long and continues to blatantly ignore the law. Furthermore, she has set an example for other district court judges in Harris County, some of whom our organizations' members have observed engaging in the same, unlawful conduct (and who are being investigated and considered for their own respective complaints). "If Judge Franklin is doing it, then I guess I can to" appears to be a mantra accepted by some in our judiciary.

It also stands to be considered that the legal remedy for correcting this judicial misbehavior is an imperfect one. In many of these cases, when a defendant challenges the unconstitutional and illegal revocation of bond and denial of bail, like Tomas Larry Martinez, judges like Judge Franklin will "remedy" their unconstitutional act by setting a new bail amount at a later date and think "no harm, no foul." This blatantly overlooks the fact that a defendant like Martinez has sat in custody denied bail for over a week, potentially losing their jobs, income, and ability to support others, and then have to pay more money on top of what they initially paid to secure their release. In addition to the typical concerns brought about by unlawful confinement, these defendants were each

forced back into custody in a jail struggling to deal with pandemic conditions and exposure to COVID-19 that is almost impossible to contain in jail circumstances.[41]

Even worse, for others like Joseph Gomez, they may not be as fortunate to have a new bail amount set that they can afford. Some have spent all their funds to pay for the first bond that is then illegally revoked by judges like Judge Franklin and therefore cannot afford to pay a second bail amount (if one is set). As such, they are forced to sit in custody for months while an application for writ of habeas corpus is filed and then appealed to the court of appeals. It cannot be overlooked that Gomez had to sit in jail for 269 days as a result of Judge Franklin's unlawful action before the court of appeals corrected her and released Gomez on his original bonds. The need to act is immediate.

HCCLA and TCDLA respectfully requests this Commission to find that Judge Franklin violated the Canons of the Code of Judicial Conduct as set out herein and take appropriate action against her as authorized by its authority under Article V, Section 1-a of the Texas Constitution.

---

[41] *See* "Harris County Jail faces a new threat: Inmates who caught COVID on the outside," by Zach Despart, Houston Chronicle, July 29, 2020 <available at www.houstonchronicle.com/news/Houston-texas/Houston/ article/Harris-County-Jail-outbreak-faces-new-threat-15441206.php> (last visited August 8, 2020).

Respectfully submitted,

_____

**Mark Thiessen**
President, Harris County Criminal Lawyers Association
on behalf of the
Harris County Criminal Lawyers Association
P.O. Box 924523
Houston, TX 77292-4523
(713) 227-2404

_____

**Grant Scheiner**
President, Texas Criminal Defense Lawyers Association
on behalf of the
Texas Criminal Defense Lawyers Association
6808 Hill Meadow Drive
Austin, TX 78736
(512) 478-2514

**Exhibit A**

Case Filings in the case, *State of Texas v. Kiara Bennett*
Case no. 1685299 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

338 Pend

THE STATE OF TEXAS
VS.
**KIARA BENNETT**
**6307 SPRIGG ST**
**FULSHEAR, TX 77441**

SPN: 03053384
DOB: **B F 01/04/2001**
DATE PREPARED: 8/8/2020

D.A. LOG NUMBER: **2662375**
CJIS TRACKING NO.: **9268125668A001**
BY: **ZG** DA NO: **2620288**
AGENCY:**SHF**
O/R NO: **200802579**
ARREST DATE: 08/07/2020

NCIC CODE: **1399 23**

RELATED CASES:

FELONY CHARGE: **Assault**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

**1685299**
**338**

COURT ORDERED BAIL: **REFERRED TO (15.17)**
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **KIARA BENNETT**, hereafter styled the Defendant, heretofore on or about **August 7, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to K. Carter, hereinafter called the Complainant, a peace officer, by striking the Complainant with her foot , and at the time of the assault the defendant knew the complainant was a peace officer lawfully discharging an official duty.

**FILED**
Marilyn Burgess
District Clerk

AUG 0 8 2020

Time: 1400
Harris County, Texas
By: 13m
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on August 08, 2020

Duly attested by me on August 08, 2020

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. 00792733

**COMPLAINT**

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. <u>168529901010</u>          SPN: <u>03053384</u>          DATE/TIME OF ARREST:<u>8/7/2020 10:00 PM</u>

THE STATE OF TEXAS                          §          <u>IN THE 338th DISTRICT COURT</u>
v.                                          §
<u>BENNETT, KIARA</u>                            §          HARRIS COUNTY, TEXAS
DOB:<u>January 4, 2001</u>

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**2ND DEGREE FELONY**</u>, namely, <u>**ASSAULT PEACE OFFICER/JUDGE**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?** ☐ **NO** ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Henderson, Chris</u>
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☐ **NO** ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

**CONSULAR NOTIFICATION:** If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a: ☒ United States citizen ☐ foreign national of (country).
☐ **The accused requests notification of consular officials.**
☐ **MANDATORY NOTIFICATION:** The clerk shall immediately alert the above country's consulate of this arrest.

If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| | | |

| Passport Number | Date Issued | Place Issued |
|---|---|---|
| | | |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒  SEE NEXT PAGE FOR BAIL ORDER

<u>August 09, 2020 2:05 AM</u>                                          02328033
**Date and Time**          **Magistrate (Judge or Hearing Officer)**          **Interpreter (if applicable)**
Magistrate Eva Flores (SPN 02328033)          (Rev. July 24, 2018)          Page 1 of 2

CAUSE NO. <u>168529901010</u>

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>BENNETT, KIARA</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A.  DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No DA Bail Request
  ☐ Higher _____
  ☐ Lower _____
  ☒ No Bail

**B.  PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No PD Bail Request
  ☐ Higher _____
  ☒ Lower $5,000.00
  ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn:  ☒ Yes
☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:**   ☐ No Bail   ☒ <u>$10,000.00_____</u>
☐ Conditions

**Personal bond is:**   ☐ Not Approved   <u>On RIC PTRB - PCS (4/3/20); conditions incl. no drugs, RUA. NLR.</u>
<u>No HC convictions or holds.</u>
☒ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>August 09, 2020 2:05 AM</u>

_02328033_

_____

**Date and Time**

**Magistrate (Judge or Hearing Officer)**

**Interpreter (if applicable)**

Magistrate **Eva Flores** (SPN **02328033**)        (Rev. July 24, 2018)        Page 2 of 2

Filed 20 August 10 P2:23
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168529901010**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **IN THE 338th DISTRICT** |
| **V.** | § | **COURT** |
| | § | **HARRIS COUNTY, TEXAS** |
| BENNETT, KIARA | § | |
| | § | |
| A/K/A : | § | |

### COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒      Bond REVOKED.  New bond set at $0.
         Defendant remanded to the custody of the sheriff.

☐      MOTION TO ADJUDICATE GUILT filed.
         Bond set at $.  Defendant remanded to the custody of the sheriff.

☐      Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☐      Defendant remanded to custody by order of the court.

☐      Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/10/2020**.

MARILYN BURGESS,
District Clerk, Harris County, Texas

By Deputy A GUZMAN DELGADO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SHERIFF'S RETURN

Received this Writ on _____at _____o'clock_AM/PM_, and executed the same on _____by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

**Exhibit B**

Case Filings in the case, *State of Texas v. Brian Smith*
Case no. 1685356 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

THE STATE OF TEXAS
VS.
**BRIAN SMITH**
**13101 BRIAR FOREST DRIVE #6505**
**HOUSTON, TX 77077**

SPN: 02830114 **02830114**
DOB: **W M 11/04/1994**
DATE PREPARED: **8/8/2020**

D.A. LOG NUMBER: **2662456**
CJIS TRACKING NO.: **9268126060-A001**
BY: **EMG** DA NO: **50792733**
AGENCY:**HPD**
O/R NO: **104229720**
ARREST DATE: **08/08/2020**

NCIC CODE: **1314 08**          RELATED CASES:

FELONY CHARGE:  **Assault of Family Member -Impeding Breathing**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:          **1685356**
FIRST SETTING DATE:                        **338**

COURT ORDERED BAIL: **$REFERRED TO 15.17**
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **BRIAN SMITH**, hereafter styled the Defendant, heretofore on or about **August 8, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to Barron Brooks, hereafter styled the Complainant, a member of the Defendant's household and a person with whom the Defendant had a dating relationship, by impeding the normal breathing and circulation of the blood of the Complainant by applying pressure to the Complainant's throat.

**FILED**
Marilyn Burgess
District Clerk

AUG 0 9 2020

Time:_____
Harris County, Texas
By_____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on  August 08, 2020

_____
AFFIANT

Duly attested by me on August 08, 2020

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No.

**COMPLAINT**

CAUSE NO. **168535601010**       SPN: **02830114**                    DATE/TIME OF ARREST: **8/8/2020 10:00 AM**

THE STATE OF TEXAS                            §        IN THE 338th DISTRICT COURT
v.                                            §
**SMITH, BRIAN**                              §        HARRIS COUNTY, TEXAS
DOB: November 4, 1994

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of **3RD DEGREE FELONY**, namely, **ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU**.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?**   ☐ **NO**   ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender Toledo, Dulce
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☐ **NO**   ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

CONSULAR NOTIFICATION: If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a:  ☒ United States citizen   ☐ foreign national of (country).
☐ The accused requests notification of consular officials.
☐ MANDATORY NOTIFICATION: The clerk shall immediately alert the above country's consulate of this arrest.
If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐   The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒   The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐   Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒   SEE NEXT PAGE FOR BAIL ORDER

August 09, 2020 10:58 AM                    _Lisa A Porter_  1676089
**Date and Time**                    **Magistrate (Judge or Hearing Officer)**              **Interpreter (if applicable)**
Magistrate Lisa Porter (SPN **01676089**)                    (Rev. July 24, 2018)                    Page 1 of 2

CAUSE NO. <u>168535601010</u>

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>SMITH, BRIAN</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

- ☐ Personal Bond Recommended
- ☐ Personal Bond **NOT** Recommended
- ☒ Personal Bond Recommendation referred to Magistrate
- ☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A. DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☒ Opposed
  ☐ No Position
- Bail Request ☐ No DA Bail Request
  ☐ Higher _____
  ☒ Lower $25,000.00
  ☐ No Bail

**B. PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No PD Bail Request
  ☐ Higher _____
  ☒ Lower $5,000.00
  ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn: ☒ Yes
                   ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:** ☐ No Bail   ☒ $15,000.00 _____
                   ☐ Conditions

**Personal bond is:** ☐ Not Approved   <u>NLR // GFtrying to leave, def grabbed her threw her on bed and strangled her, she ran into bathroom, he broke into bathroom and strangled her again, she bit his finger, she fled the apartment with out a top on to  escape and asked some passersby to call police, she said he has not been violent in the past, he says she is homeless and has no where else to stay and is off of her medication and all he did was hold her to keep her from leaving bc she did not have clothes on, officer bruising on her face and neck area// nvca=no 1/1 // moep issued</u> _____
☒ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

_Lisa A Porter_  1676089

August 09, 2020 10:58 AM

| **Date and Time** | **Magistrate (Judge or Hearing Officer)** | **Interpreter (if applicable)** |

Magistrate **Lisa Porter** (SPN **01676089**)                      (Rev. July 24, 2018)                                    Page 2 of 2

Unofficial Copy Office of Marilyn Burgess District Clerk

Filed 20 August 10 P3:24
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168535601010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | IN THE 338th DISTRICT |
| V. | § | COURT |
| | § | HARRIS COUNTY, TEXAS |
| SMITH, BRIAN | § | |
| | § | |
| A/K/A : SMITH, BRIAN | § | |

## COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒      Bond REVOKED. New bond set at $0.
            Defendant remanded to the custody of the sheriff.

☐      MOTION TO ADJUDICATE GUILT filed.
            Bond set at $. Defendant remanded to the custody of the sheriff.

☐      Defendant found guilty. No bond set. Defendant remanded to the sheriff.

☐      Defendant remanded to custody by order of the court.

☐      Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/10/2020**.

                        MARILYN BURGESS,
                        District Clerk, Harris County, Texas

                        By Deputy A GUZMAN DELGADO

*********************************************************************************

SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock__AM/PM__, and executed the same on _____ by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

**Exhibit C**

Affidavit of the Brian Smith, Defendant in the case, *State of Texas v. Brian Smith*
Case no. 1685356 in the 338th District Court of Harris County, Texas

STATE OF TEXAS　　　　　　　§
　　　　　　　　　　　　　　　§
HARRIS COUNTY　　　　　　　§

## AFFIDAVIT

Before me, the undersigned authority, personally appeared **BRIAN SMITH** who being by me duly sworn, deposed as follows:

"My name is **BRIAN SMITH**. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the defendant charged in cause number 1685356 pending in the 338th District Court of Harris County, Texas. On August 8, 2020, I was arrested and charged with the felony offense of assault family member choking. On August 9, 2020, I appeared before a Harris County criminal law hearing officer along with an appointed public defender assigned to represent me for that hearing. The officer set my bail amount at $15,000.00 and further granted my release on personal bond which I signed. I was released from the Harris County Jail later that day and given instructions to appear in the 338th District Court the following morning. I did in fact appeared on Monday, August 10, 2020 and intended to ask the court for time to hire an attorney. The judge, Judge Ramona Franklin, appeared by Zoom and called me to approach the monitor. She asked the prosecutor to give her a summary of my case. She then ordered me to have no contact with the alleged victim. Then, to my surprise, the judge stated that she was revoking my bond, taking me back into custody, and setting my bail amount at $0. My family hired Dustan Neyland to represent me after

this. He was able to go in front of a visiting judge the following day and get my bail amount set at $5,000.00 which my family posted. I was subsequently released from jail.

_____
Affiant

    Sworn to and subscribed before me on the ___18th___ day of ___August___, 2020 .



_____
Notary Public

**Exhibit D**

Affidavit of David Cunningham

## AFFIDAVIT OF DAVID CUNNINGHAM

Before me, the undersigned authority, on this day personally appeared David Cunningham who did depose and state as follows:

My name is David Cunningham. I am over the age of eighteen and there is no legal impediment to making this affidavit and I do so with knowledge of the pains and penalties of perjury.

I am a lawyer licensed to practice law in the State of Texas. I have been so licensed since November 5, 1982. My State Bar number is 05234400. My office address is 2814 Hamilton, Houston, Texas 77004-1232. My office number is 713.225.0325 and my email address is Cunningham709@yahoo.com.

I am making this affidavit because I have personal knowledge of the events that happened in the 338th Judicial District Court of Harris County, Texas on August 10, 2020. On that morning, I appeared in person with my client in Cause No. 1672362. Judge Franklin called our case and dealt with the bond matters related to Cause No. 1672362. My client, who had an open warrant, was then taken into custody and taken to the holdover. I remained in the courtroom.

After dealing with my case, the Court called the case of Brian Smith. Mr. Smith was in the hallway and the bailiff brought him before the Court. I remember Mr. Smith saying something about "his" or "a" lawyer as the bailiff positioned him so that the Court see him via Zoom. The Court in turn said something about an appointed lawyer, but I did not catch her complete comment regarding counsel. While I was present in the court at counsel table, Judge Franklin revoked Mr. Smith's personal bond and raised the case to no bond and remanded him to custody. Mr. Smith was then taken directly into custody. I remember scratching my head, questioning whether her actions complied with **Ex Parte Gomez** an opinion that had been handed down by the Court of Appeals the previous Friday. On August 10, 2010, I had not read **Gomez**, but was generally aware of the gist of the opinion dealing with Judge Franklin's practices regarding revoking bonds previously set by hearing officers/magistrates. **Gomez** had been the subject of discussion on the members listserv of the Harris County Criminal Lawyers Association (HCCLA) after the opinion came out on August 7, 2020.

I went into the back to talk to my client who was in the holdover cell. Mr. Smith was also in the holdover. He appeared to be confused about what happened and was attempting to contact family members to advise him of his situation.

David Cunningham

Sworn and subscribed to before me on this 20th day of August 2020 to certify which witness my seal and signature.



Notary Public in and for
Harris County, Texas

My commission expires:

**Exhibit E**

Case Filings in the case, *State of Texas v. Tomas Lara Martinez*
Case no. 1685375 in the 338th District Court of Harris County, Texas

including

- the felony complaint (with bail amount set thereupon at $25,000)
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

THE STATE OF TEXAS
VS.
**TOMAS LARA MARTINEZ**
**7816 NARCISSUS ST**
**HOUSTON, TX 770123642**

SPN: 00703484
DOB: W M 10/03/1966
DATE PREPARED: 8/9/2020

D.A. LOG NUMBER: **2662556**
CJIS TRACKING NO.: **9268126869A001**
BY: **BL** DA NO: **2850257**
AGENCY:**HPD**
O/R NO: **104413120**
ARREST DATE: **08/08/2020**

NCIC CODE: **5404 08**                    RELATED CASES:

FELONY CHARGE: **DRIVING WHILE INTOXICATED**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:         **1685375**
FIRST SETTING DATE:                      **338**

COURT ORDERED BAIL: **$25000**
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **TOMAS LARA MARTINEZ**, hereafter styled the Defendant, heretofore on or about **August 8, 2020**, did then and there unlawfully, operate a motor vehicle in a public place while intoxicated.

It is further presented that before the commission of the offense alleged above, on October 13, 1989, the Defendant was convicted of the offense of driving while intoxicated in Cause No. 8930396 in County Criminal Court at Law No. 5, Harris County, Texas.

It is further presented that before the commission of the offense alleged above, on August 25, 2010, the Defendant was convicted of the offense of driving while intoxicated in Cause No. 1699219 in County Criminal Court at Law No. 14, Harris County, Texas.

**FILED**
Marilyn Burgess
District Clerk

AUG 09 2020

Time: ___0719___
Harris County, Texas

By___FF___
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on __August 09, 2020__

_____
AFFIANT

Duly attested by me on __August 09, 2020__

SBOT# 24068895

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No.

**COMPLAINT**

Unofficial Copy Office of Marilyn Burgess District Clerk

Filed 20 August 10 P3:03
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168537501010**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **IN THE 338th DISTRICT** |
| **V.** | § | **COURT** |
| | § | **HARRIS COUNTY, TEXAS** |
| MARTINEZ, TOMAS LARRY | § | |
| | § | |
| A/K/A : MARTINEZ, TOMAS LARRY AKA | § | |
| ORTIZ, RAMON GARZA | | |

## COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒ Bond REVOKED.  New bond set at $0.
Defendant remanded to the custody of the sheriff.

☐ MOTION TO ADJUDICATE GUILT filed.
Bond set at $.  Defendant remanded to the custody of the sheriff.

☐ Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☐ Defendant remanded to custody by order of the court.

☐ Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/10/2020**.

MARILYN BURGESS,
District Clerk, Harris County, Texas

By Deputy A GUZMAN DELGADO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock<u>AM/PM</u>, and executed the same on _____by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit F**

Affidavit of the Tomas Martinez, Defendant in the case, *State of Texas v. Tomas Martinez*
Case no. 1685375 in the 338th District Court of Harris County, Texas

(to be submitted at a later date)

**Exhibit G**

Case Filings in the case, *State of Texas v. Joseph Rene Gonzales*
Case no. 1685006 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive setting the new bond at $0 "PER JUDGE FRANKLIN"

THE STATE OF TEXAS
VS.
**JOSEPH RENE GONZALES**
**3720 CREEKMONT**
**HOUSTON, TX 77091**

**02508349**

SPN: 02508349
DOB: P M 12/02/1992
DATE PREPARED: 8/6/2020

D.A. LOG NUMBER: 2661796
CJIS TRACKING NO.: 9268120321A001
BY: **RH**  DA NO: 2963459
AGENCY:**HPD**
O/R NO: 103056720
ARREST DATE: 08/05/2020

NCIC CODE: **1399 09**                    RELATED CASES:

FELONY CHARGE:  **Assault - Family Violence - 2nd Offender**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:      **1685006**
FIRST SETTING DATE:                              **338**

COURT ORDERED BAIL: **REFERRED TO**
(15.17)
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **JOSEPH RENE GONZALES**, hereafter styled the Defendant, heretofore on or about **August 5, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to Jose DeLaFuente, hereafter styled the Complainant, a member of the Defendant's family, by striking the Complainant the Complainant with a foreign object.

It is further presented that in Harris County, Texas, Joseph Rene Gonzalez, hereafter styled the Defendant, heretofore on or about August 5, 2020, did then and there unlawfully, intentionally and knowingly cause bodily injury to Jose DeLaFuente, hereafter styled the Complainant, a member of the Defendant's family, by striking the Complainant with his hand.

It is further presented that before the commission alleged above, the Defendant, on August 18, 2016, in the County Criminal Court at Law No. 1 of Harris County, Texas, in Cause No. 2103477, was convicted of Assault of a Family Member which was committed against a member of the Defendant's family.

Before the commission of the offense alleged above, on May 26, 2017, in Cause No. 152337, in the 184th District Court of Harris County, Texas, the Defendant was convicted of the felony offense of Aggravated Assault of a Family Member.

**F I L E D**
Marilyn Burgess
District Clerk

AUG 0 6 2020

Time: 1:00
Harris County, Texas

By _____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on August 06, 2020

_____
AFFIANT

Duly attested by me on August 06, 2020

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. 24050254

**COMPLAINT**

CAUSE NO. <u>168500601010</u>          SPN: <u>02508349</u>          DATE/TIME OF ARREST:<u>8/5/2020 06:48 PM</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | <u>IN THE 338th DISTRICT COURT</u> |
| v. | § | |
| <u>GONZALES, JOSEPH RENE</u> | § | HARRIS COUNTY, TEXAS |
| DOB:<u>December 2, 1992</u> | | |

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**3RD DEGREE FELONY**</u>, namely, <u>**ASSLT FAM/HOUSEHOLD MEM W/PREV CONV**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?** ☐ **NO** ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Jones, Mandy</u>
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☐ **NO** ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

CONSULAR NOTIFICATION: If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a: ☒ United States citizen ☐ foreign national of (country).
☐ The accused requests notification of consular officials.
☐ MANDATORY NOTIFICATION: The clerk shall immediately alert the above country's consulate of this arrest.
If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒  SEE NEXT PAGE FOR BAIL ORDER

<u>August 06, 2020 22:58 PM</u>
**Date and Time**                    **Magistrate (Judge or Hearing Officer)**            **Interpreter (if applicable)**

Magistrate Jennifer Gaut (SPN 02462297)                    (Rev. July 24, 2018)                    Page 1 of 2

CAUSE NO. <u>168500601010</u>

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>GONZALES, JOSEPH RENE</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

- ☐ Personal Bond Recommended
- ☐ Personal Bond **NOT** Recommended
- ☒ Personal Bond Recommendation referred to Magistrate
- ☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A.  DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond  ☐ Requested  ☒ Opposed
  - ☐ No Position
- Bail Request  ☐ No DA Bail Request
  - ☐ Higher _____
  - ☒ Lower $50,000.00
  - ☐ No Bail

**B.  PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond  ☒ Requested  ☐ Opposed
  - ☐ No Position
- Bail Request  ☐ No PD Bail Request
  - ☐ Higher _____
  - ☒ Lower $5,000.00
  - ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn:   ☒ Yes
                    ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:**   ☐ No Bail   ☒ $25,000.00 _____
                               ☐ Conditions

**Personal bond is:**  ☒ Not Approved   <u>CW is Def's Father. Def appears to have 16.22 / IDD issues. Def scores 4/2 (ave risk) on PSA - no pending charges, no FTA, yes to prior misd / felony / violent [3] conv. Def has prior assaultive convictions. Def is 27 yrs of age, has lived into Houston entire life.  MOEP issued.</u>
                       ☐ Approved  ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>August 06, 2020 22:58 PM</u>

**Date and Time**            **Magistrate (Judge or Hearing Officer)**        **Interpreter (if applicable)**

Magistrate **Jennifer Gaut** (SPN 02462297)            (Rev. July 24, 2018)            Page 2 of 2

## COURT DIRECTIVE C87 / BOND SET/MODIFICATION

CAUSE NO. 168500601010

T H E   S T A T E   O F   T E X A S          IN THE 338th DISTRICT COURT

      VS.

GONZALES, JOSEPH RENE                    OF HARRIS COUNTY, TEXAS

OFFENSE: ASSLT FAM/HOUSEHOLD MEM W/PREV CONV

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:   GREETINGS

      BY ORDER OF THE COURT ON August 10, 2020, A.D.  THE FOLLOWING ACTION IS DIRECTED IN THE ABOVE STYLED AND NUMBERED CAUSE:

      BOND  SET  TO $0

      YES  THE COURT HAS ORDERED THE FOLLOWING BAIL OPTIONS:PER JUDGE FRANKLIN

      CONDITIONS OF BOND: Please select

BAIL SET AS TO WITNESS ONLY:  SPN:         NAME:

NOTES TO SHERIFF:  BOND SET TO $0

WITNESS MY HAND AND SEAL OF OFFICE AT HOUSTON, TEXAS, THIS  August 10, 2020 14:29 PM

      Marilyn Burgess, DISTRICT CLERK

      HARRIS COUNTY, TEXAS

      BY:

      A GUZMAN DELGADO

SNU: 997

BOND SET

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit H**

Case Filings in the case, *State of Texas v. Franciso Sanmiguel Garza*
Case no. 1685502 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

5 0 ?

338

THE STATE OF TEXAS
VS.
**FRANCISCO SANMIGUEL GARZA**
**450 E ROGERS ST, APT #2311**
**HOUSTON, TX 77022**

SPN: **02316455**
DOB: W M 04/27/1990
DATE PREPARED: 8/10/2020

D.A. LOG NUMBER: **2662828**
CJIS TRACKING NO.: **9268129183A001**
BY: **EH**  DA NO: **2620288**
AGENCY:**HPD**
O/R NO: **104924820**
ARREST DATE: **08/09/2020**

NCIC CODE: **1314 08**            RELATED CASES:

FELONY CHARGE:  **Assault of Family Member -Impeding Breathing**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:            **1685502**
FIRST SETTING DATE:                                              **338**

COURT ORDERED BAIL: **REFERRED TO**
**(15.17)**
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **FRANCISCO SANMIGUEL GARZA**, hereafter styled the Defendant, heretofore on or about **August 9, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to Diana Benavidez, hereafter styled the Complainant, a person with whom the Defendant had a dating relationship, by impeding the normal breathing and circulation of the blood of the Complainant by applying pressure to the Complainant's throat and by applying pressure to the Complainant's neck.

**F I L E D**
**Marilyn Burgess**
**District Clerk**

AUG 1 0 2020

Time:_____0850_____

Harris County, Texas

By_____
**Deputy**

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Signed and sworn by me on August 10, 2020            Duly attested by me on August 10, 2020

_____            _____

AFFIANT                                                               ASSISTANT DISTRICT ATTORNEY
                                                                            OF HARRIS COUNTY, TEXAS
                                                                            Bar No. 2 4 0 6 3 0 2 7

**COMPLAINT**

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. <u>168550201010</u>          SPN: <u>02316455</u>          DATE/TIME OF ARREST: <u>8/9/2020 11:40 PM</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | <u>IN THE 338th DISTRICT COURT</u> |
| v. | § | |
| <u>GARZA, FRANCISCO SANMIGUEL</u> | § | HARRIS COUNTY, TEXAS |
| DOB: <u>April 27, 1990</u> | | |

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**3RD DEGREE FELONY**</u>, namely, <u>**ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?** ☐ **NO** ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Hoang, Bao-Long</u> (print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?** ☐ **NO** ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, (if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

**CONSULAR NOTIFICATION:** If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a: ☒ United States citizen ☐ foreign national of (country).

☐ **The accused requests notification of consular officials.**

☐ **MANDATORY NOTIFICATION:** The clerk shall immediately alert the above country's consulate of this arrest.

If you are a foreign national, please provide the following information:

| | | |
|---|---|---|
| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒ SEE NEXT PAGE FOR BAIL ORDER

<u>August 10, 2020 14:35 PM</u>

| | | |
|---|---|---|
| **Date and Time** | **Magistrate (Judge or Hearing Officer)** | **Interpreter (if applicable)** |
| Magistrate **jim callan** (SPN **53651900**) | (Rev. July 24, 2018) | Page 1 of 2 |

CAUSE NO. <u>168550201010</u>

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>GARZA, FRANCISCO SANMIGUEL</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

- ☐ Personal Bond Recommended
- ☐ Personal Bond **NOT** Recommended
- ☒ Personal Bond Recommendation referred to Magistrate
- ☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A.  DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  - ☐ No Position
- Bail Request ☐ No DA Bail Request
  - ☐ Higher _____
  - ☒ Lower $30,000.00
  - ☐ No Bail

**B.  PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  - ☐ No Position
- Bail Request ☐ No PD Bail Request
  - ☐ Higher _____
  - ☒ Lower $3,000.00
  - ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn: ☒ Yes
                   ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:** ☐ No Bail     ☒ $5,000.00 _____
                               ☐ Conditions

**Personal bond is:** ☒ Not Approved    /// MTN BND CNDTNS & MOEP /// HC: NONE ///  GRANT MOEP /// _____
                   ☐ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>August 10, 2020 14:35 PM</u>
**Date and Time**
Magistrate **jim callan** (SPN **53651900**)

_James McCallan # 53651900_
**Magistrate (Judge or Hearing Officer)**
(Rev. July 24, 2018)

_____
**Interpreter (if applicable)**
Page 2 of 2



CAUSE NO. **168550201010**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **IN THE 338th DISTRICT** |
| **V.** | § | **COURT** |
| | § | **HARRIS COUNTY, TEXAS** |
| GARZA, FRANCISCO SANMIGUEL | § | |
| | § | |
| A/K/A : GARZA, FRANCISCO SAN M AKA | | |
| GARZA, FRANCISCO SAN MIGU AKA | § | |
| GARZA, FRANCISCO SAN MIGUEL II | | |

### COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒     Bond REVOKED.  New bond set at $0.
       Defendant remanded to the custody of the sheriff.

☐     MOTION TO ADJUDICATE GUILT filed.
       Bond set at $.  Defendant remanded to the custody of the sheriff.

☐     Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☒     Defendant remanded to custody by order of the court.

☐     Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/11/2020**.

                MARILYN BURGESS,
                District Clerk, Harris County, Texas

                *Felicia Ayala*

                By Deputy F AYALA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock<u>AM/PM</u>, and executed the same on _____ by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit I**

Case Filings in the case, *State of Texas v. Moises Perales*
Case no. 1686092 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

THE STATE OF TEXAS
VS.

**01859590**

D.A. LOG NUMBER: 2663739
CJIS TRACKING NO.: 9268136805A001

**MOISES PERALES**
**5112 MOHAWK ST**
**HOUSTON, TX 77093**

SPN: 01859590
DOB: **W M 05/10/1984**
DATE PREPARED: 8/14/2020

BY: **MRM**  DA NO: 2533916
AGENCY:**SHF**
O/R NO: 200804844
ARREST DATE: 08/13/2020

NCIC CODE: **1399 09**             RELATED CASES:

FELONY CHARGE:  **Assault - Family Violence - 2nd Offender**

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:             **1686092**
FIRST SETTING DATE:                          **338**

COURT ORDERED BAIL: **REFERRED TO**
**(15.17)**
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **MOISES PERALES**, hereafter styled the Defendant, heretofore on or about **August 13, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to Cynthia Martin, hereafter styled the Complainant, a member of the Defendant's family and a person with whom the Defendant had a dating relationship, by grabbing the Complainant with hand.

It is further presented that before the commission alleged above, the Defendant, on March 3, 2005, in the District Court of Scott County, Iowa, in Cause No. 07821SRCR273340, was convicted of Domestic Abuse Assault which was committed against a member of the Defendant's family, a member of the Defendant's household and a person with whom the Defendant had a dating relationship.

**FILED**
**Marilyn Burgess**
**District Clerk**

AUG 1 4 2020

Time: _____
Harris County, Texas
By _____
Deputy

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

Signed and sworn by me on  August 14, 2020

_____
AFFIANT

Duly attested by me on  August 14, 2020

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. _____

**COMPLAINT**

CAUSE NO. <u>168609201010</u>        SPN: <u>01859590</u>                    DATE/TIME OF ARREST:<u>8/13/2020 06:00 PM</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | <u>IN THE 338th DISTRICT COURT</u> |
| v. | § | |
| <u>PERALES, MOISES</u> | § | HARRIS COUNTY, TEXAS |
| DOB:<u>May 10, 1984</u> | | |

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**3RD DEGREE FELONY**</u>, namely, <u>**ASSLT FAM/HOUSEHOLD MEM W/PREV CONV**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?**    ☐ **NO**    ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Hundemer, Robert</u>
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☐ **NO**    ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

**CONSULAR NOTIFICATION:** If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

**The accused is a:**  ☒ United States citizen  ☐ foreign national of (country).
☐ **The accused requests notification of consular officials.**
☐ **MANDATORY NOTIFICATION:** The clerk shall immediately alert the above country's consulate of this arrest.
If you are a foreign national, please provide the following information:

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
| _____ | _____ | _____ |
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒ SEE NEXT PAGE FOR BAIL ORDER

| | | |
|---|---|---|
| <u>August 14, 2020 11:16 AM</u> | _~signature~_  0212 14 00 | _____ |
| **Date and Time** | **Magistrate (Judge or Hearing Officer)** | **Interpreter (if applicable)** |

CAUSE NO. <u>168609201010</u>

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>PERALES, MOISES</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A.  DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☐ Opposed
  - ☐ No Position
- Bail Request ☐ No DA Bail Request
  - ☐ Higher _____
  - ☒ Lower $15,000.00
  - ☐ No Bail

**B.  PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  - ☐ No Position
- Bail Request ☐ No PD Bail Request
  - ☐ Higher _____
  - ☒ Lower $3,000.00
  - ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn:  ☒ Yes
              ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:**   ☐ No Bail   ☒ $15,000.00 _____
              ☐ Conditions

**Personal bond is:**   ☐ Not Approved  _____
              ☒ Approved ☒ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>August 14, 2020 11:16 AM</u>
**Date and Time**

_Cleo_ 0212 14 00
**Magistrate (Judge or Hearing Officer)**

_____
**Interpreter (if applicable)**

Magistrate **Courtney St.Julian** (SPN **02129400**)              (Rev. July 24, 2018)              Page 2 of 2

Filed 20 August 17 P12:32
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168609201010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | IN THE 338th DISTRICT |
| V. | § | COURT |
| | § | HARRIS COUNTY, TEXAS |
| PERALES, MOISES | § | |
| | § | |
| A/K/A : PERALES, MOISES | § | |

## COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒ Bond REVOKED.  New bond set at $0.
Defendant remanded to the custody of the sheriff.

☐ MOTION TO ADJUDICATE GUILT filed.
Bond set at $.  Defendant remanded to the custody of the sheriff.

☐ Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☐ Defendant remanded to custody by order of the court.

☐ Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/17/2020**.

MARILYN BURGESS,
District Clerk, Harris County, Texas

*Felicia Ayala*

By Deputy F AYALA

*******************************************************************************

SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock<u>AM/PM</u>, and executed the same on _____ by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

**Exhibit J**

Case Filings in the case, *State of Texas v. Joe Anthony Ruiz*
Case no. 1686498 in the 338th District Court of Harris County, Texas

including

- the felony complaint
- the statutory warnings by magistrate - probable cause for further detention – PR bond/bail order
- the court directive, revoking the defendant's bond, remanding them to the custody of the sheriff, and setting the new bond at $0.

| | | |
|---|---|---|
| THE STATE OF TEXAS | | D.A. LOG NUMBER: **2664636** |
| VS. | ——— | CJIS TRACKING NO.: **9268144697A001** |
| **JOE ANTHONY RUIZ** | SPN: **02959798** | BY: **AA** DA NO: **1892669** |
| **611 DORCHESTER ST** | DOB: **W M 06/09/1999** | AGENCY: **HPD** |
| **HOUSTON, TX 77022** | DATE PREPARED: **8/17/2020** | O/R NO: **108309420** |
| | | ARREST DATE: **08/17/2020** |

NCIC CODE: **1399 03**         RELATED CASES:

FELONY CHARGE: **Assault of Family Member Second Offender and Impeding Breathing**

| | | |
|---|---|---|
| CAUSE NO: | | COURT ORDERED BAIL: **REFERRED TO** |
| HARRIS COUNTY DISTRICT COURT NO: | **1686498** | **(15.17)** |
| FIRST SETTING DATE: | **338** | PRIOR CAUSE NO: |
| | | CHARGE SEQ NUM: **1** |

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **JOE ANTHONY RUIZ**, hereafter styled the Defendant, heretofore on or about **August 17, 2020**, did then and there unlawfully, intentionally and knowingly cause bodily injury to Denise Silva, hereafter styled the Complainant, a person with whom the Defendant had a dating relationship, by impeding the normal breathing or circulation of the blood of the Complainant by applying pressure to the Complainant's throat and applying pressure to the Complainant's neck.

It is further presented that, before the commission alleged above, the Defendant, on April 8, 2019, in the 228th District Court of Harris County, Texas, in Cause Number 1601846, was convicted of Family Assault, which was committed against a person with whom the Defendant had a dating relationship.

**FILED**
Marilyn Burgess
District Clerk

AUG 17 2020

Time: 10:30
Harris County, Texas

By_____ pm
Deputy

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

Signed and sworn by me on  August 17, 2020            Duly attested by me on August 17, 2020

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. 24058294

**COMPLAINT**

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. <u>168649801010</u>        SPN: <u>02959798</u>        DATE/TIME OF ARREST:<u>8/17/2020 01:46 AM</u>

THE STATE OF TEXAS                                            §        <u>IN THE 338th DISTRICT COURT</u>
v.                                                           §
<u>RUIZ, JOE ANTHONY</u>                                         §        HARRIS COUNTY, TEXAS
DOB:<u>June 9, 1999</u>

---

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

---

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**2ND DEGREE FELONY**</u>, namely, <u>**ASSLT INT/RCK/IMP/BRTH/CIRC/PRECONV**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?**    ☐ **NO**    ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Arline, Tanesha</u>
(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☐ **NO**    ☒ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

**CONSULAR NOTIFICATION:** If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a:  ☒ United States citizen   ☐ foreign national of  (country).
☐ **The accused requests notification of consular officials.**
☐ **MANDATORY NOTIFICATION:** The clerk shall immediately alert the above country's consulate of this arrest.
If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. ART. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒   SEE NEXT PAGE FOR BAIL ORDER

<u>August 17, 2020 15:14 PM</u>                     _James McCallan #53651900_                     _____
**Date and Time**                     **Magistrate (Judge or Hearing Officer)**                     **Interpreter (if applicable)**
Magistrate **jim callan** (SPN **53651900**)                     (Rev. July 24, 2018)                     Page 1 of 2

CAUSE NO. <u>168649801010</u>

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>RUIZ, JOE ANTHONY</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A. DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☒ Opposed
  ☐ No Position
- Bail Request ☐ No DA Bail Request
  ☐ Higher _____
  ☒ Lower $40,000.00
  ☐ No Bail

**B. PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No PD Bail Request
  ☐ Higher _____
  ☒ Lower $10,000.00
  ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn: ☐ Yes
                  ☒ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:** ☐ No Bail   ☒ $20,000.00 _____
                                  ☐ Conditions

**Personal bond is:** ☒ Not Approved   /// MTNS ? /// DEF ON BND POCS PG3 < 28G /// HC: M - 2 X POM, ASSLT FV ///   6-3 RISK /// MOEP GRANTED /// NO CNDTNS _____
☐ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>August 17, 2020 15:14 PM</u>
**Date and Time**
Magistrate **jim callan** (SPN **53651900**)

_James McCallen # 53651900_
**Magistrate (Judge or Hearing Officer)**

_____
**Interpreter (if applicable)**

Filed 20 August 18 P1:21
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168649801010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | IN THE 338th DISTRICT |
| V. | § | COURT |
| | § | HARRIS COUNTY, TEXAS |
| RUIZ, JOE ANTHONY | § | |
| | § | |
| A/K/A : | § | |

## COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒     Bond REVOKED.  New bond set at $0.
       Defendant remanded to the custody of the sheriff.

☐     MOTION TO ADJUDICATE GUILT filed.
       Bond set at $.  Defendant remanded to the custody of the sheriff.

☐     Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☐     Defendant remanded to custody by order of the court.

☐     Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/18/2020**.

                               MARILYN BURGESS,
                                 District Clerk, Harris County, Texas

                                 *Felicia Ayala*

                                 By Deputy F AYALA

**********************************************************************************

SHERIFF'S RETURN

Received this Writ on _____at _____o'clock__AM/PM__, and executed the same on _____by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

**Exhibit K**

Letter of Court of Appeals re: decision in case, *Ex parte Joseph Gomez*

SHERRY RADACK
CHIEF JUSTICE

EVELYN KEYES
RUSSELL LLOYD
PETER KELLY
GORDON GOODMAN
SARAH BETH LANDAU
RICHARD HIGHTOWER
JULIE COUNTISS
TERRY ADAMS
JUSTICES



# Court of Appeals
# First District
**301 Fannin Street**
**Houston, Texas 77002-2066**

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700

www.txcourts.gov/1stcoa.aspx

Friday, August 7, 2020

Clinton A. Morgan
Harris County District Attorney Office
Assistant District Attorney
500 Jefferson, Ste. 500
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Daniel C. McCrory
Harris County District Attorney's Office
1201 Franklin
Houston, TX 77002-0000
* DELIVERED VIA E-MAIL *

Thomas Branton Mayr
Law Office of Brent Mayr, P.C.
5300 Memorial Drive, Ste 750
Houston, TX 77007
* DELIVERED VIA E-MAIL *

Sierra Tabone
Mayr Law, P.C.
5300 Memorial Dr Ste 750
Houston, TX 77007-8228
* DELIVERED VIA E-MAIL *

**RE:**   **Court of Appeals Number:** 01-20-00004-CR
          **Trial Court Case Number:** 1657519

**Style:**  Ex parte Joseph Gomez

     Please be advised that on this date the mandate was issued in the above cause. You may obtain a copy of the Court's mandate and all related documents by visiting the Court's website at http://www.txcourts.gov/1stcoa. Pursuant to TEXAS GOVERNMENT CODE, Sec. 51.204(b), all exhibits on file with the court, if any, will be destroyed three years from this date. As required by the TEXAS GOVERNMENT CODE, Sec. 51.204(d)(e), we are also notifying the trial court clerk that we will destroy all records filed in respect to this case with the exception of indexes, original opinions, minutes and general court dockets, no earlier than six (6) years from the date of the mandate in all civil cases, twenty-five (25) years in criminal cases with a sentence of twenty (20) years or less.

Sincerely,

Christopher A. Prine, Clerk

cc:   Judge 338th District Court (DELIVERED VIA E-MAIL)
      Harris County District Clerk's Office - Criminal (DELIVERED VIA E-MAIL)

FILE COPY

**Exhibit L**

Application for Writ of Habeas Corpus filed on behalf of Tomas Martinez in *State of Texas v. Tomas Lara Martinez* , Case no. 1685375 in the 338th District Court of Harris County, Texas

Cause No. 1685375

| Ex parte | § | IN THE 338th CRIMINAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| TOMAS MARTINEZ | § | HARRIS COUNTY, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TOMAS MARTINEZ, Applicant herein, by and through the undersigned attorney, and makes this Application for Writ of Habeas Corpus requesting that this Court rescind its order of August 10, 2020 revoking the surety bail bonds posted by Applicant under this cause number.

In support thereof, Applicant shows the following:

1. Applicant is illegally confined and restrained of liberty by the Sheriff of Harris County, Texas in the Harris County Jail.

2. On August 8, 2020, officers with the City of Houston Police Department arrested Applicant and charged him by complaint with the felony offenses of Driving While Intoxicated (3d).

3. After officers booked Applicant in te Harris County jail, Applicant appeared before a Harris County Magistrate Judge pursuant to Article 15.17, Texas Code of Criminal Procedure. After finding that probable cause existed for further detention, the Magistrate set bond at $25,000.00.

4. Immediately thereafter, Applicant's mother, working with a bonding company, arranged to have a surety bond posted the $25,000.00 bond. Applicant was subsequently released from the Harris County Jail on August 9, 2020 (see Exhibit A).

1

5. As directed in his conditions of release, Applicant appeared in court on the morning of August 10, 2020 before this Court. Applicant's intention was to ask this Court to permit him time to retain undersigned counsel to represent him in this cause.

6. Without any motion from the state and any presentation of any evidence that Applicant violated a condition of his release, the Court sua sponte revoked the $25,000.00 bond that Applicant's mother posted the day before, set the bond at $0.00 and seized Applicant in court on August 10, 2020. (See Exhibit B.)

7. On August 13, 2020 the undersigned counsel appeared in court at about 10:45am on behalf of the Applicant in order to secure his release through objection to the bond revocation and a request for the $25,000 bond to be reinstated. The publicly displayed time for the start of docket in the lobby of the courthouse was 10:30am. Applicant's counsel notified the court clerk of the cause number and why he was present to address the Court.

8. The Court tended to other attorneys for a few minutes while counsel for Applicant waited in court in plain view of the Zoom camera. Just before counsel was next to approach the Court (who was present virtually from a remote location through Zoom), the Court announced she had to "go" and left the Zoom screen without stating a reason. Counsel was denied the opportunity to proffer a motion or objection.

9. The coordinator of the court (also only present virtually through Zoom) indicated to counsel that the judge would not be available to approach again until Monday August 17, 2020.

10. This Court's action revoking the surety bail bonds posted by Applicant was contrary to law and violated Applicant's right to be free from unreasonable seizure under the United States and Texas Constitutions and to not be deprived of liberty without due process of law under the 14th Amendment of the U.S. Constitution. Revocation of a bond without an evidentiary hearing

2

violates Rule of Evidence 101e(3)(C). Further, the revocation of the bond violated Article 17.09, Texas Code of Criminal Procedure.

11.  Similarly illegal conduct by this Court has been addressed in Ex Parte Joseph Gomez NO. 01-20-00004-CR, in which the 338th District Court was found to have abused its discretion in sua sponte revoking a defendant's surety bond without good cause, and the Court is subject to immediate mandate by the First District Court of Appeals dated three days prior to this illegal action. (see Exhibit C, Gomez Mandate).

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Court grant and issue a Writ of Habeas Corpus to the Sheriff of Harris County, Texas, directing and commanding production of Applicant before this court instanter, or at such time and place to be designated by this Court, then and there to show cause, if any there be, why Applicant should not be discharged from such illegal confinement. Applicant further prays that this Court rescind its order of August 10, 2020 revoking the bond posted by Applicant under this cause.

Respectfully Submitted,

Jim Medley
SBN: 24025531
office@jimmedley.com


## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that a true and accurate copy of the above Writ of Habeas Corpus was forwarded to counsel for the State by email to KUYKENDALL_ANN@DAO.HCTX.NET on August 14, 2020.

_____
Jim Medley, Attorney for Defendant

3

VERIFICATION

I, Jim Medley am attorney for the Defendant in this cause, and I swear under penalty of perjury
that the facts stated herein are from personal knowledge or from public records obtained from the
Harris County District Clerk records,

August 14, 2020

Jim Medley

MISTY HUFFMAN
Notary Public, State of Texas
Comm. Expires 02-19-2023
Notary ID 125987618

8/14/2020
Expire : 2/19/23

4

# EXHIBIT A

2439332

p3

# BAIL BOND

CASE NO. 1685375

COURT SETTING:

DATE 8/10/20 ↗ MR

TIME 930 AM

CHARGE DWI THIRD

SPN 00703484

**Known All Men By These Presents:**

That we, MARTINEZ, TOMAS LARRY _____, or principal, and the

undersigned _____ ALLEGHENY CASUALTY CO. (AGENT LEOPOLDO P. BENITEZ)

as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of

TWENTY FIVE THOUSAND _____ ($ 25,000.00 ) Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGE WITH A FELONY

offense and to secure his release from custody is entering into this obligation binding him to appear before D.C. #338 (Felony-Misdemeanor)

    1201 FRANKLIN ST. HOUSTON, TX 77002 _____ County of Harris County, Texas.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any an all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved this 9

day of AUGUST , 20 20

by _____, Deputy

Sheriff, Harris County, Texas

ALLEGHENY CASUALTY CO.

LEOPOLDO P. BENITEZ _____ Surety
1601 CONGRESS ST.

HOUSTON, TX 77002 (713) 223-9900
(City and State)          (Phone)

Lic.# 74552 _____ Empl. _____

**THE DEFENDANT SHALL NOT HAVE ANY CONTACT WITH THE PROSECUTION /S/, WITNESS /S/, THE COMPLAINANT /S/, OR THE ALLEGED VICTIM /S/.**

SIGNED AND DATED AUGUST 9 , 2020

• MARTINEZ Tomas Lara (Principal Signature)
• 7916 War Cissus (Mailing Address)
• Houston TX 77012 (City and State)

RACE _____ SEX _____ DOB _____ HT. _____ WT. _____

HAIR _____ EYES _____ DL# _____ STATE _____

213 363 0247

Jail Location _____

Citizen Status: _____

Holds: NA 1157 x MR

ICE: A# _____

SB COST RECEIPT # 20630

Unofficial Copy Office of Marilyn Burgess District Clerk

Marilyn Burgess
District Clerk

AUG 09 2020

Time: _____ Harris County, Texas

By _____ ALLEGHENY CASUALTY CO.

OATH OF SURETIES
THE STATE OF TEXAS
COUNTY OF HARRIS

I, _____

_____ do swear that we are worth in our own right, at least double the amount of the sum for which we are bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances, that we are residents of the State of Texas and I have property in the State of Texas liable to execution worth the sum for which I am bound.

# HARRIS COUNTY, TX.

**ASSIGNMENT OF AUTHORITY**
**GOOD FOR 24 HOURS BOND MUST**
**BE ATTACHED TO BE VALID**

DATE: 8 9 2020 TIME: _____

LIABILITY AMOUNT $ 25,00

I HEREBY AUTHORIZE Rodriguez, Maria
_____ TO ACT IN MY BEHALF TO PRESENT THIS BAIL BOND (S)
TEXAS DRIVERS LIC # 16200306

2439332
BOND NUMBER (S)

Martinez, Tomas Lopez
DEFENDANT'S NAME 1665375

CASE NUMBER (S)

FROM HARRIS COUNTY/CITY OF HOUSTON, OR _____JAIL.
THE UNDERSIGNED AGENT SPECIFICALLY AGREES TO HOLD HARMLESS ALL JUDGES, LAW ENFORCEMENT
OFFICIALS AND THEIR AGENTS FROM ANY LIABILITY THAT MAY ARRIVE IN CONNECTION WITH THE EXECUTION
OR USE OF THIS ASSIGNMENT OF
AUTHORITY FORM ON THE DESIGNATED BONDS.

AGENT: _____

**THE STATE OF TEXAS**
**COUNTY OF HARRIS**

SURETY: LEOPOLDO P. BENITEZ
LICENSE NO.#74552

BEFORE ME THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED
Rodriguez, Maria _____ (AGENT) KNOWN TO ME TO BE THE PERSON WHOSE NAME IS
SUBSCRIBED TO THE FOREGOING INSTRUMENT, AND ACKNOWLEDGED TO ME THAT HE
EXECUTED THE SAME FOR THE PURPOSE AND CONSIDERATION THEREIN EXPRESSED.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS 9 DAY August 2020

LILIANA K. VAN ARCKEN
Notary Public, State of Texas
Comm. Expires 04-17-2024
Notary ID 130108863

NOTARY PUBLIC: STATE OF TEXAS
MY COMMISSION EXPIRES_____

**THE STATE OF TEXAS**
**COUNTY OF HARRIS**

BEFORE ME THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED
**LEOPOLDO P. BENITEZ (SURETY)** KNOWN TO ME TO BE THE PERSON WHOSE NAME IS
SUBSCRIBED TO PURPOSES AND CONSIDERATION THEREIN EXPRESSED.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS 9 DAY August 2020

LILIANA K. VAN ARCKEN
Notary Public, State of Texas
Comm. Expires 04-17-2024
Notary ID 130108863

NOTARY PUBLIC: STATE OF TEXAS
MY COMMISSION EXPIRES_____

Original Copy Office of Marilyn Burgess District Clerk

VERIFY FIRST - THIS DOCUMENT IS PRINTED IN RED & BLACK INKS.

| Only the original Power of Attorney will bind this Surety. | **POWER OF ATTORNEY**<br>**ALLEGHENY CASUALTY COMPANY**<br>P.O. BOX 9810, CALABASAS, CA 91372-9810<br>(800) 933-2245   INFO@ALLSURETY.COM | **POWER NUMBER** **AS30K-148235** |

**THIS POWER VOID IF NOT USED BY:** ~~December 31, 2020~~   **POWER AMOUNT $** 30,000

KNOW ALL MEN BY THESE PRESENTS, that ALLEGHENY CASUALTY COMPANY, a corporation duly organized and existing under the laws of the State of New Jersey, has constituted and appointed, and does hereby constitute and appoint, its true and lawful Attorney-in-Fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all and whatsoever its said Attorney-in-Fact may lawfully do and perform in the premises by virtue of these presents.

**THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF**

THIRTY THOUSAND*********************************
AND MAY BE EXECUTED FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS ONLY.

Authority of such Attorney-in-Fact is limited to the execution of appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearances. A separate Power of Attorney must be attached to each bond executed. Powers of Attorney must not be returned to Attorney-in-Fact, but should remain a permanent part of the court records.

Bond Amt $  25,000.00          Date Executed  08/9/2020

Defendant  MARTINEZ, TOMAS LARRY          D.O.B.

Case #  1685375          Appearance Date

Offense  DWI THIRD

Court County  HARRIS          Total Premium Charged

Court City  HOUSTON          Court State  TX     Div./Dept.  D.C.  #338

If rewrite, give orig. power #          ☐ Increase   ☐ Decrease

Executing Agent _____
Signature LEOPOLDO P. BENITEZ          License Number  74552

Form# ACC.0100 (01/19)   [NOT VALID FOR IMMIGRATION]          **ORIGINAL**

*NOTICE: Stacking of Powers is strictly prohibited. No more than one power from this Surety may be used to post any one bail amount.*

IN WITNESS WHEREOF, said ALLEGHENY CASUALTY COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, corporate seal, signed by its Vice Presidents, this 5th day of November, 2018.

Robert Kenrack, Vice President

James D. Porcelan, Vice President



1203195795

# EXHIBIT
# B

8/10/2020 3:03
Marilyn Burgess - District Clerk
Harris County



CAUSE NO. **168537501010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | **IN THE 338th DISTRICT** |
| v. | § | **COURT** |
| | § | **HARRIS COUNTY, TEXAS** |
| MARTINEZ, TOMAS LARRY | § | |
| | § | |
| A/K/A : MARTINEZ, TOMAS LARRY AKA | § | |
| ORTIZ, RAMON GARZA | | |

### COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒  Bond REVOKED.  New bond set at $0.
Defendant remanded to the custody of the sheriff.

☐  MOTION TO ADJUDICATE GUILT filed.
Bond set at $.  Defendant remanded to the custody of the sheriff.

☐  Defendant found guilty.  No bond set.  Defendant remanded to the sheriff.

☐  Defendant remanded to custody by order of the court.

☐  Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **08/10/2020**.

MARILYN BURGESS,
District Clerk, Harris County, Texas

By Deputy A GUZMAN DELGADO

*******************************************************************************
SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock AM/PM, and executed the same on _____ by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT C



## MANDATE

## Court of Appeals

## First District of Texas

NO. 01-20-00004-CR

EX PARTE JOSEPH GOMEZ, Appellant

Appeal from the 338th District Court of Harris County. (Tr. Ct. No. 1657519).

**TO THE 338TH DISTRICT COURT OF HARRIS COUNTY, GREETINGS:**

Before this Court, on the 7th day of August 2020, the case upon appeal to revise or to reverse your judgment was determined. This Court made its order in these words:

> This case is an appeal from the order signed by the trial court on December 10, 2019. After submitting the case on the appellate record, the Court holds that the appellant has shown that the trial court abused its discretion in entering this order. Accordingly, the Court reverses the trial court's order denying Gomez's application for a pretrial writ of habeas corpus, renders judgment granting the writ, and reinstates Gomez's prior bail bonds.

> The Court orders that this decision be certified below for observance.

Judgment rendered August 7, 2020.

Panel consists of Justices Keyes, Kelly, and Landau.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things to have it duly recognized, obeyed, and executed.

August 7, 2020

Date

CHRISTOPHER A. PRINE
CLERK OF THE COURT

