# EXHIBIT 101

**HCDistrictclerk.com**     The State of Texas vs  GOMEZ, JOSEPH ERIC (SPN          9/26/2022
02489311)
Cause  165330501010     CDI  3     Court  338

## APPEALS
No Appeals found.

## PAYMENT PLAN
No Payment Plan found.

## RELATED CASES
No related cases found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| Case | 165330501010 - 3 |
| File Date | 11/13/2019 |
| Case (Cause) Status | Active - CRIMINAL |
| Offense | BURG W-INTENT-COMMIT OTHER FELONY |
| Last Instrument Filed | Felony Indictment |
| Case Disposition | |
| Case Completion Date | N/A |
| Defendant Status | Bond Made |
| Bond Amount | $75,000.00 |
| Next/Last Setting Date | 2/9/2023 |

### DEFENDANT DETAILS

| | | | |
|---|---|---|---|
| Race/Sex | U / M | Height/Weight | 6'01 / 170 LBS |
| Eyes | | Hair | |
| Skin | | Build | |
| DOB | ██████ | In Custody | N |
| US Citizen | NO | Place Of Birth | |
| Address | | ███████████████ | |
| | | 77502 | |
| Markings | | | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| Court | 338th |
| Address | 1201 Franklin (Floor: 15)<br>Houston, TX 77002<br>Phone:7137557774 |
| JudgeName | Ramona Franklin |
| Court Type | Criminal |

## BONDS

| Date | Type | Description | SNU |
|---|---|---|---|
| 11/15/2019 | BOND | BOND FILED  CRT 338 TIME 1300 TYPE SURETY / BOND MADE  AMT $25000 DATE 11/15/2019 RCPT # / BONDSMAN: MUHARIB, ANTHONY | 999 |
| 11/21/2020 | BOND | BOND FILED :CRT 338 TIME 1910 TYPE SURETY / BOND MADE: AMT $75000 DATE 11/20/2020 RCPT # / BONDSMAN: USFIC-WISAM MUHARIB | 998 |

## WITNESS

| Subpoena ID | Status | Name | County | Request Date | Issued Date | Summoned By | Served Date | Return Date | Return Type |
|---|---|---|---|---|---|---|---|---|---|
| 761864 | Returned | Burgess, Marilyn | Harris County | 11/26/2019 | 11/26/2019 | Peace Officer | 11/26/2019 | 11/26/2019 2:59:00 PM | Executed |

## BOOKINGS

| Arrest Date | Arrest Location | Booking Date |
|---|---|---|
| 8/31/2020 7:30:00 PM | SURRE | 8/31/2020 7:51:00 PM |
| 11/13/2019 10:39:00 AM | DEER | 11/13/2019 11:47:00 PM |
| 11/15/2019 12:50:00 PM | 1201 | 11/15/2019 4:04:00 PM |

## HOLDS

No holds found.

## CRIMINAL HISTORY

| Case(Cause)Nbr / Status | Defendant | Filed / Booked | Ct | Defendant Status | Disposition | Bond Amt | Type of Action / Offense | Next Setting |
|---|---|---|---|---|---|---|---|---|
| 165752101010-3Appeal(P) | GOMEZ, JOSEPH | 12/10/2019 \| 8/31/2020 | 338 | JAIL(J) | Disposed(DISP)12/10/2019 | $75,000 | WRIT OF HAB CORP (F) | |
| 165751901010-3Appeal(P) | GOMEZ, JOSEPH | 12/10/2019 \| 8/31/2020 | 338 | JAIL(J) | Disposed(DISP)12/10/2019 | $75,000 | WRIT OF HAB CORP (F) | |
| 165330601010-3Active - CRIMINAL(A) | GOMEZ, JOSEPH ERIC | 11/13/2019 \| 8/31/2020 | 338 | Bond Made(B) | | $75,000 | ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU (F) | 2/9/2023 |
| 165330501010 3Active CRIMINAL(A) | GOMEZ, JOSEPH ERIC | 11/13/2019 \| 8/31/2020 | 338 | Bond Made(B) | | $75,000 | BURG W INTENT COMMIT OTHER FELONY (F) | 2/9/2023 |
| 173153901010-2Complete(C) | GOMEZ, JOSEPH ERIC | 1/13/2011 \| 1/14/2011 | 12 | Disposed(D) | Disposed(DISP)9/20/2011 | $1,000 | POSS CS PG 3 <28 GRAMS (M) | 3/11/2011 |

## ACTIVE PARTIES

| Name | Connection | Post Jdgm | SPN # | Atty StartDt | Atty EndDt |
|---|---|---|---|---|---|
| USFIC-WISAM MUHARIB | BAIL BONDSMAN | | 74599000 | | |
| TABONE, SIERRA | HIRED DEFENSE ATTORNEY | | 02970377 | | |
| MUHARIB, ANTHONY | PREVIOUS BONDSMAN | | 74597000 | | |
| WILLIAMS, LARRY DOUGLAS II | PUBLIC DEFENDER AT PC DOCKET | | 02923542 | | |
| GOMEZ, JOSEPH ERIC | DEFENDANT - CRIMINAL | | 02489311 | | |

## INACTIVE PARTIES

No inactive parties found.

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|---|---|---|---|---|---|---|---|---|---|
| 11/15/2019 09:00 AM | 338 | | Assigned Court | Preliminary Assigned Court Appearance | Reset By Operation Of Law | Present | 11/18/2019 | | Present |
| 11/18/2019 09 00 AM | 338 | | Master Docket | Arraignment | Reset Upon Defense Request | Present | 12/10/2019 | | Present |
| 12/10/2019 09:00 AM | 338 | | Master Docket | Arraignment | Reset Upon Defense Request | Present | 1/24/2020 | | Present |

| 1/24/2020 09 00 AM | 338 | Master Docket | Non-Trial Setting | Reset Upon Defense Request | Present | 3/3/2020 | | Absent |
| 3/03/2020 09:00 AM | 338 | Master Docket | Disposition | Reset Upon Defense Request | Present | 4/16/2020 | | Present |
| 4/16/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/7/2020 | DOCKET RESET | To Be Set |
| 6/07/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/8/2020 | DOCKET RESET | To Be Set |
| 6/08/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 8/3/2020 | DOCKET RESET | To Be Set |
| 8/03/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 10/15/2020 | DOCKET RESET | To Be Set |
| 8/31/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Court | Present | 10/15/2020 | | Present |
| 10/15/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 1/8/2021 | DOCKET RESET | To Be Set |
| 1/08/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 3/26/2021 | DOCKET RESET | To Be Set |
| 3/26/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/18/2021 | DOCKET RESET | To Be Set |
| 6/18/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 9/21/2021 | DOCKET RESET | To Be Set |
| 9/21/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 1/10/2022 | DOCKET RESET | To Be Set |
| 1/10/2022 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 4/12/2022 | DOCKET RESET | To Be Set |
| 4/12/2022 09:00 AM | 338 | Attorney Consultation Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 4/12/2022 | DOCKET RESET | To Be Set |
| 4/12/2022 10:00 AM | 338 | Master Docket | Disposition | Reset By Court | Data Not Entered | 2/9/2023 | DOCKET RESET | Present |
| 2/09/2023 10 00 AM | 338 | Trial Docket | Jury Trial | | Data Not Entered | | | To Be Set |
| 11/14/2019 04:00 AM | PCD | Motions Docket | Probable Cause Hearing | PC FOUND AND WARNINGS GIVEN | Data Unavailable | | | To Be Set |

## ALIASES

| Defendant Alias | True Name | Race | Sex | DOB | SPN# |
|---|---|---|---|---|---|
| GOMEZ, JOSEPH | Yes | U | M | ████ | 02489311 |

GOMEZ, JOSEPH ERIC          U      M      7/13/1992      02489311

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 101394909 | DCA CASE RESET FORM | | 04/13/2022 | 1 |
| 93204943 | SURETY BOND | | 11/21/2020 | 3 |
| 88208289 | EXHIBITS LIST TO APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 47 |
| 91968045 | CCP16.22 ORDER | | 08/31/2020 | 1 |
| 91975123 | ORDER FOR SUPERVISION AND BOND CONDITIONS | | 08/31/2020 | 3 |
| 91949590 | DEFENDANTS EXHIBIT RELATED TO BAIL | | 08/30/2020 | 23 |
| 91949606 | DEFENDANTS EXHIBIT RELATED TO BAIL | | 08/30/2020 | 23 |
| 91672539 | BOND REINSTATED | | 08/07/2020 | 1 |
| 89744559 | CASE RESET FORM | | 03/03/2020 | 1 |
| 89078090 | ORDER | | 01/24/2020 | 1 |
| | ADDITIONAL ORDERS | | 01/24/2020 | |
| 89164520 | CASE RESET FORM | | 01/24/2020 | 1 |
| 89061763 | DEFENDANT'S MOTION FOR TRANSCRIPT | | 01/23/2020 | 2 |
| -> 89061769 | PROPOSED ORDER ON DEFENDANT'S MOTION FOR TRANSCRIPT | | 01/23/2020 | 1 |
| 88618498 | ORDER | | 12/19/2019 | 4 |
| | ADDITIONAL ORDERS | | 12/19/2019 | |
| 88602778 | DEFENDANT'S MOTION FOR EXPEDITED TRANSCRIPT | | 12/18/2019 | 3 |
| -> 88602779 | PROPOSED ORDER | | 12/18/2019 | 1 |
| 88574197 | DESIGNATION OF RECORD ON APPEAL | | 12/16/2019 | 4 |
| 88466468 | NOTICE OF APPEAL | | 12/10/2019 | 2 |
| 88466470 | NOTICE OF APPEAL | | 12/10/2019 | 2 |
| 88482632 | CASE RESET FORM | | 12/10/2019 | 1 |
| 88222334 | ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 1 |
| 88331828 | ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 1 |
| 88153568 | CHARGING INSTRUMENT - FELONY INDICTMENT | | 11/18/2019 | 1 |
| 88167310 | CASE RESET FORM | | 11/18/2019 | 1 |
| 88108219 | BAIL CONDITION AND NO CONTACT ORDER 1653306 & 1653305 | | 11/15/2019 | 2 |
| 88122507 | C87AI COURT DIRECTIVE - REMAND DEFENDANT TO CUSTODY | | 11/15/2019 | 1 |
| 88123894 | SURETY BOND | | 11/15/2019 | 2 |
| 88131916 | CONDITIONS OF BOND - NO CONTACT | | 11/15/2019 | 2 |
| 88146478 | CASE RESET FORM | | 11/15/2019 | 1 |
| 88084488 | STATE'S MOTION FOR HIGH BOND | | 11/14/2019 | 2 |
| 88084512 | COMMITMENT ISSUED - FELONY | | 11/14/2019 | 2 |
| | ADDITIONAL ORDERS | | 11/14/2019 | |
| | FINANCIAL AFFIDAVIT FILED | | 11/14/2019 | |
| | PROBABLE CAUSE & STATUTORY WARNINGS | | 11/14/2019 | |
| | IND ASMT HELD | | 11/14/2019 | |

Case 4:19-cv-00226   Document 635-1   Filed on 12/09/22 in TXSD   Page 6 of 36

| 88085246 | CHARGING INSTRUMENT - COMPLAINT | 11/13/2019 | 1 |
| restricted | STATES MOTION FOR MAGISTRATES ORDER FOR EMERGENCY PROTECTION | 11/13/2019 | 1 |

CAUSE NO. <u>165330501010</u>        SPN: <u>02489311</u>        DATE/TIME OF ARREST:<u>11/13/2019 10:39 AM</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 338th DISTRICT COURT |
| v. | § | |
| **GOMEZ, JOSEPH ERIC** | § | **HARRIS COUNTY, TEXAS** |
| DOB: ▓▓▓▓ | | |

Pgs-2

OTPCIH

(998-OTMSW

(999-OTFAF

(999-OTCMIF

(999-ADDO

(998)

### STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>1ST DEGREE FELONY</u>, namely, <u>BURG W-INTENT-COMMIT OTHER FELONY</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?**        ☐ NO        ☒ YES— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Williams, Larry</u> (print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☒ NO        ☐ YES— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

---

**CONSULAR NOTIFICATION: If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.**

The accused is a:  ☒ United States citizen  ☐ foreign national of (country).

☐ The accused requests notification of consular officials.

☐ **MANDATORY NOTIFICATION**: The clerk shall immediately alert the above country's consulate of this arrest.

If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| | | |
| Passport Number | Date Issued | Place Issued |

---

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to Tex. Code Crim. P. Art. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒   SEE NEXT PAGE FOR BAIL ORDER

November 14, 2019 4:46 AM
**Date and Time**                **Magistrate (Judge or Hearing Officer)**                **Interpreter (if applicable)**

Magistrate **Diana Olvera** (SPN 65278650)                (Rev. July 24, 2018)                Page 1 of 2

CAUSE NO. **165330501010**

---

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

---

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>GOMEZ, JOSEPH ERIC</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A. DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☒ Opposed
  - ☐ No Position
- Bail Request ☐ No DA Bail Request
  - ☐ Higher _____
  - ☒ Lower $100,000.00
  - ☐ No Bail

**B. PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☐ Opposed
  - ☒ No Position
- Bail Request ☐ No PD Bail Request
  - ☐ Higher _____
  - ☒ Lower $20,000.00
  - ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn: ☒ Yes
☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law. The Court then ORDERED the following:

**Bail is set at:** ☐ No Bail ☒ $25,000.00 _____
☐ Conditions

**Personal bond is:** ☒ Not Approved <u>scored 1/1 on PSA=BAR//facts and circums are violent and concern for high risk of safety for c/w..17.03 applies in this case.MOEP will be granted.</u>
☐ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>November 14, 2019 4:46 AM</u>
**Date and Time**

**Magistrate (Judge or Hearing Officer)**

**Interpreter (if applicable)**

Magistrate **Diana Olvera (SPN 65278650)**      (Rev. July 24, 2018)      Page 2 of 2

2338100

# BAIL BOND

CASE NO. **1653305**

COURT SETTING:

CHARGE **BURG W INTENT COMMIT OTHER**

**FEL**

DATE **November 15th, 2019**

TIME ~~8:30 AM~~ **9:30 AM**

SPN **02489311**

Known All Men By These Presents:

That we, **Gomez, Joseph Eric** _____ , or principal, and the

undersigned **United States Fire Insurance Company AGENT ANTHONY MUHARIB** _____

as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of

**TWENTY-FIVE THOUSAND DOLLARS** _____ ($ ____ **25,000.00** ____ ) Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGE WITH A _____ **Felony** _____
(Felony-Misdemeanor)
offense and to secure his release from custody is entering into this obligation binding him to appear before _____

**201 Caroline HOUSTON TX 77002 DISTRICT COURT 338** _____ County of Harris County, Texas.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved this **14th**
day of _____ **November** ____ , 20 **19**
by _____ , Deputy
Sheriff, Harris County Texas

**United States Fire Insurance Company**
_____ Surety
**AGENT ANTHONY MUHARIB**
**2120 S. Wayside Suite E**
(Mailing Address)
**Houston, TX 77023**   **(713) 924-4117**
(City and State)   (Phone)
Lic.# **74597** _____ Empl. _____ **C.R.**

**THE DEFENDANT SHALL NOT HAVE ANY CONTACT WITH THE PROSECUTION /S/, WITNESS /S/, THE COMPLAINANT /S/, OR THE ALLEGED VICTIM /S/.**

**FILED**
**Marilyn Burgess**
**District Clerk**

**NOV 15 2019**

Time: _____
**Harris County, Texas**
By _____
**Deputy**

SIGNED AND DATED _____ **November 14th** ___ ,20 **19**

_____
(Principal Signature)
**1413 George Street**
(Mailing Address)
**Pasadena, TX**
(City and State)

RACE _____ SEX _____ DOB _____ HT. _____ WT. _____

HAIR _____ EYES _____ DL# _____ STATE _____

THUMB PRINT

Jail Location **Harris** _____

Citizen Status: _____

Holds: _____

ICE: A# _____

SB COST RECEIPT # **912423**

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

OATH OF SURETIES
THE STATE OF TEXAS
COUNTY OF HARRIS

I, _____ **United States Fire Insurance Company** _____

_____ do swear that we are worth in our own right, at least double the amount of the sum for which we are bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances, that we are residents of the State of Texas and I have property in the State of Texas liable to execution worth the sum for which I am bound.

Surety (Signature)   **AGENT ANTHONY MUHARIB**

Presenter (Signature)

Presenter RL Thumb Print
ID #: **TX20928660**

**CASSANDRA ANGELA RAMIREZ**
Notary ID # 128976580
My Commission Expires
May 18, 2020

SUBSCRIBED AND SWORN to before me this **14th**

day of _____ **November** _____ A.D. 20 **19**

_____
NOTARY PUBLIC HARRIS COUNTY

My Commission Expires: _____ **5.18.20** _____

ORIGINAL-DISTRICT CLERK

11-01-2009

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A VOID PANTOGRAPH PRINTED ON SECURITY PAPER WITH A TRUE WATERMARK

**UNITED STATES FIRE INSURANCE COMPANY**
11490 Westheimer Rd., Suite 300 • Houston, TX 77077
P.O. Box 2807 • Houston, Texas 77252-2807
(713) 954-8100     (713) 954-8389 FAX

# POWER OF ATTORNEY

**POWER NO.**   ***U25-20805223***

**POWER AMOUNT $**   ***25,000.00***

This Power of Attorney is granted pursuant to Article IV of the By-Laws of UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect. Article IV, Execution of Instruments. Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, Vice President, Assistant Vice President, Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a) including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendants future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance.

> This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.
> **The obligation of the Company shall not exceed the sum of** ***Twenty Five Thousand Dollars and Zero Cents***
> and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, UNITED STATES FIRE INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this ___14___ of ___November___ ___2019___
                                                                        DAY        MONTH              YEAR

Bond Amount $ _25,000_      Gross Premium $_____

Defendant  **GOMEZ, JOSEPH ERIC**

Charges  **burg w-intent-commit other fel**

Court **338**

Case No. **1653305**

City **Houston**          State  **Tx**

If rewrite, original No._____

Executing agent_____
                          NAME



By _____
        Michael Ziemer
        Senior Vice President

VOID IF NOT ISSUED BY:   **05/31/2020**

*FOR STATE USE ONLY*
*NOT VALID IF USED IN FEDERAL COURT*

S-0075US  REV (06/18)

COURT COPY

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES A SECURITY BACKER

**Filed 19 November 15 P3:54**
**Marilyn Burgess - District Clerk**
**Harris County**



CAUSE NO. **165330501010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | IN THE 338th DISTRICT |
| V. | § | COURT |
| | § | HARRIS COUNTY, TEXAS |
| GOMEZ, JOSEPH ERIC | § | |
| | § | |
| A/K/A : GOMEZ, JOSEPH ERIC | § | |

### COURT DIRECTIVE: REMAND DEFENDANT TO CUSTODY

BY THE ORDER OF THE COURT, the following activity is directed in the above styled and numbered cause:

☒ Bond REVOKED. New bond set at $75000.
Defendant remanded to the custody of the sheriff.

☐ MOTION TO ADJUDICATE GUILT filed.
Bond set at $. Defendant remanded to the custody of the sheriff.

☐ Defendant found guilty. No bond set. Defendant remanded to the sheriff.

☐ Defendant remanded to custody by order of the court.

☐ Defendant to serve jail time in lieu of payment until court costs and/or fine is satisfied.

☐

Witness my Hand and Seal of Office at Houston, Texas, on **11/15/2019**.

MARILYN BURGESS,
District Clerk, Harris County, Texas

*Dodie Sheffield*

By Deputy D SHEFFIELD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHERIFF'S RETURN

Received this Writ on _____ at _____ o'clock AM/PM, and executed the same on _____ by placing the above named defendant in the Harris County Jail.
Sheriff, Harris County Texas
By_____, HCSO Deputy

12/10/2019 4:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39140675
By: A Guzman
Filed: 12/10/2019 4:23 PM

## Cause Nos. 1653305A & 1653306A

| | | |
|---|---|---|
| **Ex parte** | § | **IN THE 338th JUDICIAL** |
| | § | |
| | § | **DISTRICT COURT OF** |
| | § | |
| **JOSEPH ERIC GOMEZ** | § | **HARRIS COUNTY, TEXAS** |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes JOSEPH ERIC GOMEZ, Applicant, by and through the undersigned

attorneys, and hereby gives notice of his intent to appeal this Court's ruling on his

Application for Writ of Habeas Corpus denied by this Court on December 10, 2019.

Respectfully Submitted,

**MAYR LAW, P.C.**

by: /s/ T. Brent Mayr
**T. Brent Mayr**
SBN 24037052
bmayr@mayr-law.com

by: /s/ Sierra L. Tabone
**Sierra L. Tabone**
SBN 24095963
stabone@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, Texas 77007
Ph:  713.808.9613
Fax: 713.808.9991

**SCHNEIDER & MCKINNEY, P.C.**

by: /s/ Stanley G. Schneider
Stanley G. Schneider
State Bar No. 17790500
stans3112@aol.com

440 Louisiana, Suite 800

1

Houston, Texas 77002
(713) 951-9994 Telephone
(713) 224-6008 Facsimile

ATTORNEYS FOR
JOSEPH ERIC GOMEZ

### **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the above and foregoing Notice of Appeal was forwarded to counsel for the State, Crystal Okorafor, via electronic service using undersigned counsel's electronic filing service on December 10, 2019.

/s/ T. Brent Mayr
Brent Mayr
ATTORNEY FOR
JOSEPH ERIC GOMEZ

11/21/2019 4:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38713593
By: s franklin
Filed: 11/21/2019 4:51 PM

**Cause Nos. 1653305A & 1653306A**

| | | |
|---|---|---|
| Ex parte | § | IN THE 338th JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOSEPH ERIC GOMEZ | § | HARRIS COUNTY, TEXAS |

**O R D E R**

On this date, came to be considered Applicant Joseph Eric Gomez' Applications for Writ of Habeas Corpus seeking his release from custody by asking this Court to rescind its order of November 15, 2019 revoking the bonds posted by Applicant under cause numbers 1653305 (burglary of a habitation) and 1653306 (assault of a family member – impeding breathing) pending before this Court, *State of Texas v. Joseph Eric Gomez*, and raising the bond amounts in those cases to $75,000.00 each, and to reinstate the surety bail bonds posted by Applicant in those cases.

After having considered the same, the attached exhibits to the application, and the filings in those cases, the Court hereby finds that the applications should be DENIED for the reasons stated on the record on November 18, 2019.

Signed and entered on _____.


_____
Hon. Ramona Franklin
Presiding Judge, 338th District Court

1

**Opinion issued July 14, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-20-00004-CR

### NO. 01-20-00005-CR

_____

## EX PARTE JOSEPH GOMEZ, Appellant

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Case No. 1657519**

## MEMORANDUM OPINION ON REMAND

This case is before us on remand from the Court of Criminal Appeals. This

is a direct appeal from the trial court's denial of appellant Joseph Gomez's pretrial

application for writ of habeas corpus relating to the bail set in his case. This court

previously held that the trial court erred by increasing the total amount of bail set

by the magistrate from $40,000 to $150,000 because there was no good and sufficient cause to do so.

The Court of Criminal Appeals reversed, directing this court to address whether the amount of bail set by the trial court was excessive and to address Gomez's remaining issues, if necessary. On remand, we conclude that Gomez has not demonstrated that the bail set by the trial court was excessive. We further conclude that the procedural issues raised by Gomez are not cognizable on appeal from an application for writ of habeas corpus.

We affirm.

## Background

Gomez was arrested for burglary of a habitation and assault on a family member after he allegedly entered the home of his ex-girlfriend without permission, waited for her in hiding, and strangled her until others in the house intervened. The magistrate set bail in the amount of $25,000 for the burglary of a habitation charge and $15,000 for the charge of assault on a family member. Gomez's father posted bail. Within hours of Gomez's release, he appeared in court. The district court increased the amount of bail to $75,000 on each charge. After an evidentiary hearing, the court denied Gomez's motion to reinstate the prior bonds and release Gomez from custody. Gomez then filed an application for writ of

habeas corpus, asserting that the bail was excessive. The trial court denied the application.

Gomez appealed the denial of his application for writ of habeas corpus, arguing that the court abused its discretion by revoking his bonds and increasing his bail, the court violated his Due Process rights to notice and counsel and by failing to follow the Texas Rules of Evidence. This court held that no good and sufficient cause was shown for revoking Gomez's bail, rearresting him, and increasing the amount of bail. We also held that the court erred by not making findings of fact.

The Court of Criminal Appeals reversed, holding that the trial court has discretion to set the amount of bail and, under the Texas Code of Criminal Procedure, to revoke the bond if the court finds the bail bond to be "defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for *any other* good and sufficient cause." TEX. CODE CRIM. PROC. art. 17.09 sec. 3 (emphasis added). The Court emphasized that "Article 17.09 does not require a trial court to justify its ruling; it only requires that the trial court 'find' that the bond is insufficient in amount." *Ex parte Gomez*, 624 S.W.3d 573, 578 (Tex. Crim. App. 2021). The Court held that the question for this court is not whether the $40,000 combined bail set by the magistrate was insufficient but

3

whether Gomez has shown that the bail set by the court—$150,000—was excessive and therefore an abuse of discretion. *Id.* at 578–79.

## Analysis

### I.   Pretrial habeas corpus

The trial court has discretion to set the amount of bail. TEX. CODE CRIM. PROC. art. 17.15 (former)[1]; *see Gomez*, 624 S.W.3d at 578.We review a trial court's decision to grant or deny habeas corpus relief for an abuse of discretion. *Gomez*, 624 S.W.3d at 578; *see Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981) (reviewing bail pending appeal for abuse of discretion); *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (same). Under this standard, we may not disturb the trial court's decision when it falls within the zone of reasonable disagreement. *Montalvo*, 315 S.W.3d at 592. When, as here, a habeas appeal concerns pretrial bail, we may not simply conclude that the trial court did not "rule arbitrarily or capriciously." *Id.* at 593. Rather, we must "measure the trial court's ruling against the relevant criteria by which the ruling was made." *See id.*; *see also Ex parte Dixon*, PD-0398-15, 2015 WL 5453313, at *2 (Tex. Crim. App. Sept. 16, 2015) (not designated for publication) ("Habeas

---

[1]   In the most recent legislative session, the Texas Legislature significantly revised the statutes pertaining to bail. *See, e.g.*, 2021 Tex. Sess. Law. Serv. 2nd Called Sess. Ch. 11 (S.B.6). In this opinion, citations to the Texas Code of Criminal Procedure refer to the statutes as they existed when the trial court ruled on the application for writ of habeas corpus.

courts determine the bearing of the evidence on the relevant bail criteria *only* in the first instance. On appellate review, it is the duty of the reviewing court to measure the ultimate ruling of the habeas court against the relevant bail factors to ensure that the court did not abuse its discretion.").

## II. Gomez has not shown an abuse of discretion.

### A. Bail must not be excessive

"'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. art. 17.01 (former). The primary purpose for setting bail is to secure the presence of the defendant in court at his trial. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Montalvo*, 315 S.W.3d at 593. The amount of bail should be sufficiently high to give reasonable assurance that the accused will appear but should not be set so high as to be an instrument of oppression. *Montalvo*, 315 S.W.3d at 593.

### B. Challenging the amount of bail

The right to be free from excessive bail is protected by the United States and Texas Constitutions, as well as the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 11, 13; TEX. CODE CRIM. PROC. art. 1.09, 17.15 (former). An accused may challenge the excessiveness of bail by filing an application for a pretrial writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art.

11.24 (former). An applicant for habeas corpus relief must prove his factual allegations by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The habeas corpus applicant has the burden to prove that the amount of bail set by the court is excessive. *See Rubac*, 611 S.W.2d at 849; *Ex parte Ruiz*, 129 S.W.3d 751, 753 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

### C.  Factors relevant to setting the amount of bail

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.  The power to require bail is not to be so used as to make it an instrument of oppression.

3.  The nature of the offense and the circumstances under which it was committed are to be considered.

4.  The ability to make bail is to be regarded, and proof may be taken upon this point.

5.  The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. art. 17.15 (former). In addition to these statutory rules, courts also may consider the following factors in setting bail: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's

conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50.

### D. Gomez did not carry his burden of proof.

In his original brief and in supplemental briefing filed after the Court of Criminal Appeals remanded the appeal to this court, Gomez has centered his arguments on the process by which the trial court increased his bail and his requests to lower it by reinstating the prior bond. Construing his briefs liberally and reasonably, as we must, we conclude that he has raised an issue challenging the excessiveness of the $150,000 bail set by the trial court. *See* Tex. R. App. P. 38.9 (briefing rules to be construed liberally).

**1. Reasonable assurance Gomez will appear.** The statute requires bail to be set high enough reasonably to assure that defendant will appear in court. In this case, after his father posted bond, Gomez appeared in court. That is some evidence to support that $40,000 bail was sufficient to reasonably assure that Gomez would appear in court. Bail of $150,000 would, likewise, assure that he would appear in court, but because $40,000 did assure his appearance, this factor suggests that $150,000 was excessive.

**2. Bail should not be used as an instrument of oppression.** Nothing in the record addresses this factor. There is no evidence that bail was used as an

instrument of oppression. This weighs against a finding that the bail set by the trial court was excessive.

**3.   Nature and circumstances of the offense.** When considering the reasonableness of bail, the primary factors are the nature of the offense and punishment that may be imposed. *See Rubac*, 611 S.W.2d at 849. Gomez was charged by indictment with burglary of a habitation and assault of a family member. *See* TEX. PENAL CODE § 30.02 (burglary); *id.* § 22.01 (assault). Burglary of a habitation is ordinarily a second-degree felony, but the offense is enhanced to a first-degree felony when the accused committed or attempted to commit a felony other than felony theft. *Id.* § 30.02(c), (d). In this case, Gomez is accused of entering his ex-girlfriend's home without permission, hiding in wait for her, and committing the offense of assault of a family member. Thus, as charged in the indictment, burglary of a habitation is a first-degree felony. The range of punishment for a first-degree felony is 5 to 99 years or life in prison and a fine of up to $10,000. *See id.* § 12.32 (First Degree Felony Punishment).

Assault is ordinarily a Class A misdemeanor, but the offense is a felony of the third degree if the offense is committed against a person with whom the accused had a dating relationship and is "committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the

person's nose or mouth." *Id.* 22.01(b)(2)(B); *see* TEX. FAM. CODE § 71.0021(b). Gomez is charged with causing "bodily injury" to his ex-girlfriend, "a person with whom [he] had a dating relationship" by "impeding the normal breathing and circulation of the blood" by "applying pressure to [her] throat and applying pressure to [her] neck." Thus, as charged in the indictment, assault of a family member is a felony of the third degree. The range of punishment for this offense is 2 to 10 years in prison and a fine of up to $10,000. TEX. PENAL CODE § 12.34 (Third Degree Felony Punishment).

The nature of the charged offenses and the potential range of punishments for which Gomez may be eligible support the trial court's setting of bail at $75,000 for each offense. *See Ex parte Castillo-Lorente*, 420 S.W.3d 884, 888 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (seriousness of charges, involvement of aggravating factors, and potentially lengthy prison sentences provide strong incentive for accused to flee jurisdiction and support imposition of high bail amount). In addition, the court could consider as a relevant circumstance that the assault was allegedly interrupted by other people in the house. Had the assault not been interrupted, the result of the alleged offense could have been a more serious injury or death. *See Guerrera v. State*, 141 Tex. Crim. 278, 148 S.W.2d 421 (1941) (affirming murder conviction of husband who strangled his wife with his hands).

The amounts set for bail individually and in combination are not excessive compared to bail set for crimes with similar ranges of punishment. *See Montalvo*, 315 S.W.3d at 593–96 (affirming $100,000 bail for first-degree felony charge of murder); *see also Ex Parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (affirming bail of $200,000 on each third-degree felony charge of online impersonation for using complainants' names and personas without consent and with intent to harm, defraud, intimidate, or threaten); *Ex parte Miller*, 442 S.W.3d 478, 483 (Tex. App.—Dallas 2013, no pet.) (affirming bail of $200,000 and $50,000 for offenses of terroristic threat and retaliation, both third-degree felonies with enhancements alleged that would raise the punishment to that of a second-degree felony).

This factor supports a conclusion that the bail set by the trial court was not excessive.

**4.    The ability to make bail.** A defendant's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. art. 17.15(4) (former); *Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980) ("It is established that the ability or inability of an accused to make bail does not alone control in determining the amount of bail."). A defendant's inability to make bail does not render bail excessive. *See Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("It is

well settled that the ability of an accused to make bail does not itself control the amount of bail, even if the accused is indigent.").

"To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Vague references to inability to make bond, in the absence of evidence detailing the accused's specific assets and financial resources, do not support bail reduction. *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

All of the evidence regarding Gomez's ability to make bail came from his father, Tim Gomez, who testified at the habeas corpus hearing. Tim Gomez testified that he did not have $150,000 to pay his 27-year-old son's bail in cash. Tim said he was unable to afford the fees to obtain a bail bond for $150,000, although he did not mention how much that would cost. He also said that there were no other family members who could contribute or assets that could be liquidated to pay for a bail bond. Tim said that Gomez had been working as a waiter but was unemployed at the time of the hearing. Tim also said that Gomez did not own any assets of value, such as real estate, a vehicle, or a checking or savings account. In his affidavit, Tim stated that he and his wife financially support Gomez who "has nothing to contribute to posting his bond." Tim also stated: "We are unable to post the bonds for [Gomez] as they are. My family does not have the

11

means to post two additional bonds of seventy-five thousand dollars. We do not have the funds and will not have the funds." Gomez did not mention anything about his financial status, employment history, or ties to the community in his sworn statement.

Gomez did not include any information about his financial status, assets, or his ability to make bond in his sworn statement. Tim's affidavit and live testimony provided some information about Gomez's assets, but his testimony about his ability to help his son was conclusory. This is nonspecific evidence that suggests that Gomez was unable to pay any amount of bail. But inability to pay bail does not render bail excessive even when the accused is indigent. *See Wright*, 976 S.W.2d at 820. This factor does not indicate that the bail was excessive. *See id.*

**5.     The future safety of the victim and the community.** Gomez introduced the magistrate's order for emergency protection of his ex-girlfriend, and he averred in his sworn statement that the trial court had admonished him to stay away from her. He also introduced the Public Safety Assessment, which showed he was at the lowest risk for new criminal activity and for failing to appear in court in the future, based on part on his lack of criminal history. Tim testified that Gomez was not a violent person, but the trial court could have discounted that evidence in light of the evident bias of the father in favor of his son and the violent circumstances alleged in the indictments. While a long criminal history may justify

a high amount of bail, the absence of criminal history does not indicate that the bail set in this case is excessive.

**6.    Other factors.** The record includes some evidence related to other factors that the court may consider when setting bail. Tim Gomez testified that his son had been working as a waiter, but he said his son was unemployed at the time of the hearing. No evidence indicated how long he had worked as a waiter or why that work experience connected him to the community. Gomez is 27 years old, unmarried, and lives with his father and his family. He has lived in the area for his entire life, yet he provided no additional evidence of community ties that would provide reasonable assurance that he would appear for trial. We have already noted a lack of criminal history. These other factors do not demonstrate that the bail set by the court was excessive. *Cf. Golden v. State*, 288 S.W.3d 516, 517 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd) (holding that $200,000 bail on each of two drug possession charges was excessive when accused lived with wife, owned and operated a flooring business, previously attended drug and alcohol abuse counseling, would resume counseling if released on bond, and had support from church and community).

Considering all of the factors, we conclude that Gomez did not carry his burden to prove that the amount of bail set by the trial court was excessive. We overrule this issue.[2]

### III.   Gomez's procedural issues are not cognizable in pretrial habeas corpus.

"[P]retrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy,' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). "A defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ellis*, 309 S.W.3d at 79. An accused may use a pretrial writ of habeas corpus to challenge: (1) the State's power to restrain him at all; (2) the manner of pretrial restraint, such as denial of bail; and (3) issues which, if meritorious, would

---

[2]     We are constrained in our review to the question of whether the bail set by the trial court was excessive. But we note that the procedure by which the trial court increased the amount of bail in the wake of the Gomez's family's posting bail in the amount set by the magistrate is the opposite of a transparent judicial process. Because the court need not make findings of fact or in any way explain why it increased bail and because the defendant has the burden of proof to demonstrate that bail is excessive, the trial court's determination to increase the amount of bail is unreviewable, even if it were, in fact, an arbitrary decision.

bar prosecution or conviction. *Smith*, 178 S.W.3d at 801. A pretrial application for a writ of habeas corpus is "not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

Gomez raised procedural challenges, asserting that he did not have counsel of his choosing at his bail hearing and that the trial court did not adhere to the Texas Rules of Evidence. The remedy for these challenges would be a new hearing at which he could have counsel of his choosing and the court would adhere to the Rules of Evidence. But it would not result in immediate release. Accordingly, we conclude that Gomez's procedural challenges are not cognizable in a pretrial habeas corpus application. We overrule Gomez's remaining issues.

## Conclusion

We affirm the order of the trial court denying the application for writ of habeas corpus. All pending motions are dismissed as moot.

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Farris.

Justice Landau, concurring without opinion.

15

**HCDistrictclerk.com**    The State of Texas vs GOMEZ, JOSEPH ERIC (SPN 02489311)    9/26/2022

Cause 165330601010    CDI 3    Court 338

## APPEALS

No Appeals found.

## PAYMENT PLAN

No Payment Plan found.

## RELATED CASES

No related cases found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| Case | 165330601010 - 3 |
| File Date | 11/13/2019 |
| Case (Cause) Status | Active - CRIMINAL |
| Offense | ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU |
| Last Instrument Filed | Felony Indictment |
| Case Disposition | |
| Case Completion Date | N/A |
| Defendant Status | Bond Made |
| Bond Amount | $75,000.00 |
| Next/Last Setting Date | 2/9/2023 |

### DEFENDANT DETAILS

| | | | |
|---|---|---|---|
| Race/Sex | U / M | Height/Weight | 6'01 / 170 LBS |
| Eyes | | Hair | |
| Skin | | Build | |
| DOB | ▆▆▆ | In Custody | N |
| US Citizen | NO | Place Of Birth | |
| Address | ▆▆▆▆▆▆▆▆ 77502 | | |
| Markings | | | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| Court | 338th |
| Address | 1201 Franklin (Floor: 15) Houston, TX 77002 Phone:7137557774 |
| JudgeName | Ramona Franklin |
| Court Type | Criminal |

## BONDS

| Date | Type | Description | SNU |
|---|---|---|---|
| 11/15/2019 | BOND | BOND FILED CRT 338 TIME 1300 TYPE SURETY / BOND MADE AMT $15000 DATE 11/15/2019 RCPT # / BONDSMAN: MUHARIB, ANTHONY | 999 |
| 11/21/2020 | BOND | BOND FILED :CRT 338 TIME 1910 TYPE SURETY / BOND MADE: AMT $75000 DATE 11/20/2020 RCPT # / BONDSMAN: USFIC-WISAM MUHARIB | 998 |

## WITNESS

| Subpoena ID | Status | Name | County | Request Date | Issued Date | Summoned By | Served Date | Return Date | Return Type |
|---|---|---|---|---|---|---|---|---|---|
| 764622 | Returned | INFORMATION, RELEASE | Harris County | 12/9/2019 | 12/9/2019 | Peace Officer | 1/15/2020 | 1/15/2020 1:01:00 PM | Executed |
| 780644 | Returned | INFORMATION, | Harris | 1/22/2020 | 1/23/2020 | Peace Officer | 1/23/2020 | 1/23/2020 | Executed |

| | | RELEASE | County | | | | | 1:04:00 PM | |
| 1018732 | Returned | INFORMATION, RELEASE | Harris County | 4/21/2022 | 4/21/2022 | Peace Officer | 4/22/2022 | 4/22/2022 2 36 00 PM | Executed |
| 1079765 | Returned | Information, Release | Harris County | 9/1/2022 | 9/2/2022 | Peace Officer | 9/12/2022 | 9/12/2022 3:23:00 PM | Executed |

## BOOKINGS

| Arrest Date | Arrest Location | Booking Date |
|---|---|---|
| 8/31/2020 7:30:00 PM | SURRE | 8/31/2020 7:51:00 PM |
| 11/13/2019 10:39:00 AM | DEER | 11/13/2019 11:47:00 PM |
| 11/15/2019 12:50:00 PM | 1201 | 11/15/2019 4:04:00 PM |

## HOLDS
No holds found

## CRIMINAL HISTORY

| Case(Cause)Nbr / Status | Defendant | Filed / Booked | Ct | Defendant Status | Disposition | Bond Amt | Type of Action / Offense | Next Setting |
|---|---|---|---|---|---|---|---|---|
| 165752101010-3Appeal(P) | GOMEZ, JOSEPH | 12/10/2019 \| 8/31/2020 | 338 | JAIL(J) | Disposed(DISP)12/10/2019 | $75,000 | WRIT OF HAB CORP (F) | |
| 165751901010-3Appeal(P) | GOMEZ, JOSEPH | 12/10/2019 \| 8/31/2020 | 338 | JAIL(J) | Disposed(DISP)12/10/2019 | $75,000 | WRIT OF HAB CORP (F) | |
| 165330601010 3Active CRIMINAL(A) | GOMEZ, JOSEPH ERIC | 11/13/2019 \| 8/31/2020 | 338 | Bond Made(B) | | $75,000 | ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU (F) | 2/9/2023 |
| 165330501010-3Active - CRIMINAL(A) | GOMEZ, JOSEPH ERIC | 11/13/2019 \| 8/31/2020 | 338 | Bond Made(B) | | $75,000 | BURG W-INTENT-COMMIT OTHER FELONY (F) | 2/9/2023 |
| 173153901010-2Complete(C) | GOMEZ, JOSEPH ERIC | 1/13/2011 \| 1/14/2011 | 12 | Disposed(D) | Disposed(DISP)9/20/2011 | $1,000 | POSS CS PG 3 <28 GRAMS (M) | 3/11/2011 |

## ACTIVE PARTIES

| Name | Connection | Post Jdgm | SPN # | Atty StartDt | Atty EndDt |
|---|---|---|---|---|---|
| USFIC WISAM MUHARIB | BAIL BONDSMAN | | 74599000 | | |
| TABONE, SIERRA | HIRED DEFENSE ATTORNEY | | 02970377 | | |
| MUHARIB, ANTHONY | PREVIOUS BONDSMAN | | 74597000 | | |
| WILLIAMS, LARRY DOUGLAS II | PUBLIC DEFENDER AT PC DOCKET | | 02923542 | | |
| GOMEZ, JOSEPH ERIC | DEFENDANT   CRIMINAL | | 02489311 | | |

## INACTIVE PARTIES
No inactive parties found.

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|---|---|---|---|---|---|---|---|---|---|
| 11/15/2019 09:00 AM | 338 | | Assigned Court | Preliminary Assigned Court | Reset By Operation Of | Present | 11/18/2019 | | Present |

| | | | | Appearance | Law | | | |
|---|---|---|---|---|---|---|---|---|
| 11/18/2019 09 00 AM | 338 | Master Docket | Arraignment | Reset Upon Defense Request | Present | 12/10/2019 | EVID.HEAR | Present |
| 12/10/2019 09:00 AM | 338 | Master Docket | Non-Trial Setting | Reset Upon Defense Request | Present | 1/24/2020 | | Present |
| 1/24/2020 09 00 AM | 338 | Master Docket | Non-Trial Setting | Reset Upon Defense Request | Present | 3/3/2020 | | Absent |
| 3/03/2020 09:00 AM | 338 | Master Docket | Disposition | Reset Upon Defense Request | Present | 4/16/2020 | | Present |
| 4/16/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/7/2020 | DOCKET RESET | To Be Set |
| 6/07/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/8/2020 | DOCKET RESET | To Be Set |
| 6/08/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 8/3/2020 | DOCKET RESET | To Be Set |
| 8/03/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 10/15/2020 | DOCKET RESET | To Be Set |
| 8/31/2020 09 00 AM | 338 | Master Docket | Disposition | Reset By Court | Present | 10/15/2020 | APPEAL RTRN | Present |
| 10/15/2020 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 1/8/2021 | DOCKET RESET | To Be Set |
| 1/08/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 3/26/2021 | DOCKET RESET | To Be Set |
| 3/26/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 6/18/2021 | DOCKET RESET | To Be Set |
| 6/18/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 9/21/2021 | DOCKET RESET | To Be Set |
| 9/21/2021 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 1/10/2022 | DOCKET RESET | To Be Set |
| 1/10/2022 09:00 AM | 338 | Master Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 4/12/2022 | DOCKET RESET | To Be Set |
| 4/12/2022 09:00 AM | 338 | Attorney Consultation Docket | Disposition | Reset By Operation Of Law | Data Not Entered | 4/12/2022 | DOCKET RESET | To Be Set |
| 4/12/2022 10:00 AM | 338 | Master Docket | Disposition | Reset By Court | Data Not Entered | 2/9/2023 | DOCKET RESET | Present |
| 2/09/2023 10 00 AM | 338 | Trial Docket | Jury Trial | | Data Not Entered | | | To Be Set |
| 11/14/2019 | PCD | Motions | Probable Cause | PC FOUND | Data | | | To Be Set |

| 04:00 AM | Docket | Hearing | AND WARNINGS GIVEN | Unavailable |
|---|---|---|---|---|

## ALIASES

| Defendant Alias | True Name | Race | Sex | DOB | SPN# |
|---|---|---|---|---|---|
| GOMEZ, JOSEPH | Yes | U | M | ▉ | 02489311 |
| GOMEZ, JOSEPH ERIC | | U | M | ▉ | 02489311 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| restricted | APPLICATION FOR SUBPOENA BY STATE | | 09/01/2022 | 1 |
| -> restricted | 1079765 - SUBPOENA | | 09/02/2022 | 2 |
| -> restricted | SUBPOENA APPLICATION ATTACHMENT STATE | | 09/01/2022 | 1 |
| -> restricted | SUBPOENA APPLICATION ATTACHMENT STATE | | 09/01/2022 | 2 |
| 93204922 | SURETY BOND | | 11/21/2020 | 2 |
| 88208270 | EXHIBITS LIST TO APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 47 |
| 88422083 | SUBPOENA APPLICATION ATTACHMENT STATE | | 12/09/2019 | 2 |
| 89040135 | SUBPOENA APPLICATION ATTACHMENT STATE | | 01/22/2020 | 2 |
| 101539439 | SUBPOENA APPLICATION ATTACHMENT STATE | | 04/21/2022 | 2 |
| 101539445 | SUBPOENA APPLICATION ATTACHMENT STATE | | 04/21/2022 | 2 |
| 91968054 | CCP16.22 ORDER | | 08/31/2020 | 1 |
| 91975123 | ORDER FOR SUPERVISION AND BOND CONDITIONS | | 08/31/2020 | 3 |
| 91949590 | DEFENDANTS EXHIBIT RELATED TO BAIL | | 08/30/2020 | 23 |
| 91949606 | DEFENDANTS EXHIBIT RELATED TO BAIL | | 08/30/2020 | 23 |
| 91672540 | BOND REINSTATED | | 08/07/2020 | 1 |
| 89744559 | CASE RESET FORM | | 03/03/2020 | 1 |
| 89078090 | ORDER | | 01/24/2020 | 1 |
| 89164520 | CASE RESET FORM | | 01/24/2020 | 1 |
| 89061763 | DEFENDANT'S MOTION FOR TRANSCRIPT | | 01/23/2020 | 2 |
| -> 89061769 | PROPOSED ORDER ON DEFENDANT'S MOTION FOR TRANSCRIPT | | 01/23/2020 | 1 |
| 88618498 | ORDER | | 12/19/2019 | 4 |
| 88574198 | DESIGNATION OF RECORD ON APPEAL | | 12/16/2019 | 4 |
| 88466468 | NOTICE OF APPEAL | | 12/10/2019 | 2 |
| 88466470 | NOTICE OF APPEAL | | 12/10/2019 | 2 |
| 88482632 | CASE RESET FORM | | 12/10/2019 | 1 |
| 88222328 | ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 1 |
| 88331828 | ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS | | 11/21/2019 | 1 |
| 88153569 | CHARGING INSTRUMENT - FELONY INDICTMENT | | 11/18/2019 | 1 |
| 88167310 | CASE RESET FORM | | 11/18/2019 | 1 |
| 88108220 | BAIL CONDITION AND NO CONTACT ORDER | | 11/15/2019 | 2 |

| | | | |
|---|---|---|---|
| 88122496 | C87AI COURT DIRECTIVE - REMAND DEFENDANT TO CUSTODY | 11/15/2019 | 1 |
| 88123895 | SURETY BOND | 11/15/2019 | 2 |
| 88131916 | CONDITIONS OF BOND - NO CONTACT | 11/15/2019 | 2 |
| 88146478 | CASE RESET FORM | 11/15/2019 | 1 |
| 88084489 | STATE'S MOTION FOR HIGH BOND | 11/14/2019 | 2 |
| 88092670 | ADDITIONAL ORDERS | 11/14/2019 | 2 |
| | COMMITMENT ISSUED - FELONY | 11/14/2019 | |
| | FINANCIAL AFFIDAVIT FILED | 11/14/2019 | |
| | IND ASMT HELD | 11/14/2019 | |
| | PROBABLE CAUSE & STATUTORY WARNINGS | 11/14/2019 | |
| 88093044 | PROTECTIVE ORDER | 11/14/2019 | 5 |
| 88085245 | CHARGING INSTRUMENT - COMPLAINT | 11/13/2019 | 1 |
| restricted | STATES MOTION FOR MAGISTRATES ORDER FOR EMERGENCY PROTECTION | 11/13/2019 | 1 |

CAUSE NO. <u>165330601010</u>     SPN: <u>02489311</u>     DATE/TIME OF ARREST:<u>11/13/2019 10:39 AM</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 338th DISTRICT COURT |
| v. | § | |
| <u>GOMEZ, JOSEPH ERIC</u> | § | HARRIS COUNTY, TEXAS |
| DOB: | | |

Pgs-2

OTPROT
(997-
OTPCIH
(998-
OTMSW
(999-
OTFAF
(999-
OTCMIF
(999-
ADDO
(998)

## STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER

On this date and time the above-named defendant personally appeared before me, the undersigned Texas magistrate. The defendant appeared ☒ **in person** ☐ **by video teleconference** and I admonished the defendant as follows:

You are accused of <u>**3RD DEGREE FELONY**</u>, namely, <u>**ASLT FAM/HOUSE MEM IMPED BRTH/CIRCU**</u>.

- You have the right to hire an attorney to represent you.
- You have the right to remain silent.
- You have the right to have an attorney present prior to and during any interview with peace officers or attorneys representing the state.
- You have the right to stop any interview at any time.

- You have the right to an examining trial in a felony offense.
- You are not required to make a statement and any statement you make can be used against you.
- You have the right to request the appointment of counsel if you cannot afford counsel.

**If you consent, I can appoint the Public Defender to represent you and describe evidence on your behalf in this bail hearing regardless of whether you are indigent. If you request appointed counsel and are later found to be indigent, another lawyer would be appointed to represent you in any trial or plea on the charge(s) listed above.**

**Do you consent to allow an assistant public defender to represent you in this bail hearing, knowing that this lawyer will not continue to represent you when this hearing is over?**   ☐ **NO**   ☒ **YES**— Pursuant to Joint Administrative Order No. 2017-01, Assistant Public Defender <u>Williams, Larry</u>

(print name) represented the Defendant in this bail hearing.

**Do you request the appointment of counsel to represent you in the county or district court if you are determined to be indigent?**
☒ **NO**   ☐ **YES**— The Court **ORDERS** Pretrial Services to help the defendant, if still in custody, prepare the request and any supporting paperwork, and then forward the request to the judge of the court in which the case is pending within 24 hours.

**CONSULAR NOTIFICATION:** If you are a foreign national, you may be entitled to have us notify your country's consular representative here in the United States. If your country requires notification, we will notify it as soon as possible.

The accused is a:  ☒ United States citizen   ☐ foreign national of (country).

☐ The accused requests notification of consular officials.

☐ **MANDATORY NOTIFICATION:** The clerk shall immediately alert the above country's consulate of this arrest.

If you are a foreign national, please provide the following information:

| Name (father's last / mother's last / first) | Date of Birth | Place of Birth |
|---|---|---|
| | | |

| Passport Number | Date Issued | Place Issued |
|---|---|---|
| | | |

## PROBABLE CAUSE FINDING AND ORDER

☐ The Court **FINDS** that probable cause for further detention **DOES NOT EXIST**. The Court **ORDERS** the law enforcement agency and officer having custody of the defendant to immediately release the defendant from custody.

☒ The Court **FINDS** that probable cause for further detention **EXISTS**. The Court reviewed and/or set the defendant's bond as indicated in the BAIL ORDER below and, in clear and unambiguous language: (1) advised the defendant of his rights pursuant to TEX. CODE CRIM. P. Art. 15.17; and (2) provided the defendant with information required by law. The Court **ORDERS** the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☐ Probable cause previously determined. The Court ORDERS the defendant committed to the custody of the Sheriff of Harris County, Texas, until he posts the required bond or until further order of the Court.

☒   SEE NEXT PAGE FOR BAIL ORDER

<u>November 14, 2019 4:47 AM</u>

**Date and Time**          **Magistrate (Judge or Hearing Officer)**          **Interpreter (if applicable)**

Magistrate Diana Olvera (SPN 65278650)          (Rev. July 24, 2018)          Page 1 of 2

CAUSE NO. <u>165330601010</u>

**STATUTORY WARNINGS BY MAGISTRATE - PROBABLE CAUSE FOR FURTHER DETENTION – PR BOND/BAIL ORDER**

# PERSONAL BOND / BAIL ORDER

Having found probable cause exists for the further detention of <u>GOMEZ, JOSEPH ERIC</u>, the Court next determined the conditions of release for the accused to ensure he/she will appear and answer before the proper Court.

## PART 1: PUBLIC SAFETY ASSESSMENT

The Court considered the Public Safety Assessment results and also considered the following presumptive personal bond recommendation:

☐ Personal Bond Recommended
☐ Personal Bond **NOT** Recommended
☒ Personal Bond Recommendation referred to Magistrate
☐ PSA NOT available

## PART 2: PERSONAL BOND / BAIL REQUESTS

**Presumptive Bail Amount $888,888.00**

**A. DISTRICT ATTORNEY PR BOND / BAIL REQUEST**
- Personal Bond ☐ Requested ☒ Opposed
  ☐ No Position
- Bail Request ☐ No DA Bail Request
  ☐ Higher _____
  ☒ Lower $100,000.00
  ☐ No Bail

**B. PUBLIC DEFENDER PR BOND / BAIL REQUEST**
- Personal Bond ☒ Requested ☐ Opposed
  ☐ No Position
- Bail Request ☐ No PD Bail Request
  ☐ Higher _____
  ☒ Lower $10,000.00
  ☐ No Bail

## PART 3: FINANCIAL AFFIDAVIT

Signed and Sworn:   ☒ Yes
                    ☐ No

# ORDER

After considering the above, the Court (1) advised the defendant of his rights pursuant to TEX.CODE CRIM.P. ART 15.17; (2) set the defendant's conditions of release in clear and unambiguous language; and (3) provided the defendant with information required by law.  The Court then ORDERED the following:

**Bail is set at:**   ☐ No Bail   ☒ $15,000.00 _____
                      ☐ Conditions

**Personal bond is:**   ☒ Not Approved   <u>scored 1/1 on PSA=BAR//facts and circums are violent and</u>
<u>concern for high risk of safety for c/w..17.03 applies in this case.</u>
                      ☐ Approved ☐ Conditions

The reasons for this individual assessment of the appropriate conditions of release were explained to the above-named Defendant.

<u>November 14, 2019 4:47 AM</u>
**Date and Time**          **Magistrate (Judge or Hearing Officer)**          **Interpreter (if applicable)**

Magistrate **Diana Olvera** (SPN **65278650**)          (Rev. July 24, 2018)          Page 2 of 2