# EXHIBIT 135

# Standard Operating Procedures Manual for Early Presentment Process

Effective April 4, 2018



Confidential   HC-0000684766

**Harris County Pretrial Services**

Kelvin L. Banks, Director

Dennis Potts, Deputy Director

Myra Smith, Pretrial Screen Division

Aurora Roberts, Defendant Monitoring Division

Edward Jones, Computer Applications Division

**Harris County Pretrial Services Contact Information**

**Phone**

Administration: 832-927-3500

Pretrial Screening: 832-927-3530

Defendant Monitoring: 832-927-3520

Computer Applications: 832-927-3510

**Fax**

Administration: 713-437-4535

**Agency Internet Site**

https://pretrial.harriscountytx.gov

Harris County Pretrial Services Mailing Address

102 San Jacinto

Houston, Texas 77002

Persons who require additional information about or alternative means for communication of the information in this manual should contact:

LaToya Dunbar

Phone: 832-927-3099

Fax: 713-437-4535

LaToya.Dunbar@pts.hctx.net

2

Standard Operating Procedure Manual for Early Presentment Process for Harris County Pretrial Services Pretrial Screening Division

## Table of Contents

Introduction.................................................................................................................... 4

    Background............................................................................................................ 4

    Purpose.................................................................................................................. 5

    Definition............................................................................................................... 5

    Document Organization........................................................................................ 5

    Use of SOPs........................................................................................................... 5

    Quality Control..................................................................................................... 5

    Updates.............................................................................................................. 5-6

    Disclaimer............................................................................................................. 6

    References............................................................................................................. 6

**Part 1-Understanding How the Early Presentment Process Works................................. 6-7**

**Part 2-How to Access Instructions.................................................................................. 7-8**

**Part 3-How to Initiate an Early Presentment................................................................. 8-10**

**Part 4-How to Create a Personal Bond Form, Supervision Instruction Form, and Special Condition Form........................................................................................................... 10-11**

**Part 5-How to Update Early Presentations in the Public Safety Assessment and Court Review into Computer Database................................................................................ 11-14**

**Part 6-Clean Up Early Presentment Queue in Deputy Exploration of Electronic Document (DEEDS) 14**

**Law Enforcement Contact Information........................................................................ 15-16**

3

## Introduction

Background

Pretrial Services is a Harris County department that receives budgetary support and approval from the Harris County Commissioners Court. A committee comprising of judges from the Criminal District Courts and the County Criminal Courts at Law provides guidance regarding the department's operational objectives. However, the administrative authority for Pretrial Services resides statutorily with the Commissioners Court.

Pretrial Services has two primary functions. The first functions is to investigate and compile information on people who are charged by Harris County with a felony or class A or B misdemeanor offense. Staff then synthesize collected information into a report. The report assists the judiciary with the release and detention decisions, especially those related to eligibility for release on a personal bond. If the court makes the decision to release a defendant on personal bond or orders conditions of release, staff monitor and enforce defendant compliance and report non-compliance to the court regardless of the release method. The agency structures all activities to address the purposes of bail: to assure appearance in court and minimize danger to the community.

Chapters 17.01 and 17.03 of the Texas Code of Criminal Procedure define a personal bond as a form of bail that does not require the defendant to post security. The defendant takes an oath to appear in court, and no money is required for his or her release upfront. However, the court may assess service-related fees payable to the court after release. In Texas, a defendant released on a personal bond is fully liable for the mount of the bond in the event he or she fails to appear for a scheduled court appearance.

The current release process in Harris County requires that Pretrial Services officers complete a Public Safety Assessment (PSA) on all defendants charged with a class A or B misdemeanor or felony offenses. The PSA is a pretrial risk assessment tool that uses nine risk factors, (age at current arrest, current violent offense, pending charge at the time of the offense, prior misdemeanor conviction, prior felony conviction, prior violent conviction, prior failure to appear pretrial in past 2 years, prior failure to appear pretrial older than 2 years, and prior sentence to incarceration), to assess the risk of new criminal activity (NCA), including new violent criminal activity (NVCA), and failure to appear (FTA) pending case disposition. The assessment is intended to be used to assess the risk of NCA, NVCA, and FTA for defendants who have been arrested in the community and are pending the disposition of their cases. All pretrial risk factors are determined based on the defendant's adult criminal convictions and court appearance history. In addition, all criminal history and failure to appear related factors are based only on misdemeanor and felony charges that carry a potential penalty of incarceration in jail or prison that excludes Class C misdemeanors and ordinances. An algorithm provided by the use of the Harris County Bond Schedule Recommendation application identifies defendants eligible for early presentment. This application utilizes the PSA outcomes along with details regarding a defendant's current charge to identify individuals that can be safely release from custody during the pretrial phase using the early presentment process.

Confidential

HC-0000684769

Purpose

The purpose of this document is to provide users with a systematic guide and training tool regarding the Early Presentment process. By using this uniform approach, the goal is that all users will produce an accurate and consistent work product.

The purpose of the Early Presentment process is to aide in the identification and release of low-level, non-violent people who have been arrested within Harris County, Texas. This process enables the judiciary to make release decisions at a defendant's earliest entry into the criminal justice system, just after the charging process is complete. The goal of the current process is to present and process a defendant's case and risk factor information prior to the physical transport of the defendant to the Harris County Jail, which in turn will circumvent their need to appear on a Probable Cause Hearing docket. This front-end approach provides a much more efficient, fair criminal justice system for the residents of Harris County, and has a global impact on public safety and government spending.

Definition

A standard operation procedure (SOP) describes in detail the method to be used to perform routine or repetitive activities.  It provides a framework that helps to ensure the quality, consistency, and defensibility of the information being produced and provided for approval.  It reduces errors and training time required to deliver the finished product.

Document Organization

The manual is divided into six parts: Part 1: Understanding How the Early Presentment Process Works; Part 2: How to Access Instructions; Part 3: How to Initiate An Early Presentment; Part 4: How to Create a Personal Bond, Supervision Instruction Form for all Holding Facilities, and Special Condition Forms; Part 5: How to Update Early Presentment Information into the Public Safety Assessment and Court Review Database; and Part 6: How to Clean Up Early Presentment Queue In Deputy Exploration of Electronic Document (DEEDs).  The SOP effective date is listed under the title.  As the SOP is revised, the revision date will be shown in the Table of Contents.

Use of SOPs

Standard Operating Procedures promote quality by assuring a consistency that can be independent of personnel changes.  It can be used as part of a training program and to reconstruct project activities when there are no references available.

Quality Control

Quality Control is achieved and maintained when all persons follow the procedures so that the process is consistent from one staff member to another.

Updates

Confidential

HC-0000684770

Processes and procedures change frequently.  Either the entire SOP or individual pages may be revised.  The date that an individual SOP was incorporated in the manual or updated will be noted at the top of the first page under the SOP title.

Disclaimer

This document has been reviewed, approved, and released in compliance with Harris County Pretrial Services.  Every reasonable effort is made to accurately describe the actual process and to check for errors in the descriptions and methods applied.  However, users should read the SOP carefully and question any possible errors.

References

Harris County Pretrial Services Intranet
Justice Information Management System (JIMS)
DIMS

## Understanding How the Early Presentment Process Works

Early Presentment Case Process

### Defendants with a Single Case:

1. Defendants who have a Public Safety Assessment (PSA) score and application of the appropriate bail schedule indicate a presumption of personal bond on their case will be presented for Early Presentment (EP).
   a. Pretrial Services' staff assigned to the Probable Cause Office area designated for EPs at 49 San Jacinto will provide the Magistrate with the: 1) Probable Cause Form (PC); 2) PSA results; 3) bail schedule results; 4) DIMS summary; 5) Witness Complaint Data Information; 6) Complainant Property; 7) Criminal History; and 8) the Personal Bond Form.
   b. This is to ensure that defendants are released as early as possible on a personal bond, including those that are being held at the outlying county holding facilities.
2. Defendants who have a PSA score and application of the appropriate bail schedule indicates a personal bond is not recommended on their case will have a secured bond amount generated from the automated bail schedule and the case will not be presented for EP.
   a. Pretrial Services' staff assigned to District Attorney Intake (1st Floor 1301 Franklin) will provide the District Attorney's Office with the: 1) PSA results and 2) bail schedule results.
   b. This is to ensure release as early as possible on a secured bond, including defendants that are being held at outlying county holding facilities.[1]

_____
[1] Source: Banks, Kelvin. Early Presentment Process. July 25, 2017.

3. Defendants who have a PSA score and application of the appropriate bail schedule require a [2]15.17/Probable Cause hearing on their case will not be presented for EP.
    a. Pretrial Services' staff assigned to the Probable Cause Hearing (PCH) at 49 San Jacinto will provide the Magistrate with the: 1) PSA results; 2) bail schedule results; 3) Defendant Report (interview) if provided including the *Affidavit of Financial Condition*; 4) Criminal History; and 5) Personal Bond form of the appropriate case(s).

**Defendants with Multiple Cases**

1. Defendants who have a PSA score and applications of the appropriate bail schedule(s) indicate a presumption of personal bond all of their cases will be presented for EP.
    a. Pretrial Services' staff assigned to the Probable Cause Office area designated for EPs at 49 San Jacinto will provide the Magistrate with the: 1) Probable Cause Form (PC); 2) PSA results; 3) bail schedule results; 4) DIMS summary; 5) Witness Complaint Data Information; 6) Complainant Property; 7) Criminal History; and 8) the Personal Bond Form.
    b. This is to ensure that defendants are released as early as possible on a personal bond, including those that are being held at the outlying county holding facilities.
2. Defendants who have a PSA score and application of the appropriate bail schedule(s) indicate a presumption of personal bond on at least one of their cases and secured bond on the remainder of their cases will be presented for EP on the case(s) that carry a presumption of personal bond. The remaining case(s) with a secured bond amount generated from the automated bail schedule will not be presented for EP.
    a. Pretrial Services' staff assigned to the Probable Cause Office area designated for EPs at 49 San Jacinto will provide the Magistrate with the: 1) Probable Cause Form (PC); 2) PSA results; 3) bail schedule results; 4) DIMS summary; 5) Witness Complaint Data Information; 6) Complainant Property; 7) Criminal History; and 8) the Personal Bond Form for the appropriate cases.
    b. Pretrial Services' staff assigned to District Attorney Intake (1st Floor 1301 Franklin) will provide the District Attorney's Office with the: 1) PSA results and 2) bail schedule results.
    c. This is to ensure release as early as possible on personal bonds and secured bonds including those that are being held at outlying county holding facilities.
3. Defendants who have a PSA score and application of the appropriate bail schedule(s) indicate a 15.17/Probable Cause hearing are required on any of their cases will not be presented for EP.
    a. [i]Services' staff assigned to the Probable Cause Hearing (PCH) at 49 San Jacinto will provide the Magistrate with the: 1) PSA results; 2) bail schedule results; 3) Defendant Report (interview) if provided including the *Affidavit of Financial Condition*; 4) Criminal History; and 5) Personal Bond form the appropriate case(s).

---

[2] Source: Banks, Kelvin. Early Presentment Process. July 25, 2017

Confidential                                                                                                              HC-0000684772

## How to Access Instructions

### Access Instructions

1. Go to *Court and Case Information* on the Pretrial Intranet

   **Resources**
   - Court & Case Information

2. Click on the District Clerk DEEDs link, and then select the Early Presentment (EP) option located at the top of the screen.

   

   A list of early present cases will appear.

   

3. Select "NONE" from the Bond dropdown menu. This will narrow your search to those EP bond documents that have not been initiated. Click "Search" button. Cases that show up with a plus sign in the bond column can be completed and presented to the magistrates.

   

## How to Initiate an Early Presentment

### Initiating an EP

1. Identify the arresting agency by either of the two methods.
   a. DIM90-You can search for the defendant in DIMS using either the defendant's name or the DA Log Number, if available. When searched, the search results will indicate the three-character abbreviation of the arresting agency. In the below DIMS example, the arresting agency (HPV, or Hedwig Village police department) is found in the last column.

8

   More explicit arresting agency and officer information can be found by placing an "X" to the left of the record of interest and pressing the F1 key (Officer).

 b. You can click the PSA link on the Pretrial Services intranet page, and the *PSA and Court Review* page will open.  Select the *DIM Search* tab and search the defendant by name or DA Log Number.  The *Agency* column indicates the three-character abbreviation of the arresting agency.



2. Contact the holding facility.
If it is an outlying facility, such as that of the Houston Police Department, call the facility to make sure that the defendant is still there.  A list of the jurisdictions with phone numbers and contact persons are found in the EP binder and is attached at the end of this document.

3. Conduct a criminal history investigation.

Note: SPN#s are not listed on the Early Presentment Cases list so conduct the necessary steps to locate it and start the criminal history process.

Print the PTSP, LAPI, LCTI, WMIN, and LCIC as necessary.  If a FBI number or SID number is provided, run LCCH for all such numbers. Review the resulting history to ensure that it is consistent with the PSA and bond schedules that have been completed.  If there are errors, ensure that the PSA and bond schedule are adjusted to accurately reflect the defendant's criminal history.

You may employ the criminal history used to prepare the PSA, if it is available.  However, you must review that criminal history for completeness and accuracy of interpretation.  If you discover that the criminal history check was not complete, address any deficiencies, and review the complete criminal history.  Make any necessary adjustments to the PSA and bond schedule.

4. Complete the Probable Cause form.  The form is found in the EP binder/approval log.  The officer working EPs is responsible for completing the items depicted below.  EP is to be stamped in the top right corner.

9

![Probable Cause form header]

5. Print required DIM documents.
    Go to DIM 40 for *Summary of Facts*, DIM 50 for *Witness/Complainant Data*, and DIM 55 *Complainant Property/Description of Property*. Print the screen if allowed, even if there is no Information in that section. In order to print, press F9, select the printer, and press enter. The Incident report and necessary information should print.

## How to Create a Personal Bond, Supervision Instruction Form, and Special Condition Form

1. Go back to the DEEDS EP screen. Click on the + sign under the bond column to create the bond for the case of interest. Make sure that everything is correct (e.g. SPN, case information, defendant name, and court information). If the information is not correct, make the necessary corrections and save the document.
2. Go back to the top of the DEEDS EP screen where you see case, DA log, status, etc. In the *Case* column, enter the case number for bond document that is being completed, and click the *Search* button. That case information will appear and the document icon that previously had a blue plus + sign now will indicate PR in red. Click on the Submit button to the right to submit the bond document to the magistrate for review and further action.



3. Take the EP packet to the judge for review. The judge will let you know whether the bond is approved, not approved, and referred to 15.17 (PC) hearing, or no probable cause is found. If the bond is approved, the judge will sign the bond electronically. If the bond is approved and the defendant is at an outlying holding facility, you must contact that facility to make sure the defendant is still there. If so, let the facility staff know that the judge approved a personal bond for the defendant, and that the bond and instructions will be faxed to the facility.
    a. The magistrate may approve the defendant to be released on a personal bond but with special conditions. If that is the case, make sure that the special conditions box on the bond says yes. In addition, the officer would need to complete the special condition form that can be found on the Harris County Intranet under forms and provide it to the judge for signature. The special conditions form should be faxed over with the bond. Make sure it is thoroughly communicated to the outlying county jail staff that the form must signed and initialed in the designated areas and faxed back along with the bond to be filed with the District Clerks. The defendant is given a copy of the conditions for his/her records. Defendants should also make

10

       sure to bring their copy of their instruction form and special condition form when they report to the Defendant Monitoring Division.
4. Print a copy of the bond signed by the magistrate, and print and complete an instruction form for outlying jails. This form can be found under *Forms* on the Pretrial Services intranet page. Complete the instruction form with all necessary information and fax the signed bond and completed instruction form to the facility where the defendant is being held. For HPD, you have to put PTR PSA# on the top before it is faxed to them.
5. If the defendant is at the Harris County Inmate Processing Center (IPC), contact the officers at the IPC and let them know that there is a defendant who was approved for a personal bond and instruction is needed. Complete the supervision requirements form, and print the form as well as the bond to the computer labelled IPC. The defendant will need to sign the bond and complete the bottom portion of the bond with his/her address, phone number, nearest relative, and employment information. The jail employee that witnesses the defendant signing the bond must sign on the line under the defendant's signature. The defendant information section should not be completed with information found in JIMS or DIMS.
6. Once you receive the signed bond by return fax, make sure that "EP" is stamped at the top. Make a copy of the bond and PC form for Pretrial Services' records. You then file with the District Clerk the original PC form, the bond that has only the magistrate's signature, and the bond that has both the magistrate's and the defendant's signature. If the defendant is at the IPC, provide Central Records with a copy of the bond with both signatures. Do not provide a copy to Central Records for defendant that are at an outlying jail facility unless instructed to do so.
7. If the magistrate finds no probable cause (NPCF), make a copy of the PC form and file the original with the District Clerks. If the defendant is at an outlying jail, contact that jail to make sure that the defendant is still there. If so, inform the jail staff of the magistrate's decision and that a copy of the NPCF form will be faxed over. After the form has been faxed to the outlying jail, contact them to confirm that they received it. If the defendant already has been transferred to Harris County, verify that the defendant has been received at the IPC and provide a copy of the form to Central Records.
8. If the magistrate does not approve personal bond release and refers the matter to 15.17 hearing, staff should:

- Note "EP" next to the word "Referred" (bottom right-hand corner). Make a copy for Pretrial services.
- Give the original probable cause form to the District Clerk.
- Place the paperwork in the appropriate tray to go to the PC hearing.

## How to Update Early Presentment Information in the Public Assessment and Court Review Database

1. Make sure that the SPN# has been entered and saved on the PSA. Go to the Harris County Pretrial Services Intranet. Click on the PSA tab, and on the *PSA and Court Review* page, select the *EP Reviews* tab.

Confidential
HC-0000684776



2. Enter the PSA ID number in the space provided for it, and click the search button.  Click the *New EP Review* link.  You should see a screen similar to the below graphic.  If a case does not appear, the SPN# needs to be updated in the PSA.



12

3. Associate the case(s) that has/have been presented to the magistrate for approval and select the Save button.   Then select the *Review* tab.



4. Update the information and save.  The review time is the time that the magistrate notes on the PC form.  If the review time is not on the pc form, use the time the judge signed the bond.  If the judge did not approve the EP,

5. Return to the *PSA and Court Review* screen.  Enter the PSA ID and the date the EP review was done, and select the Search button.  Click on the *Details* link to the left.

    Details   CARBAJAL, LUIS ROMAN

6. Click on the *Edit Release Status* tab.

7. Update the information and save.  Many times, the defendant will not be released at the time the *Filed Date/Time* information is updated so this section will need to be checked often and updated as required.  For outlying jails, the release time will be the time that the bond was received back via fax.  The release time and file time may will not be the same.  When the release time and date are being updated in the system for those individuals, the release time will be the same as the file time.  Under no circumstances will the system allow the release time to be before the filed time.  Document in the comment section that actual release time.

13



8. Once the information is updated in the system, the information must be written down in the *Early Presentment Log* that is found in the EP binder. The log should be checked and updated regularly by each shift.

## How to Clean Up Early Presentment Queue in Deputy Exploration of Electronic Document (DEEDs)

It is very important to make sure that the EP queue is being cleaned on a consistent basis. If this process does not take place, it can cause the system to load very slowly. There is no specific time or order in which the queue should be cleaned as long as it is completed throughout the course of the day.

Go to DEEDs and into the Early Presentment queue. Once the queue is open, it will show all defendants that at some point were eligible for early presentment. On this page, you will likely see three different bonds. This bond ![icon] has not been created. Check these to see if the defendant has posted a Cash Bond (CASB), Surety Bond (SUBD), or been released on an unsecured bond (BROR). If so, please the delete the case from the DEEDS EP queue by clicking the trashcan to the far right of the case information. ![icon] This bond ![icon] can be deleted into the trashcan. It can no longer be accessed.

Lastly, this bond ![icon] should not be deleted. If this process is done throughout the day, the system will run smoothly.

Confidential                                                                                  HC-0000684779

| Law Enforcement Agency and Contact Information | Phone Number | Fax Number |
|---|---|---|
| Baytown Police Department-Booking | 281-425-1104/1108 | 281-420-6623 |
| Bellaire Police Department-Dispatch | 713-668-0487 | 713-662-8289 |
| Deer Park Police Department-Dispatch/Supervisor | 281-479-1511 | 281-478-5705 |
| Alternate/Jail | 281-930-2160 | 281-478-5705 |
| Friendswood Police Department | 281-996-3300 | 281-482-9218 |
| Galena Park Police Department- Dispatch | 713-675-3471 | 713-672-8219 |
| Harris County Sheriff's Department-Central Records | 713-755-8047 | 713-755-8039 |
| Alternative | | 713-755-2798 |
| Hedwig Village Police Department-Dispatch | 713-461-4797 | 713-461-4801 |
| Houston Police Department Southeast-Bonding | 832-394-2063 | 832-394-2058 |
| Sgt. Desk | 832-934-2059 | |
| Humble Police Department-Jail Officer on Duty | 281-446-7127 | 281-446-1457 |
| Jacinto City Police Department-Shift Supervisor | 713-672-2455 | 713-672-2404 |
| Jersey Village Police Department-Dispatch | 713-466-5824 | 713-466-0784 |
| Katy Police Department-Dispatch | 281-391-4848 | 281-391-4873 |
| La Porte Police Department-Shift Supervisor | 281-471-2141 | 281-842-3198 |
| Memorial Villages Police Department | 713-365-3700 | 713-932-9301 |
| Nassau Bay Police Department | 281-333-4200 | 281-316-4199 |
| Pasadena police Department-Day/Sgt. Moon | 713-475-7235 | 713-473-2002 |
| Evening/Sgt. King | 713-475-7054 | 713-473-2002 |
| Night/Sgt. Rucker | 713-475-4963 | 713-473-2002 |
| Alternate/Jail | 713-475-7870 | 713-473-2002 |
| Seabrook Police Department-Day/Sgt. Barton/Lafosse | 281-291-5610 | 281-291-5620 |
| Night/Sgt. Hough/Douglas | 281-291-5610 | 281-291-5620 |
| Southside Police Department-Dispatch | 713-668-2341 | 713-668-2405 |
| South Houston Police Department | 713-944-1910 | 713-946-2700 |
| Spring Valley Police Department-Dispatch/Supervisor | 713-465-8323 | 832-910-8590 |
| Alternative | | 713-465-3135 |

15

| | | |
|---|---|---|
| Tomball Police Department-Lt. Arriage, Sgt. S. Davis, or Sgt. C. Hatchett | 281-290-1300 | 281-351-2615 |
| Webster Police Department-Nathan Hughes, Tiffany Swanson, Mike Hayes, and Katheryn Hamm | 281-332-2426 | 281-316-4199 |

Confidential                                                                                                              HC-0000684781