IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, et al, | [] | |
| Plaintiffs | [] | |
| | [] | No. 4:19-cv-00226 |
| v. | [] | Hon. Lee H. Rosenthal |
| | [] | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al, | [] | |
| Defendants | [] | |

### SHERIFF ED GONZALEZ'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiffs' Motion for Summary Judgment lays out a harsh critique of Harris County's criminal justice system.[1] Plaintiffs' main points are well taken. The criminal justice system is badly in need of repair. It jails presumptively innocent people for inordinate periods of time in ways that disproportionately fall on the poor, especially persons of color. The Sheriff has often spoken out about the need for reform.

---

[1] Plaintiffs' Motion is accompanied by a 95-page self-proclaimed Statement of Undisputed Material Facts. The "facts" in this Statement consist of anecdotes, expert opinions, and editorial comment, all designed to cast the felony criminal justice system in general, and the jail in particular, in the worst light. The Sheriff neither endorses nor attacks the Statement, but rather reserves his right to later object to specific factual issues if this case is not dismissed as a matter of law.

1

If only this case were the proper vehicle for comprehensive reform. The jail population has dramatically increased, to be sure, but Plaintiffs lay substantial blame on the Felony Judges, hearing officers, and underperforming defense counsel, parties not present in this suit. This Court cannot fashion an order that directs absent parties to act. Plaintiffs heap blame, too, on Senate Bill 6, which, effective December 1, 2021, tied the hands of all criminal justice participants, yet they make no challenge to the Legislature's authority to enact it, nor does this Court have the power to amend it. There is only so much this Court can do.

Indeed, Plaintiffs' Motion assumes, without explanation, that this Court has the power to grant the relief it seeks. The Fifth Circuit, however, has made it clear it has significant concerns about the viability of this litigation. It has cast doubt not only on whether the Sheriff can be sued, it has also foreshadowed a strong preference that federal courts not intervene in state bail practices at all. The passage of S. B. 6 led the Northern District of Texas to dismiss a similar challenge to the Dallas County bail practices as moot.

Before this Court tackles the weighty fact-intensive constitutional issues presented by Plaintiffs' Motion, the Sheriff suggests it is appropriate to consider the threshold questions of standing and mootness laid out by the Fifth Circuit. Judicial economy and common sense favor deciding those preliminary questions. The Sheriff therefore seeks clarification on those points.

## ARGUMENT

I.  **Do Plaintiffs have standing to sue the Sheriff?**

"Whether the sheriff should be a party will primarily turn on whether injury is traceable to the Sheriff and can be redressed." *Daves v. Dallas County,* 22 F.4th 522, 545 (5th Cir. 2022) (*en banc*).

The Sheriff has long eschewed Plaintiffs' attempts to label him as a policymaker. He issues no orders and makes no rules. His job, both by statute and by practice, is to execute faithfully the policies set by others—the Legislature, the courts, and the county commission. For those reasons, the Fifth Circuit held the Sheriff was not a municipal policymaker and could not be subject to injunctive relief in the misdemeanor bail case. *ODonnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018).

Those same reasons compel the same conclusion here. Just as he is not a municipal policymaker, nor is he a state policymaker. This conclusion, previewed by the *Daves* decision from the Fifth Circuit, is reinforced by the passage of S. B. 6, which sets out rules for bail and confirms that the Sheriff is a mere administrator of the decisions of others. Unless the plaintiffs can trace injury to the Sheriff, they have no standing to sue him in this case. The Sheriff asks the Court to determine whether standing exists, and if it does not, to dismiss the Sheriff from this suit.

3

II.     **Does S. B. 6 moot this case?**

In *Daves*, the Fifth Circuit remanded the Dallas County case to the district court to make two initial determinations. *Daves*, 22 F.4th at 548. First, does the *Younger* abstention doctrine apply? Second, what impact, if any, does S. B. 6 have on the suit?

On remand, the district court held *Younger* abstention does not apply. That analysis is complex, but a review of it is unnecessary because the second issue considered by the district court was held to be dispositive. Judge Godbey held S. B. 6, by setting a statewide scheme for bail that supplants all county rules, mooted the existing controversy. *See, Daves v. Dallas County* (slip opinion attached). The case is presumably back on appeal to the Fifth Circuit.

The entire basis of Plaintiffs' suit, as set out in their latest amended complaint, is the enforcement by Harris County (and, by extension, the Sheriff) of its own purportedly unconstitutional bail practices. Those bail rules set by Harris County and challenged by Plaintiffs no longer exist, having been replaced by S. B. 6. Judge Godbey's reasoning in *Daves* should apply with equal force here. Before taking up Plaintiffs' detailed complaints as presented by their motion for summary judgment, the Court should determine if a live controversy still exists. If, as we reluctantly expect, S.B. 6 has mooted the case, it must be dismissed.

4

## CONCLUSION

The Plaintiffs' efforts have, at the least, shone light on discriminatory bail practices, but political forces stretch the issues in all directions. The political process frustrates, and equally frustrating, all the time and effort put into this litigation may now fizzle by legislative decree. The Sheriff will continue to support safe, effective, and measured bail reform, but the claims asserted in this case against him must, regretfully, be dismissed.

Respectfully submitted.

/s/ Murray Fogler
Murray Fogler
FOGLER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel: 713.481.1010
Fax: 713.574.3224

OF COUNSEL:

/S/ Suzanne Bradley
**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress
Houston, Texas 77002
Telephone: (713) 274-5330
suzanne.bradley@harriscountytx.gov

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I certify that on January 13, 2023 a copy of this document was served on counsel of record via electronic filing in accordance with the USDC Southern District of Texas Procedures for Electronic Filing.

/s/ *Murray Fogler*
Murray Fogler