IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, et al. | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 4:19-CV-00226** |
| HARRIS COUNTY, TEXAS, et al. | § | |
|    *Defendants*. | § | |
| | § | |

**DEFENDANT HARRIS COUNTY'S RESPONSE
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND HARRIS COUNTY'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

INDEX OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION ...........................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ..............................................................................2

RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACT ....................................3

SUMMARY OF THE ARGUMENT .............................................................................................4

ARGUMENT ..................................................................................................................................5

    A. Neither the judges, nor the Sheriff are Harris County policymakers with respect to the setting of bail ........................................................................................................................6

        1. The judges are state actors and cannot be Harris County policymakers .........................6

        2. The Sheriff is not a Harris County policymaker for purposes of setting bail .................7

    B. Senate Bill 6 moots Plaintiffs' claim for injunctive relief ...................................................8

CONCLUSION AND PRAYER ...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) .................................................................................................................. 4

*Daves v. Dallas Cnty., Tex.*,
   2022 WL 2473364 (N.D. Tex. July 6, 2022) ........................................................................... 5, 9

*Daves v. Dallas County, Texas*,
   22 F.4th 522 (5th Cir. 2022) ............................................................................................... Passim

*Davis v. Tarrant Cnty.*,
   565 F.3d 214 (5th Cir. 2009) ..................................................................................................... 7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*,
   528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ........................................................... 9

*Matter of Tara Crosby, LLC*,
   2022 WL 1567086 (E.D. La. May 18, 2022) ............................................................................ 4

*McMillian v. Monroe Cnty*,
   520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) ............................................................ 6, 7

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) ................................................................................................................... 6

*ODonnell v. Harris Cnty*,
   892 F.3d 147 (5th Cir. 2018), overruled on other grounds .............................................. 5, 8, 9

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ................................................................................................ 4, 6

*Pugh v. Rainwater*,
   572 F.2d 1053 (5th Cir. 1978) ................................................................................................... 9

*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir. 1984) ..................................................................................................... 6

## Statutes

42 U.S.C. § 1983 ............................................................................................................... Passim

Article V of the Texas Constitution ............................................................................................ 6

Pub. L. No. 104-317, tit. III, § 309(c), 110 Stat. 347, 3853 (Oct. 19, 1996) .............................. 10

Tex. Code Crim. Pro. art. 17.028 ................................................................................................ 9

Tex. Code Crim. Pro. art. 17.028(a) ....................................................................................... 5, 9

Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18 ................................................................................ 8

Tex. Loc. Gov't Code § 351.041(a) ............................................................................................ 8

## Rules

Fed. R. Civ. P. 56(a) ................................................................................................................... 5

Fed. R. Ev. 702 ........................................................................................................................... 4

Federal Rule of Civil Procedure 56(e)(1) ................................................................................... 4

## Other Authorities

Senate Bill 6 ......................................................................................................................... Passim

TO THE HONORABLE CHIEF JUDGE LEE ROSENTHAL:

Harris County files the following response to Plaintiffs' Motion for Summary Judgment (Doc. 634) and moves for summary judgment.

## I.
## INTRODUCTION

A person arrested and charged with a crime is presumed innocent and should have a fair and reasonable opportunity to be free while preparing a defense. Plaintiffs present a corpus of persuasive evidence that the felony criminal justice system is slow, discriminates based on a person's economic means, and causes substantial harm to the community.

Plaintiffs also acknowledge that Harris County adopted one of the most comprehensive misdemeanor bail reform initiatives in the nation[1] and is complying with the Consent Decree in *ODonnell v. Harris County*.[2] To the extent it can, Harris County will continue to promote policies that protect those accused of crimes from being detained solely because of their economic status. However, the Fifth Circuit Court of Appeals made clear in *Daves v. Dallas County, Texas*, 22 F.4th 522 (5th Cir. 2022), that Harris County cannot be held liable under Section 1983 for the bail decisions of district judges.

The Texas Legislature recently passed Senate Bill 6[3] to impose additional requirements on state judges, and Plaintiffs argue this exacerbates the issues underlying this lawsuit. However, Senate Bill 6 moots Plaintiffs' claims for injunctive relief by replacing the bail procedures Plaintiffs challenge. Accordingly, Plaintiffs' motion must be denied.

---

[1] *See, e.g.*, Second Amended Complaint, Doc. 195-1 at ¶¶ 3-4, ¶ 101.

[2] *ODonnell v. Harris County*, Cause No. 4:16-cv-1414 (S.D. Tex. 2016), in the United States District Court for the Southern District of Texas. (Doc. 708).

[3] Act of August 31, 2021, 87th Tex. Leg. 2d C.S., S.B. 6.

## II.
## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs are a class of people detained in the Harris County jail on various felony charges who assert they were unable to afford bail and were subjected to unconstitutional wealth-based detention.[4] In their Second Amended Complaint, Plaintiffs plead three constitutional injuries:

(1) The Fourteenth Amendment's Equal Protection and Due Process Clauses by jailing those accused of crimes "without findings concerning their present ability to pay and without findings concerning the necessity of the detention in light of alternative conditions of release that could serve the government's interests."[5]

(2) The Fourteenth Amendment's Substantive Due Process right to pretrial liberty by jailing those accused of crimes "prior to trial without making any finding that pretrial detention is necessary to serve the government's interests."[6]

(3) The Due Process Clause requirement that those accused of crimes have "an adversarial hearing, with counsel, at which the person has notice of the critical issues to be decided at the hearing, an opportunity to be heard and to present and confront evidence, and a statement of reasons on the record explaining the reasons for the finding that pretrial detention is necessary."[7]

Plaintiffs claim these violations occur because "Harris County uses a predetermined money bail schedule, promulgated through administrative order by the Harris County District Court Judges ("the Felony Judges") to determine financial conditions of pretrial release for nearly all felony arrestees in Harris County."[8] Plaintiffs also claim hearing officers typically impose bail consistent with that schedule without holding evidentiary hearings regarding the ability to pay or whether alternative conditions of release might be available to serve the government's interests.[9]

---

[4] Second Amended Complaint, Doc. 195-1 at ¶¶ 11-13.

[5] Second Amended Complaint, Doc. 195-1 at ¶ 200.

[6] Second Amended Complaint, Doc. 195-1 at ¶ 202.

[7] Second Amended Complaint, Doc. 195-1 at ¶ 204.

[8] Second Amended Complaint, Doc. 195-1 at ¶ 80. In their Motion for Summary Judgment, Plaintiffs acknowledge that the bail schedule and general order bonds have been eliminated under Senate Bill 6. *See, e.g.*, Doc. 634 at 8-9.

[9] Second Amended Complaint, Doc. 195-1 at ¶¶ 106-108.

Plaintiffs seek a declaratory judgment that Defendants violated their constitutional rights.[10] Plaintiffs also seek an order enjoining Defendants from keeping those accused of felonies in jail because they cannot pay a secured financial condition of release "without findings concerning ability to pay, without consideration of or findings concerning non-financial alternatives, without findings that pretrial detention is necessary to meet a compelling government interest, and without safeguards to ensure the accuracy of those findings."[11] Finally, Plaintiffs seek an order declaring Executive Order GA-13 unconstitutional and preventing portions of it from being enforced.[12]

On December 9, 2022, Plaintiffs filed a Motion for Summary Judgment,[13] Statement of Undisputed Material Facts,[14] and 197 exhibits.[15] Plaintiffs request that the Court find "[a]ll Defendants are liable for declaratory and injunctive relief, to be crafted following further proceedings."[16]

## III.
## RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACT

This case can be resolved as a matter of law, and to conserve resources, Harris County has not responded to Plaintiffs' Statement of Undisputed Material Fact. However, many of Plaintiffs' undisputed facts are anecdotes and opinions from four recently disclosed experts who have not been deposed and whose qualifications, underlying facts and data, methodology, and ultimate

---

[10] Second Amended Complaint, Doc. 195-1 at 50 (Request for Relief).

[11] *Id.*

[12] *Id.* Executive Order GA-13 was signed March 29, 2020 to prohibit the "broad-scale release" of people charged with certain crimes during the COVID-19 pandemic. Harris County has no control over this order.

[13] Doc. 634.

[14] Doc. 634-1.

[15] Doc. 634-2 through Doc. 634-105 and Doc. 635 through Doc. 635-97.

[16] Doc. 634 at 61.

conclusions have not been examined by Defendants.[17] These experts are: (1) Dr. Jennifer Copp,[18] (2) Dr. Melissa Hamilton,[19] (3) Dr. Michael Jones,[20] and (4) Krishnaveni Gundu.[21] Harris County neither endorses nor disputes Plaintiffs' Statement of Undisputed Material Facts. However, if the Court believes they are necessary to resolve summary judgment, Harris County requests the right to respond in more detail under Federal Rule of Civil Procedure 56(e)(1).

## IV.
## SUMMARY OF THE ARGUMENT

Plaintiffs filed suit against Harris County under 42 U.S.C. § 1983.[22] To plead a municipal liability claim under Section 1983, Plaintiffs must show that a Harris County policymaker adopted an official policy that was the moving force of a constitutional violation.[23] Plaintiffs allege that judges and the sheriff adopted a bail system that violated their Due Process and Equal Protection rights. However, the Fifth Circuit Court of Appeals has held that district judges serve as <u>state</u> officials enforcing <u>state</u> law when setting bail policies, and the sheriff has no policymaking

---

[17] *See* Fed. R. Ev. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Matter of Tara Crosby, LLC*, No. CV 17-5391, 2022 WL 1567086, at *3 (E.D. La. May 18, 2022).

[18] Plaintiffs' Statement of Undisputed Material Facts cites Dr. Copp's November 17, 2022 unsworn declaration in Doc. 634-1 at footnotes 1, 4, 8, 24, 46, 63, 80, 84, 95, 117, 118, 122, 124, 159, 161, 207, 212, 219, 221, 233, 235, 275, 306, 309, 311, 317, 319, 326, 329, 341, 368, 374, 375, and 440

[19] Plaintiffs' Statement of Undisputed Material Facts cites Dr. Hamilton's August 29, 2022 unsworn declaration in Doc. 634-1 at footnotes 22, 80, 81, 82, 85, 91, 93, 94, 96, and 146.

[20] Plaintiffs' Statement of Undisputed Material Facts cites Dr. Jones' August 24, 2022 unsworn declaration in Doc. 634-1 at footnotes 160, 310, 373, 374, 376, 377, 392, 409, 413, 418, 419, 422, 426, 428, 430, and 435.

[21] Plaintiffs' Statement of Undisputed Material Facts cites Gundu's December 7, 2022 unsworn supplemental declaration in Doc. 634-1 at footnotes 59, 279, 284, 373, 378, 379, 383, 384, 386, and 391.

[22] Second Amended Complaint, Doc. 195-1 at ¶ 16.

[23] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

authority to set bail.[24] Accordingly, these officials are not county policymakers for purposes of setting bail policy, and Plaintiffs cannot bring a municipal liability suit challenging bail practices against the county in which these officials serve.

Further, the Texas Legislature's passage of Senate Bill 6 created a uniform state bail procedure that purportedly meets minimum constitutional standards, and now binds district court judges. This moots Plaintiffs' requests for injunctive relief.[25]

## V.
## ARGUMENT

To prevail on summary judgment, Plaintiffs must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law.[26] Harris County does not raise any dispute of fact; however, as a matter of law, Plaintiffs cannot prevail in their case.

Even when a party does not move to dismiss, a federal court "has a continuing obligation to assure itself of its own jurisdiction, *sue sponte* if necessary."[27] A court must resolve jurisdictional questions before reaching the merits of a case, although "there is no mandatory 'sequencing of jurisdictional issues.'"[28]

To state a claim against Harris County for a constitutional violation under Section 1983, Plaintiffs must plead three elements: "a policymaker; an official policy; and a violation of

---

[24] *Daves*, 22 F.4th 522, 533-39 (5th Cir. 2022) (district and county judges are not county policymakers for bail policies); *ODonnell v. Harris Cnty*, 892 F.3d 147, 156 (5th Cir. 2018), overruled on other grounds (sheriff is not a county policymaker for bail policies).

[25] *Daves v. Dallas Cnty., Tex.*, No. 3:18-CV-154-N, 2022 WL 2473364, at *4 (N.D. Tex. July 6, 2022) (citing Tex. Code Crim. Pro. art. 17.028(a)).

[26] Fed. R. Civ. P. 56(a).

[29] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[29] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

constitutional rights whose 'moving force' is the policy or custom."[29] The Fifth Circuit instructs that "'actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.'"[30]

## A. Neither the judges nor the Sheriff are Harris County policymakers with respect to the setting of bail.

### 1. The judges are state actors and cannot be Harris County policymakers.

Plaintiffs assert judges are final policymakers: (1) for promulgating bail procedures, (2) making policy decisions about which arrestees are eligible for release on non-financial conditions, and (3) making policy decisions about the content of the findings that are required to justify pretrial detention and about the procedural safeguards to provide for arrestees, such as when to provide adversarial hearings and counsel, whether to provide notice, an opportunity to be heard, and an opportunity to present and confront evidence, and whether to make findings on the record.[31]

While the judges may have this policymaking authority to the extent allowed by state law, they are not policymakers for Harris County. The en banc *Daves* decision plainly holds that judicial functions are state—not county—functions for the purposes of *Monell*'s policymaker analysis.[32] The *Daves* court looked to state law to determine which level of government an alleged policymaker works for under Section 1983.[33] *Daves* held that district judges are state judicial officers under Article V of the Texas Constitution and by statute.[34] They are part of a state judicial

---

[29] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[30] *Id.* (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)).

[31] Second Amended Complaint, Doc. 195-1 at ¶ 23.

[32] *Daves*, 22 F.4th at 522.

[33] *Id..* at 533 (citing *McMillian v. Monroe Cnty*, 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)).

[34] *Id.* at 540-42.

6

system whose rulings are appealed to state appellate courts, and they act on behalf of the state to enforce state law.[35] Even when district judges create a local bail schedule, they do so as part of a judicial act that is "inextricably linked" to the subsequent setting of bail and applying state law.[36]

Plaintiffs attempt to distinguish *Daves* by relying on *McMillian*'s directive that courts should determine whether certain actors are county actors "for the local government in a particular area, or on a particular issue," arguing that, unlike the plaintiffs in *Daves*, their claims challenge bail setting practices beyond the application of a discretionary bail schedule.[37] But the *Daves* court held as a matter of Texas law, district judges are state actors in the particular context and for the particular functions of setting bail, writ large.[38] Nothing in *Daves* suggests that district judges become county policymakers for the purposes of Section 1983 simply because the challenged bail-setting procedures are "broader" than the application of discretionary bail schedules.[39] Plaintiffs may be challenging other aspects of the bail system, but *Daves*' holding is not limited to the discretionary bail schedule at issue in that case.[40]

### 2. The Sheriff is not a Harris County policymaker for purposes of setting bail.

Plaintiffs assert in their Second Amended Complaint that the Sheriff is a policymaker for Harris County "for all law enforcement decisions in Harris County."[41] Plaintiffs acknowledge that

---

[35] *Id.* at 537-38.

[36] *Id.* at 539-40 (quoting *Davis v. Tarrant Cnty.*, 565 F.3d 214, 226 (5th Cir. 2009)).

[37] *McMillian*, 520 U.S. at 785; Plaintiffs' Mot. for Summary Judgment, Doc. 634 at n. 23 (arguing that "the relevant inquiry is whether, as a practical matter, the judges are policymakers *in this particular context* and for the *particular functions* that are challenged—not whether they are County policymakers 'in some categorical, 'all or nothing' manner.'" (emphasis in original)).

[38] *Daves*, 22 F.4th at 541.

[39] Plaintiffs' Mot. for Summary Judgment, Doc. 634 at n. 23.

[40] *Daves*, 22 F.4th at 541 (reversing the lower court's holding that district judges were county policymakers "[b]ecause these District Judges acted for the State *when addressing bail*" (emphasis added)).

[41] Plaintiffs' Second Amended Complaint, Doc. 195-1, ¶ 29. In footnote 11, Plaintiffs acknowledge that the Sheriff may act on behalf of the state.

7

*Daves* forecloses this position, but they preserve the argument based on their claim that "the Sheriff acts as a municipal policymaker for Harris County because state law not only endows him with the power to act as a final policymaker, but *requires* him not to enforce unconstitutional bail orders."[42]

While he may be a policymaker for certain functions, the Sheriff does not set the bail policies that Plaintiffs allege resulted in their constitutional injuries.[43] As a law enforcement officer, the Sheriff lacks discretion to determine the amount of bail, conduct a hearing on bail, determine the constitutionality of an order to confine someone, or disregard such an order. The Sheriff therefore cannot be a Harris County policymaker responsible for Plaintiffs' asserted constitutional violations.

**B.    Senate Bill 6 moots Plaintiffs' claim for injunctive relief.**

On August 31, 2021, the Texas Legislature passed Senate Bill 6.[44] After its passage, the Fifth Circuit remanded *Daves* to the district court to determine the effects of the Act on the case.[45] On July 6, 2022, the federal district court in *Daves* issued a Memorandum Opinion and Order explaining that the Senate Bill 6 amended the Texas Code of Criminal Procedure "to require an

---

[42] Plaintiffs' Motion for Summary Judgment, Doc. 634 at n. 47 (emphasis in original).

[43] *See ODonnell v. Harris Cnty*, 892 F.3d 147, 156 (5th Cir. 2018) ("the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed 'for want of bail.' *See* Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional. Accordingly, the County Sheriff does not qualify as a municipal policymaker under § 1983."), overruled on other grounds by *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522 (5th Cir. 2022).

[44] Act of August 31, 2021, 87th Tex. Leg. 2d C.S., S.B. 6.

[45] *Daves*, 22 F.4th at 548.

individualized bail determination within forty-eight hours of arrest"[46] that must "consider an arrestee's ability to pay money bail"[47] and imposes the "least restrictive conditions ... necessary to reasonably ensure the defendant's appearance in court as required…" Tex. Code Crim. Pro. art. 17.028. The Act codifies the right of an arrested person to complete a financial affidavit and establishes procedures to provide notice and obtain review of an initial bail determination.[48]

This created a statewide bail procedure that eliminates the rigid application of local bail schedules and limits judges' ability to adopt local rules or practices. Senate Bill 6 "track[s]" the Fifth Circuit's *ODonnell* panel decision and addresses many of Plaintiffs' constitutional complaints—such as the right to an individualized bail hearing.[49] As the district court in *Daves* explained, this moots Plaintiffs' claims for injunctive relief in this case because the policies and procedures Plaintiffs challenge can no longer exist following the passage of Senate Bill 6.[50]

This also prevents Plaintiffs from having standing for injunctive relief because they cannot show an injury that is "fairly traceable" to the conduct of a particular defendant or that it is likely "the injury will be redressed by a favorable decision."[51] Plaintiffs' alleged injury is that Felony Judges violated their constitutional rights by providing bail schedules that magistrates rigidly

---

[46] *Daves v. Dallas Cnty., Tex.*, No. 3:18-CV-154-N, 2022 WL 2473364, at *4 (N.D. Tex. July 6, 2022), (citing Tex. Code Crim. P. art. 17.028(a)).

[47] *Id.*

[48] *Id.*

[49] *Id.* at *5 (N.D. Tex. July 6, 2022), discussing constitutional standards in *ODonnell v. Harris Cnty.*, 892 F.3d 147, 157 (5th Cir. 2018), overruled on other grounds by *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522 (5th Cir. 2022).

[50] *Id.* at *5 (N.D. Tex. July 6, 2022) discussing *Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978) (en banc).

[51] *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 181, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000).

applied without considering the ability to pay.[52] However, Plaintiffs admit that since the passage of Senate Bill 6, "the Judges' bail schedule and General Order Bonds . . . are no longer in effect in Harris County"[53] and judges are required to follow state law to make individualized decisions in each case. This makes it impossible for Plaintiffs to trace their injuries to Harris County or the Felony Judges as a collective.[54]

## VI.
## CONCLUSION AND PRAYER

Harris County supports fair bail policies, agreed to a landmark misdemeanor Consent Decree, and remains at the forefront of the national conversation about criminal justice reform. However, the Fifth Circuit has made clear that Harris County cannot be liable to Plaintiffs in the circumstances of the case. Accordingly, Plaintiffs' motion for summary judgment must be denied, Harris County's motion for summary judgment must be granted, and this case must be dismissed as a matter of law.

---

[52] *See, e.g.,* Second Amended Complaint, Doc. 195-1 at ¶ 200; Plaintiffs' Motion for Summary Judgment, Doc. 634 at 60.

[53] Plaintiffs' Motion for Summary Judgment, Doc. 634 at 8-9.

[54] *See, Daves*, 22 F.4th 542-45. *See also*, 42 U.S.C. § 1983 (amended by Pub. L. No. 104-317, tit. III, § 309(c), 110 Stat. 347, 3853 (Oct. 19, 1996) (precluding injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity").

Respectfully submitted,

_/s/ Seth Hopkins_

**JONATHAN FOMBONNE**
First Assistant County Attorney
**SETH HOPKINS**
Special Assistant County Attorney
Texas Bar No. 24032435
**RACHEL FRASER**
Assistant County Attorney
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
(713) 274-5141 (telephone)
Seth.Hopkins@cao.hctx.net

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record on January 13, 2023, through the electronic case file system of the Southern District of Texas.

/s/ Seth Hopkins
**SETH HOPKINS**

11