IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, et al, | [] | |
| Plaintiffs | [] | |
| | [] | No. 4:19-cv-00226 |
| v. | [] | Hon. Lee H. Rosenthal |
| | [] | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al, | [] | |
| Defendants | [] | |

**SHERIFF ED GONZALEZ'S REPLY IN SUPPORT OF HIS
CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs spend most of their responding brief complaining about non-party Felony Judges.  Plaintiffs hope to convince the Court that the Felony Judges retain some policy-making authority over the Harris County bail process, even after S. B. 6 and even after the Fifth Circuit questioned whether Texas counties had any residual authority.  The handwriting is on the wall, but Plaintiffs refuse to see it.

We file this reply only because Plaintiffs continue to insist on drawing the Sheriff into a policy-making role that he does not have.  Plaintiffs cast the Sheriff as a pseudo-appellate-judge who should ignore or overrule judicial decisions he deems to be unconstitutional, or, alternatively, to act in the first instance as a trial judge when the real judges fail to act or act promptly enough.  The Sheriff does not have this authority.  Neither statute nor the Texas Constitution clothe him with such authority.  And the Fifth Circuit has already determined he does not:

1

> We agree with the County that its Sheriff is not an appropriate party for attaching municipal liability, however. The Sheriff does not have the same policymaking authority as the County Judges. <u>To the contrary, the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed "for want of bail."</u> *See* Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). <u>State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional.  Accordingly, the County Sheriff does not qualify as a municipal policymaker under § 1983.</u>

*ODonnell v. Harris Cnty.,* 892 F.3d 147, 156 (5th Cir. 2018*), overruled on other grounds by Daves v. Dallas Cnty., Texas,* 22 F.4th 522 (5th Cir. 2022) (emphasis added).

Because, as the Fifth Circuit has already ruled, the Sheriff is not a policy-maker, he cannot be the cause of any harm to Plaintiffs.  Likewise, he cannot be a proper party to a Section 1983 claim, because liability under that statute requires proof that the defendant be a policy-maker. *Monell v. Dep't. of Social Services,* 436 U.S. 658, 694 (1978); *see also*, *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiffs rely on *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781 (1997), but that case is no help to them.  While that decision involved sheriffs, it dealt with Alabama law and therefore has limited application here. *Id*. at 788 ("[I]t is entirely natural that both the role of sheriffs and the importance of counties vary from State

to State….").  The narrow ruling in that case sheds no light on whether the Sheriff in Harris County acts as a policy-maker.

Plaintiffs' beef is with the Felony Judges and the Texas Legislature, not the Sheriff.  The Sheriff remains open to sensible and limited bail reform that takes into account all factors and stakeholders, but he has no authority himself to bring it about.  Summary judgment should be granted in his favor.

Respectfully submitted.

*/s/ Murray Fogler*
Murray Fogler
FOGLER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

*/S/ Suzanne Bradley*
**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress
Houston, Texas 77002
Telephone: (713) 274-5330
suzanne.bradley@harriscountytx.gov

OF COUNSEL:

ATTORNEYS FOR SHERIFF ED GONZALEZ

3

## **CERTIFICATE OF SERVICE**

I certify that on March 1, 2023 a copy of this document was served on counsel of record via electronic filing in accordance with the USDC Southern District of Texas Procedures for Electronic Filing.

*/s/ Murray Fogler*
Murray Fogler