UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Intervenor-Defendants*. | § | |

**STATE INTERVENOR'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO 12(B)(1) AND MOTION FOR SUMMARY JUDGMENT**

The State of Texas has moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) and for summary judgment under Federal Rule of Civil Procedure 56, and files this Reply in support of that motion.

**SUMMARY OF THE ARGUMENT**

Plaintiffs claim they are not challenging state law[1] but, rather, are challenging local bail practices. For this reason, they claim, their claims are not mooted by S.B. 6. However, to the extent Plaintiffs are asking this Court to order Defendants to conduct magistration in a manner that goes beyond what is required by what is now a process governed by state law, they can only do so by showing the state law itself is unconstitutional.

---

[1] Plaintiffs have challenged the constitutionality of Executive Order GA-13. ECF 195-1 at p. 50. However, Plaintiffs do not address this claim in their Motion for Summary Judgment.

Plaintiffs have not challenged the constitutionality of state law as it exists under S.B. 6 (and according to Plaintiffs, they have not challenged the constitutionality of state statutes as they existed before S.B. 6 was signed into law). Moreover, Plaintiffs have not established that, as a matter of law, a substantive due process right exists or that they have been denied due process. For these reasons, and the reasons set forth in its Motion to Dismiss and Motion for Summary Judgment, as well as those set out the other defendants' pleadings, the Court should deny Plaintiffs' request for summary judgment and, instead, dismiss Plaintiffs' claims.

## ARGUMENT

### A. To the Extent Plaintiffs are Challenging Bail Procedures, Such Claims Have Been Rendered Moot by S.B. 6

The issue before this Court has been squarely addressed by its sister court in the Northern District of Texas: does the passage of S.B. 6, which modified the Code of Criminal Procedures regarding bail procedures and became effective in September 2021, moot Plaintiffs' claims for injunctive relief? The Northern District answered that question clearly: yes, it does. *Daves v. Dallas Cnty.*, No. 3:18-CV-154-N, 2022 WL 2473364, *5–6 (N.D. Tex. July 6, 2022).

Plaintiffs argue that this Court should disregard its sister court because they claim it was "wrongly decided." ECF 650 at p. 7. However, the Northern District's holding was effectively required by the Fifth Circuit's decision in *Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978) (en banc), which involved a constitutional challenge to Florida's "pretrial bail system." *Id.* at 1055. While that case was pending before the Fifth Circuit, the Florida Supreme Court adopted a new rule that superseded the one held unconstitutional by the district court. *Id.* The Fifth Circuit held that the adoption of this new rule mooted plaintiffs' challenge because "[t]he record before the

Court contains only evidence of practices under criminal procedures which predate the adoption of the current Florida rule." *Id.* at 1058. Because the Fifth Circuit's "review must be in the light of the Florida rule as it now stands, not as it stood when the judgment below was entered," it concluded that "the case has lost its character as a present, live controversy." *Id.*

In *Daves*, the Northern District found on remand that following the passage of S.B. 6, "the subject matter of this lawsuit—Dallas County's home-grown procedures for setting pretrial bail circa 2018—is no more" because "S.B. 6 replaced Dallas County's procedures with a uniform set of statewide statutory procedures." *Daves*, 2022 WL 2473364, at *5. While Plaintiffs may argue that S.B. 6 did not go far enough, any question about "the constitutionality of S.B. 6 is not presently before this Court." *Id.* at *5 n.8.

Moreover, although Plaintiffs argue they have produced evidence related to current procedures, there is no dispute that Plaintiffs were all magistrated under the procedures that existed prior to the enactment of S.B. 6. *See* ECF 503 at p. 11; ECF 634 at p. 32. As this Court has already recognized, there are threshold issues that must be determined before a class may be certified. ECF 622. Therefore, Plaintiffs cannot rely on the alleged experiences of non-parties as support for their position that this case has not been rendered moot. To the contrary, because the Court only has before it "evidence of practices under criminal procedures which predate the adoption of" S.B. 6, Plaintiffs' lawsuit "lost its character as a present, live controversy and is therefore moot." *Rainwater*, 572 F.2d at 1058.

Additionally, Plaintiffs' attempt to distinguish both Fifth Circuit and Supreme Court precedent fails. Plaintiffs claim that neither *Rainwater* nor the Supreme Court's similar opinion in

*New York State Rifle & Pistol Association v. City of New York* 140 S. Ct. 1525, 1526 (2020) (per curiam) warrants finding their claims have been rendered moot. As support, Plaintiff claims that since their claims challenge "local bail practices, not state law," this Court is still able to grant effectual relief. ECF 650 at p. 3. However, this argument ignores that following the passage of S.B. 6, bail procedures in misdemeanor and felony cases have been codified in state statute. *See generally* Act of Aug. 31, 2021, 87th Tex. Leg.2d C.S., S.B. 6. Relevant here, it sets forth several procedural requirements for bail hearings, including requiring (1) a decision on bail within 48 hours of arrest, (2) individual consideration of the Article 17.15(a) factors, and (3) "impos[ition of] the least restrictive conditions" that will "reasonably ensure the defendant's appearance in court as required and the safety of the community, law enforcement, and the victim of the alleged offense." Tex. Code Crim. P. art. 17.028 (a), (b).

In *Daves*, the Northern District found on remand that following the passage of S.B. 6, "the subject matter of this lawsuit—Dallas County's home-grown procedures for setting pretrial bail circa 2018—is no more" because "S.B. 6 replaced Dallas County's procedures with a uniform set of statewide statutory procedures." *Daves*, 2022 WL 2473364, at *5. While Plaintiffs may argue that S.B. 6 did not go far enough, any question about "the constitutionality of S.B. 6 is not presently before this Court." *Id.* at *5 n.8.

In short, state law sets forth the requirements for setting bail amounts and conditions. Tex. Code Crim. P. art. 17.15, 17.028. That law, which has been in effect for over a year, has not been challenged by Plaintiffs and renders Plaintiffs' claims in this suit moot.

### B. Plaintiffs are Not Entitled to Summary Declaratory or Injunctive Relief

Should the Court look beyond the mootness of Plaintiffs' claims, it must still summarily dismiss Plaintiffs' suit because Plaintiffs have failed to show an essential element of each of their Fourteenth Amendment claims.

#### 1. There is not an established substantive due process right to be free from secured bail

Plaintiffs acknowledge there is no fundamental substantive due process right to be free from any form of wealth-based detention. ECF 650 at pp. 25–26. Instead, Plaintiffs argue the substantive due process right they are entitled to is the right to be free from "unjustified deprivations" of liberty. *Id.* at p. 26. However, if there is no fundamental right to be free from wealth-based detention, it is unclear what substantive right is being unjustifiably deprived. Moreover, Plaintiffs' attempt to paint their alleged substantive due process right as one that is grounded in a long line of precedent is actually an attempt to import substantive due process rights from cases involving different circumstances to the pretrial bail process.

The *Williams-Tate-Bearden* line of cases Plaintiffs rely on do not relate to pretrial bail. *Bearden v. Georgia*, 461 U.S. 660, 665 (1983) ("The question presented here is whether a sentencing court can revoke a defendant's probation for failure to pay the imposed fine and restitution, absent evidence and findings that the defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate"); (*Williams v. Illinois*, 399 U.S. 235, 236 (1970) ("The narrow issue raised is whether an indigent may be continued in confinement beyond the maximum term specified by statute because of his failure to satisfy the monetary provisions of the sentence"); *see also Tate v. Short*, 401 U.S. 395, 397 (1971).

Similarly, the cases cited by Plaintiffs that supposedly support the idea that "federal courts around the country have repeatedly affirmed that money-based detention is unconstitutional" (ECF 650 at p. 29; ECF 634 at n.36) are not as supportive as Plaintiffs contend. For example, two (*Pierce v. City of Velada*, No. 15-CV-570, 2015 WL 10013006 (E.D. Mo. June 3, 2015), and *Martinez v. City of Dodge City*, No. 15-CV-9344, 2016 WL 9051913 (D. Kan. Apr. 26, 2016)), were resolved by settlement agreements. *Walker v. City of Calhoun*, No. 15-CV-0170, 2017 WL 2794064 (N.D. Ga. June 16, 2017), was overruled by the Eleventh Circuit, who recognized a presumption that a bail determination within 48 hours was constitutionally valid and that the Equal Protection Clause did not forbid a speedier release to those able to meet bail schedules. *Walker v. City of Calhoun*, 901 F.3d 1245, 1272 (11th Cir. 2018). *Edwards v. Cofield*, No. 17-CV-321, 2017 WL 2255775 (M.D. Ala. May 18, 2017), was a temporary restraining order and apparently involved a master bond schedule that was followed with no consideration of other factors; similarly, in *McNeil v. Cmty. Prob. Servs., LLC*, No. 18-CV-33, 2019 WL 633012, at *3 (M.D. Tenn. Feb. 14, 2019), the courts expressly did not consider ability to pay, which is specifically required by Texas law and was part of the process before S.B.6. *See* ECF 642 at pp. 23–24.

Authority supporting the proposition that deprivation of pretrial liberty solely because of indigency is not applicable in this case because Plaintiffs are not alleging Defendants have policies or procedures that require money bail in all circumstances or disregard ability to pay in making bail determinations—as previously discussed, such a system would violate Texas law.

2. <u>Any due process right that does exist has not, as a matter of law, been violated</u>

However, even if this Court believes Plaintiffs have set forth a viable substantive due process right, Plaintiffs' claims still fail because they have not shown that as a matter of law, that right has been violated. Plaintiffs' briefing repeatedly refers to money-based detention and unjustified deprivation of pretrial liberty. This rhetoric ignores that there is a process in place for setting bail that takes into consideration the individual's ability to pay, along with other factors.

To the extent Plaintiffs are arguing state bail procedures are not consistent with *ODonnell I*, they are incorrect. Under state law, a magistrate must, within 48 hours of arrest, order the defendant be granted personal bond, surety bond, or denied bail, based on individualized consideration of several factors, including ability to make bail. Tex. Code Crim. P. art 17.028(a). If an individual is unable to pay the bail amount set by the magistrate, he must be advised of his right and given the opportunity to submit an affidavit regarding his inability to pay. *Id*. art. 17.028(e)–(g). The individual is then "entitled to a prompt review by the magistrate on the bail amount." *Id*. art. 17.028(h). If that review does not occur within 48 hours of arrest, the court must report that to the Office of Court Administration and provide notice to the individual or his counsel. *Id*. art. 17.028(i). To the extent the magistrate does not lower the bail amount, he must "issue written findings of fact supporting the bail decision." *Id*. art. 17.028(h).

This process meets the requirements of *ODonnell I*. 892 F.3d 147, 163 (5th Cir. 2018). Moreover, it satisfies the standard laid out by the Supreme Court in *Mathews v. Eldridge*. As the Supreme Court noted, "[t]he essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it…[a]ll that is

necessary is that the procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard to insure that they are given a meaningful opportunity to present their case." 424 U.S. 319, 348–49 (1976) (internal quotations and citations omitted).

Plaintiffs would require that the magistrate apply a clear-and-convincing standard to the bail decision, although they acknowledge that the case law on this as applied to bail decisions is "surprisingly thin." ECF 634 at p. 54. However, other courts, including the Fifth Circuit, have recognized that heightened scrutiny is not applicable in cases such as this one. In *Walker v. Calhoun*, the Eleventh Circuit, citing to the Fifth Circuit's *Rainwater* decision, rejected application of heightened scrutiny to the standing bail order being challenged, noting that the analysis requires a court to ask first whether "preventative detention…serve[s] a legitimate state objective," and second, whether "the procedural safeguards [are] adequate to authorize pretrial detention." 901 F.3d 1245, 1263 (11th Cir. 2018). While not specifically addressing an evidentiary standard to apply to bail decisions, these holdings do not support Plaintiffs' claim that bail determinations are subject to a heightened consideration that would necessitate a clear-and-convincing standard of proof.

Intervenor does not take a position as to whether Defendants are following the process set forth in S.B. 6. However, Plaintiffs have not—and cannot—show as a matter of law that, in light of the process set forth in art. 17 of the Code of Criminal Procedure, that the statutorily required bail process does not provide them with due process under the Fourteenth Amendment.

## CONCLUSION

For the reasons set forth in Intervenor's Motion to Dismiss and Motion for Summary Judgment, as well as in this Reply, Plaintiffs' claims should be dismissed because they are moot.

Should the Court determine Plaintiffs' claims have not been entirely mooted by the passage of S.B. 6, then Plaintiffs' claims should be dismissed to the extent they seek to supplant state law that, in addition to not being challenged by Plaintiffs in this lawsuit, also satisfies due process.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant
Attorney General

SHAWN COWLES
Deputy Attorney General for
Civil Litigation

CHRISTOPHER D. HILTON
Chief for General Litigation Division

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Attorney-in-Charge
State Bar 24052209 | So. Dist. 1092074
Kimberly.Gdula@oag.texas.gov
Deputy Chief
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

## CERTIFICATE OF SERVICE

    I, Kimberly Gdula, hereby certify that on this the 8th day of March, 2023, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                 /s/ *Kimberly Gdula*
                                                 Kimberly Gdula
                                                 Deputy Chief