UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:19-cv-00226 |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Intervenor-Defendants*. | § | |

**STATE INTERVENOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO 12(B)(1) AND MOTION FOR SUMMARY JUDGMENT**

Intervenor the State of Texas has moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) and for summary judgment under Federal Rule of Civil Procedure 56. In response to a recent decision by the Fifth Circuit, Intervenor submits this Supplement to address how new authority from the Fifth Circuit further reinforces that this Court must dismiss Plaintiffs' claims in their entirety because they have been rendered moot by the passage of S.B. 6 in 2021. Moreover, in reversing its prior opinion in *ODonnell I*, the Fifth Circuit has made clear that under the *Younger* abstention doctrine, this Court should refrain from exercising jurisdiction over Plaintiffs' claims.

## SUMMARY OF THE ARGUMENT

As previously stated in State Intervenor's Motion for Summary Judgment, this Court lacks subject-matter jurisdiction over Plaintiffs' claims because they have been rendered moot by the passage of S.B. 6. In support of this, Intervenor cited the Court to a recent decision in the Northern District of Texas. *Daves v. Dallas Cnty.*, No. 3:18-CV-154-N, 2022 WL 2473364, *5–6 (N.D. Tex. July 6, 2022). In response, Plaintiffs called the Northern District's ruling "a non-binding district court decision that ignored the controlling Supreme Court test for mootness…" ECF 650 at p. 7. While this Court may not have been bound by the ruling of its sister court, it is bound by the Fifth Circuit's March 31 ruling upholding the Northern District's finding that S.B. 6 mooted the plaintiffs' claims in that case. As described herein, there is no legal or factual distinction between this case and *Daves* that allows Plaintiffs to avoid the outcome the Fifth Circuit's opinion requires: dismissal of their claims as moot.

Additionally, the Fifth Circuit reversed its holding in *ODonnell I* that had foreclosed arguing *Younger* abstention applied in bail cases such as this one. In light of this holding, the Court must abstain under the principals set out in *Younger* and its progeny.

## ARGUMENT

*Daves*, like this case, concerns constitutional challenges to bail practices. It has been up to the Fifth Circuit and back down on several issues, many of which have had a direct impact on this case. Most recently, the case was considered by an *en banc* Fifth Circuit. The first time the *en banc* Fifth Circuit considered *Daves*, it vacated the preliminary injunction entered by the district court and remanded the case for consideration of two issues: whether *Younger* abstention applied; and whether S.B. 6 rendered the claims asserted in the case moot. *Daves v. Dallas County*, 22 F.4th

522, 548 (5th Cir. 2022) (*Daves I*). The second time the *en banc* Fifth Circuit considered these issues, it held *Younger* and its progeny "required the district court to abstain" and that "the case is moot by virtue of intervening state law." *Daves v. Dallas County*, No. 18-11368, 2023 WL 2720444, at *15 (5th Cir. Mar. 31, 2023) (*Daves II*).

As described below, this holding is dispositive of the issues before the Court in the parties' motions for summary judgment and motions to dismiss, and Plaintiffs' claims must be dismissed.

    **A.    This Case is Not Distinguishable from *Daves* Such That Plaintiffs Can Avoid Its Binding Authority**

Contrary to assertions made by Plaintiffs in their pleadings and in statements to the Court, the facts and the legal issues in this case are substantially similar to those in the *Daves* case. The plaintiffs in *Daves* are a certified class of individuals charged with misdemeanor or felony crimes in Dallas County who allege they were unconstitutionally incarcerated because they were financially unable to post bail. *Daves II*, 2023 WL 2720444, at *2. In this case, Plaintiffs are a proposed but uncertified class of individuals charged with felony crimes in Harris County for whom monetary bail was set and who are financially unable to post that bail. *See* ECF 195-1 at ¶ 180. The claims asserted by the plaintiffs in *Daves* also track those asserted by Plaintiffs in this case: violations of the Equal Protection Clause and of substantive and procedural due process. *Daves I*, 22 F.4th at 529; ECF 195-1 at ¶¶ 199–204. Given the significant overlap in the parties and claims, it is unsurprising that the remedies sought by the plaintiffs in both cases are also substantially identical: fundamental alterations to the pretrial bail decision process, which includes, among other things, obtaining detailed financial assessments, imposition of strict time limits for making decisions, and

substantive findings on the record to support pretrial detention. *See Daves I*, 22 F.4th at 529; *Daves II*, 2023 WL 2720444 at *2; ECF 195-1 at p. 50.

Plaintiffs have raised the same claims arising out of substantially the same set of facts as the plaintiffs in *Daves*, and there is no reasonable basis to argue that the Fifth Circuit's holdings in *Daves II* apply equally to this case.

### B. Plaintiffs' Claims Have Been Rendered Moot by S.B. 6

When the Fifth Circuit remanded the case back to the district court in *Daves I*, the district court determined that the plaintiffs' claims were moot. In doing so, the district court held that:

> There is more than one way to ensure that a bail system upholds due process rights. Texas has chosen its way, and Plaintiffs are not entitled to have this Court immediately intervene to tinker with the rules that the Legislature has just recently enacted. Accordingly, the Court holds that Plaintiffs' request for injunctive relief should be dismissed as moot.

*Daves v. Dallas Cnty.*, No. 3:18-CV-154-N, 2022 WL 2473364, *6 (N.D. Tex. July 6, 2022). The Fifth Circuit noted that it "substantially agree[d] with the district court's analysis…" *Daves II*, 2023 WL 2720444 at *13. The Court went on to reinforce its finding in *Pugh v. Rainwater*, 557 F.2d 1189 (5th Cir. 1977), noting that "the resolution of that identical dispute is compelling." *Id.*

In examining the claims in *Daves*, the Fifth Circuit held that because the named plaintiffs had not been magistrated under the process set out in S.B. 6, it "calls into question their ability to pursue this litigation for ongoing injunctive relief as injured parties, much less class representatives." *Id.* The same is true in this case. There is no dispute that Plaintiffs were all magistrated under the procedures that existed prior to the enactment of S.B. 6. *See* ECF 503 at p. 11; ECF 634 at p. 32. Therefore, under the Fifth Circuit's holding in *Daves II*, Plaintiffs lack

standing on their own to pursue these claims and are not appropriate class representatives for the proposed class.

Plaintiffs have attempted to distinguish the Northern District's mootness holding in *Daves* and the Fifth Circuit's holding in *Rainwater* by arguing that S.B. 6 did not replace the Harris County bail procedures and there is evidence in the record indicating the alleged constitutional violations are still occurring. ECF 650 at p. 8. This argument fails in the face of the Fifth Circuit's *Daves II* opinion. Specifically, the *Daves* plaintiffs argued that their claims were "essentially unrelated to the changes made by the Texas legislature" and that "the legislature's adoption of measures originally required by *ODonnell* fails to assuage their demands for on-the-record hearings and detailed factfindings that prove in each bail proceeding whether pretrial 'detention is necessary to further any state interest.'" *Daves II*, 2023 WL 2720444 at *14. Plaintiffs make the same argument in this case. ECF 650 at p. 9. The Fifth Circuit has deemed this argument "incoherent." *Id.*

Through its opinion in *Daves II*, the Fifth Circuit affirmed the argument raised in the Intervenor's Motion to Dismiss and Motion for Summary Judgment: "both the provisions of S.B. 6 and their implementation are alleged to raise constitutional issues beyond the scope of this case and the circumstances of the plaintiffs who filed it. The case is moot." *Id.* Under this binding precedent, Plaintiffs' claims must be dismissed.

### C. *Younger* Abstention Applies to This Case

Additionally, this Court is bound by the Fifth Circuit's finding that the *Younger* abstention doctrine applies to bail-reform cases like that brought by Plaintiffs here.

Under *Younger*, federal courts must abstain from hearing a case when: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Daves II*, 2023 WL 2720444 at *5. In *ODonnell I*, the Fifth Circuit analyzed *Younger* abstention with regards to bail reform claims and found it inapplicable; however, the Fifth Circuit has now recognized that this holding was incorrect and has overruled it. *Id.* at *10.

As to the first factor, the Fifth Circuit noted that injunctions issued in *ODonnell I* and *Daves* required periodic reporting, an idea rejected by the Supreme Court. *Id.* at *10 (citing *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974)). The Fifth Circuit also found that by wading into the state bail reform issue, federal courts had put themselves in a position of extensive oversight, creating "an ongoing federal audit of state criminal proceedings" that *Younger* sought to prevent. *Id.* (internal quotations omitted). As the Fifth Circuit noted, *ODonnell I* had already required them to "disapprove several of that decision's overreaching injunctive provisions." *Id.* Moreover, the Fifth Circuit specifically noted that the plaintiffs' attempts to obtain relief that included "on-the-record hearings and detailed factual opinions concerning bail determinations"—which is precisely what Plaintiffs seek in this case—"reify how far federal courts would have to intrude into daily magistrate practices" if they did not abstain. *Id.* at n.30

It is undisputed that bail procedures are an integral part of Texas's judicial system. *Id.* at *7 n.21 ("Indeed, states have a vital interest in regulating their pretrial criminal procedures including assessment of bail bonds."). "The right to release before trial is conditioned upon the

accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). "[T]he ancient practice" was to "secur[e] the oaths of responsible persons to stand as sureties for the accused." *Id.* at 5. And "the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture" is directly analogous and "serves as additional assurance of the presence of the accused." *Id.* The Supreme Court "repeatedly has recognized that the States have important interests in administering [such] aspects of their judicial systems." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987).

As to the third factor, the Fifth Circuit held that *ODonnell I* improperly presumed that "state courts will not safeguard federal constitutional rights," which is barred by binding Supreme Court precedent. *Id.* In examining the third factor, the Fifth Circuit found that Texas courts offer parties the opportunity to raise federal claims in state court proceedings, specifically referencing seeking a reduction of bond and reconsideration of any ruling related to the setting of bond, as well as habeas corpus proceedings. *Id.* at *9.

The Fifth Circuit left no room for argument that the Court must abstain from exercising jurisdiction over this suit: "we hold that pursuant to *Younger*, *O'Shea*, *Tarter*, and *Wallace*, neither *ODonnell I* nor [*Daves*] should have been adjudicated in federal court." *Id.* at *10. There is no reasonable basis for distinguishing Plaintiffs' claims from those raised by the plaintiffs in *Daves* that the Fifth Circuit deemed were subject to *Younger* abstention.

Until the Fifth Circuit's *Daves II* opinion overturned it, *ODonnell I* was the controlling law in this jurisdiction, holding that *Younger* abstention did not apply to bail reform cases such as this one. Under this backdrop, Intervenor did not initially ask the Court to abstain under *Younger*;

however, in light of the Fifth Circuit's ruling, Intervenor is, through this brief, raising the issue to the Court before a ruling on the pending Motions to Dismiss and for Summary Judgment and, to the extent necessary, requests the Court grant leave to do so.

That Intervenor did not initially raise abstention as a ground for dismissal does not preclude it from doing so at this stage. *See Courthouse News Svc. v. Quinlan*, 32 F.4th 15, 22 (1st Cir. 2022) (instructing the district court that "[t]he defendants' decision not to argue for abstention at the motion-to-dismiss stage does not prevent them from raising abstention concerns later in these proceedings"). And even if Intervenor did not specifically raise the issue of *Younger* abstention, it is something that this Court can—and should—address on its own direction. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) ("abstention may be raised by the court *sua sponte*); *see also Guillemard-Ginorio v. Contreras-Gómez*, 585 F.3d 508, 517–18 (1st Cir. 2009) ("whether or not defendants failed to preserve their abstention arguments for appeal, or even had they declined to request abstention entirely, it would not deprive us of authority to consider the issue" given "the important interests underlying the abstention doctrines").

Moreover, the Fifth Circuit has recognized that a change in law is an exception to a waiver argument. *DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n.2 (5th Cir. 1997). In *DSC*, a party on appeal filed a supplemental brief that raised, for the first time, an argument based on a Fifth Circuit decision that came out after oral argument had occurred. *Id.* at 326. The Fifth Circuit refused to find that the issue had been waived, noting that "refusing to allow [the argument] would result in…deciding an essential issue…under incorrect law." *Id.* at 326 n.2. Like the Fifth Circuit in *DSC*, this Court should decline to "ignore [an] important clarification of the law, and

perpetuate incorrect law, merely because [*Daves II*] was decided after briefing and oral argument…" *Id.*

## CONCLUSION

For the reasons set forth herein, as well as in Intervenor's Motion to Dismiss and Motion for Summary Judgment and Reply, Plaintiffs' claims should be dismissed. While Intervenor disputes that Plaintiffs have raised valid constitutional arguments, the Court cannot turn to those arguments without first determining whether it has jurisdiction over Plaintiffs' claims or whether it must abstain from exercising jurisdiction. Under binding Fifth Circuit precedent, the answer to the first question is no, the Court does not have jurisdiction over Plaintiffs' claims because they are moot. Moreover, even if Plaintiffs' claims were not moot, the Court must abstain from exercising jurisdiction over them. As a result, Plaintiffs' claims must be dismissed.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant
Attorney General

SHAWN COWLES
Deputy Attorney General for
Civil Litigation

CHRISTOPHER D. HILTON
Chief for General Litigation Division

*/s/ Kimberly Gdula*
KIMBERLY GDULA
Attorney-in-Charge
State Bar 24052209 | So. Dist. 1092074
Kimberly.Gdula@oag.texas.gov
Deputy Chief
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667

## CERTIFICATE OF SERVICE

I, Kimberly Gdula, hereby certify that on this the 14th day of April, 2023, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ *Kimberly Gdula*
Kimberly Gdula
Deputy Chief