IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, et al, | [] | |
|     Plaintiffs | [] | |
| | [] | No. 4:19-cv-00226 |
| v. | [] | Hon. Lee H. Rosenthal |
| | [] | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al, | [] | |
|     Defendants | [] | |

### SHERIFF'S BRIEF ON ABSTENTION AND MOOTNESS: IS THERE LIFE AFTER *DAVES II*?

In the Sheriff's summary judgment reply, he said the handwriting was on the wall after the first *Daves* decision from the Fifth Circuit. *Daves v. Dallas County, Texas*, 22 F.4th 522 (5th Cir. 2022) ("*Daves I*"). The Fifth Circuit has now made clear what it previously intimated: it does not want federal courts dealing with state law bail issues. *Daves v. Dallas County, Texas*, No. 18-11368 (5th Cir. March 31, 2023) (slip opinion) ("*Daves II*"). This case should be dismissed.

We may all bemoan this conclusion, along with the years of seemingly wasted efforts among the many stakeholders in the state criminal justice system. But not all is for naught. The *O'Donnell* consent decree continues to provide significant improvements and costs savings on the misdemeanor side. This case, too, for better and for worse, has focused attention on the felony bail system, attention that will

1

endure long after this case is over. Still, the Fifth Circuit could not have been more clear. This case must be dismissed.

## *YOUNGER* ABSTENTION

In its minute entry, the Court requested briefing on "to what extent abstention is a waivable defense." Dkt. 661. This request, no doubt, stems from the fact that, until now, no defendant has raised this issue.

*Younger* abstention can be waived. *See, e.g., Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (if *Younger* applies, a court may disregard it if, among other things, the application was waived). But it need not be pleaded and must be expressly waived.

The Supreme Court held in *Dayton Christian School*:

> [*Younger*] does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced. A State may of course voluntarily submit to federal jurisdiction even though it might have had a tenable claim for abstention. But in each of these cases the State expressly urged this Court or the District Court to proceed to an adjudication of the constitutional merits.

*Ohio Civil Rights Commission v. Dayton Christian School, Inc.*, 477 U.S. 619 at 626 (1986) (internal citations omitted). *Younger* abstention may be raised *sua sponte* by a court even after the merits of a case has been argued. *See, e.g., Sosna v. Iowa*, 419 U.S. 393 at fn. 3 (1975). There is "no mandatory 'sequencing of jurisdictional

issues'…." *Daves II*, Sl. Op. at 7, quoting *Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 431 (2007).

The Sheriff has not expressly waived *Younger* abstention. Until *Daves II*, he had every right to believe that doctrine did not apply. It had been rejected in *ODonnell*, both by this Court and the Fifth Circuit panel. The district court in *Daves* had recently found it should not abstain. Only when *Daves II* was issued was there express authority in this circuit holding federal courts should abstain from interfering with state bail procedures. This issue arises before the Court has decided class certification or the pending motions for summary judgment. The Court should hold the issue has not been waived.

The Sheriff has been urged to expressly waive *Younger* abstention and allow the Court to reach the merits of the case. There are compelling reasons to do so, to permit the important constitutional issues raised by the plaintiffs' claims to be adjudicated. The Sheriff has long advocated for sensible bail reform. He has steadfastly opposed jailing accused defendants merely because they cannot afford to post bail.

Nevertheless, the Sheriff now chooses to raise *Younger* abstention. A great deal of additional time and resources would be necessary to reach the merits of the plaintiffs' claims. If the defendants here do not raise abstention, the Fifth Circuit

3

surely will.  Can there be any doubt that a majority of the *en banc* Fifth Circuit would want this Court to abstain?  In *Daves II*, the majority stated:

- "this case…should never have been brought in federal court." Sl. Op. at 1.
- "The imperative of reconsidering abstention here is clear." *Id*. at 7.
- "The doctrine remains controlling today, with particular application to interventions into state criminal procedures." *Id*. at 11.
- "We overrule *ODonnell I*'s holding against abstention." *Id.* at 21.

These statements are plain indications that the Fifth Circuit is poised to strike down any attempts by the parties or this Court to proceed further with this case.  Rather than spend "much time and money, as well as judicial resources" on this litigation, *id*. at 8, the better course is to permit plaintiffs to appeal the dismissal of their claims to see if the Fifth Circuit can be convinced to allow it to go forward.

## MOOTNESS

Every judge in the *en banc Daves II* appeal, save one, agreed that S.B. 6 mooted the plaintiffs' claims in that case.  Plaintiffs here believe, somehow, that they can nevertheless survive a mootness challenge.  At the recent summary judgment hearing, they stated there remain Harris County "practices" that survived outside the scheme of S.B. 6 that can be challenged, though they had difficulty describing which ones they were.  For two reasons, plaintiffs' claims should be dismissed as moot.

4

First, as we stated at the hearing, S.B. 6 was intended to occupy the field of bail procedures, effectively preempting county practices. There are no remaining Harris County practices separate from S.B. 6.[1] A similar conclusion drove the Fifth Circuit to declare the Dallas County challenge to be moot in *Daves II*.

Second, the *Daves II* opinion considered and rejected the very arguments made by Plaintiffs here. It rejected the purported requirement that the new law must cure all ills raised by the complaint, and it held the argument that plaintiffs sought relief from practices irrespective of S.B. 6 to be "incoherent." Sl. Op. at 27-28.

## CONCLUSION

The Plaintiffs would love to find a way around *Daves II*. The Court and the defendants are sympathetic with their efforts to do so. Yet, if the Court were to permit this case to proceed and attempt to craft remedies in the face of the *Daves II* holdings, the Fifth Circuit would certainly reiterate that federal courts should not be deciding these issues. This is not the end the Court or the parties anticipated or wanted. It is merely the end imposed by a higher court.

---

[1] For this reason, the so-called Statement of Undisputed Facts presents facts that are mooted by S.B. 6 and no longer support the relief that plaintiffs seek.

Respectfully submitted.

*/s/ Murray Fogler*
Murray Fogler
FOGLER, BRAR, O'NEIL & GRAY, LLP
S.D. Tex. No. 2003
State Bar No. 07207300
mfogler@foglerbrar.com
909 Fannin, Suite 1640
Houston, Texas 77010
Tel:  713.481.1010
Fax:  713.574.3224

OF COUNSEL:

*/S/ Suzanne Bradley*
**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress
Houston, Texas 77002
Telephone: (713) 274-5330
suzanne.bradley@harriscountytx.gov

ATTORNEYS FOR SHERIFF ED GONZALEZ

## CERTIFICATE OF SERVICE

I certify that on April 14, 2023, a copy of this document was served on counsel of record via electronic filing in accordance with the USDC Southern District of Texas Procedures for Electronic Filing.

*/s/ Murray Fogler*
Murray Fogler