IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DWIGHT RUSSELL, et al.** § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **HARRIS COUNTY, TEXAS, et al.** § <br> *Defendants.* § <br> § | **CIVIL ACTION NO. 4:19-CV-00226** |

## DEFENDANT HARRIS COUNTY'S SUPPLEMENTAL BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE CHIEF JUDGE LEE ROSENTHAL:

On March 31, 2023, the Court ordered the parties to file a 15-page brief "addressing abstention and mootness, whether this case is distinguishable, and to what extent abstention is a waivable defense" (Doc. 661) based on the Fifth Circuit Court of Appeals decision in *Daves v. Dallas County, Texas*, No. 18-11368, 2023 WL 2720444 (5th Cir. Mar. 31, 2023) ("*Daves II*").

### INTRODUCTION

Since the entry of the consent decree in *ODonnell v. Harris County*,[1] Harris County has worked with stakeholders to address the issues that led to *ODonnell* and the instant case being filed in the first place. Harris County recognizes the importance of protecting civil and constitutional rights, and that as a matter of sound public policy, it is not well served when individuals are jailed simply because they cannot afford bail. The evidence has shown that the *ODonnell* consent decree has had a positive effect both on County government and residents of Harris County.

---

[1] *ODonnell v. Harris County*, No. 4:16-cv-1414, in the Southern District of Texas, Doc. 708.

1

The Fifth Circuit's two *en banc* decisions in *Daves*, however, appear to have foreclosed Plaintiffs' ability to get relief in this case. While Harris County acknowledges the precedential nature of these decisions, it submits that the Court can and should grant summary judgment for Harris County without addressing *Younger*. And while the Court may find that the instant case is moot, Plaintiffs might be able to cure at a later time.

## MOOTNESS

Harris County incorporates the mootness arguments made in its January 13, 2023 Cross Motion for Summary Judgment.[2] Harris County acknowledges that *Daves II* held that the plaintiffs' claims in that case were moot due to the passage of Senate Bill 6, which became effective in December 2021 and created statewide rules for setting bail in Texas courts, including the mandatory consideration of an arrestee's ability to make bail.

The Fifth Circuit in *Daves II* noted that *Pugh v. Rainwater* is compelling because—like *Daves II* (and the case at bar)—when a state legislature adopts new statewide bail rules after prior rules had been found unconstitutional, challenges to the old rules lose their character as a present, live controversy.[3] The Fifth Circuit also rejected the plaintiffs' mootness arguments in *Daves II* because there was insufficient record evidence to survive summary judgment and the proposed remedies—such as on-the-record hearings and detailed findings of fact to support pretrial detention—went "*beyond* what *ODonnell* held to be required" and was "beyond the scope of this case and the circumstances of the plaintiffs who filed it."[4]

---

[2] Doc. 643 at 1 and 8-10 (Harris County's Response to Plaintiffs' Motion for Summary Judgment and Harris County's Motion for Summary Judgment).

[3] *Pugh v. Rainwater*, 572 F.2d 1053 at 1058 (5th Cir. 1978) (en banc).

[4] *Daves v. Dallas County, Texas*, 2023 WL 2720444, at *14-15 (emphasis in original).

In this case, Plaintiffs' First Amended Complaint[5] and Statement of Uncontested Material Fact[6] focus on pre-Senate Bill 6 bail policies and practices, and none of the Plaintiffs have been subjected to bail practices since the passage of Senate Bill 6. Moreover, Plaintiffs in this case rely principally on pre-Senate Bill 6 evidence, which led the Fifth Circuit to reject the *Daves* plaintiffs' arguments on mootness. Plaintiffs may of course avoid mootness by amending their pleadings and marshalling new evidence regarding post-Senate Bill 6 bail practices in Harris County.

## ABSTENTION

If the Court finds this case is not moot, Harris County respectfully suggests it refrain from abstaining under *Younger* and grant summary judgment for the County based on Fifth Circuit precedent that none of the actors involved in the bail-setting process Plaintiffs challenge are county policymakers under *Monell*.[7] However, Harris County recognizes that the Fifth Circuit Court of Appeals has held that the *Younger* abstention applies to *Daves* and other cases challenging bail practices such as this one.[8]

In *Younger*, the United States Supreme Court prohibited a federal court from interfering with a state proceeding to enforce a criminal statute that was facially overbroad and unconstitutional.[9] The Supreme Court held the person being prosecuted could not show irreparable injury because he had an adequate remedy in state court.[10] It also held that comity requires federal

---

[5] Doc. 195-1, Second Amended Complaint at e.g., ¶¶ 80, 106-108.

[6] Doc. 634-1, Plaintiffs' Statement of Uncontested Material Fact at e.g., ¶¶ 12-16, 35, 38, 45-51, 54-56, 64, 70-72, 75, 76, 79, 80, 97, 102-107, 109, 110, 112 (discussing previous bail procedures and schedules).

[7] See Doc. 643 (Harris County's Cross Motion for Summary Judgment) and Doc. 657 (Harris County's Reply Brief).

[8] *Daves v. Dallas County, Texas*, No. 18-11368, 2023 WL 2720444, at *3-12 (5th Cir. Mar. 31, 2023).

[9] *Younger v. Harris*, 401 U.S. 37 (1971).

[10] *Id.* at 43-44.

courts to abstain from unduly interfering in state court matters.[11] Since *Younger*, federal courts have refined this doctrine to require abstention when three elements—known as the *Middlesex* factors—are shown: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'[12]

### A. There are compelling reasons not to invoke the *Younger* abstention in this case.

In *Daves*, the Northern District of Texas declined to invoke *Younger* abstention based on the third *Middlesex* factor because plaintiffs "lack an adequate means of litigating their constitutional claims in the state forum."[13] The district court found that a person challenging a bail decision in Dallas County waited "days or weeks (sometimes months)" before being heard by a state judge, and even when a person files a habeas corpus petition, it "can take substantial time" before an attorney is appointed to assist.[14]

In *ODonnell v. Harris County*, the Fifth Circuit Court of Appeals affirmed this Court's finding that the Harris County misdemeanor bail system had a "flawed procedural framework" where "[a]rrestees routinely must wait days for their hearings" and are "under immense pressure" to accept plea days "or else remain incarcerated for days or weeks until they are appointed a

---

[11] *Id.* at 44.

[12] *Daves v. Dallas County, Texas*, 2023 WL 2720444, at *5, citing *Bice v. Louisiana Public Defender Board*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Association*, 457 U.S. 423 at 432 (1982)).

[13] *Daves v. Dallas County, Texas*, No. 3:18-CV-154-N, 2022 WL 2473364, at *3 (N.D. Tex. July 6, 2022).

[14] *Id.*

lawyer."[15] This Court found misdemeanor arrestees who could not afford to post bail because of their indigency fared significantly worse than arrestees who could, and Plaintiffs established a likelihood of success in showing the County violated indigent misdemeanor detainees' procedural due process rights and equal protection rights.[16]

Harris County believes *ODonnell* correctly concluded that federal courts have the ability to enjoin systemic flaws in a state or local bail system that lead to constitutional violations. Even after the passage of Senate Bill 6 and the adoption of individualized bail determinations, judges' practices can vary widely, and Plaintiffs provided anecdotes in this case suggesting deficiencies in felony bail practices that are difficult and inefficient for individual defendants to challenge in state court. These delays can be particularly onerous for an arrestee deprived of his liberty and ability to earn a living if he is already one paycheck away from losing his home or other possessions. And once an arrestee successfully challenges his bail, that does nothing to help the many others who may be subject to the same practices and must raise their challenges from scratch.

Judge Southwick's concurrence in *Daves* addressed these concerns by focusing on the adequacy and timeliness of the plaintiffs' ability to raise their constitutional challenges to pretrial detention in state court. He noted that the Fifth Circuit should not have considered the abstention issue if the case was moot, and if it did, it should have permitted plaintiffs to develop a factual record about whether state court provided timely remedies for arrestees. He cited numerous examples where state procedures were inadequate because they took too long.

---

[15] *ODonnell v. Harris County*, 892 F.3d 147, 154-155 (5th Cir. 2018), overruled by *Daves v. Dallas County, Texas*, 22 F.4th 522 (5th Cir. 2022) ("*Daves I*"), and overruled by *Daves v. Dallas County, Texas*, No. 18-11368, 2023 WL 2720444 (5th Cir. Mar. 31, 2023).

[16] *Id.*

While the *en banc* majority dismissed pretrial detention as having minimal cost, anxiety, and inconvenience, Judge Southwick explained that unlike having to defend against a criminal prosecution, "[a]n unconstitutional pretrial detention is an immediate violation of a right. It should not have to be endured any longer than necessary."[17] Judge Southwick concluded that "[w]hen dealing with whether someone is unconstitutionally being detained before trial, abstention due to too-slow-to-matter review in state court is an abdication of the federal court's 'virtually unflagging obligation' to decide a case for which it has jurisdiction."[18]

Judge Southwick also concluded that the first *Middlesex* factor could be mitigated by carefully fashioning a remedy so that any federal intrusion into state courts is surgical and minimal. He proposed a "fact-based analysis on what the plaintiffs seek and how burdensome it would be" rather than wholesale finding that any federal bail order is an undue intrusion into state courts.[19]

Harris County disagrees with the Fifth Circuit's *Younger* analysis in *Daves II* and urges this Court not to abstain under *Younger*.

### B.   The *Younger* abstention can be raised at any stage of litigation and must be expressly waived.

The Court's final question to the parties is whether the *Younger* abstention can be waived. Harris County answers this question simply: *Younger* abstention is not an affirmative defense, does not need to be pleaded, and any waiver must be express. The Supreme Court held in *Dayton Christian School*:

> [*Younger*] does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular

---

[17] *Daves v. Dallas County, Texas*, No. 18-11368, 2023 WL 2720444, at *31 (5th Cir. Mar. 31, 2023) (Southwick, L., concurring).

[18] *Id.* at *32.

[19] *Id.* at *26.

6

kinds of state proceedings have already been commenced. A State may of course voluntarily submit to federal jurisdiction even though it might have had a tenable claim for abstention. But in each of these cases the State expressly urged this Court or the District Court to proceed to an adjudication of the constitutional merits.[20]

Harris County has not expressly waived *Younger* abstention in its answer,[21] but that is not relevant to the question of abstention because the only relief Plaintiffs can seek against Harris County itself (i.e., under *Monell*) would not involve *Younger* considerations in the first place. Harris County does not control, adopt, or follow bail practices (that is done by the Felony Judges), and Harris County does not control the jail (that is done by the Sheriff). Accordingly, relief against Harris County would not involve interference in ongoing state criminal proceedings.

## CONCLUSION

Harris County remains committed to meaningful bail reform. However, it previously explained that it is not a proper defendant under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and the Court should grant it summary judgment for that reason alone.[22]

---

[20] *Ohio Civil Rights Commission v. Dayton Christian School, Inc.*, 477 U.S. 619 at 626 (1986) (internal citations omitted).

[21] See Doc. 209 (Harris County's Answer).

[22] See Doc. 643 (Harris County's Cross Motion for Summary Judgment) and Doc. 657 (Harris County's Reply Brief).

Respectfully submitted,

*[signature: Seth Hopk]*

**JONATHAN FOMBONNE**
First Assistant County Attorney
Texas Bar No. 24102072
**SETH HOPKINS**
Special Assistant County Attorney
Texas Bar No. 24032435
**RACHEL FRASER**
Assistant County Attorney
Texas Bar No. 24079725
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
(713) 274-5141 (telephone)
Seth.Hopkins@cao.hctx.net

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record on April 14, 2023, through the electronic case file system of the Southern District of Texas.

/s/ Seth Hopkins
**SETH HOPKINS**