United States District Court
Southern District of Texas

**ENTERED**

December 08, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DWIGHT RUSSELL, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-19-226 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM AND ORDER**

Maurice Wilson has moved for reconsideration of this court's August 31, 2023, Memorandum and Opinion dismissing this case on the basis of mootness. (Docket Entry No. 718). Mr. Wilson contends that his claims are not moot because he was "subjected to the constitutional violations that he challenges in this case after [Senate Bill 6] took effect." (*Id.* at 1). The state intervenor responded. (Docket Entry No. 719).

Based on the motion, the response, and the applicable law, the court denies the motion for reconsideration. The reasons are set out below.

**I.        The Rule 59(e) Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy*

*v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Mr. Roeder filed its motion within the 28-day window, so its motion is evaluated as a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018).

## II.    Analysis

In its August 31, 2023, opinion, the court explained that "this court is bound by the Fifth Circuit's conclusions . . . in *Daves*, despite the plaintiffs citing to similar continued constitutional violations." (Docket Entry No. 713 at 7). The court held that even though the plaintiffs in the case, Mr. Wilson included, have alleged continuing violations following the passage of S.B. 6 including that "[f]elony arrestees who are obviously too poor to make a payment are required to pay secured bail without any finding that their detention is necessary[,]" the case was still mooted by *Daves II.* (*Id.* at 5).

As discussed in this court's prior opinion, alleged violations of Mr. Wilson's constitutional rights in 2022 are evidence of continuing violations in this case. "The second type of continuing violation is one in which an initial violation . . . is repeated later[.]" *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990). When this case was first filed in 2019, S.B. 6 was not in effect; a post-S.B. 6 violation that occurred in 2022 cannot be considered independently in this suit given the original bases for the claims.

Mr. Wilson argues that his claims are not mooted because "one of the named Plaintiffs in this case, Maurice Wilson, was subjected to the post-S.B. 6 practices while representing a transitory class of individuals arrested for a felony in Harris County." (Docket Entry No. 718 at 4). The fact that some of the named plaintiffs, including Mr. Wilson, were arrested and magistrated after S.B. 6 was raised before this court in the summary judgment briefing. (Docket Entry No. 707-1 at 7, n.5). This court has already found, as a matter of law, that although "[t]he evidence of ongoing constitutional violations is inconsistent with a finding of mootness" the Fifth Circuit's holding in *Daves II* determined that S.B. 6 mooted cases even where plaintiffs cited to "similar continued constitutional violations." (Docket Entry No. 713 at 6–7).

The district court in *Daves*, in finding the case was moot, explained that while "[i]t remains a possibility that Dallas County's bail practices suffer from constitutional deficiencies today, but . . . the Court concludes that another case properly presenting objections to post-S.B. 6 practices would be the proper vehicle to pursue such claims." *Daves v. Dallas Cnty., Texas*, No. 3:18-CV-154, 2022 WL 2473364, at *5 (N.D. Tex. July 6, 2022); *see also Defs. of Wildlife, Inc. v. Endangered Species Sci. Auth.*, 725 F.2d 726, 732 (D.C. Cir. 1984) (the appropriate vehicle for challenge when a new regulation moots a case is "a subsequent action[.]"); *Bazzrea v. Mayorkas*, ---F. Supp. 3d---, 2023 WL 3958912, *6 (S.D. Tex. June 12, 2023) (the possibility of future adverse

3

action cannot change the mootness holding). The present case and motion are not the appropriate vehicle for Mr. Wilson's post-S.B. 6 claims.

Mr. Wilson has presented no basis for finding a manifest error of law or fact, and has not raised any new law or facts. Mr. Wilson's motion for reconsideration, (Docket Entry No. 718), is denied.

SIGNED on December 8, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge